# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **STATE OF NEW YORK, *et al.*,** | |
| Plaintiffs, | |
| v. | Civil Action No. 1:20-cv-03589-JEB |
| **FACEBOOK, INC.** | |
| Defendant. | |

## PLAINTIFFS' MOTION TO CONSOLIDATE

Plaintiffs the State of New York *et al.* respectfully move the Court pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Local Civil Rule 40.5(d) to consolidate *Federal Trade Commission v. Facebook, Inc.*, 1:20-cv-03590-CRC and *State of New York, et al. v. Facebook, Inc.*, 1:20-cv-03589-JEB, which shall be jointly captioned with *Federal Trade Commission v. Facebook, Inc.* and the *State of New York, et al. v. Facebook, Inc.* as shown in the attached proposed order in support of this motion. The grounds for this motion are set forth in the attached memorandum in support thereof.

Respectfully submitted,

Dated: December 18, 2020

*Arthur Durst*
_____
Arthur T. Durst, Esq.
(D.C. Bar No. 888273305)
Office of the Attorney General for the
District of Columbia
400 6th Street, N.W.
Washington, D.C. 20001
Telephone: (202) 442-9853
Email: arthur.durst@dc.gov

*Attorney for Plaintiff*
*District of Columbia*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **STATE OF NEW YORK,** *et al.*,<br><br>                      Plaintiffs,<br><br>           v.<br><br>**FACEBOOK, INC.**<br><br>                   Defendant. | Civil Action No. 1:20-cv-03589-JEB |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFFS' MOTION TO CONSOLIDATE

Plaintiffs the State of New York *et al.* ("States") respectfully submit this memorandum of law in support of their motion to consolidate *Federal Trade Commission v. Facebook, Inc.*, 1:20-cv-03590 (D.D.C.) and *State of New York, et al. v. Facebook, Inc.*, 1:20−cv−03589 (D.D.C.). The Federal Trade Commission ("FTC") has informed the States it supports consolidation of the above matters. Mark Hansen of the law firm Kellogg, Hansen, Todd, Figel & Frederick has confirmed that he is representing defendant Facebook in the afore-mentioned matters. Plaintiff States and the FTC discussed the potential for consolidation with attorneys representing Facebook on December 16, 2020, and provided to them on December 17, 2020 a draft of an unopposed motion to consolidate the afore-mentioned matters. Attorneys representing Facebook report that they are not yet in a position to consent to this motion, and that they reserve their rights.

As described below, *Federal Trade Commission v. Facebook, Inc.* and *State of New York, et al. v. Facebook, Inc.* should be consolidated because they involve common questions of fact

and law and are likely to proceed more efficiently if consolidated before a single judge.  The

FTC and States will provide specific proposals regarding consolidation as necessary, including in

a proposed Case Management Order.

## I.    Background

These actions arise out of coordinated investigations conducted by the States and the

FTC.  On December 9, 2020, the FTC filed its complaint against Facebook, simultaneously with

the filing of the States action.  *Federal Trade Commission v. Facebook, Inc.*, 1:20-cv-03590,

ECF No. 3 ("FTC Complaint").  The FTC Complaint defines the relevant market as personal

social networking services in the United States.  FTC Complaint at 15.  The FTC Complaint

includes one count of unlawful monopoly maintenance in violation of section 2 of the Sherman

Act, *id.* at 50-51, based on conduct including anticompetitive acquisitions of Instagram and

WhatsApp and anticompetitive conditioning.  *E.g.*, *id.* at 4-8.

The States, in coordination with the FTC, also filed their complaint against Facebook on

December 9, 2020.  *State of New York, et al. v. Facebook, Inc.*, 1:20-cv-03589, ECF No. 4

("State Complaint").  The State Complaint also defines the relevant market as personal social

networking services, *id.* at 10, and includes similar allegations of unlawful monopoly

maintenance in violation of Section 2 of the Sherman Act.  *See, e.g.*, *id.* at 6-9, 71.  Additionally,

the State Complaint alleges the acquisitions of Instagram and WhatsApp substantially lessened

competition and tended to create a monopoly in violation of Section 7 of the Clayton Act.  *Id.* at

71-73.

Both complaints also seek similar remedies, including prohibiting the conduct and similar

activity in the future, divestiture, prior notice for further deals, and any other relief necessary to

restore competition.  *See* FTC Complaint at 51-52; State Complaint at 74-75.

## II.     Legal Standard

Rule 42(a) of the Federal Rules of Civil Procedure allows a court to consolidate actions

that involve a common question of law or fact.  Fed. R. Civ. P. 42(a).  Under Local Civil Rule

40.5(d), "[m]otions to consolidate cases assigned to different judges of this Court" are "heard

and determined by the judge to whom the earlier-numbered case is assigned."  *See Singh v.

