# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STATE OF NEW YORK,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **FACEBOOK, INC.,** <br><br> **Defendant.** | Case No.: 1:20-cv-03589-JEB |

### DEFENDANT FACEBOOK, INC.'S MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE

Facebook, Inc. ("Facebook") submits this memorandum in response to the plaintiffs' Motion to Consolidate this case with *Federal Trade Commission v. Facebook, Inc.*, 1:20-cv-03590-CRC. ECF No. 45. Facebook does not oppose reassignment to a common judge pursuant to Local Rule 40.5(c)(2), so that the cases can be managed by a single judge. But Facebook respectfully submits that actual consolidation of these separate government cases pursuant to Federal Rule of Civil Procedure 42 is premature and unnecessary at this initial stage of the proceedings.

### BACKGROUND

On December 9, 2020, the plaintiffs — the State of New York, the District of Columbia, and forty-six other states and territories (collectively, the "States") — filed a complaint asserting claims under § 2 of the Sherman Act and § 7 of the Clayton Act against Facebook. Compl., *State of New York, et al. v. Facebook, Inc.*, 1:20-cv-03589-JEB, ECF No. 4. That same day, the Federal Trade Commission ("FTC") filed a separate complaint raising a Sherman Act § 2 claim through § 5(a) of the FTC Act. Compl., *Federal Trade Comm'n v. Facebook, Inc.*, 1:20-cv-

03590-CRC, ECF No. 3.  The FTC's case, which was filed second and has the higher docket number, is currently assigned to Judge Cooper.  *Id.* at 1.

During a telephonic meet-and-confer on December 16, 2020, the States and the FTC notified Facebook that they planned to file a motion seeking consolidation of their two cases "for all purposes."  On December 18, 2020, the States moved to consolidate the FTC's higher-docketed action with this one, pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 40.5(d).  States' Mem. in Support of Mot. To Consolidate ("States' Mem.") at 1, 3, ECF No. 45-1.

## DISCUSSION

Where two cases involve "a common question of law or fact," district courts have "substantial discretion" to decide whether and when to consolidate those cases.  *Hall v. Hall*, 138 S. Ct. 1118, 1124, 1131 (2018) (citation omitted).  Consolidation may be inappropriate when it would "not simplify case management or conserve judicial resources," *Singh v. Carter*, 185 F. Supp. 3d 11, 26 (D.D.C. 2016), or any "convenience" is outweighed by "considerations of confusion and prejudice," *Blasko v. WMATA*, 243 F.R.D. 13, 15 (D.D.C. 2007) (citation omitted).  The party requesting consolidation carries the burden of demonstrating that "the balance weighs in favor of consolidation."  *Clayton v. District of Columbia*, 36 F. Supp. 3d 91, 94 (D.D.C. 2014) (citation omitted).

Here, the Court's discretion should be reserved until after Facebook has answered or otherwise moved in response to the two distinct complaints from two different sets of government plaintiffs (forty-eight states and territories joined the States' complaint, while the FTC, a federal agency, brought a separate complaint).  *See Carter*, 185 F. Supp. 3d at 25 (different plaintiffs in two actions weighed against consolidation).  Certain claims and parties

2

may take different paths as early as the Court's rulings on any motions to dismiss. For instance, in *Reveal Chat* — a private antitrust class action against Facebook that the States and FTC have designated as related[1] — the court granted Facebook's motion to dismiss private plaintiffs' Sherman Act § 2 and Clayton Act § 7 claims without prejudice. *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 471 F. Supp. 3d 981, 987, 989 (N.D. Cal. 2020).

As it is possible that some claims and parties in these governmental actions may similarly be dismissed, the prudent course is to decide whether and how to consolidate after resolving any initial motions filed by Facebook, as courts have often done in similar circumstances. *See, e.g.*, *Osman v. Weyker*, 2016 WL 10402791, at *3 (D. Minn. Nov. 21, 2016) (consolidation was "premature" because "defendants plan to move for dismissal under Rule 12(b)(6) on several grounds"); *Vickers v. Green Tree Servicing, LLC*, 2015 WL 7776880, at *2 (D. Kan. Dec. 2, 2015) (denying consolidation because motions to dismiss had not been "fully briefed," and it was thus "too soon to ascertain the claims and parties which may remain in each case once those motions are resolved"); *Wesselman v. United States*, 498 F. Supp. 2d 326, 328 n.2 (D.D.C. 2007) (denying consolidation where dismissal of one case was warranted).

In addition to the two government cases against Facebook in this District and *Reveal Chat* in the Northern District of California, there are six other cases pending in the Northern District of California. All of the Northern District of California cases involve antitrust claims against Facebook, and the FTC and States have designated five of them as related to their cases here.[2] There may be more cases to come. In these circumstances one or more parties in the

---

[1] States' Notice of Related Case, ECF No. 6; FTC's Notice of Related Case, *Federal Trade Comm'n v. Facebook, Inc.*, 1:20-cv-03590-CRC, ECF No. 5.

