**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, | |
| Plaintiff, | |
| v. | Civil Action No. 1:20-cv-03590 (JEB) |
| **FACEBOOK, INC.** | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL A RULE 26(f) CONFERENCE**

**Table of Contents**

I. THE COURT HAS BROAD DISCRETION TO ORDER A RULE 26 CONFERENCE PRIOR TO DEFENDANT'S ANSWER ................................................................................ 2

II. THE COURT SHOULD EXERCISE ITS DISCRETION TO ORDER A PROMPT RULE 26 CONFERENCE ........................................................................................................ 4

   A. A Prompt Rule 26 Conference Will Prevent Needless Delay and Facilitate Cooperation with the State Plaintiffs, the Klein Plaintiffs, and Third Parties ................................. 4

   B. Delaying the Rule 26 Conference Until After Facebook's Answer Will Not Increase Efficiency ............................................................................................................. 6

   C. A Rule 26 Conference No Later Than May 20, 2021 is Practicable and Will Advance the Public Interest ..................................................................................................... 8

CONCLUSION ................................................................................................................. 8

Plaintiff, the Federal Trade Commission ("FTC"), respectfully asks the Court to order Defendant ("Facebook") to confer, pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.3(c), with Plaintiff and with the plaintiffs in the related case before this Court, *State of New York, et al. v. Facebook, Inc.*, No. 1:20-cv-03589 (the "State Plaintiffs"). The FTC has repeatedly asked Facebook for such a conference (hereinafter, a "Rule 26 conference"), and Facebook has repeatedly refused, which has prevented the parties from using time efficiently while the Court considers Defendant's motion to dismiss. The FTC is not asking for discovery to begin at the time of the requested conference: instead, the FTC simply seeks to confer with Defendant and submit a report to the Court that includes a proposal regarding an appropriate start date for discovery, as well as all other relevant case management issues. *Cf.* Local Rule 16.3(d). Accordingly, as reflected in the attached Proposed Order, the FTC respectfully requests that the Court order the parties to confer no later than May 20, 2021, and to submit to the Court no later than June 3, 2021, a case management Report and Proposed Order that contains the parties' proposals regarding a start date for discovery and other matters appropriate under the Local Rules.

While the FTC recognizes that Local Rule 16.3(b) provides that parties in this District are not *required* to conduct a Rule 26 conference until a defendant files an answer, the Local Rule preserves the Court's discretion to order a pre-answer conference. This case presents compelling reasons for the Court to exercise its discretion in spite of the general practice in this District: specifically, a prompt Rule 26 conference will vindicate an important public interest in resolving government antitrust litigations promptly and in advance of related private cases, create efficiencies for all parties and many non-parties, and preserve scarce judicial resources. Here, the Court should exercise its discretion to order a Rule 26 conference because it will allow the

FTC, the State Plaintiffs, and Facebook to cooperate efficiently with a related class action involving common issues of fact that is currently underway in the Northern District of California. *See* ECF No. 4 (related case notice for *Klein v. Facebook, Inc.*). Fact discovery in that case, *Klein v. Facebook, Inc.*, will close in September of 2022 and trial will begin in March 2023. *See* Ex. A (Order, *Klein v. Facebook, Inc.*, 20-cv-08570-LHK, ECF No. 82 (N.D. Cal. Apr. 2, 2021)). A prompt Rule 26 conference will advance the important public interest in concluding government antitrust litigation in advance of the related *Klein* class action, and will do so without imposing any burden on Defendant or on the Court.

### I. THE COURT HAS BROAD DISCRETION TO ORDER A RULE 26 CONFERENCE PRIOR TO DEFENDANT'S ANSWER

This Court has "'broad discretion to manage the conduct of discovery,' with the ultimate goal of ensuring the 'just, speedy, and inexpensive determination of every action and proceeding.'" *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015) (quoting *Chavous v. Dist. of Columbia Fin. Responsibility and Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001); Fed. R. Civ. P. 1). The Court's broad discretion unquestionably encompasses the power to control the timing of Rule 26 conferences, which must occur "as soon as practicable." Fed. R. Civ. P. 26(f)(1) (instructing that "parties must confer as soon as practicable."). Indeed, the Advisory Committee Comments to the Federal Rules expressly state that a court's discretion to order a conference extends even to proceedings entirely exempted from Rule 26(f)'s conference requirement, which this case is not.[1] *See* 2000 Advisory Comm. Comments to Rule 26 ("[C]ourt may order that the conference . . . occur in a case otherwise exempted . . . .").

