**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

FEDERAL TRADE COMMISSION,

      Plaintiff,

    v.

FACEBOOK, INC.,

      Defendant.

---

Case No. 1:20-cv-03590-JEB

**FACEBOOK, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Facebook, Inc. provides this submission to notify this Court of the U.S. Supreme Court's decision in *AMG Capital Management, LLC v. FTC*, No. 19-508 (U.S. Apr. 22, 2021) (attached as Exhibit A).  The *AMG* decision bears on Facebook's argument in its pending motion to dismiss that the FTC lacks statutory authority to maintain its lawsuit in federal district court.  *See* FB FTC Br. 39-44, ECF No. 56-1; FB FTC Reply 22-25, ECF No. 62.

In *AMG*, a unanimous Supreme Court held that Section 13(b) of the Federal Trade Commission Act – which authorizes the FTC to seek an order issuing a "permanent injunction" where a defendant "is violating, or is about to violate," federal law, 15 U.S.C. § 53(b) – does not authorize the FTC to seek, or a court to award, "equitable monetary relief such as restitution or disgorgement."  Ex. A at 1.  In so holding, the Court determined that Section 13(b) "addresses a specific problem, namely, that of stopping seemingly unfair practices from taking place while the Commission determines their lawfulness."  *Id.* at 8.  The Court found support for this understanding of Section 13(b) in its plain language, including "the words 'is violating' and 'is

about to violate' (not 'has violated')." *Id.* Acknowledging that "the appearance of the words 'permanent injunction' (as a proviso)" "might also be read . . . as granting authority for the Commission to go one step beyond the provisional and ('in proper cases') dispense with administrative proceedings" to seek an injunction, the Court reasoned that Congress did not intend to displace administrative proceedings in circumstances where the language of the statute does not, by its terms, apply. *Id.*

The Supreme Court's decision and its reasoning support Facebook's argument that the FTC's suit improperly circumvents limits on its authority under Section 13(b). As the Supreme Court emphasized, Section 13(b) is expressly limited to "stopping" an unlawful "practice[ ]" that "'is violating'" or "'is about to violate'" a law enforced by the FTC. *Id.* (quoting 15 U.S.C. § 53(b)). Unlike Section 5(b) of the FTC Act, 15 U.S.C. § 45(b), which authorizes administrative proceedings, *see* Ex. A at 3, Section 13(b) does not reach conduct that allegedly "'has violated'" such a law. *Id.* at 8. Furthermore, Section 13(b)'s *permanent* injunction "proviso" authorizes only relief "directly related to a previously issued *preliminary* injunction." *Id.* (emphasis added). Thus, "'in proper cases'" – that is, where the proof necessary to obtain a preliminary injunction halting ongoing or imminent conduct also establishes the grounds for issuing a permanent injunction – the FTC can "go one step beyond . . . provisional" relief. *Id.* (quoting 15 U.S.C. § 53(b)); *see also id.* at 9 (describing the "'permanent injunction' language" as "cabined") (quoting 15 U.S.C. § 53(b)).

The Supreme Court further explained that "read[ing] § 13(b) to mean what it says . . . produces a coherent enforcement scheme." *Id.* at 10. Namely, "the Commission may use § 13(b) to obtain injunctive relief while administrative proceedings are foreseen or in progress," *id.* – or to obtain a permanent injunction that is "directly related" to preliminary relief "'in

proper cases,' " *id.* at 8 (quoting 15 U.S.C. § 53(b)) – whereas the agency's own "administrative procedures" include "redress provisions" unavailable "without prior use of the administrative proceedings in §5," *id.* at 5, 10.  The Court rejected the notion "that Congress, without mentioning the matter, would have granted the Commission authority so readily to circumvent its traditional §5 administrative proceedings" by bringing a court action under Section 13(b) instead. *Id.* at 9-10; *see id*. at 12 (rejecting the argument that Congress created identical enforcement channels *sub silentio*, "leaving the Commission the power to decide which of the two 'separate, parallel enforcement paths' to take") (quoting FTC brief).

The Supreme Court's decision in *AMG* confirms that the FTC lacks authority to maintain its suit against Facebook in federal district court (as opposed to its own administrative forum). The FTC does not allege the "specific problem" – ongoing or imminent conduct that might be impossible to unwind after an administrative proceeding – that Section 13(b) addresses.  *Id.* at 8. As Facebook has explained, *see* FB FTC Br. 42-44, Section 13(b) is therefore unavailable to the FTC because it challenges conduct that it claims "has violated" federal antitrust law in the past. Ex. A at 8.  Indeed, the agency does not seek relief "stopping" any ongoing "practices" – because it alleges none – and the relief it does seek is not "directly related" to a preliminary injunction, which is all Section 13(b) will support.  *Id.*

Respectfully submitted,

April 27, 2021

/s/  *Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
Aaron M. Panner (D.C. Bar No. 453608)
Geoffrey M. Klineberg (D.C. Bar No. 444503)
Leslie V. Pope (D.C. Bar No. 1014920)
L. Vivian Dong (D.C. Bar No. 1722506)
Alex A. Parkinson (D.C. Bar No. 166695)
Ana Nikolic Paul (D.C. Bar No. 1531904)
Julius P. Taranto (D.C. Bar No. 230434)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com

*Counsel for Defendant Facebook, Inc.*