IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **FACEBOOK, INC.** <br><br> Defendant. | Civil Action No. 1:20-cv-03590 (JEB) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant, Facebook, Inc., has filed a notice of supplemental authority (ECF No. 64) regarding *AMG Capital Management, LLC v. FTC*, No. 19-508 (U.S. Apr. 22, 2021), which addressed the narrow question of whether Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), authorizes the Federal Trade Commission ("FTC") to seek retrospective monetary relief.  Slip Op. at 1, 14.  Facebook incorrectly suggests that the Supreme Court's "reasoning" (ECF No. 64 at 2) undermines the FTC's authority to seek *prospective*, permanent injunctive relief in federal court to end Facebook's ongoing monopolization of personal social networking services in the United States.  Facebook misreads *AMG*.

Here, the FTC seeks prospective injunctive relief to remedy an ongoing violation of the law.  *See* ECF No. 59 (FTC Opp. Br.) at 41-42; ECF No. 51 (Revised Partially Redacted Compl.) at 51-52 ("PRAYER FOR RELIEF").  The *AMG* Court affirmed that Section 13(b) authorizes the FTC to seek such relief in federal court.  Slip Op. at 8 ("Taken as a whole, [Section 13(b)] focuses upon relief that is prospective, not retrospective.").

Facebook inaccurately suggests that the *AMG* Court held that the FTC can pursue permanent injunctive relief "only" if it is "'directly related' to a preliminary injunction," ECF

1

No. 64 at 2, but Facebook simply invents the word "only," which does not appear in the relevant portion of the Court's opinion. *See id.* (citing Slip Op. at 8). Facebook's invented limitation relies on an insupportable definition of "proper cases," which Facebook inaccurately suggests limits the FTC's authority to obtain a permanent injunction solely to cases "where the proof necessary to obtain a preliminary injunction halting ongoing or imminent conduct also establishes the grounds for issuing a permanent injunction." *Id.* Courts in this District have repeatedly rejected this suggestion, and held that Section 13(b) empowers the FTC to seek a permanent injunction where no preliminary injunction is sought. *FTC v. Surescripts, LLC*, 424 F. Supp. 3d 92, 100 (D.D.C. 2020) (where FTC sought permanent injunctive relief, not a preliminary injunction, holding "the FTC's complaint sufficiently pleads a 'proper' case for a permanent injunction under Section 13(b)"); *see* Complaint, *FTC v. Surescripts, LLC*, 1:19-cv-01080-JDB, ECF No. 4 (D.D.C. filed April 17, 2019) at 1, 54 (requesting permanent rather than preliminary injunction). *See also FTC v. Mylan Labs., Inc.*, 62 F. Supp. 2d 25, 36 (D.D.C. 1999) (where FTC sought permanent injunctive relief, not a preliminary injunction, holding "this Court finds that the permanent injunction proviso [of Section 13(b)] may be used to enjoin violations of any provision of law enforced by the FTC") (discussing *FTC v. Abbott Laboratories*, 1:92-01364, 1992 U.S. Dist. LEXIS 18030 (D.D.C. 1992)).

     *AMG* does not undermine these precedents, and Facebook's suggestion that the FTC must request a preliminary injunction in order to obtain a permanent injunction contradicts the *AMG* Court's logic. The *AMG* Court held that as long as the FTC seeks *prospective* relief, Section 13(b) does not require the FTC to commence a parallel administrative proceeding: instead, "the Commission may use §13(b) to obtain injunctive relief while administrative proceedings are foreseen or in progress, **or when it seeks only injunctive relief**." Slip Op. at 10 (emphasis

added). In the latter situation addressed by the Court, in which the FTC does not initiate a parallel administrative proceeding, the FTC will <u>never</u> have a need for provisional relief to allow the conclusion of the parallel administrative action. The *AMG* Court clearly contemplated that in such instances the FTC may "go one step beyond the provisional and . . . dispense with administrative proceedings to seek what the words [of Section 13(b)] literally say (namely, an *injunction*)." *Id.* at 8 (emphasis in original). And in such instances, since "provisional" relief makes no sense, the FTC naturally may seek permanent injunctive relief, just as the FTC has done in the instant matter and in prior cases such as *FTC v. Surescripts* and *FTC v. Mylan*.

Dated: April 30, 2021

Respectfully submitted,

/s/ Daniel Matheson
Daniel Matheson, Esq. (D.C. Bar 502490)
Patricia Galvan
Krisha Cerilli (D.C. Bar 983281)
Robert Zuver (D.C. Bar 987216)
Maria Dimoscato (D.C. Bar 489743)
Eric Cochran (D.C. Bar 981148)
Henry Hauser (D.C. Bar 1614882)
Mitchell London (D.C. Bar 1029408)
Owen Masters (D.C. Bar 242139)
Michael Mikawa
Noel Miller (D.C. Bar 1026068)
David Owyang
Mark Silvia
Michael Smith (D.C. Bar 996738)
Rebecca Weinstein
Sylvia Zhang

Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorneys for Plaintiff*
*Federal Trade Commission*

3