IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>                      Plaintiff,<br><br>     v.<br><br>**FACEBOOK, INC.**<br><br>                      Defendant. | Civil Action No. 1:20-cv-03590 (JEB) |

**REPLY MEMORANDUM IN SUPPORT OF**
**MOTION TO COMPEL A RULE 26(f) CONFERENCE**

Facebook inaccurately suggests that the Local Rules constrain this Court's discretion to control the timing of conferences between the parties.  Facebook's proposition is simply wrong: it is incorrect that the "[Local] Rules <u>dictate</u> that no Rule 26(f) conference <u>can be required</u> before the Court has ruled on motions to dismiss and Defendant has answered." Defendant's Opposition Memorandum, ECF No. 66 ("Opp.") at 5 (emphasis added).  In truth, this Court has broad discretion to require a conference, as explained in the FTC's opening Memorandum.  ECF No. 63-1 ("Mem.") at 2-3.  Here, the Court should exercise its discretion to order the parties to confer, because doing so will increase efficiency, without imposing avoidable costs.  *Id.* at 4-8.

Facebook's Opposition provides no authority or reasoned argument suggesting that the Local Rules limit this Court's discretion.  To the contrary, Facebook's own authority confirms that parties' pre-Answer conferences are not foreclosed by the Local Rules: litigants in this District in fact engage in pre-Answer Rule 26 conferences, as the parties did in *Committee to Defend the President v. FEC*.  *See* Opp. at 6; *see also* No. 1:18-cv-00888-RDM (D.D.C. July 11, 2018), ECF No. 13 (Proposed Scheduling Order and Discovery Plan).  The fact that in certain cases courts in this District have exercised their discretion to deny requests for a pre-Answer Rule 26 conference neither supports Facebook's assertion that the Court lacks discretion to require one here, nor suggests that pre-Answer conferences are universally inefficient.

I.     **Facebook's Opposition Disregards the Narrowly Tailored Relief Plaintiffs Seek**

Facebook's arguments against a conference ignore the actual relief the FTC and the State Plaintiffs seek.  Facebook observes that *conducting discovery* might be inefficient while a motion to dismiss is pending, Opp. at 5-6, but Plaintiffs simply seek to conduct discussions to plan efficiently for discovery, and to submit proposals to the Court regarding a start date for discovery and other relevant matters.  Mem. at 1, 9.  Facebook inexplicably labels this request

1

"implausibl[e]," Opp. at 7, but this is exactly what the Plaintiffs' Proposed Order provides: if the Court issues the requested Order, discovery will not commence. *See* ECF No. 63-4 (Proposed Order).

And Facebook is wrong that "the sole purpose of the Rule 26(f) conference is to begin the discovery process," Opp. at 7: to the contrary, the purpose of the conference is to develop a discovery *plan*. LCvR 16.3(a)(3); *see also* 6 Moore's Federal Practice § 26.143 ("The requirement that the parties confer to develop a discovery plan may be the single most important provision in the discovery architecture of Rule 26. It is simple in its demand but far-reaching in its potential for smoothing the flow of discovery, and courts should be rigorous in enforcing the conference requirement.") (citing Fed. R. Civ. P. 26(f) advisory committee's note (2000) (addition of conference requirement "one of the most successful changes made in the 1993 amendments")). Fed. R. Civ. P. 26(a)(1)(C) specifically provides that a Rule 26 conference need not trigger initial disclosures, and the Federal Rules unquestionably preserve the Court's broad discretion to control the timing of all discovery, including its commencement.

Facebook likewise ignores the relief Plaintiffs request to the extent that Facebook suggests that Local Rule 16.3(b) provides Facebook with an "exemption," Opp. at 5, from a Rule 26 conference. Local Rule 16.3(b) relaxes the *scheduling order* timing provisions of Fed. R. Civ. P. 16(b), but this is irrelevant to the relief requested by the government plaintiffs. The Court may grant the relief requested by Plaintiffs without determining at this moment whether to issue a scheduling order or hold a scheduling conference, and would retain the discretion to assess such questions after the parties have met and conferred and submitted proposals to the Court. *See* ECF No. 63-4 (Proposed Order); LCvR 16.3(b). Moreover, the Federal Rules expressly provide that local rules may exempt actions from *scheduling order* timing

2

requirements, Fed. R. Civ. P. 16(b), but do not provide authorization "to exempt cases by local rule from the discovery conference requirement." COMMENT TO LCvR 16.3(b) ("The Fed. R. Civ. P. 26(f) removes the authority to exempt cases by local rule from the discovery conference requirement."); *see also* 6 Moore's Federal Practice § 26.141 ("The 2000 amendments to Rule 26(f) eliminated the authority of the district courts to adopt a local rule exempting cases from the discovery conference requirement."). Thus, while Local Rule 16.3(b) impacts the *timing* of conferences between the parties, Facebook errs to the extent it suggests this District's local rules provide an "exemption." Opp. at 5.

### II.  Facebook Provides No Justification for Postponing the Conference

Plaintiffs' requested conference will increase judicial efficiency and promote prompt engagement with interested third parties and with the *Klein* plaintiffs, thus advancing the "just, speedy, and inexpensive determination" of this proceeding, Fed. R. Civ. P. 1, and the public interest in promptly resolving government antitrust actions. *United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140, 145 (D. Del. 1999) (acknowledging congressional recognition of the "special urgency" of antitrust enforcement actions brought by the United States); *see* Mem. at 4-6.

