IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>        Plaintiff,<br><br>   v.<br><br>**FACEBOOK, INC.**<br><br>        Defendant. | Civil Action No. 1:20-cv-03590 (JEB) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

  Defendant, Facebook, Inc., has filed a notice of supplemental authority (ECF No. 69) regarding *In re Google Digital Advertising Antitrust Litigation*, No. 5:20-cv-003556-BLF, ECF No. 143 (N.D. Cal. May 13, 2021).  Contrary to Facebook's suggestion, the *In re Google* decision adds no additional weight to the arguments Facebook has made in an effort to dismiss the FTC's complaint.

  1.  The *In re Google* court determined that the plaintiffs' proposed market improperly included both advertisers and publishers, instead of focusing on the relevant product offered to advertisers.  Slip Op. at 6.  Further, the plaintiffs alleged a relevant market consisting of "programmatic display advertising services," *id.* at 4, which excluded "other ways for advertisers" to reach digital audiences.  *Id.* at 6.  The court held that the plaintiffs failed to allege facts suggesting that, from the relevant consumers' point of view, "programmatic display advertising services," are not reasonably interchangeable with alternatives that the relevant consumers use for the same purpose.  *Id.*  *In re Google* is distinguishable from the FTC's Complaint for the same reasons as other cases cited in Facebook's previous briefing in which plaintiffs failed to provide factual allegations that products used by consumers for the same

purposes were not reasonably interchangeable with the products within a proposed relevant market.  *E.g., Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1338 (11th Cir. 2010) (complaint alleged, "without elaboration," that visco-elastic foam mattresses constituted a market, unaccompanied by factual allegations suggesting that "[c]onsumer preferences" for such mattresses render them not reasonably interchangeable with other types of mattress).  None of these authorities are relevant to the FTC's Complaint, which provides factual allegations that consumers use personal social networking (PSN) services for a particular purpose, and that for this purpose consumers do not view other products as reasonably interchangeable with PSN services due to the distinct characteristics of PSN services.  Compl. (ECF No. 51) ¶ 39 (PSN used by consumers for the purpose of maintaining personal connections with, and sharing personal content with, friends and family); ¶¶ 53-55 (PSN possesses distinct characteristics that facilitate that purpose); ¶¶ 39-40, 54, 60, 62 (in contrast to the limited functionalities of email and mobile messaging, PSN provides a distinct and richer way to communicate and a shared social space); *see* FTC Opposition (ECF No. 59) ("Opp.") at 8-10.

   2.  The *In re Google* court did not address the FTC's authority to file suit in federal court under 15 U.S.C. §53(b), and instead addressed the statute of limitations applicable to private antitrust suits.  *See* Slip. Op. at 7 (rejecting plaintiffs' acquisition-based allegations solely due to the statute of limitations).  The FTC, which is not subject to a statute of limitations, alleges that Facebook "is violating" the law because its ongoing monopoly is being maintained by an ongoing course of conduct including the anticompetitive acquisition of competitive threats, and that its acquisition and continued control of Instagram and WhatsApp neutralizes them as direct threats and maintains a competitive moat.  Opp. at 41-44; Compl. (ECF No. 51) ¶¶ 29, 105, 127.  Neither *In re Google* nor any other authority suggests such a challenge is foreclosed.

3. In contrast to the *In re Google* plaintiffs, the FTC does not challenge Facebook's changes to the *design* of its own products. *See* Slip Op. at 8-9. Instead, the FTC challenges Facebook's announcement and enforcement of conditional dealing policies that deterred its trading partners from competing with Facebook or assisting its competitors. *See* Compl. ¶¶ 22-26, 129-30, 142-143. Clear precedent establishes that such conditional dealing by a monopolist can violate the antitrust laws. Opp. at 32-33.

Dated: May 21, 2021                              Respectfully submitted,

/s/ Daniel Matheson
Daniel Matheson, Esq. (D.C. Bar 502490)
Patricia Galvan
Krisha Cerilli (D.C. Bar 983281)
Robert Zuver (D.C. Bar 987216)
Maria Dimoscato (D.C. Bar 489743)
Eric Cochran (D.C. Bar 981148)
Henry Hauser (D.C. Bar 1614882)
Mitchell London (D.C. Bar 1029408)
Owen Masters (D.C. Bar 242139)
Michael Mikawa
Noel Miller (D.C. Bar 1026068)
David Owyang
Mark Silvia
Michael Smith (D.C. Bar 996738)
Rebecca Weinstein
Sylvia Zhang

Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorneys for Plaintiff*
*Federal Trade Commission*