IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | |
| Plaintiff, | |
| v. | Civil Action No. 1:20-cv-03590-JEB |
| **FACEBOOK, INC.** | |
| Defendant. | |

### PLAINTIFF FEDERAL TRADE COMMISSION'S UNOPPOSED MOTION AND MEMORANDUM TO FILE THE FIRST AMENDED COMPLAINT TEMPORARILY UNDER SEAL

Plaintiff Federal Trade Commission ("FTC") respectfully moves for an order from this Court, pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and Local Civil Rule 5.l(h), directing the Clerk of the Court to file the FTC's unredacted First Amended Complaint[1] in the above-captioned matter under seal for ten calendar days from the date of this Court's order on this motion. A partially redacted version of the FTC's First Amended Complaint in the above-captioned matter has been filed on the public docket, as Exhibit 1 to this motion.

Pursuant to Local Rule 7(m), counsel for the FTC conferred with counsel for Defendant regarding the relief requested. Counsel for Defendant has stated that they do not oppose the relief requested, without prejudice to Defendant's right to seek an extension of the ten-day sealing period if circumstances warrant.

---

[1] On June, 28, 2021 the Court granted to the FTC leave to file an amended complaint, and on July 23, 2021 the Court extended until August 19, 2021 the FTC's deadline to file its amended complaint. ECF Nos. 72, 73; *see also* Minute Order Granting Plaintiff's Unopposed Motion for Extension of Time (July 23, 2021).

The FTC has both good cause and a compelling reason to file an unredacted version of its First Amended Complaint temporarily under seal. Before bringing this action, the FTC conducted a non-public investigation into the anticompetitive conduct through which Facebook, Inc. ("Facebook") maintained its monopoly power in the market for personal social networking services in the United States. The FTC's First Amended Complaint includes certain information related to this conduct that Facebook, Inc. and/or third parties designated as "confidential" during the course of the investigation. Before the FTC publicly discloses such information in a law enforcement proceeding, the FTC must afford the providing parties an "opportunity to seek an appropriate protective or in camera order." 16 C.F.R. § 4.10(g); *see also* 15 U.S.C. § 57b-2. In addition, the FTC's First Amended Complaint references statistics calculated based on data obtained from third parties that is not publicly available and may be commercially sensitive.

The temporary filing under seal of the unredacted First Amended Complaint will provide an opportunity for Defendant and any relevant third parties to consider information disclosed in the unredacted First Amended Complaint that is designated confidential, and non-public information that may be commercially sensitive, and to seek appropriate confidential treatment of such information pursuant to an appropriate protective or in camera order.

The FTC's request that its unredacted First Amended Complaint be temporarily filed under seal for a period of ten days is proper under *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), which identifies the factors relevant to requests to seal or redact court records. At least three of the factors identified in Hubbard support the temporary sealing of certain portions of the First Amended Complaint: counsel for the Commission is unaware of any prior public access to the relevant information; Defendant and third parties have objected to the disclosure of the information by invoking statutory and regulatory confidentiality protections during the FTC's

investigation;[2] and Defendant and third parties face a strong possibility of prejudice in the event that competitively or commercially sensitive information is publicly disclosed. *See Primas v. District of Columbia*, 719 F.3d 693, 698-700 (D.C. Cir. 2013) (identifying six *Hubbard* factors relevant to motions to seal, including "the extent of previous public access to the documents;" "the fact that someone has objected to disclosure and the identity of that person;" and "the possibility of prejudice to those opposing disclosure").

The FTC's public filing of a partially redacted version of the First Amended Complaint, attached as Exhibit 1, is likewise proper under *Hubbard*. The Court of Appeals has instructed that confidentiality considerations must account for "the always strong presumption in favor of public access to judicial proceedings." *Hubbard*, 650 F.2d at 317. As indicated in Exhibit 1, large portions of the FTC's Complaint do not contain potentially confidential information. The FTC has publicly filed the partially redacted First Amended Complaint to ensure timely public access to as much of the judicial proceeding as can currently be disclosed without an undue risk of disclosing confidential or commercially sensitive information. To vindicate the same goal, the FTC intends to post Exhibit 1 on its website, contemporaneously with the filing of this motion.

The FTC has already contacted, or will promptly contact, representatives for impacted third parties to notify them of the filing of this motion. Should the Court grant the instant motion, the FTC will promptly alert those third parties that they have ten days from the Court's order in which to seek appropriate treatment of relevant information pursuant to an appropriate protective or in camera order.

---

[2] *See* 15 U.S.C. §§ 46(f), 57b-2(b), 57b-2(c), 16 C.F.R. § 4.10(d)-(g).

For the foregoing reasons, the FTC respectfully requests that the Court grant its motion to file an unredacted version of its First Amended Complaint temporarily under seal for a period of ten days.

***

A proposed order is attached.

Respectfully submitted,

Dated:  August 19, 2021

/s/ Daniel J. Matheson
Daniel Matheson, Esq.
(D.C. Bar #502490)
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorney for Plaintiff*
*Federal Trade Commission*