IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FEDERAL TRADE COMMISSION**,

                Plaintiff,

      v.

**FACEBOOK, INC.**

                Defendant.

Civil Action No. 1:20-cv-03590 (JEB)

**JOINT FILING AND MOTION REGARDING PROPOSED REDACTIONS TO THE SUBSTITUTE AMENDED COMPLAINT**

Plaintiff Federal Trade Commission ("FTC") and Defendant Facebook, Inc. ("Facebook") jointly move the Court for an order instructing the FTC to file on the public docket a redacted version of the Substitute Amended Complaint.

As explained below, the parties do not have any disputes with respect to redactions. The FTC has contacted all relevant third parties, and each relevant third party has informed the FTC that it will not request redaction or confidential treatment of information contained in the Substitute Amended Complaint. The parties therefore agree that the vast majority of redactions contained in the publicly filed redacted version of the FAC, ECF No. 75-1, can be removed and the information can be disclosed in a publicly filed redacted version of the Substitute Amended Complaint.

**STATUS OF PROPOSED REDACTIONS**

On August 19, 2021, the Federal Trade Commission ("FTC") filed an unopposed motion to file the First Amended Complaint ("FAC") temporarily under seal, ECF No. 76, as well as a redacted version of the FAC, ECF No. 75-1, which was entered on this Court's public docket. Pursuant to the FTC's unopposed request, the Court ordered that the unredacted FAC should remain temporarily under seal, and directed any party or third party desiring confidential treatment

of information contained in the FAC to seek an appropriate order from the Court within ten calendar days. *See* August 19, 2021 Minute Order. The Court subsequently extended until September 7, 2021 the period during which any party or third party desiring confidential treatment of information contained in the FAC is permitted to seek an appropriate order from the Court, pursuant to the parties' joint request. *See* August 30, 2021 Minute Order; ECF No. 77 (Joint Motion for Extension of Time).

### I. Most Initial Redactions Can Be Removed

The following paragraphs of the publicly filed version of the FAC (ECF No. 75-1) redacted content that was based on information provided by third parties during the FTC's pre-complaint investigation: 54, 55, 57, 181, 182, 184, 185, 194, 198, 199, 200, and 201. The FTC has contacted all relevant third parties that may be impacted by these paragraphs, and each third party has informed the FTC that it does not intend to seek a protective order or in-camera order with respect to the relevant material. Neither the FTC nor Facebook intend to seek such an order with respect to these paragraphs. Thus the parties respectfully submit that the redacted version of the Substitute Amended Complaint can be filed on the public docket without the above-listed redactions.

The following paragraphs of the publicly filed version of the FAC (ECF No. 75-1) redacted content that was based on information provided by Facebook during the FTC's pre-complaint investigation: 7, 21, 31, 40, 43, 59, 61, 70, 75, 104, 126, 150, 176, 177, 178, 186, 193, 211, and 212. Neither the FTC nor Facebook request that the redactions from those paragraphs be maintained. Thus, the parties respectfully submit that the redacted version of the Substitute Amended Complaint can be filed on the public docket without the above-listed redactions.

## II. Facebook Requests Continued Confidential Treatment of Selected Paragraphs

Facebook has requested, and the FTC does not oppose, maintaining redactions with respect to allegations based on information designated "Confidential" by Facebook during the FTC's pre-complaint investigation that appear in the following paragraphs of the Substitute Amended Complaint: 2, 146, 206, 215, and 216. The parties respectfully request that the redacted version of the Substitute Amended Complaint be filed with the redactions indicated as follows:

- **Substitute Amended Complaint Paragraph 2** – "Facebook holds monopoly power in the market for personal social networking services ('personal social networking' or 'personal social networking services') in the United States, primarily due to its control of two of the largest and most profitable social networks in the world, Facebook and Instagram. The Facebook social network is known internally at Facebook as 'Facebook Blue' and has more than **[Redacted]** users in the United States. Instagram attracts more than **[Redacted]** monthly users. No other personal social networking provider in the United States remotely approaches Facebook's scale. Snapchat is the next-largest provider of personal social networking services, but its user base pales in comparison: Snapchat has tens of millions fewer monthly users than either Facebook Blue or Instagram."

