# Exhibit C

to the Declaration of Mark C. Hansen in Support of Facebook, Inc.'s Motion to Dismiss the FTC's Amended Complaint in *Federal Trade Commission v. Facebook, Inc.* Case No. 1:20-cv-03590-JEB (D.D.C.)



UNITED STATES OF AMERICA
Federal Trade Commission
WASHINGTON, D.C. 20580

# Dissenting Statement of Commissioner Christine S. Wilson

Facebook, Inc.

Matter No. 1910134

August 19, 2021

Today, the Commission voted to file an amended complaint against Facebook, Inc. As I did with the Commission's original complaint against Facebook, I dissent. Although my dissent is premised on legal, factual, and policy concerns, I write here to provide a brief description of one policy concern, given its relevance to other concerning developments at the Federal Trade Commission.[1] Specifically, the primary allegations in the amended complaint relate to Facebook's acquisitions of Instagram and WhatsApp, transactions that the FTC previously evaluated pursuant to the Hart-Scott-Rodino premerger notification process and permitted to proceed. I believe it is bad policy to undermine the integrity of the premerger notification process established by Congress and the repose that it provides to merging parties that have faithfully complied with its requirements.[2]

Also, I write to make clear that no one should mistake my participation in today's vote to file an amended complaint for a vote, one way or the other, on the recusal petition that Facebook filed on July 14, 2021. In that submission, Facebook petitioned FTC Chair Lina Khan and the Commission to recuse Chair Khan from participating in any decisions concerning whether and how to continue the Commission's antitrust case against the company.[3] If the Commission were to review Facebook's recusal petition,[4] I would evaluate the petition carefully, applying the relevant law, including Constitutional due process considerations, to the applicable facts.

---

[1] Holly Vedova, *Adjusting merger review to deal with the surge in merger filings*, FED. TRADE COMM'N COMPETITION MATTERS BLOG (Aug. 3, 2021, 12:28 PM), https://www.ftc.gov/news-events/blogs/competition-matters/2021/08/adjusting-merger-review-deal-surge-merger-filings.

[2] *See* Christine S. Wilson, Comm'r, Fed Trade Comm'n, Statement Regarding the Announcement of Pre-Consummation Warning Letters (Aug. 9, 2021), https://www.ftc.gov/system/files/documents/public_statements/1593969/pre-consummation_warning_letters_statement_v11.pdf.

[3] *See* Cat Zakrzewski, *Facebook seeks recusal of FTC Chair Lina Khan amid high-profile antitrust case*, WASH. POST. (July 14, 2021), https://www.washingtonpost.com/technology/2021/07/14/facebook-seeks-recusal-ftc-chair-lina-khan/; In Re Petition for Recusal of Chair Lina M. Khan from Involvement in the Pending Antitrust Case Against Facebook, Inc. (July 14, 2021), https://about.fb.com/wp-content/uploads/2021/07/Facebook-Inc.s-Petition-to-Recuse-Chair-Khan.pdf.

[4] Commission Rule 4.17 provides a mechanism for disqualification of a Commissioner for rulemaking and adjudicative matters; it does not address a Commissioner's role in prosecutorial decisions. *See* 16 C.F.R. § 4.17.