# Exhibit F

to the Declaration of Mark C. Hansen in Support of Facebook, Inc.'s Motion to Dismiss the FTC's Amended Complaint in *Federal Trade Commission v. Facebook, Inc.*
Case No. 1:20-cv-03590-JEB (D.D.C.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 02-0060 (RBW) |
| ) | |
| LIBBEY INC., *et al.*, ) | **FILED** |
| ) | |
| Defendants. ) | APR 0 3 2002 |
| ) | |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ORDER

This matter is before the Court on the Federal Trade Commission's ("Commission") motion for a preliminary injunction. Staff attorneys for the Commission filed the complaint in this matter on December 12, 2001, after being authorized to do so by the Commission. The complaint alleged that the merger agreement violated Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45 (1995) ("FTCA"), and Section 7 of the Clayton Act, 15 U.S.C. § 21 (1995) ("Clayton Act"). On January 21, 2002, defendants amended the terms of the proposed merger, effectively abandoning the original proposed merger.[1] Consequently, the staff attorneys for the Commission filed an amended complaint alleging that the amended merger proposed on January 21, 2002, violated the same sections of the FTCA and the Clayton Act.

However, it is unclear from the amended complaint and the entire record whether it was filed with the authorization of the Commission. 15 U.S.C § 53(b) (1995) provides that:

---

[1] This is a conclusion already reached by the Court and the Court will not entertain further argument on this point. Thus, counsel are advised not to submit or propose to submit additional pleadings on this issue.

> (b) Temporary restraining orders; preliminary injunctions
>
> Whenever the <u>Commission</u> has reason to believe--
>
> **(1)** that any person, partnership, or corporation is violating, or is about to violate, any provision of law enforced by the Federal Trade Commission, and
>
> **(2)** that the enjoining thereof pending the issuance of a complaint by the Commission and until such complaint is dismissed by the Commission or set aside by the court on review, or until the order of the Commission made thereon has become final, would be in the interest of the public--
>
> <u>the Commission by any of its attorneys designated by it for such purpose may bring suit in a district court of the United States to enjoin any such act or practice.</u>

(emphasis added). The Court construes 15 U.S.C § 53(b) to require the Commission's authorization before its staff attorneys file an action challenging a proposed merger.[2] In other words, it is the Commission's affirmative decision to challenge a proposed merger that triggers the Court's jurisdiction to consider the legality of a proposed merger. <u>Gordon v. National Youth Work Alliance</u>, 675 F.2d 356, 363 n. 11 (D.C.Cir.1982) (The Court held that a court may, <u>sua sponte</u>, inquire into the basis for its jurisdiction); <u>Save the Bay, Inc. v. U. S. Army</u>, 639 F.2d 1100, 1102 (5th Cir. 1981) (holding that it is incumbent upon federal trial courts to constantly examine the basis of jurisdiction, doing so on its own motion if necessary).

Accordingly, it is this ___ day of March, 2002, hereby ORDERED that counsel for the Commission advise the Court in writing by 5:00 p.m., April 2, 2002, whether the Commission authorized a challenge of the proposed amended merger agreement.

SO ORDERED.

---

[2] It is the Court's view that the Commission must similarly have authorized a challenge of the revised merger agreement for the Court to have jurisdiction over a challenge of it.

*[signature: Reggie B. Walton]*

REGGIE B. WALTON
United States District Judge

copies to

Rhett R. Krulla
601 Pennsylvania Avenue, N.W.
Suite 3102
Washington, D.C. 20004

Steven H. Schulman
LATHAM & WATKINS
555 11th Street, N.W.
Suite 1000
Washington, D.C. 20004

E. Marcellus Williamson
LATHAM & WATKINS
555 11th Street, N.W.
Suite 1000
Washington, D.C. 20004

Richard C. Weisberg
512 Prescott Road
Merion, Pennsylvania 19066

William S. D'Amico
Chadbourne & Parke
1200 New Hampshire Avenue, N.W.
Washington, D.C. 20036