# Exhibit H

to the Declaration of Mark C. Hansen in Support of Facebook, Inc.'s Motion to Dismiss the FTC's Amended Complaint in *Federal Trade Commission v. Facebook, Inc.*
Case No. 1:20-cv-03590-JEB (D.D.C.)



# FTC Alleges Facebook Resorted to Illegal Buy-or-Bury Scheme to Crush Competition After String of Failed Attempts to Innovate

August 19, 2021

## Agency's amended complaint details how the monopolist survived existential threats by illegally acquiring innovative competitors and burying successful app developers

Share This Page

FOR RELEASE

TAGS:   Big Data  |  Technology  |  Bureau of Competition  |  Competition  |  Merger  |  Nonmerger  |  Single Firm Conduct  |  Unfair Methods of Competition

Today, the Federal Trade Commission filed an amended complaint against Facebook in the agency's ongoing federal antitrust case. The complaint alleges that after repeated failed attempts to develop innovative mobile features for its network, Facebook instead resorted to an illegal buy-or-bury scheme to maintain its dominance. It unlawfully acquired innovative competitors with popular mobile features that succeeded where Facebook's own offerings fell flat or fell apart. And to further moat its monopoly, Facebook lured app developers to the platform, surveilled them for signs of success, and then buried them when they became competitive threats. Lacking serious competition, Facebook has been able to hone a surveillance-based advertising model and impose ever-increasing burdens on its users.

"Facebook lacked the business acumen and technical talent to survive the transition to mobile. After failing to compete with new innovators, Facebook illegally bought or buried them when their popularity became an existential threat," said Holly Vedova, FTC Bureau of Competition Acting Director. "This conduct is no less anticompetitive than if Facebook had bribed emerging app competitors not to compete. The antitrust laws were enacted to prevent precisely this type of illegal activity by monopolists. Facebook's actions have suppressed innovation and product quality improvements. And they have degraded the social network experience, subjecting users to lower levels of privacy and data protections and more intrusive ads. The FTC's action today seeks to put an end to this illegal activity and restore competition for the benefit of Americans and honest businesses alike."

The FTC filed the amended complaint today in the U.S. District Court for the District of Columbia, following the court's June 28 ruling on the FTC's initial complaint. The amended complaint includes additional data and evidence to support

the FTC's contention that Facebook is a monopolist that abused its excessive market power to eliminate threats to its dominance.

According to the amended complaint, a critical transition period in the history of the internet, and in Facebook's history, was the emergence of smartphones and the mobile Internet in the 2010s. Facebook's CEO, Mark Zuckerberg, recognized at the time that "we're vulnerable in mobile" and a major shareholder worried that Facebook's mobile weakness "ran the risk of the unthinkable happening - being eclipsed by another network[.]"

After suffering significant failures during this critical transition period, Facebook found that it lacked the business talent and engineering acumen to quickly and successfully integrate its outdated desktop-based technology to the new era of mobile-first communication. Unable to maintain its monopoly or its advertising profits by fairly competing, Facebook's executives addressed this existential threat by buying up the new mobile innovators, including its rival Instagram in 2012 and mobile messaging app WhatsApp in 2014, who had succeeded where Facebook had failed. The company supplemented its anticompetitive shopping spree with an open-first-close-later scheme that helped cement its monopoly by severely hampering the ability of rivals and would-be rivals to compete on the merits. By anticompetitively cementing its personal social networking monopoly, Facebook has harmed the competitive process and limited consumer choice.

As described in the amended complaint, after starting Facebook Platform as an open space for third party software developers, Facebook abruptly reversed course and required developers to agree to conditions that prevented successful apps from emerging as competitive threats to Facebook. By pulling this bait and switch on developers, Facebook insulated itself from competition during a critical period of technological change. Developers that had relied on Facebook's open-access policies were crushed by new limits on their ability to interoperate. Facebook's conduct not only harmed developers such as Circle and Path, but also deprived consumers of promising and disruptive mavericks that could have forced Facebook to improve its own products and services.

The amended complaint bolsters the FTC's monopoly power allegations by providing detailed statistics showing that Facebook had dominant market shares in the U.S. personal social networking market. The suit also provides new direct evidence that Facebook has the power to control prices or exclude competition; significantly reduce the quality of its offering to users without losing a significant number of users or a meaningful amount of user engagement; and exclude competition by driving actual or potential competitors out of business.

Facebook's dominant position is also protected by significant barriers to entry, including high switching costs.  Over time, users of a personal social network build more connections and develop a history of posts and shared experiences, which they cannot easily transfer to another personal social networking provider.

Other significant barriers to entry include user-to-user effects, known as network effects, which make a personal social network more valuable as more users join the service. As the amended complaint notes, it is very difficult for a new entrant to displace an established personal social network in which users' friends and family already participate.

According to the amended complaint, Facebook continues to monitor the industry for competitive threats to its personal social networking monopoly. Facebook is likely to impose anticompetitive conditions on access to its platform and seek to acquire companies it perceives as potential threats, especially when it next faces "acute competitive pressures from a period of technological transition," the amended complaint alleges.

The FTC's Office of General Counsel carefully reviewed Facebook's petition to recuse Chair Lina M. Khan. As the case will be prosecuted before a federal judge, the appropriate constitutional due process protections will be provided to the company. The Office of the Secretary has dismissed the petition.

The Commission vote to authorize staff to file the amended complaint in the U.S. District Court for the District of Columbia was 3-2. Commissioner Christine Wilson also issued a dissenting statement.

The Federal Trade Commission works to promote competition, and protect and educate consumers. You can learn more about how competition benefits consumers or file an antitrust complaint.  For the latest news and resources, follow the FTC on social media, subscribe to press releases and read our blog.

9/23/21, 3:58 PM    Case Alleges Facebook Resorted to Illegal Buy-or-Bury Scheme to Crush Competition After String of Failed Attempts to Innovate | …

Case 1:20-cv-03590-JEB   Document 83-10   Filed 10/04/24   Page 4 of 4

**PRESS RELEASE REFERENCE:**

[FTC Sues Facebook for Illegal Monopolization](#)

# Contact Information

**MEDIA CONTACT:**

[Betsy Lordan](#)
*Office of Public Affairs*
202-326-3707



ftc.gov