IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,

        Plaintiff,

        v.

META PLATFORMS, INC.,

        Defendant.

Case No.: 1:20-cv-03590-JEB

**META PLATFORMS, INC.'S ANSWER AND DEFENSES TO
FTC'S SUBSTITUTE FIRST AMENDED COMPLAINT
FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF**

Pursuant to Federal Rule of Civil Procedure 12(a), Defendant Meta Platforms, Inc. ("Meta"), by and through its undersigned counsel, submits its Answer and Defenses to the FTC's Substitute First Amended Complaint for Injunctive and Other Equitable Relief ("Complaint") in the above-captioned action as follows:

## ANSWER

Each paragraph below corresponds to the same-numbered paragraph in the Complaint. All allegations not expressly admitted are denied. Meta does not interpret the headings in the Complaint as well-pleaded allegations to which any response is required. To the extent a response is required to the headings, Meta denies all such allegations in the headings. Unless otherwise defined, capitalized terms refer to the capitalized terms defined in the Complaint, but any such use is not an acknowledgment or admission of any characterization the FTC may ascribe to the terms.

1.      Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents. The allegation referring to "regular users" is vague and imprecise, and Meta therefore denies the allegation on that basis. Meta denies the remaining allegations of Paragraph 1.

2.      Meta admits that the Facebook application and website is sometimes referenced internally as "Facebook Blue" and has more than the number of monthly active users in the United States alleged by the FTC as of the date of filing the Complaint and that Instagram has more than the number of monthly active users alleged by the FTC as of the date of filing the Complaint. Meta lacks knowledge or information sufficient to form a belief as to the truth of whether Snapchat has tens of millions fewer monthly users than either Facebook Blue or

Instagram and therefore denies that allegation.  Meta denies the remaining allegations of Paragraph 2.

3.      Meta admits that its 2020 revenues were more than $85 billion and that its 2020 profits were more than $29 billion.  Meta denies the remaining allegations of Paragraph 3.

4.      Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 4.

5.      Meta admits that its success over the long term depends, *inter alia*, on its ability to anticipate and adapt to periods of technological transition.  Meta denies the remaining allegations of Paragraph 5.

6.      Meta admits that smartphones allowed people to "connect on the go" and that startups like Instagram and WhatsApp received venture capital and other funding.  The allegation that "[t]he emergence of these technologies fundamentally disrupted the digital economy" is vague and imprecise, and Meta denies the allegation on that basis.  Meta denies the remaining allegations of Paragraph 6.

7.      Meta admits that the quoted words appear in testimony that Meta provided to the FTC and respectfully refers the Court to the complete testimony for an accurate and complete statement of its contents.  Meta denies the remaining allegations of Paragraph 7.

8.      No response to Paragraph 8 is required because the Court has held that it will not allow the FTC's allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 8 as irrelevant to the case to the extent a response is required.

9.      No response to the allegations in Paragraph 9 regarding the Facebook Platform is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2. To avoid any doubt, Meta denies such allegations in Paragraph 9 as irrelevant to the case to the extent a response is required.  Meta denies the remaining allegations of Paragraph 9.

10.     Meta denies the allegations of Paragraph 10.

11.     Meta admits that it monitors competitive threats.  Meta denies the remaining allegations of Paragraph 11.

12.     Paragraph 12 purports to state conclusions of law to which no response is required.  To the extent a response is required, Meta admits that this is an action purportedly arising under Acts of Congress.  Meta denies the remaining allegations of Paragraph 12.

13.     Paragraph 13 purports to state conclusions of law to which no response is required.  To the extent a response is required, for purposes of the current action, Meta does not contest that this Court has personal jurisdiction over Meta.

14.     Paragraph 14 purports to state conclusions of law to which no response is required.  To the extent a response is required, Meta denies the allegations of Paragraph 14.

15.     Paragraph 15 purports to state conclusions of law to which no response is required.  To the extent a response is required, Meta admits that, at all relevant times, it has been a corporation.

16.     Paragraph 16 purports to state conclusions of law to which no response is required.  To the extent a response is required, for purposes of this current action, Meta does not contest that venue in this district is proper.

17.     Paragraph 17 purports to state conclusions of law to which no response is required.  To the extent a response is required, Meta admits the allegations of Paragraph 17 but denies that the FTC is authorized under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), to proceed in this case.

18.     Paragraph 18 purports to state conclusions of law to which no response is required.  To the extent a response is required, Meta denies the allegations of Paragraph 18.

