# EXHIBIT A

PLAINTIFF'S PROPOSED SCHEDULING ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FEDERAL TRADE COMMISSION**,

        Plaintiff,

v.

**META PLATFORMS, INC.**

        Defendant.

Civil Action No. 1:20-cv-03590 (JEB)

**PLAINTIFF'S PROPOSED SCHEDULING ORDER**

Pursuant to the Initial Scheduling Conference held February 28, 2022, and the Joint Rule 16.3 Report previously submitted by the parties, the Court ORDERS that the following schedule shall govern further proceedings:

1. The deadline for amendment of pleadings or joinder shall be February 15, 2022;

2. The deadline for initial disclosures shall be February 22, 2022;

3. The deadline for plaintiff to substantially complete production of its investigative file shall be February 28, 2022;

4. The deadline to file any motions to compel in connection with disputes regarding documents and data from third parties shall be July 11, 2022; the deadline for third parties to complete production of documents and data shall be October 3, 2022;

5. Fact discovery shall close on January 13, 2023;

6. Plaintiff's Rule 26(a)(2) expert disclosures shall be served February 24, 2023; Defendant's Rule 26(a)(2) expert disclosures shall be served April 21, 2023;

1

      Plaintiff's rebuttal expert report shall be served June 16, 2023; expert discovery shall close on July 14, 2023;

7. The deadline to file any summary judgment or *Daubert* motions shall be July 28, 2023; the deadline for any oppositions to timely summary judgment or *Daubert* motions shall be August 18, 2023; the deadline for any replies concerning summary judgment or *Daubert* motions shall be August 28, 2023;

8. A pre-trial hearing is scheduled for November 9, 2023 at _____ in Courtroom 25;

9. Trial is set for December 11, 2023;

10. No discovery motions may be filed without leave of court.  In the event that a discovery dispute arises, the parties shall make a good faith effort to resolve or narrow the areas of disagreement.  If the parties are unable to resolve the discovery dispute, the parties shall jointly call chambers at (202) 354-3300, at which time the Court will either rule on the issue or determine the manner in which it will be handled; and

11. Parties may not extend any deadline by stipulation; instead, parties must seek extensions by motion.  Consent motions are generally looked upon with favor by the Court.

Upon consideration of the parties Joint Rule 16.3 Report, the Court further ORDERS that the following provisions shall govern the proceedings:

12. **Bifurcation.**  The provisions set forth below relating to discovery shall not apply to any additional discovery to facilitate a remedy phase.  The parties should meet and confer and submit to the Court, no later than five weeks prior to the final

pretrial conference, proposals for an amended or separate Case Management Order governing the remedy phase.

13. **Discovery of Confidential Information.** Discovery and production of confidential information will be governed by the Protective Order and an ESI Order entered by the Court in this action. No deadline in this order shall override any deadline set forth in the Protective Order or ESI Order. When sending discovery requests, notices, and subpoenas to Nonparties, the Parties must include copies of any Protective Orders in effect at the time.

14. **Document Requests.** The Parties must serve any objections to requests for productions of documents within **[30]** days as required by FRCP 34. Within **[7]** calendar days of service of any objections to a request for production, the Parties must meet and confer to attempt to resolve any objections and to agree on materials to be searched. At the time it serves its responses, the producing Party will provide an estimated date for inspection/production in accordance with Fed. R. Civ. P. 34(b)(2)(B). To the extent that there is a dispute regarding the scope of production that impacts the estimated time period for completion of the responsive production, the Producing Party will supplement its good-faith estimate of the time period for completion of the responsive production upon resolution of such disputes. Responsive productions (subject to any objections or custodian issues that have not been resolved) shall be made on a rolling basis.

15. **Interrogatories.** The Parties must respond and serve any objections to interrogatories within **[30]** calendar days as required by Fed. R. Civ. P. 33. Within **[7]** calendar days of service of any objections, the parties must meet and confer to

attempt to resolve any objections and to discuss whether the request may be satisfied by the production of documents or structured data. Each Party is limited to **[30]** interrogatories in total (including discrete subparts). Contention interrogatories may be answered at any time up to **[30]** days after the close of fact discovery. Each side reserves the right to ask the Court for leave to serve additional interrogatories.

