# EXHIBIT B

DEFENDANT'S PROPOSED
SCHEDULING ORDER

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

META PLATFORMS, INC.,

    Defendant.

Case No. 1:20-cv-03590-JEB

**META PLATFORMS, INC.'S PROPOSED SCHEDULING ORDER**

Pursuant to the Initial Scheduling Conference held February 28, 2022, and the Joint Rule 16.3 Report previously submitted by the parties, the Court ORDERS that the following schedule shall govern further proceedings:

1. The deadline for amendment of pleadings and joinder of additional parties shall be February 15, 2022;

2. The deadline for initial disclosures shall be February 22, 2022;

3. The deadline for Plaintiff to begin production of its investigatory file shall be no later than February 24, 2022.  The deadline for Plaintiff to substantially complete the production of its investigatory file shall be no later than February 28, 2022.  The FTC's investigatory file shall be produced on an outside-counsel-only basis pending entry of an appropriate protective order;

4. Fact discovery shall close on May 29, 2023;

5. Plaintiff's Rule 26(a)(2) expert disclosures shall be served by July 13, 2023;

6. Defendant's Rule 26(a)(2) expert disclosures shall be served by September 12, 2023;

2022.02.19 Meta Draft Rule 16.3 Report – Exhibit B

7. Plaintiff's rebuttal expert disclosures shall be served by November 14, 2023;

8. Expert discovery shall close on February 13, 2024;

9. A post-discovery status hearing is scheduled for _____, 2023 at _____ in Courtroom 25;

10. No discovery motions may be filed without leave of court.  In the event that a discovery dispute arises, the parties shall make a good faith effort to resolve or narrow the areas of disagreement.  If the parties are unable to resolve the discovery dispute, the parties shall jointly call chambers at (202) 354-3300, at which time the Court will either rule on the issue or determine the manner in which it will be handled; and

11. Parties may not extend any deadline by stipulation; instead, parties must seek extensions by motion.  Consent motions are generally looked upon with favor by the Court.

Upon consideration of the parties Joint Rule 16.3 Report, the Court further ORDERS that the following provisions shall govern the proceedings:

12. **Bifurcation.**   There will be a first phase that will address only the Defendant's liability under the antitrust laws.  If the Court renders a decision finding the Defendant liable, then the Court will hold separate proceedings regarding any remedies for any violations of the antitrust laws that it finds.  During the liability phase, the Parties shall not take fact or expert discovery about issues solely relevant to remedies.

13. **Discovery of Confidential Information.**  Discovery and production of confidential information will be governed by the Protective Order and an ESI Order entered by the

Court in this action.  No deadline in this order shall override any deadline set forth in the Protective Order or ESI Order.  When sending discovery requests, notices, and subpoenas to Nonparties, the Parties must include copies of any Protective Orders in effect at the time.

14. **Interrogatories.**  Each Party shall be limited to 30 interrogatories in total (including discrete subparts).  Each Party reserves the right to ask the Court for leave to serve additional interrogatories.

15. **Requests for Admission.**  Each Party shall be limited to 35 requests for admission in total.  Requests for admission relating solely to the authentication of documents, data, or other evidence do not count against these limits.  Each Party reserves the right to ask the Court for leave to serve additional requests for admission.

16. **Depositions.**  Each Party shall be limited to 900 total deposition hours for fact witnesses, with a maximum of 200 hours for depositions of current and former Meta employees.  Depositions pursuant to Federal Rule of Civil Procedure 30(b)(6) shall count against the 200-hour maximum, and the total number of hours of Rule 30(b)(6) testimony of Meta shall not exceed 21 hours (unless otherwise agreed by counsel or decided by Court order).  Depositions of the Parties' designated expert witnesses shall not count against the deposition hours allocated for fact witnesses.  Sworn testimony taken by the FTC of Meta employees during its pre-complaint investigation (approximately 150 hours) shall count against its 900-hour deposition limit.  Any deposition of Meta employees shall be limited to new areas not covered in prior sworn testimony.

