# EXHIBIT E

**DRAFT-SUBHJECT TO ADDITIONAL REVIEW AND MODIFICATION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>        Plaintiff,<br><br>   v.<br><br>**META PLATFORMS, INC.**<br><br>        Defendant. | Civil Action No. 1:20−cv−03590 (JEB) |

**[PROPOSED] PROTECTIVE ORDER**

1.  PURPOSES AND LIMITATIONS

  Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.  DEFINITIONS

  2.1 Challenging Party: a Party that challenges the designation of information or items under this Order.

  2.2 Competitive Decision-Making:  The term Competitive Decision-Making shall not include In-House Counsel's provision of legal advice to Defendant.

  2.3 "CONFIDENTIAL" Information or Items: any trade secret or other

**DRAFT-SUBHJECT TO ADDITIONAL REVIEW AND MODIFICATION**

confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any document, transcript, or other material containing such information that has not been published or otherwise made publicly available in violation of this order. In addition, a Designating Party may designate as Confidential any information or items made publicly available in violation of a court order to keep such information confidential, that the Designating Party believes should receive Confidential treatment. This includes (i) information copied or extracted, summarized or compiled from Confidential Information, and (ii) testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Information.

      2.4      <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staff).

      2.5      <u>Defendant</u>: Meta Platforms, Inc. (previously Facebook, Inc.) hereinafter ("Meta"), and its and their divisions, subsidiaries, affiliates, partnerships, successors, and joint ventures, and all directors, officers, employees, agents (including counsel), and representatives of the foregoing, including but not limited to, Instagram and WhatsApp.

      2.6      <u>Designated In-House Counsel</u>: six (6) In-House Counsel designated by Defendant who are authorized to access Highly Confidential Information pursuant to Section 7.3(b) or additional In-House Counsel who may be authorized to access Highly Confidential Information pursuant to Section 7.6 of this Order.

      2.7      <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

      2.8      <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter. Disclosure or Discovery Material includes non-privileged correspondence, documents, data, written information or statements,

**DRAFT-SUBHJECT TO ADDITIONAL REVIEW AND MODIFICATION**

testimony, or transcripts of testimony, declarations including (drafts), affidavits (including drafts) and other materials created or provided for purposes of this action that (i) any Non-Party provides to any Party, either voluntarily or under compulsory process, in connection with and during the pendency of this action; (ii) constitute any communication between any Party and any Non-Party in connection with and during the pendency of this action; (iii) Defendant provides to Plaintiff in connection with and during the pendency of this action; and/or (iv) Plaintiff provides to Defendant in connection with and during the pendency of this action.

2.9     "HIGHLY CONFIDENTIAL" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create substantial risk of serious harm that could not be avoided through less restrictive means. This includes (i) information copied or extracted, summarized or compiled from Highly Confidential Information, and (ii) testimony, conversations, or presentations by Protected Persons or their Counsel that might reveal Highly Confidential Information.

2.10    In-House Counsel: any attorneys who are employees of Defendant, as well as paralegals, secretaries, and clerical and administrative personnel employed by Defendant to assist those attorneys. In-House Counsel does not include Outside Counsel.

2.11    Investigation: any review, assessment, or pre-Complaint inquiry by Plaintiff into potential anticompetitive conduct by Meta including any such activity relating to any defense to any allegation by Plaintiff.

2.12    Investigation Materials: means non-privileged correspondence, decisions, documents, data, written information or statements, testimony or transcripts of testimony, declarations (including drafts), affidavits (including drafts), final opinions, and other materials created or provided for purposes of any Investigation that (i) any Non-Party provided to Plaintiff, either voluntarily or under compulsory process, relating to the Investigation; (ii) constitute any communication between Plaintiff and any Non-Party relating to the Investigation; (iii) Plaintiff provided to any Non-Party relating to the

**DRAFT-SUBHJECT TO ADDITIONAL REVIEW AND MODIFICATION**

Investigation; or (iv) Defendant, or affiliated person or entity, provided to Plaintiff relating to the Investigation; (v) internal communications within the Plaintiff about the Investigation, or (vii) communications with any Non-Party about responding to any requests (whether formal, or informal), related to the Investigation.

2.13  Non-Party: any Person not named as a Party to this action.

2.14  Outside Counsel: attorneys who are not employees of Defendant but are retained to represent or advise Defendant in this action or are affiliated with a law firm which has been retained to represent or advise Defendant in this action, as well as attorney support staff.

