IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.<br><br>Defendant. | Case No. 1:20-cv-03590-JEB |

**[PROPOSED] STIPULATED FEDERAL RULE OF EVIDENCE 502(d) ORDER**

Pursuant to Federal Rules of Evidence 502(d), the production or disclosure, in this litigation or during Plaintiff's pre-complaint investigation, of any documents and accompanying metadata ("Protected Documents") protected from discovery, including under the attorney-client privilege, work product doctrine, opinion work product doctrine, the joint defense or common interest privilege, privacy laws and regulations, deliberative process privilege, or any other immunity from discovery (collectively "privilege or protection"), does not result in the waiver of any privilege or protection, including subject matter waiver, associated with such Protected Documents as to the receiving party or any third parties in this or in any other state or federal proceeding solely by virtue of such production or disclosure.  This Order provides the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Protected Documents.  Federal Rule of Evidence 502(b) does not apply to any disputes regarding Protected Documents, and instead this Stipulated 502(d) Order governs all disputes regarding Protected Documents.  Nothing contained herein requires the production of Protected Documents.

1. **CLAWBACK AGREEMENT**

In the event that a producing party discovers that it produced Protected Document(s), it shall provide written notice of the claim of privilege or protection to the receiving party, or to

both Plaintiff and Defendant if a Producing Party is a Non-Party (a "Clawback Notice"), sufficiently identifying the Protected Document(s).  The Clawback Notice must be as specific as possible in identifying the basis for the privilege claimed, and must include at least the information required by Rule 26(b)(5)(A)(ii).  That a particular basis or argument may not have been raised in the Clawback Notice does not, however, limit the producing party from raising that basis or argument in response to a challenge ultimately presented to the Court provided that the additional basis or argument is raised during the parties' meet-and-confer process.

As soon as practicable or within a reasonable time after providing the Clawback Notice, the producing party shall provide (i) if only a portion of the document contains privileged or protected material, a new copy of the document utilizing the same bates number(s) as the original that has been redacted to protect the privilege or protected material; or (ii) if the entire document is privileged or protected, a slip sheet identifying the same bates number(s) as the original noting that the document has been withheld.  Any Protected Document that is the subject of a Clawback Notice will be included on a privilege log if and as required by the privilege-logging procedures agreed to by the parties or ordered by the Court.

2. **PROCEDURES FOLLOWING CLAWBACK NOTICE**

a) Within ten (10) business days of receipt of a Clawback Notice (regardless of whether the receiving party agrees with or plans to challenge the producing party's claim of privilege or protection), the receiving party must use reasonable efforts to sequester, return, or destroy the Protected Document(s), and all copies thereof, and certify to the producing party when this sequester, return, or destruction is complete.

b) A party receiving a Clawback Notice shall use reasonable efforts to sequester, redact, or destroy any notes or other work product that refers to or excerpts the contents of the Protected Document.  If a receiving party challenges a claim that a Protected Document

specified in a Clawback Notice is privileged or protected, the receiving party shall notify the producing party of its challenge. For the avoidance of doubt, the receiving party's challenge notice must reasonably describe the anticipated grounds for the receiving party's challenge. That a particular basis or argument may not have been raised in the receiving party's original challenge notice does not, however, limit the receiving party from raising that basis or argument in the challenge ultimately presented to the Court provided that the additional basis or argument is raised during the parties' meet-and-confer process.

        c)       Within fourteen (14) business days of the producing party receiving notification of the challenge, the parties shall make a good faith effort to resolve or narrow the areas of disagreement. No discovery motions may be filed without leave of court. In the event that a discovery dispute arises, the parties shall jointly call chambers at (202) 354-3300, at which time the Court will either rule on the issue or determine the manner in which it will be handled. The producing party will submit all Protected Document(s) if the Court requests such a submission.

3. **PROCEDURE UPON DISCOVERY BY A RECEIVING PARTY OF PRODUCED PROTECTED DOCUMENTS**

In the event that a receiving party discovers that it has received or examined Document(s) that it reasonably believes are or may be privileged or protected, the receiving party promptly shall stop reading or reviewing the document and (i) sequester the Document(s), and (ii) within four business days of such discovery, notify the producing party or non-party (and any other party with a copy) of the possible production or disclosure by identifying the bates range(s) of the Document the receiving party reasonably believes are or may be privileged or protected, and were or may have been produced or disclosed (a "Production Notice").  Upon the producing party receiving a Production Notice, if the producing party determines that the subject documents are privileged or protected, and timely serves a Clawback Notice within 10 (ten) business days of receipt of the Production Notice, the receiving party shall use reasonable efforts to sequester, return, or destroy the Protected Document(s) as described in Section 2 above, and the producing party shall promptly provide any replacement images as described in Section 2 above.

4. **PROCEDURES DURING DEPOSITION AND HEARING**

a) If a party believes a Protected Document is about to be used in a deposition, the party must object on the record, must state the basis for the privilege claim, and must demand that the document be clawed back.  If the Protected Document is capable of redaction to excise privileged material, the party making the privilege claim must promptly make redactions to the document and permit the witness to testify as to the non-privileged material in the document. This redaction must be accomplished in such a way as to permit the deposition to continue with minimal disruption.  In all events, once the Protected Document is no longer in use at the deposition, the receiving party shall immediately sequester, return, or destroy all copies of the Protected Document.

b) As to any testimony subject to a claim of privilege or protection, the party claiming privilege shall make the claim within ten (10) business days of receiving a rough transcript, or if no rough transcript is received, within ten (10) business days of receiving the final transcript, after which the parties shall follow the procedures set forth in Sections 2 and 3, as applicable.

c) If a receiving party uses discovery materials in a brief or at a hearing, and the producing party has not served a Clawback Notice as to those materials in advance of the briefing event or hearing, the producing party must promptly object and serve a Clawback Notice within ten (10) business days of receipt of the briefing or the hearing.  Thereafter, the procedures set forth in Section 2 apply.  To the extent any privileged or protected material is placed into the public record in connection with briefing or a hearing, and the Producing Party timely serves a Clawback Notice, the receiving party shall (a) withdraw the portion of the briefing and exhibits that contain privileged or protected material, (b) request the Court seal that material, or (c) join or not oppose a motion to seal the privileged or protected material.

d) Notwithstanding the foregoing, any document used by any Party in a deposition or court filing in this action that a Producing Party does not clawback within ten (10) business days of use ("Used Document") shall not be eligible for clawback under this Order. Such ineligibility for clawback of that document under this Order shall not result in a subject matter waiver in this or any other state or federal proceeding.

e) In the event the Court decides a clawback dispute in the receiving party's favor and the receiving party was denied the opportunity to examine the witness as to the materials at issue, the witness shall be made available as soon as practicable after the Court's decision.

**5.      PROHIBITION ON USE OF PRIVILEGED INFORMATION**

To the extent any party is aware that it has obtained Protected Documents, has received a Clawback Notice, or it is reasonably apparent that the party has obtained privileged or protected information through production, disclosure, or communications, the party must promptly notify the opposing party of its possession of such Protected Documents and certify the sequester, return, or destruction of the Protected Documents and/or information within a reasonable time as described in Sections 2 and 3 above.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:_____           _____
                                        Honorable James E. Boasberg
                                        United States District Judge