**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | |
| Plaintiff, | |
| v. | Civil Action No. 1:20−cv−03590 (JEB) |
| **META PLATFORMS, INC.** | |
| Defendant. | |

## [PROPOSED] PROTECTIVE ORDER

In the interests of (i) ensuring efficient and prompt resolution of this Action; (ii) facilitating discovery by the Parties litigating this Action; and (iii) protecting confidential information from improper disclosure or use, the Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(1), ORDERS as follows:

**A. Definitions**

1. As used herein:

    (a) "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

    (b) "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any document, transcript, or other material containing such information that has not been published or otherwise made publicly available. In addition, a Designating Party may designate as Confidential any information or items made publicly available in violation of a court order to keep such information confidential, that the Designating Party believes should receive Confidential

1

treatment.  This includes (i) information copied or extracted, summarized or compiled from Confidential Information, and (ii) testimony, conversations, or presentations that might reveal Confidential Information.

(c) "Competitive Decision-Making" means decision-making relating to a competitor, potential competitor, customer, or distribution partner including decisions regarding contracts, marketing, pricing, product or service development or design, product or service offerings, research and development, mergers and acquisitions, or licensing, acquisition, or enforcement of intellectual property rights.

(d) "Defendant" means Meta Platforms, Inc., and its and their predecessors, divisions, subsidiaries, affiliates, partnerships, successors, and joint ventures, and all directors, officers, employees, agents (including counsel), and representatives of the foregoing, including but not limited to, Instagram and WhatsApp.

(e) "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

(f) "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

(g) "Highly Confidential Information," as defined herein, shall only include Confidential Information that, if disclosed, is likely to cause material and significant harm to a Protected Person.

Highly Confidential Information includes trade secrets, including algorithms and source code; non-public, commercially sensitive customer lists; non-public financial, marketing, or strategic business planning information; current or future non-public information regarding prices, costs, or margins; information relating to research,

2

development, testing of, or plans for existing or proposed future products; evaluation

of the strengths and vulnerabilities of a Protected Person's product offerings,

including non-public pricing and cost information; confidential contractual terms,

proposed contractual terms, or negotiating positions (including internal deliberations

about negotiating positions) taken with respect to Defendant or competitors to

Defendant; information relating to pending or abandoned patent applications that

have not been made available to the public; personnel files; sensitive personally

identifiable information; sensitive health information; and communications that

disclose any Highly Confidential Information.  Highly Confidential Information also

includes information that a Non-Party believes would expose it or new business

ventures with which it is associated to potential retribution or harm if the information

were disclosed to Defendant.  If a Protected Person (i) has produced Investigation

Materials or (ii) is required by subpoena or court order to produce information that

would cause it material and significant competitive or commercial harm, but that

information does not specifically fall into one of the categories of information listed

in this paragraph, upon a compelling showing, it may seek a court order that such

information is Highly Confidential and should be withheld from In-House Counsel,

subject to the exception in paragraph D(1)(d) below.  If a motion is made pursuant to

this paragraph and is related to Investigation Materials, it must be filed co-currently

with its Highly Confidential Designations under paragraph B(2)(a).  If a motion is

made pursuant to this paragraph and is related to a subpoena or court order, it must be

filed no later than the due date to respond to the subpoena or court order.  If a

Protected Person seeks additional protection pursuant to this paragraph from the

Court, the materials for which additional protection has been sought will not be provided to other Persons, aside from outside counsel, until the Court has ruled.

(h) "In-House Counsel" means attorneys employed by Defendant for the purpose of rendering legal services, as well as paralegals, secretaries, and clerical and administrative personnel that are employed by Defendant for the purpose of assisting attorneys employed by Defendant for the purpose of rendering legal services.

(i) "Investigation" means the pre-Complaint inquiry by Plaintiff, marked as Federal Trade Commission File No. 191-0134, regarding potential anticompetitive conduct by Defendant.

