**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 1:20-cv-03590-JEB |

**DECLARATION OF M. SEAN ROYALL IN SUPPORT OF META PLATFORMS, INC.'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Pursuant to 28 U.S.C. § 1746, I, M. Sean Royall, declare as follows:

1. I submit this Declaration in Support of Meta's Motion To Compel Production of Documents. I have personal knowledge of the facts set forth herein and am competent to testify thereto if called as a witness.

2. I am a partner with the law firm of Sidley Austin LLP and am an attorney admitted to practice law in the District of Columbia and Texas. My law firm represents Meta, and I have personally represented Meta on matters unrelated to this litigation. I focus on antitrust and consumer protection litigation, government investigations, and counseling, and serve as a co-leader of the firm's global Antitrust and Consumer Protection practices. Before joining Sidley in 2022, I was a partner at the law firms of Kirkland & Ellis LLP (2019-2022) and Gibson, Dunn & Crutcher LLP (2003-2019), where I also handled complex antitrust litigation matters. I received my Bachelors of Science in economics from Texas A&M University and my Juris Doctor from the University of Chicago Law School, after which I served as a law clerk for Judge Patrick E. Higginbotham on the United States Court of Appeals for the Fifth Circuit.

3. Between 2001 and 2003, I served as the Deputy Director of the Bureau of Competition at the Federal Trade Commission ("FTC"), which is charged with enforcing federal antitrust law. Among other responsibilities, I was part of the Bureau's "front office" leadership team and, along with the Bureau Director and another Deputy Director, supervised the Bureau's various Divisions, including the Merger Divisions responsible for conducting review of pre-merger submissions filed in compliance with the Hart-Scott-Rodino Antitrust Improvements Act of 1976 ("HSR"), 15 U.S.C. § 18a. Since departing the FTC, I have continued to practice before the agency in merger- and non-merger-related antitrust matters, as well as consumer-protection-related matters, and I have maintained knowledge about the FTC's internal processes.

4. The FTC has a well-established procedure for reviewing proposed transactions subject to HSR review. First, the parties report the transaction to the FTC and the Department of Justice by filing a "Notification and Report Form for Certain Mergers and Acquisitions" with the FTC's Premerger Notification Office. This form requires the parties to provide planning and evaluation documents relating to the contemplated transaction, as well as basic documents, such as balance sheets and other financial data. The Premerger Notification Office reviews the HSR filing and creates a "Short Sheet" summarizing the transaction, which is circulated among the Merger Divisions within the Bureau of Competition.

5. After the parties file an HSR form, they must comply with a statutorily mandated waiting period during which the appropriate Merger Division investigates the proposed transaction. At the end of the waiting period, the FTC decides whether to issue a "Second Request" to extend the investigation. If the staff attorneys at the Bureau of Competition believe further review is warranted, they prepare a memorandum setting out the findings of their preliminary investigation and the basis for the Second Request. In some instances, the staff economists at the Bureau of Economics will prepare a separate memorandum. The Bureau of Economics operates independently from the Bureau of Competition, and the staff economists do not act at the direction of attorneys. Their role is to evaluate the market(s) and the potential economic impact of the transaction. Because each Bureau offers its own independent recommendations, the two memoranda generated from Bureau of Competition and Bureau of Economics staff may reach different conclusions.

6. The internal protocol is that these memoranda are reviewed by a "Merger Screening Committee" including representatives from the Bureau of Competition and Bureau of Economics, and at least one representative from a Commissioner's office, before the memoranda

are forwarded to the Commission, at which point a single Commissioner can authorize issuance of a Second Request.

7. If a Commissioner approves the Second Request, the agency then seeks additional information from the parties and third parties to gather facts about the relevant antitrust market(s), the nature and scope of competition in the market, and the transaction's likely effect on consumers and competition.

8. After the investigation, Bureau of Competition staff submit a memorandum recommending whether to close the investigation or, alternatively, to challenge the transaction, including through efforts to obtain a negotiated settlement. That memorandum is then typically forwarded to the Commission together with a separate, shorter cover memo from the Bureau Director and/or Deputy Directors, who can express independent views and recommendations agreeing or disagreeing with the staff. The Bureau and staff memoranda submitted at this stage typically contain a detailed recitation of the facts collected during the investigation followed by a distinct recommendation whether to challenge the transaction. Separately, the Bureau of Economics typically submits its own staff- and Bureau-level memoranda to the Commission. All of these memoranda, in varying degrees of detail, typically recount the material facts, analyze the relevant market, consider potential barriers to entry, and generally evaluate whether the transaction would likely harm consumers or competition. After reviewing the memoranda, and in some cases meeting with the parties' representatives, the Commissioners vote on what action to take. If the Commission finds that no further action is warranted, it issues a closing letter to the parties informing them of the decision.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: May 31, 2022        By: /s/ M. Sean Royall
                               M. Sean Royall