# Exhibit 1

JERROLD NADLER, New York
CHAIRMAN

DOUG COLLINS, Georgia
RANKING MINORITY MEMBER

# U.S. House of Representatives
## Committee on the Judiciary
### Washington, DC 20515-6216
#### One Hundred Sixteenth Congress

September 13, 2019

The Honorable Joe Simons
Chairman
Federal Trade Commission
600 Pennsylvania Ave NW
Washington, D.C. 20580

Dear Chairman Simons:

As you are aware, the House Committee on the Judiciary (Committee) is investigating competition in digital markets.[1] The focus of this bipartisan investigation is to examine (1) competition problems in digital markets; (2) whether dominant firms are engaging in anti-competitive conduct online; and (3) whether existing antitrust laws, competition policies, and current enforcement levels are adequate to address these issues.[2]

Under the Rules of the House of Representatives, the Committee's jurisdiction includes the protection of trade and commerce against unlawful restraints and monopolies,[3] as well as oversight of the antitrust laws and competition policy.[4] In addition, the Committee's jurisdiction extends to administrative practice and procedure.[5]

The Committee's digital markets investigation is a central part of its efforts to fulfill its legislative and oversight responsibilities. As part of this work, we write to request that the FTC

---

[1] Press Release, H. Comm. on the Judiciary, House Judiciary Committee Launches Bipartisan Investigation into Competition in Digital Markets (June 3, 2019) (on file at https://judiciary.house.gov/news/press-releases/house-judiciary-committee-launches-bipartisan-investigation-competition-digital).

[2] *Id.*

[3] RULES OF THE HOUSE OF REPRESENTATIVES, 116th Cong., 1st Sess., Rule X, cl. (1)(l)(16) (2019), *available at* https://www.govinfo.gov/content/pkg/CPRT-116HPRT36537/pdf/CPRT-116HPRT36537.pdf.

[4] RULES OF PROCEDURE, HOUSE COMMITTEE ON THE JUDICIARY, 116th Cong., Rule VI, cl. (b) (2019), *available at* https://judiciary.house.gov/sites/democrats.judiciary.house.gov/files/documents/RulesofProcedureFinal_1_0.pdf.

[5] RULES OF THE HOUSE OF REPRESENTATIVES, 116th Cong., 1st Sess., Rule X, cl. (1)(l)(2) (2019), *available at* https://www.govinfo.gov/content/pkg/CPRT-116HPRT36537/pdf/CPRT-116HPRT36537.pdf.

provide the documents set forth in the Schedule in accordance with the attached Definitions and Instructions no later than October 14, 2019.

It is our understanding that the requested materials are likely to contain sensitive information regarding the FTC's internal decision-making processes, FTC attorney work product, and third-party businesses, and this request is not being made lightly. Access to this information, however, is vital for the Committee to fully carry out its oversight and legislative duties. For example, understanding the views of FTC attorneys, economists, and Commissioners on whether or not to recommend challenging certain digital market conduct or transactions is essential for us to assess whether existing antitrust laws are adequate for tackling current competition problems and to identify potential reasons for under-enforcement.

We encourage the FTC to communicate specific concerns, if any, that the agency has in responding to this request as soon as possible, so that we can discuss potential avenues for addressing them in a timely manner.

Thank you for your prompt attention to these requests.

Sincerely,

Jerrold Nadler
Chairman
Committee on the Judiciary
U.S. House of Representatives

Doug Collins
Ranking Member
Committee on the Judiciary
U.S. House of Representatives

David N. Cicilline
Chairman
Subcommittee on Antitrust,
Commercial, and Administrative Law
Committee on the Judiciary
U.S. House of Representatives

F. James Sensenbrenner, Jr.
Ranking Member
Subcommittee on Antitrust,
Commercial, and Administrative Law
Committee on the Judiciary
U.S. House of Representatives

## SCHEDULE

1. For each of the following matters, please provide all recommendation packages that were forwarded to the Commission or any individual Commissioner, including: (1) the recommendation to authorize compulsory process; (2) the recommendation to issue a second request; and (3) any recommendations to close or to settle the matter, or to challenge the transaction. Where applicable, the recommendation package should include the cover memorandum from the Director of the Bureau of Competition, the cover memorandum from the Director of the Bureau of Economics, the Bureau of Competition staff memorandum, the Bureau of Economics staff memorandum, and any dissenting or differing recommendations.

    a. Amazon.com, Inc. / Quidsi, Inc. (FTC File No. 111-0031);
    b. CoStar Group, Inc./Landmark Media Enterprises, LLC (ForRent) (FTC File No. 171-0223);
    c. Facebook, Inc. / Instagram, Inc. (FTC File No. 121-0121);
    d. Google, Inc. / AdMob, Inc. (FTC File No. 101-0031);
    e. Google, Inc./ DoubleClick (FTC File No. 071-0170); and
    f. Zillow, Inc. / Trulia, Inc. (File No. 141-0214).

