# Exhibit 2



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Office of the Secretary

October 29, 2019

Representative Jerrold Nadler, Chairman
Representative Doug Collins, Ranking Member
Committee on the Judiciary
United States House of Representatives
Washington, D.C. 20510-6275

Representative David Cicilline, Chairman
Representative F. James Sensenbrenner, Jr., Ranking Member
Subcommittee on Antitrust, Commercial, and Administrative Law
Committee on the Judiciary
United States House of Representatives
Washington, D.C. 20510-6275

Dear Chairman Nadler, Ranking Member Collins, Chairman Cicilline, and Ranking Member Sensenbrenner:

    Thank you for your letter dated September 13, 2019, requesting confidential documents relating to the Commission's merger and conduct investigations of several digital market members. The Commission is responding to your request as an official request of a Congressional Committee or Subcommittee, *see* Commission Rule 4.11(b), 16 C.F.R. § 4.11(b), and has authorized its staff to provide the requested materials. The information requested is confidential, and the Commission requests that the Committee and Subcommittee and their staffs not disclose any of the nonpublic information provided. We also request that this cover letter be provided to any member or their staff prior to their review of the documents.

    Specifically, some of the information is protected under Section 6(f) of the FTC Act, 15 U.S.C. § 46(f), as confidential commercial or financial information. The Commission is prohibited from disclosing such information publicly, and it would be exempt from disclosure under FOIA Exemption 3, 5 U.S.C. § 552(b)(3). Confidential commercial or financial information would also be exempt from disclosure under FOIA Exemption 4, 5 U.S.C. § 552(b)(4). *See Food Marketing Institute v. Argus Leader Media*, 588 U.S. __, 139 S. Ct. 1471 (2019) (commercial or financial information that is both customarily and actually treated as private by its owner and was provided to the agency under an assurance of privacy); *Critical Mass Energy Project v. NRC*, 975 F.2d 871, 877-80 (D.C. Cir. 1992) (en banc), *cert. denied*, 507 U.S. 984 (1993) (commercial or financial information that was provided voluntarily but is clearly not of a kind that submitters would customarily make available to the public).

    In addition, some of the information that the Commission attorneys will provide was obtained by compulsory process, or provided voluntarily in lieu thereof, in a law enforcement

FTC-PROD-00016413

Representatives Nadler, Collins, Cicilline, and Sensenbrenner, Jr.
Page 2

investigation. Such information is protected from public disclosure under Section 21(b) or Section 21(f) of the FTC Act, 15 U.S.C. § 57b-2(b) or (f). By virtue of those sections, such information is also exempt from public disclosure under FOIA Exemption 3, 5 U.S.C. § 552(b)(3). *E.g., McDermott v. FTC*, 1981-1 Trade Cas. (CCH) ¶ 63,964 at 75,982-3 (D.D.C. April 13, 1981); *Dairymen, Inc. v. FTC*, 1980-2 Trade Cas. (CCH) ¶ 63,479 (D.D.C. July 9, 1980). Under those provisions and Commission Rule 4.10(d), 16 C.F.R. § 4.10(d), the Commission may not, subject to very limited exceptions, release to the public material submitted in a law enforcement investigation either pursuant to compulsory process, or voluntarily in lieu of process and identified as confidential by the submitting party.[1]

Some of the responsive material reveals the existence of, and information concerning, ongoing, nonpublic law enforcement investigations. Disclosure of this material could reasonably be expected to interfere with a law enforcement proceeding, and this material is therefore protected from mandatory public disclosure under FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A). *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 232 (1978); *Ehringhaus v. FTC*, 525 F. Supp. 21, 24 (D.D.C. 1980).

Finally, some of the information that will be provided includes internal staff analyses and recommendations, which are predecisional, deliberative materials exempt from mandatory public disclosure under FOIA Exemption 5, 5 U.S.C. § 552(b)(5). *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975); *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980). Some of this information may also be protected from mandatory public disclosure under FOIA Exemption 5 as attorney work product prepared in anticipation of litigation. *FTC v. Grolier, Inc.*, 462 U.S. 19, 28 (1983); *Martin v. Office of Special Counsel, Merit Systems Protection Board*, 819 F.2d 1181, 1187 (D.C. Cir. 1987).

Notwithstanding the nonpublic and confidential status of much of the responsive information, the FTC Act, 15 U.S.C. § 57b-2(d)(1)(A), and the FOIA, 5 U.S.C. § 552(d), provide no authority to withhold such information from this Congressional Committee or Subcommittee. However, such information would not be available to the public under the FOIA or otherwise, and the Commission requests that the Committee and Subcommittee maintain its confidentiality.

By direction of the Commission.

April J. Tabor
Acting Secretary

---

[1] The Commission is required to notify persons who submitted information pursuant to compulsory process in a law enforcement investigation, or voluntarily in lieu thereof on a confidential basis, if the Commission receives a request from a Congressional Committee or Subcommittee for that information. *See* 15 U.S.C. §§ 57b-2(b)(3)(C), 57b-2(d)(1)(A); Commission Rule 4.11(b), 16 C.F.R. § 4.11(b). Staff will provide the requisite notice as needed.