IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 1:20-cv-03590-JEB |

Declaration of Daniel Matheson in Support of Plaintiff Federal Trade Commission's Opposition to Defendant Meta Platforms, Inc.'s Motion to Compel Production of 2012 and 2014 FTC Memoranda

I, Daniel Matheson, declare as follows:

1. I am Chief Trial Counsel of the Federal Trade Commission ("FTC" or "Commission") Bureau of Competition. I am serving as the FTC's lead trial counsel in *FTC v. Meta Platforms, Inc.*, No. 1:20-cv-03590-JEB (D.D.C.). I am admitted to practice in the United States District Court for the District of Columbia.

2. I make this declaration in support of Plaintiff Federal Trade Commission's Opposition to Defendant Meta Platforms, Inc.'s Motion to Compel Production of 2012 and 2014 FTC Memoranda (ECF No. 152).

3. Attached as Exhibit A is a true and correct copy of the June 28, 2022 Declaration of Holly Vedova.

4. Attached as Exhibit B is a true and correct copy of the June 28, 2022 Federal Trade Commission Privilege Log.

5. Attached as Exhibit C is a true and correct copy of the August 22, 2012 Letter from April Tabor to Thomas O. Barnett.

6. The FTC sought to interview sixteen third parties in its 2014 WhatsApp review. The FTC has already identified to Meta all of these third parties in Appendix A of the FTC's May 27, 2022 Supplemental Objections and Responses to Defendant Meta's First Set of Interrogatories.

7. In 2012, FTC staff interviewed (or sought to interview) twenty-nine third parties in its Instagram investigation. The FTC has already identified to Meta all of these third parties in Appendix A of the FTC's May 27, 2022 Supplemental Objections and Responses to Defendant Meta's First Set of Interrogatories.

8. Based on privilege logs from the investigation that preceded this litigation, Meta is withholding hundreds of thousands of documents from the FTC allegedly involving its attorneys and economists. Based on information available in Meta's privilege logs, many of the withheld documents appear to cover topics of interest in this litigation, including, among other things, assessments of competition issues related to investigations by the FTC and international antitrust enforcers, and advice and related analysis regarding acquisitions.

9. As a specific example, Meta's privilege assertions have included clawing back, on the eve of and during an investigational hearing of one of Meta's data scientists, internal analyses of competition-related topics prepared by one or more of Meta's internal data scientists and/or economists. Meta has asserted, *inter alia*, that the clawed back documents were prepared on behalf of an attorney "in anticipation of litigation regarding prior, pending, or anticipated foreign regulatory investigations" or "state or federal regulatory investigations."

10. Related to the FTC's 2012 investigation of Facebook's acquisition of Instagram, the FTC received a document production from only one third party. The FTC has already produced to Meta the relevant third-party subpoena and all documents that the FTC currently possesses that were produced by the third party in response to the subpoena.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of July, 2022, in Arlington, Virginia.

                                                Respectfully submitted,

                                                _/s/ Daniel Matheson_
                                            Daniel Matheson (D.C. Bar 502490)