**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 1:20-cv-03590-JEB |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order dated June 22, 2022, the parties submit the following Joint Status Report regarding Meta's good faith estimate of when it will substantially complete document production in response to the First Set of Requests for Production of Documents served by Plaintiff Federal Trade Commission ("FTC") on Defendant Meta Platforms, Inc. ("Meta").

**I.     Meta's Statement**

Based on Meta's current understanding of the volume of documents and pace of review, Meta expects to substantially complete the document production in response to the FTC's first set of document requests by November 30, 2022, if not sooner, and to complete its privilege log and any potential privilege downgrades or redactions by January 16, 2023. Meta will further endeavor to substantially complete production of documents in response to certain requests that do not require searching custodial files by August 31, 2022, or as soon thereafter as practicable, but Meta notes that certain documents from custodial files may also be responsive to the same document requests and will likely be produced on a separate timeline. Moreover, Meta expects to make rolling productions of documents at or near the end of each month (starting with a

production in the next few days) until it has substantially completed producing documents in response to the FTC's first set of requests.  Meta is open to discussing with the FTC potential ways to prioritize the production of specific categories of documents.  Finally, Meta notes that the FTC recently served a second and third set of document requests, the objections to which are not due until August 11.  Meta's good-faith estimate of November 30, 2022, excludes any production in response to the second and third requests.  A good-faith estimate for those productions will depend on further analysis, as well as on negotiations with the FTC over additional custodians or search terms (if any).

## II.   <u>FTC's Statement</u>

Meta should devote sufficient resources to comply promptly with the FTC's First Set of Requests for Production ("RFPs"), which were served on February 15, 2022.  Meta has proposed to substantially comply by November 30, 2022 (with a privilege log to follow January 16, 2023), but has not provided to the FTC even an approximate estimate of the volume of documents that Meta intends to review.  The FTC lacks this information despite the fact that the parties reached complete agreement on custodians and search terms more than six weeks ago.  Absent this information, which the FTC has requested, the FTC cannot conclude that Meta's November 30 proposal is reasonable, or whether Meta instead should be able to complete its production by October 31.  Meta's November 30 proposal should be evaluated in light of the significant number of party and third-party depositions anticipated – each party has up to 840 hours of deposition time, which suggests 200 or more depositions may be conducted over the coming winter and spring.  The FTC believes that an October 31 date for completing production will allow depositions to proceed in a timely manner, while a November 30 date may strain the FTC's limited resources by requiring the FTC to assess Meta's production at the same time it

engages in significant numbers of depositions.  The Court should order Meta to provide the FTC with the information it has requested, and, if appropriate, order completion of the production by October 31, 2022.

The parties are in agreement that Meta will make rolling productions at the end of each of July, August, September, and October.

The FTC does not object to the production of a privilege log, and any documents that are "de-privileged" or redacted during the preparation of that log, 45 days after Meta completes its document production.  However, to minimize the possibility that a disproportionate number of documents will be produced at the same time as Meta's privilege log, Meta should produce on a rolling basis responsive documents that it identifies as non-privileged during the course of its privilege review (i.e., Meta should make rolling productions of "de-privileged" or redacted documents between the date it substantially completes its production and the date it provides its privilege log).

Dated: July 29, 2022

Respectfully submitted,

By: */s/ Daniel Matheson*
Daniel Matheson (D.C. Bar 502490)
Krisha Cerilli (D.C. Bar 983281)
Abby L. Dennis (D.C. Bar 994476)
Maria Dimoscato (D.C. Bar 489743)
Owen Masters (D.C. Bar 242139)
Susan Musser (D.C. Bar 1531486)
Michael Smith (D.C. Bar 996738)

Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

*/s/ Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
Geoffrey M. Klineberg (D.C. Bar No. 444503)
Kenneth J. Fetterman (D.C. Bar No. 474220)
KELLOGG, HANSEN, TODD,
    FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com

James P. Rouhandeh (D. C. Bar No. NY0390)
Michael Scheinkman (D.C. Bar No. NY0381)
Davis Polk & Wardwell LLP
450 Lexington Ave.
New York, New York 10017
Tel: (212) 450-4754
james.rouhandeh@davispolk.com

Sonal N. Mehta (CA SBN 222086)
Wilmer Cutler Pickering Hale & Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: (650) 858-6000
Sonal.Mehta@wilmerhale.com

David Z. Gringer (D.C. Bar No. 1001200)
Wilmer Cutler Pickering Hale & Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8800
David.gringer@wilmerhale.com

*Counsel for Defendant Meta Platforms, Inc.*