UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　Plaintiff,<br><br>　　v.<br><br>META PLATFORMS, INC.,<br><br>　　Defendant. | Civil Action No. 20-3590 (JEB) |

## ORDER

  Defendant Meta Platforms, Inc. asks this Court to compel Plaintiff Federal Trade Commission to more fully answer Interrogatory No. 10, which asks, "For each feature or activity available to users on Facebook, Instagram, WhatsApp, or Facebook Messenger, specify whether the feature or activity is or is not within the definition of 'personal social networking.'" ECF No. 151-1 (Def. Motion to Compel) at 6.  Meta understandably seeks a clearer definition of what the FTC maintains is the personal-social-networking-services market.  The Commission, for its part, contends that it has sufficiently answered the Interrogatory at this point and explains that it will know more once discovery (including experts) has taken place.  See ECF No. 157 (FTC Opp.) at 1.

  The Court believes that a middle ground here is the wisest approach.  Meta is in a much better position than the FTC to list each feature or activity that is available, and the Court will require it to do so; this way the Commission is not tripped up by failing to list one.  On the other hand, Meta seems reasonable in asking the FTC to define the relevant market, given that its investigation has long since commenced.  As with any discovery response, the FTC shall supplement its answer in the future if its position changes following further discovery.

As a result, the Court ORDERS that:

1. By August 22, 2022, Meta shall submit to the FTC a list of each feature or activity available to users on Facebook, Instagram, WhatsApp, or Facebook Messenger that Meta wishes the FTC to categorize as included or excluded from the definition of "personal social networking";

2. By September 12, 2022, the FTC shall inform Meta whether each such feature or activity is or is not within that definition; and

3. If, at any point in the future, the FTC takes a different position on any such feature or activity, the FTC shall so supplement its response.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: August 1, 2022