IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>       Plaintiff,<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>       Defendant. | Civil Action No. 1:20-cv-03590 (JEB) |

**META PLATFORMS, INC.'S RESPONSE TO ORDER TO SHOW CAUSE**

## INTRODUCTION

Defendant Meta Platforms, Inc. ("Meta") submits this response pursuant to the Court's August 1, 2022, Order that Meta show cause why it cannot complete document production by October 31, 2022, as opposed to November 30, 2022, in response to the Federal Trade Commission's ("FTC") first set of requests for production of documents ("First RFPs"). Despite the FTC's prior representation to the Court that it was ready to proceed expeditiously based on its 18-month pre-complaint investigation of Meta (during which Meta produced over three million documents comprising well over twelve million pages), the First RFPs sought extremely broad and time-consuming discovery of information far outside the FTC's alleged relevant market for "personal social networking services," and covering worldwide operations for a thirteen- to fifteen-year period up to the present.

The meet-and-confer process about the First RFPs, served on February 15, 2022, took months because the FTC generally refused to tailor the discovery it sought to reasonable requests, and it generally resisted Meta's well-founded and practical proposals that Meta collect documents from a targeted set of custodians, use refined search terms, and impose date and geographic limitations on document collections. Meta warned the FTC repeatedly throughout the negotiations that the FTC's insistence on overly broad and imprecise search terms would produce extremely large volumes of nonresponsive documents to review, and that the review would take many months to complete. In an effort to make progress and avoid time-consuming discovery disputes, Meta agreed on June 16, 2022, that it would apply eighty strings of search term combinations to documents collected from ninety-six custodians and would produce several categories of documents from noncustodial sources, and has already produced or identified responsive documents for some of those categories. Only after June 16 could Meta begin

collecting documents from the agreed-upon custodians based on the agreed search terms. And at that time, the FTC continued to insist that Meta collect documents up through June 30, 2022, meaning Meta could not even start collecting some documents that were yet-to-be-created. Indeed, because the FTC insisted on Meta collecting documents through June 30, 2022, Meta is still collecting and processing documents today so that they can be reviewed. Based on documents processed to date, Meta estimates that at least four million documents will require review for responsiveness and privilege in order to complete production for the First RFPs. Meta expects to substantially complete that production by November 30, 2022.

## ARGUMENT

**I.     November 30, 2022 Is An Appropriate Deadline For Meta's Document Production**

Meta's estimate that it will substantially complete document production in response to the First RFPs by November 30, 2022, is reasonable and appropriate. Meta currently estimates that there are, at the very least, approximately four million documents that it must review as a result of the agreed-upon search terms for the ninety-six agreed-upon custodians. Meta's estimate is not overstated: approximately four million documents is the minimum number for review after de-duplicating documents and threading emails (i.e., removing emails that appear multiple times because they are in the same thread).

Meta has been working diligently to collect, review, and produce documents to the FTC, and continues to do so. The necessary though lengthy meet-and-confer process meant that Meta could not begin document collection until June 16, 2022, when the parties agreed on custodians and search terms. In addition, as Meta explained to the FTC throughout the negotiations over the First RFPs, the FTC's insistence that Meta use June 30, 2022, as the cut-off date for document collections inevitably created a delay in Meta's ability to process documents created through that

date. Indeed, this minimum four-million-document estimate will increase because Meta's vendor is still processing documents collected from custodians through June 30, and Meta continues to collect documents from non-custodial sources, rendering this minimum estimate precisely that, the low end of an estimate that will necessarily change.

Meta has dedicated substantial resources to this review: it is proposing to review the approximately four million documents by November 30, 2022. The collection and processing of this volume of documents so that review can even commence is itself time-consuming. Moreover, Meta has proposed to review and produce documents within approximately five months from the date the parties agreed on search terms and custodians (June 16). In other words, Meta will be reviewing approximately 800,000 documents per month, or about 26,500 documents per day, through the end of November. That is a reasonable speed.

Meta cannot race through its review process, especially in a case of this significance, where highly complex and voluminous documents are at issue. And Meta must do more than carefully review for responsiveness: it also must analyze collected documents for confidential or highly confidential information (including any source code references, other trade secrets, and personal information), attorney-client privilege, and/or attorney work product, and account for time to deal with any foreign language, technical processing, vendor, or other issues that typically arise as it prepares documents for production. For these same reasons, Meta cannot simply pile on more document reviewers to speed up its review. Doing so would present a serious risk to the quality and efficiency of the overall review process.

