IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 1:20-cv-03590-JEB |

**FEDERAL TRADE COMMISSION'S RESPONSE TO META PLATFORMS, INC.'S RESPONSE TO ORDER TO SHOW CAUSE**

Meta seeks to deflect responsibility for its long delay in beginning its review and production of documents responsive to the FTC's February 15, 2022 Requests for Production ("RFPs"). Meta's filing consists of little more than a misguided attempt to blame the FTC; it provides no reason why it would be disproportionate to the needs of the case, or disproportionate to Meta's resources, for Meta to substantially complete its document production by October 31, 2022. *See* ECF No. 168 (Meta's Response to Order to Show Cause). Meta claims that a November 30 pace would require review of 26,500 documents per day, but that figure depends on Meta's unwarranted delay to date, and in any event is hardly unreasonable for a litigant with Meta's resources.

Meta has ample resources to bring to bear to review and produce documents more promptly. Meta is represented in this matter by at least five major law firms, employing thousands of attorneys. Moreover, in litigations of this size and scope, defendants routinely employ hundreds of contract attorneys, with each attorney reviewing hundreds of documents per day. With that type of routine commitment, Meta could review more than four million

1

documents in less than five months, without a "rush" and without even deploying other time-saving techniques that Meta appears to have consciously forgone.[1]  Meta claims that its slower proposed pace is justified by a need for close analysis of privilege issues, but this ignores the fact that the Court's Scheduling Order provides Meta with 45 days after substantial completion of its review to finalize its privilege assertions (and produce, in a rolling fashion, any documents that are determined to be not privileged upon close examination).

      Additionally, Meta cannot justify its proposed pace of review by inaccurately blaming the FTC for Meta's delay in responding to the FTC's February 15 RFPs.  On March 17, 2022, Meta provided nonresponsive boilerplate objections to the FTC's RFPs, refusing to attempt to locate sources of responsive information, and effectively forcing the FTC to guess which custodians might be efficient sources of responsive documents.  Despite the obvious shortcomings of Meta's approach, the FTC obliged almost immediately: within days of receiving Meta's boilerplate objections, on March 21, the FTC suggested former and current employees who might be efficient document custodians, and a set of search terms.  Contrary to Meta's claims, Meta was well-positioned to begin its custodial review at least as early as May 2022 (three months after receiving the FTC's February 15 RFPs), but Meta refused the FTC's requests to do so.[2]  Meta claims it could not begin review of any documents until July because the FTC requested that Meta collect documents through June 30, 2022, but this is untrue.  A meaningful number of custodians are former employees who have not worked at Meta in several years; there was no

---

[1] For example, Meta has refused the FTC's repeated requests to engage with the FTC on deploying technology assisted review and appears to be proceeding with a manual review of the documents.

[2] By May 2022 Meta had agreed to 96 custodians (which have not materially changed since May), and 28 search strings.  *See* May 31 Joint Status Report, ECF No. 146, at 3-4.  The FTC requested that Meta promptly begin identifying responsive documents using the agreed-upon search strings and the agreed-upon custodians, but Meta refused.  *See id.*

reason to delay the collection and review of these custodians' documents until July. Additionally, for other custodians, Meta could have collected pre-June 2022 documents in an initial sweep to begin review, while collecting newer documents later. Thus, while complete finalization of all custodians and search terms dragged out until June 16, due mostly to Meta's delay in providing relevant information, Meta was not justified in failing to begin its document review earlier.

To date, Meta has made two productions in response to the FTC's February 15 RFPs. On May 25, 2022, Meta made a non-custodial production of 379 documents: the majority of the pages produced were SEC filings that were already available to the FTC (and to the general public). Meta made no further production for more than two months. On August 2, 2022, Meta produced 20,186 documents. The FTC is currently analyzing these documents; they appear to be from the files of relevant custodians utilizing the agreed-upon search terms.

In sum, Meta has provided no reason that it would be disproportionate, taking into account Meta's resources and the needs of the case, for Meta to accelerate its review process in order to substantially complete production no later than October 30, 2022 (with a privilege log to follow no later than December 15, 2022).

Dated: August 9, 2022                              Respectfully submitted,

<div style="margin-left: 3em;">

/s/ Daniel Matheson
Daniel Matheson (D.C. Bar 502490)
Krisha Cerilli (D.C. Bar 983281)
Patricia V. Galvan
Nathan Brenner
Maria Dimoscato (D.C. Bar 489743)
Owen Masters (D.C. Bar 242139)
Jessica Moy
Susan A. Musser (D.C. Bar 1531486)

Federal Trade Commission
Bureau of Competition

</div>

400 Seventh Street, S.W.
Washington, DC 20024
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 9th day of August 2022, I served the foregoing on the following counsel via ECF:

Mark C. Hansen
Kevin B. Huff
Kenneth M. Fetterman
Geoffrey M. Klineberg
Kevin J. Miller
Aaron M. Panner
Alex A. Parkinson
Ana Nikolic Paul
Aaseesh P. Polavarapu
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. Suite 400
Washington, DC 20036
Tel: 202-326-7900
mhansen@kellogghansen.com
khuff@kellogghansen.com
kfetterman@kellogghansen.com
gklineberg@kellogghansen.com
kmiller@kellogghansen.com
apanner@kellogghansen.com
aparkinson@kellogghansen.com
apaul@kellogghansen.com
apolavarapu@kellogghansen.com

Sonal N. Mehta
Wilmer Cutler Pickering Hale & Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: 650-858-6000
sonal.mehta@wilmerhale.com

David Gringer
Wilmer Cutler Pickering Hale & Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: 212-230-8800
david.gringer@wilmerhale.com
James P. Rouhandeh
Michael Scheinkman

Davis Polk & Wardwell LLP
450 Lexington Avenue

New York, NY 10017
Tel: 212-450-4000
rouhandeh@davispolk.com
michael.scheinkman@davispolk.com

/s/ Daniel Matheson
Daniel Matheson (D.C. Bar 502490)
Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, DC 20024
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorney for Plaintiff*
*Federal Trade Commission*