**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) ) ) | |
| *Plaintiff,* | ) ) | Case No. 1:20-cv-03590-JEB |
| v. | ) ) | |
| META PLATFORMS, INC., | ) ) | HON. JAMES E. BOASBERG |
| *Defendant.* | ) ) ) | |

## DECLARATION OF JULIA K. YORK

Pursuant to 28 U.S.C. § 1746, I, Julia York, declare and state as follows:

1. I am an attorney duly licensed to practice law in the District of Columbia, and a Partner at the law firm of Skadden, Arps, Slate, Meagher & Flom LLP. I represent Non-Party TikTok, Inc. ("TikTok") in connection with the above-captioned matter.

2. I submit this declaration in connection with TikTok's Motion to Deny Defendant's Designated In-House Counsels' Access to Highly Confidential Information. If called upon to do so, I will testify competently to the facts set forth herein.

3. On February 24, 2022, Defendant Meta Platforms, Inc. ("Meta") served a Rule 45 subpoena on TikTok in the above-captioned matter (the "Subpoena"), consisting of 54 requests for production (not including subparts) and seeking documents and data concerning all aspects of TikTok's business, including the confidential information produced by TikTok to the Federal Trade Commission ("FTC") relating to the FTC's pre-Complaint investigation, FTC v. Facebook, Inc., FTC No. 191-0134 (Dec. 9, 2020). TikTok and Meta are engaged in a meet-and-confer process regarding the scope of the Subpoena, the place of compliance for which is the Central District of

1

|     |     |
| --- | --- |
|     | California.  TikTok has raised issues of scope related to the highly sensitive nature of the information sought, the lack of relevance on several requests, and the burden to TikTok. |
| 4.  | On June 16, 2022, Meta filed a motion for letters rogatory to TikTok's parent company ByteDance Ltd. ("ByteDance") in which it erroneously identified ByteDance as a "Chinese internet technology company."  (ECF 147-1.)  TikTok and Meta met and conferred with on June 27, 2022, regarding Meta's motion for letters rogatory.  At the meet-and-confer, TikTok informed Meta that ByteDance is a Cayman Islands entity and a holding company.  Meta acknowledged its error and offered to formally correct the representation with this Court, but has not done so.  Instead, on August 3, 2022, Meta again referred to ByteDance Ltd. as a "Chinese entity" in its filing to compel production from non-party Snap, Inc.  *See* Joint Stipulation Regarding Meta Platforms, Inc.'s Motion to Compel Snap Inc. to Produce Documents and Snap Inc.'s Cross-Motion to Quash Subpoenas, at 44, lines 21–24, *Meta Platforms, Inc. v. Snap, Inc.*, 2:22-mc-00146 (C.D. Cal. Aug. 3, 2022), ECF 1-1. |
| 5.  | On July 20, 2022, pursuant to Section E(1) of the Protective Order entered by the Court on March 25, 2022 (ECF No. 134), Meta's outside counsel provided TikTok with declarations of Eric Michael Meiring and Christen Dubois, the two In-House Counsel Meta designated to access TikTok's Highly Confidential Information.  True and correct copies of the declarations provided by Meta's outside counsel are attached hereto as Exhibit A. |
| 6.  | On August 1, 2022, consistent with the procedure for objecting to Meta's designations of In-House Counsel as provided for in Section E of the Protective |

Order, TikTok provided Meta's outside counsel with a written objection to Meta's designations of Mr. Meiring and Ms. Dubois as In-House Counsel capable of accessing TikTok's Highly Confidential Information. A true and correct copy of TikTok's written objection is attached hereto as Exhibit B.

7. In its written objection, TikTok requested Mr. Meiring's and Ms. Dubois's signed copies of "Appendix B," which Meta's designated In-House Counsel are required to sign under the terms of the Protective Order. True and correct copies of the signed "Appendix B" forms provided by Meta's outside counsel are attached hereto as Exhibit C.

8. On August 8, 2022, counsel for TikTok and Meta met and conferred regarding TikTok's objections to Meta's designations of Mr. Meiring and Ms. Dubois pursuant to Section E(1) of the Protective Order. At that meet-and-confer, TikTok reiterated the concerns outlined in its written objection about Mr. Meiring and Ms. Dubois having access to its Highly Confidential Information, given their close involvement with antitrust matters at Meta, and requested clarification as to whether these In-House Counsel "advise on" Competitive Decision-Making (as defined in Section A(1)(c) of the Protective Order). Meta's counsel did not confirm that these In-House Counsel do not "advise on" competitive matters, but asserted that the declarations of Mr. Meiring and Ms. Dubois complied with the requirements outlined in Section D(1)(d) of the Protective Order. At the time of filing, TikTok has not received any clarification on the question. Meta's counsel also refused to entertain a modification to the Protective Order that would ameliorate TikTok's concerns. Meta's counsel

        indicated that it would oppose any motion by TikTok pursuant to Section E of the Protective Order.

9. On August 12, 2022, TikTok produced a set of 250 documents to Meta, which included 62 documents that TikTok previously produced to the FTC. Fifty-eight of these documents contain Highly Confidential Information as defined under the Protective Order, and have been designated accordingly. TikTok has instructed Meta to limit access to these documents to outside counsel pending the resolution of TikTok's motion challenging Meta's designated In-House Counsel.

10. In February 2022, the Washington Post reported that Meta had hired operatives "to use TikTok's prominence as a way to deflect from Meta's own privacy and antitrust concerns." Taylor Lorenz and Drew Harwell, *Facebook Paid GOP Firm to Malign TikTok*, Wash. Post (Mar. 30, 2022), https://www.washingtonpost.com/technology/2022/03/30/facebook-tiktok-targeted-victory/; *Facebook Resorts to Old Smear Tactics Against TikTok*, ABC News (Mar. 30, 2022), https://abcnews.go.com/Politics/wireStory/facebook-resorts-smear-tactics-tiktok-83770231. In April 2022, the Family Online Safety Institute (FOSI) published a statement reflecting that its Board of Directors had voted to revoke Facebook's membership because "[q]uestions were raised over the recent reports of a campaign of disinformation around online safety issues that stoked unwarranted fears among students, teachers, and parents." *FOSI Statement on Revocation of Facebook Membership*, (Apr. 22, 2022), https://www.fosi.org/about-press/fosi-statement-facebook-membership. True and correct copies of these news articles, obtained from the Internet on August 13, 2022, are attached as Exhibit D.

11. Also in February 2022, it was reported that Meta CEO Mark Zuckerberg mentioned TikTok several times in an earnings call, which followed a significant drop in the value of Meta stock. *Meta Platforms (FB) Q4 2021 Earnings Call Transcript*, Motley Fool (Feb. 3, 2022), https://www.fool.com/earnings/call-transcripts/2022/02/03/facebook-fb-q4-2021-earnings-call-transcript/; Adam Levy, *Every Time Mark Zuckerberg Mentioned TikTok on Meta's Earnings Call*, Motley Fool (Feb. 25, 2022), https://www.nasdaq.com/articles/every-time-mark-zuckerberg-mentioned-tiktok-on-metas-earnings-call; Martin Baccardax, *Meta Stock Plunges as Apple Privacy Rules, TikTok Competition Hammer Facebook Growth*, TheStreet (Feb. 3, 2022), https://www.thestreet.com/markets/meta-stock-plunges-as-apple-rules-tiktok-hammer-facebook-growth. True and correct copies of these news articles, obtained from the Internet on August 14, 2022, are attached hereto as Exhibit E.

I affirm under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

Dated August 15, 2022

/s/ *Julia K. York* _____
Julia K. York