IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 1:20-cv-03590-JEB |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR ISSUANCE OF
DISCOVERY ORDERS AND LETTERS ROGATORY**

Defendant Meta Platforms, Inc. ("Meta") respectfully submits this Memorandum in Support of its Motion for the Issuance of Discovery Orders and Letters Rogatory for discovery from Rakuten Group, Inc. ("Rakuten") and Line Corp. ("Line").

## INTRODUCTION

Meta brings this Motion to obtain discovery from Rakuten and Line, two non-parties headquartered outside of the United States, in Japan. Meta believes that both of these non-parties possess or control information critical to its defenses in this action, namely on issues related to market definition, market power, and the impact of Meta's challenged conduct. Although Meta has served Rakuten and Line's domestic subsidiaries, Meta has reason to believe that the domestic subsidiaries have limited responsive documents in their custody or control, and Meta seeks information from Rakuten and Line only where that information is not in the possession or custody of the domestic subsidiary.

Meta expects that Rakuten and Line's documents and testimony will show that they— along with numerous other entities—compete with Meta, and that contrary to the allegations in

the United States Federal Trade Commission's ("FTC") amended complaint there is no "industry or public recognition of" a product market for "personal social networking services." *See Brown Shoe Co. v. United States*, 370 U.S. 294, 325 (1962).  Meta also expects that documents and testimony will show that there have been no anticompetitive effects from Meta's acquisitions of Instagram and WhatsApp.

Accordingly, Meta respectfully requests that the Court grant this Motion to obtain limited documents and testimony from the two entities, each of which is described in more detail in Section I, *infra*.  Specifically, Meta respectfully requests that this Court, for each entity, (1) issue discovery orders for the collection of documentary and testimonial evidence that Meta will then transmit via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention") to the entities in Japan (Exhibits [A] and [B]), and (2) provide to the U.S. Department of State letters rogatory for the collection of testimonial evidence to be transmitted to the Japanese tribunal addressed therein (Exhibits [C] and [D]) and request from the U.S. Department of State that it receive and return the letters rogatory after execution.

As for the collection of testimonial evidence, Meta seeks the issuance of both discovery orders and letters rogatory because each is an alternative method for foreign discovery of testimonial evidence in Japan:  in the event Rakuten or Line comply with one of the methods, Meta will withdraw the alternative as to that non-party.  Meta also informs the Court that it anticipates joining a forthcoming motion from the FTC for the issuance of letters rogatory for documentary and testimonial evidence from Line.

# ARGUMENT

**I.     The Court Has Authority To Issue the Requested Discovery Orders and Letters Rogatory.**

Congress has authorized this Court to issue discovery orders and letters rogatory for the production of documents and testimony from non-parties located in Japan for use in an action pending in the United States.  *See* 28 U.S.C. § 1781(a)(2), (b)(2) (granting the U.S. Department of State the power "to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed," and permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner"); 28 U.S.C. § 1651 ("[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."); *Japan Judicial Assistance Information:*[1] *Taking Voluntary Depositions of Willing Witnesses* ("Court orders may be obtained from U.S. courts under the All Writs Act, 28 U.S.C. § 1651, by various administrative agencies for the taking of depositions in Japan.").  This Court has the power under the All Writs

---

[1] U.S. Dep't of State—Bureau of Consular Affairs, *Japan Judicial Assistance Information* ("*Japan Judicial Assistance Information*"), https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Japan.html (last updated Jan. 3, 2019).

Act to issue a discovery order that would then be transmitted via the Hague Service Convention, to which Japan and the United States are signatories.[2]

## II.     Meta's Requests Are Relevant and Likely To Lead to Material Evidence.

In deciding whether to issue a letter rogatory or an order for production of information located abroad, U.S. courts apply the discovery principles contained in Rule 26 of the Federal Rules of Civil Procedure.  *See Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012); *Restatement (Third) of Foreign Relations Law* § 442 (2022).  Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," including material that is not admissible.  Because the bar for granting a motion for issuance of a letter rogatory or foreign discovery order is so low, "[a] court must set forth some good reason . . . to deny a party the judicial assistance requested by means of a letter rogatory."  *Dist. Title v. Warren*, 2016 WL 10749155, at *4 (D.D.C. Dec. 23, 2016) (internal quotation marks omitted).

