IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>META PLATFORMS, INC.,<br><br>　　　　　Defendant. | Case No. 1:20-cv-03590-JEB |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS REQUEST THAT THE COURT INSTRUCT META TO PROVIDE AN UPDATED "HIT COUNT" REPORT**

On June 16, 2022, the FTC and Meta reached agreement on the search strings and custodians relevant to the FTC's February 15, 2022 First Set of Requests for Production ("First RFPs"). The FTC respectfully asks that the Court instruct Meta to provide an updated "hit count report" indicating (i) the number of documents generated by each search string, and (ii) and the total number of documents for each custodian that hit on the complete set of search terms. Meta can do this easily: Meta provided identical hit count reports that were used as the primary basis to negotiate search strings and custodians; the FTC includes with this filing Meta's June 3, 2022 hit count report, to illustrate what the FTC is requesting. *See* Ex. A (June 3, 2022 K. Fetterman Ltr. to D. Matheson). Meta, however, never provided a final hit count report after (i) the FTC agreed to further limit search terms and custodians following the June 3 report, and (ii) Meta completed its document collection. The FTC is merely asking Meta to update its prior reports to reflect the final collection that Meta is now reviewing.

As described below, Meta appears to have created such reports for its own use throughout the discovery process and – at the FTC's insistence – provided these same hit count reports to the

FTC.  The FTC's current request thus represents the natural continuation of the process through which the parties negotiated search terms and custodians.

### I. Meta Has Previously Provided Hit Count Reports, on Which the FTC Relied When Negotiating Search Terms and Custodians

Parties have a duty to act cooperatively and provide transparency during negotiations involving search terms and document custodians.  *Cf. Apple, Inc. v. Samsung Elecs. Co.*, No. 12-CV-0630-LHK PSG, 2013 WL 1942163, at *3 (N.D. Cal. May 9, 2013) ("[s]electing search terms and data custodians should be a matter of cooperation and transparency among parties and non-parties") (quoting *DeGeer v. Gillis*, 755 F. Supp. 2d 909, 929 (N.D. Ill. 2010)).  Accordingly, during the parties' negotiations over search terms and custodians, the FTC repeatedly requested, beginning no later than April 5, that Meta provide hit counts generated by each of the search strings under negotiation, and the total number of hits for each custodian.  *See* Ex. B (May 16, 2022 D. Matheson Ltr. to S. Strikis) at 1 (citing requests for hit count reports made on April 5, April 15, April 29, May 5, and May 11).  Meta initially failed to respond to the FTC's requests, until Meta's own correspondence to the FTC made it apparent that Meta had already run hit count reports for its own use but was simply refusing to share the information with the FTC.  *See id.*  At that point, on May 16, the FTC insisted that the parties contact the Court to resolve Meta's refusal to provide hit count reports to the FTC.  *See id.*  The very next day, on May 17, Meta provided the FTC with the long-requested hit count report, demonstrating Meta's ability to generate quickly the reports that the FTC requests here.

Following Meta's May 17 report, the FTC agreed to further narrow its search strings, and eliminate or restrict searches for certain custodians.  Meta provided an updated report on June 3, 2022 based on the negotiated modifications, which again identified both the documents that hit on each search string, and the total number of documents for each custodian that hit on the

complete set of search terms.  *See* Ex. A.  On June 14, 2022, Meta provided an update limited to the number of documents that hit on five search strings that were, at that time, still under discussion between the parties.  Thus, today, the FTC asks for nothing more than a refreshment of the same report Meta has already produced during discovery negotiations, to reflect Meta's completion of its document collection efforts and the narrowing agreed to by the FTC.

## II.     A Refreshed Hit Count Report Would Be Helpful to the Parties

An updated report would be helpful to the parties, despite the fact that Meta provided a limited update as recently as June 14 (two days prior to the parties' agreement on search terms and custodians).  Since providing the June 14 update, Meta has completed its document collection, including by collecting custodians' files generated through June 30, 2022.  Thus, the FTC will benefit from a refreshed final report because Meta's June 3 and June 14 reports necessarily pre-dated Meta's document collection.  *See* ECF No. 168 (Meta's Response to Order to Show Cause), at 2-3 (according to Meta, "[o]nly after June 16, could Meta begin collecting documents from the agreed-upon custodians based on the agreed-upon search terms.").

