# Exhibit B



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Daniel J. Matheson
Bureau of Competition
Phone: (202) 326-2075
Email: dmatheson@ftc.gov

May 16, 2022

**By Electronic Mail**

Silvija A. Strikis, Esq.
Kellogg, Hansen, Todd, Figel & Frederick, PLLC
1615 M Street NW, Suite 400
Washington, D.C. 20036

      RE:    Plaintiff's First Set of Requests for Production of Documents, *FTC v. Meta Platforms, Inc.*, Civ. Action No. 1:20-cv-03590 (JEB) (D.D.C.)

Dear Silvija:

      I write in response to your correspondence received on Friday night, May 13, 2022. Unfortunately, your letter makes clear that Meta will not provide the FTC with the metrics that we have long requested from Meta to analyze its claims of burden with regard to the proposed Supplemental Search Terms. Although your letter broadly asserts that Meta's modifications of April 26 reduce the number of documents for review "by approximately 5 million documents (7 million versus 2 million)," it provides no information – except with respect to the FTC's proposed search string for RFP 4 – as to the hit counts for individual search strings and individual custodians. As we have repeatedly told you, we need this information to meaningfully assess Meta's proposed modifications, and to verify whether the proposed Supplemental Custodians and Modified Existing Custodians are in fact the appropriate sources for responsive information. The fact that you were able to provide hit count information for the proposed search string for RFP 4 demonstrates that Meta possesses this information for other search strings but is simply unwilling to share it with the FTC.

      We have asked for this information for months. *See* Ltr. from D. Matheson, 5/11/2022, at 2; Ltr. from D. Matheson, 5/5/2022, at 2; Ltr. from D. Matheson, 4/29/2022, at 2-3; Ltr. from J. Moy, 4/15/2022, at 2; Ltr. from D. Matheson, 4/5/2022, at 3. In fact, we informed you on April 29, 2022 that if Meta was unwilling to provide this information by May 9, 2022, then the parties were at an impasse on this issue. Ltr. from D. Matheson, 4/29/2022, at 3. Regrettably, May 9th has come and gone, and Meta continues to refuse to provide this information. Absent this information, further discussions, including a meet and confer this afternoon, would be unproductive. The issue is ripe for the Court's resolution; please provide your availability for a call with Chambers tomorrow and on Wednesday.

Letter to Silvija A. Strikis
May 16, 2022
Page 2

      We appreciate the information you have provided us with respect to the proposed search string for RFP 4.  We do not agree to limit the date range, as you have not specified the date range you would apply, and you have not provided any information suggesting that this unspecified restriction avoids a burden that would be disproportionate to the value of the information sought.  However, we are willing to accept Meta's proposed modification with the following change to the search string:

> (("ig" OR ~~instagram~~ "insta*" OR "wa" OR whatsapp) w/10 (acq* OR buy OR strategy OR rationale OR independen* ~~OR insta*~~ OR Morgan Stanley OR MS OR plan* OR strateg*)) OR (sell* w/10 (Jan OR Koum OR krieger OR systrom)) OR ((~~ir~~ "ig" OR ~~Instagram~~ "insta*" OR "wa" OR whatsapp) w/10 (google OR apple OR microsoft))

Please let us know how many hits this search string produces for the entire time period, and please specify the date restriction that you propose, and the number of hits if that date restriction is applied.

      We are reviewing the rest of Meta's proposals with respect to the FTC's first set of RFPs, specifically with respect to the Modified Existing Search Terms and the Supplemental Custodians, and will respond to you in the next few days.

      We agree to exchange third-party document productions on a rolling basis; we do not have such documents to produce at this time.  We have received productions from Autodesk and from Microsoft, but we believe that these are courtesy copies of productions that Meta has received.  Please inform us of the productions that Meta has received.

      We also agree that Sections B.7 and B.8 of the Protective Order, which impose a fourteen-day waiting period before one Party (i.e., Meta or the FTC) sends the other any nonparty's Confidential or Highly Confidential documents in its possession that are "subject to a confidentiality agreement," do not apply to documents produced by a nonparty pursuant to a subpoena in this case.

      With respect to the FTC's responses to Meta's Interrogatory Nos. 10 & 12, as I informed you on Friday, May 13, we will be supplementing our responses.  We intend to provide to Meta those supplemental responses either this week or next.  We are available to meet and confer in advance of providing those responses, if you believe doing so would be productive.  Unfortunately we are not available at 4:00 today, but we are generally available this week.

                                                  Sincerely,

                                                  /s/ Daniel Matheson
                                                Daniel J. Matheson
                                                *Counsel for Plaintiff Federal Trade Commission*