# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                     Plaintiff,<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>                     Defendant. | Case No. 1:20-cv-03590-JEB |

## META PLATFORMS, INC.'S OPPOSITION TO THE FTC'S
## BRIEF SEEKING TO COMPEL HIT COUNT REPORTS

**INTRODUCTION**

The Court should reject the FTC's effort to compel Meta to produce so-called "hit count reports." On June 16, the parties agreed that Meta would run 80 search string combinations across the files of 96 custodians in response to the FTC's First Set of Requests for Production of Documents ("First RFPs"). Nearly three months later, the FTC now seeks to compel production of counts showing how many documents currently hit on each of the already-agreed search term strings and custodians. Courts routinely reject this kind of demand, and unsurprisingly, the FTC fails to cite any authority justifying it. The FTC transparently seeks hit counts for an improper purpose: to try to dictate the sequence in which Meta produces documents before the November 16 substantial completion deadline. Moreover, even if the FTC's desire to micromanage Meta's productions was a valid reason to compel hit counts (it is not), those counts would not aid in prioritizing productions. The FTC's request should be denied.

**BACKGROUND**

The FTC served the First RFPs on February 15, 2022. The First RFPs contain 40 requests with 114 subparts. They seek documents well outside the FTC's alleged relevant market for "personal social networking services," and include requests about Meta's worldwide operations for a 13- to 15-year period up to the present. Meta timely served Objections and Responses to the First RFPs on March 17, 2022. During the following months of negotiations, Meta warned the FTC repeatedly that its insistence on overly broad and imprecise search terms would produce extremely large volumes of nonresponsive documents to review. To show that the FTC's search term proposals would generate enormous volumes of documents, Meta provided the FTC with counts of how many documents were hitting on proposed search terms, and how many documents were associated with proposed custodians. On June 16, 2022, the parties agreed that Meta would apply 80 search term string combinations to documents from 96

1

custodians. Meta also agreed to produce several categories of documents from noncustodial sources. Negotiations over the search terms and custodians for the First RFPs are now complete.

Meta has explained to the FTC and the Court that the agreed search terms and custodians will require Meta to collect and review at least 4 million documents. The Court ordered Meta to substantially complete production by November 16, 2022. To comply, Meta has developed and implemented a review plan; it has committed significant resources; and it is continuing to collect and review documents. *See* Jt. Status Rpt. (Aug. 31, 2022) at 12, 14 (ECF No. 178). To date, Meta has been producing documents to the FTC and will continue to do so on a rolling basis to meet the substantial completion deadline.

Nearly three months after the parties agreed on search terms and custodians, and one month after the FTC sought and secured a substantial completion deadline, the FTC now seeks to further micromanage Meta's productions. Specifically, the FTC demands that Meta produce hit counts for each of the agreed search-term strings and custodians, so it can somehow use them to direct Meta to prioritize production of certain documents over others before November 16.

## ARGUMENT

The Court should deny the FTC's effort to compel Meta to produce hit counts. *First*, the FTC lacks any legal authority supporting its demand. *Second*, the FTC's stated reason for wanting hit counts – so that it can dictate to Meta which documents Meta should produce faster – is not a valid basis for its request. *Third*, even if it were, practically, hit counts will not permit any prioritization of productions.

**1.** The FTC's brief tellingly fails to cite a single case supporting its demand for hit counts. The Court should deny the FTC's request on that ground alone. *See*, *e.g.*, *Emanuel v. Gap, Inc.*, 2020 WL 5995134, at *3 (S.D.N.Y. Oct. 9, 2020) ("The Court will not direct that Defendants provide Plaintiffs with a hit report as Plaintiffs have pointed to no case law that

establishes such a right, and the Court is aware of none."); Order at 4, *RTC Indus., Inc. v. Fasteners for Retail, Inc.* (N.D. Ill. July 30, 2020) ("Strikingly absent from [movant's] argument is any legal basis for [an] order . . . to provide the counts" sought) (Klineberg Decl. Ex. A).

The only two decisions cited by the FTC have nothing to do with hit counts. They concerned motions to compel non-parties to disclose the search terms and custodians that they used to find responsive documents. *See Apple, Inc. v. Samsung Elecs. Co.*, 2013 WL 1942163, at *1 (N.D. Cal. May 9, 2013) ("Apple seeks from Google a list of the search terms and custodians Google used . . . ."); *DeGeer v. Gillis*, 755 F. Supp. 2d 909, 929 (N.D. Ill. 2010) (addressing failure "to discuss specific search terms or data custodians to be searched" before searches were conducted). These cases have no application here. The FTC is fully aware of and has already agreed to the 80 search term string combinations and 96 custodians for the First RFPs.

