# Exhibit A

to the Declaration of Geoffrey M. Klineberg in Support of Meta Platforms, Inc.'s
Opposition to the FTC's Brief Seeking to Compel Hit Count Reports in
*FTC v. Meta Platforms, Inc.* Case No. 1:20-cv-03590-JEB (D.D.C.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RTC INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 861 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Maria Valdez |
| FASTENERS FOR RETAIL, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

This matter is before the Court on Defendant Fasteners for Retail, Inc.'s ("FFR") Motion to Compel Plaintiff RTC Industries, Inc.'s ("RTC") to Provide De-Duplicated Hit Counts for FFR's First Set of Email Requests and to Overrule RTC's Objection to the Format of FFR's Search Terms [Doc. No. 213, 214]. For the reasons that follow, FFR's motion is denied.

## BACKGROUND

In February 2020, the parties agreed to identify up to six email custodians and ten search terms per custodian. FFR's First Set of Email Requests, issued pursuant to that agreement, identified four custodians and ten search terms for each custodian. RTC objected to the search terms as facially improper and exceeding the agreed-upon limits and did not at that time run the terms to determine how many hits were produced. FFR asked RTC to provide hit counts for the terms to see if any were returning a large number of hits, so that FFR could

revise those terms. Having received no response, FFR then asked RTC to provide hit counts for any particular search terms it believed were improper or overbroad.

RTC finally responded that after reviewing preliminary hit counts, the search terms generated over 300,000 email documents for a single custodian. FFR found that response unhelpful because it did not reveal whether any particular search term was responsible for the large number of hits. RTC also repeated its objection that the search terms were excessive in number because eight of the requests are formatted as "(term A) AND (term 1 OR term 2 OR term 3 OR term 4 OR term 5)" or similarly, with multiple disjunctive terms.[1] According to RTC, the use of the disjunctive turns these individual searches into numerous separate requests. FFR contends that the searches instead contained limiters, narrowing the single terms, and moves for a ruling that RTC's objections are improper. FFR also asks the Court to order RTC to provide search term hit counts, de-duplicated against documents already produced in other litigation between the parties, to enable FFR to revise its search terms accordingly.

## DISCUSSION

FFR maintains that its use of the conjunctive "and" in its terms narrows the search and is thus proper under Local Patent Rule ESI 2.6 (Email Production Requests), which states that "[a] conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term." FFR's argument, however, disregards the following sentence in

---

[1] Two requests are for certain FFR and RTC product terms and are not in dispute.

the LPR 2.6, which states that "[a] disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word." Although the disputed terms do include the conjunctive, the addition of the disjunctive multiplies the requests accordingly. FFR's example of the search "(term A) AND (term 1 OR term 2 OR term 3 OR term 4 OR term 5)" equates to five searches: (term A AND term 1), (term A AND term 2), (term A AND term 3), (term A AND term 4), and (term A AND term 5). The fact that the inclusion of term 1 narrows the search for term A does not negate that each search contains several of these "narrowed" searches. RTC's objection to the excessive number of search requests is therefore sustained.

Because even revised terms may nevertheless result in voluminous hits, the Court will also address FFR's request that RTC provide de-duplicated hit counts. FFR's motion argues that in "almost every patent case," and in another case between these parties before Judge Pacold, the parties run search terms and provide individual hit counts in order to allow the serving party to redraft and narrow any terms that return an unusually high number of hits. FFR complains that the same level of cooperation is lacking in this case and suspects that delay is RTC's sole motivation. FFR further avers that there is no burden on RTC to provide hit counts, because FFR spoke to a vendor who estimates it would cost approximately $300 of vendor time to process the hit terms served by FFR in this case. According to FFR, RTC has spent well over that amount in attorney time

3

objecting to FFR's request. Finally, FFR offered at one point to absorb the cost of running the hit counts, but RTC still would not agree.

Strikingly absent from FFR's argument is any legal basis for the Court to order RTC to provide the counts FFR seeks. Although RTC did provide them in Judge Pacold's case, FFR has not offered any authority establishing that RTC is estopped from adopting a different strategy in this case. Even if RTC's motivation were relevant, RTC contends that the substantial expenses incurred in the Judge Pacold case has led to it standing firm in this one. Therefore, if FFR chooses search terms that return a high number of documents, and FFR wants a search-by-search hit count, it must absorb the costs.

## CONCLUSION

For the foregoing reasons, Defendant Fasteners for Retail, Inc.'s ("FFR") Motion to Compel Plaintiff RTC Industries, Inc.'s ("RTC") to Provide De-Duplicated Hit Counts for FFR's First Set of Email Requests and to Overrule RTC's Objection to the Format of FFR's Search Terms [Doc. No. 213, 214] is denied.

**SO ORDERED.**      **ENTERED:**

*/s/ Maria Valdez*

**DATE:**    July 30, 2020

                                 **HON. MARIA VALDEZ**
                                 **United States Magistrate Judge**