**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

FEDERAL TRADE COMMISSION,

      Plaintiff,

      v.

META PLATFORMS, INC.,

      Defendant.

Case No. 1:20-cv-03590-JEB

---

**PLAINTIFF'S REPLY IN SUPPORT OF ITS REQUEST THAT THE COURT**
**INSTRUCT META TO PROVIDE AN UPDATED "HIT COUNT" REPORT**

Meta identifies no burden it would incur by providing an update to the search term hit reports that it has easily produced in the past for its own use and—at the FTC's insistence—as the basis to negotiate search terms and custodians.  Moreover, ordering Meta to provide such a report here would be valuable—allowing the FTC to verify where the final search terms and custodians landed and more effectively discuss document production prioritizations with Meta—and is well within this Court's authority.  Accordingly, the Court should order Meta to respond to the FTC's modest request and provide an updated hit count report.

Parties regularly exchange hit count reports when employing search terms to facilitate document reviews; and where required, courts instruct parties to provide search term hit reports pursuant to their inherent authority to supervise the efficient conduct of discovery.  As one court persuasively observed when ordering a report such as the one requested by the FTC: "[Defendant] argues that the rules do not require the transparency plaintiffs seek.  While [Defendant] may be right, the rules also do not require plaintiffs to agree to the use of search terms in the first place."  *Cohen v. Apple Inc.*, No. C 19-05322 WHA, 2020 U.S. Dist. LEXIS 137738, at *4 (N.D. Cal. Aug. 3, 2020).  This logic is compelling here: the FTC agreed to

suggest search terms after Meta refused to perform its own reasonable search for responsive documents or propose reasonable search terms, forcing the FTC to guess as to the locations of responsive documents and the search terms that might help identify them.  ECF No. 146 (May 31, 2022 Joint Status Report), at 4, 6-7.  At the FTC's insistence, Meta provided previous hit count reports during the search term negotiation process.  The FTC's efforts to move forward efficiently should not now be penalized with non-transparency that prevents the FTC from understanding whether the negotiation process has produced search strings and custodians that are likely to result in an adequate production of documents responsive to the FTC's RFPs.

Meta asserts that the parties reached agreement on June 16, and that the FTC's request comes "[n]early three months later."  ECF No. 192 (Meta's Opp'n), at 1.  But that characterization omits that we are briefing this issue "three months later" only because Meta stonewalled the FTC's request for updated information made on June 16 in connection with the parties' agreement to further narrow search terms, and the FTC's further repeated requests throughout June, July, and August—forcing the FTC to seek the Court's assistance in the August 31 Joint Status Report, ECF No. 177.  *See* Ex. A (June 16, 2022 Matheson email) (requesting Meta provide "the metrics we have requested regarding search term hits"); Ex. B (June 17, 2022 Matheson Ltr.), at 1 (same request); Ex. C (July 26, 2022 Matheson Email), at 1 (same request); Ex. D (Aug. 8, 2022 Matheson Email) (same request); *see also* ECF No. 190, at 2 and Ex. B (identifying multiple requests, ignored by Meta, the FTC made in April and May).  The FTC should not be denied visibility into the ultimate scope of production because Meta unilaterally chose to "go dark" and not provide the FTC with an updated report after the June 16 agreement on search strings and custodians.

No authority Meta cites suggests that this Court should refrain from instructing Meta to provide an updated report.  Meta cites *Emanuel v. Gap, Inc.*, 2020 WL 5995134, at *3 (S.D.N.Y.

Oct. 9, 2020), but that case is irrelevant: a district court refused to find "clear error" when a magistrate judge denied a hit count report relating to non-relevant custodians in the context of a spoliation dispute referred to as a "fishing expedition." *RTC Industries* is likewise inapposite: the court held that the defendant's provision of hit counts in a previous case did not mean the defendant was "estopped from adopting a different strategy in this case," and held that if the plaintiff "wants a search-by-search hit count, it must absorb the costs."  ECF No. 192-2 at 5. Here, the hit count report relates to the FTC's core RFPs, Meta has previously provided such reports, and Meta does not even argue that providing the report would be costly or burdensome.

Meta's only remaining argument for refusing to provide transparency is its unpersuasive assertion that the FTC will attempt to "micromanage" Meta's document production.  The FTC seeks no such thing: it desires only to attempt in good faith to suggest efficient prioritization that will facilitate prompt commencement of depositions, as Meta represented to the Court that the parties would do.  ECF No. 164 (July 29, 2022 Joint Status Report), at 2.  Further, the report will either verify that the search terms and custodians are likely to provide an adequate production of responsive documents, or else apprise the FTC that targeted discovery may be required to pursue areas in which Meta's production may not be sufficient.  Either outcome would benefit the parties and the Court.  Absent such verification, or prompt identification of likely insufficiency, the FTC is concerned that it will be forced to serve additional discovery late in the process, as a result of Meta's refusal to identify reasonable sources of responsive documents.

Dated: September 14, 2022

Respectfully submitted,

By: */s/* Daniel Matheson
Daniel Matheson (D.C. Bar 502490)
Krisha Cerilli (D.C. Bar 983281)
Maria DiMoscato (D.C. Bar 489743)
Owen Masters (D.C. Bar 242139)
Susan Musser (D.C. Bar 1531486)
Jessica Moy
Nathan Brenner

Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*