# Exhibit B



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Daniel J. Matheson
Bureau of Competition
Phone: (202) 326-2075
Email: dmatheson@ftc.gov

June 17, 2022

**By Electronic Mail**

Kenneth M. Fetterman, Esq.
Kellogg, Hansen, Todd, Figel & Frederick, PLLC
1615 M Street NW, Suite 400
Washington, D.C. 20036

      RE:    Plaintiff's First Set of Requests for Production of Documents, *FTC v. Meta Platforms, Inc.*, Civ. Action No. 1:20-cv-03590 (JEB) (D.D.C.)

Dear Ken:

      I write in response to your email, which you sent at 11:50 p.m. on June 16, and we received this morning on Friday, June 17, 2022, in which Meta provided further information regarding the number of "hits" generated by search strings.

      Thank you for confirming that you are available on Tuesday, June 21 to meet and confer. We are available at 11:00 a.m. if that is convenient for you. In advance, we would like to provide clarity on a few points.

      Thank you for the updated overall number of ~8.9 million hits generated by the agreed-upon search terms over the agreed-upon custodians. We anticipate that the number will come down considerably once the "+" issue is resolved, and once threading is applied. Further, our understanding is that this figure does not account for the possibility of de-duplication against documents that were coded "non-responsive" during the Investigation. As we have stated several times, we ask that Meta provide the total number of documents that would need to be reviewed if those documents are removed from the review population. We look forward to additional metrics that will provide that information.

      Regarding shared files, your email states that Meta "intend[s] to investigate to the extent possible where each of these agreed-upon custodians stored files and whether each used a particular work environment to collaborate with colleagues, and we will search those environments for any responsive documents." First, we are disappointed by any suggestion that only now, more than four months after the FTC served its RFPs, Meta **intends** to investigate, but

Letter to Kenneth M. Fetterman
June 17, 2022
Page 2

has not yet **actually investigated**, the relevant shared resources.  Please confirm that you have already undertaken the investigation of shared resources, and if it is not yet completed, when Meta anticipates that it will do so.  Second, please confirm that you are not drawing a distinction between shared locations in which relevant custodians "stored files," and the shared locations from which such custodians accessed files in the ordinary course of business.  If Meta is drawing such a distinction, the FTC's position is that Meta should investigate the extent to which custodians **accessed** files from shared resources, regardless of whether they personally "stored files" in such shared locations.  Third, given your suggestion that you will not review shared resources accessed by custodians to assess the responsiveness of documents "untethered from the 96 agreed-upon custodians," we do not understand how Meta intends to identify the "responsive documents" within shared environments – that is, will Meta restrict its review of shared resources to documents that are indicated by metadata to have been created by or edited by the identified custodians?

The FTC's position is that Meta has an affirmative obligation to identify in good faith shared resources that are likely to prove to be efficient sources of responsive documents.  In some instances, shared resources are likely to be the most efficient source of responsive documents regardless of whether agreed-upon custodians access them in the ordinary course of business.  For example, the FTC has requested: Comscore data (RFP No. 19) and has provided information regarding the data that the FTC is able to obtain directly from Comscore through a license; documents produced or submitted by the Company, and transcripts of any testimony provided by the Company or its employees, in certain litigations and investigations (RFP No. 40); and "surveys, studies, analyses, or experiments of user sentiment or user behavior" regarding Relevant Products (RFP No. 24).

Finally, we are concerned by the suggestion that Meta is "still evaluating how precisely and most efficiently to conduct [its] review."  It is imperative that Meta begin its review promptly and complete it promptly – indeed, as we have expressed repeatedly, there is no reason that Meta should have delayed the commencement of its review by four months.  This delay is unwarranted.  To that end, we request that you confirm on Tuesday, if not before: the date on which Meta will begin its review of custodial documents; the date on which Meta anticipates beginning rolling productions of custodial documents; and the date on which Meta anticipates substantially completing its production of custodial documents.  If you are unable to provide this information during or prior to our Tuesday meet-and-confer, we believe that the parties should apprise the Court of this information as soon as possible, so that the Court can understand whether Meta's anticipated schedule for compliance will unacceptably delay the commencement of fact depositions and create an unacceptable risk that the Court's fact discovery deadline will be threatened.

As we have previously stated, the parties told the Court in the May 31 Joint Discovery Statement that both parties supported a June 30 update regarding the status of Meta's compliance with the FTC's First Set of Requests for Production.  Please confirm that you continue to agree that such an update would be helpful, in order to provide (if you are unable to provide this information by Tuesday, June 21): the date on which Meta will begin its review of custodial documents; the date on which Meta anticipates beginning rolling productions of custodial

Letter to Kenneth M. Fetterman
June 17, 2022
Page 3

documents; and the date on which Meta anticipates substantially completing its production of custodial documents.

                Sincerely,

                /s/ Daniel Matheson
                Daniel J. Matheson
                *Counsel for Plaintiff Federal Trade Commission*