IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                    Plaintiff,<br><br>      v.<br><br>META PLATFORMS, INC.,<br><br>                    Defendant. | Case No. 1:20-cv-03590-JEB |

**META PLATFORMS, INC.'S STATEMENT**
**WITH RESPECT TO THE PENDING DISCOVERY ISSUES**

Meta submits this statement at the Court's request to address the discovery issues to be raised at the telephonic conference scheduled for September 30, 2022. Meta understands that there are two issues to address: (1) the FTC's request that the Court amend its Scheduling Order, ¶ 23 (ECF No. 103) to require the parties to file Joint Status Reports on a monthly basis (as opposed to every three months); and (2) the parties' joint request that the Court provide clarity on how it would like to handle nonparty discovery disputes. With respect to the first issue, Meta's position is that there is no need to amend the Scheduling Order to require more frequent status reports and that doing so will impose an unfair burden on Meta and present the Court with unripe disputes. As to the second issue, Meta requests that the Court centralize all nonparty discovery disputes in D.D.C. to ensure efficient and consistent resolution of discovery disputes that are of significant importance to the litigation of this case.

1. The Court has ordered the parties to submit Joint Status Reports every three months, and a Rule 16 scheduling order may be modified "only for good cause." Fed. R. Civ. P. 16(b)(4). There is simply no good reason to require the modification that the FTC is seeking. Although the Joint Status Reports have worked well as a mechanism for the parties to identify and often resolve issues of concern, requiring them every month would transform a useful tool into an inequitable burden.

Discovery in this case is asymmetrical. Whereas Meta has been reviewing millions of documents, responding to wide-ranging data requests, and preparing Rule 30(b)(6) witnesses, the FTC has had virtually no discovery burden at all. Preparing a Joint Status Report every month will impose a significant hardship on Meta – and on Meta alone – to respond to complaints about the pace, scope, and sufficiency of one-sided discovery.

Even putting aside the unilateral nature of the discovery burden in this case, preparing Joint Status Reports every month would be disruptive and time consuming.  The parties must exchange drafts with sufficient time to respond to one another's sections and then revise their responses.  Requiring a Joint Status Report every month would mean that the parties would have to start exchanging drafts for the new report only a week or so after submitting their last.

Moreover, additional Joint Status Reports are not necessary.  The Court's practice allows any party to raise discovery issues whenever they arise, for expedited resolution.  Requiring monthly Joint Status Reports would impose a cumbersome process on top of the efficient dispute resolution approach this Court typically favors.  And it would also potentially require the Court to wade into disputes that the parties could resolve with more time.

Finally, although discovery has been underway since March, there have been only a handful of actual disputes that have required the Court's attention.  The current process has been working well.  Under these circumstances, there is simply no cause to amend the existing Scheduling Order to impose what amounts to a burdensome and one-sided obligation.

2.      Meta indicated in the parties' previous status update that it may need to file motions to compel against a number of nonparties and that the parties would benefit from the Court's guidance on how to handle nonparty discovery disputes.  *See* Joint Status Report at 10-11, ECF No. 178.  Meta has since filed a motion to compel against another nonparty, Alpha Exploration Co. ("Clubhouse"), in the Northern District of California, which transferred the dispute to this Court.  *See* Transfer Order, *Meta Platforms, Inc. v. Alpha Exploration Co.*, No. 3:22-mc-80237-LB, ECF No. 8 (N.D. Cal. Sept. 13, 2022).  Meta's motion to transfer a motion to compel against Snap, Inc. to this Court is still pending, s*ee* ECF No. 178 at 11, and Meta may file additional motions against other nonparties in the near future.

Meta respectfully requests that the Court order or otherwise express its preference that all nonparty disputes be resolved in this Court, and provide clarity on the procedures applicable to such disputes. This case is novel and complex, and this Court's familiarity with the underlying issues places it in the best position to "secure the just, speedy, and inexpensive" resolution of discovery disputes. Fed. R. Civ. P. 1. Resolving all disputes in D.D.C. would also promote consistency and fairness; the parties have issued well over two hundred subpoenas to non-parties, who reside in more than twenty federal districts. The FTC agrees with Meta that the parties would benefit from clarity from the Court on how it would like to handle nonparty discovery disputes, and has stated that it "defer[s] to Judge Boasberg's preference, but [it] recognize[s] the potential efficiencies in centralizing all future disputes in D.D.C." N. Brenner Email to K. Horvitz (Sept. 26, 2022).

Courts in this District overseeing antitrust cases of comparable size have provided similar orders or instructions. *See* June 29, 2021 Status Conf. Tr. 19:18-20:22, *United States v. Google LLC*, No. 1:20-cv-03010-APM, ECF No. 151 (D.D.C. June 30, 2021) (providing that all nonparty disputes should be submitted in omnibus filing in D.D.C.); Dec. 21, 2017 Status Conf. Tr., *United States v. AT&T, Inc.*, No. 1:17-cv-2511-RJL, ECF No. 56 (D.D.C. Dec. 22, 2017) (stating similar preference on record). The Court overseeing the FTC's other antitrust litigation against Meta recently issued an Order to this effect in that case. *See* Order on Joint Stipulated Discovery Plan and Briefing Schedule ¶ B.1, *FTC v. Meta Platforms, Inc.*, No. 5:22-cv-04325-EJD, ECF No. 86 (N.D. Cal. Sept. 6, 2022). And such preferences are routinely respected by courts in other jurisdictions. *See, e.g.*, *Weddle v. Williams*, 2019 WL 1620815, at *5 (D. Colo. Apr. 15, 2019) (transferring in light of issuing Court's request that nonparty disputes be transferred "so that he can resolve the motions consistently and fairly").

Dated:  September 29, 2022                        Respectfully submitted,

/s/ *Geoffrey M. Klineberg*
Mark C. Hansen (D.C. Bar No. 425930)
Geoffrey M. Klineberg (D.C. Bar No. 444503)
Kevin B. Huff (D.C. Bar No. 462043)
Kenneth M. Fetterman (D.C. Bar No. 474220)
Kevin D. Horvitz (D.C. Bar No. 1521032)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com
gklineberg@kellogghansen.com
khuff@kellogghansen.com
kfetterman@kellogghansen.com
khorvitz@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

  /s/ *Geoffrey M. Klineberg*
Geoffrey M. Klineberg (D.C. Bar No. 444503)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
gklineberg@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*