IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 1:20-cv-03590-JEB |

**PLAINTIFF'S STATEMENT IN ADVANCE OF THE PARTIES' SEPTEMBER 30, 2022
TELECONFERENCE WITH THE COURT REGARDING DISCOVERY DISPUTES**

The FTC respectfully requests that the Court instruct the parties to submit joint reports at the end of each calendar month throughout the discovery period, in addition to the joint reports scheduled for November, 2022, February, 2023, and May, 2023. *See* ECF No. 103 ¶ 23.

The parties previously submitted joint reports in May and August. On each occasion the report prompted the parties to resolve lingering discovery disputes in the days before the reports were due. The FTC hopes that future reports will have the same salutary effect. Below, the FTC provides examples of issues that have for too long been pending. The FTC hopes that monthly reports will spur the parties to reach agreement on these and other issues. To date, Meta's delay in addressing these issues since the last status report was filed on August 31– remedied to some extent in the hours before the Court's deadline for this statement – has prevented the FTC from identifying compromises or seeking the Court's assistance on intractable issues.

**1. Inaccurate or Deficient Privilege Claims, Identified August 4**. The parties have a long-standing dispute regarding privilege claims Meta advanced during the FTC's pre-Complaint investigation. On August 4, 2022, the FTC crystallized the dispute by identifying specific documents exemplifying several categories of unsubstantiated privilege claims.

Just prior to the parties' August 31 status report, Meta committed to, no later than September 2, 2022: (i) produce some unjustifiably withheld documents the FTC identified on August 4; and (ii) provide more specific privilege descriptions. Meta made this representation on August 29, yet simply ignored its commitment until the morning of this filing: at 12:07 a.m. on September 29 Meta for the first time produced some documents related to these issues. As of this filing, Meta has still not yet produced any revised privilege descriptions. Meta's failure to fulfill its commitments has delayed resolution of this long-outstanding issue. An October joint report should provide an opportunity to identify or resolve any disputes, assuming Meta provides any additional documents and the long-promised privilege descriptions in a timely fashion.

**2. Meta's Refusal to Discuss Collaborative Work Environments.** The FTC does not believe that Meta has fulfilled its commitment to provide information related to collaborative work environments associated with each document production. Meta has ignored the FTC's request for information, so the FTC does not know whether the parties have a dispute.

**3. Meta's Refusal to Timely Meet and Confer Regarding its Document Preservation.** On August 30, the FTC raised questions regarding Meta's document preservation efforts. The FTC followed up, but Meta refused to engage until the eve of this Court's filing. Finally, on September 28 at 10:13 p.m., Meta at last agreed to meet and confer on October 5. Meta's delay and refusal to provide any information for the entire month of September has prevented the FTC from understanding whether the parties have a dispute. A monthly report at the end of October should discourage Meta from repeating such dilatory conduct.

**4. Unsustainable Production Timeline for "Linked" Documents.** Meta employees routinely communicate with their colleagues by sending an originating communication (e.g., an email) that includes – in lieu of an attachment – a link to a related file that is the subject of the originating communication. In order for the FTC to effectively depose Meta's executives, the

FTC must be able to review the linked files. On August 10 and 22, the FTC identified to Meta a total of 36 documents containing such links. To date, Meta has only provided incomplete productions of linked documents, without metadata, and delayed or omitted information used for associating linked files that Meta provided as a matter of course during the FTC's investigation.

Moreover, Meta's production has been unsustainably slow. Meta initially rebuffed the FTC's effort to agree on a standardized timeline for producing linked files. On September 28, Meta finally provided its first proposal. An October report will assist the parties in resolving this issue, or determining whether the parties have a dispute.

**5. FTC Requests for Production ("RFPs"), Served July 12.** The parties successfully narrowed their disputes regarding Meta's responses to ten RFPs the FTC served on July 12, but for most RFPs Meta has not yet provided a date by which it expects to begin or complete its production. The FTC believes that prompt compliance should be feasible, but without Meta's projected timeline, the FTC cannot determine whether the parties have a dispute.

**6. FTC 30(b)(6) Deposition Notice, Served on July 22**. Negotiations over the FTC's 30(b)(6) deposition notices have dragged on for far too long. After the FTC insisted on contacting the Court's chambers to request the upcoming teleconference, Meta finally engaged with the FTC and the parties are in the process of narrowing disputes.

\*   \*   \*

In addition to the FTC's request for monthly joint status reports, the parties seek the Court's guidance regarding the forum in which to address future disputes with nonparties. The FTC's position is that the parties should proceed however the Court believes to be most efficient.

Dated: September 29, 2022              Respectfully submitted,

By: /s/ Daniel Matheson
Daniel Matheson (D.C. Bar 502490)
Krisha Cerilli (D.C. Bar 983281)
Maria DiMoscato (D.C. Bar 489743)

        Patricia Galvan
        Owen Masters (D.C. Bar 242139)
        Susan Musser (D.C. Bar 1531486)
        Jessica Moy
        Nathan Brenner
        Rebecca Weinstein

        Federal Trade Commission
        Bureau of Competition
        400 Seventh Street, S.W.
        Washington, D.C. 20024
        Telephone: (202) 326-2075
        Email: dmatheson@ftc.gov

        *Attorneys for Plaintiff Federal Trade Commission*