IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>META PLATFORMS, INC.,<br><br>    Defendant. | Case No. 1:20-cv-03590-JEB |

**META PLATFORMS, INC.'S STATEMENT CONCERNING
ITS MOTION TO COMPEL ALPHA EXPLORATION CO.'S (D/B/A CLUBHOUSE)
<u>PRODUCTION OF DOCUMENTS</u>**

Meta served a document subpoena on non-party Alpha Exploration Co. (*d/b/a* Clubhouse) on February 22, 2022 following its rapid and recent entry as a competitor to Meta. The subpoena seeks documents that are highly relevant to the FTC's allegations that Clubhouse and similar applications do not compete with Meta. Clubhouse is an application, launched in March 2021, allowing users to communicate with friends and those with shared interests. Within its first year, Clubhouse amassed millions of users, refuting the FTC's allegations that Meta's alleged conduct created "substantial barriers to entry" that "protect Facebook's monopoly position" and "eliminate[] nascent rivals." Dkt. 82 ¶¶ 9, 186. To reduce any burden on Clubhouse, Meta substantially narrowed its subpoena and put the remaining requests into categories, two of which are at issue here: Category 1 (containing 4 requests) regarding Clubhouse's views on competition, and Category 4 (containing 2 requests) regarding user engagement metrics that Clubhouse tracks.

1. *Category 1: Competitive Landscape* (RFP Nos. 1, 14, 22 & 25) – This category seeks documents regarding Clubhouse's views on competition and comparisons between Clubhouse's products and features that compete with Meta. The documents Meta seeks are relevant to its defenses as courts "regularly take account of industry participants' perspectives on who their competitors are in order to shed light on the interchangeability of the products they offer." *Delco LLC v. Giant of Md., LLC*, 2007 WL 3307018, at *17 (D.N.J. Nov. 8, 2007); *see also United States v. AT&T Inc.*, 2011 WL 5347178, at *3-4, *7 (D.D.C. Nov. 6, 2011).

Notwithstanding the central relevance of this information and despite conceding that it competes with Facebook, Instagram, and companies that the FTC says are not within its PSNS market, Clubhouse has produced just *two* documents relating to competition, and states that it will not conduct *any* custodial searches to identity additional responsive documents, unless Meta

agrees to pay its searches.  Clubhouse's production is facially deficient, and it cannot condition reasonable compliance on the payment of its fees.  Clubhouse does not dispute that it possesses additional responsive documents and Meta expects—based on Clubhouse's limited production and self-proclaimed "massive store of documents"—that Clubhouse possesses additional documents showing executives' commentary on competition with Meta.  Non-parties in antitrust cases routinely conduct custodial searches for responsive documents.  *See, e.g.*, 10/28/21 Status Conf. Tr. 17:7-12, *United States v. Google LLC*, No. 1:20-cv-03010-APM, Dkt. 249 (D.D.C. Oct. 29, 2021) (Microsoft "has produced over 1.2 million documents"); Samsung Position Statement at 7-8, *United States v. Google LLC*, No. 1:20-cv-03010-APM, Dkt. 244 (D.D.C. Oct. 22, 2021) (discussing process to review 1.5 million Samsung documents captured by search terms).  Other non-parties in the case are conducting similar searches in response to Meta's subpoenas through constructive negotiations over search terms and custodians.

      And Clubhouse has made no effort to substantiate a burden of conducting the searches Meta seeks.  Meta, therefore, requests that the Court compel Clubhouse to conduct targeted searches of employees involved in competitive decision-making for responsive documents.  *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 367 (D. Nev. 2019) (compelling non-party in antitrust case to conduct custodial email searches); *see also Tera II, LLC v. Rice Drilling D, LLC*, 2022 WL 1114943, at *6 (S.D. Ohio Apr. 14, 2022) (same).

      2.    *Category 4: Time Spent/User Engagement Data* (RFP Nos. 3, 4) – Meta seeks the user engagement metrics Clubhouse tracks in the ordinary course.  The FTC seeks to calculate market share using certain user engagement metrics.  *See* Dkt. 82 ¶ 190.  Clubhouse previously produced data relating to Daily Active Users and Monthly Active Users on its services, but has repeatedly refused to indicate whether it tracks any other user engagement metrics.  Clubhouse's

counsel recently represented that Clubhouse does not track the amount of time users spend in the Clubhouse app, despite the fact that at least one publicly available source indicates that Clubhouse *does* track time spent data.[1]  If Clubhouse does not track other engagement metrics, it should so state; otherwise, the Court should order Clubhouse to produce responsive data.

       3.    *Clubhouse Is Not Entitled to Fees Ab Initio* – Clubhouse demands that it be compensated for unspecified and unsupported costs before it has complied with Meta's subpoena.[2]  But that is not the law.  Cost-shifting is only appropriate in limited circumstances *after* a party has complied with a subpoena, *after* they have demonstrated that the expenses incurred were "significant," and *after* they have demonstrated that the requested fees are reasonable.  Fed. R. Civ. P. 45(d)(2(B)(ii), advisory committee notes to 1991 amendments.  Clubhouse has not yet complied.  Further, it is Clubhouse's burden to demonstrate that its requested fees are reasonable, significant, and incurred as a result of compliance, as "[a]n unreasonable expense," is not recoverable.  *G & E Real Est., Inc. v. Avison Young-Washington, D.C., LLC*, 317 F.R.D. 313, 316 (D.D.C. 2016).  Given its minimal productions to date, Clubhouse does not appear to have incurred significant costs in complying with the subpoena and has made no showing of reasonableness, nor is there reason to believe Clubhouse will incur "significant fees" if it conducts the searches Meta requests.  *See, e.g.*, *Cornell v. Columbus McKinnon Corp.*, 2015 WL 4747260, at *1 (N.D. Cal. Aug. 11, 2015) (denying non-party's request for costs since costs of $227,597 were not "significant").  The Court should not shift Clubhouse's costs to Meta at this time, or allow it to condition its compliance on fee shifting.

---

[1] *See* Eric Rosenbaum, *Clubhouse Has 'Millions More On Waitlist' After Android Launch: CEO*, CNBC (May 25, 2021), https://www.cnbc.com/2021/05/25/clubhouse-has-million-more-on-wait-list-after-android-launch-ceo.html ("Clubhouse reports . . . people are spending over an hour a day on the app.").
[2] Clubhouse previously stated that its attorneys' fees "would not exceed $15,000."  However, Clubhouse recently informed Meta that its previous statement was incorrect and that its fees are in fact "significantly larger."

Dated:  October 12, 2022               Respectfully submitted,

   s/  *David Z. Gringer*
DAVID Z. GRINGER (SBN 1001200)
  David.Gringer@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone:  (212) 230-8800

SONAL N. MEHTA (*pro hac vice*)
  Sonal.Mehta@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000

*Counsel for Defendant Meta Platforms, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on 12th day of October 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System.

                                        /s/ *David Z. Gringer*
                                        David Z. Gringer