IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 1:20-cv-03590-JEB |

**META PLATFORMS, INC.'S MOTION TO COMPEL SNAP, INC. TO PRODUCE DOCUMENTS**

Meta seeks necessary discovery from the one company the FTC alleges is a significant competitor of Meta (in reality, there are many).  While "recogniz[ing] that it will need to provide some additional discovery," Joint Stipulation at 60, No. 2:22-mc-00146, ECF No. 1-1 (C.D. Cal. Aug. 3, 2022),[1] Snap has stonewalled and delayed.  Snap initially refused to provide *any* discovery and then issued a take-it-or-leave-it offer to produce only a handful of documents, subject to numerous inappropriate conditions, including revising this Court's protective order and Meta paying fees.  The offer did not include the vast majority of documents Meta needs to defend itself, and included no customary custodial searches for relevant emails and documents.

No "extraordinary circumstances" require quashing the entire subpoena and starting at square one, as Snap demands.  *Flanagan v. Wyndham Int'l, Inc.*, 231 F.R.D. 98, 102 (D.D.C. 2005) (collecting cases).  Meta served the subpoena more than eight months ago.  To reduce any burden, Meta substantially narrowed it and put the remaining requests into six categories.  The Court should order Snap to produce the highly relevant documents Meta seeks.

**1. Competition** (RFPs 4, 7, 9, 18, 19, 56, 25, 26, 31, 1, 60, 61) – Meta seeks documents about Snap's views on competition and activities users perform on Snapchat relevant to the FTC's alleged Personal Social Networking Services ("PSNS") criteria.  Meta also seeks documents about advertising competition and pricing relevant to the FTC's allegations that Meta suppressed advertising competition.  Documents about competition are relevant to Meta's defense that there is no "industry or public recognition" of the PSNS market.  *Brown Shoe Co. v. United States*, 370 U.S. 294, 325 (1962).  Courts "regularly take account of industry participants' perspectives on who their competitors are in order to shed light on the interchangeability of the products they offer."  *Delco LLC v. Giant of Md., LLC*, 2007 WL 3307018, at *17 (D.N.J.

---

[1] Before transfer, the parties filed a Joint Stipulation pursuant to C.D. Cal. local rules.  *Id.* That filing further details Meta's requests and their relevance and addresses Snap's arguments.

Nov. 8, 2007); *United States v. AT&T Inc.*, 2011 WL 5347178, at *3-4, *7 (D.D.C. Nov. 6, 2011). Snap's documents on who it competes with are critical to dispute the FTC's claim that Snap is Meta's only significant competitor. If these documents demonstrate Snap competes with not just Meta, but also, for example, TikTok, the FTC's market definition collapses.

Notwithstanding the clear relevance, Snap refuses to conduct *any* custodial searches for documents in response to RFPs 4 and 7 or produce any documents in response to most of these requests. Non-parties in antitrust cases routinely conduct custodial searches. *See, e.g.*, *United States v. Google LLC*, No. 1:20-cv-03010-APM, ECF No. 199-1 at 15 (D.D.C. Aug. 31, 2021) (Microsoft searching 45 custodians using 44 search strings); *id.* ECF No. 177 at 3-4, 7 (Aug. 17, 2021) (Apple searching 19 custodians using 54 search strings). And courts routinely compel such searches. *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 367 (D. Nev. 2019) (non-party in antitrust case compelled to conduct custodial searches); *In re EpiPen Mktg., Sales Practice & Antitrust Litig.*, 2018 WL 3240981, at *3 (D. Kan. July 3, 2018) (same); *Tera II, LLC v. Rice Drilling D, LLC*, 2022 WL 1114943, at *6 (S.D. Ohio Apr. 14, 2022) (same). Other non-parties are conducting such searches across custodian groups after negotiating search terms. The Court should order Snap to: (1) conduct a reasonable search of relevant groups of custodians for RFPs 4 and 7; and (2) produce documents reasonably responsive to the other requests.

**2. Acquisitions** (RFPs 20, 36, 38-40) – Meta seeks documents about Meta's challenged acquisitions and offer to buy Snap. *See* Am. Compl. ¶ 64. Snap's views of the acquisitions are relevant to whether they harmed competition, as alleged. Snap refuses to produce documents for most of the requests, offering only a limited set of board documents on Meta's attempts to buy Snap. Snap refuses to conduct custodial searches for emails and documents. The Court should order Snap to conduct a reasonable search of relevant custodians for responsive documents.

3. **Product Quality and Pricing** (RFPs 12-14, 21-23, 43, 46, 47, 41, 58, 2) – Meta seeks documents regarding Snap's privacy, data-collection, and ad-load practices; pricing; and decision to add certain features to Snapchat.  These requests are relevant to the FTC's claims that Meta is a monopolist (and that its conduct has caused anticompetitive effects) because Meta (supposedly) profitably reduced its "product quality" in these areas.  Meta seeks to compare its practices to competitors to test the FTC's claim.  Snap has offered nothing responsive to these requests other than its public privacy policies and documents showing how they changed over time.  The Court should order Snap to:  (1) produce documents reasonably responsive to these requests; and (2) conduct a reasonable search of relevant custodians for documents responsive to RFPs 12, 14, 21.

4. **Data** (RFPs 6, 8, 10, 15, 16) – Meta requests data relating to Snap's user numbers, including how users spend time on Snap (and how much).  This is relevant to assess Meta's relative share of the alleged market using the FTC's methodology and the contours of the FTC's market.  Snap offered to produce some data, but the Court should order Snap to: (1) produce data reasonably responsive to the requests; and (2) update the data it provided the FTC to the present.

5. **Infrastructure** (RFPs 22(c), 48, 49) – Meta seeks documents about Snap's infrastructure, to help show how Meta helped improve Instagram's and WhatsApp's infrastructure compared to what they could have accomplished as stand-alone companies.  Snap conditionally offered to produce high-level presentations regarding one aspect of this request.  The Court should order Snap to produce documents reasonably responsive to these requests.

6. **Project Voldemort** (RFP 53) – Meta seeks documents related to "Project Voldemort" – Snap's dossier of alleged anticompetitive conduct by Meta.  Snap conditionally offered to produce some documents, but refuses to discuss search terms or custodians.  The Court should order Snap to conduct a reasonable search of relevant custodians for responsive documents.

Respectfully submitted,

October 27, 2022

/s/ *Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
Kevin B. Huff (D.C. Bar No. 462043)
Ana Nikolic Paul (D.C. Bar No. 1531904)
Kevin D. Horvitz (D.C. Bar No. 1521032)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com
khuff@kellogghansen.com
apaul@kellogghansen.com
khorvitz@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*