# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br>    *Plaintiff,*<br><br> v.<br><br>META PLATFORMS, INC.<br>    *Defendant.* | Case No. 1:20-cv-03590-JEB |

**NON-PARTY SEQUOIA CAPITAL OPERATIONS, LLC'S MOTION TO QUASH DEPOSITION SUBPOENAS ISSUED BY THE FEDERAL TRADE COMMISSION**

Non-party Sequoia Capital Operations, LLC ("Sequoia") respectfully seeks an order quashing the deposition subpoenas issued by the Federal Trade Commission ("FTC") to Sequoia's top executive, Roelof Botha, and its former senior executive, James Goetz. (Attached as Exhibits 1 & 2). The deposition subpoenas seek discovery of information that is not relevant to any issues, claims, or defenses in this antitrust litigation, and is cumulative of other information the FTC already possesses. Moreover, deposing Sequoia's top executive and its former senior executive on topics more than a decade old is unduly burdensome and not proportional to the needs of this case.

## BACKGROUND

Non-party Sequoia is a venture capital firm located in Menlo Park, California with over $80 billion in assets under management. Sequoia focuses primarily on seed stage, early stage, and growth stage investments in private companies across technology sectors. Mr. Botha is the Senior Steward of Sequoia's brand. This is the most-senior position at Sequoia. In addition to a very busy schedule overseeing and representing Sequoia and managing the daily activity of the US and Europe investment and back office teams, Mr. Botha also sits on the boards of a dozen companies. Mr. Goetz held a similar position at Sequoia from 2012 until his retirement in 2017. Since retiring from his role as a Sequoia Steward, he has dedicated much of his energy towards philanthropy.

Messrs. Botha and Goetz's sole connection to this case is Sequoia's early seed, minority investment in Instagram (2011) and WhatsApp (2012) before Meta Platforms (then Facebook) acquired both companies. How this connection bears any relevance to this litigation remains a mystery.

## ARGUMENT

1. **Lack of Relevance.** Save for a passing statement in the Amended Complaint that "[v]enture capital and other funding flowed to startups like Instagram…and WhatsApp,"

(Amended Complaint at ¶ 6) there is no allegation relating to Sequoia's investment in either company. Although the FTC has not clearly articulated to Sequoia how Messrs. Botha's and Goetz' testimony is relevant to any element of their Sherman Act Section 2 claim, Sequoia understands the FTC's position to be that Sequoia's investment analyses for Instagram and WhatsApp may be relevant to proving market definition and to establishing the narrative surrounding those companies prior to their acquisition by Meta. Sequoia's internal assessments and valuations of Instagram and WhatsApp, however, are irrelevant to whether a "personal social networking" is a properly defined antitrust market. Sequoia's investment evaluations do not touch on any key market definition considerations, including cross-elasticity of demand or reasonable interchangeability. Indeed, Sequoia knows of no court that has relied on the internal investment analyses (or testimony) of a non-party investor in defining an antitrust market. Moreover, the circumstances in which Sequoia invested in Instagram or WhatsApp, its return on its minority investments, or any relationship that Sequoia, Mr. Botha, or Mr. Goetz had with the founders of either company do not bear on whether Meta violated the antitrust laws. Their testimony is irrelevant.

2. **Cumulative**. Even if any information that Messrs. Botha and Goetz possess is of any relevance, the testimony the FTC seeks regarding Sequoia's investments in Instagram and WhatsApp is cumulative of information it already has or that it can obtain through less burdensome means. Similarly, the FTC does not have a substantial need for this discovery from either of them: it is not critical to this case. To the extent the FTC needs discovery regarding how industry participants viewed the market at the time of Meta's acquisitions of Instagram and WhatsApp, or even the likelihood that Instagram and WhatsApp would have prospered independently and competed against Facebook but for their acquisitions, any testimony from Messrs. Botha or Goetz

would presumably be duplicative of other evidence. There is no question that the FTC has had ample opportunity to obtain such discovery in this action, and the most relevant evidence on these issues are either (1) in the FTC's possession already (as it reviewed both acquisitions), (2) with Instagram and WhatsApp (whose ordinary course business documents Meta has provided in discovery or can provide), or (3) with the over 100 non-parties whom the parties have subpoenaed in this case and who—unlike Sequoia—are likely actual industry participants.

3. **<u>Undue Burden</u>**. Given the lack of relevance Messrs. Botha and Goetz's deposition testimony have to this case, any burden imposed on them and Sequoia is, by definition, undue. But even if such testimony were relevant, it would not be proportional to the needs in this case. Requiring that Sequoia's top executive and its former senior executive prepare and sit for a deposition about decade-old opinions, statements, and documents would be costly and disrupt Mr. Botha's work at Sequoia, and Mr. Goetz's retirement and charitable work, alike. This burden is magnified by the fact that the deposition subpoenas seek both of their individual testimony unencumbered by any temporal or topical restrictions.

In the interests of trying to minimize the burden to Messrs. Botha and Goetz—and avoid having to bring this dispute before the Court—Sequoia offered to submit declarations in lieu of depositions. The FTC refused that compromise.

***

Sequoia has more than fulfilled its legal obligations to respond to discovery requests from the FTC in this litigation. The FTC is seeking to engage in a burdensome fishing expedition at the expense of a non-party that has nothing to do with this case. Sequoia, respectfully, wants no part of it.

Dated: November 7, 2022			Respectfully submitted,

/s/ Samer M. Musallam
Samer M. Musallam [DC # 986077]
Ropes & Gray LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006-6807
Tel: (202) 508-4600
Fax: (202) 508-4650
samer.musallam@ropesgray.com

*Counsel for Non-Party Sequoia Capital Operations, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2022, I filed the foregoing Motion to Quash Subpoenas Issued to Non-Party Sequoia Capital Operations, LLC with the United States District Court for the District of Columbia using the CM/ECF system, and caused it to be served on all registered participants via the notice of electronic filing (the "ECF").

/s/ Samer M. Musallam
Samer M. Musallam

*Counsel for Non-Party Sequoia Capital Operations, LLC.*