# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | |
| Plaintiff, | |
| v. | Civil Action No. 1:20−cv−03590 (JEB) |
| **META PLATFORMS, INC.** | |
| Defendant. | |

**PLAINTIFF FEDERAL TRADE COMMISSION'S STATEMENT IN
OPPOSITION TO NONPARTY SEQUOIA CAPITAL'S MOTION TO QUASH**

Sequoia Capital ("Sequoia"), the only venture capital firm that invested in both Instagram and WhatsApp, seeks to quash deposition subpoenas issued to two individuals with personal knowledge of separate and distinct issues relevant to the FTC's claims and Meta's defenses.  The FTC seeks to depose Mr. Roelof Botha, who currently heads Sequoia and was the lead investor in Instagram's Series B funding – an investment that valued Instagram at $500 million a few days before Facebook acquired Instagram for twice that sum.  In addition, the FTC seeks to depose Mr. Jim Goetz, a former member of WhatsApp's board of directors and a retired Sequoia partner, who led at least three rounds of investment in WhatsApp and helped negotiate WhatsApp's eventual acquisition by Meta.  The FTC respectfully asks this Court to reject Sequoia's bid to quash and to instruct that both depositions take place by the end of the year.

## I.   PROCEDURAL BACKGROUND

The FTC served Sequoia Capital with a subpoena for documents on May 6, 2022.  To limit burden, the FTC made highly targeted requests and in response Sequoia produced eighteen documents.  These documents, which include internal analyses, confirm that Messrs. Botha and Goetz were deeply involved in valuing and assessing Instagram and WhatsApp during the relevant time period.  Given their personal involvement, the FTC served Mr. Botha and Mr. Goetz with deposition subpoenas on October 18, 2022.  The FTC discussed the subpoenas with Sequoia's counsel on October 7 and 17 (prior to service), and on October 25, 27, and 28.   In these discussions, the FTC made clear that it is willing to minimize any burden on Messrs. Botha and Goetz by limiting the FTC's time and by conducting remote depositions.  The FTC further asked whether it could offer any additional accommodations that might obviate the need for a dispute.  Sequoia's counsel declined to engage further and instead raised this dispute with the Court.

## II.   Mr. Botha's and Mr. Goetz's Testimony is Plainly Relevant

The FTC may obtain discovery on any issue that "is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  If the subpoenaing party shows its requests are relevant, then the subpoenaed party must demonstrate a "clearly defined and serious injury" to support a claim of undue burden.  *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014).  A court then "balance[s] the interests served by demanding compliance with the subpoena against the interests furthered by quashing it."  *Dell Inc. v. DeCosta*, 233 F. Supp. 3d 1, 3 (D.D.C. 2017).

Mr. Botha heads Sequoia, a venture capital firm headquartered a few miles from Meta's Menlo Park headquarters.  In 2012, Mr. Botha, then a partner at Sequoia, drafted investment memoranda presenting Sequoia's analysis of Instagram and other applications.  According to documents produced by Sequoia, Mr. Botha participated directly in this analysis and valuation of Instagram and thus likely has personal knowledge relevant to the FTC's claims.  For instance, Sequoia's website lists Mr. Botha as the only partner involved in the Instagram investment, and states that Sequoia invested in Instagram because:

> In 2012, smartphones were fast supplanting cameras as the primary way to capture photos.  But sharing photos was difficult . . . [Instagram] offered a fast, beautiful and fun way to share your life with friends.  That combined with rapid user growth and engagement led us to believe Instagram had the potential to build a powerful social graph to rival those that already existed.

Sequoia Capital, "Instagram," https://www.sequoiacap.com/companies/instagram/.

Mr. Goetz, now retired, similarly has personal knowledge regarding WhatsApp prior to its acquisition by Meta.  The FTC understands Sequoia was the only outside venture capital firm to invest in WhatsApp prior to February 2014, the month Meta announced it would acquire WhatsApp.  Mr. Goetz led each of Sequoia's investments in WhatsApp, he was a member of

WhatsApp's board, and he helped negotiate WhatsApp's eventual acquisition.  In his own words, Mr. Goetz worked "shoulder-to-shoulder" with WhatsApp's founders "as their close business partner and investor."  *See* Jim Goetz, "Four Numbers that Explain Why Facebook Acquired WhatsApp," Sequoia Capital (Feb. 19, 2014), https://sequoiacapital.tumblr.com/post /77211282835/four-numbers-that-explain-why-facebook-acquired.

Mr. Botha's and Mr. Goetz's personal involvement in and knowledge of Instagram and WhatsApp respectively prior to Meta acquiring both companies are plainly relevant to the FTC's claims that Meta acquired Instagram and WhatsApp to eliminate competitive threats that emerged during the shift from desktop to mobile.  *See, e.g.*, Substitute Amended Complaint, ECF No. 82 ¶¶ 53-56, 62, 80-84, 88-89, 107-21.

### III.   THE FTC'S PROPOSED DEPOSITIONS INVOLVE MINIMAL BURDEN

The FTC's proposed depositions will impose limited actual burden on Mr. Botha, Mr. Goetz, and Sequoia.  The FTC has proposed remote depositions to eliminate the burden of travel for both witnesses and counsel.  Moreover, the FTC has offered to limit its time, and is willing to negotiate any reasonable dates this year that will accommodate the witnesses' schedules. Sequoia has rejected these proposals: it simply objects to Messrs. Botha and Goetz sitting for *any* deposition.  According to Sequoia, no conditions can sufficiently accommodate Mr. Botha's schedule.  Mr. Goetz, according to counsel, is retired and Sequoia has not specified what serious injury he would incur from a deposition.

A witness's busy schedule cannot entirely exempt them from complying with a deposition subpoena, particularly when they are likely to possess highly relevant information. The FTC respectfully asks this Court to reject Sequoia's motion to quash and that this Court instruct Mr. Botha and Mr. Goetz to appear for a deposition before the end of the year.

3

Dated: November 7, 2022                              Respectfully submitted,


                                                     By: */s/ Daniel Matheson*
                                                     Daniel Matheson (D.C. Bar 502490)
                                                     Owen Masters (D.C. Bar 242139)
                                                     Nathan Brenner
                                                     Nicholas Widnell (D.C. Bar 439474)

                                                     Federal Trade Commission
                                                     Bureau of Competition
                                                     400 Seventh Street, S.W.
                                                     Washington, D.C. 20024
                                                     Telephone: (202) 326-2075
                                                     Email: dmatheson@ftc.gov

                                                     *Attorneys for Plaintiff*
                                                     *Federal Trade Commission*

CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2022, I electronically transmitted the foregoing

document to the Clerk's Office using the CM/ECF system.


*/s/ Daniel Matheson*
Daniel Matheson (D.C. Bar 502490)