## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,

       Plaintiff,

       v.

META PLATFORMS, INC.,

       Defendant.

Case No. 1:20-cv-03590-JEB

## MEMORANDUM IN SUPPORT OF JOINT MOTION FOR ISSUANCE OF LETTERS OF REQUEST

Plaintiff, the United States Federal Trade Commission (the "FTC"), and Defendant, Meta Platforms, Inc. ("Meta" and, together with the FTC, the "Parties"), respectfully submit this Memorandum in support of their Joint Motion for Issuance of Letters of Request from Kakao Corporation ("Kakao").

## INTRODUCTION

The Parties bring this Motion to obtain discovery from Kakao and certain of its current and former employees. Kakao is an internet technology company headquartered in the Republic of Korea. Kakao owns the mobile apps KakaoTalk and KakaoStory and also acquired the mobile app Path in 2015, referenced in the Amended Complaint as an app that provided personal social networking services in the United States. Subs. Am. Compl. ¶¶ 189, 199, 202.

The Parties believe that Kakao possesses or controls information relevant to the claims and defenses in, and likely to be used at trial or other proceedings related to, this action. Although the Parties have both served Kakao's domestic subsidiary, Kakao Games USA, Inc., the Parties have received responses from that subsidiary indicating that it has no responsive

documents in its custody or control.  The Parties seek information from Kakao only where that information is not in the possession or custody of the domestic subsidiary.

The Parties expect that Kakao's documents and testimony from current and former Kakao employees will be relevant to the Parties' respective claims and defenses and likely to lead to material evidence, including regarding market definition, the competition that Meta faces, and the potential competitive effects of Meta's acquisitions of Instagram and WhatsApp.

Accordingly, the Parties respectfully request that the Court grant this motion to obtain limited documents and testimony from Kakao and certain of its current and former employees. The Court previously granted similar letters of request directed at non-parties Tencent Holdings Ltd. (ECF No. 148), ByteDance Ltd. (ECF No. 148-1), and Telegram Messenger, Inc. (ECF No. 148-2).

## ARGUMENT

## I. THE COURT HAS AUTHORITY TO ISSUE THE LETTERS OF REQUEST

Congress has authorized this Court to issue letters of request for the production of documents and testimony from non-parties located in foreign countries such as the Republic of Korea ("Korea") for use in an action pending in the United States.  *See* All Writs Act, 28 U.S.C. § 1781(b)(2) (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner").

Korea and the United States are signatories to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention").  *See Status Table*, *Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, HAGUE CONFERENCE ON PRIVATE INT'L LAW,

http://www.hcchnet/index_en.php?act=conventions.status&cid=82; *Hague Evidence Convention - Acceptances of Accessions*, HAGUE CONFERENCE ON PRIVATE INT'L LAW, https://assets.hcch.net/docs/f094fd72-6213-4950-96ea-955f41a311eb.pdf.  Pursuant to the Hague Evidence Convention, "[i]n civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provision of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act."  Hague Evidence Convention, Art. 1, Mar. 18, 1970, 23 U.S.T. 2555.  The Supreme Court has recognized that the Hague Evidence Convention is "intended to establish optional procedures that would facilitate the taking of evidence abroad."  *See Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 538 (1987).

## II. THE REQUESTS ARE RELEVANT AND LIKELY TO LEAD TO MATERIAL EVIDENCE

In deciding whether to issue letters of request, "U.S. courts apply the discovery principles contained in Rule 26" of the Federal Rules of Civil Procedure.  *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012*); see also Estate of Klieman v. Palestinian Auth.*, 272 F.R.D. 253, 257 (D.D.C. 2011) (applying Rule 26 in evaluating whether to issue letters of request under the Hague Convention).  Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," including material that is not admissible.  Because the bar for granting a motion for issuance of a letter of request is low, "[a] court must set forth some good reason to deny a party the judicial assistance requested by means of a letter rogatory." *Dist. Title v. Warren*, 2016 WL 10749155, at *4 (D.D.C. Dec. 23, 2016) (internal quotation marks and alteration omitted).

