**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FEDERAL TRADE COMMISSION,

            Plaintiff,

      v.

META PLATFORMS, INC.,

            Defendant.

Case No. 1:20-cv-03590-JEB

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**
**PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING**
**OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

The United States District Court for the District of Columbia presents its compliments to

the National Court Administration of the Republic of Korea and requests assistance in obtaining

documentary evidence to be used in the above-captioned civil proceeding before this Court.

Specifically, the District Court requests assistance in obtaining documents from non-party Kakao

Corporation ("Kakao"), an entity residing in Seoul, the Republic of Korea.  This request is made

pursuant to, and in conformity with, Chapter I of the Convention of 18 March 1970 on the

Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence

Convention"), to which both the United States and the Republic of Korea are party.

## SECTION I

1.    **SENDER:**

      The Honorable James E. Boasberg
      United States District Court for the District of Columbia
      333 Constitution Avenue, N.W.
      Washington, D.C. 20001
      United States of America

2.    **CENTRAL AUTHORITY OF REQUESTED STATE:**

      National Court Administration

Attn: Director of International Affairs
Seocho-daero 219
Seocho-gu
SEOUL 06590
Republic of Korea

**3.      PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED:**

The Honorable James E. Boasberg
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
United States of America

*With a Copy to the Parties' Legal Representatives:*

Daniel Matheson, Esq.
Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580
Tel: 202-326-2075
Email: dmatheson@ftc.gov

Mark C. Hansen, Esq.
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: 202-326-7900
Email: mhansen@kellogghansen.com

**4.      SPECIFICATION OF THE DATE BY WHICH THE REQUESTING JUDICIAL AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST:**

The Requesting Judicial Authority would greatly appreciate a response to the Request for

International Judicial Assistance within four months or as soon as is practicable, to ensure that

evidence is received in a timely manner for use in the civil proceeding described below.

## SECTION II

In conformity with Article 3 of the Hague Evidence Convention, the undersigned

applicant has the honor to submit the following information regarding the instant request:

2

5.    (a)    **REQUESTING JUDICIAL AUTHORITY (Article 3(a)):**

The Honorable James E. Boasberg
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
United States of America

    (b)    **TO THE COMPETENT AUTHORITY OF (Article 3(a)):**

National Court Administration
Attn: Director of International Affairs
Seocho-daero 219
Seocho-gu
SEOUL 06590
Republic of Korea

    (c)    **NAME OF THE CASE AND ANY IDENTIFYING NUMBER:**

*Federal Trade Commission v. Meta Platforms, Inc.*, No. 1:20-cv-03590-JEB, United
States District Court for the District of Columbia, Washington, D.C., USA

6.    **NAMES AND ADDRESSES OF THE PARTIES AND THEIR
REPRESENTATIVES (Article 3(b)):**

(a)        **Plaintiff:**

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580

Representative:

Daniel Matheson, Esq.
Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580
Tel: 202-326-2075
Email: dmatheson@ftc.gov

(b)        **Defendant:**

Meta Platforms, Inc.
1601 Willow Road
Menlo Park, CA 94025

Representative:

Mark C. Hansen, Esq.
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: 202-326-7900
Email: mhansen@kellogghansen.com

**7.    NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS (Article 3(c)):**

**(a)              Nature of the proceedings:**

The above-captioned proceeding is a civil case brought by the United States Federal

Trade Commission ("FTC") against Meta Platforms, Inc. ("Meta," formerly known as "Facebook

Inc.," which provides apps such as Facebook, Instagram, Facebook Messenger, and WhatsApp)

(jointly, "the Parties") on a substitute amended complaint filed on September 8, 2021.  Under

United States law, the FTC has the authority to act as a civil plaintiff to bring lawsuits in civil

courts.  *See* 15 U.S.C. § 53(b).  The FTC brought the above-captioned proceeding under this

authority and the proceeding is designated as a civil case by the United States District Court in

which it was filed.  This matter is not an administrative proceeding.

The FTC alleges that Meta violated Section 5(a) of the Federal Trade Commission Act,

15 U.S.C. § 45(a), which prohibits anticompetitive conduct and unfair methods of competition.

The FTC alleges that Meta violated this law by unlawfully maintaining a monopoly in the market

for "personal social networking services," including through the allegedly anticompetitive

acquisitions of Instagram and WhatsApp.  As a remedy, the FTC seeks an adjudication that

Meta's course of conduct violated the relevant laws; relief sufficient to restore the competition

that would exist absent the alleged anticompetitive conduct (including but not limited to

divestiture of Instagram and/or WhatsApp from Meta); and additional equitable relief.

**(b)**          **Summary of complaint:**

The substitute amended complaint alleges that, since 2011, Meta has unlawfully

maintained a monopoly position in the market for "personal social networking services" in the

United States through a course of anticompetitive conduct including the acquisitions of

Instagram and WhatsApp.  The substitute amended complaint defines personal social networking

services as "online services that enable and are used by people to maintain personal relationships

and share experiences with friends, family, and other personal connections in a shared social

space," and alleges that personal social networking services are distinct from other types of

internet-based services, such as mobile messaging services, specialized social networking

services (e.g., LinkedIn), and video consumption services (e.g., YouTube).

The substitute amended complaint alleges that Meta currently holds at least 80% of the

share of the alleged market, as measured by Meta's share of "the time spent by users of apps

providing personal social networking services," and at least 70% of the share of the alleged

market as measured by "[daily and monthly average users] of apps providing personal social

networking services."

The substitute amended complaint further alleges that Meta's market position is protected

by high and durable barriers to entry, including strong network effects and high switching costs,

which arise when users' "friends and family are already members" of a particular social network

and increase "as users invest more time in, and post more content to, a personal social

networking service."

The substitute amended complaint alleges that Meta maintained its alleged monopoly in

the "personal social networking services" market in the United States by engaging in several

types of anticompetitive conduct.  In particular, the substitute amended complaint alleges that

Meta acquired Instagram to neutralize a significant independent competitor in the relevant

market and WhatsApp to neutralize a significant competitive threat to enter the relevant market from mobile messaging.  Additionally, the substitute amended complaint alleges that WhatsApp posed a greater threat to Meta than other "mobile messaging apps that had built a large user base in parts of Asia but had not made inroads in the West."  The substitute amended complaint further alleges that Meta's continued control and operation of Instagram and WhatsApp at scale acts as a "moat" that prevents entry into the personal social networking market by other mobile photo-sharing and mobile messaging apps.

The substitute amended complaint alleges that Meta's anticompetitive conduct in furtherance of its personal social networking monopoly harms consumers by "depriv[ing them] of the benefits of competition for personal social networking," which could include innovation in the marketplace, quality improvements, and opportunities to "select a personal social networking provider that more closely suits their preferences."  The substitute amended complaint also alleges that Meta's alleged monopolization of personal social networking services harms competition for the sale of advertising, where "competing personal social networking providers" would have engaged absent Meta's purported anticompetitive actions.

A copy of the substitute amended complaint in this matter is attached as Attachment A.

(c)              **Summary of defense:**

Meta denies the allegations in the FTC's substitute amended complaint.  Meta intends this Letter of Request to obtain information it believes is particularly relevant to the following defenses (which Meta states is not an exhaustive list of Meta's defenses in this proceeding): The market, as defined by the FTC, is implausible; the industry and the public do not recognize a supposed "personal social networking services" market; Meta does not have the requisite market share of the alleged market; competition and consumers cannot be harmed from alleged

monopolization of a market for a product distributed free to all users; and Meta has always faced competition in any properly defined market.

**8.     DOCUMENTS TO BE OBTAINED OR OTHER JUDICIAL ACT TO BE PERFORMED (Article 3(d)):**

**(a)**                              **Documents to be obtained:**

The assistance requested of the Republic of Korea consists of obtaining copies of documents in the possession of Kakao Corporation.

**(b)**                              **Purpose of the documents sought:**

The documents sought in this Letter of Request pertain to the allegations and defenses described above and are to be used only in legal proceedings in the matter described.  The documents are subject to a strict confidentiality order, a copy of which is attached as Attachment B.  The confidentiality order ensures that documents produced in this matter will not be used by the Parties in any way other than for purposes of the litigation.  The confidentiality order provides that a producing party such as Kakao may mark its documents as Confidential or Highly Confidential where appropriate.  If Kakao does so, the documents may not be publicly disclosed and no one at Meta may see the documents except for a limited number of in-house counsel who are not permitted to participate in Meta's competitive decision-making for two years after receiving the documents.

The information sought in this Request is necessary in the interest of justice for the Parties to establish their allegations and defenses.  Kakao is the owner of the apps KakaoTalk, KakaoStory, and Path.  KakaoTalk is a messaging and video calling app.  KakaoStory is an app that enables users to share "stories", photos, and videos with each other.  Path was an app that enabled users to create and share multimedia posts and updates with their "friends" on the app. Kakao purchased and operated Path from 2015 until discontinuing it in 2018.

The Parties seek limited documents from Kakao to better understand whether KakaoTalk, KakaoStory, and Path have been significant competitors to Meta, particularly around the time of Meta's acquisitions of Instagram and WhatsApp, as well as to better understand the launch of KakaoStory, acquisition and ultimate termination of services for Path, and Kakao's ability to operate successfully in the United States.

