## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,

        Plaintiff,

        v.

META PLATFORMS, INC.,

        Defendant.

Case No. 1:20-cv-03590-JEB

## LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

The United States District Court for the District of Columbia presents its compliments to the National Court Administration of the Republic of Korea and requests assistance in obtaining documentary evidence to be used in the above-captioned civil proceeding before this Court. Specifically, the District Court requests assistance in obtaining documents from non-party Kakao Corporation ("Kakao"), an entity residing in Seoul, the Republic of Korea. This request is made pursuant to, and in conformity with, Chapter I of the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"), to which both the United States and the Republic of Korea are party.

### SECTION I

1. **SENDER:**

    The Honorable James E. Boasberg
    United States District Court for the District of Columbia
    333 Constitution Avenue, N.W.
    Washington, D.C. 20001
    United States of America

2. **CENTRAL AUTHORITY OF REQUESTED STATE:**

    National Court Administration

Attn: Director of International Affairs
Seocho-daero 219
Seocho-gu
SEOUL 06590
Republic of Korea

3.      **PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED:**

The Honorable James E. Boasberg
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
United States of America

*With a Copy to the Parties' Legal Representatives:*

Daniel Matheson, Esq.
Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580
Tel: 202-326-2075
Email: dmatheson@ftc.gov

Mark C. Hansen, Esq.
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: 202-326-7900
Email: mhansen@kellogghansen.com

4.      **SPECIFICATION OF THE DATE BY WHICH THE REQUESTING JUDICIAL AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST:**

The Requesting Judicial Authority would greatly appreciate a response to the Request for

International Judicial Assistance within four months or as soon as is practicable, to ensure that

evidence is received in a timely manner for use in the civil proceeding described below.

## SECTION II

In conformity with Article 3 of the Hague Evidence Convention, the undersigned

applicant has the honor to submit the following information regarding the instant request:

2

5.    (a)    **REQUESTING JUDICIAL AUTHORITY (Article 3(a)):**

The Honorable James E. Boasberg
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
United States of America

(b)    **TO THE COMPETENT AUTHORITY OF (Article 3(a)):**

National Court Administration
Attn: Director of International Affairs
Seocho-daero 219
Seocho-gu
SEOUL 06590
Republic of Korea

(c)    **NAME OF THE CASE AND ANY IDENTIFYING NUMBER:**

*Federal Trade Commission v. Meta Platforms, Inc.*, No. 1:20-cv-03590-JEB, United States District Court for the District of Columbia, Washington, D.C., USA

6.    **NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES (Article 3(b)):**

(a)    **Plaintiff:**

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580

Representative:

Daniel Matheson, Esq.
Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580
Tel: 202-326-2075
Email: dmatheson@ftc.gov

(b)    **Defendant:**

Meta Platforms, Inc.
1601 Willow Road
Menlo Park, CA 94025

(b)                    **Summary of complaint:**

The substitute amended complaint alleges that, since 2011, Meta has unlawfully maintained a monopoly position in the market for "personal social networking services" in the United States through a course of anticompetitive conduct including the acquisitions of Instagram and WhatsApp.  The substitute amended complaint defines personal social networking services as "online services that enable and are used by people to maintain personal relationships and share experiences with friends, family, and other personal connections in a shared social space," and alleges that personal social networking services are distinct from other types of internet-based services, such as mobile messaging services, specialized social networking services (e.g., LinkedIn), and video consumption services (e.g., YouTube).

The substitute amended complaint alleges that Meta currently holds at least 80% of the share of the alleged market, as measured by Meta's share of "the time spent by users of apps providing personal social networking services," and at least 70% of the share of the alleged market as measured by "[daily and monthly average users] of apps providing personal social networking services."

The substitute amended complaint further alleges that Meta's market position is protected by high and durable barriers to entry, including strong network effects and high switching costs, which arise when users' "friends and family are already members" of a particular social network and increase "as users invest more time in, and post more content to, a personal social networking service."

