IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>META PLATFORMS, INC.,<br><br>　　　　　　　　Defendant. | Case No. 1:20-cv-03590-JEB |

**META PLATFORMS, INC.'S STATEMENT
WITH RESPECT TO THE PENDING DISCOVERY ISSUE**

During the FTC's pre-complaint investigation from 2019-2020, Meta quickly and efficiently produced more than 3 million documents to meet the FTC's tight deadlines for responses to myriad document requests, many of which are irrelevant to this action that involves only a subset of topics at issue in the broader investigation.  Meta also provided a Privilege Log of approximately 330,000 entries ("Log") containing more information than Rule 26 requires.  Meta promptly responded to the FTC's Log inquiries during its investigation, and the FTC never moved to compel.

After the FTC filed this case but long before this Court permitted discovery to commence, the FTC prematurely disputed aspects of the Log in March 2021.  The FTC then waited six months into fact discovery – in August and September 2022 – to contest specific Log entries, asking Meta to re-review more than 1,800 of them.  Meta diligently re-reviewed those specifically identified entries and will provide a supplemental log and produce additional documents by today, the deadline to which the parties agreed.  ECF No. 206 at 14.

In November, the FTC changed course repeatedly, insisting that Meta urgently re-review the entire Log and broad categories of entries based on generalized complaints (including one with over 150,000 entries), and later that Meta re-review a purportedly random "sample" of 6,500 entries by December 30 for the stated purpose of extrapolating an "error rate" for Meta's entire Log.  Yesterday, four days after securing a briefing schedule about re-review of that supposedly "random sample," the FTC changed course yet again.  The FTC now insists that Meta should re-review a non-random "sample" of "approximately 2,500" unspecified entries, purportedly related to unidentified "key deposition" and "likely trial" witnesses, by January 9.  The FTC has stated that it believes Meta should ultimately re-review the entire Log comprising approximately 330,000 entries.

1

The FTC's shifting demands for large-scale re-review of the Log from the FTC's long-concluded investigation must end.  The Court should order what Meta has already offered to the FTC:  Meta will re-review by mid-January 2023 up to 1,000 specific Log entries that the FTC identifies from the Log on the understanding that this will be the last such request with respect to this Log.

  **1. *The FTC's demand that Meta re-review a sample of 2,500 entries for "key deposition" and "likely trial witnesses" is unreasonable.***  Yesterday, the FTC asked that Meta re-review 2,500 unidentified entries, which it has described only as purportedly related to "key deposition" and "likely trial witnesses."  This kind of last-minute, unspecified, blanket demand is entirely inappropriate, and the Court should reject it out of hand.  *See Steele v. United States*, 2022 WL 2817835, at *4 (D.D.C. July 19, 2022) (Lamberth, J.) (rejecting privilege challenge when plaintiffs failed to provide "a set of objections that identifies each log entry" they contest and why).

  The FTC's demand that Meta expedite re-review of 2,500 Log entries during the winter holidays is also inappropriate because it is disproportional and unduly burdensome.  Fed. R. Civ. P. 26(b)(1).  The FTC and Meta agreed to 64 days for Meta to re-review the 1,300 Log entries that it challenged on September 20.  The FTC now demands, despite having had the Log for over two years, that Meta urgently re-review nearly twice as many yet-to-be identified entries in even less time.  At the very moment that Meta is working diligently to substantially complete a large portion of its ongoing document production and to prepare its separate privilege log applicable to this litigation, the FTC's disproportionate demand is unreasonable.

  **2. *The Court should order that the FTC may only challenge 1,000 additional Log entries***.  The Log at issue was created over two years ago during the FTC's pre-complaint

investigation, comprising discovery requests that were far broader than what is relevant to the current litigation.  Even a cursory review of subject lines for many of the Log entries that Meta has now re-reviewed reveals that they concern topics unrelated to this case, such as Oculus and virtual reality, Meta's cryptocurrency efforts, or platform-related issues that this Court has ruled may not be the subject of discovery.  The FTC's failure to isolate relevant entries has been even more egregious for redacted documents in the FTC's possession, as the unredacted portions clearly contain sufficient information – including subject matter, context, and other information – to allow for targeted requests.  *See Steele*, 2022 WL 2817835, at *2 ("The moving party bears the initial burden to show that the requested information is relevant.").

It serves no useful purpose to require Meta to re-review documents from the much broader, pre-complaint investigation that are irrelevant and unrelated to the allegations here.  Just as it did earlier this month with the parties' linked-files dispute, the Court should order the FTC to identify some discrete number of Log entries (Meta has suggested a total of 1,000) that Meta will re-review within a reasonable period of time, and also order an end to the FTC's demands that Meta re-review the entries from the investigation Log.  If the FTC is given a final limit to the number of Log entries it can force Meta to re-review, it will have an incentive to genuinely contest those entries most likely to be relevant to the current litigation and to the upcoming depositions.  Without a cap to limit the FTC's scattershot and expansive requests – and without some finality to mark the conclusion of this wasteful process – the FTC's endless demands that Meta conduct large scale re-reviews of the Log will continue consuming significant party resources and could even potentially risk jeopardizing the Court's deadline for the completion of fact discovery.

Dated: November 23, 2022									Respectfully submitted,

/s/ *Geoffrey M. Klineberg*
Mark C. Hansen (D.C. Bar No. 425930)
Geoffrey M. Klineberg (D.C. Bar No. 444503)
Kenneth M. Fetterman (D.C. Bar No. 474220)
Aaseesh P. Polavarapu (D.C. Bar No. 1740414)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
mhansen@kellogghansen.com
gklineberg@kellogghansen.com
kfetterman@kellogghansen.com
apolavarapu@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

 /s/ *Geoffrey M. Klineberg*
Geoffrey M. Klineberg (D.C. Bar No. 444503)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
gklineberg@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*