IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 1:20-cv-03590-JEB

**PLAINTIFF'S STATEMENT IN ADVANCE OF THE PARTIES' NOVEMBER 28, 2022
TELECONFERENCE WITH THE COURT REGARDING DISCOVERY DISPUTE**

The FTC is gravely concerned by indications that Meta is wrongfully withholding tens of thousands of probative documents based on unfounded claims of privilege. Accordingly, the FTC respectfully asks the Court to order Meta to re-review, by January 9, 2023, a sample of 2,500 privilege entries relating to key witnesses. This represents less than 1% of Meta's privilege claims. In the alternative, the FTC requests briefing to explain the need for the requested relief and the importance of the documents Meta withheld: a 10-page FTC brief on November 30, a 10-page Opposition on December 7, and a 5-page Reply on December 12.

1. **Meta Has Reversed Over 50% Of Privilege Claims Falling into Four Categories**

The FTC raised numerous deficiencies with Meta's privilege claims during the pre-complaint investigation and—once litigation began—again in March 2021. Meta refused to engage with the FTC. On August 4, 2022, the FTC re-engaged with Meta and identified several categories of facially deficient privilege claims, and approximately 570 examples of such claims. Meta agreed to review the 570 log entries and committed to produce by September 2 modified entries, and any wrongfully withheld documents. *See* ECF No. 178 (Aug. 31, 2022 Joint Status Report), p. 7. Meta broke this promise. ECF No. 196, p. 1-2. Eventually, by late October, Meta ostensibly completed its re-evaluation. ECF No. 206, p. 13-14. The results are shocking.

Meta now admits that more than 50% of the sampled privilege assertions were unfounded. Meta's over-assertion of privilege is particularly egregious in four categories: (1) entries lacking basic information such as authors or recipients (over 75% reversed); (2) entries that provide a boilerplate variation of the claim "document reflecting legal advice regarding Facebook's API/platform, data, or other policies".[1] (over 65% reversed); (3) entries claiming

---

[1] Meta briefly argued these documents relate to "platform" issues not subject to discovery in this litigation, but then conceded that approximately 90% of the August 4 entries with this language are responsive to the FTC's proper discovery requests in this litigation.

1

attorney-client privilege, with no attorney listed as author or recipient (over 50% reversed); and (4) work product entries described as "at the request of" or "on behalf of" an attorney but lacking an attorney as an originator or recipient (over 50% reversed). Meta wrongfully withheld many key documents in these categories involving deposition or trial witnesses. In the event of further briefing, the FTC can describe these and provide examples.

### 2. Meta Should Re-Review a Sample of Documents Involving Key Witnesses

The FTC's position is that Meta's reversal rate, and the substantive importance of the documents Meta admits it withheld wrongfully, indicate fatal deficiencies in Meta's privilege log requiring re-review of a significant portion of entries falling into the categories described above. The FTC proposes to test this proposition: the FTC will identify a sample of 2,500 documents that (i) fall into the troubling categories described above; and (ii) are likely to be substantively important, based on the executives they involve. The results of this re-review should illuminate whether Meta's privilege log is fundamentally flawed, or if instead Meta's August 4 reversal rate was unacceptable due only to selection bias (as Meta claims).

The FTC's sampling proposal is reasonable, and commonly employed in this district to address privilege-related issues. *See Citizens for Responsibility & Ethics in Wash. v. U.S. DOJ*, 48 F. Supp. 3d 40, 45-46 (D.D.C. 2014); *D'Onofrio v. SFX Sports Grp., Inc.*, 256 F.R.D. 277, 279 (D.D.C. 2009) (approving use of statistical sampling to assess validity of privilege claims). Meta itself recently employed the FTC's proposal in another case: it agreed to "sampling of certain categories" of privilege claims, re-reviewed a sample of 3,000+ documents, and based on the results re-reviewed 87,000+ documents falling into the "categories." *See* Ex. A at 6 (Timeline Related to Privilege Overdesignation, *In re: Facebook, Inc. Consumer Privacy Litig.*, No. 3:18-md-02843 (N.D. Cal. Sept. 20, 2022)). Notably, Meta accomplished this entire process

in about three months. *See id.* Meta's proposal to review only 1,000 additional entries, and then cease all further re-review of problematic entries, is not consistent with this precedent and would likely result in continued wrongful withholding of thousands of probative documents.

The FTC's proportionate proposal focuses on a small number (less than 1%) of Meta's entries that are most likely to be both wrongfully withheld and also substantively important for depositions and trial. Targeting relevant witnesses is the most reasonable way for the FTC to identify important documents within the over 85% of allegedly privileged documents withheld in their entirety, as finer assessments based on Meta's privilege descriptions are not realistic: first, the documents Meta has now produced show that its entries often fail to accurately describe withheld material; second, many entries are indistinguishable boilerplate, and/or lack full participant information.

Meta has not shown that the FTC's proposed schedule is disproportionate or burdensome. Meta would prefer to review fewer entries, but it has not substantiated any undue burden from re-reviewing a few dozen documents per day through January 9, 2023. *Cf. Martin v. Potomac Elec. Power Co.*, Consolidated Cases, 1990 U.S. Dist. LEXIS 11688, at *5-6 (D.D.C. May 25, 1990) (burden claim requires "specific facts"). Moreover, time is of the essence, as the FTC will soon begin depositions of Meta's former or current employees. Thus, the FTC's proposed schedule should not be delayed to account for a large number of additional privilege assertions Meta reversed earlier today (November 23). The assertions Meta reversed on November 23 largely relate to different categories of suspect or deficient descriptions, rather than the four categories described above. Once the FTC completes its assessment of reversals in these distinct categories, the parties can confer regarding those categories of claims.

Dated: November 23, 2022						Respectfully submitted,

By: /s/ Daniel Matheson
Daniel Matheson (D.C. Bar 502490)
Krisha Cerilli (D.C. Bar 983281)
Maria DiMoscato (D.C. Bar 489743)
Patricia Galvan
Owen Masters (D.C. Bar 242139)
Susan Musser (D.C. Bar 1531486)
Jessica Moy
Nathan Brenner
Rebecca Weinstein

Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*