# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>   Plaintiff,<br><br>   v.<br><br>META PLATFORMS, INC.,<br><br>   Defendant. | Case No. 1:20-cv-03590-JEB |

**PLAINTIFF'S STATEMENT IN ADVANCE OF THE PARTIES' DECEMBER 9, 2022 TELECONFERENCE WITH THE COURT REGARDING DISCOVERY DISPUTE**

The FTC does not believe that the "disputes" discussed below are important enough to warrant burdening the Court, and regrets that Meta has insisted on contacting the Court on such minor matters. Nonetheless, the FTC provides its position pursuant to the Court's instructions.

**Remote or In-Person Deposition Arrangements:** the FTC's position is that the parties should work cooperatively, taking into account the preference of witnesses, to determine whether FTC counsel will attend any particular deposition remotely or instead in-person. Meta seeks a contrary default rule that would allow a Meta witness to demand that FTC counsel appear remotely, even if FTC counsel desires to attend in-person. There is no basis for such a rule: while the FTC hopes to conduct many depositions remotely to conserve resources, in the event that FTC counsel desires to attend a deposition in-person, the FTC is not aware of any authority suggesting that a witness can prevent opposing counsel from attending a deposition in-person. *See generally Carrico v. Samsung Elecs. Co.*, 2016 WL 1265854, at *1 (N.D. Cal. Apr. 1, 2016) ("Generally . . . the examining party may unilaterally choose a deposition's location.") (citing Fed. R. Civ. P. 30(b)(1)).

The FTC's position is simple: the parties should meet and confer and handle on a case-by-case basis any disputes regarding deposition scheduling or attendance by counsel. Consultation between counsel is appropriate, because this is not even a live controversy that requires the Court's attention: Meta has not identified any witnesses who have expressed a desire to prevent the FTC from attending a deposition in-person, and the FTC currently intends to attend the vast majority of depositions remotely. It is thus unfortunate that Meta has insisted on contacting the Court on this issue. The FTC does not seek to prevent Meta's counsel from attending in-person (or remotely) any deposition Meta's counsel desires to attend.

**Paper Copies of Potential Deposition Exhibits:** the FTC's position is that it should not be required to provide potential deposition exhibits to a vendor for printing in advance of depositions. For the reasons discussed below, the FTC suggests that the parties employ the remote deposition solutions that have worked for the FTC in the past and, if any difficulties or issues arise, the parties should meet and confer and re-visit the necessity of providing potential exhibits to a vendor for printing in advance of depositions.

Meta claims that the FTC must provide relevant exhibits to a vendor two business days in advance of depositions because Meta employees would benefit from having paper copies of deposition exhibits. The FTC does not believe this is necessary. Counsel for the FTC have conducted many remote depositions over the past few years utilizing remote deposition solutions that, in the FTC's substantial experience, have proven just as efficient and more environmentally friendly than printing out paper copies of potential exhibits in advance. These remote solutions allow a witness to access relevant documents within the software platform itself. It has become the FTC's standard practice to employ these remote solutions in depositions of executives across a range of different entities and companies under investigation by the FTC. It is unclear why Meta's executives – who work for a major tech company – are less able than other witnesses to review documents electronically on-screen.

The Federal Rules of Civil Procedure neither require paper exhibits to be provided in advance of a remote deposition nor prohibit the use of electronic exhibits. *See In re Onglyza Saxagliptin & Kombiglyze Xr Saxagliptin & Metformin Prods. Liab. Litig.*, 2020 U.S. Dist. LEXIS 260590, at *120 (E.D. Ky. Oct. 6, 2020). Indeed, a growing number of "courts have found that exhibits can be managed in remote depositions by sending Bates-stamped exhibits to deponents prior to the depositions *or* using modern videoconference technology to share documents and images quickly and conveniently." *United States ex rel. Chen v. K.O.O. Constr.,*

*Inc.*, 2020 U.S. Dist. LEXIS 81866, at *4 (S.D. Cal. May 8, 2020) (emphasis added); *see also, Carrico v. Samsung Elecs. Co.*, 2016 WL 1265854, at *2 (N.D. Cal. Apr. 1, 2016) (same); *Lopez v. CIT Bank, N.A.*, 2015 WL 10374104, at *2 (N.D. Cal. 2015) ("videoconference software permits participants to quickly and conveniently share documents and images with each other").

Meta points out that the FTC has in two previous matters accommodated Meta's executives by providing hard copy documents in advance – i.e., during the FTC's pre-Complaint investigation and in the FTC's current litigation seeking a preliminary injunction to prevent Meta's acquisition of a virtual reality company ("*Meta/Within*").  Neither instance is apposite.  Investigational hearings during the FTC's pre-Complaint investigation of Meta took place during the summer of 2020 when FTC counsel was still exploring potential solutions for remote testimony.  Additionally, both previous matters involved substantially fewer former or current employees of Meta (18 in the investigation and approximately a dozen in *Meta/Within*).  In this matter, the FTC has already noticed the depositions of nearly 50 current or former Meta employees, and the FTC anticipates conducting over 100 depositions in the next six months.  Given this large number of depositions, the FTC anticipates that its attorneys will, in many instances, be preparing and narrowing potential deposition exhibits up until shortly before the deposition begins.  Requiring the FTC to submit potential deposition exhibits to a vendor for printing two business days in advance of the deposition will burden the FTC and result in printing paper copies of many excess documents that are likely to go unused.

Dated: December 8, 2022	Respectfully submitted,

By: */s/* Daniel Matheson
Daniel Matheson (D.C. Bar 502490)
Krisha Cerilli (D.C. Bar 983281)
Maria DiMoscato (D.C. Bar 489743)
Patricia Galvan
Owen Masters (D.C. Bar 242139)
Susan Musser (D.C. Bar 1531486)
Jessica Moy
Nathan Brenner
Rebecca Weinstein

Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

4