IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>      Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>      Defendant. | Case No. 1:20-cv-03590-JEB |

**META PLATFORMS, INC.'S STATEMENT
WITH RESPECT TO THE PENDING DISCOVERY ISSUE**

**I.      The FTC Should Provide Hard Copy Exhibits for Depositions of Current and Former Meta Employees.**

The parties agree that most depositions of current and former Meta employees should be conducted remotely via Zoom or similar technology. Meta has requested that the FTC provide its witnesses with hard copies of exhibits the FTC plans to use at the remote depositions. Under Meta's proposal (attached as Exhibit A), the FTC would email the exhibits to a document vendor 48 hours before the deposition. The vendor would print the exhibits and provide them to the witness in a sealed envelope. The witness would open the sealed envelope on the record when instructed to do so by the FTC. Meta would arrange and pay for the vendor.

This is essentially the proposal the FTC agreed to in *Within*, the FTC's other pending case against Meta. It is also similar to the agreed procedure in the FTC's investigation preceding this case. The protocol from *Within* is attached as Exhibit B. The FTC has refused to agree to the same protocol here. Instead, the FTC insists that it be allowed to only display the exhibits electronically on the screen during the deposition. Meta respectfully requests that the Court order the FTC to follow the procedure it agreed to in the *Within* case.

**1.** It is particularly necessary in this case that the FTC provide the witnesses with hardcopy exhibits. This is a document heavy case; the FTC has stated that it plans to prove its case through Meta's internal documents. *See* Hr'g Tr. at 16, ECF No. 109. The FTC's long delay in bringing this lawsuit means that many of the relevant documents are more than a decade old. In these circumstances, it is critical that the witnesses have a full and fair opportunity to review exhibits in their entirety to see the full context for the questioning. As a practical matter, physical documents are much easier to review than electronic documents. Providing the convenience of hardcopy documents will protect the witness from misleading questioning based on snippets and ensure the fairness of the remote depositions.

**2.** Electronic exhibits are not an adequate substitute for physical hard copies. It can be difficult to browse the entirety of the document quickly and efficiently in order to understand its full context, as well as difficult to flip between two different parts of the document – particularly if the document is long. Moreover, the FTC has proposed providing the exhibits to the witness through an (unidentified) software program. Such electronic platforms can be "glitchy" and slow to load. Such difficulties frequently lead to delays, confusion, and frustration of the witness and counsel.

**3.** The FTC has agreed to this same protocol in the *Within* case, which worked smoothly. The FTC has given no good reason why it cannot follow the same procedure here.

This process will impose almost no burden on the FTC. The FTC claims burden because it seeks many depositions. But the burden for each deposition is minor. The FTC merely needs to email the documents it plans to use to the vendor. These are documents the FTC by definition will have identified and collected in preparation for the deposition. Sending one email attaching the documents is hardly a burden.

The FTC suggests that it might decide to use additional exhibits after it has emailed the vendor. But that is no excuse not to email the vendor those documents that it knows it wants to use. If, after submitting the exhibits, the FTC in good faith identifies additional documents, then it can send an electronic copy defending counsel can print during the deposition and the FTC may also display those documents electronically. Those should be the exception, not the rule.

This process will provide no unfair advantage to Meta. No one will review the documents in advance. They will be sealed in an envelope that the witness will open live on Zoom.

Courts have ordered the use of hardcopy documents under similar circumstances. For

example, in *In re Broiler Chicken Antitrust Litigation*, the court ordered the deposing party to deliver hard copy exhibits to the witness and/or the witness's attorney for use at a remote deposition. *See* 2020 WL 3469166, at *11 (N.D. Ill. June 25, 2020); *see also Kaseberg v. Conaco, LLC*, 2016 WL 8729927, at *6 (S.D. Cal. Aug. 19, 2016) (deposing counsel must provide witness's counsel with a copy of all exhibits for use at remote deposition at least 24 hours in advance); *Chabot v. Walgreens Boots All., Inc.*, 2021 WL 949443, at *4 (M.D. Pa. Mar. 12, 2021) (similar). The Court should follow these decisions.

For all these reasons, Meta respectfully requests that the Court order the FTC to comply with the attached protocol, modeled on the *Within* matter.

## II. The Format of Depositions Should Be Based on the Preference of the Witness or, in the Alternative, Should Be Worked out Between the Parties

Meta respectfully requests that the Court also order that the witness's preference should control whether a deposition occurs in person or remotely. The FTC insists that it retain the discretion to force witnesses to appear in person for deposition. This is unfair under the circumstances. In the ongoing pandemic, some of Meta's witnesses do not wish to participate in in-person depositions. They should be given the option of a remote deposition and the FTC should not be granted the unilateral power to force them to appear in person. In the alternative, Meta suggests that the Court order that remote depositions will be the default rule, and that the parties should meet and confer over any disputes about whether particular depositions should be in person. If there are any disputes, the Court can resolve them. *See, e.g., Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571 (S.D.N.Y. 2020); *Broiler Chicken*, 2020 WL 3469166; *Kaseberg, LLC*, 2016 WL 8729927.

<table>
<tr><td>Dated: December 8, 2022</td><td>Respectfully submitted,</td></tr>
</table>

/s/ *Kevin B. Huff*
Mark C. Hansen (D.C. Bar No. 425930)
Kevin B. Huff (D.C. Bar No. 462043)
Silvija A. Strikis (D.C. Bar No. 470805)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
mhansen@kellogghansen.com
khuff@kellogghansen.com
sstrikis@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

  /s/ *Kevin B. Huff*
Kevin B. Huff (D.C. Bar No. 462043)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
khuff@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*