Exhibit 2

Meta's First Set of Interrogatories to the FTC

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 1:20-cv-03590-JEB |

**META PLATFORMS, INC.'S FIRST SET OF INTERROGATORIES
TO THE FEDERAL TRADE COMMISSION**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Meta Platforms, Inc., requests that the Federal Trade Commission serve a written response to this First Set of Interrogatories. The requested answers must be provided within thirty (30) days after service of these interrogatories or at such other time as may be directed by the Court or agreed to by the parties. Plaintiff shall answer the following interrogatories separately and fully in writing, under oath, and serve the answers at the offices of Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C., located at 1615 M Street, N.W., Suite 400, Washington, D.C. 20036.

**DEFINITIONS**

1.      "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

2.      "Amended Complaint" means the Substitute Amended Complaint for Injunctive and Other Equitable Relief filed in this Action by Plaintiff, the Federal Trade Commission on September 8, 2021.

3.      "Communication" means the transmittal of information or request for information, including, but not limited to, any written contact between two or more people by such means as letters, memoranda, facsimile transmissions, and emails, and oral contact between two or more people by such means as face-to-face meetings and telephone conversations.

4.      "Complaint" means the Complaint filed in this Action by Plaintiff, the Federal Trade Commission on December 9, 2020.

5.      "Date" means the exact day, month, and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters.

6.      "Document" or "Documents" means all documents or electronically stored information as defined in Federal Rule of Civil Procedure 34(a).

7.      "Electronically-Stored Information" or "ESI" means all Documents that are stored in any electronic medium from which information can be obtained, including source code.

8.      "Facebook," unless the context requires otherwise, means the application and website offered by Meta that is sometimes referenced internally at Meta as "Facebook Blue," and described in the Amended Complaint as "Facebook Blue."

9.      "Instagram" means Instagram, LLC and all Persons or entities acting or that have acted on its behalf, including, but not limited to, divisions, subsidiaries, holding companies, parents, successors, predecessors, Instagram, Inc., and any other related entity.

10.      "Meta" means Meta Platforms, Inc., and all Persons or entities acting or that have acted on its behalf, including, but not limited to, divisions, subsidiaries, holding companies, parents, successors, predecessors, Facebook, Inc., Instagram, WhatsApp, and any other related entity.

11.     "Person" means any person and includes natural persons, corporations, firms, partnerships, proprietorships, associations, joint ventures, State, Territory, government agencies or entities, and other enterprises or legal entities.

12.     "Pre-Complaint Investigation" means the Federal Trade Commission's investigation conducted in 2019 and 2020 into whether Meta engaged or is engaging in a violation or violations of antitrust laws that was initially disclosed to Meta in 2019, including, but not limited to, the investigation or file referred to as FTC File No. 191-0134, and any pre-investigative activity, review, inquiry, information gathering, or collection of Documents You engaged in, in relation to Meta's conduct that occurred prior to the commencement of any formal or informal investigation or inquiry in 2019.

13.     "Prior Instagram Investigation" means the Federal Trade Commission's investigation to determine whether the proposed acquisition of Instagram by Meta may violate federal antitrust laws that culminated on August 22, 2012, including, but not limited to, the investigation or file referred to as FTC File No. 121-0121, and any pre-investigative activity, review, inquiry, information gathering, or collection of Documents You engaged in, in relation to Meta's proposed acquisition of Instagram that occurred prior to the commencement of any formal or informal investigation or inquiry in 2012.

14.     "Prior WhatsApp Review" means the Federal Trade Commission's review in 2014 of Meta's acquisition of WhatsApp that was reported under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, 16 C.F.R. §§ 801-803, including, but not limited to, any investigation, activity, review, inquiry, information gathering, or collection of Documents You engaged in, in relation to Meta's proposed acquisition of WhatsApp that occurred prior to the commencement of any formal or informal review in 2014.

15.     "Product" means any product, application, software, technology, or service offered by a company, including, but not limited to, any product, software, technology, or service that are no longer offered to users today.  This definition of Product includes, but is not limited to, any product, application, software, technology, or service offered by Meta, Facebook, Instagram, WhatsApp, or any other company.

16.     "Relating to" or "in relation to" means concerning, constituting, regarding, referring to, describing, discussing, embodying, evidencing, memorializing, mentioning, recording, studying, analyzing, reflecting, pertaining to, supporting, refuting, responsive to, or with respect to.

17.     "You" or "Your" or "Federal Trade Commission" refers to Plaintiff, United States Federal Trade Commission, including, but not limited to, any components, agents, representatives, consultants, contractors, employees, attorneys, economists, experts, and any other Person(s) acting or purporting to act with or on its behalf.

