Exhibit 3

Meta's Second Set of Interrogatories to the FTC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 1:20-cv-03590-JEB |

## META PLATFORMS, INC.'S SECOND SET OF INTERROGATORIES
## TO THE FEDERAL TRADE COMMISSION

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Meta Platforms, Inc., requests that the Federal Trade Commission serve a written response to this Second Set of Interrogatories. The requested answers must be provided within thirty (30) days after service of these interrogatories or at such other time as may be directed by the Court or agreed to by the parties. Plaintiff shall answer the following interrogatories separately and fully in writing, under oath, and serve the answers at the offices of Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C., located at 1615 M Street, N.W., Suite 400, Washington, D.C. 20036.

### DEFINITIONS

1.      "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

2.      "Amended Complaint" means the Substitute Amended Complaint for Injunctive and Other Equitable Relief filed in this Action by Plaintiff, the Federal Trade Commission on September 8, 2021.

3.      "Communication" means the transmittal of information or request for information, including, but not limited to, any written contact between two or more people by such means as letters, memoranda, facsimile transmissions, and emails, and oral contact between two or more people by such means as face-to-face meetings and telephone conversations.

4.      "Complaint" means the Complaint filed in this Action by Plaintiff, the Federal Trade Commission on December 9, 2020.

5.      "Date" means the exact day, month, and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters.

6.      "Document" or "Documents" means all documents or Electronically Stored Information as defined in Federal Rule of Civil Procedure 34(a).

7.      "Electronically-Stored Information" or "ESI" means all Documents that are stored in any electronic medium from which information can be obtained, including source code.

8.      "Facebook," unless the context requires otherwise, means the application and website offered by Meta that is sometimes referenced internally at Meta as "Facebook Blue," and described in the Amended Complaint as "Facebook Blue."

9.      "Feature or Activity Response" means the FTC's September 12, 2022 Response to Meta's August 22, 2022 List of Features or Activities for Classification.

10.      "Instagram" means Instagram, LLC and all Persons or entities acting or that have acted on its behalf, including, but not limited to, divisions, subsidiaries, holding companies, parents, successors, predecessors, Instagram, Inc., and any other related entity.

11.      "Meta" means Meta Platforms, Inc., and all Persons or entities acting or that have acted on its behalf, including, but not limited to, divisions, subsidiaries, holding companies,

parents, successors, predecessors, Facebook, Inc., Instagram, WhatsApp, and any other related entity.

12.     "Person" means any person and includes natural persons, corporations, firms, partnerships, proprietorships, associations, joint ventures, State, Territory, government agencies or entities, and other enterprises or legal entities.

13.     "Product" means any product, application, software, technology, or service offered by a company, including, but not limited to, any product, software, technology, or service that is no longer offered to users today.  This definition of Product includes, but is not limited to, any product, application, software, technology, or service offered by Meta, Facebook, Instagram, WhatsApp, or any other company.

14.     "Relating to" or "in relation to" means concerning, constituting, regarding, referring to, describing, discussing, embodying, evidencing, memorializing, mentioning, recording, studying, analyzing, reflecting, pertaining to, supporting, refuting, responsive to, or with respect to.

15.     "User" means a hypothetical regular person that can or could access or engage in the listed features or activities on a product or service.

16.     "You" or "Your" or "Federal Trade Commission" refers to Plaintiff, United States Federal Trade Commission, including, but not limited to, any components, agents, representatives, consultants, contractors, employees, attorneys, economists, experts, and any other Person(s) acting or purporting to act with or on its behalf.

17.     "WhatsApp" means WhatsApp LLC and all Persons or entities acting or that have acted on its behalf, including, but not limited to, divisions, subsidiaries, holding companies, parents, successors, predecessors, and any other related entity.

18.     The definitions set forth above shall apply to all interrogatories.

## GENERAL INSTRUCTIONS

1.      The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of these interrogatories any information that would otherwise not be brought within their scope.

2.      The singular forms shall include the plural and vice versa wherever such dual construction will serve to bring within the scope of these interrogatories any information that would otherwise not be brought within their scope.

3.      The words "any," "each," and "every" shall be construed to mean individually and collectively wherever such dual construction will serve to bring within the scope of these interrogatories any information that would otherwise not be brought within their scope.

4.      The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope of these interrogatories any information that might otherwise be construed to be outside of its scope.

5.      These interrogatories call for all information (including any information contained in or on any Document or writing) that is known or available to You or any other Person acting under Your behalf or under Your direction or control.

6.      Pursuant to Federal Rule of Civil Procedure 33(d), if an answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Your business records (including Electronically-Stored Information), specify, in Your response to the interrogatory, the records that must be reviewed by Bates number or other means sufficient to enable Meta to locate and identify the records as readily as You could.

7.      Each interrogatory, including subparts, is to be answered by You separately, completely, and fully, under oath.  If You object to any part of an interrogatory, set forth the basis for Your objection and respond to all parts of the interrogatory to which You do not object.  Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.  All objections must be made with particularity and must set forth all the information upon which You intend to rely in response to any motion to compel.

