**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FEDERAL TRADE COMMISSION,

        Plaintiff,

        v.

META PLATFORMS, INC.,

        Defendant.

Case No. 1:20-cv-03590-JEB

**META PLATFORMS, INC.'S STATEMENT
CONCERNING NONPARTY DISPUTES**

Pursuant to the Court's December 19, 2022 Minute Order and guidance at the January 5, 2023 hearing, Meta sets forth an overview of the status of negotiations with nonparties. Meta has made substantial progress in its negotiations with many nonparties since this hearing was set, and as a result does not have any disputes ripe for Court intervention on January 26, 2023. However, Meta is continuing to actively pursue discovery and may need to seek relief from the Court if a nonparty's production is deficient or tardy, or if certain nonparties refuse to conduct reasonable searches.

In an effort to defend itself against the FTC's sweeping antitrust case that alleges that Meta has been a monopolist in a "Personal Social Networking Services" (PSNS) market for over a decade, Meta is conducting extensive nonparty discovery. Meta has issued 142 document subpoenas to nonparties, and is continuing to issue document subpoenas to other nonparties as discovery progresses. Many of these nonparties are fierce competitors of Facebook and Instagram that the FTC excludes from its PSNS market; others include venture capital firms and providers of market intelligence and cloud computing services that possess information relevant to Meta's defenses.

Meta served close to one hundred subpoenas in February 2022 (at the beginning of fact discovery, months before the FTC issued its first handful of subpoenas), and has been pursuing discovery with urgency, exchanging thousands of communications and engaging in good-faith negotiations in an effort to obtain compliance. Over 100 nonparties have produced documents in response to Meta's subpoenas, with production sizes ranging up to over 100,000 documents. Many of those nonparties have completed their productions. Meta is currently reviewing the sufficiency of productions it has received and expects to have follow-up inquiries for certain nonparties. By way of example, Meta has raised questions about TikTok's custodial production

1

– including about the files that TikTok searched and the absence of certain documents – which TikTok has agreed to address.  If nonparties do not promptly cure any deficiencies in their productions, Meta may need to seek judicial intervention.

A small subset of nonparties have not completed productions yet, but have committed to substantially complete productions in the near future.  Those nonparties include, among others, Alphabet, Apple, Baby Penguin, Bessemer, Charter Communications, Dailymotion, Lumen, Nextdoor, Pinterest, Sgrouples, and Snap.  If those nonparties do not meet their substantial completion deadlines or if their productions are deficient, Meta will likely need to seek judicial intervention.

Additionally, Meta recently reached an agreement with Amazon regarding aspects of its production.  Amazon competes with Meta's services for both users and advertisers.  As one of the largest providers of commercially available cloud computing services, Amazon also has information relevant to Meta's defense that one of the procompetitive benefits of its acquisitions of Instagram and WhatsApp is those apps' use of Meta's proprietary infrastructure.  Indeed, the FTC has sought information from Amazon and other cloud computing services providers, has requested documents from Meta on its "use of third parties for infrastructure," ECF No. 178 at 4, and has already taken deposition testimony about the quality of Amazon's services.  Meta's subpoena seeks information from Amazon on its cloud infrastructure and on competition with Meta.  Two days before this filing, Amazon made firm commitments to produce specific materials concerning its cloud computing services and to cooperate with Meta's requests concerning competition for users and advertisers.  In reliance on these commitments, Meta is not raising a dispute with Amazon, but it reserves the right to do so should Amazon not live up to its commitments.

Meta is actively negotiating the scope of search terms and custodians with a handful of nonparties.  Those nonparties include Paramount and PicsArt.  Paramount has proposed conducting custodial searches relating to Paramount+, and Meta and Paramount are negotiating search parameters.  Meta and PicsArt are negotiating the scope of potential custodial searches, including relevant custodians and search terms.  Although there are no disputes ripe for Court intervention, if Meta reaches impasse with either of these nonparties, it will promptly seek judicial intervention.

Finally, Meta may seek relief relating to a potential dispute with Hearst in the near future. On January 19, 2023, Meta made a final proposal to Hearst on the scope of custodial searches Hearst should conduct.  If Hearst does not promptly accept that proposal or propose a reasonable alternative, Meta will need to seek judicial intervention.

Dated:  January 20, 2023                                    Respectfully submitted,

                                                 */s/ Mark C. Hansen*
                                                 Mark C. Hansen (D.C. Bar No. 425930)
                                                 Geoffrey M. Klineberg (D.C. Bar No. 444503)
                                                 Kevin J. Miller (D.C. Bar No. 478154)
                                                 Kenneth M. Fetterman (D.C. Bar No. 474220)
                                                 Andrew E. Goldsmith (D.C. Bar No.
                                                   1007074)
                                                 Kevin D. Horvitz (D.C. Bar No. 1521032)
                                                 Alex P. Treiger (D.C. Bar No. 1670925)
                                                 KELLOGG, HANSEN, TODD,
                                                   FIGEL & FREDERICK, P.L.L.C.
                                                 1615 M Street, N.W., Suite 400
                                                 Washington, D.C. 20036
                                                 (202) 326-7900
                                                 mhansen@kelloghansen.com
                                                 gklineberg@kelloghansen.com
                                                 kmiller@kelloghansen.com
                                                 kfetterman@kelloghansen.com

agoldsmith@kellogghansen.com
khorvitz@kellogghansen.com
atreiger@kellogghansen.com

James P. Rouhandeh (D.D.C. Bar No.
   NY0390)
Michael Scheinkman (D.D.C. Bar No.
   NY0381)
Davis Polk & Wardwell LLP
450 Lexington Ave.
New York, New York 10017
Tel: (212) 450-4754
james.rouhandeh@davispolk.com
michael.scheinkman@davispolk.com

Sonal N. Mehta (CA SBN 222086)
Wilmer Cutler Pickering Hale & Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: (650) 858-6000
Sonal.Mehta@wilmerhale.com

David Z. Gringer (D.C. Bar No. 1001200)
Wilmer Cutler Pickering Hale & Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8800
David.gringer@wilmerhale.com

*Counsel for Defendant Meta Platforms, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

 /s/ *Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com
*Counsel for Defendant Meta Platforms, Inc.*