IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 1:20-cv-03590-JEB |

**META PLATFORMS, INC.'S STATEMENT
<u>CONCERNING NONPARTY DISPUTES</u>**

Pursuant to the Court's February 17, 2023 Minute Order and guidance at the February 9, 2023 hearing, Meta requests the Court's resolution of a dispute with nonparty The New York Times. Meta also requests that the Court issue a generally applicable order that, by no later than March 10, 2023, any nonparty that Meta served with a deposition subpoena before February 21, 2023 either confirm its availability on the noticed date or propose a reasonable alternative. Finally, Meta continues to actively pursue discovery from other nonparties and may need the Court's assistance in the near future if certain nonparties fail to produce promised documents, but as of today no additional disputes are ripe.

*Current Dispute*. At this time, Meta has a ripe dispute concerning Meta's document subpoena to The New York Times. The dispute is described briefly here and in more detail in the accompanying three-page memoranda filed at ECF No. 246. The New York Times has repeatedly acknowledged that it "compete[s] for audience, subscribers, and advertising" with Meta and other companies the FTC excludes from its market definition, including Apple, Alphabet, and Twitter. The New York Times Co., Annual Report at 5 (Form 10-K) (Feb. 28, 2023). Yet it is refusing to produce what it describes as eleven "highly sensitive, strategic company documents concerning competition with Meta," because they purportedly contain sensitive business information. These documents, which appear to directly undermine the FTC's market definition, are central to Meta's defenses, and the Court has repeatedly rejected similar arguments raised by nonparties in light of the robust protective order governing this case. *See* 10/31/22 Status Conf. Tr. 3:21-4:4, 13:6-15 (overruling Snap's confidentiality objection because "the protective order is sufficiently protective"); 10/13/22 Status Conf. Tr. 8:19-22; 12:24-13:6 (same with respect to Clubhouse). The Court should do so here too.

*Unscheduled Depositions*. Since December, Meta has issued deposition subpoenas to

nearly 60 nonparty entities or individuals, including 32 subpoenas seeking corporate testimony under Federal Rule of Civil Procedure 30(b)(6) and 27 individual depositions under Rule 30(b)(1).  These nonparties include competitors of Facebook and Instagram that the FTC excludes from the alleged market as well as industry participants that possess information relevant to Meta's defenses.  Despite having received Meta's subpoena more than ten days ago, some nonparties have failed to provide witnesses or dates for the depositions, in violation of the Court's Scheduling Order.  *See* ECF No. 103 at 4 (Mar. 3, 2022) ("Within [10] calendar days of receipt of a deposition notice, the noticed Party or Nonparty must provide . . . if relevant, an alternative date on which witnesses will be made available for testimony.").  Those nonparties include, but are not limited to, Discord, Inc. and a former Discord employee; eBay, Inc.; LinkedIn Corp.; Meetup, Inc.; Spotify, USA Inc.; and Verizon Communications.  Other nonparties have received deposition subpoenas but are still within the ten-day window.

      Meta is continuing to negotiate with these nonparties and is hopeful that each will promptly confirm its availability for the noticed dates or propose a reasonable alternative.  To ensure that they do so, however, Meta requests that the Court order that, by no later than March 10, 2023, any nonparty that Meta served with a deposition subpoena before February 21 confirm its availability on the noticed date or propose a reasonable alternative.

      ***Potential Future Disputes***.  Meta has undertaken significant nonparty document discovery.  To date, Meta has issued 160 document subpoenas to nonparties.  While the vast majority of nonparties have completed their productions, some nonparties have not yet produced documents and data they have committed to produce.  TikTok, for example, has yet to produce consumer usage data and advertising metrics, but has represented the data is forthcoming.  Snap has not yet produced documents or data in response to Meta's subpoena, other than

reproductions of materials it has produced to the FTC, but has committed to substantially complete its production by March 15.  And OfferUp has not yet made a production in response to Meta's subpoena, although it has committed to doing so by March 10.  In reliance on these commitments, Meta is not raising disputes with these nonparties now.  But if they do not follow through on their commitments or if their productions are deficient, Meta will likely need to seek judicial intervention.

Dated: March 3, 2023

Respectfully submitted,

/s/ *Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
Kevin B. Huff (D.C. Bar No. 462043)
Andrew E. Goldsmith (D.C. Bar No. 1007074)
Kevin D. Horvitz (D.C. Bar No. 1521032)
Alex P. Treiger (D.C. Bar No. 1670925)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com
khuff@kellogghansen.com
agoldsmith@kellogghansen.com
khorvitz@kellogghansen.com
atreiger@kellogghansen.com

James P. Rouhandeh (D.C. Bar No. NY0390)
Michael Scheinkman (D.C. Bar No. NY0381)
Davis Polk & Wardwell LLP
450 Lexington Ave.
New York, New York 10017
Tel: (212) 450-4754
james.rouhandeh@davispolk.com
michael.scheinkman@davispolk.com

3

Sonal N. Mehta (CA SBN 222086)
Wilmer Cutler Pickering Hale & Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: (650) 858-6000
sonal.mehta@wilmerhale.com

David Z. Gringer (D.C. Bar No. 1001200)
Wilmer Cutler Pickering Hale & Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8800
david.gringer@wilmerhale.com

*Counsel for Defendant Meta Platforms, Inc.*

4

## CERTIFICATE OF SERVICE

  I hereby certify that on March 3, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

               /s/ *Mark C. Hansen*
               Mark C. Hansen (D.C. Bar No. 1670925)
               KELLOGG, HANSEN, TODD,
                FIGEL & FREDERICK, P.L.L.C.
               1615 M Street, N.W., Suite 400
               Washington, D.C. 20036
               Tel: (202) 326-7900
               mhansen@kellogghansen.com

               *Counsel for Defendant Meta Platforms, Inc.*