IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>      Plaintiff,<br><br>      v.<br><br>META PLATFORMS, INC.,<br><br>      Defendant. | Case No. 1:20-cv-03590-JEB |

**META PLATFORMS, INC.'S MOTION TO COMPEL
THE NEW YORK TIMES COMPANY TO PRODUCE DOCUMENTS**

Meta brings this motion to compel The New York Times Company (the "Times") to produce what it has described as eleven "highly sensitive, strategic company documents concerning competition with Meta." 2/28/2023 Ltr. from the Times to Meta at 1 ("2/28/23 Ltr."). The Times does not claim that it would be burdensome to produce these documents, and by its own description, they are undisputedly relevant. Rather, the Times refuses to produce the documents *because it competes with Meta*. The Court has repeatedly rejected this argument as a basis to withhold documents, and this instance is no different. The Court should order the Times to produce these highly relevant documents, which directly undermine the FTC's market allegations in this case.

1. **Background**. For years, the Times has publicly discussed its competition with Meta's services for its readers' time and attention and advertising dollars. For example, the Times has identified Meta as a key competitor in its last five Annual Reports filed with the SEC, most recently stating that it "compete[s] for audience, subscribers, and advertising" against "customized news feeds, news aggregators and social media products of companies such as Apple, Alphabet, Meta Platforms, and Twitter." Times, Annual Report at 5 (Form 10-K) (Feb. 28, 2023). In response to Meta's subpoena — served nearly a year ago — the Times has made a small production of documents, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████████████████

███████████████████████████████████████

█████████████████████████

But the Times has recently indicated that it is withholding ████████ responsive documents, including memoranda to its "Board of Directors or Executive Committee about company strategy vis-a-vis the large platforms, including Meta, and their products," and other documents that "capture internal company thinking and decisionmaking on the same subject." 2/28/23 Ltr. at 2.  Its sole basis for withholding the documents is that they are purportedly commercially sensitive.  The Times has informed Meta that it objects to the Court resolving this dispute and believes that any motion to compel should be filed in the Southern District of New York.

**2. Meta has a substantial need for the documents**.  The production of confidential, competitively sensitive documents from avowed competitors is the norm in antitrust cases, and for that reason such discovery "is most broadly permitted."  *United States v. IBM Corp.*, 66 F.R.D. 186, 189 (S.D.N.Y. 1974).  Here, there can be no serious dispute that the documents, as described by the Times, are highly relevant to Meta's defense that there is no "industry or public recognition" of the FTC's conjured PSNS market.  *Brown Shoe Co. v. United States*, 370 U.S. 294, 325 (1962).  The FTC has specifically asserted that reading a newspaper article on Facebook Feed or viewing content in Facebook News — or engaging with any other feature on Facebook — is not a substitute to reading a newspaper article in The New York Times.  *See* FTC's Resp. to Meta's List of Features or Activities at 11, 16 (Sept. 12, 2022), ECF No. 243-3 (Feb. 24, 2023).  The "highly sensitive" documents that directly undermine the FTC's position are critical to Meta's defenses and substantially necessary to be

produced under Federal Rule of Civil Procedure 45(c)(3)(i).

**3. The Times's confidentiality objection provides no basis to withhold responsive documents**. The Court's protective order amply satisfies the Times' confidentiality concerns. This Court has repeatedly overruled identical objections from other nonparty competitors, noting the adequacy of the restrictive, robustly litigated protective order in this case. *See* 10/31/22 Status Conf. Tr. at 3:21- 4:4, 13:6-15 (rejecting Snap's confidentiality objection because "the protective order is sufficiently protective"); 10/13/22 Status Conf. Tr. 8:19-22; 12:24-13:6 (same with respect to Clubhouse). Other courts have reached the same conclusion under similar circumstances. *See*, *e.g.*, *In re Apple iPhone Antitrust Litig.*, 2021 WL 718650, at *1-3 (N.D. Cal. Feb. 24, 2021); *In re Ranbaxy Generic Drug Application Antitrust Litig.*, 2020 WL 5370577, at *3-4 (D. Mass. Sept. 8, 2020).

The Court should order the Times to produce the eleven documents it is withholding that "concern[ ] competition with Meta."

Dated: March 3, 2023

Respectfully submitted,

/s/ *Michael Scheinkman*
James P. Rouhandeh (D.C. Bar No. NY0390)
Michael Scheinkman (D.C. Bar No. NY0381)
Davis Polk & Wardwell LLP
450 Lexington Ave.
New York, New York 10017
Tel: (212) 450-4754
james.rouhandeh@davispolk.com
michael.scheinkman@davispolk.com

Mark C. Hansen (D.C. Bar No. 425930)
Kevin B. Huff (D.C. Bar No. 462043)
Andrew E. Goldsmith (D.C. Bar No. 1007074)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036

                          Tel: (202) 326-7900
                          mhansen@kellogghansen.com
                          khuff@kellogghansen.com
                          agoldsmith@kellogghansen.com

                          *Counsel for Defendant Meta Platforms, Inc.*

## CERTIFICATE OF SERVICE

  I hereby certify that on March 3, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

               /s/ *Michael Scheinkman*
               Michael Scheinkman (D.C. Bar No. NY0381)
               Davis Polk & Wardwell LLP
               450 Lexington Ave.
               New York, New York 10017
               Tel: (212) 450-4754
               michael.scheinkman@davispolk.com

               *Counsel for Defendant Meta Platforms, Inc.*