# EXHIBIT D

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 1:20-cv-03590-JEB |

**PLAINTIFF FEDERAL TRADE COMMISSION'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT META'S SECOND SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP") and the Joint Scheduling Order (the "Case Management Order" or "CMO") entered on March 3, 2022 (Dkt. No. 103), Plaintiff Federal Trade Commission ("FTC" or "Plaintiff") submits these Supplemental Objections and Responses to Defendant Meta Platforms, Inc.'s ("Meta") Second Set of Interrogatories to the Federal Trade Commission ("Interrogatories"), dated October 17, 2022.

**GENERAL OBJECTIONS**

1. The FTC incorporates by reference all of its General Objections in its November 16, 2022 Objections and Responses to Defendant Meta Platforms, Inc.'s Second Set of Interrogatories.

2. While the FTC responds here to the best of its present ability after a reasonably diligent inquiry, discovery in this matter is ongoing, the parties may meet and confer further regarding these Interrogatories, and the FTC reserves its right to supplement, revise, or correct any of its responses pursuant to Fed. R. Civ. P. 26(e).

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

3. Each of these General Objections is incorporated into the FTC's response to each of the individual Interrogatories as though fully set forth therein. The FTC will not respond to the Interrogatories to the extent objected to except as set forth herein.

## SPECIFIC OBJECTIONS AND RESPONSES TO SELECTED INTERROGATORIES

**INTERROGATORY NO. 15:**

*Identify each industry participant, including any companies identified in the FTC's initial disclosures, that has recognized a distinct market for personal social networking services, as defined by the FTC and consisting of the specific entities the FTC has identified as providers of personal social networking services, in ordinary course business documents or otherwise.*

**RESPONSES AND OBJECTIONS TO INTERROGATORY NO. 15:**

The FTC objects to "Interrogatory No. 15" as premature because it seeks information and evidence subject to ongoing factual discovery, which is not scheduled to close until May 22, 2023, and because it seeks information and evidence which may be the subject of expert discovery, which is not scheduled to close until January 5, 2024. The FTC also reserves the right to supplement its response to this contention interrogatory, including through ongoing factual discovery and the provision of expert reports appropriately submitted pursuant to the stipulated schedule for expert discovery. The FTC further objects to "Interrogatory No. 15" to the extent that it seeks to discover information and communications, including any mental impressions of counsel, that are protected from disclosure due to the work product privilege, deliberative process privilege, and any other applicable privilege.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**FEBRUARY 6, 2023 SUPPLEMENTAL RESPONSES AND OBJECTIONS TO INTERROGATORY NO. 15:**

The FTC restates the foregoing General and Specific Objections to Interrogatory No. 15. Subject to and without waiving its General and Specific Objections, the FTC responds as follows:

The FTC objects to the Defendant's use of the term "industry participant" which is not defined in its Interrogatories and is vague, ambiguous, overly broad, and unduly burdensome. The FTC's response should not be construed as an admission that the FTC believes that any of the below-referenced companies compete in the market for PSNS, aside from those already disclosed in response to Meta's Interrogatory No. 3.

There is myriad ordinary course evidence showing that nonparties recognize a distinct demand for social networking services. Such evidence includes:

- ███████████████████████████████████████
  ███████████████████████████████
  ███████████████████████████████
  ███████████████████

- ███████████████████████████████████████
  ████████████████████████████████████████
  ███████████████████████████████████████
  ███████████████████████████████████████
  █████████████████████

- ███████████████████████████████████████
  ███████████████████████████████████
  ███████████████████████████████████████

3

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

[Page content fully redacted]

Case 1:20-cv-03590-JEB   Document 249-4   Filed 03/07/23   Page 6 of 14

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

Moreover, nonparties also recognize that *personal* social networking services bear little resemblance to social networking services which are specialized based on function and usage. Examples of such evidence include:



- *About LinkedIn*, https://about.linkedin.com/?trk=homepage-basic_directory_aboutUrl ("Welcome to LinkedIn, the world's largest professional network . . . .").

- *Nextdoor*, www.nextdoor.com ("The only way to instantly connect to the people, businesses, and happenings near your home.").

5

- Nextdoor Holdings, Inc., Annual report (Form 10-K) at 5 (Mar. 15, 2022), https://www.sec.gov/ix?doc=/Archives/edgar/data/0001846069/000184606922000006/kvsb-20211231.htm ("Nextdoor is the neighborhood network that connects neighborhood stakeholders, including neighbors, businesses, and public services, online and in real life to build stronger, more vibrant, and resilient neighborhoods. . . . [S]ince the experience is based on geographical location, Nextdoor uniquely provides a way to bring online connections into the real world.").

- Melody Hahm, N*extdoor CEO on Being an Anti-Silicon Valley Social Network* (Feb. 1, 2019), https://www.yahoo.com/entertainment/nextdoor-ceo-sarah-friar-facebook-social-media-185107607.html?guce_referrer=aHR0cHM6Ly9ndWNlLnlhaG9vLmNvbS8&guce_referrer_sig=AQAAAEHZjzIo9qcFglw_nHjZUQtHSTgcsxVe9igiD0nZjkBRrEI77QTTdYaiU3RmJOqDh0A45j4Zak3XqtKAzh_y7OnSUNG6Da9UKeTjnSXnp5f8zA0SowpsrG_2WR9EJ--iITghzEJuqOvg7XDWQ8H705X9BQyeKy9G6lHwk53LyPlj ("[A]ll the content is coming from the ground up.  It's coming from the folks that live in your neighborhood.  There's no injection into the feed the way you might find, say, on a Facebook platform.").

