IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>                                  Plaintiff,<br><br>v.<br><br>**META PLATFORMS, INC.**<br><br>                                  Defendant. | Civil Action No. 1:20-cv-03590-JEB |

**Plaintiff Federal Trade Commission's Statement Regarding
Defendant Meta Platforms, Inc.'s Motion to Compel
The New York Times Company to Produce Documents**

The FTC takes no position regarding Meta's Motion to Compel The New York Times Company (the "Times"). Even so, the FTC submits this statement to correct Meta's mischaracterization of the FTC's market definition.

To justify its motion, Meta declares incorrectly that "[t]he FTC has specifically asserted that reading a newspaper article on Facebook Feed or viewing content in Facebook News—or engaging with any other feature on Facebook—is not a substitute to reading a newspaper article in The New York Times." Meta's Motion to Compel (Mot.) at 2, ECF No. 247-1 (citing FTC's Resp. to Meta's List of Features or Activities at 11, 16 (Sept. 12, 2022), ECF No. 243-3 (Feb. 24, 2023)). The FTC has made no such assertion. Meta's purported citation in support of its misstatement reveals only that the FTC had previously explained that viewing news on Facebook—including a Times article—is part of Meta's personal social networking service ("PSNS") offering. FTC's Resp. to Meta's List of Features or Activities at 11, 16 (Sept. 12, 2022), ECF No. 243-3 (Feb. 24, 2023). The FTC has never asserted anything about whether reading news on Facebook "is not a substitute to reading a newspaper article in the New York

1

Times." *Contra* Mot. at 2.  Meta has now made a habit of mischaracterizing the FTC's clear position regarding the relevant market at issue in this case.  *See* FTC's Mem. in Opp'n (Mem.) at 16-20, ECF No. 250-1 (Mar. 7, 2023).

Meta's instant motion is seemingly motivated by the same mischaracterizations of the FTC's market definition, and the same misunderstandings of foundational antitrust principles, that pervaded its recent motion to compel answers to Interrogatory Nos. 13 and 14.  *See generally* Mem. at 4-6, 16-20.  The market definition question in this case is which other products offer reasonable substitutes for Meta's PSNS offerings.  *See generally* Mem. at 7-11.  Although the FTC has not previously been asked to assess whether the Times offers PSNS, it appears they do not.  The Times offers a renowned news product, but it does not provide an online service on which people rely to maintain a network of friends and family, and connect and share their daily lives and other experiences with them in a communal setting.  *See* The New York Times Company, Annual Report at 1 (Form 10-K) (Feb. 28, 2023) ("We are a global media organization focused on creating, collecting and distributing high-quality news and information[.]").

Meta's instant motion, though, evinces its fixation with irrelevant, claimed substitution between individual features.  *See also* Mem. at 11-15.  To address the issue head on, the FTC's position is that it is irrelevant whether reading news on Facebook is a substitute for reading an article in the Times.  The Times does not offer a reasonable substitute for Facebook's or Instagram's PSNS offering, and thus is not part of the alleged relevant market.  Even if Meta and the Times compete in a separate market for news services, such competition would neither negate a relevant market for PSNS nor Meta's monopoly power in PSNS for the reasons already explained in the FTC's response in opposition.  *See* Mem. at 12-15.

Dated: March 8, 2023                              Respectfully submitted,

/s/ Daniel Matheson
Daniel Matheson (D.C. Bar 502490)
Krisha Cerilli (D.C. Bar 983281)
Patricia Galvan
Maria Dimoscato (D.C. Bar 489743)
Susan Musser (D.C. Bar 1531486)
Justin Lorber (D.C. Bar 90005184)
Nathan Brenner
Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, DC 20024
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorneys for Plaintiff*
*Federal Trade Commission*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of March 2023, I served the foregoing on the following counsel via ECF:

Mark C. Hansen
Kevin B. Huff
Kenneth M. Fetterman
Geoffrey M. Klineberg
Kevin J. Miller
Aaron M. Panner
Alex A. Parkinson
Ana Nikolic Paul
Aaseesh P. Polavarapu
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. Suite 400
Washington, DC 20036
Tel: 202-326-7900
mhansen@kellogghansen.com
khuff@kellogghansen.com
kfetterman@kellogghansen.com
gklineberg@kellogghansen.com
kmiller@kellogghansen.com
apanner@kellogghansen.com
aparkinson@kellogghansen.com
apaul@kellogghansen.com
apolavarapu@kellogghansen.com

Sonal N. Mehta
Wilmer Cutler Pickering Hale & Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: 650-858-6000
sonal.mehta@wilmerhale.com

David Gringer
Wilmer Cutler Pickering Hale & Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: 212-230-8800
david.gringer@wilmerhale.com
James P. Rouhandeh
Michael Scheinkman

Davis Polk & Wardwell LLP
450 Lexington Avenue

4

New York, NY 10017
Tel: 212-450-4000
rouhandeh@davispolk.com
michael.scheinkman@davispolk.com

/s/ Daniel Matheson
Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, DC 20024
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorneys for Plaintiff*
*Federal Trade Commission*