# Exhibit B



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Daniel J. Matheson
Bureau of Competition
Phone: (202) 326-2075
Email: dmatheson@ftc.gov

April 27, 2022

**By Electronic Mail**

Kevin Huff, Esq.
Kellogg, Hansen, Todd, Figel & Frederick, PLLC
1615 M Street NW, Suite 400
Washington, D.C. 20036

      **RE:   Defendant's First Set of Requests for Production of Documents, *FTC v. Meta Platforms, Inc.*, Civ. Action No. 1:20-cv-03590 (JEB) (D.D.C.)**

Dear Kevin:

      We write to follow up concerning the parties' meet and confer of April 19, 2022, and to provide certain information requested by Meta regarding the FTC's Objections & Responses ("R&Os") to Meta's First Set of Requests for Production of Documents ("RFPs").

      As we explained to you on our meet and confer, and in our R&Os, much of the information sought by Meta in its RFPs is exempted from discovery under Paragraph 16 of the Case Management Order ("CMO") of March 3, 2022 (Dkt. 103). Pursuant to that provision of the CMO:

> The Parties agree that the following privileged or otherwise protected communications shall not be the subject of discovery, need not be preserved, and need not be placed on a privilege log: emails, notes, drafts, communications, memoranda, documents, or other work product produced by or exchanged solely among and between: . . . (d) counsel for the Federal Trade Commission (or persons employed by the Federal Trade Commission); (e) counsel for the Federal Trade Commission (or persons employed by the Federal Trade Commission) and counsel for a plaintiff with which the FTC shares a common legal interest in pursuing or exploring litigation against Meta; (f) counsel for the Federal Trade Commission (or persons employed by the Federal Trade Commission) and counsel employed by any executive-branch agency of the federal government.

Letter to Kevin Huff
April 27, 2022
Page 2

Surprisingly, during our April 19 meet and confer, you expressed for the first time – and contrary to the plain language of the CMO – that Paragraph 16 applies only to the current litigation and possibly the pre-complaint investigation, although you stated you needed to speak with your colleagues about the latter. We ask that you inform us immediately as to whether Meta agrees that Paragraph 16 applies to the pre-complaint investigation. We also ask you to provide the basis on which Meta asserts that Paragraph 16 does not apply to other investigations, including the Instagram and WhatsApp investigations.

We disagree that Paragraph 16 applies only to the current litigation. The plain language of the CMO provides that much of the information your RFPs seek, particularly detailed information regarding the FTC's internal deliberative materials, "shall not be the subject of discovery." Nevertheless, in an effort to avoid disputes, and without prejudice to our position that we are under no obligation to provide detailed information regarding materials that are not the subject of discovery in this matter, we have endeavored to gather information you requested regarding certain categories of documents that Meta contends are responsive to its RFPs. We provide this information below, based on our reasonable investigation undertaken to date, and reserving all rights.

**Staff Memoranda to the Commission**

You asked whether the FTC possessed any memoranda that Staff sent to the Commission regarding the Instagram and WhatsApp investigations.

Instagram: Staff from the Bureau of Competition provided two memoranda to the Commission regarding (1) the authorization of the use of compulsory process and (2) the closing of the investigation. Staff from the Bureau of Economics also sent a memorandum to the Commission with respect to closing the investigation. All three memoranda are protected from discovery by, among other things, the deliberative process privilege.

You asked whether those memoranda were shared with any third parties. As we explained to you during our April 19 meet and confer, the FTC provided the House Judiciary Committee in 2019 with certain materials, including memoranda prepared by Staff at the Bureau of Competition regarding the use of compulsory process and the closing of the investigation. Based on our investigation to date, those memoranda were not shared with any other third parties, including state, foreign, and other federal regulators, or private plaintiffs. We will notify you promptly if we become aware to the contrary.

You further inquired as to whether the memoranda provided to the House Judiciary Committee have "separate fact and argument sections." They do not have such separate sections. For the avoidance of doubt, our willingness to provide you information on this score should not be construed as a waiver of any applicable privileges concerning these documents.

WhatsApp: Staff did not provide any memoranda to the Commission regarding the WhatsApp investigation.

Letter to Kevin Huff
April 27, 2022
Page 3

**Records of Interviews with Third Parties**

As a preliminary matter, the FTC does not possess any transcripts of, or memoranda memorializing, any third-party interviews conducted during the Instagram and WhatsApp investigations.

