# Exhibit D



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Daniel J. Matheson
Bureau of Competition
Phone: (202) 326-2075
Email: dmatheson@ftc.gov

May 13, 2022

**By Electronic Mail**

Kevin B. Huff, Esq.
Kellogg, Hansen, Todd, Figel & Frederick, PLLC
1615 M Street NW, Suite 400
Washington, D.C. 20036

      RE:   *FTC v. Meta Platforms, Inc.*, Civ. Action No. 1:20-cv-03590 (JEB) (D.D.C.)

Dear Kevin:

This letter responds to your correspondence dated May 10, 2022, which you sent to us at 11:49 p.m. that evening and we received on May 11, 2022.

**Meta's Interrogatories Nos. 10 & 12**

On April 29, 2022, the FTC answered Interrogatory Nos. 10 & 12 as originally propounded by Meta. On our May 6 meet and confer, you explained that Meta actually sought other information through these interrogatories. Specifically, as your letter states, Meta seeks "to know which activities on Facebook, Instagram, WhatsApp, and Facebook Messenger constitute the use of PSNS and which do not." 5/10/2022 K. Huff Ltr. at 3. As we explained to you during May 6 meet and confer, that is not what either Interrogatory No. 10 or Interrogatory No. 12, as propounded, seek. Nevertheless, with your clarification, and in the spirit of good faith and to avoid needless disputes, the FTC will supplement its responses to Interrogatories Nos. 10 & 12. To be clear, our willingness to do so does not mean that we believe it is necessarily proper for Meta to rewrite its interrogatories through the meet-and-confer process.

We disagree with many of the assertions and characterizations contained in pages 1-6 of your letter dated May 10, but given our agreement to supplement our responses to Interrogatories Nos. 10 & 12, response to those disputed points is not necessary at this time.

Letter to Kevin B. Huff
May 13, 2022
Page 2

**Meta's Remaining Interrogatories**

Interrogatory No. 1.  Your letter states that Interrogatory No. 1 seeks the identity of "all individuals [the FTC] interviewed or requested to interview in connection with the Prior Instagram Investigation, Prior WhatsApp Review, and Pre-Complaint Investigation."  5/10/2022 K. Huff Ltr. at 6-7.  The FTC agrees to supplement its interrogatory responses to provide this information, based on a reasonable search of our files and a reasonable inquiry to determine the individuals the FTC interviewed or sought to interview.

Interrogatory No. 2.  Interrogatory No. 2 demands that the FTC "Identify all Communications between You and any other Person relating to the Prior Instagram Investigation, Prior WhatsApp Review, Pre-Complaint Investigation, or any allegation in the Complaint or Amended Complaint."[1]  Your letter dated May 10 states that Interrogatory No. 2 does not actually seek this information, and that instead Meta desires to know the "sum and substance of the factual information conveyed by non-parties" during the Instagram Investigation, the WhatsApp review, and the FTC's pre-Complaint investigation in this matter.  5/10/2022 K. Huff Ltr. at 7.

We disagree that Interrogatory No. 2 can reasonably be read as you now attempt to construe it.  In any event, your new request, in effect, asks the FTC to review and summarize the contents of notes or memoranda prepared by FTC attorneys during each relevant investigation.  These materials are exempted from discovery by Paragraph 16 of the Scheduling Order and subject to a number of applicable privileges, including deliberative process.  Moreover, Meta's request that the FTC create summaries of protected information is unduly burdensome and disproportionate considering the information that is already available to Meta.  The FTC has already produced from the pre-complaint investigation, and will produce from the Instagram investigation and the WhatsApp review, relevant non-privileged communications with non-parties.  *See* Fed. R. Civ. P. 33(d).  In addition, the FTC will provide further information in its supplemental response to Interrogatory No. 1 that will allow Meta to identify the individuals the FTC identifies (based on a reasonable search of our files and a reasonable inquiry) as those the FTC interviewed or sought to interview in the relevant investigations.  Meta has the resources and information necessary to seek discovery from those third parties, including asking them what information they conveyed to the FTC.  The FTC's position is that it will provide a satisfactory response to Interrogatory No. 2 through the documents it has produced and will produce regarding communications with third parties, and the further response the FTC will provide to Interrogatory No. 1.

---

[1] As we have explained, this is an unreasonable request that purports to require the FTC to identify each conversation or other communication between FTC personnel and any non-FTC employee relating to an unmanageable number of issues.  For example, the allegations in the Complaint and Substitute Amended Complaint include a discussion of the general industry transition from desktop environments to mobile devices, the launch and eventual exit of multiple providers of personal social networking service including Google+, and extensive allegations regarding Facebook's platform-related conduct.

Letter to Kevin B. Huff
May 13, 2022
Page 3

Interrogatory No. 3.  During our May 6 meet and confer, we explained that our interrogatory response did not omit any companies that the FTC currently contends offer personal social networking services in the United States.  We informed you, however, that discovery was ongoing and thus we reserve the right to supplement our response to include additional companies as we become aware of them based on ongoing fact discovery and expert analysis.  To the extent that the FTC possesses information regarding the dates the identified services were in operation, the FTC will provide the information currently in its possession in a supplemental response.

