# Exhibit E

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

September 22, 2022

*Via Electronic Mail*

Daniel J. Matheson, Esq.
Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024

> Re:   *FTC v. Meta Platforms, Inc.*, Case No. 1:20-cv-03590-JEB (D.D.C.)
>       Meta's Discovery Requests

Dear Dan:

I write on behalf of Meta Platforms, Inc. ("Meta") in regard to Meta's First Set of Interrogatories to the FTC, dated March 30, 2022. Below, Meta indicates its intent to include the FTC's response to Meta's Interrogatory No. 2 in its upcoming call to Chambers on September 30, identifies other deficiencies in the FTC's responses to Meta's Interrogatories, and seeks prompt supplementation of the FTC's responses to address those deficiencies.

## I.    Dispute Concerning the FTC's Response to Meta's Interrogatory that Requires Immediate Court Intervention

**Interrogatory No. 2**: This Interrogatory asks the FTC to "Identify all Communications between You and any other Person relating to the Prior Instagram Investigation, Prior WhatsApp Review, Pre-Complaint Investigation, or any allegation in the Complaint or Amended Complaint." In our meet-and-confer on May 6, 2022, we clarified that we would consider this Interrogatory satisfied if you convey the sum and substance of the purely factual information conveyed by non-parties in each of your interviews in the Prior Instagram Investigation and Prior WhatsApp Review. In your letter on May 13, 2022, you took the position that this information is "subject to a number of applicable privileges," and that the "FTC's position is that it will provide a satisfactory response to Interrogatory No. 2 through the documents it has produced and will produce." Ltr. from Daniel J. Matheson to Kevin B. Huff at 2 (May 13, 2022). The FTC's May 27, 2022 supplemental response to this Interrogatory does not provide any substantive information in response to this request. As we indicated in our May 10, 2022 letter at 7, our

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Daniel J. Matheson, Esq.
September 22, 2022
Page 2

August 18, 2022 letter at 1-2, and during our meet-and-confer on August 25, 2022, we do not believe that purely factual information provided to the FTC is privileged.  In his recent opinion on Meta's motion to compel, Judge Boasberg similarly acknowledged that factual information conveyed by non-parties is not shielded by the deliberative process privilege.  *See* Mem. Op. at 9, ECF No. 189 (Meta is correct that "[f]actual material that does not reveal the deliberative process is not protected by this exemption.").  Meta has a significant need for this information because the FTC's interviews from the Prior Instagram Investigation and Prior WhatsApp Review were so long ago (2012 and 2014) that the contemporaneous information the FTC obtained is no longer available as a practical matter.  <u>We intend to raise this issue with the Court in our upcoming call to Chambers on other discovery issues</u>.

II.      **Additional Deficiencies in the FTC's Responses to Meta's Interrogatories**

         <u>**Interrogatory No. 1**</u>: This Interrogatory asks the FTC to "Identify all Persons You communicated with relating to Your Prior Instagram Investigation, Prior WhatsApp Review, Pre-Complaint Investigation, or any allegation in the Complaint or Amended Complaint."  In our meet-and-confer on May 6, 2022, we asked the FTC to identify all individuals it interviewed or requested to interview in connection with the Prior Instagram Investigation, Prior WhatsApp Review, and Pre-Complaint Investigation.  On May 27, 2022, the FTC provided a list of companies that it requested to interview or interviewed in its Prior Instagram Investigation, Prior WhatsApp Review, and Pre-Complaint Investigation, but the FTC did not identify which companies it in fact interviewed as opposed to requested to interview, and it did not identify which individuals at each company it actually communicated with.

         Moreover, based on the FTC's representations to the Court, the Court recently denied Meta's motion to compel documents from the FTC based on its understanding that "the FTC has identified all of the . . . witnesses that it interviewed ahead of its 2012 and 2014 recommendations."  Mem. Op. at 19, ECF No. 189; Pl. FTC's Mem. in Opp'n to Def. Meta's Mot. to Compel at 21-22, ECF No. 160 ("The FTC has identified to Meta all of the witnesses the FTC interviewed. . .").  The FTC must immediately (a) identify the specific individuals it communicated with from each of the companies identified in the FTC's Supplemental Response to this Interrogatory, and (b) identify which individuals it actually interviewed as opposed to merely requested to interview.  There is no basis for the FTC to withhold the identity of these specific individuals, especially in light of its representations to the Court and the Court's reliance on those representations.  Indeed, it has recently provided similar information to Meta with respect to a different investigation in connection with other litigation against the company.

         <u>By September 27, please commit to supplementing your response to this Interrogatory by no later than October 7, 2022</u>.  If the FTC does not commit to these deadlines, then Meta will include this issue in its call to Chambers on September 30th.

Kᴇʟʟᴏɢɢ, Hᴀɴsᴇɴ, Tᴏᴅᴅ, Fɪɢᴇʟ & Fʀᴇᴅᴇʀɪᴄᴋ, ᴘ.ʟ.ʟ.ᴄ.

