# Exhibit F

**FILED UNDER SEAL**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC., <br><br> Defendant. | Case No. 1:20-cv-03590-JEB |

**DECLARATION OF ALEX P. TREIGER IN SUPPORT OF META PLATFORMS, INC.'S
MOTION TO COMPEL ANSWER TO INTERROGATORY NO. 2 REGARDING
FACTS NONPARTIES PROVIDED THE FTC IN 2012 AND 2014**

Pursuant to 28 U.S.C. § 1746, I, Alex P. Treiger, declare as follows:

1.  I am an associate with the law firm of Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C., counsel for Defendant Meta Platforms, Inc. ("Meta"). I am an attorney admitted to practice law in the District of Columbia and am a member of the Bar of the United States District Court for the District of Columbia. I submit this Declaration in Support of Meta's Motion To Compel Answer to Interrogatory No. 2. I have personal knowledge of the facts set forth herein and am competent to testify thereto if called as a witness.

2.  On October 7, 2022, the FTC served Supplemental Objections and Responses to Meta's Interrogatory No. 1 in which the FTC identified 63 people from 34 companies that it interviewed regarding Meta's acquisition of Instagram in 2012 and WhatsApp in 2014.

3.  Through counsel, Meta has attempted to contact every person the FTC interviewed in 2012 and 2014. To date, only one person who has spoken to Meta has remembered what he or she told the FTC more than a decade ago.

4.  ██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████

    ████████████████
    ████████████████
    ██████████████████████
    ██████████████████████
    ████████████████
    ██████████████████████████
    ████████████████
    ████████████████████



5.  ███████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████

6. One person remembered that the FTC interviewed him about Meta's acquisitions, but could not recall which acquisition.

7. Meta was unable to reach 11 people. Meta could not locate some of the people because the FTC failed to provide complete names. Others had long ago left the nonparty company where they worked when the FTC interviewed them in 2012 or 2014 and Meta could not locate them by online searches.

8. Twenty-nine people have not responded to Meta's attempts to interview them.

9. Meta served a document subpoena on ███████████████████ ███████████████████████████

10. Meta could not subpoena ███████████████████████

11. Meta has been unable to serve a subpoena on ████████

12. Despite obtaining Letters Rotatory for Tencent Holding Ltd., *see* ECF No. 148, and Kakao Corp., *see* ECF No. 216, ███████████████████████████████ ███████████████████████████

13. Meta served a document subpoena on ███████████████████ ███████████████████████████████████████ ██████

14. Meta served a document subpoena on ███████████████████ ███████████████████████████████████████ ███████████████████████████

15. Meta served a document subpoena on ███████████████████ ███████████████████████████████████████ ███████████████████████████

16. Meta served a document subpoena on ███████████████████ ███████████████████████████████

17. Meta served a document subpoena on ███████████████████ ███████████████████████████████████████ ███████████████████████

18. Meta served a document subpoena on ███████████████████ ███████████████████████████████████████

3

███████████████

19. Meta served a document subpoena on ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████

20. Meta served a document subpoena on ████████████████████

████████████████████████████████████████

21. Meta served a document subpoena on ████████████████████

████████████████████████████████

22. Meta served a document subpoena on ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

23. Meta served a document subpoena on ████████████████████

████████████████████████████████████████████████████████

████████████████████████████

24. Meta served a document subpoena on ████████████████████

████████████████████████████████████████

I declare under penalty of perjury that the foregoing is true and correct.

DATED: March 13, 2023

By: /s/ *Alex P. Treiger*
Alex Treiger (D.C. Bar No. 1670925)
KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
atreiger@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*

4