# Exhibit J



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Jessica Moy
Bureau of Competition
Phone: (202) 460-9366
Email: jmoy@ftc.gov

March 8, 2023

**By Electronic Mail**

Kevin Huff
Kellogg, Hansen, Todd, Figel & Frederick, PLLC
1615 M Street NW, Suite 400
Washington, D.C. 20036

> RE:   Meta's Interrogatory No. 2, *FTC v. Meta Platforms, Inc.*, Civ. Action No. 1:20-cv-03590 (JEB) (D.D.C.)

Counsel:

We write in response to your February 27, 2023 email regarding Meta's Interrogatory No. 2 ("Interrogatory No. 2"), which asks that the FTC *"Identify all Communications between You and any other Person relating to the Prior Instagram Investigation, Prior WhatsApp Review, Pre-Complaint Investigation, or any allegation in the Complaint or Amended Complaint."*

The FTC supplemented its responses to Interrogatory No. 2 on May 27, 2022, by *inter alia*, directing Meta to the FTC's Supplemental Response to Interrogatory No. 1, which requests that the FTC *"Identify all Persons You communicated with relating to Your Prior Instagram Investigation, Prior WhatsApp Review, Pre-Complaint Investigation, or any allegation in the Complaint or Amended Complaint."*  The parties subsequently reached a compromise to provide Meta with a list of individuals that the FTC interviewed or requested to interview in response to Meta's Interrogatory No. 1, and the FTC did so on October 7, 2022.  Now, five months later, Meta again seeks to inappropriately re-expand the scope of Interrogatory No. 2 to include "factual information it obtained from nonparties the FTC interviewed in its Instagram and WhatsApp investigations."  *See* 2/27/23 Email from K. Huff to D. Matheson.

Since as early as May 2022, the FTC has consistently made clear that Interrogatory No. 2 as propounded does not include or identify any specific factual information that Meta seeks regarding nonparties that the FTC interviewed in its Instagram and WhatsApp investigations.  The FTC's May 27, 2022 Supplemental Response to Interrogatory No. 2 clearly states: "In the parties' meet and confer of May 6, 2022, and Meta's correspondence of May 10, 2022, Meta asserted that Interrogatory No. 2 seeks 'the sum and substance of the factual information conveyed by non-parties in each of your interviews in the Prior Instagram Investigation, Prior WhatsApp Review,

Letter to Kevin Huff
March 8, 2023
Page 2

and Pre-Complaint Investigation.' 5/10/2022 K. Huff Ltr. at 7. ***Interrogatory No. 2 as propounded, however, does not seek this information.***" (emphasis added).  The FTC has no record of Meta serving an interrogatory seeking factual information from nonparties the FTC interviewed in its Instagram and WhatsApp investigations.  Should Meta serve an additional interrogatory seeking this information, as previously identified for the Court, the FTC would object to such an interrogatory as Meta has far exceeded the number of 30 total interrogatories allotted in this litigation (including discrete subparts).  *See* ECF No. 103 (Joint Scheduling Order), ¶ 11; *see also* ECF No. 227 (Dec. 15 Joint Status Report), pp. 13-15 (detailing the way in which Meta has exceeded its court-ordered limit on interrogatories, even by the most conservative assessment).

<u>Briefing Proposal</u>

Meta's belated February 27, 2023 request for the FTC to provide factual information obtained from nonparties the FTC interviewed in its Instagram and WhatsApp investigations falls flat for a number of reasons.  First, it is not included in any interrogatory that Meta has served; Meta has not identified anywhere the "factual information" it seeks.  Second, Meta is out of interrogatories to serve.  Third, contents of FTC staff notes are exempt from discovery and protected by a number of protections and privileges, including, *inter alia,* deliberative process and work product protection.  *See* ECF No. 189, pp. 8-11, 19 (denying Meta's Motion to Compel); ECF No. 103 (Joint Scheduling Order), ¶ 16; FTC's Supplemental Response to Certain of Meta's First Set of Interrogatories (May 27, 2022) (also referencing the FTC's April 29, 2022 First Set of Interrogatories Objections).  Finally, Meta has not identified what "factual information" it has requested from third parties and why it needs it.  We would highlight these plain deficiencies for the Court should the parties engage in briefing on this issue.

In the event Meta views the parties at impasse regarding Interrogatory No. 2 even in light of the above, we agree with Meta that this is best resolved by briefing with the Court and propose calling the Court tomorrow (this Thursday) to propose the following briefing schedule and process:

> Meta Opening Brief (March 10): 10 pages
> FTC Opposition Brief (March 22): 15 pages
> Meta Reply Brief (March 27): 5 pages

This proposal will promote more efficient briefing as the parties have already outlined their positions related to privilege-related issues in motion to compel briefing for the Court in July 2022, which the Court has already opined on.  *See* ECF Nos. 188-189 (Order and Memorandum Opinion Denying Meta's Motion to Compel).

In the event that the parties brief this issue, the FTC notes that it has previously told Meta that the original negotiation of custodians was premised on the FTC's (proper) interpretation of Joint Scheduling Order ¶ 16.  In the event that the Court determines that the discovery that Meta seeks is not foreclosed by Joint Scheduling Order ¶ 16, the parties will need to revisit the appropriate custodians for document review.

Letter to Kevin Huff
March 8, 2023
Page 3

Sincerely,

/s/ Jessica Moy
Jessica Moy
*Counsel for Plaintiff Federal Trade
Commission*