IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 1:20-cv-03590-JEB |

**Declaration of Daniel Matheson in Support of Plaintiff Federal Trade Commission's Opposition to Defendant Meta Platforms, Inc.'s Motion to Compel Answer to Interrogatory No. 2**

1

I, Daniel Matheson, declare as follows:

1. I am Chief Trial Counsel of the Federal Trade Commission ("FTC" or "Commission") Bureau of Competition. I am serving as the FTC's lead trial counsel in *FTC v. Meta Platforms, Inc.*, No. 1:20-cv-03590-JEB (D.D.C.). I am admitted to practice in the United States District Court for the District of Columbia.

2. I make this declaration in support of Plaintiff Federal Trade Commission's Opposition to Defendant Meta Platforms, Inc.'s Motion to Compel Answer to Interrogatory No. 2 (ECF No. 253).

3. No later than May 2022, the FTC's counsel proposed to Meta's counsel that the parties should jointly seek resolution from the Court regarding Meta's assertion that Joint Scheduling Order ¶ 16 does not apply to materials created prior to the FTC's Complaint in this litigation. Meta refused to agree to the FTC's proposals to jointly approach the Court. For example, on May 26, 2022 the FTC proposed to Meta that the parties should include the dispute over the issue in the parties' May 31, 2022 Joint Status Report. On May 29, 2022 Meta insisted that the dispute was not ripe and should be withdrawn from the Joint Status Report.

4. Attached as Exhibit 1 is a true and correct copy of the May 12, 2022 Letter from Daniel Matheson (FTC Counsel) to Kevin Huff (Meta Counsel).

5. Attached as Exhibit 2 is a true and correct copy of the April 27, 2022 Letter from Daniel Matheson (FTC Counsel) to Kevin Huff (Meta Counsel).

6. On May 13, 2022, FTC's counsel again explained to Meta's counsel that "These materials [related to Meta's Interrogatory No. 2] are exempted from discovery by Paragraph 16 of the Scheduling Order and subject to a number of applicable privileges, including

deliberative process." Exhibit 21 is a true and correct copy of the May 13, 2022 Letter from Daniel Matheson (FTC Counsel) to Kevin Huff (Meta Counsel) memorializing the FTC's position.

7. On August 22, 2022, FTC's counsel again explained to Meta's counsel that "The FTC made it clear nearly four months ago that materials exchanged solely among and between FTC employees are not subject to discovery, as it is foreclosed by Paragraph 16 of the Court's Scheduling Order, ECF No. 103 (March 3, 2022). We have repeatedly expressed our willingness to clarify this issue with the Court, and each time Meta has refused to seek clarity." Exhibit 22 is a true and correct copy of the August 22, 2022 Letter from Daniel Matheson (FTC Counsel) to Kevin Huff (Meta Counsel) memorializing this position.

8. Again, on September 27, 2022, FTC's counsel explained to Meta's counsel that Meta's Interrogatory No. 2 "seeks discovery into materials which Meta has already agreed "shall not be the subject of discovery" pursuant to Paragraph 16 of the Joint Scheduling Order, ECF 103." The FTC's counsel further explained that "[t]he FTC has repeatedly attempted to seek the Court's guidance on this issue – and if Meta seriously contested the plain language of the Joint Scheduling Order, the parties should have easily agreed to do so. Instead, Meta has at every juncture prevented the FTC from asking the Court to provide a ruling regarding the FTC's clear (and oft-repeated) interpretation of the Joint Scheduling Order." The FTC's counsel thus proposed: "The FTC's position is that the Court would benefit from full briefing on this issue. The FTC suggests that the parties propose to the Court a sensible briefing schedule and page limits. We are available to meet and confer in advance of the September 30 call to the Court to reach agreement on such a schedule and limits." Exhibit 23 is a true and correct copy of the September 27, 2022 Letter from Daniel

Matheson (FTC Counsel) to Kevin Huff (Meta Counsel) memorializing this position. Defendant Meta again subsequently declined to bring this issue to the Court's attention at this time.

