# EXHIBIT 22



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Daniel J. Matheson
Bureau of Competition
Phone: (202) 326-2075
Email: dmatheson@ftc.gov

August 22, 2022

**By Electronic Mail**

Kevin B. Huff, Esq.
Kellogg, Hansen, Todd, Figel & Frederick, PLLC
1615 M Street NW, Suite 400
Washington, D.C. 20036

    RE:    Meta Discovery Requests, *FTC v. Meta Platforms, Inc.*, Civ. Action No. 1:20-cv-03590 (JEB) (D.D.C.)

Dear Kevin:

    I write in response to your letter of August 18. With respect to the interrogatories you identify, you asked the FTC to respond in two business days regarding interrogatory issues that were, for the most part, last addressed by the parties in approximately May. We believe that is an unreasonable request for expedition, given Meta's long delay in addressing issues that the FTC believed to be long settled. We are available to meet and confer this week, but to maximize efficiency we preview our positions below.

- Interrogatory No. 2: The FTC made it clear nearly four months ago that materials exchanged solely among and between FTC employees are not subject to discovery, as it is foreclosed by Paragraph 16 of the Court's Scheduling Order, ECF No. 103 (March 3, 2022). *See* Matheson Ltr. to Huff (April 27, 2022); FTC Responses and Objections to Meta's First Set of Interrogatories, General Objection 4 and Specific Objections 1 and 2 (April 29, 2022); Matheson Ltr. to Huff (May 12, 2022); Matheson Ltr. to Huff (May 13, 2022). We have repeatedly expressed our willingness to clarify this issue with the Court, and each time Meta has refused to seek clarity. It is not well taken for Meta to attempt to revisit this issue now: as the FTC has informed Meta more than once, Meta's incorrect interpretation of Paragraph 16 would impact the discoverability of its own internal communications, which would impact Meta's compliance with the discovery the FTC has served on Meta. The Court has instructed Meta to comply with the FTC's First Set of Requests for Production by November 16, 2022. Any interpretation of Paragraph 16 that would open to discovery materials exchanged solely among Meta's counsel (including those acting on their behalf), which could potentially require a renegotiation of custodians

Letter to Kevin Huff
August 22, 2022
Page 2

that could make it difficult for Meta to comply with the Court's instructions. In any event, the materials you seek are protected from discovery by a number of applicable privileges.

- Interrogatory No. 3: The FTC will supplement its response when it is in a position to do so. Contrary to your suggestion, the FTC has not received meaningful discovery from Meta. Moreover, we have not yet received complete discovery from many of the third parties you indicate could be impacted by Interrogatory No. 3. It is not clear to us what further information could be called for at this time, given the limited discovery available to the FTC, or why August 29, 2022 is an appropriate date by which to demand a further response, given Meta's long delay in raising an issue on which the FTC's position has been clear since at least May. We are available to meet and confer to discuss our response.

- Interrogatories No. 4 and 5: You have articulated no reason that August 29, 2022 is an appropriate date by which to demand a further response, given Meta's long delay in raising an issue on which the FTC's position has been clear since at least May. We are available to meet and confer to discuss our responses.

- Interrogatories No. 8 and 9: The parties discussed these interrogatories on multiple occasions, and the FTC agreed to provide a list of Bureau of Competition personnel within the Mergers I Division in satisfaction of these interrogatories. Meta apparently would like to renegotiate what the FTC believed to be an agreement between the parties, but provides no reason that the parties should do so, nor any reason why requiring the FTC to conduct an additional inquiry is proportionate to the needs of the case in light of the relevance of the additional information sought, and the fact that information regarding Bureau of Economics personnel involved in the Instagram investigation is available in the privilege log and in the redacted documents that the FTC has already produced to Meta. We are available to meet and confer to discuss our responses.

- Interrogatory No. 11: We provided a supplemental response on June 14, 2022, as your correspondence noted. It is not clear to us what further information could be called for by the interrogatory that Meta served, or why August 29, 2022 is an appropriate date by which to demand a further response, given Meta's long delay in raising an issue on which the FTC's position has been clear since at least June 14, 2022. We are available to meet and confer to discuss our response.

Letter to Kevin Huff
August 22, 2022
Page 3

      With respect to the Requests for Production you have identified: the FTC is investigating those issues, and anticipates providing a response this week or next week.

                                                      Sincerely,

                                                      <u>/s/ Daniel Matheson</u>
                                                      Daniel J. Matheson
                                                      *Counsel for Plaintiff Federal Trade Commission*