# EXHIBIT 23



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Daniel J. Matheson
Bureau of Competition
Phone: (202) 326-2075
Email: dmatheson@ftc.gov

September 27, 2022

**By Electronic Mail**

Kevin B. Huff, Esq.
Kellogg, Hansen, Todd, Figel & Frederick, PLLC
1615 M Street NW, Suite 400
Washington, D.C. 20036

      **RE:**    Meta Discovery Requests, *FTC v. Meta Platforms, Inc.*, Civ. Action No. 1:20-cv-03590 (JEB) (D.D.C.)

Dear Counsel:

    I write in response to your correspondence of September 22, 2022.

### 1. Dispute Concerning the FTC's Response to Meta's Interrogatory No. 2

    As the FTC made clear many months ago, the FTC's position is that Meta seeks materials protected by multiple privileges including attorney work product protection and the deliberative process privilege. Your effort to seek this privileged information is disproportionate to the needs of the case. Moreover, Meta seeks discovery into materials which Meta has already agreed "shall not be the subject of discovery" pursuant to Paragraph 16 of the Joint Scheduling Order, ECF 103. For months, the FTC has explained its consistent position on this issue in repeated correspondence and on multiple occasions during meet-and-confers. The FTC has repeatedly attempted to seek the Court's guidance on this issue – and if Meta seriously contested the plain language of the Joint Scheduling Order, the parties should have easily agreed to do so. Instead, Meta has at every juncture prevented the FTC from asking the Court to provide a ruling regarding the FTC's clear (and oft-repeated) interpretation of the Joint Scheduling Order. Meta's tactic has been to delay resolution of this dispute, but it is not apparent to the FTC why Meta has chosen to do so. In the FTC's view, Meta's conduct has benefited neither party, nor the Court. At this point, Meta's new assertion that the parties should re-open the issue of whether each parties' work product is discoverable under the Joint Scheduling Order is an abuse of the discovery process.

    Further, the FTC has stated multiple times that if Meta's position is that Paragraph 16 of the Joint Scheduling Order is of no further effect, Meta must identify the in-house counsel,

Letter to Kevin B. Huff
September 27, 2022
Page 2

outside counsel, and experts from which Meta intends to collect documents, consistent with Meta's affirmative obligation to identify documents that are responsive to the FTC's Requests for Production. We again request, as we have requested for many months, that you provide this information if you truly seek a bilateral discussion regarding custodians and discovery of work product. Meta has refused to engage with the FTC's position or provide any response to the FTC's clearly stated position. Meta's unexplained refusal to meet and confer with us in good faith on this issue, and its refusal to provide any response in writing, plainly indicates that you do not take seriously your supposed interpretation of the Joint Scheduling Order. To be clear, we reserve all rights, despite Meta's consistent refusal to meet and confer in good faith or provide any information to the FTC regarding the in-house and out-side-counsel attorneys and consultants who shall be Meta's document custodians.

The FTC's position is that the Court would benefit from full briefing on this issue. The FTC suggests that the parties propose to the Court a sensible briefing schedule and page limits. We are available to meet and confer in advance of the September 30 call to the Court to reach agreement on such a schedule and limits.

## 2. The FTC's Responses to Meta Interrogatory No. 1

Four months ago, the FTC provided to Meta the names of each third party that the FTC interviewed or sought to interview during the Prior Instagram Investigation, the Prior WhatsApp Review, and the Pre-Complaint Investigation in this matter. *See* May 27, 2022 FTC Supplemental Objections and Responses to Meta's First Set of Interrogatories. This information was provided as part of an agreed-upon compromise in an effort to avoid disputes, without prejudice to the FTC's position that an inquiry into the FTC's interview memoranda violates Paragraph 16 of the Joint Scheduling Order, ECF 103. Meta has had ample time and opportunity to contact each of these third parties to ascertain which individuals were involved in any interviews, and what information (if any) was provided to the FTC. Your correspondence of September 22 does not indicate that Meta has had any difficulty in contacting any third party identified by the FTC on May 27, and does not indicate that Meta has had any difficulty in identifying the specific names of the individuals that spoke with FTC attorneys. Nonetheless, Meta now requests that the FTC review and summarize its work product generated during each investigation in an effort to ascertain the names of the specific individuals involved. The FTC views Meta's request as unduly burdensome in light of the information already provided, and also inconsistent with Paragraph 16 of the Joint Scheduling Order, ECF 103. Nonetheless, in an effort to avoid needless disputes, the FTC will agree to conduct a reasonable inquiry to provide by October 7, 2022 the specific names of individuals interviewed.

## 3. The FTC's Responses to Meta Interrogatory Nos. 3 and 11

The FTC has made clear that it will supplement its response to Interrogatories No. 3 and 11 when and to the extent that it obtains information sufficient to do so. The FTC's responses remain accurate and current, and we have provided all the responsive information currently in our possession. Meta wrongly suggests that the FTC must possess new information given its September 12, 2022 response to Meta's feature list. Rather, nothing about the FTC's September

Letter to Kevin B. Huff
September 27, 2022
Page 3

12 response has altered or otherwise rendered inaccurate the FTC's responses to Meta Interrogatory Nos. 3 and 11.

      The FTC will again commit to supplement its response to Interrogatory Nos. 3 and 11 when, and to the extent that, it obtains information sufficient to do so. Meta's request that the FTC immediately commit to provide such an update by October 7 is entirely unexplained. Indeed, it appears to be an unhelpful tactic to generate needless disputes in advance of the parties' call with the Court on September 30.

      To be clear: discovery is ongoing. At this point, Meta cannot possibly claim that it has satisfied its obligation to respond to the discovery the FTC has propounded. Moreover, even if Meta had fully responded to the FTC's discovery requests, the FTC has not had sufficient time to assess Meta's responses. Likewise, third party discovery is ongoing. Indeed, Meta itself has claimed – on the same date as your correspondence – that it cannot respond to the FTC's interrogatories until discovery is completed, including expert discovery. *See* Meta's Supplemental Objections and Responses to FTC Interrogatory No. 4 (Sept. 22, 2022); Meta's Supplemental Objections and Responses to FTC Interrogatory No. 6 (Sept. 22, 2022). While the FTC may dispute the merits of Meta's assertions regarding Meta's inability to provide adequate interrogatory responses, Meta certainly cannot expect the FTC to respond at an arbitrary juncture to interrogatories seeking information that is the subject of ongoing discovery. The FTC will supplement its responses to Meta Interrogatory Nos. 3 and 11, if appropriate, at an appropriate time.

      Respectfully,

      /s/ Daniel Matheson
      Daniel J. Matheson
      *Counsel for Plaintiff Federal Trade Commission*