Carter*, 185 F. Supp. 3d 11, 25 n.8 (D.D.C. 2016); *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21

(D.D.C. 2002).

"The decision whether to consolidate cases under Rule 42(a) is within the broad

discretion of the trial court."  *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002).  In

exercising that discretion, district courts "weigh considerations of convenience and economy

against considerations of confusion and prejudice."  *Am. Postal Workers Union v. U.S. Postal

Serv.*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006) (quoting *Chang v. United States*, 217 F.R.D. 262,

265 (D.D.C. 2003)).  "Consolidation may increase judicial efficiency by . . . eliminating the need

for more than one judge to familiarize themselves with the issues presented, and reducing excess

costs to all parties and the government."  *Chang*, 217 F.R.D. at 265.

## III.    Argument

### A.     The Cases Involve Common Questions of Fact and Law

The Court should consolidate the two cases because they involve common questions of

law and fact.  Although there are some differences between the plaintiffs' complaints, the cases

are similar.  They reflect facts developed as part of coordinated investigations and challenge the

same or similar underlying actions by Facebook, and both involve claims of illegal

monopolization under Section 2 of the Sherman Act in the market for personal social networking

services in the United States.  *See, e.g.*, FTC Complaint at 4-8, 15, 50-51; State Complaint at 6-

10, 71.  Additionally, the FTC and the State plaintiffs request similar injunctive relief.  *See* FTC

Complaint at 51-52; State Complaint at 74-75.  Furthermore, because plaintiffs challenge the

same or similar conduct, the same or similar evidence will form the basis for judicial review in

both cases.  *See, e.g.*, FTC Complaint at 4-8; State Complaint at 6-9.

> **B.**    **Convenience and Economy Weigh in Favor of Consolidation**

Considerations of convenience and economy weigh in favor of consolidating *Federal*

*Trade Commission v. Facebook, Inc.* and *State of New York, et al. v. Facebook, Inc.*

Consolidation of these actions would extend the cooperation and coordination that occurred

during the underlying investigations.  Consolidating the cases would conserve judicial resources,

allow the parties to save time and expense, and enable the Court and parties to schedule matters

more efficiently by avoiding duplicative efforts across the two cases and requiring the attention

of two different judges.

## IV.    Conclusion

There are common issues of law and fact between the *Federal Trade Commission v.*

*Facebook, Inc.* and *State of New York, et al. v. Facebook, Inc.*  Accordingly, the States

respectfully submit that the Court should exercise its discretion and consolidate the two actions

in the interest of efficiency and for the convenience of the Court and the parties.

Respectfully submitted,

Dated: December 18, 2020

By: *Arthur Durst*
_____

Arthur T. Durst, Esq.
(D.C. Bar No. 888273305)
Office of the Attorney General for the
District of Columbia
400 6th Street, N.W.
Washington, D.C. 20001
Telephone: (202) 442-9853
Email: arthur.durst@dc.gov

*Attorney for Plaintiff District of Columbia*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FEDERAL TRADE COMMISSION,**

                Plaintiff,

      v.

**FACEBOOK, INC.**

                Defendant.

Civil Action No. 1:20-cv-03589-JEB
(Consolidated with No. 1:20-cv-03590)

**STATE OF NEW YORK,** *et al.*,

                Plaintiffs,

      v.

**FACEBOOK, INC.**

                Defendant.

## [PROPOSED] ORDER

Upon consideration of Plaintiffs' Motion for Consolidation and for good cause shown, the Court **GRANTS** Plaintiffs' motion.

It is hereby **ORDERED** that *Federal Trade Commission v. Facebook, Inc.*, 1:20-cv-03590, is transferred to the undersigned judge and consolidated with *State of New York, et al. v. Facebook, Inc.*, 1:20-cv-03589.

All future pleadings, motions, or other papers relating to the consolidated cases shall be filed only on the docket for case number 1:20-cv-03589-JEB and shall be jointly captioned with *Federal Trade Commission v. Facebook, Inc.* and the *State of New York, et al. v. Facebook, Inc.* as shown above.

**IT IS SO ORDERED.**

_____           _____
Date                                JAMES E. BOASBERG
                                    United States District Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of December 2020, a copy of the foregoing

was filed through the Court's CM/ECF management system and served on the following counsel

via email:

Mark Hansen, Esq.
Kellogg, Hansen, Todd, Figel & Frederick,
P.L.L.C.
1615 M Street, N.W.
Washington, D.C. 20036
Mhansen@kellogghansen.com
(202) 326-7904

*Counsel for Facebook, Inc.*

*Arthur Durst*
_____
Arthur T. Durst
(D.C. Bar No. 888273305)

*Attorney for Plaintiff District of Columbia*

1