[2] *See* States' Notices of Related Case, ECF Nos. 5, 6, 9, 14, and 56; FTC's Notices of Related Case, *Federal Trade Comm'n v. Facebook, Inc.*, 1:20-cv-03590-CRC, ECF Nos. 4, 5,

various cases may seek transfer under 28 U.S.C. § 1407. Any such motion would be decided by the Judicial Panel on Multidistrict Litigation, and the States' case now assigned to this Court would potentially be subject to such a transfer. *See In re Generic Pharms. Pricing Antitrust Litig.*, 2017 WL 4582710, at *2 (U.S. J.P.M.L. Aug. 3, 2017) ("[T]he Panel has transferred state enforcement actions to MDLs involving cases brought by private litigants with some regularity."). The potential for transfer is another sound reason to defer consideration of consolidation. *See, e.g.*, *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 278 (D.D.C. 2002) (leaving "question of consolidation" to "the sound discretion" of the transferee court); *John Mezzalingua Assocs., Inc. v. Arris Int'l, Inc.*, 2003 WL 23282591, at *1 (W.D. Wis. July 15, 2003) ("[T]he fact that one or both of these cases may be more appropriately decided in another venue counsels against consolidation at this time."); *Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc.*, 2012 WL 1825222, at *1 (D. Kan. May 18, 2012) (denying motion to consolidate without prejudice because "judicial efficiency is best served by deciding the pending motions to dismiss and transfer prior to any consolidation"); *Ledalite Architectural Prods. v. Focal Point, L.L.C.*, 2008 WL 4964733, at *1 (W.D. Wis. Nov. 14, 2008) (declining to consolidate cases before resolving motions to dismiss and transfer).

Balanced against these sound reasons to defer consideration of Rule 42 consolidation, there is no judicial efficiency to be gained from any formal consolidation of these government cases at this early stage beyond that achieved by having these cases designated as related and assigned to a single judge pursuant to Local Rule 40.5(c)(2). *See Singh v. McConville*, 187 F. Supp. 3d 152, 155 (D.D.C. 2016) (explaining that the related case rule is "separate and distinct

---

10, 28, and 31. The two Northern District of California cases that the FTC and States have not designated as related are *Dames v. Facebook, Inc.*, No. 4:20-cv-08817-HSG, and *Affilious, Inc. v. Facebook, Inc.*, No. 4:20-cv-09217-KAW.

4

from" Rule 42 consolidation). In the period preceding Facebook's date for an initial response to the complaints (February 8, 2021) in these two government actions, there will be no activities for which consolidation would promote efficiency. After Facebook files its initial response (an answer or motion to dismiss) in each action, this Court will easily be able to set parallel case deadlines, including briefing schedules and hearings, to the extent that doing so serves judicial economy. *See Trump v. Comm. on Ways & Means, U.S. House of Representatives*, 391 F. Supp. 3d 93, 97 (D.D.C. 2019). These efficiencies can be achieved without premature consolidation of the two actions.

## CONCLUSION

Facebook respectfully requests that the Court deny without prejudice the States' motion to consolidate under Rule 42 as premature at this time.[3]

---

[3] For the stated reasons, Facebook opposes Rule 42 consolidation of these particular government cases at this preliminary, pre-answer stage of these proceedings. But Facebook recognizes that consolidation may be appropriate in other circumstances. In the event the Court is nonetheless inclined to grant the States' motion now, it should clarify that any consolidation is "purely ministerial," and whether consolidation for any other specific purposes, including discovery or trial, is appropriate will be determined at a later date. *Colbert v. F.B.I.*, 275 F.R.D. 30, 32-33 (D.D.C. 2011) (citation omitted).

DATED: January 4, 2021  Respectfully Submitted,

 /s/ *Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com

*Counsel for Defendant Facebook, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STATE OF NEW YORK,** *et al.*,<br><br>   **Plaintiffs,**<br><br>   v.<br><br>**FACEBOOK, INC.,**<br><br>   **Defendant.** | Case No.: 1:20-cv-03589-JEB |

**[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO CONSOLIDATE**

  Upon consideration of Plaintiffs' Motion to Consolidate, ECF No. 45, and Defendant's Response thereto, Plaintiffs' Motion to Consolidate is DENIED WITHOUT PREJUDICE.

  IT IS SO ORDERED.

_____       _____
Date                        Hon. James E. Boasberg
                             United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing upon all counsel of record.

/s/ *Mark C. Hansen*

Mark C. Hansen
(D.C. Bar No. 425930)

*Counsel for Defendant Facebook, Inc.*