---

[1] Rule 26 conferences are required in all civil cases except for the specified categories of proceedings that are exempted from Rule 26(f) "because the nature of the action [does] not involve discovery or because of the nature of the parties." Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2053 (3d ed.); *see also* 1993 Advisory Comm. Comments to Rule 26 (Rule 26(f) exempts "cases in which there will be no discovery . . . cases in which discovery is rarely needed

2

The Court's broad discretion is unaffected by Facebook's pending motion to dismiss, notwithstanding the common practice in this District to postpone Rule 26 conferences until after a defendant's answer is filed.  While Local Rule 16.3(b) notes a Rule 26 conference is not required prior to an answer, the Local Rules also recognize that Rule 26 conferences may proceed while a dispositive motion is pending, and instruct the parties in such situations to consider and recommend to the Court whether or not discovery should proceed prior to resolution of the dispositive motion.  *See* Local Rule 16.3(c)(1) (explaining that at the Rule 26 conference "parties must confer to discuss . . . [w]hether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion").  Courts in this District recognize that the timing of a Rule 26 conference is not dictated by a motion to dismiss, but instead depends entirely on the needs of the case: for Rule 26 conferences "[n]o categorical rule is appropriate; rather each case should be considered based on its unique facts and context."  *Sai*, 99 F. Supp. 3d at 58.  In this case, as discussed below, a prompt Rule 26 conference will increase efficiency, and should occur in advance of Facebook's Answer, as is commonplace around the country.  *E.g.*, *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, 3:08-cv-774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008) ("[H]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990))).[2]  Indeed, Facebook is currently engaged in discovery in the

---

. . . or in which a meeting of the parties might be impracticable.").  No exemption is appropriate for this matter: discovery in this case will be needed, and a meeting of the parties is clearly practicable.
[2] *See also Escareno v. Lundbeck, LLC*, 3:14-cv-257-B, 2014 WL 1976867, at *2-3 (N.D. Tex. May 15, 2014); *Pena v. Taylor Farms*, 2:13-cv-1282-KJM-AC, 2013 WL 3933934, at *1, *6

3

related *Klein v. Facebook* class action case in the Northern District of California, despite the fact that its motion to dismiss in that matter will not be fully briefed until July of this year. *See* Ex. A.

### II. THE COURT SHOULD EXERCISE ITS DISCRETION TO ORDER A PROMPT RULE 26 CONFERENCE

A Rule 26 conference will allow the parties to discuss, and hopefully come to agreement on, important threshold issues including but not limited to: preparation for electronic discovery; an appropriate schedule for discovery and trial; and a proposed protective order. *See generally* Local Rule 16.3(c). The accompanying firm deadline for submitting to the Court a Report and Proposed Order will make the parties' discussions far more efficient than any ad hoc discussions in which Facebook might agree to participate. In addition, a conference will facilitate necessary cooperation with the State Plaintiffs and class plaintiffs in the related *Klein v. Facebook* litigation, increasing judicial efficiency and preventing unnecessary delays in both this Court and the Northern District of California. Conducting the conference promptly will be far more efficient than delaying to await Facebook's Answer, as Facebook's Answer will not provide new information relevant to the issues the parties must discuss.

#### A. A Prompt Rule 26 Conference Will Prevent Needless Delay and Facilitate Cooperation with the State Plaintiffs, the *Klein* Class Action, and Third Parties

The FTC seeks to vindicate an important public interest by putting an end to ongoing monopolization that impacts millions of Americans' daily lives. The same is true for the State Plaintiffs which bring this case on behalf of residents in 48 states and territories across the country. Courts have recognized that public policy favors resolving such cases promptly, and in advance of related private litigations. For example, in *United States v. Dentsply Int'l, Inc.*, 190

---

(E.D. Cal. July 29, 2013); *Bowens v. Columbus Metro. Library Bd. of Trs.*, 2-10-cv-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010); *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).