Facebook fails to provide countervailing reasons suggesting that the Court should refrain from exercising its discretion to order a conference. Facebook identifies no material inefficiency that might result from a prompt conference. Facebook protests that they have not yet "scheduled" a Rule 26 conference with the *Klein* plaintiffs, *see* Opp. at 8, but this does not suggest that a conference in this case will be inefficient. A conference in advance of, or at the very least close in time to, the *Klein* Rule 26 conference will increase judicial efficiency by ensuring that the government plaintiffs and *Klein* parties can propose discovery protocols and other case management orders to this Court and the *Klein* court that take into consideration the

related aspects of the respective cases.  Facebook claims that discovery has not begun in *Klein*, but the *Klein* court denied Facebook's motion to stay discovery and ordered Facebook to produce a substantial set of documents by May 2, 2021, *see* ECF No. 63-2 at 1, and to facilitate Facebook's compliance with that order an interim evidentiary order and a protective order have been entered.  *See Klein v. Facebook, Inc.*, 20-cv-08570-LHK, ECF Nos. 91 (Stipulated Protective Order) (May 3, 2021), 92 (Stipulated Interim Federal Rules of Evidence 502(d) Clawback Order) (May 3, 2021).  All parties' interests will be served by cooperation on such protocols, including but not limited to any modifications to interim orders entered in the *Klein* litigation.

Such cooperation with the *Klein* plaintiffs will be required even if the Court credits Facebook's unsupported claim that discovery in *Klein* will "focus first on class certification." Opp. at 8.  Facebook provides no basis for this assertion, as the *Klein* court rejected its effort to bifurcate discovery.  ECF No. 63-2 at 1 ("The Court DENIES Facebook's request to stay discovery and DENIES Facebook's request to bifurcate discovery."); *compare* ECF No. 63-3 at 23 (Facebook's bifurcation proposal).  Moreover, Facebook provides no reason to believe that the *Klein* parties can delay merits discovery while adhering to the *Klein* trial schedule of March 2023.  If Facebook believes such a schedule is realistic, then prompt cooperation between all parties in both matters is clearly necessary: while the government plaintiffs believe that a trial date prior to March 2023 is practicable, they anticipate it will require a reasonably timely start for merits discovery.

Finally, Facebook argues that the *Klein* trial date might change, Opp. at 7-9, but this is both speculative and irrelevant to the fact that efficient management of the government cases and *Klein* suit will require cooperation on a number of overlapping pre-trial discovery issues,

including but not limited to a Protective Order.  Moreover, it is not well taken for Facebook to resist progress in this Court because the government plaintiffs might be able to eventually "assert the primacy of their cases" and seek a delay in the *Klein* class action.  Opp. at 9.  The government plaintiffs have no desire to be used as an obstacle to progress in matters pending in other district courts,[1] and there is no guarantee that even if the government plaintiffs made such an effort it would succeed.  *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  Thus, while Facebook suggests that the Court should countenance needless delay now because the *Klein* Scheduling Order might be set aside later, the Court should reach the opposite conclusion and require a Rule 26 conference now to minimize the chances that the government cases will interfere with cases pending in other districts.

## CONCLUSION

Facebook provides no reason that its refusal to engage with the government plaintiffs increases efficiency; it simply insists that it does not desire to do so.  Facebook's insistence should not persuade the Court to refrain from exercising its discretion to require the conference requested by the FTC and the State Plaintiffs.  It undermines judicial efficiency and ill-serves the public interest for litigants to cooperate in case management planning only when compelled to do so by an express rule.  This Court has broad discretion to increase efficiency by granting the relief the government plaintiffs request, and should exercise it here.

---

[1] The *Klein* court has already rejected one of Facebook's efforts to use the government cases as an excuse to delay progress.  *See* No. ECF 63-2 at 1 (rejecting Facebook's request, ECF No. 63-3 at 23-26, to stay discovery until "the motions to dismiss the government cases are resolved").

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: May 10, 2021 | /s/ Daniel Matheson |
|  | Daniel Matheson (D.C. Bar 502490) |
|  | Patricia Galvan |
|  | Krisha Cerilli (D.C. Bar 983281) |
|  | Robert Zuver (D.C. Bar 987216) |
|  | Maria Dimoscato (D.C. Bar 489743) |
|  | Eric Cochran (D.C. Bar 981148) |
|  | Henry Hauser (D.C. Bar 1614882) |
|  | Mitchell London (D.C. Bar 1029408) |
|  | Owen Masters (D.C. Bar 242139) |
|  | Michael Mikawa |
|  | Noel Miller (D.C. Bar 1026068) |
|  | David Owyang |
|  | Mark Silvia |
|  | Michael Smith (D.C. Bar 996738) |
|  | Rebecca Weinstein |
|  | Sylvia Zhang |
|  |  |
|  | Federal Trade Commission |
|  | Bureau of Competition |
|  | 400 Seventh Street, S.W. |
|  | Washington, D.C. 20024 |
|  | Telephone: (202) 326-2075 |
|  | Email: dmatheson@ftc.gov |
|  |  |
|  | *Attorneys for Plaintiff* |
|  | *Federal Trade Commission* |