- **Substitute Amended Complaint Paragraph 146** – "A later internal email discussion among Facebook executives reveals that while Facebook's stated rationale for denying access to particularly important API functionality to apps with messaging or feed functionality was **[Redacted]** the real reason for the discriminatory denial of access was **[Redacted]**. Facebook's goal all along was **[Redacted]**, and the manner in which the policy was implemented left little doubt as to its true purpose to deter competitive threats: **[Redacted]**."

- **Substitute Amended Complaint Paragraph 206** – "First, historical events indicate that even when Facebook's conduct has caused significant user dissatisfaction, Facebook does not lose significant users or engagement to competitors. This is an indicator of market power. For instance, after news broke in 2018 that Facebook user data had been secretly harvested by a firm known as Cambridge Analytica, Facebook experienced an unparalleled, rapid **[Redacted]**. Although users were unhappy with Facebook, the incident **[Redacted]** and did not keep Facebook from **[Redacted]**. An internal Facebook analysis likewise **[Redacted]** on Facebook Blue and concluded there was **[Redacted]**. Facebook's ability to withstand significant user dissatisfaction while experiencing a minimal loss of user engagement on Facebook Blue indicates inelastic demand and market power."

- **Substitute Amended Complaint Paragraph 215** – "Moreover, Facebook's internal data confirms that it benefits from ratchet effects that have strengthened over time. As one indication, the number of Facebook friends per monthly active

3

Facebook Blue user (measured on the first day of each month) in the United States increased from **[Redacted]** in January 2009 to **[Redacted]** in October 2019."

- **Substitute Amended Complaint Paragraph 216** – "Facebook has long recognized that users' switching costs increase as users invest more time in, and post more content to, a personal social networking service.  For example, in January 2012, a Facebook executive wrote to Mr. Zuckerberg: 'one of the most important ways we can make switching costs very high for users - if we are where all users' photos reside . . . will be very tough for a user to switch if they can't take those photos and associated data/comments with them.'  Facebook's increase in photo and video content per user thus provides another indication that the switching costs that protect Facebook's monopoly power remain significant.  From 2012 to 2018, Facebook's average number of images posted per MAU increased by more than **[Redacted]**, and its average number of videos posted per MAU increased **[Redacted]**."

If appropriate, the parties will in the future seek a protective order from the Court that will govern potentially confidential information in this matter, including the material appearing in these paragraphs.

## CONCLUSION

For the reasons set forth above, Plaintiff and Defendant respectfully request that the Court instruct the FTC to file on the public docket a redacted version of the Substitute Amended Complaint, which removes redactions that appeared in ECF No. 75-1 paragraphs 7, 21, 31, 40, 43, 54, 55, 57, 59, 61, 70, 75, 104, 126, 150, 176, 177, 178, 181, 182, 184, 185, 186, 193, 194, 198, 199, 200, 201, 211, and 212, and maintains the above-indicated redactions for paragraphs 2, 146, 206, 215, and 216 of the Substitute Amended Complaint.

A proposed order is attached.

5

Dated: September 7, 2021          Respectfully submitted,

                                                   */s/ Daniel J. Matheson*
                                                   Daniel Matheson (D.C. Bar 502490)
                                                   Federal Trade Commission
                                                   Bureau of Competition
                                                   400 7th Street, S.W.
                                                   Washington, D.C. 20024
                                                   Telephone: (202) 326-2075
                                                   Email: dmatheson@ftc.gov

                                                   *Counsel for Plaintiff*
                                                   *Federal Trade Commission*


                                                   /s/ *Mark C. Hansen*
                                                    Mark C. Hansen (D.C. Bar No. 425930)
                                                    KELLOGG, HANSEN, TODD,
                                                            FIGEL & FREDERICK, P.L.L.C.
                                                    1615 M Street, N.W., Suite 400
                                                    Washington, D.C. 20036
                                                    Tel: (202) 326-7900
                                                   mhansen@kellogghansen.com

                                                   *Counsel for Defendant Facebook, Inc.*