19.     Meta admits that it is a publicly traded, for-profit company incorporated in Delaware and with its principal place of business at 1601 Willow Road, Menlo Park, CA 94025; that its businesses include technologies that facilitate digital interactions and communications, the Facebook application and website (sometimes referred to as Facebook Blue), Facebook Messenger, Instagram, and WhatsApp; that Facebook Messenger provides mobile messaging services; and that WhatsApp provides mobile messaging services.  Meta denies the remaining allegations of Paragraph 19.

20.     Meta admits that the widespread use of personal computers and internet connectivity enabled a new way of connecting and communicating with other people.  Meta denies the remaining allegations of Paragraph 20.

21.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 21.

22.     Meta denies the allegations of Paragraph 22.

23.     Meta admits that, in February 2004, Mr. Zuckerberg and his college classmates launched Thefacebook, that it was first made available to their school and then expanded to other colleges, and that it became available to members of the general public in 2006.  The allegations

referring to "quickly expanded," "rapid uptake," and "substantial private investment" are vague and imprecise, and Meta therefore denies the allegations on that basis.  Meta denies the remaining allegations of Paragraph 23.

24.     Meta denies the allegations of Paragraph 24.

25.     No response to Paragraph 25 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 25 as irrelevant to the case to the extent a response is required.

26.     No response to Paragraph 26 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 26 as irrelevant to the case to the extent a response is required.

27.     No response to Paragraph 27 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 27 as irrelevant to the case to the extent a response is required.

28.     No response to Paragraph 28 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 28 as irrelevant to the case to the extent a response is required.

29.     No response to Paragraph 29 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform

policies) to move forward."  Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 29 as irrelevant to the case to the extent a response is required.

30.     No response to Paragraph 30 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 30 as irrelevant to the case to the extent a response is required.

31.     No response to Paragraph 31 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 31 as irrelevant to the case to the extent a response is required.

32.     No response to Paragraph 32 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 32 as irrelevant to the case to the extent a response is required.

33.     No response to Paragraph 33 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 33 as irrelevant to the case to the extent a response is required.

34.     No response to Paragraph 34 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 34 as irrelevant to the case to the extent a response is required.

35.     No response to Paragraph 35 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 35 as irrelevant to the case to the extent a response is required.

36.     No response to Paragraph 36 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 36 as irrelevant to the case to the extent a response is required.

37.     No response to Paragraph 37 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 37 as irrelevant to the case to the extent a response is required.

38.     No response to Paragraph 38 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 38 as irrelevant to the case to the extent a response is required.

39.     No response to Paragraph 39 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 39 as irrelevant to the case to the extent a response is required.

40.     No response to Paragraph 40 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform

policies) to move forward."  Opinion at 2.  To avoid any doubt, Meta denies the allegations of

Paragraph 40 as irrelevant to the case to the extent a response is required.

41.     No response to Paragraph 41 is required because the Court has held that it will not

allow allegations surrounding Meta's "interoperability policies (also known as the Platform

policies) to move forward."  Opinion at 2.  To avoid any doubt, Meta denies the allegations of

Paragraph 41 as irrelevant to the case to the extent a response is required.

42.     No response to Paragraph 42 is required because the Court has held that it will not

allow allegations surrounding Meta's "interoperability policies (also known as the Platform

policies) to move forward."  Opinion at 2.  To avoid any doubt, Meta denies the allegations of

Paragraph 42 as irrelevant to the case to the extent a response is required.

43.     Meta admits that the quoted words appear in documents that Meta produced to the

FTC and respectfully refers the Court to the documents for an accurate and complete statement

of their contents.  Meta further admits that it grew following 2006 and that internal documents

contain various estimates as to monthly active users and minutes of use.  Because Paragraph 43

does not specify the documents to which it purportedly refers, Meta is unable to admit or deny

the alleged contents of those documents and therefore denies those allegations.  Meta lacks

knowledge or information sufficient to form a belief as to the truth of the allegations regarding

MySpace and therefore denies those allegations.  Meta denies the remaining allegations of

Paragraph 43.

44.     No response to Paragraph 44 is required because the Court has held that it will not

allow allegations surrounding Meta's "interoperability policies (also known as the Platform

policies) to move forward."  Opinion at 2.  To avoid any doubt, Meta denies the allegations of

Paragraph 44 as irrelevant to the case to the extent a response is required.

45.     Meta admits that it sells advertising.  Meta denies the remaining allegations of Paragraph 45.

46.     Meta admits that its advertising revenue was approximately $84 billion in 2020, that ads are displayed to Facebook and Instagram users, that proprietary algorithms are used to analyze data, and that advertisers can customize campaigns and messages to different groups of users.  Meta denies the remaining allegations of Paragraph 46.