16. **Requests for Admission.** Each side is limited to **[35]** requests for admission in total. Each side reserves the right to ask the Court for leave to serve additional requests for admission. Requests for admission relating solely to the authentication or admissibility of documents, data, or other evidence (which are issues that the parties must attempt to resolve initially through negotiation) do not count against these limits. The close of fact discovery shall not preclude requests for admission regarding the authentication and admissibility of exhibits.

17. **Discovery on Nonparties.** Each Party must serve upon the other Party a copy of any discovery request served electronically on any Nonparty at the same time it is served on the Nonparty. A requesting Party must provide the other Party with a written record of any oral or written modifications, extensions, or postponements to the discovery request within **[3]** business days of the modification, extension, or postponement. Every discovery request to a Nonparty shall include a cover letter requesting that (a) the Nonparty stamp each document with a production number and any applicable confidentiality designation prior to producing it; (b) the Nonparty provide both to the requesting Party and to the other side copies of all productions at the same time; (c) the Nonparty provide to both the requesting

Party and the other side copies of all written correspondence with any Party concerning the Nonparty's response to or compliance with any discovery request (including any extensions, modifications, or postponements). After May 2, 2022, if a Party is in receipt of a subpoena served pursuant to Federal Rule of Civil Procedure 45 upon a Nonparty, the deadline for the receiving Party to serve any subpoena upon that Nonparty is 7 days.

18. **Depositions.**

   a. **Number of Depositions.** Each side is limited to 500 total deposition hours for fact witnesses. The hours limit refers to time of testimony actually taken on the record. In the event that a noticed entity designates as a 30(b)(6) witness an individual that was also noticed pursuant to Rule 30(b)(1), the noticed entity and each noticing Party shall meet and confer to determine whether it is appropriate to extend the length of the deposition beyond the limit that would otherwise apply if the individual's deposition had been noticed only pursuant to Rule 30(b)(1). There shall be no limit on the number of separate 30(b)(6) notices that can be served on a Party or a Third Party.
   The following depositions do not count against the above deposition limits: (a) depositions of the Parties' designated expert witnesses; (b) sworn testimony previously taken during the FTC's pre-Complaint investigation or in any other litigation or government investigation; and (c) depositions taken for the sole purpose of establishing the authenticity or admissibility of documents, provided that such depositions may be noticed only after the Party taking the deposition has taken reasonable steps to establish authenticity or admissibility through

other means, and further provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing authenticity or admissibility.

b. **Notice of Depositions.** Within **[10]** calendar days of receipt of a deposition notice, the noticed Party or Nonparty must provide any objections it intends to assert in response to that deposition notice, and, if relevant, an alternative date on which witnesses will be made available for testimony. Parties and Nonparties will use their best efforts to make witnesses available for deposition at a mutually agreeable time and location and without undue delay. If a witness is a former employee of any Party or Nonparty, upon receipt of a deposition notice for the former employee, that Party or Nonparty shall, within **[10]** calendar days of the deposition notice, provide the date of departure and last known address of the former employee, state whether counsel for the Party or Nonparty can accept service of the notice, and state whether the counsel for the Party or Nonparty will be representing the witness in connection with the deposition and, if not, provide the name and contact information for the witness' counsel or state that counsel for the Party or Nonparty is unaware that the witness is represented by counsel.

If a Party serves a subpoena for the production of documents or electronically stored information on a Party or Nonparty and a subpoena commanding attendance at a deposition by a witness employed by such Party or Nonparty, the Party serving those subpoenas must schedule the witness's deposition for a date at least **[14]** calendar days after the return date for the document subpoena.

If the return date for the document subpoena is extended: absent consent of both Plaintiff and Defendant, the deposition must be postponed to a date at least **[14]** calendar days following the date of production of substantially all documents required by the subpoena (as modified by any negotiations regarding subpoena compliance) (a) with respect to which the witness is an author, addressee, recipient, or custodian; and (b) are contained in a shared filing location or other electronic or physical repository that the witness accessed in the ordinary course of business.

For any deposition lasting longer than **[7]** hours, either Party or the witness may demand that the time remaining after the seventh hour be carried over to be completed on the next consecutive business day, or as soon as possible consistent with the convenience of the witness and the Parties.

c. **Allocation of Time During Depositions.**

   1. *Defendant's current employees*: During the deposition of a current employee of Defendant, Plaintiff may examine the witness for up to 7 hours.