17. **Allocation of Time During Depositions.**

a. Except as provided below, no deposition shall exceed the 7 hours provided in the Federal Rules of Civil Procedure, absent a particularized showing of good cause made to the Court.

b. ***Defendant's former employees***: For former employees, if the witness did not provide an interview or sworn testimony during the FTC's pre-complaint investigation: (a) if the deposition is noticed by both sides, the 7 hours shall be divided equally between the sides (3.5 hours each); (b) if the deposition is noticed by only one side, the noticing Party shall have 6 hours for its examination, and the non-noticing Party shall be allowed to question the witness for up to 1 hour at the conclusion of the noticing Party's examination. Former employees who provided an interview during the FTC's pre-complaint investigation shall be examined by Defendant for up to 7 hours and by Plaintiff for up to 3 hours. For former employees who provided sworn testimony during the FTC's pre-complaint investigation, the FTC shall be permitted to take testimony only on topics not previously covered in the prior testimony. Such former employees who provided sworn testimony during the FTC's pre-complaint investigation shall be examined by Defendant for up to 7 hours and by Plaintiff for up to 3 hours. Any change in these time allocations shall be granted only upon a particularized showing of good cause made to the Court. In any deposition of a former employee of Defendant, any time allotted to one side not used by that side shall not be used by the other side.

c. ***Nonparty witnesses who are not a former employee of Defendant***: (a) If the deposition is noticed by only one side, the non-noticing side may question the

witness for up to 1 hour at the conclusion of the noticing party's examination, which shall last no more than 6 hours; (b) if the deposition is noticed by both sides, then the deposition shall be 10 hours and shall be divided equally between the sides. Any time allotted to one side not used by that side in a Nonparty deposition may not be used by the other side.

18. **Inadvertent Production of Privileged Information.**  Inadvertent production of privileged information shall be governed by the terms of a Court order under Federal Rule of Evidence 502(d).

19. **Privilege Logs.**  The Parties agree that the following privileged or otherwise protected communications shall not be the subject of discovery, need not be preserved, and need not be placed on a privilege log:  email, notes, drafts, communications, memoranda, documents, or other work product produced by or exchanged solely among and between:  (a) outside counsel[1] for the Defendant; (b) outside counsel for Defendant and/or In-House counsel (as that term is defined in the Protective Order in this action) employed by Defendant and counsel for Parties with common legal interest in defending potential or current litigation against Meta; (c) In-House Counsel (as that term is defined in the Protective Order in this action) employed by Defendant on topics relating to potential or current litigation against Meta; (d) counsel for the Federal Trade Commission (or persons employed by the Federal Trade Commission); (e) counsel for the Federal Trade Commission (or persons employed by the Federal Trade Commission) and counsel for a plaintiff with which the FTC shares a common legal interest in pursuing or exploring litigation

---

[1] As used in this Paragraph, "counsel" includes attorneys, economists or other experts assisting counsel, paralegals, assistants, and those acting on behalf of counsel.

against Meta; (f) counsel for the Federal Trade Commission (or persons employed by the Federal Trade Commission) and counsel employed by any executive-branch agency of the federal government.  When responsive or non-responsive, privileged documents described in this Paragraph are attached to responsive non-privileged documents that are produced in whole or in part; however, the producing Party will insert a placeholder to indicate a document has been withheld from that family.

20. **Privilege Log Timing and Format.**  The Parties shall provide privilege logs 90 days after completion of production for each set of requests of production, or such other agreed upon date.  For production of discovery completed at the close of fact discovery, the Parties shall provide privilege logs by 30 days after the completion of production.  All privilege logs shall be provided in Excel format.

21. **Expert Witness Disclosures – Materials Protected from Disclosure.**  The following information, documents, and materials are not discoverable, and need not be preserved or disclosed for purposes of complying with Federal Rule of Civil Procedure 26(a)(2), 26(b)(4), or any other rule, including testimony at deposition, hearing, or trial, unless such materials provide the only record of a fact or assumption that the expert relied on in forming the opinions to be expressed:  (a) any form of oral or written communications, correspondence, or work product shared between:  (i) the expert and any persons assisting the expert; (ii) Plaintiff's counsel and Plaintiff's experts, or between any agent or employee of Plaintiff's counsel and Plaintiff's experts; (iii) Meta's counsel and Meta's experts, or between any agent or employee of Meta's counsel and Meta's experts; (iv) testifying and non-testifying experts; (v) non-testifying experts; or (vi) testifying experts; (b) expert's notes, except for notes of

interviews if the expert relied upon the notes in forming any opinions in his or her final report; (c) drafts of expert reports, affidavits, or declarations or comments, mark-ups, or edits prepared in connection with such drafts; and (d) data formulations, data runs, data analyses, surveys, studies, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