2.15  Party: any Plaintiff or Defendant in this action.

2.16  Parties: Plaintiff and Defendant in this action.

2.17  Person: any natural person, corporate entity, business entity, partnership, association, joint venture, governmental entity, trust, or other legal entity.

2.18  Plaintiff: the U.S. Federal Trade Commission and all of its employees, agents, and representatives.

2.19  Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.20  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.21  Protected Material: any Investigation Materials or Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL."

2.22  Protected Person: any Person (including a Party or Non-Party) that either voluntarily or under compulsory process, has provided or provides Protected Material.

2.23  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**DRAFT-SUBHJECT TO ADDITIONAL REVIEW AND MODIFICATION**

3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not in violation of a court order to keep such information confidential, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.  DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.  DESIGNATING PROTECTED MATERIAL

    5.1  Exercise of Restraint and Care in Designating Material for Protection. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other

5

**DRAFT-SUBHJECT TO ADDITIONAL REVIEW AND MODIFICATION**

Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to every page of the document. For Protected Material that is produced in native electronic format, the designated legend must be included in the file name and on any slip sheets when produced, and any Party when printing such Protected Material must affix the designated legend to each page of the printed copy.

(b) <u>for testimony given in deposition or in other pretrial proceedings</u>, any Party or the deponent (or witness, if a pretrial proceeding) shall have thirty (30) days after the date when a complete and final copy of the transcript has been made available to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. When a Party is entitled under this Order to question a deponent about a document or information that has been designated by a different Protected Person as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL", the Party that asked such questions shall designate as either "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" the portion of the transcript relating to such "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" document or information. Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, when it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, a Designating Party may specify that the entire transcript shall be

**DRAFT-SUBHJECT TO ADDITIONAL REVIEW AND MODIFICATION**

treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at the time Protected Material is discussed. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

5.3     <u>Investigation Materials</u>.

(a)     Plaintiff will produce on or before February 22, 2022 (or such other date identified in the CMO), on an Outside Counsel only basis, all Investigation Materials, regardless of whether the materials were received informally or through compulsory process (such as a subpoena or Civil Investigative Demand) and regardless of whether Plaintiff received the materials in hard-copy or electronic form.

(b)     In addition to production on an Outside Counsel only basis as stated above, any Investigation Materials submitted or produced to Plaintiff by a Non-Party, as

**DRAFT-SUBHJECT TO ADDITIONAL REVIEW AND MODIFICATION**

well as any other documents in Plaintiff's possession, custody or control that disclose the substance of such Investigation Materials, shall be treated as follows:

(1) Within five (5) days of the entry of this Protective Order, Plaintiff shall provide all Non-Parties who submitted or produced information to Plaintiff with notice that Defendant has requested information provided by the Non-Party, together with a copy of this Protective Order. This notice shall inform the Non-Party that (a) it may, within ten (10) days of such notice, seek a protective order from this court regarding the Plaintiff's production of its confidential information on other than an Outside Counsel Only basis; and (b) it may, within thirty (30) days of such notice designate any materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the terms of this Protective Order.

(2) If the Non-Party fails to seek a protective order from this court within ten (10) days of receiving the notice and accompanying information, Plaintiff shall inform Meta that the Non-Party's confidential or Highly Confidential information is without any Outside Counsel Only restrictions. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

(3) If the Non-Party who submitted the information to Plaintiff fails to designate such materials within thirty (30) days of receiving the notice and accompanying information, any information submitted by the Non-Party to Plaintiff and produced by Plaintiff in this action shall be re-designated as "CONFIDENTIAL."

(c)   Defendant, as a Party, is not required to re-review documents, data, other materials or information or oral information including investigation hearing originally produced or provided to Plaintiff, either voluntarily during an Investigation or in response to any request during an Investigation. Such productions shall be treated as "HIGHLY CONFIDENTIAL". Plaintiff may meet and confer regarding the designation of any documents, data, or other materials in such productions, but agrees not to argue that the designation of such documents wholesale, or on the basis that their designation was mass, indiscriminate, or routinized was not permitted.

5.4   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

**DRAFT-SUBHJECT TO ADDITIONAL REVIEW AND MODIFICATION**

designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is thereafter treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1 <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time prior to thirty (30) days before the first day of trial. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in a meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

    6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, and subject to additional guidance from the Court regarding process or timing, the Challenging Party shall file and serve a motion to change confidentiality within twenty-one (21) days of the initial notice of challenge or within 14) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

    The burden of persuasion in any such challenge proceeding shall be on the Challenging Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to

**DRAFT-SUBHJECT TO ADDITIONAL REVIEW AND MODIFICATION**

which it is entitled under the Producing Party's designation until the court rules on the challenge.