(j) "Investigation Materials" means non-privileged documents, testimony or other materials that (i) any Non-Party provided to the Federal Trade Commission, either voluntarily or under compulsory process, relating to the Investigation; (ii) constitute any communication between the Federal Trade Commission and any Non-Party relating to and during the Investigation; or (iii) Defendant, or affiliated person or entity, provided to the Federal Trade Commission relating to the Investigation.

(k) "Litigation Materials" means non-privileged documents, testimony, or other materials that (i) any Non-Party provides to any Party, either voluntarily or under compulsory process, in connection with and during the pendency of this Action; (ii) constitute any communication between any Party and any Non-Party in connection with and during the pendency of this Action; (iii) Defendant provides to Plaintiff in connection  with and during the pendency of this Action; and/or (iv) Plaintiff provides to Defendant in connection with and during the pendency of this Action.

(l) "Non-Party" means any Person not named as a Party to this Action.

(m) "Outside Counsel of Record" means the attorneys employed by outside law firms representing Defendant in this proceeding, as well as attorney support staff.

(n) "Party" means the Plaintiff or Defendant in this Action. "Parties" means collectively Plaintiff and Defendant in this Action.

(o) "Plaintiff" means the U.S. Federal Trade Commission and all of its employees, agents, and representatives.

(p) "Person" means any natural person, corporate entity, business entity, partnership, association, joint venture, governmental entity, trust, or other legal entity.

(q) "Protected Person" means any Person (including a Party or Non-Party) that either voluntarily or under compulsory process, has provided or provides (i) Investigation Materials in connection with the Investigation, or (ii) Litigation Materials.

**B. <u>Designation of Highly Confidential Information and Confidential Information</u>**

1. Within 5 business days of the Court's entry of this Order, Plaintiff shall send by email, facsimile, or overnight delivery a copy of this Order to each Non-Party Protected Person (or, if represented by counsel, the Non-Party Protected Person's counsel) that provided Investigation Materials to the Federal Trade Commission.

2. DESIGNATION OF INVESTIGATION MATERIALS AS HIGHLY CONFIDENTIAL BY PROTECTED PERSONS.  A Protected Person may designate any Investigation Materials they produced as Highly Confidential pursuant to the following procedures:

(a) Defendant is not required to re-designate Investigation Materials as Confidential or Highly Confidential: all Investigation Materials produced by Defendant presumptively shall be treated as Highly Confidential, subject to the Challenge process described below in Section C, and any further relevant orders or procedures

the Court adopts governing the designation and use in this Action of Investigation Materials produced by Defendant (e.g., procedures governing the designation of trial exhibits as Highly Confidential).

(b) Other than Defendant, each Protected Person shall have 60 days after receiving a copy of this Order (the "Designation Period") to designate as Highly Confidential Information any Investigation Materials to the extent the Protected Person determines, in good faith, that the Investigation Materials include Highly Confidential Information, and that such designation is necessary to protect the interests of the Protected Person.  Such Investigation Materials may be so designated, if they have not already been designated, by providing written notice by overnight mail or email and a replacement production to the party to which the Investigation Materials were produced that includes copies of the Investigation Materials stamped with the legend "HIGHLY CONFIDENTIAL," in a manner that will not interfere with legibility, including page numbering, or audibility.  If a Non-Party is unable to submit a replacement production due to burden, it may instead provide written notice by overnight mail or email to the party to which the Investigation Materials were produced that includes detailed designations of every document that includes Highly Confidential Information.

Any document that contains Highly Confidential Information may be designated Highly Confidential Information in its entirety.

(c) Until the expiration of this Designation Period, all Investigation Materials will be treated as Highly Confidential Information in their entirety.

Investigation Materials—other than Investigation Materials produced by Defendant—that are not designated as Highly Confidential by the end of the expiration of this Designation Period shall be treated as Confidential Information for purposes of this Order pursuant to the Antitrust Civil Process Act, or any other federal or state statute or regulation, or under any federal or state court precedent interpreting such statute or regulation, as well as any information that discloses the substance of the contents of any Highly Confidential Information or Confidential Information derived from a document subject to this Order, and any information taken from any portion of such material.