2. For each of the following matters, please provide any written output produced relating to the decision to close the matter, including recommendations submitted to the assistant director assigned to the matter or to the pre-merger notification office.

    a. Amazon.com, Inc. / Aurora Innovation, Inc. (Transaction No. 20190813);
    b. Amazon.com, Inc. / Elemental Technologies, Inc. (Transaction No. 20151716);
    c. Amazon.com, Inc. / Twitch Interactive, Inc. (Transaction No. 20141498);
    d. Amazon.com, Inc. / Whole Foods;
    e. AT&T Inc. / AppNexus Inc. (Transaction No. 20181617);
    f. Facebook, Inc. / WhatsApp;
    g. Mr. Mark Zuckerberg (Facebook) / Oculus VR, Inc. (Transaction No. 20140779);
    h. Google / Apigee (Transaction No. 20161804);
    i. Google Inc. / dMarc Broadcasting, Inc. (Transaction No. 20060519);
    j. Google Inc. / Dropcam, Inc. (Transaction No. 20141171);
    k. Google Inc. / On2 Technologies, Inc. (Transaction No. 20090678);
    l. Google Inc. / Nest Labs, Inc. (Transaction No. 20140457);
    m. Google Inc. / Postini, Inc. (Transaction No. 20071805);
    n. Google Inc. / SkyBox Imaging, Inc. (Transaction No. 20141086);
    o. Google Inc. / YouTube, Inc. (Transaction No. 20070088);
    p. Google Inc. / Waze;
    q. Publicis Group S.A. / Alliance Data Systems Corporation (Transaction No. 20191261);
    r. The Interpublic Group of Companies, Inc. / Acxiom Corporation (Transaction No. 20181698); and
    s. Walmart Inc. / jet.com.

FTC-PROD-00016385

3. For each of the following matters, please provide all recommendation packages that were forwarded to the Commission or any individual Commissioner. Where applicable, the recommendation package should include the cover memorandum from the Director of the Bureau of Competition, the cover memorandum from the Director of the Bureau of Economics, the Bureau of Competition staff memorandum, the Bureau of Economics staff memorandum, and any dissenting or differing recommendations. In addition, please provide any written output produced relating to the decision to open, close, further pursue, or settle the matter, including recommendations submitted to the assistant director assigned to the matter.

   a. Google Inc. (FTC File No. 111-0163);
   b. Google Inc. (Android);
   c. Apple, Inc.; and
   d. Any investigation of an unfair method of competition involving digital markets initiated after January 1, 2009.

FTC-PROD-00016386

## DEFINITIONS

As used in the Schedule, the following terms shall be interpreted in accordance with these definitions:

1. "And" and "or" shall be construed broadly and either conjunctively or disjunctively to bring within the scope of the request any information that might otherwise be construed to be outside its scope. The singular includes plural number, and vice versa.

2. "Any" includes "all," and "all" includes "any."

3. "Document" means any written, recorded, or graphic matter of any nature whatsoever, regardless of how recorded, and whether original or copy, including, but not limited to, the following: memoranda, reports, expense reports, books, manuals, instructions, financial reports, working papers, records, notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, interoffice and intra-office communications, call records, e-mails, instant messages, calendars, contracts, cables, notations of any type of conversation, telephone call, meeting or other communication, bulletins, printed matter, computer printouts, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies, investigations, questionnaires, surveys, presentations, spreadsheets, and work sheets. The term "document" includes all drafts, preliminary versions, alterations, modifications, revisions, changes, and amendments to the foregoing, as well as any attachments or appendices thereto.

4. "Including" shall be construed broadly to mean "including, but not limited to."

5. "Relating to" shall mean discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, comprising, showing, setting forth, considering, recommending, concerning, or pertinent to that subject in any manner whatsoever.

FTC-PROD-00016387

## INSTRUCTIONS

1. In responding to the request, the Agency should produce all responsive documents in unredacted form that are in the Agency's possession, custody, or control or otherwise available to the Agency.

2. Documents responsive to the request should not be destroyed, modified, removed, transferred, or otherwise made inaccessible to the Committee.

3. In responding to the request, be apprised that, unless otherwise determined by the Committee, the Committee does not recognize: any purported non-disclosure privileges associated with the common law including, but not limited to the deliberative-process privilege, the attorney-client privilege, and attorney work product protections; any purported privileges or protections from disclosure under the Freedom of Information Act; or any purported contractual privileges, such as non-disclosure agreements.

4. All documents should be produced with Bates numbers affixed. The Bates numbers must be unique, sequential, fixed-length numbers and must begin with a prefix referencing the name of the producing party (e.g., ABCD-000001). This format must remain consistent across all productions. The number of digits in the numeric portion of the format should not change in subsequent productions, nor should spaces, hyphens, or other separators be added or deleted. All documents should be Bates-stamped sequentially and produced sequentially.

5. Produce electronic documents as created or stored electronically in their native format. Documents produced in electronic format should be organized, identified, and indexed electronically, in a manner comparable to the organization structure called for in Instruction 4 above.

6. Data may be produced on CD, DVD, memory stick, USB thumb drive, or hard drive, or via secure file transfer. Label all media with the following:

    a. Production date;
    b. Bates range; and
    c. Disk number (1 of X), as applicable.

7. Two sets of each production shall be delivered, one set to the Majority Staff and one set to the Minority Staff. Production sets shall be delivered to the Majority Staff in Room 2138 of the Rayburn House Office Building and the Minority Staff in Room 2142 of the Rayburn House Office Building. The Agency should consult with Committee Majority Staff regarding the method of delivery prior to sending any materials.

8. If the Agency's response to the request cannot be made in full by the specified return date, compliance shall be made to the extent possible by that date. An explanation of why full compliance is not possible shall be provided along with any partial production.

FTC-PROD-00016388

9. A cover letter should be included with each production including the following information:

   a. List of each piece of media (CD, DVD, memory stick, USB thumb drive, or hard drive) included in the production by the unique number assigned to it, and readily apparent on the physical media;
   b. List of fields in the order in which they are listed in the metadata load file;
   c. The paragraph(s) and/or clause(s) in the Committee's request to which each document responds;
   d. Time zone in which e-mails were standardized during conversion (e-mail collections only); and
   e. Total page count and Bates range for the entire production, including both hard copy and electronic documents.

FTC-PROD-00016389