Meta hopes to substantially complete production well before November 30, 2022. Indeed, it has committed to producing documents on a rolling basis at the end of each month, and has already begun producing documents. But as Meta already explained to the FTC in

connection with the recent joint status report submission, both the sheer volume of documents already collected for review and the uncertainty around what the final number will end up being has led Meta to estimate the date of substantial completion with some caution. The November 30, 2022, date is reasonable given that it is approximately five months from the date the parties reached final agreement on eighty strings of search term combinations and ninety-six custodians (June 16, 2022) and from the date through which the FTC insisted that Meta collect documents (June 30, 2022), which has to date resulted in a reviewable population of at least four million documents.

## II.     The FTC's Proposed October 31, 2022 Deadline Is Unnecessary

The FTC informed the Court that it needs documents sooner, by October 31, 2022 – *over 6.5 months* before the close of fact discovery on May 22, 2023 – for a single reason: it wants to review Meta's documents before it takes up to two hundred depositions. The FTC's concern is invalid for three reasons.

**1.**     Meta's proposed November 30 deadline will not log-jam the FTC: the FTC has over three million Meta documents (with over twelve million pages) and took approximately 150 hours of testimony from eighteen Meta senior executives during its 18-month pre-complaint investigation; Meta has already begun producing documents to the FTC in this case; and Meta has agreed to continue producing documents on a rolling basis until it substantially completes document production in November. The FTC therefore has no valid argument that it cannot, or will not be able to, review Meta documents for depositions until after Meta has finished producing documents in response to the FTC's First RFPs.

**2.**     The FTC also will have sufficient time to engage in depositions if Meta produces documents by November 30 (over 5.5 months before fact discovery closes), rather than by

October 31 (over 6.5 months before fact discovery closes). Five-and-a-half months is adequate time for the FTC to review such documents and take depositions based on them. *See* Joint Civil Rule 16.3 Report to the Court at 6 (Feb. 22, 2022), ECF No. 100 (FTC's statement, after serving the First RFPs, that "the FTC's discovery requests do not necessitate a lengthy discovery period"). The FTC gives no justification for its conclusory claim (disclosed to Meta for the first time in the July 29 Status Report, at 2) that a November 30 deadline, with 5.5 more months for fact discovery, would "strain the FTC's limited resources."

3. The FTC's assertion that it needs more Meta documents before it can engage in hundreds of depositions is not credible, in light of the FTC's own discovery conduct. *See* Pl. FTC's Mem. Supp. Mot. Compel Rule 26(f) Conf. at 6-7 (Apr. 22, 2021), ECF No. 63-1 (arguing FTC was in position "unlike most private litigants" due to its extensive pre-complaint discovery); *see also* Order at 1 (Aug. 1, 2022), ECF No. 165 (noting the FTC's "investigation has long since commenced"). Indeed, the FTC has already served (in June and July) not one, but two, corporate deposition notices on Meta, which include broad and sweeping topics directly related to documents in upcoming productions, thereby confirming that the FTC is already proceeding with meaningful discovery before Meta has completed its document production.

## CONCLUSION

For the reasons given, November 30, not October 31, is the more appropriate deadline for Meta to substantially complete production in response to the FTC's First RFPs. As Meta indicated in its portion of the joint statement submitted on July 29, 2022, Meta will complete its production sooner to the extent possible. But based on the volume, complexity, and importance of the review, Meta had determined that it needs until the end of November to substantially

complete the document production. Meta should not be required to rush its completion merely because the FTC prefers to receive the documents 6.5 months, rather than 5.5 months, before fact discovery closes.

Dated: August 5, 2022                              Respectfully submitted,

                                                             */s/ Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
Geoffrey M. Klineberg (D.C. Bar No. 444503)
Kenneth M. Fetterman (D.C. Bar No. 474220)
Aaseesh P. Polavarapu (D.C. Bar No. 1740414)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com

James P. Rouhandeh (NY0390)
Michael Scheinkman (NY0381)
Davis Polk & Wardwell LLP
450 Lexington Ave.
New York, New York 10017
Tel: (212) 450-4754
james.rouhandeh@davispolk.com

Sonal N. Mehta (CA SBN 222086)
Wilmer Cutler Pickering Hale & Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: (650) 858-6000
Sonal.Mehta@wilmerhale.com

David Z. Gringer (D.C. Bar No. 1001200)
Wilmer Cutler Pickering Hale & Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8800
David.gringer@wilmerhale.com

*Counsel for Defendant Meta Platforms, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 5, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ <u>Mark C. Hansen</u><br>
Mark C. Hansen (D.C. Bar No. 425930)<br>
KELLOGG, HANSEN, TODD,<br>
  FIGEL & FREDERICK, P.L.L.C.<br>
1615 M Street, N.W., Suite 400<br>
Washington, D.C. 20036<br>
Tel: (202) 326-7900<br>
mhansen@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*