As set forth below, all of the information that Meta seeks from Rakuten and Line clears this threshold because it is relevant to Meta's defenses—specifically, the competition that it faces; the low barriers to entry as evidenced by the ability of small upstarts to achieve runaway success; the contours of the relevant product and geographic market; data regarding market size and share; and the lack of anticompetitive effects from Meta's acquisitions of WhatsApp and Instagram.

---

[2] *See* Hague Conf. on Priv. Int'l L., *Status Table, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Aug. 12, 2022).

4

### A. Line Corp. (Line)

Line Corp. is a multinational internet technology company headquartered in Tokyo, Japan, which operates the mobile app Line. Launched in 2011, Line is among the most popular apps with messaging features worldwide, boasting 165 million monthly active users as of the end of 2020.[3]

Meta seeks discovery from Line to show that Line has competed with Meta and has been a competitive constraint on Meta since at least 2012. Via the issuance of a discovery order, Meta seeks documents and testimony related to how Line views competition between Line and Meta (Document Request No. 1; Deposition Topic Nos. 1 & 2), whether Line's services meet the FTC's definition of personal social networking services (Document Request No. 2), and Line's ease of entry into the market (Deposition Topic Nos. 3 & 4). Lastly, Meta has two limited data requests related to the FTC's allegations of market share and market definition regarding time spent and the number of users on Line (Document Request Nos. 3 & 4). Meta believes that this information is critical to countering the FTC's allegations that Meta has monopoly power in any cognizable market. Meta limited these requests to data regarding average time spent and active user numbers, which the FTC alleges are commonly used user metrics. *See* Am. Compl. ¶ 193 (ECF No. 82). Document Request No. 3 seeks data limited to specific periods of time when there were outages on Meta's services and seeks information related to diversion of users from Meta's services. In Document Request No. 4, Meta has asked for data dating from 2011-2014 and 2021 to help respond to the FTC's allegations that Meta has any type of durable monopoly power. Via the issuance of a letter rogatory, Meta seeks testimony in response to the listed questions

---

[3] Naver Corp., *Naver Annual Report 2020*, at 22, https://www.navercorp.com/navercorp_/ir/annualReport/2022/2020AR_NAVER_ENG_220203.pdf.

regarding how Line sees competition and the impact of Meta's acquisitions of Instagram and WhatsApp.

Meta has served document requests on Naver BAND, Inc. for documents in the custody and control of Line's United States affiliate, but Meta is also seeking unique and vital documents that it believes are only available in Japan, where Line is headquartered. Meta seeks documents only where they are not in the possession or custody of the United States affiliate.

### B. Rakuten (Viber)

Rakuten is a multinational internet technology company headquartered in Tokyo, Japan and owns Viber. Viber is an end-to-end encrypted messaging and voice-calling application available on every major operating system.[4] Viber users can participate in individual or group chats and the app's Public Accounts allow businesses, brands, and news services to message subscribing users directly.[5] Rakuten purchased Viber for $900 million weeks before Meta acquired WhatsApp.[6] In 2016, Viber added end-to-end encryption after WhatsApp did so.[7] In 2020, according to one source, Viber had over 1.1 billion registered users worldwide.[8]

---

[4] Rakuten Viber, *About Viber*, https://www.viber.com/en/about/ (last visited Aug. 12, 2022).

[5] Ingrid Lunden, *Viber Follows Messenger, launches Public Accounts for businesses and brands*, TechCrunch (Nov. 9, 2016), https://techcrunch.com/2016/11/09/viber-follows-messenger-with-the-launch-of-public-accounts-for-businesses-and-brands/.

[6] Patrick Frater, *Facebook's What[s]App Deal Preceded by Rakuten's Viber Buy*, Variety (Feb. 20, 2014), https://variety.com/2014/digital/asia/facebooks-whatapp-deal-preceded-by-rakutens-viber-buy-1201113544/.

[7] Ingrid Lunden, *Viber adds end-to-end encryption and hidden chats as messaging app privacy wave grows*, TechCrunch (Apr. 19, 2016), https://techcrunch.com/2016/04/19/viber-adds-end-to-end-encryption-hidden-chats-universal-delete-as-messaging-app-privacy-grows/.