Meta inaccurately suggests that the only purpose that could be served by an updated report is to allow the FTC to "micromanage" Meta's document production.  ECF No. 178 (August 31, 2022 Joint Status Report) at 12.  This is not so.  Meta previously represented to the Court that it is "open to discussing with the FTC ways to prioritize the production of specific documents" related to the FTC's First RFPs.  ECF No. 164 (July 29, 2022 Joint Status Report), at 2.  The FTC welcomes such discussions, which will facilitate prompt commencement of fact witness depositions and ensure that fact discovery is efficiently concluded in accordance with the Court's Scheduling Order.  But the FTC is unable to usefully engage in prioritization if Meta will not provide the FTC with information that will allow the FTC to identify custodians with small

3

numbers of documents that hit on search terms, the review of which Meta should be able to complete quickly.  Moreover, the FTC long ago identified to Meta the particular RFPs that are targeted by each agreed-upon search string.  If the FTC is able to understand the "hits" generated by each search string, the FTC will be in a position to understand whether review and production of documents relevant to particular areas of interest can be completed promptly, to prioritize prompt and targeted depositions of witnesses knowledgeable about such topics.  This information would likewise be helpful to the parties, if they are to engage in the discussions that Meta has promised.

    A final hit count report will be helpful to the parties for the additional reason that it will help the FTC understand whether further discovery may be necessary to explore important topics that may not be sufficiently captured by the search strings negotiated by the parties.  Fact discovery closes in this matter on May 27, 2023.  *See* ECF No. 103 (Joint Scheduling Order).  The Court has instructed Meta to complete its production in response to the FTC's First RFPs by November 16, 2022.  *See* August 10, 2022 Minute Order.  It will take the FTC time to assess Meta's document production and determine whether it addresses all areas of interest, or whether additional discovery may be necessary (such as interrogatories, 30(b)(6) depositions, or additional targeted requests for production).  If the FTC must wait until after it has completed review of Meta's document production to assess whether additional discovery may be necessary, the FTC may be forced to serve any such discovery closer to the fact discovery deadline, increasing the chances of last-minute discovery controversies.  If, however, the FTC is able to understand promptly that Meta's production in response to the FTC's First RFPs is likely to contain few documents that hit on certain search strings, the FTC can address the issue far earlier in the process, and the parties will have far more time to reach resolution.

### III. Meta Can Easily Provide the Hit Count Report Requested

Meta has provided no information to the FTC that would suggest that it would be burdensome to provide an updated report. In the parties' recently filed Joint Status Report, Meta merely complains that it would be required to create a "bespoke report." ECF No. 178 at 12. Meta has not explained why, or even asserted that, creating such a report would involve any significant expenditure of resources. Moreover, Meta's past production of similar reports – for its own use and as a basis for discovery negotiations – suggests such analyses are not meaningfully burdensome.

Meta has likewise provided no information to substantiate its unexplained assertion that producing the report would cause "delay." In fact, Meta has refused to provide the FTC with transparency into Meta's collection and review process (refusing to identify even the document review tool that Meta is using), and has refused to provide any explanation for why "delay" would result from running a hit count report identical to reports that Meta ran in the past.

Dated: September 7, 2022

Respectfully submitted,
By: /s/ Daniel Matheson
Daniel Matheson (D.C. Bar 502490)
Krisha Cerilli (D.C. Bar 983281)
Maria Dimoscato (D.C. Bar 489743)
Owen Masters (D.C. Bar 242139)
Susan Musser (D.C. Bar 1531486)
Michael Smith (D.C. Bar 996738)
Mitchell London (D.C. Bar 1029408)
Jessica Moy
Nathan Brenner

Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*