**2.** The FTC's demand also improperly seeks discovery about Meta's discovery process. Despite multiple meet-and-confers about hit counts, the FTC disclosed for the first time in its brief that it seeks hit counts based on speculation (at 4) that the counts somehow might indicate "further discovery may be necessary." That is not a valid reason. Under Federal Rule of Civil Procedure 26, the FTC bears the "burden of demonstrating the relevance" of its request. *Freedman v. Weatherford Int'l Ltd.*, 2014 WL 3767034, at *3 (S.D.N.Y. July 25, 2014), *adhered to on reconsideration*, 2014 WL 4547039, at *3 (S.D.N.Y. Sept. 12, 2014). "Discovery into another party's discovery process is disfavored" because, generally, it is not relevant. *Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019) (quoting *Ashcraft v. Experian Info. Sols., Inc.*, 2018 WL 6171772, at *2 n.2 (D. Nev. Nov. 26, 2018)). To overcome that presumption, the FTC "must show a specific deficiency in" Meta's production. *Brewer v. BNSF Ry. Co.*, 2018 WL 882812, at *2 (D. Mont. Feb. 14, 2018); *Jensen, LLC*, 328 F.R.D. at 566

(similar). The FTC's conjecture that hit counts may prompt it to serve more discovery does "not meet this standard." *See Freedman*, 2014 WL 3767034, at *3 (denying motion for hit counts to test "reasonableness" and "adequacy" of production).

The FTC also claims that it will use hit counts to identify certain categories of documents, for particular agreed search strings or custodians, and then direct Meta to produce those categories on a priority basis. That also is not a valid reason to compel hit counts. As Magistrate Judge Harvey has explained, "a responding party, not the court or requesting party, is generally best suited to determine and implement appropriate procedures, methodologies, and technologies" to "identify, preserve, collect, process, analyze, review, and produce relevant and discoverable ESI." *EEOC v. George Washington Univ.*, 2020 WL 3489478, at *11 (D.D.C. June 26, 2020) (quoting *The Sedona Principles*, 19 Sedona Conf. J. at 117-18 & n.92). Accordingly, Meta, not the FTC, is responsible for determining the appropriate sequence for review to ensure substantial completion by November 16. Inviting the FTC to intervene now, just two months before the substantial completion deadline, will only delay Meta's production efforts. *See Freedman*, 2014 WL 4547039, at *2 (discovery on discovery risks extending "time[-]consuming discovery process ad *infinitum*"). This would not, as the FTC claims (at 3), be "helpful to the parties."

3.  Even if the FTC's desire to dictate the order of Meta's productions were a valid reason to obtain hit counts, the counts would not serve that purpose. Meta has not presently organized its documents for review by search strings or by custodian, so Meta cannot, at the FTC's whim, instantly switch the organization of its review based on search strings or custodians the FTC prefers. In addition, as Meta explained in the August 31 Joint Status Report, hit counts for particular search strings or particular custodians do not aid in prioritization. Hit counts do

not show how many documents are responsive and non-privileged or which documents are easier to process for production than others, or account for overlap of documents that hit on multiple search terms or multiple custodians. Although hit counts can be useful during search term negotiations to assess whether proposed terms are generating unreasonably large volumes of documents (the reason why Meta provided hit counts during search term negotiations), they have little if any utility for identifying the number of non-privileged and responsive documents that Meta can produce on an expedited basis. The FTC's brief does not dispute any of these points.

The FTC is incorrect to suggest that Meta has been unwilling to negotiate other ways to prioritize the production of certain documents. On August 17, Meta asked the FTC to provide its prioritization order for custodians who are former employees so Meta could evaluate its ability to process those documents first. The FTC refused to entertain that suggestion. It took the remarkable position that it cannot know what information to prioritize absent hit counts. That position contradicts the FTC's prior representation to this Court that it is prepared to proceed expeditiously. *See* FTC's Mem. Supp. Mot. Compel R. 26(f) Conf. at 6-7 (Apr. 22, 2021), ECF No. 63-1 (arguing FTC was in position "unlike most private litigants" due to extensive pre-complaint discovery). Between the FTC's 18-month investigation and discovery in this case, the FTC has now obtained over 3 million Meta documents and taken approximately 160 hours of testimony from 19 Meta senior executives. The FTC does not need hit counts to determine what to prioritize. With just two months left before the substantial completion deadline, the Court should reject the FTC's attempt to intervene in Meta's collection and review process.

## CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court deny the FTC's request to compel Meta to produce hit counts.

| | |
|---|---|
| Dated:  September 12, 2022 | Respectfully submitted,<br><br>s/ *Geoffrey M. Klineberg*<br>Mark C. Hansen (D.C. Bar No. 425930)<br>Geoffrey M. Klineberg (D.C. Bar No. 444503)<br>Kevin J. Miller (D.C. Bar No. 478154)<br>Kenneth M. Fetterman (D.C. Bar No. 474220)<br>Aaseesh P. Polavarapu (D.C. Bar No. 1740414)<br>KELLOGG, HANSEN, TODD,<br>  FIGEL & FREDERICK, P.L.L.C.<br>1615 M Street, N.W., Suite 400<br>Washington, D.C. 20036<br>(202) 326-7900<br>mhansen@kellogghansen.com<br>gklineberg@kellogghansen.com<br>kmiller@kellogghansen.com<br>kfetterman@kellogghansen.com<br>apolavarapu@kellogghansen.com<br><br> *Counsel for Defendant Meta Platforms, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

  /s/ *Geoffrey M. Klineberg*
Geoffrey M. Klineberg (D.C. Bar No. 444503)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*