The information that the Parties seek from Kakao clears this threshold because it is relevant to the FTC's claims and Meta's defenses—specifically, the contours of the relevant product and geographic market, the extent of barriers to entry faced by new entrants into the relevant market, data regarding market size, the competition Meta faces, and potential competitive effects from Meta's alleged anticompetitive conduct, including its acquisitions of Instagram and WhatsApp—and likely to be used at trial or in other proceedings related to this action.

Kakao is a multinational internet technology company headquartered in Korea. Kakao is the owner of the mobile apps KakaoTalk and Kakao Story, and formerly owned and operated the mobile app Path. KakaoTalk is a mobile messaging app with over 150 million registered users. *Kakao Corp Selects Vonage for Next Generation Communications and to Safeguard its Platform against Fraud*, BUSINESSWIRE, https://www.businesswire.com/news/home/20210322005005/en/Kakao-Corp-Selects-Vonage-for-Next-Generation-Communications-and-to-Safeguard-its-Platform-against-Fraud (accessed October 21, 2022); *KakaoTalk*, APPLE APPSTORE, https://apps.apple.com/us/app/kakaotalk/id362057947 (accessed October 21, 2022). KakaoStory is categorized in the Apple App Store as a social networking app, *KakaoStory*, APPLE APPSTORE, https://apps.apple.com/us/app/kakaostory/id486244601 (accessed October 21, 2022). It enables users to share life updates, photos, and videos with each other. *See, e.g.*, *Let Your Stories Shine in KakaoStory*, KAKAO, https://www.kakaocorp.com/page/service/service/KakaoStory?lang=en (accessed October 21, 2022). It is free to download and use, and it has over 50 million downloads from the Google Play Store. *KakaoStory*, GOOGLE PLAY, https://play.google.com/store/apps/details?id=com.kakao.story&hl=en_US&gl=US (accessed

October 21, 2022).  Documents and testimony shedding light on which companies Kakao views as competitors and where alleged competitors operate are relevant to this Court's assessment of the relevant market.  *See FTC v. Cardinal Health, Inc.*, 12 F. Supp. 2d 34, 46 (D.D.C. 1998) (explaining that "courts have gone on to clarify that the determination of the relevant market in the end is 'a matter of business reality—[] of how the market is perceived by those who strive for profit in it'" (quoting *FTC v. Coca–Cola Co.*, 641 F. Supp. 1128, 1132 (D.D.C. 1986))).

Kakao also owned the mobile app Path from 2015 until Kakao discontinued it in 2018. Ryan Lawler, *Path Sells Its Social Networking App to Daum Kakao*, TECHCRUNCH (May 28, 2015), https://techcrunch.com/2015/05/28/path-sells-to-daum-kakao/ (accessed October 21, 2022); Jon Russell, *Mobile Social Network Path, Once a Challenger to Facebook, Is Closing Down*, TECHCRUNCH (Sept. 17, 2018), https://techcrunch.com/2018/09/17/rip-path/ (accessed October 5, 2022).  Founded in 2010 by a former Meta employee, Path had around 50 million users and was valued at $500 million.  *See id.*  The Amended Complaint quotes from internal Meta documents identifying Path alongside Instagram as products with growth potential.  Subs. Am. Compl.  ¶¶ 67, 90.

The Parties seek limited documents and testimony from Kakao and certain of its current and former employees to determine the extent to which KakaoTalk, KakaoStory, and Path have been competitors to Meta, particularly around the time of Meta's acquisitions of Instagram and WhatsApp, as well as to better understand the launch of KakaoStory, the acquisition and ultimate termination of services for Path, and Kakao's ability to operate successfully in the United States. Specifically, the Parties seek documents related to how Kakao views competition between KakaoTalk, KakaoStory, Path, and Meta (Document Request No. 1) and whether KakaoTalk, KakaoStory, or Path are used to maintain personal relationships and share experiences with