Specifically, the Parties seek documents related to how Kakao views competition between KakaoTalk, KakaoStory, Path, and Meta (Document Request No. 1) and whether KakaoTalk, KakaoStory, or Path are used to maintain personal relationships and share experiences with friends, family, and other personal connections (Document Request No. 2). The Parties also seek documents related to barriers to entry in the market for personal social networking services in the United States (Document Request No. 3), Kakao's launch of KakaoStory and acquisition of Path (Document Request Nos. 4 & 5), and Kakao's decision to terminate services for Path (Document Request No. 6). Finally, the Parties have two limited data requests related to market share, market definition, and entry barriers regarding: messages sent on KakaoTalk, time spent on KakaoTalk, KakaoStory, and Path, and the Daily Active Users and Monthly Active Users on, and revenue generated from, each service (Document Request Nos. 7 & 8). Request Number 7 seeks data limited to a specific period of time when there was an outage on Meta's products and seeks information on diversion from Meta's products. Request Number 8 seeks data from 2011 to 2016 and 2021 to evaluate, among other things, the contours of the relevant market in and around the time of Meta's acquisitions of Instagram and WhatsApp and Kakao's acquisition of Path, and the allegation that Meta has durable monopoly power. The Parties limited the scope and time frame of their data requests to seek the minimum amount of information required to assist in advancing their respective cases.

## SECTION III

**9.     DOCUMENTS OR OTHER PROPERTY TO BE INSPECTED (Article 3(g)):**

It is requested that copies of the documents or electronic records described in Attachment

C be requested from Kakao for inspection and transmission back to the Requesting Judicial

Authority, the Honorable James E. Boasberg.

It is further requested that, if any portion of this Request is deemed to be unacceptable

under the laws of the Republic of Korea, local counsel for the FTC and Meta please be informed

of that fact and be allowed to respond substantively prior to any decision by the Korean Court

and that the Korean Court please comply with as much of the Request as possible.  The FTC's

local counsel, Mr. Taejoon Kook, can be reached at tjkook@weadvise.co.kr and +82 02-518-

0005.  Meta's local counsel, Mr. Youngjin Jung, can be reached at

youngjin.jung@KimChang.com and +82-2-3703-1776.

**10.    SPECIAL METHODS OR PROCEDURES TO BE FOLLOWED (Article 3(i) & 9):**

To the extent permitted by the applicable laws of the Republic of Korea, it is respectfully

requested that the appropriate judicial authority of the Republic of Korea require that the

requested documents be duly marked for identification and produced in electronic and/or paper

format, bearing such identification, to:

> Daniel Matheson, Esq.
> Federal Trade Commission
> 600 Pennsylvania Avenue N.W.
> Washington, D.C. 20580
> Tel: 202-326-2075
> Email: dmatheson@ftc.gov

> Mark C. Hansen, Esq.
> Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
> 1615 M Street, N.W., Suite 400
> Washington, D.C. 20036
> Tel: 202-326-7900
> Email: mhansen@kellogghansen.com

It is further requested that, if permitted under the laws of the Republic of Korea, the document production be accompanied by a sworn statement from an authorized Kakao agent, which attests to the fact that the production comprises the entirety of the documents described herein, or otherwise specifies what documents have been omitted and the reasons for their omission, and which authenticates the documents as true and accurate copies of the documents described herein.

**11.   REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR THE EXECUTION OF THE REQUEST AND IDENTITY AND ADDRESS OF ANY PERSON TO BE NOTIFIED (Article 7):**

It is requested that notice of the execution of the Request be provided to the Parties' representatives listed in Paragraph 6 above.

**12.   REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST (Article 8):**

None.

**13.   SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE DOCUMENTS UNDER THE LAW OF THE STATE OF ORIGIN (Article 11(b)):**

In addition to the privileges applicable under the laws of the Republic of Korea, Kakao need not disclose documents and electronic records that constitute confidential communications between it and its attorneys to the extent those communications seek or provide legal advice. This privilege may be waived, however, if the communication has been disclosed to third parties.

**14.   THE FEES AND COSTS INCURRED WHICH ARE REIMBURSABLE UNDER THE SECOND PARAGRAPH OF ARTICLE 14 OR UNDER ARTICLE 26 OF THE CONVENTION WILL BE BORNE BY:**

This Court understands that certain fees and costs incurred in the execution of this Request may be reimbursable under the second paragraph of Article 14 or Article 26 of the Hague Evidence Convention.  The fees and costs of this Hague Evidence Convention process

will be borne evenly by the FTC and Meta Platforms, Inc.  Each of the FTC and Meta Platforms, Inc. will be responsible for the fees and expenses, if any, of its own attorneys relating to any proceedings arising from this Hague Evidence Convention process.  The FTC's local counsel, Mr. Taejoon Kook, and Meta's local counsel, Mr. Youngjin Jung, should be informed before any costs are incurred under Article 14 or Article 26 of the Hague Evidence Convention.

## SECTION IV

This District Court expresses its gratitude to the authorities of the Republic of Korea for their assistance and courtesy under the terms of the Hague Evidence Convention.

Signature and Seal of the Requesting Judicial Authority:

Dated: 11-8-22

_____
JAMES E. BOASBERG
UNITED STATES DISTRICT JUDGE

미국 컬럼비아 특별구 지방법원

연방거래위원회(FEDERAL TRADE
COMMISSION),

원고,

대

META PLATFORMS, INC.,

피고.

사건번호: 1:20-cv-03590-JEB

**민사 또는 상사의 해외 증거 조사에 관한 1970 년 3 월 18 일자 헤이그 협약에 따른 국제 사법
공조 요청서**

미국 컬럼비아 특별구 지방법원은 대한민국의 법원 행정처의 무궁한 발전을

기원하면서 본 법원 앞으로 제기된 상기 언급된 민사 소송에 사용될 문서 증거를 입수하는 데

있어 공조를 요청합니다. 구체적으로, 본 지방법원은 대한민국 서울에 소재하는 법인인

비당사자 주식회사 카카오("카카오") 측으로부터 문서를 입수하는 데 있어 공조를

요청합니다. 본 요청서는 미국과 대한민국이 모두 당사자인 민사 또는 상사의 해외 증거

조사에 관한 1970 년 3 월 18 일 자 협약(이하 "헤이그 증거 협약")의 제 1 장에 따라

작성되었습니다.

<u>섹션 I</u>

1.     발신자:

James E. Boasberg 판사
미국 컬럼비아 특별구 지방법원
333 Constitution Avenue, N.W.

Washington, D.C. 20001
미국

2.   요청받은 국가의 중앙 당국:

법원 행정처
수신자: 국제심의관
대한민국
서울특별시
서초구
서초대로 219 (우: 06590)

3.   수행된 요청을 반환 받을 대상:

James E. Boasberg 판사
미국 컬럼비아 특별구 지방법원
333 Constitution Avenue, N.W.
Washington, D.C. 20001
미국

*당사자들의 법정 대리인에게 사본 제공:*

Daniel Matheson 귀하
연방거래위원회
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580
전화: 202-326-2075
이메일: dmatheson@ftc.gov

Mark C. Hansen 귀하
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
전화: 202-326-7900
이메일: mhansen@kellogghansen.com

4.      요청 사법 당국이 요청서에 대한 답변을 수령해야 하는 일자 명시:

아래에 기술된 민사 소송을 위해 요청 사법 당국이 해당 증거를 적시에 수령할 수

있도록 가능한 한 조속히, 4 개월 이내에, 국제 사법 공조 요청에 답변해 주시면 대단히

감사하겠습니다.

<u>섹션 **II**</u>

헤이그 증거 협약 제 3 조에 따라, 아래에 서명한 신청자는 조속한 요청에 관하여

다음과 같은 정보를 제출합니다.


5.      **(a)**     요청 사법 당국(제 **3(a)**조):

James E. Boasberg 판사
미국 컬럼비아 특별구 지방법원
333 Constitution Avenue, N.W.
Washington, D.C. 20001
미국

**(b)**     관할 당국(제 **3(a)**조) :

법원 행정처
수신자: 국제심의관
대한민국
서울특별시
서초구
서초대로 219 (우: 06590)

**(c)**      사건명 및 식별 번호:

*연방거래위원회 대 Meta Platforms, Inc.*, 사건번호 1:20-cv-03590-JEB, 미국 워싱턴
D.C.에 소재한 컬럼비아 특별구 지방법원

6.      당사자들 및 그 대리인의 성명 및 주소(제 **3(b)**조):

(a)                    원고:

연방거래위원회
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580

대리인:

Daniel Matheson 귀하
연방거래위원회
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580
전화: 202-326-2075
이메일: dmatheson@ftc.gov

(b)                    피고:

Meta Platforms, Inc.
1601 Willow Road
Menlo Park, CA 94025

대리인:

Mark C. Hansen 귀하
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
전화: 202-326-7900
이메일: mhansen@kellogghansen.com

7.    소송 절차의 성격, 목적 및 사건 개요(제 3(c)조):

(a)                    소송 절차의 성격:

상기 소송은 미국 연방거래위원회("FTC")가 Meta Platforms, Inc.(페이스북,

인스타그램, 페이스북 메신저 및 왓츠앱 등의 앱을 제공하는 "Facebook Inc."로 알려진

"메타")(총칭하여, "당사자들")을 상대로 2021 년 9 월 8 일에 수정된 대체 소장을 제출해

세기한 민사 소송입니다. 미국 법률에 따라, 연방거래위원회는 민사상 원고로서 민사 법원에

소송을 제기할 권한이 있습니다. 15 U.S.C. § 53(b)를 *참조하십시오.* 연방거래위원회는 이

권한에 따라 상기 소송을 제기했으며, 동 소송은 제출된 미국 지방법원에 의해 민사 소송으로

지정되었습니다. 본 사건은 행정 절차가 아닙니다.