The substitute amended complaint alleges that Meta maintained its alleged monopoly in the "personal social networking services" market in the United States by engaging in several types of anticompetitive conduct.  In particular, the substitute amended complaint alleges that Meta acquired Instagram to neutralize a significant independent competitor in the relevant

5

market and WhatsApp to neutralize a significant competitive threat to enter the relevant market from mobile messaging. Additionally, the substitute amended complaint alleges that WhatsApp posed a greater threat to Meta than other "mobile messaging apps that had built a large user base in parts of Asia but had not made inroads in the West." The substitute amended complaint further alleges that Meta's continued control and operation of Instagram and WhatsApp at scale acts as a "moat" that prevents entry into the personal social networking market by other mobile photo-sharing and mobile messaging apps.

The substitute amended complaint alleges that Meta's anticompetitive conduct in furtherance of its personal social networking monopoly harms consumers by "depriv[ing them] of the benefits of competition for personal social networking," which could include innovation in the marketplace, quality improvements, and opportunities to "select a personal social networking provider that more closely suits their preferences." The substitute amended complaint also alleges that Meta's alleged monopolization of personal social networking services harms competition for the sale of advertising, where "competing personal social networking providers" would have engaged absent Meta's purported anticompetitive actions.

A copy of the substitute amended complaint in this matter is attached as Attachment A.

(c)        **Summary of defense:**

Meta denies the allegations in the FTC's substitute amended complaint. Meta intends this Letter of Request to obtain information it believes is particularly relevant to the following defenses (which Meta states is not an exhaustive list of Meta's defenses in this proceeding): The market, as defined by the FTC, is implausible; the industry and the public do not recognize a supposed "personal social networking services" market; Meta does not have the requisite market share of the alleged market; competition and consumers cannot be harmed from alleged

monopolization of a market for a product distributed free to all users; and Meta has always faced competition in any properly defined market.

**8.    DOCUMENTS TO BE OBTAINED OR OTHER JUDICIAL ACT TO BE PERFORMED (Article 3(d)):**

**(a)**                    **Documents to be obtained:**

The assistance requested of the Republic of Korea consists of obtaining copies of documents in the possession of Kakao Corporation.

**(b)**                    **Purpose of the documents sought:**

The documents sought in this Letter of Request pertain to the allegations and defenses described above and are to be used only in legal proceedings in the matter described. The documents are subject to a strict confidentiality order, a copy of which is attached as Attachment B. The confidentiality order ensures that documents produced in this matter will not be used by the Parties in any way other than for purposes of the litigation. The confidentiality order provides that a producing party such as Kakao may mark its documents as Confidential or Highly Confidential where appropriate. If Kakao does so, the documents may not be publicly disclosed and no one at Meta may see the documents except for a limited number of in-house counsel who are not permitted to participate in Meta's competitive decision-making for two years after receiving the documents.

The information sought in this Request is necessary in the interest of justice for the Parties to establish their allegations and defenses. Kakao is the owner of the apps KakaoTalk, KakaoStory, and Path. KakaoTalk is a messaging and video calling app. KakaoStory is an app that enables users to share "stories", photos, and videos with each other. Path was an app that enabled users to create and share multimedia posts and updates with their "friends" on the app. Kakao purchased and operated Path from 2015 until discontinuing it in 2018.

7

The Parties seek limited documents from Kakao to better understand whether KakaoTalk, KakaoStory, and Path have been significant competitors to Meta, particularly around the time of Meta's acquisitions of Instagram and WhatsApp, as well as to better understand the launch of KakaoStory, acquisition and ultimate termination of services for Path, and Kakao's ability to operate successfully in the United States.

Specifically, the Parties seek documents related to how Kakao views competition between KakaoTalk, KakaoStory, Path, and Meta (Document Request No. 1) and whether KakaoTalk, KakaoStory, or Path are used to maintain personal relationships and share experiences with friends, family, and other personal connections (Document Request No. 2). The Parties also seek documents related to barriers to entry in the market for personal social networking services in the United States (Document Request No. 3), Kakao's launch of KakaoStory and acquisition of Path (Document Request Nos. 4 & 5), and Kakao's decision to terminate services for Path (Document Request No. 6). Finally, the Parties have two limited data requests related to market share, market definition, and entry barriers regarding: messages sent on KakaoTalk, time spent on KakaoTalk, KakaoStory, and Path, and the Daily Active Users and Monthly Active Users on, and revenue generated from, each service (Document Request Nos. 7 & 8). Request Number 7 seeks data limited to a specific period of time when there was an outage on Meta's products and seeks information on diversion from Meta's products. Request Number 8 seeks data from 2011 to 2016 and 2021 to evaluate, among other things, the contours of the relevant market in and around the time of Meta's acquisitions of Instagram and WhatsApp and Kakao's acquisition of Path, and the allegation that Meta has durable monopoly power. The Parties limited the scope and time frame of their data requests to seek the minimum amount of information required to assist in advancing their respective cases.