18.     "WhatsApp" means WhatsApp LLC and all Persons or entities acting or that have acted on its behalf, including, but not limited to, divisions, subsidiaries, holding companies, parents, successors, predecessors, and any other related entity.

19.     The definitions set forth above shall apply to all interrogatories.

## **GENERAL INSTRUCTIONS**

1.     The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of these interrogatories any information that would otherwise not be brought within their scope.

2.      The singular forms shall include the plural and vice versa wherever such dual construction will serve to bring within the scope of these interrogatories any information that would otherwise not be brought within their scope.

3.      The words "any," "each," and "every" shall be construed to mean individually and collectively wherever such dual construction will serve to bring within the scope of these interrogatories any information that would otherwise not be brought within their scope.

4.      The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope of a topic all information that might otherwise be construed to be outside of its scope.

5.      These interrogatories call for all information (including any information contained in or on any Document or writing) that is known or available to You or any other Person acting under Your behalf or under Your direction or control.

6.      Pursuant to Federal Rule of Civil Procedure 33(d), if an answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Your business records (including Electronically-Stored Information), specify, in Your response to the interrogatory, the records that must be reviewed by Bates number or other means sufficient to enable Facebook to locate and identify the records as readily as You could.

7.      Each interrogatory, including subparts, is to be answered by You separately, completely, and fully, under oath.  If You object to any part of an interrogatory, set forth the basis for Your objection and respond to all parts of the interrogatory to which You do not object. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.  All objections must be made with

particularity and must set forth all the information upon which You intend to rely in response to any motion to compel.

8.      All objections must state with particularity whether, and in what manner, the objection is being relied upon as a basis for limiting the response.  If You are withholding responsive information pursuant to any general objection, You should so expressly indicate.  If, in responding to any interrogatory, You claim any ambiguity in interpreting either the interrogatory or a definition or instruction applicable thereto, You shall set forth as part of Your response the language deemed to be ambiguous and the interpretation used in responding to the interrogatory, and shall respond to the interrogatory as You interpret it.

9.      If You cannot answer all or part of any interrogatory after exercising due diligence to secure the full information to do so, so state and answer to the fullest extent possible, specifying Your inability to answer the remainder.  State whatever information or knowledge You have concerning the unanswered portion, and detail what You did in attempting to secure the unknown information.

10.     Except as modified by the Scheduling Order between the parties, if information or a Document is withheld under claim of privilege, including, but not limited to, attorney-client privilege and or work product doctrine: (1) identify the date, the author, and all recipients of the Document or information; (2) describe the form of the Document, Communication, or information (e.g., whether it is a letter, memorandum, email, conversation, etc.); (3) describe generally the content of the Document or information withheld; (4) state the specific privilege upon which you rely and the specific basis for asserting such privilege; and (5) identify the interrogatory to which the allegedly privileged information is responsive.

11.     Each interrogatory shall be construed independently and, therefore, no interrogatory shall be construed to limit any other interrogatory.

12.     For each interrogatory requesting that You "state" or "explain" or "identify" or "specify" the basis for Your contentions, decisions, assertions, claims, calculations, or answer, Your response shall describe in detail the basis for Your contentions, assertions, claims, decisions, calculations, or answer and include (and specifically identify) any related facts, witnesses (name, title, address, and phone number), and Documents (Bates number), including any studies, analyses, models, or other Documents that You considered or relied upon as a basis for each contention, decision, assertion, claim, calculation, or answer.

13.     For each interrogatory requesting that You identify an action, event, occurrence, meeting, or Communication, separately state for each responsive action, event, occurrence, meeting, or Communication the Persons involved in the action, event, occurrence, meeting, or Communication, their position and employer (or other relevant affiliation), the date of the action, event, occurrence, meeting, or Communication, the medium of the action, event, occurrence, meeting, or Communication (e.g., phone, in-person, email, letter, twitter, press conference, etc.), and identify all Documents (by Bates number) memorializing or constituting the action, event, occurrence, meeting, or Communication, and a description of the facts conveyed in the action, event, occurrence, meeting, or Communication to the extent they are not memorialized in a Document produced in this Action.  If such Documents or information are withheld on the basis of a privilege, provide all information required for a privilege log, as described in these instructions.

14.     For each interrogatory requesting that you identify a Person, (i) state the full name; (ii) state the present or last known business address, and, in the case of a natural person,

residence address; (iii) state the present or last known business telephone number, and, in the case of a natural person, residence telephone number and email address; and (iv) state the Person's present or last known position, employer, and primary line of business.