8.      All objections must state with particularity whether, and in what manner, the objection is being relied upon as a basis for limiting the response.  If You are withholding responsive information pursuant to any general objection, You should so expressly indicate.  If, in responding to any interrogatory, You claim any ambiguity in interpreting either the interrogatory or a definition or instruction applicable thereto, You shall set forth as part of Your response the language deemed to be ambiguous and the interpretation used in responding to the interrogatory, and shall respond to the interrogatory as You interpret it.

9.      If You cannot answer all or part of any interrogatory after exercising due diligence to secure the full information to do so, so state and answer to the fullest extent possible, specifying Your inability to answer the remainder.  State whatever information or knowledge You have concerning the unanswered portion, and detail what You did in attempting to secure the unknown information.

10.      Except as modified by the Scheduling Order between the parties, if information or a Document is withheld under claim of privilege, including, but not limited to, attorney-client privilege and or work product doctrine: (1) identify the date, the author, and all recipients of the Document or information; (2) describe the form of the Document, Communication, or

5

information (e.g., whether it is a letter, memorandum, email, conversation, etc.); (3) describe generally the content of the Document or information withheld; (4) state the specific privilege upon which You rely and the specific basis for asserting such privilege; and (5) identify the interrogatory to which the allegedly privileged information is responsive.

11.     Each interrogatory shall be construed independently and, therefore, no interrogatory shall be construed to limit any other interrogatory.

12.     For each interrogatory requesting that You "state" or "explain" or "identify" or "specify" the basis for Your contentions, decisions, assertions, claims, calculations, position, answer, or classification, Your response shall describe in detail the basis for Your contentions, assertions, claims, decisions, calculations, position, answer, or classification and include (and specifically identify) any related facts, witnesses (name, title, address, and phone number), and Documents (Bates number), including any studies, analyses, models, or other Documents that You considered or relied upon as a basis for each contention, decision, assertion, claim, calculation, position, answer, or classification.

13.     For each interrogatory requesting that You identify an action, event, occurrence, meeting, or Communication, separately state for each responsive action, event, occurrence, meeting, or Communication the Persons involved in the action, event, occurrence, meeting, or Communication, their position and employer (or other relevant affiliation), the date of the action, event, occurrence, meeting, or Communication, the medium of the action, event, occurrence, meeting, or Communication (e.g., phone, in-person, email, letter, twitter, press conference, etc.), and identify all Documents (by Bates number) memorializing or constituting the action, event, occurrence, meeting, or Communication, and a description of the facts conveyed in the action, event, occurrence, meeting, or Communication to the extent they are not memorialized in a

Document produced in this Action.  If such Documents or information are withheld on the basis of a privilege, provide all information required for a privilege log, as described in these instructions.

14.     For each interrogatory requesting that You identify a Person, (i) state the full name; (ii) state the present or last known business address, and, in the case of a natural person, residence address; (iii) state the present or last known business telephone number, and, in the case of a natural person, residence telephone number and email address; and (iv) state the Person's present or last known position, employer, and primary line of business.

15.     Unless otherwise stated, the relevant time period for all interrogatories is from January 1, 2011 to the present.

16.     These interrogatories are continuing in nature.  If further information, evidence, or documentation comes into Your possession, custody, or control or is brought to the attention of You or Your attorneys or agents at any time subsequent to the service of any responses, prompt and complete supplementation of the responses to these interrogatories is required pursuant to the Federal Rules of Civil Procedure.

## INTERROGATORIES

### INTERROGATORY NO. 13:

For each feature or activity that You include within the definition of "personal social networking" in Your Feature or Activity Response such that time spent on the feature or activity counts as time spent using a "personal social networking service," state whether use of that feature or activity or similar feature or activity counts as time spent using a "personal social networking

service" when the feature or activity is used or performed on Snapchat, Google+, MeWe, Path, Friendster, Myspace, or Orkut, and explain why or why not.

**INTERROGATORY NO. 14:**

For each feature or activity that You include within the definition of "personal social networking" in Your Feature or Activity Response such that time spent on the feature or activity counts as time spent using a "personal social networking service," state whether use of that feature or activity or similar feature or activity counts as time spent using a "personal social networking service" when the feature or activity is used or performed on Strava, LinkedIn, iMessage, Twitter, Reddit, Pinterest, YouTube, Spotify, Nextdoor, Netflix, Hulu, or TikTok, and explain why or why not.

**INTERROGATORY NO. 15:**

Identify each industry participant, including any companies identified in the FTC's initial disclosures, that has recognized a distinct market for personal social networking services, as defined by the FTC and consisting of the specific entities the FTC has identified as providers of personal social networking services, in ordinary course business documents or otherwise.

Dated: October 17, 2022                    Respectfully submitted,

*/s/ Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
KELLOGG, HANSEN, TODD,
    FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2022, I caused true and correct copies of the

foregoing SECOND SET OF INTERROGATORIES to be served via electronic mail on counsel

listed below:

Daniel Matheson
Owen Masters
Michael Smith
Krisha Cerilli
Robert Zuver
Maggie DiMoscato
Sunila Steephen
Dominique Wilson
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, D.C. 20580
Tel: 202-326-2075
dmatheson@ftc.gov
omasters@ftc.gov
msmith9@ftc.gov
kcerilli@ftc.gov
rzuver@ftc.gov
mdimoscato@ftc.gov
ssteephen@ftc.gov
dwilson1@ftc.gov

*/s/ Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*