Meta, too, recognizes a market for personal social networking services, as distinct from other forms of online services and from specialized social networks.  Examples of such evidence include:

█████████████████████████████████████████
█████████████████████████████████████████

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

- █████████████████████████████████████████████████
  ████████████████████████████████

- █████████████████████████████████████████████████
  ████████████████████████████

- █████████████████████████████████████████████████
  █████████████████████████████████████████████████

- █████████████████████████████████████████████████
  █████████████████████████████████████████████████
  █████████████████████████████████████████████████
  █████████████████████████████████████████████████
  █████████████████████████████████████████████████
  ████████████████████████████

- █████████████████████████████████████████████████
  █████████████████████████████████████████████████
  █████████████████████████████████████████████
  █████████████████████████████████████

- █████████████████████████████████████████████████
  █████████████████████████████████████████████████
  ██████████████████

- █████████████████████████████████████████████████
  █████████████████████████████████████████████
  █████████████████████████████████████████████

███████████████████████████████████

██████████████████████████

- Sissi Cao, *Teenaged Facebook Shareholder Finally Asks Mark Zuckerberg a Real Business Question*, Observer (May 31, 2018) (quoting Mark Zuckerberg as saying: "I don't consider LinkedIn to be one of our direct competitors").

Independent international authorities have examined Meta's product offerings and reached similar conclusions, including:

- Antitrust: Commission Sends Statement of Objections to Meta Over Abusive Practices Benefiting Facebook Marketplace, European Commission (Dec. 19, 2022), https://ec.europa.eu/commission/presscorner/detail/en/ip_22_7728 ("The Commission preliminary finds that Meta is dominant in the market for personal social networks.").

- *In re* Facebook Inc., Bundeskartellamt (Feb. 6, 2019) at 46, https://bit.ly/3DJjbaV ("On the national social network market for private users, Facebook is the dominant undertaking.").

- Meta (formerly Facebook): Paramount Significance for Competition Across Markets Formally Determined, Bundeskartellamt (May 2, 2022) at 3, https://bit.ly/3yBYdre (finding that Meta "holds a dominant position on the platform and network market for social networks for private users in Germany").

- Online Platforms and Digital Advertising Market Study Final Report, Competition & Markets Authority (July 1, 2020) at 146, https://bit.ly/3PnK2Ng (finding that "Facebook has significant and enduring market power in social media").

- Digital Platforms Inquiry Final Report, Australian Competition & Consumer Commission (June 2019) at 77-78, https://bit.ly/2MoXeUS (determining that Meta holds "substantial

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

market power in supplying social media services in Australia").

Evidence also shows that the market for PSNS includes the specific market participants previously identified in response to Interrogatory No. 3, namely: Facebook Blue, Instagram, Friendster, Google+, MeWe, Myspace, Orkut, Path, and Snapchat. Such evidence includes:

- ███████████████████████████████████████
  ███████████████████████████████████████
  █████
- ███████████████████████████████████████
  ███████████████████████████████████████
  ███████████████████████████
- ███████████████████████████████████████
  ███████████████████████████████████████
  █████████████████████
- ███████████████████████████████████████
  ███████████████████████████████████████
  ████
- ███████████████████████████████████████
  ███████████████████████████████████████
  ███████████████████████████████████████
  ████████
- ███████████████████████████████████████

9

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

[redacted]

The FTC responds here to the best of its present ability after a reasonably diligent inquiry and while discovery in this matter is ongoing, and thus the FTC reserves its right to supplement, revise, or correct any of its responses pursuant to Fed. R. Civ. P. 26(e). The FTC also reserves its right to revise its response if additional evidence and analysis shows that any features or activities have materially changed such that their classification varies depending on the time period assessed.

Dated: February 6, 2023

Respectfully submitted,

By: /s/ Daniel Matheson
Daniel Matheson (D.C. Bar 502490)
Krisha Cerilli (D.C. Bar 983281)
Maria Dimoscato (D.C. Bar 489743)
Patricia Galvan
Susan Musser (D.C. Bar 1531486)

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

Michael Smith (D.C. Bar 996738)
Nathan Brenner
Ario Fazli (D.C. Bar 1035087)

Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorneys for Plaintiff*
*Federal Trade Commission*

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

## CERTIFICATE OF SERVICE

      I hereby certify that on February 6, 2023, I caused true and correct copies of the foregoing PLAINTIFF FEDERAL TRADE COMMISSION'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES to be served via electronic mail on counsel listed below:

Mark C. Hansen
Kevin B. Huff
Kenneth M. Fetterman
Geoffrey M Klineberg
Kevin J. Miller
Aaron M. Panner
Alex A. Parkinson
Ana Nikolic Paul
Aaseesh P. Polavarapu
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. Suite 400
Washington, DC 20036
Tel: 202-326-7900
mhansen@kellogghansen.com
khuff@kellogghansen.com
kfetterman@kellogghansen.com
gklineberg@kellogghansen.com
kmiller@kellogghansen.com
apanner@kellogghansen.com
aparkinson@kellogghansen.com
apaul@kellogghansen.com
apolavarapu@kellogghansen.com

Sonal N. Mehta
Wilmer Cutler Pickering Hale & Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: 650-858-6000
sonal.mehta@wilmerhale.com

David Gringer
Wilmer Cutler Pickering Hale & Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: 212-230-8800
david.gringer@wilmerhale.com
James P. Rouhandeh
Michael Scheinkman

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
Tel: 212-450-4000
rouhandeh@davispolk.com
michael.scheinkman@davispolk.com

      /s/ *Nathan Brenner*
Nathan Brenner
Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
Telephone: (202) 326-2314
Email: nbrenner@ftc.gov

*Attorney for Plaintiff*
*Federal Trade Commission*