<u>Instagram:</u>  The FTC has in its possession scanned copies of handwritten attorney notes concerning certain third-party interviews conducted during the Instagram investigation.  These handwritten notes are protected from discovery by, among other things, the deliberative process privilege.  To our knowledge, these handwritten notes were not shared with any third parties, including state, foreign, and other federal regulators, or private plaintiffs.  We will notify you promptly if we become aware to the contrary.

<u>WhatsApp:</u>  The FTC has in its possession scanned copies of handwritten attorney notes concerning certain third-party interviews conducted during the WhatsApp investigation.  These handwritten notes are protected from discovery by, among other things, the deliberative process privilege.  To our knowledge, these handwritten notes were not shared with any third parties, including state, foreign, and other federal regulators, or private plaintiffs.  We will notify you promptly if we become aware to the contrary.

**Commission Records**

You asked, with respect to the Instagram and WhatsApp investigations, whether the FTC possesses any memoranda from the Commission or any Commissioner explaining any decision, or any notes or records of Commission meetings.

<u>Instagram:</u>  The FTC has in its possession the Commissioner voting record for both the authorization to use compulsory process and the closing of the investigation, as well as a resolution authorizing the use of compulsory process.  As you are no doubt aware, the Commission also issued closing letters to the parties, as well as a press statement, both of which can be located online at the FTC's public website.  To our knowledge, no other formal or publicly available records exist concerning any decision by the Commission.  Based on our reasonable investigation to date, we are unaware of any notes or records of any Commission meetings regarding the Instagram investigation.  We will notify you promptly if we identify any such documents, which would in any event be exempt from discovery and subject to applicable privileges.

<u>WhatsApp:</u>  To our knowledge, no formal or publicly available records exist concerning any decision by the Commission, or any notes or records of any Commission meetings, regarding the WhatsApp investigation.  The Commission never held any vote concerning the WhatsApp investigation.  Based on our reasonable investigation to date, we are unaware of any notes or records of any Commission meetings regarding the WhatsApp investigation.  We will notify you promptly if we identify any such documents, which would in any event be exempt from discovery and subject to applicable privileges.

Letter to Kevin Huff
April 27, 2022
Page 4

**Common Interest with State Regulators**

Instagram:  As we informed you during our meet and confer, the FTC shared a common legal interest with a state regulator – the California Attorney General's office – in connection with the Instagram investigation.  Any relevant communications between FTC Staff and staff of the California Attorney General would have been pursuant to that common interest.

WhatsApp:  To our knowledge, the FTC did not communicate or otherwise work with any state regulators during the WhatsApp investigation.  To our knowledge, no written communications with any such state regulators occurred or/and have been preserved.

**Materials Provided to the House Judiciary Committee**

As we explained on our April 19 meet and confer and as mentioned above, the FTC provided to the House Judiciary Committee in 2019 Bureau of Competition staff memoranda regarding the use of compulsory process in the Instagram investigation and the closing of that investigation.  We are in the process of investigating what additional materials the FTC provided the House Judiciary Committee concerning the Instagram and WhatsApp investigations.  We will notify you promptly if we identify any additional documents, which would in any event be exempt from discovery and subject to applicable privileges.

**Clearance Correspondence**

You asked about any clearance correspondence with the Department of Justice for Facebook's acquisitions of Instagram and WhatsApp.  We are in the process of considering your inquiry and will get back to you promptly.

**Facebook/Instagram/WhatsApp Document Productions**

You asked us to produce to Meta anything that was produced to the FTC by Facebook and Instagram in 2012, and Facebook and WhatsApp in 2014.  As you know, we objected to these requests in our R&Os because Meta should have these documents in its possession, custody, or control.  On our April 19 meet and confer, you indicated that you were unsure if Meta had "everything."  To be clear, the FTC does not represent that it possesses all documents produced by Facebook, Instagram, WhatsApp, or third parties during those investigations; the FTC's document retention policies, which we have agreed to produce to Meta, do not call for the indefinite preservation of materials received during investigations.  Nevertheless, in the spirit of good faith and compromise, we are willing to produce to Meta any documents that Facebook and Instagram produced to the FTC in 2012, and any documents that Facebook and WhatsApp produced to the FTC in 2014, in addition to any documents produced by third parties during those investigations (subject to any applicable notice requirements), that exist on the FTC's shared network drives and can be located pursuant to a reasonable search.

We believe this letter addresses all the questions you raised during our meet and confer, but we are willing to meet and confer further should Meta need additional information.

Letter to Kevin Huff
April 27, 2022
Page 5

                        Sincerely,

                        /s/ Daniel Matheson
                        Daniel J. Matheson
                        *Counsel for Plaintiff Federal Trade Commission*