Interrogatory No. 5.  The FTC's response to Interrogatory No. 5 answered completely and accurately the substance of the interrogatory as propounded, which is: "State the basis for Your decision to permit Meta's acquisition of WhatsApp to proceed in 2014 without challenging the transaction in an administrative proceeding or in federal court."  As we have explained to you, the Commission made no such decision.  The Commission held no vote regarding the WhatsApp transaction.

Interrogatories Nos. 8 & 9.  You explained to us during our May 6 meet and confer that Meta believes that the identity of the FTC personnel who participated in the Instagram investigation and WhatsApp review is relevant to the claims or defenses in this matter because Meta might eventually want to depose those persons, and that Meta is not able to identify potential deposition targets without this information.  We do not agree with Meta's circular assertion that a person's identity is relevant if Meta might want to depose that person, irrespective of whether a deposition of that person is proportionate to the needs of the case and likely to uncover relevant information.  Nor do we agree that Meta is unable to determine who it might potentially want to depose, as Meta is doubtless aware of the attorneys with whom Meta interacted during the Instagram investigation.

Nevertheless, in the spirit of good faith and compromise, the FTC will supplement its responses to Interrogatories Nos. 8 & 9 to provide the identity of the Bureau of Competition personnel within the Mergers I Division who were assigned to participate in the Instagram investigation and the WhatsApp review.  (As you know, the Mergers I Division was the division within the FTC responsible for both the Instagram investigation and the WhatsApp review.)  We do not believe that it is appropriate or proportionate to the needs of the case to identify Bureau of Economics personnel who may have participated in the Instagram investigation or the WhatsApp review.  Meta's request would require the disclosure of non-testifying experts, and in any event Meta has no basis for deposing any personnel from the Bureau of Economics.

For the avoidance of doubt: we do not agree that depositions of any FTC personnel who participated in the Instagram investigation or the WhatsApp review are proper or proportionate to the needs of this case.  To the contrary, in our view any effort to depose FTC attorneys regarding the Instagram investigation or the WhatsApp review would be a waste of time that in no way advances the litigation.

Interrogatory No. 11.  Your letter states that the FTC should interpret Interrogatory No. 11 not to seek the information requested ("total number of minutes spent by users on personal social network features or activities") but instead "the number of minutes spent by users 'using

Letter to Kevin B. Huff
May 13, 2022
Page 4

personal social networking services'" for each personal social networking service identified in the FTC's response to Interrogatory No. 3.  5/10/2022 K. Huff Ltr. at 8.  You request that we provide "the facts in [the FTC's] possession at this time."  We are evaluating your revised interrogatory, and will respond in due course.

**Meta's Document Requests**

Your letter states that, at the conclusion of our call, you "asked again about [the FTC's] response to Meta's First Set of Requests for Production of Documents," and we stated that the personnel on the call were "not prepared to discuss those issues."  5/10/2022 K. Huff Ltr. at 8.  Meta's RFPs were not the subject of the meet and confer scheduled for May 6, and you asked us about our responses to a 9-page letter that we received only on May 5, the day prior to the call.  I informed you that we would respond to that letter this week, which we did on May 12, and I stated that we are available to meet and confer after that, which we are.

You also refer to "the staff and economist memoranda compiling relevant facts relating to the Prior Instagram Investigation and Prior WhatsApp Review."  *Id.*  As we have repeatedly told you, we have identified no such memoranda to the Commission regarding the WhatsApp review.  With respect to the Instagram investigation, as we have informed you, we have identified Bureau of Competition and Bureau of Economics memoranda to the Commission and the Merger Screening Committee.  Your letter mischaracterizes those memoranda as "compiling relevant facts."  *Id.*  You provide no basis for your inaccurate characterization.  As we have explained, these documents are protected by, among other things, the deliberative process privilege.  Moreover, they are exempted from discovery by Paragraph 16 of the Joint Scheduling Order.

Finally, we would like to provide further information regarding our letter of May 12, 2022.  In that letter, we stated that "based upon our reasonable investigation to date, it is our understanding that the FTC at one time possessed and subsequently deleted documents produced by one third party pursuant to a civil investigative demand during the 2012 Instagram investigation.  It is our understanding that this third party reproduced those documents as part of the FTC's pre-complaint investigation in this case, and that the FTC has accordingly re-produced those documents to Meta as part of the FTC's production of its investigative file."  5/12/2022 Matheson Ltr. at 13.  Based on further investigation, we now understand the third party in question was in fact unable to produce to the FTC during the pre-complaint investigation the production it made pursuant to a civil investigative demand during the 2012 Instagram investigation.  The FTC's production of its investigative file in this matter therefore does not include this production.  We have now identified some third-party documents produced during the 2012 Instagram investigation that remain in our possession, and we will produce them pursuant to Meta's Request for Production No. 2.

                                                                    Sincerely,

                                                                    /s/ Daniel Matheson
                                                                    Daniel J. Matheson
                                                                    *Counsel for Plaintiff Federal Trade*
                                                                    *Commission*