Daniel J. Matheson, Esq.
September 22, 2022
Page 3

**Interrogatory No. 3**:  This Interrogatory asks the FTC to "Identify all Products that have offered 'personal social networking services' in the United States (*see* Amended Complaint ¶ 164), and the time periods during which those Products offered personal social networking services."  The FTC's May 27, 2022 Supplemental Response to this Interrogatory provides a list of the same providers you identified in the Amended Complaint, and identifies dates each company started operations, with the exception of Facebook and Instagram, to which the FTC states that "Meta is aware of the dates on which operations began." Pl. FTC's Suppl. Objs. and Resps. to Def. Meta's First Set of Interrogs. at 9 (May 27, 2022).  The FTC's response states that "[it] believes that Orkut, Path, and MeWe offered personal social networking services during the entire period of their dates of operation," and that "[it] believes that Friendster ceased offering personal social networking services in May 2011," but it does not indicate when Instagram, Facebook, Snapchat, Google+, or Myspace started or stopped offering personal social networking services, and states "[t]o the extent that the FTC obtains further information responsive to this Interrogatory, the FTC will update its response accordingly." *Id.* at 9-10.  In our August 18 letter, we explained that, "in light of the additional discovery the FTC has taken and the FTC's Supplemental Response to Interrogatory No. 10, identifying additional specific activities that constitute the use of "personal social networking services," [the FTC should supplement this] response by August 29, 2022, indicating all Products that have offered 'personal social networking services' in the United States (*see* Am. Compl. ¶ 164), and the time periods during which those Products offered personal social networking services."  Ltr. from Kevin B. Huff to Daniel J. Matheson at 2 (Aug. 18, 2022).  We also stated in that letter that your supplemental response should be sure to indicate when Instagram, Facebook, Snapchat, Google+, or Myspace started or stopped offering personal social networking services. *Id.*  In your August 22 letter, you indicated that you would supplement your response to this request.  In our August 25 call, you reiterated your intent to supplement the FTC's response to this request, but refused to provide a date certain by when you would do so or even a general estimate.

In light of the FTC's September 12, 2022 response to Meta's feature list, it is especially critical for the FTC to promptly supplement its response to this Interrogatory.  In the FTC's September 12, 2022 response, the FTC takes the position that many activities that are performed on numerous other applications qualify as use of personal social networking ("PSN") when they occur on Facebook and Instagram.  If the FTC has any principled rationale for its classification, it will necessarily need to identify a large swath of additional PSN providers, including companies that it previously represented to the Court in its Amended Complaint do not offer PSNS.  For example, that FTC's response states that "Viewing Reel(s) posted by an account that User does not follow, and that does not follow User" on Instagram qualifies as use of PSNS.  Pl. FTC's Resp. to Meta's List of Features or Activities at 18 (Sept. 12, 2022).  In light of that classification, Meta must know whether the FTC classifies the same activity – viewing videos posted by an account that User does not follow, and that does not follow User – qualifies as use

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Daniel J. Matheson, Esq.
September 22, 2022
Page 4

of PSNS on TikTok.  Similarly, the FTC says that viewing content on Facebook that has no connection to the user's network of friends of family, such as "Viewing Recommended video content that does not originate from people or Pages User follows or Groups User has joined," *see id.* at 12, qualifies as PSNS, which requires clarification from the FTC on whether the same activity on YouTube should be treated the same way.

By September 27, please commit to supplementing your response to this Interrogatory by no later than October 7, 2022.  If the FTC does not commit to these deadlines, then Meta reserves the right to seek Court intervention.

**Interrogatory No. 11**: This Interrogatory states, "For each Product identified by You in response to Interrogatory No. 3, provide the total number of minutes spent by users on personal social network features or activities on that Product for each year from 2011 to the present (*see* Amended Complaint ¶ 202)."  You objected to responding to this request on the ground that "personal social network features or activities" is not used in the Amended Complaint.  Pl. FTC's Objs. and Resps. to Def. Meta's First Set of Interrogs. at 26 (Apr. 29, 2022).  We explained in our meet-and-confer on May 6, 2022 that you can interpret the number of minutes spent by users on "personal social network features or activities" as equivalent to the number of minutes spent by users "using personal social networking services" (*see* Am. Compl. ¶ 202). The FTC's June 14, 2022 Supplemental Response to this Interrogatory merely parrots the FTC's allegations in the Amended Complaint, which is not sufficient, *Williams v. Johanns*, 235 F.R.D. 116, 122-23 (D.D.C. 2006), and states that "the FTC has not performed an analysis that seeks to precisely apportion time spent on each of these apps by activity."  Pl. FTC's Suppl. Objs. and Resps. to Def. Meta's First Set of Interrogs. at 16 (June 14, 2022).  As we have previously indicated, the FTC's supplemental response is insufficient.  As we indicated in our August 18, 2022 letter, given the FTC's specific allegation that Facebook Blue and Instagram are "predominantly used as personal social networking services," (*see, e.g.*, Am. Compl. ¶ 202), and the FTC's allegations about the overall amount of time spent on Facebook and Instagram (*see id.* ¶ 199), the FTC must be able to provide at least *some* information in response to this request.

In our meet-and-confer on August 25, 2022, you indicated that the FTC will eventually supplement its response to this request, but refused to provide a date certain by when the FTC would do so or even a general estimate.  In light of the FTC's recent response on September 12, 2022 indicating the FTC's view that everything that users do on Facebook and Instagram, with the exception of activities on Facebook Dating (which was not launched until September 2019) qualifies as use of PSNS, and the FTC's allegations about the overall amount of time spent on Facebook and Instagram, it is now even more clear that the FTC is already sufficiently equipped to provide at least *some* information in response to this request.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Daniel J. Matheson, Esq.
September 22, 2022
Page 5


    <u>By September 27, please commit to supplementing your response to this Interrogatory by no later than October 7, 2022</u>.  If the FTC does not commit to these deadlines, then Meta reserves the right to seek Court intervention.

* * *

    We discuss herein only some of the FTC's responses to Meta's Interrogatories; we do not concede that any aspect of the FTC's responses to date are adequate; and we reserve all rights with respect to all of Meta's discovery requests.

Sincerely,

*/s/ Kevin B. Huff*

Kevin B. Huff