9. Defendant Meta has taken 16 hours of nonparty depositions to date (including nonparty witnesses that were originally noticed by the FTC). During deposition of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

10. Attached as Exhibit 3 is a true and correct copy of the court's order from *FTC v. Meta Platforms, Inc. ("Meta/Within")*, No. 22-4325, ECF No. 98-1 (N.D. Cal. Sept. 30, 2022).

11. Attached as Exhibit 4 is a true and correct copy of the court's order from *U.S. v. National Cinemedia, Inc. ("Cinemedia")* No. 14-8732, ECF No. 50 (S.D.N.Y. Feb. 5, 2015).

12. Attached as Exhibit 5 is a true and correct copy of the court's order from *United States v. Apple Inc.*, No. 12-2826, No. 125 (S.D.N.Y. Sept. 14, 2012).

13. Attached as Exhibit 6 is a true and correct copy of excerpts from the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ with testimony not cited redacted. This deposition testimony has been designated Confidential or Highly Confidential pursuant to the Protective Order.

14. Attached as Exhibit 7 is a true and correct copy of FB_FTC_CID_05998976 with portions highlighted. This document has been designated Confidential or Highly Confidential pursuant to the Protective Order.

15. Attached as Exhibit 8 is a true and correct copy of FTC-META-003699968 with portions highlighted. This document has been designated Confidential or Highly Confidential pursuant to the Protective Order.

16. Attached as Exhibit 9 is a true and correct copy of FB_FTC_CID_04240223 with portions highlighted. This document has been designated Confidential or Highly Confidential pursuant to the Protective Order.

17. Attached as Exhibit 10 is a true and correct copy of FB_FTC_CID_08956898 with portions highlighted. This document has been designated Confidential or Highly Confidential pursuant to the Protective Order.

18. Attached as Exhibit 11 is a true and correct copy of FB_FTC_CID_06000903 with portions highlighted. This document has been designated Confidential or Highly Confidential pursuant to the Protective Order.

19. Attached as Exhibit 12 is a true and correct copy of FB_FTC_CID_06148711 with portions highlighted. This document has been designated Confidential or Highly Confidential pursuant to the Protective Order.

20. Attached as Exhibit 13 is a true and correct copy of FB_FTC_CID_06085791 with portions highlighted. This document has been designated Confidential or Highly Confidential pursuant to the Protective Order.

21. Attached as Exhibit 14 is a true and correct copy of FB_FTC_CID_03703708 with portions highlighted. This document has been designated Confidential or Highly Confidential pursuant to the Protective Order.

22. Attached as Exhibit 15 is a true and correct copy of FB_FTC_CID_04336573 with portions highlighted. This document has been designated Confidential or Highly Confidential pursuant to the Protective Order.

23. Attached as Exhibit 16 is a true and correct copy of FB_FTC_CID_02534601 with portions highlighted. This document has been designated Confidential or Highly Confidential pursuant to the Protective Order.

24. Attached as Exhibit 17 is a true and correct copy of FB_FTC_CID_05139523 with portions highlighted. This document has been designated Confidential or Highly Confidential pursuant to the Protective Order.

25. Attached as Exhibit 18 is a true and correct copy of SCO_00000282. This document has been designated Confidential or Highly Confidential pursuant to the Protective Order.

26. Attached as Exhibit 19 is a true and correct copy of FB_FTC_CID_10650595. This document has been designated Confidential or Highly Confidential pursuant to the Protective Order.

27. Attached as Exhibit 20 is a true and correct copy of excerpts ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ with testimony not cited redacted. This deposition testimony has been designated Confidential or Highly Confidential pursuant to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of March, 2023, in Arlington, Virginia.

Respectfully submitted,

*/s/ Daniel Matheson*

Daniel Matheson (D.C. Bar 502490)

6