4

F.R.D. 140 (D. Del. 1999), the court denied the defendant's motion to consolidate the government case with private antitrust cases arising from the same set of facts. The court held that, despite the potential for clear efficiencies, the risk that consolidation might delay the government suit was unacceptable in light of "congressional recognition of the primacy of antitrust enforcement actions brought by the United States, and that such actions are of special urgency and serve a different purpose than private damages suits because they seek to enjoin ongoing anticompetitive conduct." *Id.* at 145 (citing H.R. Rep. No. 90-1130, at 8, *reprinted in* 1968 U.S.C.C.A.N. at 1905). Among other reasons that government suits should be resolved before private litigation, the government's proof of liability can serve as "prima facie evidence of a violation for injured competitors or customers bringing a subsequent private suit." *Id.* (citing 15 U.S.C. § 16(a) (1994)).

In *Klein*, Facebook recognized that the FTC's and the State Plaintiffs' lawsuits should proceed more quickly than the related private actions in the Northern District of California. *See* Ex. B (Joint Case Management Statement, *Klein v. Facebook*, 20-cv-08570-LHK, ECF No. 78 (N.D. Cal. filed Mar. 31, 2021)) at 24 (citing need to prevent the *Klein* plaintiffs from "moving ahead of the government cases, which would both be inefficient and inconsistent with congressional intent."), 25 ("ensuring the government cases go first will . . . promote judicial economy."). The FTC agrees with Facebook that public policy has long favored resolving government antitrust enforcement actions prior to resolving related private suits seeking damages. *See, e.g.*, *Dentsply*, 190 F.R.D. at 145. Therefore, now that the *Klein* court has rejected Facebook's efforts to delay discovery in the Northern District of California, this strong public policy demands that the FTC and the State Plaintiffs' suits move forward as expeditiously

5

as possible to ensure that they are resolved prior to the *Klein* plaintiffs' trial date of March 27, 2023.  *See* Ex. A.

A prompt Rule 26 conference, in advance of Facebook's Answer, is a necessary first step to proceeding with the "special urgency" this case requires.  *Dentsply*, 190 F.R.D. at 145 (acknowledging congressional recognition of the "special urgency" of antitrust enforcement actions brought by the United States).  It will allow the FTC and Facebook to begin to coordinate discovery with the State Plaintiffs and proceed in advance of the *Klein* plaintiffs, while achieving some cooperation with them, as Facebook itself has acknowledged will be necessary.  *See* Ex. B at 14 (Facebook recognizing "the need to coordinate with the government cases").  Moreover, a prompt Rule 26 conference is particularly beneficial in an antitrust case of this magnitude because third parties are likely to express an interest in matters such as avoiding duplicative discovery and ensuring confidentiality protections are afforded to competitively sensitive commercial information.  *Cf. United States, et al. v. Google, Inc.*, No. 1:20-cv-3010, ECF Nos. 47, 50, 51, 52, 53 (statements filed by various non-parties regarding a proposed protective order).  Starting discussions promptly will allow the parties and third parties sufficient time to resolve as many such issues as possible without involving the Court, which will both promote judicial efficiency and minimize delay.

### B. Delaying the Rule 26 Conference Until After Facebook's Answer Will Not Increase Efficiency

In some civil cases, a defendant's answer may impact the matters to be discussed in a Rule 26 conference because the defendant's admissions can reveal matters that are undisputed, and its denials can illuminate the need for further inquiry into disputed issues.  This is unlikely to be the case here.  The FTC conducted an 18-month investigation before filing its Complaint, during which lawyers and economists retained by Facebook provided the FTC with hundreds of

pages of written advocacy, and many hours of oral advocacy, addressing the anticompetitive conduct described in the FTC's Complaint. As a result, unlike most private litigants, the FTC is familiar with the basic contours of most, if not all, of Facebook's likely responses to the allegations in the Complaint, and which areas are disputed. The same is true for the State Plaintiffs, which coordinated their investigation closely with the FTC. Facebook's Answer is therefore unlikely to provide the FTC or the State Plaintiffs with new information, and postponing the Rule 26 conference until after the Answer would accomplish nothing but delay.