47.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 47.

48.     Meta denies the allegations of Paragraph 48.

49.     Meta admits that display advertising refers to the display of advertisements in the form of images, text, or videos on websites or apps.  Meta denies the remaining allegations of Paragraph 49.

50.     Meta denies the allegations of Paragraph 50.

51.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 51.

52.     Meta admits that its advertising business is profitable.  Meta further admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 52.

53.     Meta admits that the widespread adoption of smartphones marked a significant change in the way that people consumed digital services.  Meta lacks knowledge or information

sufficient to form a belief as to the remaining allegations of Paragraph 53 and therefore denies those allegations.

54.     Meta admits that smartphones opened up opportunities for new businesses, that smartphones are portable, and that in some instances smartphones have integrated digital cameras.  Meta lacks knowledge or information sufficient to form a belief as to the truth of the statement attributed to Kevin Systrom and therefore denies that allegation.  The remaining allegations of Paragraph 54 are vague and imprecise, and Meta therefore denies the allegations on that basis.

55.     Meta lacks knowledge or information sufficient to form a belief as to the truth of the statements attributed to Mr. Systrom and therefore denies those allegations.  Meta denies the remaining allegations of Paragraph 55.

56.     Meta admits that smartphones facilitated mobile messaging, including (i) text messaging via short-message-service or multimedia-message-service protocols, and (ii) text messaging via internet-based, over-the-top ("OTT") mobile messaging apps.  Meta further admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 56 and therefore denies those allegations.

57.     Meta admits that OTT mobile messaging services generally have not charged a per-message fee and that some OTT mobile messaging services provide features for sharing content and the option to create persistent groups.  Meta lacks knowledge or information sufficient to form a belief as to the truth of the statement attributed to Jan Koum and therefore denies the allegation.  Meta denies the remaining allegations of Paragraph 57.

58.     Meta admits that Meta had a Facebook mobile website in January 2007, launched its first native Facebook iPhone app in July 2008, and launched its first native Facebook Android app in September 2009.  Meta further admits that Meta's Faceweb project, which began in 2010, involved rewriting its native applications in HTML.  Meta further admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 58.

59.     Meta admits that the quoted words appear in testimony that Meta provided to the FTC and respectfully refers the Court to the complete testimony for an accurate and complete statement of its contents.  Meta denies the remaining allegations of Paragraph 59.

60.     Meta admits that competitors could offer an advertisement-free business model and that WhatsApp was an OTT mobile messaging app that pursued an advertising-free business model.  Meta denies the remaining allegations of Paragraph 60.

61.     Meta admits that the quoted words appear in testimony that Meta provided to the FTC and respectfully refers the Court to the complete testimony for an accurate and complete statement of its contents.  Meta denies the remaining allegations of Paragraph 61.

62.     Meta admits that, from 2010-2014, consumers increasingly used mobile devices to consume digital services.  Meta denies the remaining allegations of Paragraph 62.

63.     Meta denies the allegations of Paragraph 63.

64.     Meta admits that it offered to acquire Snapchat.  Meta further admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 64.

65.     Meta denies the allegations of Paragraph 65.

66.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 66.

67.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 67.

68.     Meta denies the allegations of Paragraph 68.

69.     Meta admits that it acquired Onavo in 2013.  Meta further admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 69.

70.     Meta admits that, in October 2013, Meta acquired Onavo and that, afterwards, certain Onavo business customers were informed that their service would be terminated in approximately six days.  Meta lacks knowledge or information sufficient to form a belief as to the truth of whether Onavo customers "expressed their frustration" and therefore denies the allegation.  Meta denies the remaining allegations of Paragraph 70.

71.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 71.

72.     Meta admits that Onavo data was one source used to assess certain potential acquisitions, including WhatsApp and tbh, and that tbh was ultimately discontinued as a separate application.  Meta lacks knowledge or information sufficient to form a belief as to the truth of the

allegations as to tbh's daily users or popularity among teens in 2017 and therefore denies those allegations.  Meta denies the remaining allegations of Paragraph 72.

73.     Meta admits that Onavo was discontinued as a separate application in 2019 and that Meta evaluates potential competitive threats using other data.  Meta denies the remaining allegations of Paragraph 73.

74.     Meta admits that, in 2008, it licensed contact importing services from a company called Octazen and that contact importing services pull and format the contacts in a user's digital address book for use in a website or app.  Meta further admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 74.

75.     Meta admits that an application called Glancee used geolocation services to help users meet new people, that the app was discontinued as a separate application, and that Meta launched a location-based service on the Facebook application that allowed Facebook users to know when their existing Facebook friends who turned on this feature were nearby.  Meta further admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 75.