   2. *Defendant's former employees*: During the deposition of a former employee of Defendant that is noticed only by one side, the other side may question the witness for up to one hour at the conclusion of the noticing party's examination, which shall last no more than 6 hours. During the deposition of a former employee of Defendant that is noticed by both Parties, the deposition will be **[10]** hours: (a) if the witness provided sworn testimony during the FTC's pre-Complaint investigation, the time will be

divided equally between the sides; (b) if the witness did not provide sworn testimony during the FTC's pre-Complaint investigation, Plaintiff may examine the witness for up to 7 hours and Defendant may examine the witness for up to 3 hours.  In any deposition of a former employee of Defendant, any time allotted to one side not used by that side may not be used by the other side.

3. ***Nonparty witnesses who are not a former employee of Defendant:*** (a) if the deposition is noticed by only one side, the non-noticing side may question the witness for up to one hour at the conclusion of the noticing party's examination, which shall last no more than 6 hours; (b) if the deposition is noticed by both sides, then the deposition will be **[10]** hours and will be divided equally between the sides. Any time allotted to one side not used by that side in a Nonparty deposition may not be used by the other side.

19. **Inadvertent Production of Privileged Information.**  Inadvertent production of privileged information shall be governed by the terms of a Court order under Federal Rule of Evidence 502(d).

20. **Privilege Logs.**  The Parties agree that the following privileged or otherwise protected communications shall not be the subject of discovery, need not be preserved, and need not be placed on a privilege log:  email, notes, drafts, communications, memoranda, documents, or other work product produced by or

exchanged solely among and between: (a) outside counsel[1] for the Defendant; (b) outside counsel for Defendant and/or In-House counsel (as that term is defined in the Protective Order in this action) employed by Defendant and counsel for Parties with common legal interest in defending potential or current litigation against Meta; (c) In-House Counsel (as that term is defined in the Protective Order in this action) employed by Defendant on topics relating to potential or current litigation against Meta; (d) counsel for the Federal Trade Commission (or persons employed by the Federal Trade Commission); (e) counsel for the Federal Trade Commission (or persons employed by the Federal Trade Commission) and counsel for a plaintiff with which the FTC shares a common legal interest in pursuing or exploring litigation against Meta; (f) counsel for the Federal Trade Commission (or persons employed by the Federal Trade Commission) and counsel employed by any executive-branch agency of the federal government. When responsive or non-responsive, privileged documents described in this Paragraph are attached to responsive non-privileged documents that are produced in whole or in part, however, the producing Party will insert a placeholder to indicate a document has been withheld from that family.

21. **Privilege Log Timing and Format.** If a producing party redacts documents within a production or withholds documents from a production as privileged, it shall provide a privilege log relating to those documents within **[21]** calendar days of the production in which the documents would have been included but for the

---

[1] As used in this Paragraph, "counsel" includes attorneys, economists or other experts assisting counsel, paralegals, assistants, and those acting on behalf of counsel.

privilege claim. A producing Party must provide a final privilege log no later than **[30]** calendar days prior to the close of fact discovery. All privilege logs shall be provided in Excel format.

22. **Presumptions of Authenticity**. Documents produced in response to a discovery request by Parties and Nonparties from their own files will be presumed to be authentic within the meaning of Federal Rule of Evidence 901. Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to intended trial exhibits. If the opposing side serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection.

23. **Expert Witness Disclosures – Materials Protected from Disclosure.** The following information, documents, and materials are not discoverable, and need not be preserved or disclosed for purposes of complying with Federal Rule of Civil Procedure 26(a)(2), 26(b)(4), or any other rule, including testimony at deposition, hearing, or trial, unless such materials provide the only record of a fact or assumption that the expert relied on in forming the opinions to be expressed: (a) any form of oral or written communications, correspondence, or work product shared between: (i) the expert and any persons assisting the expert; (ii) Plaintiff's counsel and Plaintiff's experts, or between any agent or employee of Plaintiff's counsel and Plaintiff's experts; (iii) Meta's counsel and Meta's experts, or between any agent or employee of Meta's counsel and Meta's experts; (iv) testifying and non-testifying experts; (v) non-testifying experts; or (vi) testifying

experts; (b) expert's notes, except for notes of interviews if the expert relied upon the notes in forming any opinions in his or her final report; (c) drafts of expert reports, affidavits, or declarations or comments, mark-ups, or edits prepared in connection with such drafts; and (d) data formulations, data runs, data analyses, surveys, studies, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