22. **Expert Witness Disclosures – Materials To Be Disclosed.**  Subject to the limitations of the prior paragraph, the Parties agree that the following materials will be disclosed within 2 calendar days of when each expert report is served, or, for those materials to be made available upon request, within 7 calendar days of the request: (a) a list of all documents relied upon by the expert in forming any opinions in his or her report, including Bates numbers of documents previously produced; (b) a list of all publications authored by the expert in the previous 10 years; (c) upon reasonable request, copies of all publications authored by the expert in the previous 10 years that are not readily available publicly; and (d) for all calculations or other quantitative analyses appearing in the report, the data set and programs underlying such calculations or quantitative analyses that were relied upon by the expert, including the programs and codes necessary to recreate the calculations or quantitative analyses from the data set.

23. **Expert Depositions.**  Each expert may be deposed for 7 hours.  The Parties may request additional time only upon a particularized showing of good cause made to the Court.  Depositions of each Party's experts will be conducted only after disclosure of all expert reports and materials to be disclosed.

2022.02.19 Meta Draft Rule 16.3 Report – Exhibit B

24. **Service of Pleadings and Discovery on Other Parties.** Service of all pleadings must be made by ECF (which will send notice to all Parties and Nonparties registered with ECF).  Service of all trial subpoenas and discovery requests on a Party (including subpoenas for testimony or documents under Federal Rule of Civil Procedure 45), expert disclosures, and delivery of all correspondence in this matter must be made by email to the persons whose email is listed below.  Service of trial subpoenas and discovery requests on a Nonparty (including subpoenas for testimony or documents under Federal Rule of Civil Procedure 45) may be made by email when the Nonparty or counsel for the Nonparty consents, or when service is made by email on a counsel who enters an appearance in this action on behalf of the Nonparty.  Service via email will be considered equivalent to service by hand.

    For Plaintiff FTC:

        Daniel Matheson
        Owen Masters
        Michael Smith
        Sunila Steepen
        Dominique Wilson
        Krisha Cerilli
        Robert Zuver
        Maggie DiMoscato
        Federal Trade Commission
        600 Pennsylvania Ave. N.W.
        Washington D.C. 20580
        Tel: 202-326-2075
        dmatheson@ftc.gov
        omasters@ftc.gov
        msmith9@ftc.gov
        dwilson1@ftc.gov
        ssteephen@ftc.gov
        kcerilli@ftc.gov
        rzuver@ftc.gov
        mdimoscato@ftc.gov

    For Defendant Meta:

Mark C. Hansen
Kevin B. Huff
Kenneth M. Fetterman
Geoffrey M Klineberg
Kevin J. Miller
Aaron M. Panner
Alex A. Parkinson
Ana Nikolic Paul
Aaseesh P. Polavarapu
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. Suite 400
Washington, DC 20036
Tel: 202-326-7900
mhansen@kellogghansen.com
khuff@kellogghansen.com
kfetterman@kellogghansen.com
gklineberg@kellogghansen.com
kmiller@kellogghansen.com
apanner@kellogghansen.com
aparkinson@kellogghansen.com
apaul@kellogghansen.com
apolavarapu@kellogghansen.com

Sonal N. Mehta
Wilmer Cutler Pickering Hale & Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: 650-858-6000
sonal.mehta@wilmerhale.com

David Gringer
Wilmer Cutler Pickering Hale & Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel:  212-230-8800
david.gringer@wilmerhale.com

James P. Rouhandeh
Michael Scheinkman
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
Tel: 212-450-4000
rouhandeh@davispolk.com
michael.scheinkman@davispolk.com

25. **Nationwide Service of Process.** Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the Parties will be allowed nationwide service of process of discovery and trial subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23 to issue from this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under these rules regarding the use at trial of a deposition taken in this action.

**SO ORDERED**.

DATED:_____  _____
Honorable James E. Boasberg
United States District Judge