If the Court finds the designation of "HIGHLY CONFIDENTIAL" Information or "CONFIDENTIAL" Information to have been inappropriate, the challenged designation shall be considered rescinded, however, in the case of "HIGHLY CONFIDENTIAL" Information the Court (or Challenging Party and Designating Party, by agreement, absent a contrary ruling from the Court) may determine that the materials may appropriately be designated "CONFIDENTIAL".

7. ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) Outside Counsel, and agents or independent contractors retained by the Defendant to assist in this Action whose functions require access to the information, who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

    (b) the officers, directors, and employees (including In-House Counsel) of Defendant to whom disclosure is reasonably necessary for this litigation and who have signed

**DRAFT-SUBHJECT TO ADDITIONAL REVIEW AND MODIFICATION**

the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) U.S. Federal Trade Commission attorneys, paralegals and other professional personnel (including support and IT staff), and agents or independent contractors retained by the Plaintiff to assist in this action whose functions require access to the information;

(d) any person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this action, who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the court and its personnel;

(f) court reporters and their staff, professional jury or trial consultants, and Professional Vendors (including eDiscovery vendors or service providers) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during depositions, a Party or Non-Party witness in the action, who the Confidential Information or Items indicate, or who the Receiving Party has a good-faith basis to believe, was the author, addressee, recipient, or custodian of the document, solely to the extent he or she previously had lawful access to the document disclosed or to be disclosed; and any persons for whom the Receiving Party believes in good faith previously received or had access to the document, unless counsel for the Designating Party or the witness indicates that he or she did not have access to the document, or unless otherwise agreed by the Producing Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) any mediator or arbitrator that the Parties engage in this action or that the court appoints who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**DRAFT-SUBHJECT TO ADDITIONAL REVIEW AND MODIFICATION**

      7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

      (a) Outside Counsel, and agents or independent contractors retained by the Defendant to assist in this Action whose functions require access to the information, to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

      (b) Designated In-House Counsel of the Defendant (1) who has no involvement in Competitive Decision-Making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit B), and (4) as to whom the procedures set forth in Section 7.6, below, have been followed;

      (c) U.S. Federal Trade Commission attorneys, paralegals and other professional personnel (including support and IT staff), and agents or independent contractors retained by Plaintiff to assist in this Action whose functions require access to the information;

      (d) any person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this action, who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (e) the court and its personnel;

      (f) court reporters and their staff, professional jury or trial consultants, and Professional Vendors (including eDiscovery vendors or service providers) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (g) during depositions, a Party or Non-Party witness in the action, who the Highly Confidential Information or Items indicate, or who the Receiving Party has a good-faith basis to believe, was the author, addressee, recipient, custodian of the document, solely to the extent

**DRAFT-SUBHJECT TO ADDITIONAL REVIEW AND MODIFICATION**

he or she previously had lawful access to the document disclosed or to be disclosed; and any persons for whom the Receiving Party believes in good faith previously received or had access to the document, unless counsel for the Producing Party or the witness indicates that he or she did not have access to the document, or unless otherwise agreed by the Producing Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) any mediator or arbitrator that the Parties engage in this action or that the court appoints who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.5     Rendering Advice: Nothing in this Order is intended to bar or otherwise prevent Counsel from rendering advice to Defendant with respect to this action and, in the course of rendering such advice, from relying upon their examination or knowledge of HIGHLY CONFIDENTIAL or CONFIDENTIAL Information.

7.6     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL" Information or Items to Designated In-House Counsel

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, Defendant may at any time before trial identify Designated In-House Counsel to whom Highly Confidential Information or Items may be disclosed. To qualify for access under this subpart, Designated In-House Counsel shall execute a Designated In-House Counsel Agreement Concerning Confidentiality in the form of Exhibit B attached hereto (which executed versions shall be maintained by Outside Counsel and available for inspection upon the request of the Court, any Party, or any non-Party Protected Person).

(b) Defendant may disclose Highly Confidential Information to the identified Designated In-House Counsel unless, within seven (7) days of delivering a copy of Exhibit B to the Designating Party, Defendant receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) If Defendant receives a timely written objection, Defendant must meet and

**DRAFT-SUBHJECT TO ADDITIONAL REVIEW AND MODIFICATION**

confer with the Designating Party to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the objecting Designating Party may file a motion seeking relief from the Court within seven (7) days of the written objection. Any such motion must set forth with specificity the reasons for the Designating Party's objection. Failure by the Designating Party to timely file such a motion waives the Designating Party's right to challenge Defendant's disclosure of the Designating Party's Protected Material to Designated In-House Counsel.