The identity of a Non-Party submitting such Highly Confidential Information or Confidential Information shall also be treated as Highly Confidential Information or Confidential Information for the purposes of this Order; unless or until such a time as the Non-Party informs a Party that such treatment is not required.

3.  If a Non-Party Protected Person believes that this Order does not adequately protect its Highly Confidential Information or Confidential Information, it may, within 10 days after receipt of a copy of this Order, seek additional protection from the Court for the Non-Party Protected Person's Highly Confidential Information or Confidential Information.  If a Non-Party Protected Person seeks additional protection from the Court, the Investigation Materials for which additional protection has been sought will not be provided to other Persons, aside from outside counsel, until the Court has ruled.

4.   Any production of documents or testimony not designated as Confidential or Highly Confidential Information will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as Confidential or

Highly Confidential Information.  If at any time before trial of this Action, a Protected Person realizes that it should have designated as Highly Confidential or Confidential any Investigation Materials or Litigation Materials that Person previously produced during discovery in this Action, it may so designate such documents, testimony, or other materials by notifying the Parties in writing and providing a  replacement production to the party to which the Investigation Materials or Litigation Materials were produced that includes copies of the Investigation Materials or Litigation Materials stamped with the legend "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL", in a manner that will not interfere with legibility, including page numbering, or audibility.  The Parties shall thereafter treat the Investigation Materials or Litigation Materials pursuant to the Protected Person's new designation under the terms of this Order.  However, the disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

5.  If a Party learns that, by inadvertence or otherwise, it has disclosed a Protected Person's Confidential Information or Highly Confidential Information in any circumstance not authorized under this Order, the Party must immediately (i) notify in writing the Protected Person of the unauthorized disclosure, (ii) use its best efforts to retrieve all unauthorized copies of the disclosed material, (iii) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order, and (iv) request such person or persons acknowledge and agree to be bound by Appendix A.

6.  DESIGNATION OF LITIGATION MATERIALS AS HIGHLY CONFIDENTIAL OR CONFIDENTIAL BY PROTECTED PERSONS.  The following procedures govern the process for Protected Persons to designate as Highly Confidential or Confidential any

information that they disclose in this Action after this Order is entered based on a good-faith belief that such materials qualify for that designation under the terms of this Order, including but not limited to information in response to requests under Fed. R. Civ. P. 30, 31, 33, 36, and 45, and documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), or 45:

(a) <u>Testimony.</u>  All transcripts of depositions taken in this Action after entry of this Order will be treated as Highly Confidential Information in their entirety for 30 days after the date when a complete and final copy of the transcript has been made available to the deponent (or the deponent's counsel, if applicable).  Within five (5) business days of receipt of the final transcript, the Party who noticed the deposition shall provide the final transcript to the deponent.  Within 30 days following receipt of the final transcript, the deponent may designate as Highly Confidential Information any portion of the deposition transcript, by page(s) and line(s), and any deposition exhibits provided by the deponent or the deponent's employer.  To be effective, such designations must be provided in writing to Plaintiff's and Defendant's counsel. Any portion of the transcript or exhibits not so designated pursuant to this subparagraph 6(a) shall be treated as Confidential Information, subject to the Challenge process described below in Section C.

When a Party is entitled under this Order to question a deponent about a document or information that has been designated by a different Protected Person as Highly Confidential or Confidential, the Party that asked such questions shall designate as either Highly Confidential or Confidential the portion of the transcript relating to such Highly Confidential or Confidential document or information.

(b) <u>Documents.</u>  A Protected Person who designates as Highly Confidential Information any document that it produces in this Action must stamp or otherwise mark each document containing said information with the designation "HIGHLY CONFIDENTIAL" in a manner that will not interfere with legibility, including page numbering, or audibility.

A Protected Person who designates as Confidential Information any document that it produces in this Action must stamp or otherwise mark each document containing said information with the designation "CONFIDENTIAL" in a manner that will not interfere with legibility, including page numbering, or audibility.