[8] S. Dixon, *Number of unique Viber user IDs from June 2011 to March 2020*, Statista (Apr. 28, 2022), https://www.statista.com/statistics/316414/viber-messenger-registered-users/.

Meta seeks discovery from Rakuten to show how Viber has competed with Meta and the impact of the WhatsApp acquisition.  Via the issuance of a discovery order, Meta seeks documents related to how Viber views competition between Viber and Meta (Document Request No. 1; Deposition Topic Nos. 1 & 2), whether Viber's services meet the FTC's definition of personal social networking services (Document Request No. 2), and Viber's ease of entry into the alleged market (Deposition Topic Nos. 3 & 4).  Lastly, Meta has two limited data requests related to the FTC's allegations of market share and market definition regarding time spent and the number of users on Viber (Document Request Nos. 3 & 4).  Meta believes that this information is critical to countering the FTC's allegations that Meta has monopoly power in any cognizable market.  Meta limited these requests to data regarding average time spent and active user numbers, which the FTC alleges are commonly used user metrics.  *See* Am. Compl. ¶ 193.  Document Request No. 3 seeks data limited to specific periods of time when there were outages on Meta's services and seeks information related to diversion of users from Meta's services.  In Document Request No. 4, Meta has asked for data from 2011-2014 and 2021 to help respond to the FTC's allegations that Meta has any type of durable monopoly power.  Via the issuance of a letter rogatory, Meta seeks testimony in response to the listed questions regarding how Viber sees competition with Meta and the impact of Meta's acquisition of WhatsApp.

Meta has served document requests on Rakuten USA, Inc. for documents in the custody and control of Rakuten's United States subsidiary, but Meta is also seeking unique and vital documents that it believes are only available in Japan, where Rakuten is headquartered.  Meta seeks documents only where they are not in the possession or custody of the United States subsidiary.

**III.     Comity Considerations Favor Issuing These Discovery Orders and Letters Rogatory.**

When considering whether to authorize international discovery, the Court must also consider international comity concerns. *See Jaguar Land Rover Ltd. v. DR. ING. H.C. F. Porsche AG*, 2021 WL 3075698, at *1 (D.D.C. June 22, 2021) (considering comity issues raised by motion for issuance of letters of request). Courts generally apply the following comity factors to determine whether to grant a request for international discovery: (1) the importance to the litigation of the documents requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located. *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 544 n.28 (1987).

Here, these factors support issuing the letters. *First*, as set out above, the documents and deposition requests are vitally important to Meta's defenses in this important litigation. *Second*, the narrow requests for each entity are specific, seek only a limited set of evidence, and are directly relevant to issues in this case. With respect to the letters rogatory, Meta has listed the exact questions it requests that the Japanese tribunal ask verbatim. *Third* and *fourth*, even if the documents may have originated overseas, Meta specifically seeks only those documents that are unlikely to be found in the United States, which counterbalances the foreign origin of the documents and favors disclosure. *See Lantheus*, 841 F. Supp. 2d at 793; *Jaguar*, 2021 WL 3075698, at *2 (holding that even if the third factor weighs against issuing the letters, "the fourth [factor] . . . can 'overcome' the third" (quoting *Arcelik A.S. v. E.I. Dupont de Nemours & Co.*, 2021 WL 2010816, at *7 (3d Cir. 2021))). *Finally*, "[w]hen a court orders resort to the [Hague]

8

Convention or to other means of international judicial assistance, it commits the issue whether compliance with the request would undermine important interests of the state where the information is located to the courts or other authorities of that state." *Restatement (Third) of Foreign Relations Law* § 473 reporters' notes 5 (quoted in *Jaguar*, 2021 WL 3075698, at *2). When that is true, "the Court will not assess the fifth factor." *Jaguar*, 2021 WL 3075698, at *2. Therefore, the comity considerations favor issuing the discovery orders and letters rogatory here.

## CONCLUSION

For the reasons above, Meta respectfully requests that the Court grant this Motion and execute the attached discovery orders and provide the attached letters rogatory to the U.S. Department of State to be transmitted to the Japanese tribunal addressed therein.

Dated:  August 17, 2022                     Respectfully submitted,

By: */s/ Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel:  (202) 326-7900
mhansen@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*