friends, family, and other personal connections (Document Request No. 2).  The Parties also seek documents related to barriers to entry in the alleged market for personal social networking services in the United States (Document Request No. 3), Kakao's launch of KakaoStory and acquisition of Path (Document Request Nos. 4 & 5), and Kakao's decision to terminate services for Path (Document Request No. 6).  Finally, the Parties have two limited data requests related to market share, market definition, and entry barriers regarding: messages sent on KakaoTalk, time spent on KakaoTalk, KakaoStory, and Path, and the Daily Active Users and Monthly Active Users on, and revenue generated from, each service (Document Request Nos. 7 & 8).  Request Number 7 seeks data limited to a specific period of time when there was an outage on Meta's products and seeks information on diversion from Meta's products.  Request Number 8 seeks data from 2011 to 2016 and 2021 to evaluate, among other things, the contours of the relevant market in and around the time of Meta's acquisitions of Instagram and WhatsApp and Kakao's acquisition of Path, and the allegation that Meta has durable monopoly power.  The Parties' questions for oral testimony seek information related to and supplementing the foregoing document requests.  The Parties limited the scope and time frame of their data and testimony requests to seek the minimum amount of information required to assist in advancing their respective cases.

The Parties have served document requests on Kakao Games USA, Inc. for documents in the custody and control of Kakao's United States subsidiary, but Kakao Games USA, Inc. has responded that it has no documents in its possession, ownership, or control responsive to the Parties' requests.  Accordingly, the Parties are seeking unique and relevant documents and information that they believe are only available in Korea.

III.     **COMITY CONSIDERATIONS FAVOR ISSUING THE LETTERS OF REQUEST**

When considering whether to authorize international discovery through the Hague

Evidence Convention, the Court must also consider international comity concerns.  *See Jaguar*

*Land Rover Ltd. v. DR. ING. H.C. F. Porsche AG*, No. 21-mc-62 (ZMF), 2021 WL 3075698, at

*1 (D.D.C. June 22, 2021) (considering comity issues raised by motion for issuance of letters

rogatory).  Courts generally apply the following comity factors to determine whether to grant a

request for issuance of a letter of request: (1) the importance to the litigation of the documents

requested; (2) the degree of specificity of the request; (3) whether the information originated in

the United States; (4) the availability of alternative means of securing the information; and (5)

the extent to which noncompliance with the request would undermine important interests of the

United States, or compliance with the request would undermine important interests of the state

where the information is located.  *Société Nationale Industrielle Aérospatiale*, 482 U.S. at 544

n.28.  Notably, "some of the international comity concerns . . . are lessened when only use of the

Hague Convention is at issue because all the relevant nations have consented to the treaty

process."  *Jaguar*, 2021 WL 3075698, at *1 (internal quotation marks omitted).

Here, these factors support issuing the letters.  *First*, as set out above, the documents and

testimony requests are particularly important to the Parties' claims and defenses in this litigation.

*Second*, the narrow requests for Kakao are specific, seek only a limited set of evidence, and are

directly relevant to issues in this case.  *Third* and *fourth*, even if the documents may have

originated outside of the United States, the Parties specifically seek only those documents that

are unlikely to be found in the United States, which counterbalances the foreign origin of the

documents and favors disclosure.  *See Lantheus Med. Imaging*, 841 F. Supp. 2d at 793; *Jaguar*,

2021 WL 3075698, at *2 (even if the third factor weighs against issuing the letters, "the fourth

[factor] . . . can overcome the third"). *Finally*, "[w]hen a court orders resort to the [Hague] Convention or to other means of international judicial assistance, it commits the issue whether compliance with the request would undermine important interests of the state where the information is located to the courts or other authorities of that state." Restatement (Third) of Foreign Relations Law § 473 Reporter's Note 5 (quoted in *Jaguar*, 2021 WL 3075698, at *2). When that is true, "the Court will not assess the fifth factor." *Jaguar*, 2021 WL 3075698, at *2. Therefore, the comity considerations favor issuing the letters of request here.

## CONCLUSION

For the reasons above, the Parties respectfully request that the Court grant this motion and execute the attached letters of request.

Dated:  November 8, 2022                              Respectfully submitted,

By: */s/ Noel Miller*
Noel Miller (D.C. Bar 1026068)
Daniel Matheson (D.C. Bar 502490)
Jennifer Tarr
FEDERAL TRADE COMMISSION
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
Tel: (202) 326-2075
nmiller2@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

By: */s/ Mark Hansen*
Mark C. Hansen (D.C. Bar No. 425930) KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C. 1615 M Street, N.W., Suite 400 Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kelloghansen.com

*Counsel for Defendant Meta Platforms, Inc.*