연방거래위원회는 메타가 경쟁 제한적 행위 및 불공정한 경쟁 방식을 금지하는

연방거래위원회법 15 U.S.C. § 45(a)의 섹션 5(a)를 위반했다고 주장합니다. 연방거래위원회는

메타가 "개인 소셜 네트워크 서비스(SNS)"로 알려진 시장에서 불법적으로 독점적 지위를

유지함으로써(인스타그램 및 왓츠앱을 경쟁 제한적으로 인수했다는 혐의 포함) 본 법률을

위반했다고 주장합니다. 연방거래위원회는 구제책으로서 메타의 일련의 행위가 관련 법률을

위반했다는 판결, 혐의를 받는 경쟁 제한적 행위가 없었다면 유지되었을 경쟁을 회복하는 데

충분한 구제 조치(메타에서 인스타그램 및/또는 왓츠앱을 매각하는 조치를 포함하되 이에

국한하지 않음) 및 추가적인 형평법상의 구제 조치를 구합니다.

**(b)**                          **소장의 개요:**

수정된 대체 소장은 2011년 이후 메타가 인스타그램과 왓츠앱의 인수를 포함한 경쟁

제한적 행위 과정을 통해 미국에서 "개인 소셜 네트워크 서비스" 시장에서 불법적으로 독점적

지위를 유지했다고 주장합니다. 수정된 대체 소장은 개인 소셜 네트워크 서비스를 "공유된

사회적 공간에서 개인 관계를 유지하고 친구, 가족 및 기타 지인들과 경험을 공유할 수 있도록

사람들이 사용하는 온라인 서비스"라고 정의하면서, 개인 소셜 네트워크 서비스는 모바일

메시지 서비스, 전문 소셜 네트워크 서비스(예: 링크드인), 비디오 소비 서비스(예: 유튜브)와 같은 다른 유형의 인터넷 기반 서비스와 구별된다고 주장합니다.

수정된 대체 소장은 "개인 소셜 네트워크 서비스를 제공하는 앱의 사용자들이 소요한 시간"에서 차지하는 메타의 점유율로 측정한 바에 따르면 메타가 현재 혐의를 받는 시장 점유율의 최소 80%를 보유하고 있으며, "개인 소셜 네트워크 서비스를 제공하는 앱의 [일별 및 월별 평균 사용자]"로 측정한 바에 따르면 메타가 혐의를 받는 시장 점유율의 최소 70%를 보유한다고 주장합니다.

나아가 수정된 대체 소장은 메타의 시장 지위가 사용자의 "친구와 가족이 이미 특정 소셜 네트워크의 회원"일 때 발생하고 "사용자가 개인 소셜 네트워크 서비스(SNS)에 더 많은 시간을 투자하고 더 많은 콘텐츠를 게시할 때" 증가하는 강력한 네트워크 효과 및 높은 전환 비용을 포함하여 높고 지속적인 진입 장벽에 의해 보호된다고 주장합니다.

수정된 대체 소장은 메타가 여러 유형의 경쟁 제한적 행위에 관여함으로써 미국의 "개인 소셜 네트워크 서비스" 시장에서 독점적 지위를 유지했다고 주장합니다. 특히, 수정된 대체 소장은 메타가 인스타그램을 인수하여 관련 시장에서 주목할 만한 독립적인 경쟁사를 무력화하고, 왓츠앱을 인수하여 상당한 경쟁 위협을 무력화하며 모바일 메신저를 통해 관련 시장에 진입하려 했다고 주장합니다. 또한, 수정된 대체 소장은 왓츠앱이 다른 "아시아 일부 지역에 대규모 사용자 기반을 구축했지만 서방으로 진출하지 않은 모바일 메신저 앱"보다 메타에 더 큰 위협을 지녔다고 주장합니다. 나아가 수정된 대체 소장은 메타가 인스타그램과

왓츠앱을 규모 있게 지속적으로 통제하고 운영한 것이 다른 모바일 사진 공유 및 모바일 메신저 앱이 개인 소셜 네트워크 시장에 진입하지 못하게 막는 "해자" 역할을 한다고 주장합니다.

수정된 대체 소장은 개인 소셜 네트워크의 독점을 증진하기 위한 메타의 경쟁 제한적 행위가 "개인 소셜 네트워크에 있어 경쟁의 이점을 [박탈]함으로써" 소비자에게 해를 끼친다고 주장하며, 여기에는 시장에서의 혁신, 품질 개선 및 "소비자의 선호도에 더 근접한 개인 소셜 네트워크 제공업체를 선정할" 기회가 포함될 수 있습니다. 또한 수정된 대체 소장은 혐의를 받는 메타의 개인 소셜 네트워크 서비스의 독점이 광고 판매 경쟁을 저해하였고, 메타의 경쟁 제한적 행위가 없었다면 "개인 소셜 네트워크 제공업체들이" 이러한 광고 판매 경쟁에 참여했을 것이라고 주장합니다.

본 사건의 수정된 대체 소장 사본은 부록 A 로 첨부했습니다.

**(c)** 　　　　　　　**항변의 개요:**

메타는 연방거래위원회의 수정된 대체 소장에 있는 혐의를 부인합니다. 메타는 다음 항변과 특별히 관련이 있다고 생각하는 정보를 입수하기 위해 본 요청서를 제출합니다(메타는 이것이 본 소송 절차에서 메타 측 항변에 관한 완전한 목록이 아니라고 진술함): 연방거래위원회가 정의한 시장은 실현 가능하지 않습니다. 업계와 대중은 "개인 소셜 네트워크 서비스(SNS)"로 추정되는 시장을 인식하지 못하고 있고, 메타는 이렇게 추정된 시장의 필수 시장 점유율을 보유하고 있지 않으며, 경쟁사와 소비자는 모든 사용자에게

무료로 배포된 상품의 시장 독점 혐의로 인해 피해를 입을 수 없고, 메타는 적절하게 정의된 시장에서 늘 경쟁에 직면해 왔습니다.

**8.** **입수하려는 문서 또는 수행할 기타 사법 활동(제 3(d)조):**

**(a)** **입수하려는 문서:**

대한민국의 공조는 주식회사 카카오가 소유하고 있는 문서의 사본을 취득하는 것으로 이루어집니다.

**(b)** **요청한 문서의 목적:**

본 요청서에서 요구하는 문서는 상기 기술된 혐의 및 항변과 관련이 있으며, 기술된 본 사건의 법적 절차에서만 사용되어야 합니다. 본 문서는 엄격한 비밀 유지 명령이 적용되며, 그 사본이 부록 B 로 첨부되어 있습니다. 비밀 유지 명령은 본 사건에서 작성된 문서가 소송 목적 이외에는 어떤 방식으로도 당사자들에 의해 사용되지 않도록 보장합니다. 비밀 유지 명령은 카카오와 같은 문서 제출 당사자가 적절한 경우 문서를 기밀 또는 극비로 표시할 수 있다고 규정합니다. 카카오가 그렇게 할 경우, 해당 문서는 공개될 수 없으며 해당 문서를 수령한 후 2 년 동안 메타에서 경쟁에 관한 의사 결정에 관여할 수 없는 제한된 수의 사내 변호사를 제외하고 메타의 어느 누구도 해당 문서를 볼 수 없습니다.

본 요청서에서 요구하는 정보는 당사자들이 공정하게 그들의 주장 및 항변을 하는 데 필요합니다. 카카오는 카카오톡, 카카오스토리, 패스(Path) 앱을 소유하고 있습니다. 카카오톡은 메시지 및 영상 통화 앱입니다. 카카오스토리는 사용자가 "스토리", 사진, 동영상을 서로 공유할 수 있는 앱입니다. 패스는 사용자가 앱에서 "친구"와 멀티미디어

게시물 및 업데이트를 생성하고 공유할 수 있게 해주는 앱이었습니다. 카카오는 2015 년부터 2018 년 중단할 때까지 패스를 매수하여 운영했습니다.

당사자들은 특히 메타가 인스타그램 및 왓츠앱을 인수하는 시점에 카카오톡, 카카오스토리 및 패스가 메타의 유의미한 경쟁자였는지 여부를 더 잘 이해하고, 카카오스토리의 출시, 패스 서비스의 인수 및 최종 종료 그리고 카카오가 미국에서 성공적으로 운영될 수 있는 능력을 더 잘 이해하기 위해 카카오로부터 제한된 문서를 요구합니다.