8

## SECTION III

**9.    DOCUMENTS OR OTHER PROPERTY TO BE INSPECTED (Article 3(g)):**

It is requested that copies of the documents or electronic records described in Attachment

C be requested from Kakao for inspection and transmission back to the Requesting Judicial

Authority, the Honorable James E. Boasberg.

It is further requested that, if any portion of this Request is deemed to be unacceptable

under the laws of the Republic of Korea, local counsel for the FTC and Meta please be informed

of that fact and be allowed to respond substantively prior to any decision by the Korean Court

and that the Korean Court please comply with as much of the Request as possible.  The FTC's

local counsel, Mr. Taejoon Kook, can be reached at tjkook@weadvise.co.kr and +82 02-518-

0005.  Meta's local counsel, Mr. Youngjin Jung, can be reached at

youngjin.jung@KimChang.com and +82-2-3703-1776.

**10.    SPECIAL METHODS OR PROCEDURES TO BE FOLLOWED (Article 3(i) & 9):**

To the extent permitted by the applicable laws of the Republic of Korea, it is respectfully

requested that the appropriate judicial authority of the Republic of Korea require that the

requested documents be duly marked for identification and produced in electronic and/or paper

format, bearing such identification, to:

> Daniel Matheson, Esq.
> Federal Trade Commission
> 600 Pennsylvania Avenue N.W.
> Washington, D.C. 20580
> Tel: 202-326-2075
> Email: dmatheson@ftc.gov
>
> Mark C. Hansen, Esq.
> Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
> 1615 M Street, N.W., Suite 400
> Washington, D.C. 20036
> Tel: 202-326-7900
> Email: mhansen@kellogghansen.com

9

It is further requested that, if permitted under the laws of the Republic of Korea, the

document production be accompanied by a sworn statement from an authorized Kakao agent,

which attests to the fact that the production comprises the entirety of the documents described

herein, or otherwise specifies what documents have been omitted and the reasons for their

omission, and which authenticates the documents as true and accurate copies of the documents

described herein.

### 11.   REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR THE EXECUTION OF THE REQUEST AND IDENTITY AND ADDRESS OF ANY PERSON TO BE NOTIFIED (Article 7):

It is requested that notice of the execution of the Request be provided to the Parties'

representatives listed in Paragraph 6 above.

### 12.   REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST (Article 8):

None.

### 13.   SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE DOCUMENTS UNDER THE LAW OF THE STATE OF ORIGIN (Article 11(b)):

In addition to the privileges applicable under the laws of the Republic of Korea, Kakao

need not disclose documents and electronic records that constitute confidential communications

between it and its attorneys to the extent those communications seek or provide legal advice.

This privilege may be waived, however, if the communication has been disclosed to third parties.

### 14.   THE FEES AND COSTS INCURRED WHICH ARE REIMBURSABLE UNDER THE SECOND PARAGRAPH OF ARTICLE 14 OR UNDER ARTICLE 26 OF THE CONVENTION WILL BE BORNE BY:

This Court understands that certain fees and costs incurred in the execution of this

Request may be reimbursable under the second paragraph of Article 14 or Article 26 of the

Hague Evidence Convention.  The fees and costs of this Hague Evidence Convention process

will be borne evenly by the FTC and Meta Platforms, Inc. Each of the FTC and Meta Platforms, Inc. will be responsible for the fees and expenses, if any, of its own attorneys relating to any proceedings arising from this Hague Evidence Convention process. The FTC's local counsel, Mr. Taejoon Kook, and Meta's local counsel, Mr. Youngjin Jung, should be informed before any costs are incurred under Article 14 or Article 26 of the Hague Evidence Convention.

## SECTION IV

This District Court expresses its gratitude to the authorities of the Republic of Korea for their assistance and courtesy under the terms of the Hague Evidence Convention.

Signature and Seal of the Requesting Judicial Authority:

Dated: 11-8-22

JAMES E. BOASBERG
UNITED STATES DISTRICT JUDGE

11