15.    Unless otherwise stated, the relevant time period for all interrogatories is from January 1, 2011 to the present.

16.    These interrogatories are continuing in nature.  If further information, evidence, or documentation comes into Your possession, custody, or control or is brought to the attention of You or Your attorneys or agents at any time subsequent to the service of any responses, prompt and complete supplementation of the responses to these interrogatories is required pursuant to the Federal Rules of Civil Procedure.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all Persons You communicated with relating to Your Prior Instagram Investigation, Prior WhatsApp Review, Pre-Complaint Investigation, or any allegation in the Complaint or Amended Complaint.

**INTERROGATORY NO. 2:**

Identify all Communications between You and any other Person relating to the Prior Instagram Investigation, Prior WhatsApp Review, Pre-Complaint Investigation, or any allegation in the Complaint or Amended Complaint.

**INTERROGATORY NO. 3:**

Identify all Products that have offered "personal social networking services" in the United States (*see* Amended Complaint ¶ 164), and the time periods during which those Products offered personal social networking services.

**INTERROGATORY NO. 4:**

State the basis for Your decision to permit Meta's acquisition of Instagram to proceed in 2012 without challenging the transaction in an administrative proceeding or in federal court. *See* Fed. Trade Comm'n*, FTC Closes Its Investigation Into Facebook's Proposed Acquisition of Instagram Photo Sharing Program* (Aug. 22, 2012), https://www.ftc.gov/news-events/news/press-releases/2012/08/ftc-closes-its-investigation-facebooks-proposed-acquisition-instagram-photo-sharing-program.[1]

**INTERROGATORY NO. 5:**

State the basis for Your decision to permit Meta's acquisition of WhatsApp to proceed in 2014 without challenging the transaction in an administrative proceeding or in federal court.

**INTERROGATORY NO. 6:**

State whether You decided in 2012 that Meta's acquisition of Instagram would or would not violate Section 7 of the Clayton Act, 15 U.S.C. § 18, or that the effect of the acquisition may be substantially to lessen competition, and state the basis for Your decision.

**INTERROGATORY NO. 7:**

State whether You decided in 2014 that Meta's acquisition of WhatsApp would or would not violate Section 7 of the Clayton Act, 15 U.S.C. § 18, or that the effect of the acquisition may be substantially to lessen competition, and state the basis for Your decision.

---

[1] Your response to this interrogatory, and other interrogatories asking that You state the basis for Your contentions or decisions, must include the information described in Instruction No. 12, above.

**INTERROGATORY NO. 8:**

Identify all Persons employed by or affiliated with You (including employees, attorneys, economists, representatives, experts, agents, consultants, and contractors) who participated in Your Prior Instagram Investigation, and for each such Person, indicate whether he or she is still employed by or affiliated with You or acting on Your behalf.

**INTERROGATORY NO. 9:**

Identify all Persons employed by or affiliated with You (including employees, attorneys, economists, representatives, experts, agents, consultants, and contractors) who participated in Your Prior WhatsApp Review, and for each such Person, indicate whether he or she is still employed by or affiliated with You or acting on Your behalf.

**INTERROGATORY NO. 10:**

For each feature or activity available to users on Facebook, Instagram, WhatsApp, or Facebook Messenger, specify whether the feature or activity is or is not within the definition of "personal social networking" (*see* Amended Complaint ¶ 164).

**INTERROGATORY NO. 11:**

For each Product identified by You in response to Interrogatory No. 3, provide the total number of minutes spent by users on personal social network features or activities on that Product for each year from 2011 to the present (*see* Amended Complaint ¶ 202).

**INTERROGATORY NO. 12:**

State whether a user is engaging in personal social networking services when that user is not utilizing each of the "[t]hree key elements" of personal social networking (*see* Amended Complaint ¶¶ 166-169), and state the basis for your answer.

Dated: March 30, 2022                      Respectfully submitted,


                                           */s/ Mark C. Hansen*
                                           Mark C. Hansen (D.C. Bar No. 425930)
                                           KELLOGG, HANSEN, TODD,
                                             FIGEL & FREDERICK, P.L.L.C.
                                           1615 M Street, N.W., Suite 400
                                           Washington, D.C. 20036
                                           Tel: (202) 326-7900
                                           mhansen@kellogghansen.com

                                           *Counsel for Defendant Meta Platforms, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 30, 2022, I caused true and correct copies of the foregoing

FIRST SET OF INTERROGATORIES to be served via electronic mail on counsel listed below:

Daniel Matheson
Owen Masters
Michael Smith
Krisha Cerilli
Robert Zuver
Maggie DiMoscato
Sunila Steephen
Dominique Wilson
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, D.C. 20580
Tel: 202-326-2075
dmatheson@ftc.gov
omasters@ftc.gov
msmith9@ftc.gov
kcerilli@ftc.gov
rzuver@ftc.gov
mdimoscato@ftc.gov
ssteephen@ftc.gov
dwilson1@ftc.gov

*/s/ Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
KELLOGG, HANSEN, TODD,
   FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*