There is also no reason to postpone discussions until the Court resolves Facebook's motion to dismiss. The motion to dismiss cannot narrow the issues in dispute, because the FTC's Complaint entails a single claim that Facebook has unlawfully monopolized U.S. personal social networking services. *See* ECF 51 (Revised Partially Redacted Compl.) ¶¶ 169-174. Likewise, the State Plaintiffs' Complaint challenges a single course of conduct, and the scope of required discovery is unaffected by the fact that it invokes both Section 2 of the Sherman Act and Section 7 of the Clayton Act. The FTC believes the Court should, and will, deny Facebook's motion to dismiss, but even if the motion to dismiss is granted, the preliminary discussions requested by the FTC will not have imposed avoidable costs on Facebook, third parties, or the Court. Many of the third parties whose interests may be implicated by the FTC's case will also be impacted by the State Plaintiffs' case and the *Klein* case. These third parties and Facebook will need to engage with the State Plaintiffs and the *Klein* plaintiffs on issues including a protective order and an electronic discovery protocol, and will be unable to avoid these minimal costs even in the unlikely event that this Court grants Facebook's motions to dismiss the FTC's or one of the State Plaintiffs' claims. A Rule 26 conference that facilitates the FTC's and the State Plaintiffs' discussions with third parties and Facebook will only increase efficiency. And the Court will not

be burdened by the Rule 26 conference or the resulting Report and Proposed Order: the Court can address the parties' proposals for a discovery start date and other matters at whatever time the Court finds most efficient, whether that is prior to or following its ruling on Facebook's motion to dismiss.

### C. A Rule 26 Conference No Later Than May 20, 2021 is Practicable and Will Advance the Public Interest

As noted above, the Federal Rules instruct the parties to "confer as soon as practicable." Fed. R. Civ. P. 26(f)(1). Here, May 20, 2021 (or earlier) is a practicable and appropriate date for a Rule 26 conference that provides time for full briefing on the instant motion, and for the Court to consider the parties' arguments before ordering the conference to occur.

The FTC has already worked diligently with the State Plaintiffs in an effort to develop a realistic scheduling proposal that would conclude trial prior to the March 27, 2023 *Klein* trial date. But Facebook's refusal to participate in a prompt Rule 26 conference prevents additional progress on a scheduling order and on the other gating items required by Local Rule 16.3(c), undermining the strong public interest in promptly resolving the FTC's suit. Such unnecessary delay is inconsistent with how courts in this District have managed previous government monopolization cases: in *United States, et al. v. Microsoft Corp.*, No. 98-1232 (D.D.C.), the government filed its complaint on May 18, 1998, and began trial *five months* later on October 19, 1998.[3]

### CONCLUSION

For the reasons explained above, as reflected in the attached Proposed Order, the FTC respectfully requests that the Court order the parties to confer no later than May 20, 2021, and to

---

[3] *See Complaint: U.S. v. Microsoft Corp.*, DEP'T OF JUSTICE, https://www.justice.gov/atr/complaint-us-v-microsoft-corp; *Openlaw: The Microsoft Case*, THE BERKMAN CTR. FOR INTERNET & SOC'Y, https://cyber.harvard.edu/msdoj/trial.html (compiling trial transcripts).

8

submit to the Court no later than June 3, 2021 a case management Report and Proposed Order that contains the parties' proposals regarding a start date for discovery and other matters appropriate under the Local Rules.

                                                Respectfully submitted,

Dated: April 22, 2021                    By: /s/ Daniel Matheson
                                                Daniel Matheson (D.C. Bar 502490)
Patricia Galvan
Krisha Cerilli (D.C. Bar 983281)
Robert Zuver (D.C. Bar 987216)
Maria Dimoscato (D.C. Bar 489743)
Eric Cochran (D.C. Bar 981148)
Henry Hauser (D.C. Bar 1614882)
Mitchell London (D.C. Bar 1029408)
Owen Masters (D.C. Bar 242139)
Michael Mikawa
Noel Miller (D.C. Bar 1026068)
David Owyang
Mark Silvia
Michael Smith (D.C. Bar 996738)
Rebecca Weinstein
Sylvia Zhang

Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorneys for Plaintiff*
*Federal Trade Commission*