76.     Meta admits that EyeGroove was an application that allowed users to create and share music videos with augmented reality effects.  Meta denies the remaining allegations of Paragraph 76.

77.     Meta denies the allegations of Paragraph 77.

78.     Meta denies the allegations of Paragraph 78.

79.     No response to Paragraph 79 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 79 as irrelevant to the case to the extent a response is required.

80.     Meta admits that Instagram launched for iOS devices in October 2010.  Meta denies the remaining allegations of Paragraph 80.

81.     Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Instagram's number of users while available only on Apple devices and therefore denies those allegations.  Meta denies the remaining allegations of Paragraph 81.

82.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 82.

83.     Meta admits that it dedicated resources to developing its own camera app, code-named "Snap."  Meta further admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 83.

84.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 84.

85.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 85.

86.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 86.

87.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 87.

88.     Meta admits that, by February 2012, Mr. Zuckerberg suggested that Meta should consider moving to acquire Instagram.  Meta further admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 88.

89.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 89.

90.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 90.

91.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 91.

92.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.

93.     Meta admits that Ms. Sandberg and other senior managers received an email that Ms. Sandberg forwarded to Mr. Zuckerberg.  Meta further admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 93.

94.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 94.

95.     Meta admits that it announced on April 9, 2012 that it had reached an agreement to acquire Instagram and that the acquisition was Meta's most expensive acquisition as of that date.  Meta further admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 95.

96.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 96.

97.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 97.

98.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 98.

99.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 99.

100.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 100.

101.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 101.

102.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 102.

103.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 103.

104.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 104.

105.     Meta denies the allegations of Paragraph 105.

106.     Meta denies the allegations of Paragraph 106.

107.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 107.

108.    Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 108.

109.    Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 109.

110.    Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 110.

111.    Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 111.

112.    Meta admits that Mr. Zuckerberg recognized the strategic value of mobile messaging services as popular and important services.  Meta further admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 112.

113.    Meta admits that WhatsApp was launched in 2009 and that, by February 2014, WhatsApp had more than 450 million monthly active users worldwide.  Meta lacks knowledge or information sufficient to form a belief as to the truth of WhatsApp's rate of growth by February 2014 and therefore denies that allegation.  Meta further admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the

documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 113.

114.    Meta admits that Apple's iMessage app is confined to the iOS operating system on Apple devices and that WhatsApp was available on major smartphone operating systems. Meta further admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 114.

115.    Meta admits that, by fall 2011, it had launched the Facebook Messenger application, and that Facebook Messenger was an application that offered OTT mobile messaging services.  Meta further admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 115.

116.    Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 116.

117.    Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 117.

118.    Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 118.

119.    Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 119.

120.    Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 120.

121.    Meta admits that it reached out to WhatsApp about a potential acquisition in February 2014 and that Meta announced that it had reached an agreement to buy WhatsApp on February 19, 2014.  Meta denies the remaining allegations of Paragraph 121.

122.    Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 122.

123.    Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 123.

124.    Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 124.

125.    Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.

126.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 126.

127.     Meta admits that the quoted phrase appears in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 127.

128.     Meta denies the allegations of Paragraph 128.

129.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 129.

130.     No response to Paragraph 130 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 130 as irrelevant to the case to the extent a response is required.

131.     No response to Paragraph 131 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 131 as irrelevant to the case to the extent a response is required.

132.     No response to Paragraph 132 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 132 as irrelevant to the case to the extent a response is required.

133.    No response to Paragraph 133 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 133 as irrelevant to the case to the extent a response is required.

134.    No response to Paragraph 134 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 134 as irrelevant to the case to the extent a response is required.

135.    No response to Paragraph 135 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 135 as irrelevant to the case.

136.    No response to Paragraph 136 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 136 as irrelevant to the case.

137.    No response to Paragraph 137 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 137 as irrelevant to the case.

138.    No response to Paragraph 138 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform

policies) to move forward." Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 138 as irrelevant to the case.

139.    No response to Paragraph 139 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 139 as irrelevant to the case.

140.    No response to Paragraph 140 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 140 as irrelevant to the case.

141.    No response to Paragraph 141 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 141 as irrelevant to the case.

142.    No response to Paragraph 142 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 142 as irrelevant to the case.

143.    No response to Paragraph 143 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 143 as irrelevant to the case.

144.    No response to Paragraph 144 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 144 as irrelevant to the case.

145.    No response to Paragraph 145 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 145 as irrelevant to the case.

146.    No response to Paragraph 146 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 146 as irrelevant to the case.