24. **Expert Witness Disclosures – Materials To Be Disclosed**. Subject to the limitations of the prior paragraph, the Parties agree that the following materials will be disclosed within **[2]** calendar days of when each expert report is served, or, for those materials to be made available upon request, within **[7]** calendar days of the request: (a) a list of all documents relied upon by the expert in forming any opinions in his or her report, including Bates numbers of documents previously produced; (b) a list of all publications authored by the expert in the previous **[10]** years; (c) upon reasonable request, copies of all publications authored by the expert in the previous **[10]** years that are not readily available publicly; and (d) for all calculations or other quantitative analyses appearing in the report, the data set and programs underlying such calculations or quantitative analyses that were relied upon by the expert, including the programs and codes necessary to recreate the calculations or quantitative analyses from the data set.

25. **Expert Depositions**. Each expert may be deposed for **[7]** hours. The Parties may request additional time only upon a particularized showing of good cause made to the Court. Depositions of each Party's experts will be conducted only after disclosure of all expert reports and materials to be disclosed.

26. **Service of Pleadings and Discovery on Other Parties**.  Service of all pleadings must be made by ECF (which will send notice to all Parties and Nonparties registered with ECF).  Service of all trial subpoenas and discovery requests on a Party (including subpoenas for testimony or documents under Federal Rule of Civil Procedure 45), expert disclosures, and delivery of all correspondence in this matter must be made by email to the persons whose email is listed below.  If the volume of attachments makes service by email or ECF impracticable, a Party shall make service via a Secure FTP service or overnight delivery to the persons listed below.  Service of trial subpoenas and discovery requests on a Nonparty (including subpoenas for testimony or documents under Federal Rule of Civil Procedure 45) may be made by email when the Nonparty or counsel for the Nonparty consents, or when service is made by email on a counsel who enters an appearance in this action on behalf of the Nonparty.  Service via email will be considered equivalent to service by hand.

    For Plaintiff FTC:
        Daniel Matheson
        Owen Masters
        Michael Smith
        Sunila Steepen
        Dominique Wilson
        Krisha Cerilli
        Robert Zuver
        Maggie DiMoscato
        Federal Trade Commission
        600 Pennsylvania Ave. N.W.
        Washington D.C. 20580
        Tel: 202-326-2075
        dmatheson@ftc.gov
        omasters@ftc.gov
        msmith9@ftc.gov
        dwilson1@ftc.gov
        ssteephen@ftc.gov

    kcerilli@ftc.gov
    rzuver@ftc.gov
    mdimoscato@ftc.gov

For Defendant Meta:
  Mark C. Hansen
  Kevin B. Huff
  Kenneth M. Fetterman
  Geoffrey M Klineberg
  Kevin J. Miller
  Aaron M. Panner
  Alex A. Parkinson
  Ana Nikolic Paul
  Aaseesh P. Polavarapu
  Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
  1615 M Street, N.W. Suite 400
  Washington, DC 20036
  Tel: 202-326-7900
  mhansen@kellogghansen.com
  khuff@kellogghansen.com
  kfetterman@kellogghansen.com
  gklineberg@kellogghansen.com
  kmiller@kellogghansen.com
  apanner@kellogghansen.com
  aparkinson@kellogghansen.com
  apaul@kellogghansen.com
  apolavarapu@kellogghansen.com

  Sonal N. Mehta
  Wilmer Cutler Pickering Hale & Dorr LLP
  2600 El Camino Real, Suite 400
  Palo Alto, CA 94306
  Tel: 650-858-6000
  sonal.mehta@wilmerhale.com

  David Gringer
  Wilmer Cutler Pickering Hale & Dorr LLP
  7 World Trade Center
  250 Greenwich Street
  New York, NY 10007
  Tel:  212-230-8800
  david.gringer@wilmerhale.com

  James P. Rouhandeh
  Michael Scheinkman

>Davis Polk & Wardwell LLP
>450 Lexington Avenue
>New York, NY 10017
>Tel: 212-450-4000
>rouhandeh@davispolk.com
>michael.scheinkman@davispolk.com

27. **Nationwide Service of Process**. Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the Parties will be allowed nationwide service of process of discovery and trial subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23 to issue from this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under these rules regarding the use at trial of a deposition taken in this action.

**SO ORDERED.**

DATED: _____     _____
                                  Honorable James E. Boasberg
                                  United States District Judge