In any such proceeding, the Designating Party opposing disclosure to Designated In-House Counsel shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs Defendant's need to disclose the Protected Material to its Designated In-House Counsel.

(d) Defendant may at any time before the trial of this action request disclosure of Highly Confidential Information to additional In-House Counsel by consent of the Protected Person who made such designation (the "Designating Party") or by separate motion to the Court. In the case of a motion, Defendant shall provide a written notice to the Designating Party and all Parties to this action stating the basis for disclosure. Defendant and the Designating Party must meet and confer within seven (7) days of the written notice to try to resolve the matter by agreement. If no agreement is reached, Defendant may file a motion with the Court. The Designating Party will have seven (7) days to respond to such motion. Defendant will not disclose any "HIGHLY CONFIDENTIAL" Information to additional In-House Counsel pending resolution of the dispute. If the Court finds the additional In-House Counsel is appropriate, Defendant will be able to disclose the Highly Confidential Information to its additional In-House Counsel.

8.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure, (b)

**DRAFT-SUBHJECT TO ADDITIONAL REVIEW AND MODIFICATION**

use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, if they have not previously executed such agreement.

9. MISCELLANEOUS

    9.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    9.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    9.3 Copy of Order. When discovery is sought from a Non-Party in this action after entry of this Order, a copy of this Order must accompany the discovery request, unless the Non-Party has previously received a copy of this Order under Section 5.3.

    9.4 Filing Protected Material. In the event that any "HIGHLY CONFIDENTIAL" Information or "CONFIDENTIAL" Information is contained in any pleading, motion, exhibit or other paper filed or to be filed with the Court, the Court shall be so informed by the party filing such papers, and such papers shall be filed under seal, in accordance with Local Rule 5.1(h). This Order hereby grants the Parties leave to file such designated "HIGHLY CONFIDENTIAL" Information or "CONFIDENTIAL" Information under seal. "HIGHLY CONFIDENTIAL" Information and "CONFIDENTIAL" Information contained in the papers shall continue to be maintained under seal until further order of the Court, provided, however, that such papers may be furnished to persons or entities who may receive "HIGHLY CONFIDENTIAL" Information or "CONFIDENTIAL" Information under this Order. Upon or after filing any paper containing "HIGHLY CONFIDENTIAL" Information or

**DRAFT-SUBHJECT TO ADDITIONAL REVIEW AND MODIFICATION**

"CONFIDENTIAL" Information, the filing Party shall file within fourteen (14) days on the public record a duplicate copy of the paper that does not reveal "HIGHLY CONFIDENTIAL" Information or "CONFIDENTIAL" Information. Further, if the protection for any such material expires, a Party may file on the public record a duplicate copy that also contains the formerly protected material.

9.5     Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

9.6     Nothing in this Order:

(a) limits a Protected Person's use or disclosure of its own information designated as Highly Confidential Information or Confidential Information;

(b) prevents disclosure of Highly Confidential Information or Confidential Information with the consent of the Protected Person that designated the material as confidential; or

(c) permits the disclosure of Highly Confidential or Confidential Information in another Action.

10.     **FINAL DISPOSITION**

Within sixty (60) days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where

**DRAFT-SUBHJECT TO ADDITIONAL REVIEW AND MODIFICATION**

appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel otherwise authorized to received Protective Material pursuant to this Order are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material, with the exception of paper copies of source code. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____    _____
                                                                    Hon. James. E. Boasberg
                                                                    United States District Judge

**DRAFT-SUBHJECT TO ADDITIONAL REVIEW AND MODIFICATION**

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Columbia on [date] in the cases of *Federal Trade Commission v. Meta Platforms, Inc., Inc.*, 1:20-cv-03590-JEB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Columbia for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my District of Columbia agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____ [printed name]

Signature: _____ [signature]

**DRAFT-SUBHJECT TO ADDITIONAL REVIEW AND MODIFICATION**

EXHIBIT B

## IN-HOUSE COUNSEL AGREEMENT CONCERNING CONFIDENTIALITY

I,_____[print or type full name] am employed by_____as _____.

I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Columbia on [date] in the cases of cases of *Federal Trade Commission v. Meta Platforms, Inc.*, 1:20-cv-03590-JEB.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Columbia for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint_____[print or type full name] of _____[print or type full address and telephone number] as my District of Columbia agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____
City and State where sworn and signed: _____

Printed name: _____ [printed name]
Signature:_____ [signature]