Any document that contains Confidential Information may be designated Confidential Information in its entirety.  Any document that contains Highly Confidential Information may be designated Highly Confidential Information in its entirety.

(c) <u>Electronic Documents and Data.</u>  Where a Protected Person produces electronic files and documents in native electronic format, such electronic files  and documents shall be designated by the Protected Person for protection under this Order by appending to the file names or designators information indicating whether the file contains Highly Confidential Information or Confidential Information, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files.  Where Highly Confidential Information or Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Confidential Information, the "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" designation may be placed on the disk or other medium.

When electronic files or documents in native form are printed for use at deposition, in a court proceeding, or for provision in printed form to any person described in subparagraph D(2)(g), the Party printing the electronic files or documents shall affix a legend to the printed document saying, "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" and include the production number and designation associated with the native file.

Any electronic file or document that contains Confidential Information may be designated Confidential Information in its entirety. Any electronic file or document that contains Highly Confidential Information may be designated Highly Confidential Information in its entirety.

7. DESIGNATION OF LITIGATION MATERIALS FROM NON-PARTIES. In the event that a Party receives a discovery request in this Action to produce a Non-Party's Highly Confidential Information or Confidential Information in its possession, then the Party shall:

(a) promptly notify in writing the Party seeking the Highly Confidential Information or Confidential Information that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly notify the Non-Party that its Highly Confidential Information or Confidential Information is being requested and either provide a reasonably specific description of the information or make the information requested available for inspection by the Non-Party; and

(c) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation and the relevant discovery request(s).

8.  If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Non-Party's Highly Confidential Information or Confidential Information responsive to the discovery request may be produced.  If the Non-Party timely seeks a protective order, its Highly Confidential Information or Confidential Information that is subject to the confidentiality agreement shall not be produced before a determination by the Court.[1]

9.  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as Highly Confidential Information or Confidential Information. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**C.  <u>Challenges to Highly Confidential or Confidential Designation</u>**

1.  Any Party who objects to any designation of confidentiality (the "Objecting Party") may at any time provide a written notice to the Protected Person who made such designation (the "Designating Party") and all Parties to this Action stating with particularity the grounds for the objection.  Objections to a confidentiality designation may be made to any portion of a document that is designated Confidential or Highly Confidential, including any particular statement or information contained within a document.  All materials objected to shall continue to be treated as Confidential Information or Highly Confidential Information pending resolution of the dispute.  Within 10 days of the Objecting Party's written notice, the Objecting Party and the Designating Party shall

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

attempt to confer to discuss their respective positions.  If the Objecting Party and

Designating Party cannot reach agreement on the objection within 14 days of the

Objecting Party's written notice service (or another deadline agreed to by the Objecting

Party and the Designating Party), the Objecting Party may address the dispute to this

Court by filing a letter motion and/or motion in accordance with applicable rules.  If the

Court finds that any portion of the document or statement at issue does not constitute

Highly Confidential Information or Confidential Information, the challenged designation

shall be considered rescinded with respect to that portion of the document or statement.

**D.  <u>Disclosure of Highly Confidential Information or Confidential Information</u>**

1.  Highly Confidential Information may be disclosed only to the following persons:

   (a)  the Court and all persons assisting the Court in this Action, including law clerks,
   court reporters, and stenographic or clerical personnel;

   (b)  U.S. Federal Trade Commission attorneys, paralegals and other professional
   personnel (including support and IT staff), and agents or independent contractors
   retained by Plaintiff to assist in this Action whose functions require access to the
   information;

   (c)  Outside Counsel of Record for Defendant, including any attorneys (but not In-House
   Counsel for the Defendant except as provided in paragraph D(1)(d) and subject to the
   procedure in Section E), paralegals, and other professional personnel (including
   support and IT staff) that such outside counsel assigns to this Action whose functions
   require access to the information (but not any employee of the Defendant);

   (d)  Two In-House Counsel of Defendant with responsibilities for the litigation of this
   Action who do not, as of the time of executing an In-House Counsel Agreement