구체적으로, 당사자들은 카카오가 카카오톡, 카카오스토리, 패스 및 메타 간의 경쟁을 어떻게 보는지(요청 문서 1 번), 카카오톡, 카카오스토리 또는 패스가 개인적 관계를 유지하고 친구, 가족 및 기타 지인들과 경험을 공유하는 데 사용되었는지(요청 문서 2 번)에 관한 문서를 요구합니다. 또한 당사자들은 미국의 개인 소셜 네트워크 서비스 시장의 진입 장벽(요청 문서 3 번), 카카오의 카카오스토리 출시 및 패스 인수(요청 문서 4 번 및 5 번), 카카오의 패스 서비스 종료 결정(요청 문서 6 번)과 관련된 문서를 요구합니다. 마지막으로, 당사자들은 시장 점유율 및 시장 정의, 진입 장벽과 관련하여, 즉 카카오톡에서 보낸 메시지 및 카카오톡, 카카오스토리 및 패스에서 소요한 시간, 각 서비스에 대한 일일 실사용자 및 월간 실사용자 그리고 각 서비스에서 발생한 매출(요청 문서 7 번 및 8 번)에 관한 두 개의 제한된 데이터를 요청합니다. 요청 문서 7 번은 메타 서비스에서 장애가 발생한 특정 기간에 한정된 데이터와 메타 서비스로부터 사용자가 분산된 것과 관련된 정보를 요청합니다. 요청 문서 8 번은

무엇보다도 메타가 인스타그램 및 왓츠앱을 인수한 무렵과 카카오가 패스를 인수한 무렵에

관련 시장의 형세 그리고 메타가 지속적인 독점력을 가지고 있다는 주장을 검토할 수 있는

2011년부터 2016년까지 그리고 2021년의 데이터를 요청합니다. 당사자들은 데이터 요청의

범위와 기간을 제한하여 각 사건의 진행을 지원하는 데 필요한 최소한의 정보만을

요청합니다.

<u>섹션 III</u>

9.  **검사할 문서 또는 기타 자산(제 3(g)조):**

카카오에 조사 목적으로 첨부 C에 기술된 문서 또는 전자 기록의 사본을 요청하며

요청 사법 당국인 James E. Boasberg 판사에게 다시 전송할 것을 요청합니다.

또한, 본 요청서의 어느 부분이라도 대한민국 법률에 따라 허용 불가능한 것으로

간주되는 경우, 연방거래위원회 및 메타의 현지 변호인에게 해당 사실을 알리고 한국 법원의

결정에 앞서 실질적으로 답변하도록 허용하며 한국 법원은 가능한 한 많은 요청서를 준수할

것을 요청합니다. 연방거래위원회의 현지 변호인인 국태준 씨는 tjkook@weadvise.co.kr 및

+82 02-518-0005로 연락할 수 있습니다. 메타의 현지 변호인인 정영진 씨는

youngjin.jung@KimChang.com 및 +82-2-3703-1776으로 연락할 수 있습니다.

10.    준수할 특별한 방법 또는 절차(제 3(i)조 및 제 9 조):

대한민국의 해당 법률이 허용하는 범위 내에서, 대한민국의 해당 사법 당국은 요청한

문서를 식별할 수 있도록 적법하게 표시하고 그러한 식별 정보가 포함된 전자 및/또는 서면

형식으로 작성하여 아래의 수신처에 제출할 것을 정중히 요청합니다.

> Daniel Matheson 귀하
> 연방거래위원회
> 600 Pennsylvania Avenue N.W.
> Washington, D.C. 20580
> 전화: 202-326-2075
> 이메일: dmatheson@ftc.gov
>
> Mark C. Hansen 귀하
> Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
> 1615 M Street, N.W., Suite 400
> Washington, D.C. 20036
> 전화: 202-326-7900
> 이메일: mhansen@kellogghansen.com

또한 대한민국 법률에 따라 허용되는 경우, 해당 문서를 제출할 때 카카오로부터

권한을 위임 받은 대리인의 선서 진술서를 첨부하고, 그 대리인은 본 문서 작성이 여기에

기술된 문서 전체를 포함한다는 사실을 확인하거나, 그렇지 않은 경우 생략된 문서와 그 생략

사유를 명시하고, 해당 문서를 여기 기술된 문서의 진실하고 정확한 사본으로 인증할 것을

요청합니다.

11.    요청 수행 일시 및 장소에 대한 통지 요청 및 통지받는 자의 신원 및 주소(제 7 조):

상기 제 6 항에 열거된 당사자들의 대리인들에게 요청 수행에 대한 통지를 제공할 것을

요청합니다.

12.   요청서 작성 시 요청 당국의 법원 직원의 출석 또는 참여 요청(제 8 조):

없음.

13.   목적지국의 법률에 따른 문서 제공 거부에 관한 특권 또는 의무의 명시(제 11(b)조):

대한민국 법률에 따라 적용되는 특권 외에도, 카카오는 해당 연락이 법적 조언을

구하거나 제공하는 범위 내에서 카카오와 그 변호사 간의 기밀 연락을 구성하는 문서 및 전자

기록을 공개할 필요는 없습니다. 그러나 해당 연락이 제 3 자에게 공개된 경우에는 이러한

특권이 철회될 수 있습니다.

14.   헤이그 협약 제 14 조 두 번째 단락 또는 제 26 조에 따라 상환받을 수 있는 발생
수수료와 비용은 다음 당사자들이 부담합니다.

본 법원은 본 요청서 작성 시 발생하는 특정 수수료 및 비용이 헤이그 증거 협약

제 14 조 두 번째 단락 또는 제 26 조에 따라 상환될 수 있음을 감안합니다. 본 헤이그 증거 협약

과정의 수수료와 비용은 연방거래위원회와 Meta Platforms, Inc.가 균등하게 부담합니다.

연방거래위원회 및 Meta Platforms, Inc. 각각은 본 헤이그 증거 협약 과정으로 인해 발생하는

일체의 소송과 관련하여, 해당하는 경우, 자신의 변호사 수수료와 경비를 부담합니다. 헤이그

증거 협약 제 14 조 또는 제 26 조에 따라 일체의 비용이 발생하기 전, 연방거래위원회의 현지

변호인인 국태준 씨와 메타의 현지 변호인인 정영진 씨에게 통지해야 합니다.

## 섹션 IV

본 지방법원은 헤이그 증거 협약 조건에 따른 공조와 호의에 대해 대한민국 당국에

감사를 표합니다.

요청 사법 당국의 서명 및 날인:

날짜: 11-8-22

_____

James E. Boasberg

미국 지방법원 판사

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,

        Plaintiff,

        v.

META PLATFORMS, INC.,

        Defendant.

Case No. 1:20-cv-03590-JEB

## LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

The United States District Court for the District of Columbia presents its compliments to the National Court Administration of the Republic of Korea and requests assistance in obtaining testimonial evidence to be used in the above-captioned civil proceeding before this Court. Specifically, the District Court requests assistance in obtaining oral testimony from one current and one former employee of non-party Kakao Corporation ("Kakao") who reside in the Republic of Korea. This request is made pursuant to, and in conformity with, Chapter I of the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"), to which both the United States and the Republic of Korea are party.

## SECTION I

1.    **SENDER:**

    The Honorable James E. Boasberg
    United States District Court for the District of Columbia
    333 Constitution Avenue, N.W.
    Washington, D.C. 20001
    United States of America

**2.     CENTRAL AUTHORITY OF REQUESTED STATE:**

National Court Administration
Attn: Director of International Affairs
Seocho-daero 219
Seocho-gu
SEOUL 06590
Republic of Korea

**3.     PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED:**

The Honorable James E. Boasberg
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
United States of America

*With a Copy to the Parties' Legal Representatives:*

Daniel Matheson, Esq.
Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580
Tel: 202-326-2075
Email: dmatheson@ftc.gov

Mark C. Hansen, Esq.
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: 202-326-7900
Email: mhansen@kellogghansen.com

**4.     SPECIFICATION OF THE DATE BY WHICH THE REQUESTING JUDICIAL AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST:**

The Requesting Judicial Authority would greatly appreciate a response to the Request for

International Judicial Assistance within four months or as soon as is practicable, to ensure that

evidence is received in a timely manner for use in the civil proceeding described below.

## SECTION II

In conformity with Article 3 of the Hague Evidence Convention, the undersigned

applicant has the honor to submit the following information regarding the instant request:

5.   (a)   **REQUESTING JUDICIAL AUTHORITY (Article 3(a)):**

The Honorable James E. Boasberg
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
United States of America

  (b)   **TO THE COMPETENT AUTHORITY OF (Article 3(a)):**

National Court Administration
Attn: Director of International Affairs
Seocho-daero 219
Seocho-gu
SEOUL 06590
Republic of Korea

  (c)   **NAME OF THE CASE AND ANY IDENTIFYING NUMBER:**

*Federal Trade Commission v. Meta Platforms, Inc.*, No. 1:20-cv-03590-JEB, United
States District Court for the District of Columbia, Washington, D.C., USA

6.   **NAMES AND ADDRESSES OF THE PARTIES AND THEIR
REPRESENTATIVES (Article 3(b)):**

  (a)   **Plaintiff:**

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580

Representative:

Daniel Matheson, Esq.
Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580
Tel: 202-326-2075
Email: dmatheson@ftc.gov

  (b)   **Defendant:**

Meta Platforms, Inc.
1601 Willow Road
Menlo Park, CA 94025

Representative:

Mark C. Hansen, Esq.
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: 202-326-7900
Email: mhansen@kellogghansen.com

## 7.   NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS (Article 3(c)):

### (a)   Nature of the proceedings:

The above-captioned proceeding is a civil case brought by the United States Federal Trade Commission ("FTC") against Meta Platforms, Inc. ("Meta," formerly known as "Facebook Inc.," which provides apps such as Facebook, Instagram, Facebook Messenger, and WhatsApp) (jointly, "the Parties") on a substitute amended complaint filed on September 8, 2021. Under United States law, the FTC has the authority to act as a civil plaintiff to bring lawsuits in civil courts. *See* 15 U.S.C. § 53(b). The FTC brought the above-captioned proceeding under this authority and the proceeding is designated as a civil case by the United States District Court in which it was filed. This matter is not an administrative proceeding.