147.    No response to Paragraph 147 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 147 as irrelevant to the case.

148.    No response to Paragraph 148 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 148 as irrelevant to the case.

149.    No response to Paragraph 149 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform

policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 149 as irrelevant to the case.

150. No response to Paragraph 150 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 150 as irrelevant to the case.

151. No response to Paragraph 151 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 151 as irrelevant to the case.

152. No response to Paragraph 152 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 152 as irrelevant to the case.

153. No response to Paragraph 153 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 153 as irrelevant to the case.

154. No response to Paragraph 154 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 154 as irrelevant to the case.

155.    No response to Paragraph 155 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 155 as irrelevant to the case.

156.    No response to Paragraph 156 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 156 as irrelevant to the case.

157.    No response to Paragraph 157 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 157 as irrelevant to the case.

158.    No response to Paragraph 158 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 158 as irrelevant to the case.

159.    No response to Paragraph 159 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 159 as irrelevant to the case.

160.    No response to Paragraph 160 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform

policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 160 as irrelevant to the case.

161.    No response to Paragraph 161 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 161 as irrelevant to the case.

162.    No response to Paragraph 162 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 162 as irrelevant to the case.

163.    No response to Paragraph 163 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward." Opinion at 2. To avoid any doubt, Meta denies the allegations of Paragraph 163 as irrelevant to the case.

164.    Meta denies the allegations of Paragraph 164.

165.    Meta denies the allegations of Paragraph 165.

166.    Meta denies the allegations of Paragraph 166.

167.    Meta denies the allegations of Paragraph 167.

168.    Meta denies the allegations of Paragraph 168.

169.    Meta denies the allegations of Paragraph 169.

170.    Meta denies the allegations of Paragraph 170.

171.    Meta denies the allegations of Paragraph 171.

172.    Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 172.

173.    The allegations referring to "connect[ing] with friends and family" and how services are "primarily" used are vague and imprecise, and Meta therefore denies the allegations on that basis.  Meta denies the remaining allegations of Paragraph 173.

174.    The allegations referring to "connecting friends and family," how services are "primarily" used, on what services "focus," and "connecting users with friends and family" are vague and imprecise, and Meta therefore denies the allegations on that basis.  Meta denies the remaining allegations of Paragraph 174.

175.    The allegations referring to how services are "primarily" used are vague and imprecise, and Meta therefore denies the allegations on that basis.  Meta denies the remaining allegations of Paragraph 175.

176.    The allegations referring to how TikTok is "primarily" used and what "purpose" users employ it are vague and imprecise, and Meta therefore denies the allegations on that basis.  Meta denies the remaining allegations of Paragraph 176.

177.    Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 177.

178.    Meta admits that the quoted words appear in documents or testimony that Meta provided to the FTC and respectfully refers the Court to the documents and full testimony for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 178.

179.     Meta denies the allegations of Paragraph 179.

180.     Meta denies the allegations of Paragraph 180.

181.     Meta denies the allegations of Paragraph 181.

182.     Meta admits that Comscore is a commercially available data source and respectfully refers the Court to Comscore analyses for an accurate and complete recitation of their contents.  Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the accuracy of any Comscore analyses, respectfully refers the Court to the disclaimer cited in the Amended Complaint (at 81 n.1), and therefore denies those allegations.  Meta denies the remaining allegations of Paragraph 182.

183.     Meta admits that, since the closing of the 2012 acquisition, it has controlled the Instagram application.  Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the accuracy of any Comscore analyses, respectfully refers the Court to the disclaimer cited in the Amended Complaint (at 81 n.1), and therefore denies those allegations.  Meta denies the remaining allegations of Paragraph 183.

184.     Meta admits that Snapchat offered "ephemeral" messages that are available for only a short time before becoming inaccessible and that Snapchat has added features over time. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the Snapchat application was launched in 2011, and therefore denies that allegation.  Meta denies the remaining allegations of Paragraph 184.

185.     Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the accuracy of any Comscore analyses, respectfully refers the Court to the disclaimer cited in the Amended Complaint (at 81 n.1), and therefore denies those allegations of Paragraph 185.

186.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations that the MeWe application was launched in 2016, that MeWe did not have advertising, and that it charged users for certain features, and therefore denies those allegations. Meta further lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the accuracy of any Comscore analyses, respectfully refers the Court to the disclaimer cited in the Amended Complaint (at 81 n.1), and therefore denies those allegations. Meta denies the remaining allegations of Paragraph 186.

187.    Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Google launched Google+ in June 2011 and therefore denies that allegation. Meta denies the remaining allegations of Paragraph 187.