Concerning Confidentiality in the form of Appendix B, and for a period of two (2) years following the last occasion on which Highly Confidential Information is disclosed to such In-House Counsel, shall not (a) participate in or advise on Defendant's Competitive Decision-Making, whether such In-House Counsel are still employed by Defendant or are employed by a different employer, (b) participate in or advise on Competitive Decision-Making involving a Protected Person whose Highly Confidential Information they accessed during the course of this Action at any employer, or (c) participate in or advise on litigation or other legal actions (aside from litigation arising from or related to the allegations in the Complaint in this action) on behalf of Defendant or any other employer where a Protected Person is a genuinely adverse party (i.e., a party whose interests are more than merely nominally adverse, typified by responding to a Protected Party's subpoena) and whose Highly Confidential Information Designated In-House Counsel accessed in the course of this Action; to qualify for access under this subpart, in-house litigation counsel shall first execute an In-House Counsel Agreement Concerning Confidentiality in the form of Appendix B attached hereto (which executed versions shall be maintained by Outside Counsel for the relevant Defendant and available for inspection upon the request of the Court, any Party, or any non-Party Protected Person) and only access Highly Confidential Information in person at the offices of Defendant's Outside Counsel of Record, or using a secure electronic data room or document review platform using an individual login identification and password.

Defendant shall promptly report any confirmed or suspected unauthorized use or disclosure of Highly Confidential Information to the Court and Plaintiff.  Any counsel

subject to this subsection who leaves the employment of Defendant to work in an industry unrelated to the decisions associated with Defendant's Competitive Decision-Making shall be presumed to be exempt from the post-employment limits of this provision absent a showing by Plaintiff or any interested Protected Person that such a person engaged in Competitive Decision-Making;

(e) outside vendors or service providers (such as copy-service providers, eDiscovery vendors and similar service providers, outside court reporters retained for depositions, and document-management consultants) retained by a Party to assist that Party in this Action provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto;

(f) any mediator, arbitrator, or special master that the Parties engage in this Action or that this Court appoints;

(g) persons who the Highly Confidential Information itself indicates, or who the receiving party has a good-faith basis to believe, were the author, addressee, recipient, custodian, or source of the document, to the extent they have previously had lawful access to the document disclosed or to be disclosed; in addition, during a deposition or trial, a witness who is a current or former employee of a Party may be shown any portion of a document produced by that Party that purports to quote, recount, or summarize said employee's statements or communications (for the avoidance of doubt, other portions of a document may be shown to the current or former employee where necessary to orient said employee's deposition or trial testimony regarding the relevant statements);

(h) any person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto; and

(i) outside trial consultants (including, but not limited to, graphics consultants) provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto.

2.  Confidential Information may be disclosed only to the following persons:

(a) the Court and all persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

(b) U.S. Federal Trade Commission attorneys, paralegals and other professional personnel (including support and IT staff), and agents or independent contractors retained by Plaintiff to assist in this Action whose functions require access to the information;

(c) Outside Counsel of Record for Defendant, including any attorneys (but not In-House Counsel for the Defendant except as provided in paragraph D(2)(d) and subject to the procedure in section E), paralegals, and other professional personnel (including support and IT staff) that such outside counsel assigns to this Action whose functions require access to the information (but not any employee of the Defendant);

(d) Four In-House Counsel of Defendant with responsibilities for the litigation of this Action who do not currently, and for a period of two (2) years following the last occasion on which Confidential Information is disclosed to such In-House Counsel

shall not (a) participate in or advise on Defendant's Competitive Decision-Making,
whether such In-House Counsel are still employed by Defendant or are employed by
a different employer, (b) participate in or advise on Competitive Decision-Making
involving a Protected Person whose Confidential Information they accessed during
the course of this Action at any employer, or (c) participate in or advise on litigation
or other legal actions (aside from litigation arising from or related to the allegations in
the Complaint in this action) on behalf of Defendant or any other employer where a
Protected Person is a genuinely adverse party (i.e., a party whose interests are more
than merely nominally adverse, typified by responding to a Protected Party's
subpoena) and whose Confidential Information Designated In-House Counsel
accessed in the course of this Action; to qualify for access under this subpart, in-
house litigation counsel shall first execute an In-House Counsel Agreement
Concerning Confidentiality in the form of Appendix B attached hereto (which
executed versions shall be maintained by Outside Counsel for the relevant Defendant
and available for inspection upon the request of the Court, any Party, or any non-
Party Protected Person) and only access Confidential Information in person at the
offices of Defendant's Outside Counsel of Record, or using a secure electronic data
room or document review platform using an individual login identification and
password.