The FTC alleges that Meta violated Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), which prohibits anticompetitive conduct and unfair methods of competition. The FTC alleges that Meta violated this law by unlawfully maintaining a monopoly in the market for "personal social networking services," including through the allegedly anticompetitive acquisitions of Instagram and WhatsApp. As a remedy, the FTC seeks an adjudication that Meta's course of conduct violated the relevant laws; relief sufficient to restore the competition

that would exist absent the alleged anticompetitive conduct (including but not limited to divestiture of Instagram and/or WhatsApp from Meta); and additional equitable relief.

**(b)     Summary of complaint:**

The substitute amended complaint alleges that, since 2011, Meta has unlawfully maintained a monopoly position in the market for "personal social networking services" in the United States through a course of anticompetitive conduct including the acquisitions of Instagram and WhatsApp.  The substitute amended complaint defines personal social networking services as "online services that enable and are used by people to maintain personal relationships and share experiences with friends, family, and other personal connections in a shared social space," and alleges that personal social networking services are distinct from other types of internet-based services, such as mobile messaging services, specialized social networking services (e.g., LinkedIn), and video consumption services (e.g., YouTube).

The substitute amended complaint alleges that Meta currently holds at least 80% of the share of the alleged market, as measured by Meta's share of "the time spent by users of apps providing personal social networking services," and at least 70% of the share of the alleged market as measured by "[daily and monthly average users] of apps providing personal social networking services."

The substitute amended complaint further alleges that Meta's market position is protected by high and durable barriers to entry, including strong network effects and high switching costs, which arise when users' "friends and family are already members" of a particular social network and increase "as users invest more time in, and post more content to, a personal social networking service."

The substitute amended complaint alleges that Meta maintained its alleged monopoly in the "personal social networking services" market in the United States by engaging in several

types of anticompetitive conduct.  In particular, the substitute amended complaint alleges that Meta acquired Instagram to neutralize a significant independent competitor in the relevant market and WhatsApp to neutralize a significant competitive threat to enter the relevant market from mobile messaging.  Additionally, the substitute amended complaint alleges that WhatsApp posed a greater threat to Meta than other "mobile messaging apps that had built a large user base in parts of Asia but had not made inroads in the West."  The substitute amended complaint further alleges that Meta's continued control and operation of Instagram and WhatsApp at scale acts as a "moat" that prevents entry into the personal social networking market by other mobile photo-sharing and mobile messaging apps.

The substitute amended complaint alleges that Meta's anticompetitive conduct in furtherance of its personal social networking monopoly harms consumers by "depriv[ing] them] of the benefits of competition for personal social networking," which could include innovation in the marketplace, quality improvements, and opportunities to "select a personal social networking provider that more closely suits their preferences."  The substitute amended complaint also alleges that Meta's alleged monopolization of personal social networking services harms competition for the sale of advertising, where "competing personal social networking providers" would have engaged absent Meta's purported anticompetitive actions.

A copy of the substitute amended complaint in this matter is attached as Attachment A.

**(c)    Summary of defense:**

Meta denies the allegations in the FTC's substitute amended complaint.  Meta intends this Letter of Request to obtain information it believes is particularly relevant to the following defenses (which Meta states is not an exhaustive list of Meta's defenses in this proceeding): The market, as defined by the FTC, is implausible; the industry and the public do not recognize a supposed "personal social networking services" market; Meta does not have the requisite market

share of the alleged market; competition and consumers cannot be harmed from alleged

monopolization of a market for a product distributed free to all users; and Meta has always faced

competition in any properly defined market.

## 8.   EVIDENCE TO BE OBTAINED OR OTHER JUDICIAL ACT TO BE PERFORMED (Article 3(d)):

### (a)   Evidence to be obtained:

The assistance requested of the Republic of Korea consists of obtaining oral testimony

from Chang-hee Park and Hyunjoo Chung, respectively a former and current employee of Kakao

Corporation who each currently reside and work in the Republic of Korea.  The Parties intend to

elicit testimony from Mr. Park on the questions contained in Attachment C and related questions.

The Parties intend to elicit testimony from Ms. Chung on the questions contained in Attachment

D and related questions.

### (b)   Purpose of the testimony sought:

The testimony sought in this Letter of Request pertains to the allegations and defenses

described above and are to be used only in legal proceedings in the matter described.  The

testimony is subject to a strict confidentiality order, a copy of which is attached as Attachment B.

The confidentiality order ensures that testimony given in this matter will not be used by the

Parties in any way other than for purposes of the litigation.  The confidentiality order provides

that a testifying party may mark their testimony as Highly Confidential where appropriate and

that all testimony not marked as Highly Confidential will be treated as Confidential in the first

instance.  Highly Confidential and Confidential testimony may not be publicly disclosed and no

one at Meta may see the testimony except for a limited number of in-house counsel who are not

permitted to participate in Meta's competitive decision-making for two years after receiving the

documents.

The information sought in this Request is necessary in the interest of justice for the Parties to establish their allegations and defenses. Kakao is the owner of the apps KakaoTalk, KakaoStory, and Path. KakaoTalk is a messaging and video calling app. KakaoStory is an app that enables users to share "stories," photos, and videos with each other. Path was an app that enabled users to create and share multimedia posts and updates with their "friends" on the app. Kakao purchased and operated Path from 2015 until discontinuing it in 2018.

Chang-hee Park, as the lead developer of KakaoTalk, Chief Product Officer of KakaoTalk, and a senior executive overseeing KakaoTalk and KakaoStory from approximately 2010 to 2016, has information concerning the history of KakaoTalk and KakaoStory's growth, development, and strategic direction; the launch and operation of KakaoTalk; the launch and operation of KakaoStory; the features and uses of KakaoTalk and KakaoStory over time, the size and geographic focus of KakaoTalk and KakaoStory over time; the scope of competition in the market alleged in the Complaint, and barriers to entry in the alleged market, among other things.

Hyunjoo Chung, as Vice President of Kakao Corporation since 2013, has information concerning the history of KakaoTalk and KakaoStory's growth, development, and strategic direction; the launch and operation of KakaoTalk; the launch and operation of KakaoStory; the decision to shut down Path; the features and uses of KakaoTalk and KakaoStory over time; the size and geographic focus of KakaoTalk and KakaoStory over time; the scope of competition in the market alleged in the Complaint; and barriers to entry in the alleged market, among other things.

Accordingly, the Parties intend to elicit testimony from Mr. Park and Ms. Chung to better understand whether KakaoTalk, KakaoStory, and Path have been significant competitors to Meta, particularly around the time of Meta's acquisitions of Instagram and WhatsApp; as well as

to better understand the launch of KakaoStory, acquisition and ultimate termination of services

for Path; the features, uses, size, and geographic focus of KakaoTalk and KakaoStory; and

Kakao's ability to operate successfully in the United States.

## <u>SECTION III</u>

**9.     IDENTITY AND ADDRESS OF ANY PERSON TO BE EXAMINED (Article 3(e)):**

> **Mr. Chang-hee Park**
> Attn: Mr. Chang-hee Park, Chief Product Officer of KakaoTalk (former)
> Kakao Enterprise Corp.
> 3/F 235 Pangyoyeok-ro
> Bundang-gu
> Seongnam, Gyeonggi
> 13494 Republic of Korea

> **Ms. Hyunjoo Chung**
> Attn: Ms. Hyunjoo Chung, Vice President
> Kakao Corporation
> 242 Cheomdan-ro, Jeju-si
> Jeju-do, 63309 Republic of Korea

**10.    QUESTIONS TO BE PUT TO PERSONS TO BE EXAMINED OR STATEMENT OF THE SUBJECT MATTER ABOUT WHICH THEY ARE TO BE EXAMINED (Article 3(f)):**

The questions to be put to Mr. Park and Ms. Chung relate to the subject matter described

in Paragraph 8(b) above, in addition to questions relating to preliminary matters of witness

knowledge and competence.  The specific questions that the Parties each seek to put to Mr. Park

are attached to this Request as Attachment C.  The specific questions that the Parties each seek to

put to Ms. Chung are attached to this Request as Attachment D.  The Parties also request the

ability to ask related questions of Mr. Park and Ms. Chung as appropriate.