188.    Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Google "ultimately shuttered" Google+ in 2019 and therefore denies that allegation.  Meta denies the remaining allegations of Paragraph 188.

189.    Meta admits that Facebook launched in the mid-2000s and that Path launched after Facebook was launched.  Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Google+, Orkut, and Path failed to attract a mass of users sufficient to sustain the product and that the Orkut and Path applications were discontinued by the end of 2018, and therefore denies those allegations.  Meta denies the remaining allegations of Paragraph 189.

190.    Meta denies the allegations of Paragraph 190.

191.    Meta denies the allegations of Paragraph 191.

192.    Meta denies the allegations of Paragraph 192.

193.    Meta admits that, in the ordinary course of business, its executives and investors have used measures of active user base including DAUs, MAUs, and the amount of time spent by users as common units of measure, but denies that any of those measures relates or refers to "personal social networking."  Meta denies the remaining allegations of Paragraph 193.

194.    Meta admits that Meta's internal presentations from time to time assessed the performance of Facebook and Instagram using time spent per month, MAUs, and DAUs, and that Meta from time to time reviews reported metrics for some other products.  Meta further admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 194.

195.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Snapchat and Google and therefore deny those allegations.  Meta denies the remaining allegations of Paragraph 195.

196.    Meta admits that commercial data sources purport to track the usage of online services in the United States, including metrics like MAUs, DAUs, and time spent, that Comscore is a commercial data provider, and that Meta reviews certain Comscore data.  Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Comscore's operations and the use made of Comscore data by industry participants and observers, and therefore denies those allegations.  Meta denies the remaining allegations of Paragraph 196.

197.     Meta admits that multiple internal Meta presentations cite Comscore statistics. Meta denies the remaining allegations of Paragraph 197.

198.     Meta denies the allegations of Paragraph 198.

199.     Meta denies the allegations of Paragraph 199.

200.     Meta denies the allegations of Paragraph 200.

201.     Meta denies the allegations of Paragraph 201.

202.     Meta denies the allegations of Paragraph 202.

203.     Meta admits that the quoted words appear in the cited reports and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies that any such report refers or relates to an alleged "personal social networking market" and therefore denies the remaining allegations of Paragraph 203 on that basis.

204.     Meta admits that DAUs and MAUs do not reflect a person's intensity of use within a day (for DAUs) or within a month (for MAUs).  Meta denies the remaining allegations of Paragraph 204.

205.     Meta denies the allegations of Paragraph 205.

206.     Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 206.

207.     Meta admits that Meta and the FTC agreed to consent orders in 2012 and 2019, and respectfully refers the Court to the orders for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 207.

208.     Meta admits that, in 2020, Meta generated approximately $29 billion in profits worldwide on approximately $85 billion in revenue and that, in the fourth quarter of 2020, Meta

reported its average revenue per user ("ARPU") was $53.56 in the United States and Canada. Meta lacks knowledge or information sufficient to form a belief as to the allegations regarding its relative size or profitability and therefore denies those allegations.  Meta denies the remaining allegations of Paragraph 208.

209.    Meta admits that Snapchat has reported financial results and respectfully refers the Court to the public reports for an accurate and complete statement of their contents.  Meta lacks knowledge or information sufficient to form a belief as to whether Snapchat has ever recorded a profit and therefore denies that allegation.  Meta denies the remaining allegations of Paragraph 209.

210.    No response to Paragraph 210 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 210 as irrelevant to the case to the extent a response is required.

211.    No response to Paragraph 211 is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2.  To avoid any doubt, Meta denies the allegations of Paragraph 211 as irrelevant to the case to the extent a response is required.

212.    Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 212.

213.    Meta admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 213.

214.    Meta denies the allegations of Paragraph 214.

215.    Meta admits that the number of Facebook friends per monthly active Facebook application user (measured on the first day of each month) in the United States increased by the number alleged by the FTC from January 2009 to October 2019.  Meta denies the remaining allegations of Paragraph 215.

216.    Meta admits that, from 2012 to 2018, Facebook's average number of videos posted per MAU increased by approximately the number alleged by the FTC.  Meta further admits that the quoted words appear in documents that Meta produced to the FTC and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta denies the remaining allegations of Paragraph 216.

217.    No response to the allegations in Paragraph 217 regarding the Facebook Platform is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2. To avoid any doubt, Meta denies such allegations in Paragraph 217 as irrelevant to the case to the extent a response is required.  Meta denies the remaining allegations of Paragraph 217.