Defendant shall promptly report any confirmed or suspected unauthorized use or
disclosure of Confidential Information to the Court and Plaintiff.  Any counsel
subject to this subsection who leaves the employment of Defendant to work in an
industry unrelated to the decisions associated with Competitive Decision-Making

shall be presumed to be exempt from the post-employment limits of this provision absent a showing by Plaintiff or any interested Protected Person that such a person engaged in Competitive Decision-Making;

(e) outside vendors or service providers (such as copy-service providers, eDiscovery vendors and similar service providers, outside court reporters retained for depositions, and document-management consultants) retained by a Party to assist that Party in this Action provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto;

(f) any mediator, arbitrator, or special master that the Parties engage in this Action or that this Court appoints;

(g) persons who the Confidential Information itself indicates, or who the receiving party has a good-faith basis to believe, were the author, addressee, recipient, custodian, or source of the document, to the extent they have previously had lawful access to the document disclosed  or to be disclosed; any current or former employee  of a Party whose statements or communications are quoted, recounted, or summarized in said Party's document; or persons for whom counsel for Plaintiff or Defendant believes in good faith previously received or had access to the document, unless the person indicates that he or she did not have access to the document;

(h) any person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto; and

(i)  outside trial consultants (including, but not limited to, graphics consultants) provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto.

3.  Counsel for the Party making the disclosure must retain the original of the Agreement Concerning Confidentiality in the form of Appendix A attached hereto for a period of at least one (1) year following the final resolution of this Action.

4.  Each individual described in paragraphs D (1) and D (2) of this Order to whom information designated as Highly Confidential Information or Confidential Information is disclosed must not disclose that Highly Confidential Information or Confidential Information to any other individual, except as provided in this Order.

5.  Nothing in this Order prevents Plaintiff, subject to taking appropriate steps to preserve the confidentiality of such information, from disclosing such information designated as Highly Confidential Information or Confidential Information (i) in the course of any other legal proceeding in which the U.S. Federal Trade Commission is a party; (ii) for the purpose of securing compliance with a Final Judgment in this Action; or (iii) for law enforcement purposes.  Such disclosures shall be limited to disclosures by the U.S. Federal Trade Commission.

6.  Nothing in this Order:

(a) limits a Protected Person's use or disclosure of its own information designated as Highly Confidential Information or Confidential Information;

(b) prevents disclosure of Highly Confidential Information or Confidential Information with the consent of the Protected Person that designated the material as confidential;

(c)  prevents disclosure by a Party of Highly Confidential Information or Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt during the Investigation or in discovery in this Action; (iii) previously produced, disclosed and/or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of a court or (v) as may be required by regulation; or

(d)  prevents the U.S. Federal Trade Commission's retention, use, or disclosure of Investigation Materials outside the context of this Action to the extent permitted by applicable law or regulation governing such pre-complaint discovery including the Hart-Scott-Rodino Act, 15 U.S.C. § 18a, and the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14, or for law enforcement purposes, or as required by law, court order, or regulation.  Any such disclosures shall be limited to those permitted by applicable law or regulation, including, in the case of materials obtained under the Antitrust Civil Process Act, 15 U.S.C. § 1313(d).  Plaintiff will not disclose any Litigation Material produced only during the pendency of this Action to any Non-Party, except as ordered by a court or as may be required by regulation and with seven (7) days written notice to Defendant or interested Protected Person.  If Investigation Materials or Litigation Materials are requested for disclosure under a state's public information act or the equivalent, this Order prohibits disclosure to the extent the state's public information act or the equivalent provides an exception for disclosure of information protected by court order.  If a Party is served with a subpoena or court order issued in other litigation that compels disclosure of any

Confidential Information or Highly Confidential Information, the Party will promptly notify the Designating Party and the Designating Party shall bear the burden and expense of seeking protection in that court.