**11.    ANY REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND SPECIFIC FORM TO BE USED (Article 3(h)):**

If agreeable to the National Court Administration, it is hereby requested as follows:

a.      It is requested that the oral testimony of Mr. Park and Ms. Chung be taken under oath or affirmation in accordance with the laws of the Republic of Korea before an appropriate judicial official of the Republic of Korea.

b.      The Federal Trade Commission has authorized the law firm of WeAdvise Law to represent its interests and serve as its counsel in the execution of this Request in the Republic of Korea.  Please contact WeAdvise Law Partner Taejoon Kook ("Mr. Kook") for any questions and notices regarding this Letter of Request.  Please notify the Court that shall be designated to execute this Letter of Request that Mr. Kook shall represent the Federal Trade Commission in connection with any procedures, hearings, and motions that shall be taken and heard in connection with the examination of the witnesses and presentation of documents.  Mr. Kook's contact information is:

> Taejoon Kook, Partner
> WeAdvise Law
> Tel:  +82 02-518-0005
> Fax:  +82 02-518-3100
> tjkook@weadvise.co.kr

c.      Meta Platforms, Inc. has authorized the law firm of Kim & Chang to represent its interests and serve as its counsel in the execution of this Request in the Republic of Korea. Please contact Kim & Chang attorney Youngjin Jung ("Mr. Jung") for any questions and notices regarding this Letter of Request.  Please notify the Court that shall be designated to execute this Letter of Request that Mr. Jung shall represent Meta Platforms, Inc. in connection with any procedures, hearings, and motions that shall be taken and heard in connection with the examination of the witnesses and presentation of documents.  Mr. Jung's contact information is:

> Youngjin Jin, Attorney
> Kim & Chang
> Tel:  +82-2-3703-1776
> Fax:  +82-2-737-9091/9092
> Youngjin.jung@KimChang.com

d.     It is requested that the oral testimony requested by the Federal Trade Commission be taken through questioning by counsel for the Federal Trade Commission in the Republic of Korea, WeAdvise Partner Taejoon Kook or his designee, with an opportunity afforded to counsel for Meta, Mr. Jung or his designee, to ask questions of (cross examine) each witness on the topics raised by the Federal Trade Commission's questions.

e.     It is requested that the oral testimony requested by Meta be taken through questioning by counsel for Meta in the Republic of Korea, Mr. Jung or his designee, with an opportunity afforded to counsel for the Federal Trade Commission, Mr. Kook or his designee, to ask questions of (cross examine) each witness on the topics raised by Meta's questions.

f.     It is requested that counsel for the Federal Trade Commission and counsel for Meta be notified in advance of the time and place of the proceedings and that counsel be permitted to attend in person, or by video or audio teleconference for those not able to attend in person.  Mr. Kook shall inform counsel for Meta by email (as previously agreed by the Parties in this matter) of the procedures to be followed in the proceeding, including such arrangements as are necessary to attend in person or by video or audio teleconference.

g.     It is further requested that the affirmation and oral examination be transcribed verbatim stenographically and that the written transcript be provided to:

The Honorable James E. Boasberg
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
United States of America

*With a Copy to the Parties' Legal Representatives:*

Daniel Matheson, Esq.
Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580

11

Tel: 202-326-2075
Email: dmatheson@ftc.gov

Mark C. Hansen, Esq.
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: 202-326-7900
Email: mhansen@kellogghansen.com

h.      It is further requested that, if any portion of this Request is deemed to be

unacceptable under the laws of the Republic of Korea, that counsel for the Federal Trade

Commission, Mr. Kook, and counsel for Meta, Mr. Jung, please be informed of that fact and be

allowed to respond substantively prior to the decision and that the National Court Administration

please comply with as much of the Request as possible.

**12.    SPECIAL METHODS OR PROCEDURES TO BE FOLLOWED (Article 3(i) & 9):**

Please see Paragraph 11 above.

**13.    REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR THE
EXECUTION OF THE REQUEST AND IDENTITY AND ADDRESS OF ANY PERSON
TO BE NOTIFIED (Article 7):**

It is requested that notice of the execution of the Request be provided to the Parties'

representatives listed in Paragraphs 6 and 11 above.

**14.    REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL
PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE
LETTER OF REQUEST (Article 8):**

None.

**15.    SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE
DOCUMENTS UNDER THE LAW OF THE STATE OF ORIGIN (Article 11(b)):**

The Parties will not seek to elicit testimony from Mr. Park or Ms. Chung intended to

elicit the disclosure of information protected by the attorney-client privilege or privileges

applicable under the laws of the Republic of Korea.   The attorney-client privilege may be

waived, however, if the communication has been disclosed to third parties.

## 16.   THE FEES AND COSTS INCURRED WHICH ARE REIMBURSABLE UNDER THE SECOND PARAGRAPH OF ARTICLE 14 OR UNDER ARTICLE 26 OF THE CONVENTION WILL BE BORNE BY:

This Court understands that certain fees and costs incurred in the execution of this

Request may be reimbursable under the second paragraph of Article 14 or Article 26 of the

Hague Evidence Convention.  The fees and costs of this Hague Evidence Convention process

will be borne evenly by the FTC and Meta Platforms, Inc.  Each of the FTC and Meta Platforms,

Inc. will be responsible for the fees and expenses, if any, of its own attorneys relating to any

proceedings arising from this Hague Evidence Convention process.  The FTC's counsel, Mr.

Kook, and Meta's counsel, Mr. Jung, should be informed before any costs are incurred under

Article 14 or Article 26 of the Hague Evidence Convention.

### SECTION IV

This District Court expresses its gratitude to the authorities of the Republic of Korea for

their assistance and courtesy under the terms of the Hague Evidence Convention.


Signature and Seal of the Requesting Judicial Authority:



Dated:  11-8-22

JAMES E. BOASBERG
UNITED STATES DISTRICT JUDGE

미국 컬럼비아 특별구 지방법원

| |
|---|
| 연방거래위원회(FEDERAL TRADE COMMISSION),<br><br>원고,<br><br>대<br><br>META PLATFORMS, INC.,<br><br>피고. |

사건번호: 1:20-cv-03590-JEB

**민사 또는 상사의 해외 증거 조사에 관한 1970 년 3 월 18 일자 헤이그 협약에 따른 국제 사법 공조 요청서**

미국 컬럼비아 특별구 지방법원은 대한민국의 법원 행정처의 무궁한 발전을

기원하면서 본 법원 앞으로 제기된 상기 언급된 민사 소송에 사용될 증언 증거를 입수하는 데

있어 공조를 요청합니다. 구체적으로, 본 지방법원은 대한민국에 소재하는 비당사자인

주식회사 카카오("카카오")의 현직 및 전직 직원으로부터 구두 증언을 입수하는 데 있어

공조를 요청합니다. 본 요청서는 미국과 대한민국이 모두 당사자인 민사 또는 상사의 해외

증거 조사에 관한 1970 년 3 월 18 일 자 협약(이하 "헤이그 증거 협약")의 제 1 장에 따라

작성되었습니다.

<u>섹션 I</u>

1.      발신자:

James E. Boasberg 판사
미국 컬럼비아 특별구 지방법원
333 Constitution Avenue, N.W.

Washington, D.C. 20001
미국

2.   **요청받은 국가의 중앙 당국:**

법원 행정처
수신자: 국제심의관
대한민국
서울특별시
서초구
서초대로 219 (우: 06590)

3.   **수행된 요청을 반환 받을 대상:**

James E. Boasberg 판사
미국 컬럼비아 특별구 지방법원
333 Constitution Avenue, N.W.
Washington, D.C. 20001
미국

*당사자들의 법정 대리인에게 사본 제공:*

Daniel Matheson 귀하
연방거래위원회
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580
전화: 202-326-2075
이메일: dmatheson@ftc.gov

Mark C. Hansen 귀하
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
전화: 202-326-7900
이메일: mhansen@kellogghansen.com

4.	요청 사법 당국이 요청서에 대한 답변을 수령해야 하는 일자 명시:

아래에 기술된 민사 소송을 위해 요청 사법 당국이 해당 증거를 적시에 수령할 수 있도록 가능한 한 조속히, 4개월 이내에, 국제 사법 공조 요청에 답변해 주시면 대단히 감사하겠습니다.

### 섹션 II

헤이그 증거 협약 제3조에 따라, 아래에 서명한 신청자는 조속한 요청에 관하여 다음과 같은 정보를 제출합니다.

5.	**(a)	요청 사법 당국(제 3(a)조):**

James E. Boasberg 판사
미국 컬럼비아 특별구 지방법원
333 Constitution Avenue, N.W.
Washington, D.C. 20001
미국

**(b)	관할 당국(제 3(a)조) :**

법원 행정처
수신자: 국제심의관
대한민국
서울특별시
서초구
서초대로 219 (우: 06590)

**(c)	사건명 및 식별 번호:**

*연방거래위원회 대 Meta Platforms, Inc.*, 사건번호 1:20-cv-03590-JEB, 미국 워싱턴 D.C.에 소재한 컬럼비아 특별구 지방법원

6.	**당사자들 및 그 대리인의 성명 및 주소(제 3(b)조):**

**(a)	원고:**

연방거래위원회
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580

대리인:

Daniel Matheson 귀하
연방거래위원회
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580
전화: 202-326-2075
이메일: dmatheson@ftc.gov

**(b)**   **피고:**

Meta Platforms, Inc.
1601 Willow Road
Menlo Park, CA 94025

대리인:

Mark C. Hansen 귀하
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
전화: 202-326-7900
이메일: mhansen@kellogghansen.com

7.   **소송 절차의 성격, 목적 및 사건 개요(제 3(c)조):**

**(a)**   **소송 절차의 성격:**

상기 소송은 미국 연방거래위원회("FTC")가 Meta Platforms, Inc.(페이스북,

인스타그램, 페이스북 메신저 및 왓츠앱 등의 앱을 제공하는 "Facebook Inc."로 알려진

"메타")(총칭하여, "당사자들")을 상대로 2021 년 9 월 8 일에 수정된 대체 소장을 제출해

제기한 민사 소송입니다. 미국 법률에 따라, 연방거래위원회는 민사상 원고로서 민사 법원에

소송을 제기할 권한이 있습니다. 15 U.S.C. § 53(b)를 *참조하십시오.* 연방거래위원회는 이

권한에 따라 상기 소송을 제기했으며, 동 소송은 제출된 미국 지방법원에 의해 민사 소송으로

지정되었습니다. 본 사건은 행정 절차가 아닙니다.