218.    No response to the allegations in Paragraph 218 regarding the Facebook Platform is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2. To avoid any doubt, Meta denies such allegations in Paragraph 218 as irrelevant to the case to the extent a response is required.  Meta denies the remaining allegations of Paragraph 218.

219.    No response to the allegations in Paragraph 219 regarding the Facebook Platform is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2.

To avoid any doubt, Meta denies such allegations in Paragraph 219 as irrelevant to the case to the extent a response is required.  Meta denies the remaining allegations of Paragraph 219.

220.    No response to the allegations in Paragraph 220 regarding the Facebook Platform is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2. To avoid any doubt, Meta denies such allegations in Paragraph 220 as irrelevant to the case to the extent a response is required.  Meta denies the remaining allegations of Paragraph 220.

221.    The allegations regarding "some or all of the following ways" in which competition benefits users are abstract, speculative, vague, unfounded, and imprecise, and Meta accordingly denies the allegations of Paragraph 221.  Meta denies the remaining allegations of Paragraph 221.

222.    Meta denies the allegations of Paragraph 222.

223.    Meta denies the allegations of Paragraph 223.

224.    Meta denies the allegations of Paragraph 224.

225.    Meta denies the allegations of Paragraph 225.

226.    Meta denies the allegations of Paragraph 226.

227.    Meta denies the allegations of Paragraph 227.

228.    The allegations regarding "benefits to advertisers of additional competition" are abstract, speculative, vague, unfounded, and imprecise, and Meta accordingly denies the allegations.  Meta denies the remaining allegations of Paragraph 228.

229.    Meta denies the allegations of Paragraph 229.

230.    Meta incorporates its responses to Paragraphs 1 through 229 of the Amended Complaint as if fully set forth herein.

231.    Meta denies the allegations of Paragraph 231.

232.    Meta denies the allegations of Paragraph 232.

233.    Meta denies the allegations of Paragraph 233.

234.    Meta denies the allegations of Paragraph 234.

235.    Meta denies the allegations of Paragraph 235.

236.    Meta incorporates its responses to Paragraphs 1 through 229 of the Amended

Complaint as if fully set forth herein.

237.    Meta denies the allegations of Paragraph 237.

238.    No response to the allegations in Paragraph 238 regarding the Facebook Platform

is required because the Court has held that it will not allow allegations surrounding Meta's

"interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2.

To avoid any doubt, Meta denies such allegations in Paragraph 238 as irrelevant to the case to

the extent a response is required.  Meta denies the remaining allegations of Paragraph 238.

239.    No response to the allegations in Paragraph 239 regarding the Facebook Platform

is required because the Court has held that it will not allow allegations surrounding Meta's

"interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2.

To avoid any doubt, Meta denies such allegations in Paragraph 239 as irrelevant to the case to

the extent a response is required.  Meta denies the remaining allegations of Paragraph 239.

240.    No response to the allegations in Paragraph 240 regarding the Facebook Platform

is required because the Court has held that it will not allow allegations surrounding Meta's

"interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2.

To avoid any doubt, Meta denies such allegations in Paragraph 240 as irrelevant to the case to

the extent a response is required.  Meta denies the remaining allegations of Paragraph 240.

241.    No response to the allegations in Paragraph 241 regarding the Facebook Platform is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2. To avoid any doubt, Meta denies such allegations in Paragraph 241 as irrelevant to the case to the extent a response is required.  Meta denies the remaining allegations of Paragraph 241.

242.    No response to the allegations in Paragraph 242 regarding the Facebook Platform is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2. To avoid any doubt, Meta denies such allegations in Paragraph 242 as irrelevant to the case to the extent a response is required.  Meta denies the remaining allegations of Paragraph 242.

243.    No response to the allegations in Paragraph 243 regarding the Facebook Platform is required because the Court has held that it will not allow allegations surrounding Meta's "interoperability policies (also known as the Platform policies) to move forward."  Opinion at 2. To avoid any doubt, Meta denies such allegations in Paragraph 243 as irrelevant to the case to the extent a response is required.  Meta denies the remaining allegations of Paragraph 243.

The FTC's request for relief purports to state a prayer for relief to which no response is required.  To the extent a response is required, Meta denies the allegations and requests for relief of this Paragraph and denies that the FTC has stated a claim for relief or is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Meta reasserts, without limitation, all defenses raised in its Motion To Dismiss and other filings, whether or not separately re-pleaded herein.  Meta also asserts the following affirmative and other defenses.  In listing the defenses below, Meta does not knowingly or intentionally waive any defenses,

including arguments about which issues fall within the FTC's burden of proof.  Meta also reserves the right to rely on any affirmative or other defense or claim that may subsequently come to light, and expressly reserves the right to amend its Answer to assert such additional defenses or claims.