(e) permits the disclosure of Highly Confidential or Confidential Information in another Action.

**E.  <u>Challenges to In-House Counsel</u>**

1.   Unless otherwise ordered by the Court or agreed to in writing by the Protected Person, seven (7) days before disclosing any information designated as Highly Confidential Information or Confidential Information to the Defendant's designated In-House Counsel, Defendant must submit in writing to Plaintiff and the Protected Person a written statement that (i) sets forth the full name of the Designated In-House Counsel and the city and state of his or her residence, (ii) describes the In-House Counsel's past, current, and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if In-House Counsel is involved, or may become involved, in any Competitive Decision-Making; and (iii) lists the litigations or other legal actions in which the In-House Counsel participates or advises on behalf of Defendant or any other employer.

2.   Defendant may disclose Highly Confidential Information and/or Confidential Information to its designated In-House Counsel unless the Defendant receives a written objection from Plaintiff or any Protected Person within 10 days of receiving the Defendant's written statement pursuant to paragraph E(1) above.  Any such objection must set forth in detail the grounds on which it is based.

3.   If Defendant receives a timely written objection it must meet and confer with the Plaintiff or any Protected Person to try to resolve the matter by agreement within seven

(7) days of the written objection.  If no agreement is reached, Plaintiff and/or any

Protected Person will have seven (7) days to file a motion with the Court, objecting to

designated In-House Counsel.  Defendant will not disclose any Highly Confidential

Information or Confidential Information to its In-House Counsel pending resolution of

the dispute.  If the Court finds that the designated In-House Counsel qualifies under the

provisions of paragraph D(1)(d) or D(2)(d), Defendant will be able to disclose Highly

Confidential Information or Confidential Information, as appropriate, to its designated In-

House Counsel in accordance with paragraph D(1)(d) or D(2)(d).

**F.  Use of Information Designated Highly Confidential or Confidential in This Action**

1.  In the event that any Highly Confidential Information or Confidential Information is

contained in any pleading, motion, exhibit or other paper filed or to be filed with the

Court, the Court shall be so informed by the party filing such papers, and such papers

shall be filed under seal, in accordance with Local Rule 5.1(h).  This Order hereby grants

the Parties and any Non-Party Protected Person leave to file such properly designated

Highly Confidential Information or Confidential Information under seal.  Highly

Confidential Information and Confidential Information contained in the papers shall

continue to be maintained under seal until further order of the Court, provided, however,

that such papers may be furnished to persons or entities who may receive Highly

Confidential Information or Confidential Information pursuant to paragraphs D(1) and

D(2).  Upon or after filing any paper containing Highly Confidential Information or

Confidential Information, the filing Party or Non-Party Protected Person shall file on the

public record a duplicate copy of the paper that does not reveal Highly Confidential

Information or Confidential Information.  Further, if the protection for any such material

expires, a Party or Non-Party Protected Person may file on the public record a duplicate

copy that also contains the formerly protected material.  Nothing in this Order shall

restrict the Parties or any interested member of the public from challenging the filing of

any Highly Confidential Information or Confidential Information under seal.

2.   Parties shall give the other parties notice if they reasonably expect a deposition, hearing,

or other proceeding to include Highly Confidential Information or Confidential

Information so that the other parties can ensure that only authorized individuals are

present at those proceedings.  The use of a document as an exhibit at a deposition shall

not in any way affect its designation as Highly Confidential Information or Confidential

Information.

**G.  Use of Highly Confidential Information or Confidential Information at Trial**

1.   Disclosure at trial or at any evidentiary hearing of any document, testimony, or other

material designated as Highly Confidential Information or Confidential Information will

be governed pursuant to a separate court order.  In advance of the filing of a proposed

order governing the disclosure of Highly Confidential Information or Confidential

Information at trial or any evidentiary hearing, the Parties shall provide notice of such

order to third parties whose Highly Confidential Information or Confidential Information

is expected to be used at trial or any evidentiary hearing.