연방거래위원회는 메타가 경쟁 제한적 행위 및 불공정한 경쟁 방식을 금지하는

연방거래위원회법 15 U.S.C. § 45(a)의 섹션 5(a)를 위반했다고 주장합니다. 연방거래위원회는

메타가 "개인 소셜 네트워크 서비스(SNS)"로 알려진 시장에서 불법적으로 독점적 지위를

유지함으로써(인스타그램 및 왓츠앱을 경쟁 제한적으로 인수했다는 혐의 포함) 본 법률을

위반했다고 주장합니다. 연방거래위원회는 구제책으로서 메타의 일련의 행위가 관련 법률을

위반했다는 판결, 혐의를 받는 경쟁 제한적 행위가 없었다면 유지되었을 경쟁을 회복하는 데

충분한 구제 조치(메타에서 인스타그램 및/또는 왓츠앱을 매각하는 조치를 포함하되 이에

국한하지 않음) 및 추가적인 형평법상의 구제 조치를 구합니다.

   **(b)**      **소장의 개요:**

수정된 대체 소장은 2011년 이후 메타가 인스타그램과 왓츠앱의 인수를 포함한 경쟁

제한적 행위 과정을 통해 미국에서 "개인 소셜 네트워크 서비스" 시장에서 불법적으로 독점적

지위를 유지했다고 주장합니다. 수정된 대체 소장은 개인 소셜 네트워크 서비스를 "공유된

사회적 공간에서 개인 관계를 유지하고 친구, 가족 및 기타 지인들과 경험을 공유할 수 있도록

사람들이 사용하는 온라인 서비스"라고 정의하면서, 개인 소셜 네트워크 서비스는 모바일

메시지 서비스, 전문 소셜 네트워크 서비스(예: 링크드인), 비디오 소비 서비스(예: 유튜브)와

같은 다른 유형의 인터넷 기반 서비스와 구별된다고 주장합니다.

수정된 대체 소장은 "개인 소셜 네트워크 서비스를 제공하는 앱의 사용자들이 소요한 시간"에서 차지하는 메타의 점유율로 측정한 바에 따르면 메타가 현재 혐의를 받는 시장 점유율의 최소 80%를 보유하고 있으며, "개인 소셜 네트워크 서비스를 제공하는 앱의 [일별 및 월별 평균 사용자]"로 측정한 바에 따르면 메타가 혐의를 받는 시장 점유율의 최소 70%를 보유한다고 주장합니다.

나아가 수정된 대체 소장은 메타의 시장 지위가 사용자의 "친구와 가족이 이미 특정 소셜 네트워크의 회원"일 때 발생하고 "사용자가 개인 소셜 네트워크 서비스(SNS)에 더 많은 시간을 투자하고 더 많은 콘텐츠를 게시할 때" 증가하는 강력한 네트워크 효과 및 높은 전환 비용을 포함하여 높고 지속적인 진입 장벽에 의해 보호된다고 주장합니다.

수정된 대체 소장은 메타가 여러 유형의 경쟁 제한적 행위에 관여함으로써 미국의 "개인 소셜 네트워크 서비스" 시장에서 독점적 지위를 유지했다고 주장합니다. 특히, 수정된 대체 소장은 메타가 인스타그램을 인수하여 관련 시장에서 주목할 만한 독립적인 경쟁사를 무력화하고, 왓츠앱을 인수하여 상당한 경쟁 위협을 무력화하며 모바일 메신저를 통해 관련 시장에 진입하려 했다고 주장합니다. 또한, 수정된 대체 소장은 왓츠앱이 다른 "아시아 일부 지역에 대규모 사용자 기반을 구축했지만 서방으로 진출하지 않은 모바일 메신저 앱"보다 메타에 더 큰 위협을 지녔다고 주장합니다. 나아가 수정된 대체 소장은 메타가 인스타그램과 왓츠앱을 규모 있게 지속적으로 통제하고 운영한 것이 다른 모바일 사진 공유 및 모바일

메신저 앱이 개인 소셜 네트워크 시장에 진입하지 못하게 막는 "해자" 역할을 한다고

주장합니다.

수정된 대체 소장은 개인 소셜 네트워크의 독점을 증진하기 위한 메타의 경쟁 제한적

행위가 "개인 소셜 네트워크에 있어 경쟁의 이점을 [박탈]함으로써" 소비자에게 해를

끼친다고 주장하며, 여기에는 시장에서의 혁신, 품질 개선 및 "소비자의 선호도에 더 근접한

개인 소셜 네트워크 제공업체를 선정할" 기회가 포함될 수 있습니다. 또한 수정된 대체 소장은

혐의를 받는 메타의 개인 소셜 네트워크 서비스의 독점이 광고 판매 경쟁을 저해하였고,

메타의 경쟁 제한적 행위가 없었다면 "개인 소셜 네트워크 제공업체들이" 이러한 광고 판매

경쟁에 참여했을 것이라고 주장합니다.

본 사건의 수정된 대체 소장 사본은 부록 A 로 첨부했습니다.

**(c)   항변의 개요:**

메타는 연방거래위원회의 수정된 대체 소장에 있는 혐의를 부인합니다. 메타는 다음

항변과 특별히 관련이 있다고 생각하는 정보를 입수하기 위해 본 요청서를 제출합니다(메타는

이것이 본 소송 절차에서 메타 측 항변에 관한 완전한 목록이 아니라고 진술함):

연방거래위원회가 정의한 시장은 실현 가능하지 않습니다. 업계와 대중은 "개인 소셜

네트워크 서비스(SNS)"로 추정되는 시장을 인식하지 못하고 있고, 메타는 이렇게 추정된

시장의 필수 시장 점유율을 보유하고 있지 않으며, 경쟁사와 소비자는 모든 사용자에게

무료로 배포된 상품의 시장 독점 혐의로 인해 피해를 입을 수 없고, 메타는 적절하게 정의된 시장에서 늘 경쟁에 직면해 왔습니다.

8.  **취득할 증거 또는 수행할 기타 사법 활동(제 3(d)조):**

    **(a)  취득할 증거:**

대한민국에 요청한 공조는 각각 현재 대한민국에 거주하고 근무하는 주식회사 카카오의 전직 및 현직 직원인 박창희와 정현주로부터 구두 증언을 받으려는 것입니다. 당사자들은 부록 C 에 포함된 질문 및 관련 질문에 대해 박창희로부터 증언을 얻고자 합니다. 당사자들은 부록 D 에 포함된 질문 및 관련 질문에 대해 정현주로부터 증언을 얻고자 합니다.

    **(b)  요청한 증언의 목적:**

본 요청서에서 요구하는 증언은 위에 기술한 혐의 및 항변과 관련이 있으며, 기술된 본 사건의 법적 절차에서만 사용되어야 합니다. 증언은 엄격한 비밀 유지 명령이 적용되며, 그 사본이 부록 B 로 첨부되어 있습니다. 비밀 유지 명령은 본 사건에서 주어진 증언이 소송 목적 이외에는 어떤 방식으로도 당사자들에 의해 사용되지 않도록 보장합니다. 비밀 유지 명령은 증언 당사자가 적절한 경우 자신의 증언을 극비로 표시할 수 있고 극비로 표시되지 않은 모든 증언은 우선 기밀로 취급할 것임을 규정합니다. 극비 및 기밀 증언은 공개될 수 없으며 해당 문서를 수령한 후 2 년 동안 메타에서 경쟁에 관한 의사 결정에 관여할 수 없는 제한된 수의 사내 변호사를 제외하고 메타의 어느 누구도 증언을 볼 수 없습니다.

본 요청서에서 요구하는 정보는 당사자들이 공정하게 그들의 주장 및 항변을 하는 데 필요합니다. 카카오는 카카오톡, 카카오스토리, 패스(Path) 앱을 소유하고 있습니다.

카카오톡은 메시지 및 영상 통화 앱입니다. 카카오스토리는 사용자가 "스토리", 사진, 동영상을 서로 공유할 수 있는 앱입니다. 패스는 사용자가 앱에서 "친구"와 멀티미디어 게시물 및 업데이트를 생성하고 공유할 수 있게 해주는 앱이었습니다. 카카오는 2015 년부터 2018 년 중단할 때까지 패스를 매수하여 운영했습니다.

카카오톡의 수석 개발자, 카카오톡 최고제품책임자, 그리고 약 2010 년부터 2016 년까지 카카오톡과 카카오스토리를 감독하는 고위 임원이었던 박창희는 특히 카카오톡과 카카오스토리의 성장, 개발, 전략적 방향의 역사, 카카오톡의 출시 및 운영, 카카오스토리의 출시 및 운영, 오랜 기간에 걸친 카카오톡과 카카오스토리의 기능과 사용, 오랜 기간에 걸친 카카오톡 및 카카오스토리의 규모 및 지리적 초점, 소장에 주장하는 시장의 경쟁 범위, 주장하는 시장에 진입하는 데 있어 장애물에 관한 정보를 보유하고 있습니다.