<u>FIRST AFFIRMATIVE DEFENSE</u>

The FTC lacks statutory authority under 15 U.S.C. § 53(b) to challenge Meta's completed acquisitions.

<u>SECOND AFFIRMATIVE DEFENSE</u>

The FTC's claims have been waived, relinquished, and abandoned.

<u>THIRD AFFIRMATIVE DEFENSE</u>

The FTC is equitably estopped from asserting its claims.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

The FTC's claim that Meta's acquisition of Instagram was exclusionary fails because there were procompetitive justifications for the acquisition.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

The FTC's claim that Meta's acquisition of WhatsApp was exclusionary fails because there were procompetitive justifications for the acquisition.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

The FTC's claim that Meta's acquisitions of other companies identified in the Amended Complaint were exclusionary fails because there were procompetitive justifications for those acquisitions.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

The FTC's claims fail because competition and consumers cannot be harmed from alleged monopolization of a market for a product distributed free to all users.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

The Due Process Clause of the United States Constitution barred the FTC from commencing this action against Meta and bars the FTC from continuing this action against Meta and from seeking a claim for relief.

<u>NINTH AFFIRMATIVE DEFENSE</u>

The FTC cannot proceed because it purports to exercise executive authority in violation of Article II of the United States Constitution.

<u>TENTH AFFIRMATIVE DEFENSE</u>

The FTC is not entitled to declaratory relief.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

The FTC is not entitled to the relief it seeks because the pre-acquisition assets of Instagram and WhatsApp no longer exist, and Meta is a unitary company.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

The FTC is not entitled to relief as a matter of law.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

The FTC is not entitled to the relief it seeks because such a remedy cannot be ordered for acquisitions previously cleared by the FTC.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

The FTC is not entitled to the relief it seeks because the FTC has waited too long after FTC clearance to seek such a remedy.

## FIFTEENTH AFFIRMATIVE DEFENSE

The FTC is not entitled to the relief it seeks because Meta has always faced competition in any properly defined market.

## SIXTEENTH AFFIRMATIVE DEFENSE

The FTC is not entitled to the relief it seeks regarding any acquisition identified in the Amended Complaint, because the FTC has waited too long after closing of such acquisitions to seek such a remedy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The FTC's claim that Meta's acquisition of Instagram was exclusionary fails because the acquisition was a legally privileged and justified product improvement.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The FTC's claim that Meta's acquisition of WhatsApp was exclusionary fails because the acquisition was a legally privileged and justified product improvement.

## NINETEENTH AFFIRMATIVE DEFENSE

The FTC cannot obtain relief under Section 5 of the FTC Act that is not authorized under Section 2 of the Sherman Act.

## TWENTIETH AFFIRMATIVE DEFENSE

The relief sought by the FTC is inequitable and contrary to the public interest under 15 U.S.C. § 45.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The FTC is not entitled to relief because none of Meta's conduct identified in the Amended Complaint is actionable – either independently or in the aggregate – under the antitrust laws.

<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

The FTC's claims are barred by the doctrine of laches because the FTC waited too long

before filing this suit under 15 U.S.C. § 53(b).

**PRAYER FOR RELIEF**

WHEREFORE, Meta respectfully requests that the Court enter judgment:

1.      Denying the FTC's requested relief;

2.      Dismissing the Amended Complaint in its entirety, with prejudice;

3.      Awarding Meta the costs it has incurred in defending this action and expenses;

and

4.      Awarding such other and further relief to Meta as the Court may deem just and

proper.

Dated:  January 25, 2022

Respectfully submitted,

/s/  *Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
Aaron M. Panner (D.C. Bar No. 453608)
Geoffrey M. Klineberg (D.C. Bar No. 444503)
Leslie V. Pope (D.C. Bar No. 1014920)
Jared M. Beim (D.C. Bar No. 1723465)
Hannah D. Carlin (D.C. Bar No. 1719743)
L. Vivian Dong (D.C. Bar No. 1722506)
Kimberly V. Hamlett (D.C. Bar No. 1722207)
Alex A. Parkinson (D.C. Bar No. 166695)
Ana Nikolic Paul (D.C. Bar No. 1531904)
Aaseesh P. Polavarapu (D.C. Bar No. 1740414)
Julius P. Taranto (D.C. Bar No. 230434)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 25, 2022, I authorized the electronic filing of the

foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of

Electronic Filing to all counsel of record.

/s/  *Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
KELLOGG, HANSEN, TODD,
   FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel:  (202) 326-7900
mhansen@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*