2.   Unless otherwise provided for in this Order, all Highly Confidential Information and

Confidential Information produced by a Party or a Non-Party as part of this proceeding

shall be used solely for the conduct of this Action and shall not be used for any business,

commercial, competitive, personal, or other purpose.

**H. Procedures upon Termination of This Action**

1.  The obligations imposed by this Order survive final disposition of this Action unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise.  Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating this litigation, all persons having received information designated as Highly Confidential Information or Confidential Information must either make a good faith effort to return such material and all copies thereof to the Protected Person (or the Protected Person's counsel if represented by counsel) that produced it, or certify that it has destroyed or deleted all such Highly Confidential Information or Confidential Information in writing to the Party or Protected Person.

2.  Counsel for the Parties will be entitled to retain court papers and exhibits, deposition transcripts and exhibits, trial transcripts and exhibits, and work product, provided that the Parties and their counsel do not disclose the portions of court papers and exhibits, deposition transcripts and exhibits, trial transcripts and exhibits, or work product containing information designated as Highly Confidential Information or Confidential Information  to any person except pursuant  to court order or agreement with the Protected Person that produced the Highly Confidential Information or  Confidential Information or as otherwise permitted  herein.  All Highly Confidential Information and Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this paragraph.  Nothing in this paragraph, however, restricts the rights of the Parties under paragraphs D (5) or D (6) of this Order.

**I.** **Right to Seek Modification**

  1.  Nothing in this Order limits any Person, Party, or a Protected Person, from seeking (i) further or additional protections of any of its materials, or (ii) modification of this Order upon motion duly made pursuant to the Rules of this Court, including, without limitation, an order that certain material not be produced at all or is not admissible evidence in this Action or any other proceeding.

**J.** **The Privacy Act**

  1.  Any order of this Court requiring the production of any document, information, or transcript of testimony constitutes a court order within the meaning of the Privacy Act, 5 U.S.C.§ 552a(b)(11).

**K.** **Persons Bound by This Order**

  1.  This Order shall be binding on the Parties to this Action, their attorneys, and their successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.  This Order shall also be binding on every person who signs Appendix A or Appendix B.

  2.  All persons subject to this Order are reminded that this Order may be enforced by the Court's full powers of criminal and civil contempt.

**SO ORDERED.**

DATED: _____

                                                _____
                                                Honorable James E. Boasberg
                                                United States District Judge

## APPENDIX A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**FEDERAL TRADE COMMISSION**,

Plaintiff,

v.

**META PLATFORMS, INC.**

Defendant.

Civil Action No. 1:20−cv−03590 (JEB)

### AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, am employed by _____ as _____.

I hereby certify that:

1. I have read the Protective Order entered in the above-captioned action and understand its terms.

2. I agree to be bound by the terms of the Protective Order entered in the above-captioned action.  I agree to use the information provided to me only as explicitly provided in this Protective Order.

3. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the District of Columbia solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said court.

_____ SIGNATURE

_____ DATE

## APPENDIX B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FEDERAL TRADE COMMISSION**,

                    Plaintiff,

          v.                                           Civil Action No. 1:20−cv−03590 (JEB)

**META PLATFORMS, INC.**

                    Defendant.

## IN-HOUSE LITIGATION COUNSEL AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, am employed as _____ by _____.

I hereby certify that:

1.  I have read the Protective Order entered in the above-captioned action and understand its terms.

2.  I agree to be bound by the terms of the Protective Order entered in the above-captioned action, agree that in my role as in-house litigation counsel for the above Defendant company I meet the requirements of paragraph D(2)(d) of this Protective Order, and agree to use the information provided to me only as explicitly provided in this Protective Order.

3.  I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4.  I submit to the jurisdiction of the United States District Court for the District of Columbia solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

_____ SIGNATURE

_____ DATE