2013 년부터 주식회사 카카오의 부사장이었던 정현주는 특히 카카오톡과 카카오스토리의 성장, 개발, 전략적 방향의 역사, 카카오톡의 출시 및 운영, 카카오스토리의 출시 및 운영, 패스의 폐쇄 결정, 오랜 기간에 걸친 카카오톡과 카카오스토리의 기능과 사용, 오랜 기간에 걸친 카카오톡 및 카카오스토리의 규모 및 지리적 초점, 소장에 주장하는 시장의 경쟁 범위, 주장하는 시장에 진입하는 데 있어 장애물에 관한 정보를 보유하고 있습니다.

따라서, 당사자들은 특히 메타가 인스타그램 및 왓츠앱을 인수하는 시점에 카카오톡, 카카오스토리 및 패스가 메타의 유의미한 경쟁자였는지 여부를 더 잘 이해하고, 카카오스토리의 출시, 패스 서비스의 인수 및 최종 종료, 카카오톡 및 카카오스토리의 기능,

사용, 규모 및 지리적 초점, 그리고 카카오가 미국에서 성공적으로 운영될 수 있는 능력을 더

잘 이해하기 위해 박창희 및 정현주로부터 증언을 구하고자 합니다.

### 섹션 III

**9.**   신문 받을 자의 신원 및 주소(제 3(e)조):

> **박창희**
> 수신자: 카카오톡 최고제품책임자 박창희(전직)
> 주식회사 카카오
> 대한민국
> 경기도 성남시
> 분당구 판교로 235, 3 층
> (우: 13494)

> **정현주**
> 수신자: 정현주 부사장
> 주식회사 카카오
> 대한민국 제주특별자치도
> 제주시 첨단로 242(우: 63309)

**10.**   신문 받을 자에게 해야 할 질문 또는 신문할 주제 사안에 대한 진술(제 3(f)조):

박창희와 정현주에게 할 질문은 증인의 지식 및 역량에 대한 사전적 질의사항과

관련된 질문 외에 위 8(b)항에 기술된 주제 사안과 관련이 있습니다. 당사자들이 각각

박창희에게 제기하고자 하는 구체적인 질문은 부록 C 로 본 요청서에 첨부되어 있습니다.

당사자들이 각각 정현주에게 제기하고자 하는 구체적인 질문은 부록 D 로 본 요청서에

첨부되어 있습니다. 당사자들은 또한 적절한 경우 박창희와 정현주에게 관련 질문을 할 수

있는 권한을 요청합니다.

**11.**   증거에 대한 구두 또는 확인서 및 사용할 특정 양식에 대한 요건(제 3(h)조):

법원 행정처가 동의하는 경우, 다음과 같이 요청합니다.

    a.    박창희와 정현주의 구두 증언은 대한민국 법률에 따라 대한민국의 적절한

사법관리 앞에서 서약 또는 확인 하에 이루어지도록 요청합니다.

    b.    연방거래위원회는 로펌 WeAdvise Law 가 대한민국에서 본 요청서를 작성하는

데 있어 자신의 이익을 대변하고 변호인 역할을 하도록 승인했습니다. 본 요청서에 관한 질문

및 통지는 WeAdvise Law 파트너 국태준에게 연락하십시오. 본 요청서를 작성하도록

지명해야 할 법원에 국태준이 증인 신문 및 문서 제출과 관련하여 취하고 심리하는 절차, 심리

및 신청과 관련하여 연방거래위원회를 대표한다는 사실을 통지하여 주십시오. 국태준의

연락처는 다음과 같습니다.

> 국태준, 파트너
> WeAdvise Law
> 전화: +82 02-518-0005
> 팩스: +82 02-518-3100
> tjkook@weadvise.co.kr

    c.    Meta Platforms, Inc.는 로펌 Kim & Chang 이 대한민국에서 본 요청서를

작성하는 데 있어 자신의 이익을 대변하고 변호인 역할을 하도록 승인했습니다. 본 요청서에

관한 질문 및 통지는 Kim & Chang 변호사 정영진에게 연락하십시오. 본 요청서를 작성하도록

지명해야 할 법원에 정영진이 증인 신문 및 문서 제출과 관련하여 취하고 심리하는 절차, 심리

및 신청과 관련하여 Meta Platforms, Inc.를 대표한다는 사실을 통지하여 주십시오. 정영진의

연락처는 다음과 같습니다.

정영진, 변호사
Kim & Chang
전화: +82-2-3703-1776
팩스: +82-2-737-9091/9092
Youngjin.jung@KimChang.com

d.    연방거래위원회가 요청한 구두 증언은 대한민국 내의 연방거래위원회의

변호인인 WeAdvise 파트너 국태준 또는 그 피지명인의 질문을 통해 입수하며, Meta 의

변호인인 정영진 또는 그 피지명인이 연방거래위원회의 질문에 의해 제기된 주제에 대해 각

증인에게 질문(교차 신문)할 수 있는 기회가 주어집니다.

e.    Meta 가 요청한 구두 증언은 대한민국 내의 Meta 의 변호인인 정영진 또는 그

피지명인의 질문을 통해 입수하며, 연방거래위원회의 변호인인 국태준 또는 그 피지명인이

Meta 의 질문에 의해 제기된 주제에 대해 각 증인에게 질문(교차 신문)할 수 있는 기회가

주어집니다.

f.    연방거래위원회의 변호인과 Meta 의 변호인에게 법적 절차 시간과 장소를

사전에 통지하고, 변호사들이 직접 참석하거나, 직접 참석할 수 없는 사람들이 있는 경우 화상

또는 음성회의를 통해 참석할 수 있도록 요청합니다. 국태준은 직접 참석하거나 화상 또는

음성 회의에 참석하는 데 필요한 조치를 포함하여 법적 절차에서 따라야 할 절차를 이메일(본

사안에서 당사자들이 이전에 합의한 대로)로 Meta 의 변호인에게 알려야 합니다.

g.    또한 확인서와 구두 신문은 속기 녹취록으로 작성되어야 하고 그 녹취록을 다음

당사자들에게 제공하도록 요청합니다.

James E. Boasberg 판사
미국 컬럼비아 특별구 지방법원
333 Constitution Avenue, N.W.
Washington, D.C. 20001
미국

*당사자들의 법정 대리인에게 사본 제공:*

Daniel Matheson 귀하
연방거래위원회
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580
전화: 202-326-2075
이메일: dmatheson@ftc.gov

Mark C. Hansen 귀하
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
전화: 202-326-7900
이메일: mhansen@kellogghansen.com

　　　h.　　　또한, 본 요청서의 어느 부분이 대한민국 법률에 따라 허용 불가능한 것으로

간주되는 경우, 연방거래위원회의 변호인인 국태준 및 Meta 의 변호인인 정영진에게 해당

사실을 알리고 결정에 앞서 실질적으로 답변하도록 허용하며 법원 행정처는 가능한 한 많은

요청을 따라줄 것을 요청합니다.

**12.**　　**준수할 특별한 방법 또는 절차(제 3(i)조 및 제 9 조):**

　　　위의 11 항을 참조하십시오.

**13.**　　**요청 수행 일시 및 장소에 대한 통지 요청 및 통지받는 자의 신원 및 주소(제 7 조):**

　　　상기 제 6 항 및 제 11 항에 열거된 당사자들의 대리인들에게 요청 수행에 대한 통지를

제공할 것을 요청합니다.

14.     요청서 작성 시 요청 당국의 법원 직원의 출석 또는 참여 요청(제 8 조):

없음.

15.     목적지국의 법률에 따른 문서 제공 거부에 관한 특권 또는 의무의 명시(제 11(b)조):

당사자들은 대한민국 법률에 따라 적용되는 변호사-의뢰인 특권 또는 특권에 의해

보호되는 정보의 공개를 유도하기 위해 박창희 또는 정현주로부터 증언을 이끌어내려고 하지

않습니다. 그러나 해당 연락이 제 3 자에게 공개된 경우에는 이러한 변호사-의뢰인 특권이

철회될 수 있습니다.

16.     헤이그 협약 제 14 조 두 번째 단락 또는 제 26 조에 따라 상환받을 수 있는 발생
수수료와 비용은 다음 당사자들이 부담합니다.

본 법원은 본 요청서 작성 시 발생하는 특정 수수료 및 비용이 헤이그 증거 협약

제 14 조 두 번째 단락 또는 제 26 조에 따라 상환될 수 있음을 감안합니다.  본 헤이그 증거

협약 과정의 수수료와 비용은 연방거래위원회와 Meta Platforms, Inc.가 균등하게 부담합니다.

연방거래위원회 및 Meta Platforms, Inc. 각각은 본 헤이그 증거 협약 과정으로 인해 발생하는

일체의 소송과 관련하여, 해당하는 경우, 자신의 변호사 수수료와 경비를 부담합니다. 헤이그

증거 협약 제 14 조 또는 제 26 조에 따라 일체의 비용이 발생하기 전, 연방거래위원회의

변호인인 국태준과 메타의 변호인인 정영진에게 통지해야 합니다.

### 섹션 IV

본 지방법원은 헤이그 증거 협약 조건에 따른 공조와 호의에 대해 대한민국 당국에

감사를 표합니다.

요청 사법 당국의 서명 및 날인:

날짜:
11-8-22

James E. Boasberg
미국 지방법원 판사