# Exhibit B

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Civil Action No. 1:20-cv-03590 (JEB) |
| Plaintiff, | |
| v. | |
| META PLATFORMS, INC., | |
| Defendant. | |

**DECLARATION OF CHRISTEN DUBOIS IN SUPPORT OF
META PLATFORMS, INC.'S OPPOSITION TO THE FTC'S
MOTION TO COMPEL ANSWERS TO INTEROGATORY NOS. 10, 11, 12
REGARDING DEFENDANT META PLATFORMS, INC'S ASSERTED
PROCOMPETIVE JUSTIFICATIONS**

1.      My name is Christen Dubois.  I am over 21 years of age, and I am competent to make this declaration.  The statements herein are true and are within my personal knowledge unless stated otherwise.

2.      I reside in Redwood City, CA.

3.      I am an attorney in good standing and licensed to practice law in California.

4.      I have served as in-house counsel for Meta since April 2011, and my current title is Director and Associate General Counsel, Litigation.

5.      I have reviewed the Federal Trade Commission's Interrogatories 10, 11, and 12, and Meta's Responses to them.  For the reasons explained below, responding to these Interrogatories as written would entail an extreme burden.

6.      Interrogatory 10 would require Meta to itemize and provide a detailed description of every "Specific Action" taken to achieve each and every "Procompetitive Benefit" to the acquisitions or relevant "improvement[]" to Instagram and WhatsApp.  The FTC defined "Specific Action" as "each specific action resulting in or associated with a Procompetitive

Benefit, including, but not limited to, actions" regarding several specified categories: "improve infrastructure"; "improve integrity"; "launch or improve features"; "launch or improve monetization"; "grow the number of users or increase engagement"; "use or share Meta's personnel, know-how, access to capital, or corporate organization"; "use or share Instagram's or WhatsApp's personnel or know-how"; and "improve the Facebook Family of Apps." Interrogatory 11 is even more expansive: it asks Meta to "Identify and describe in detail the specific methods, tools, or actions taken to manage or address Integrity on the Facebook Family of Apps" – in other words, on not only Instagram and WhatsApp, but Facebook, as well. Interrogatory No. 12 asks that Meta "Identify, describe in detail, and state the basis for, the monetary, technological, or personnel resources the Company contends contributed, either separately or collectively, to the improvements referenced in the Company's denial of the FTC's Requests for Admission Number 4 through 10."

7.      Meta has made improvements and investments in Instagram and WhatsApp on a regular basis since it acquired them.  Meta does not record each and every one of these improvements and investments in the ordinary course.  And the FTC brought this action many years after the transactions closed, which further prevents Meta from being able to identify in interrogatory responses every "Specific Action" (including the details regarding the timeline, costs, specific tools, methods, strategies, personnel, and technologies employed) or all "specific methods, tools, or actions."  To the best of my knowledge, there is no identifiable source of information at Meta that would permit it to accurately reconstruct and reduce to writing this and the other responses called for by Interrogatories 10, and 11 to the degree of granularity the FTC appears to be seeking.

8.      In its Responses to Interrogatory 10, Meta endeavored in good faith to identify significant benefits of its acquisitions of Instagram and WhatsApp, and to provide citations to documents and other evidence regarding various actions to achieve them.  But it would be extremely burdensome—if not impossible—to respond to the Interrogatory as written.

9.      Interrogatory No. 12 seeks information about the "improvements referenced in the

Company's denial of the FTC's" RFAs.  But to my knowledge, Meta did not reference any improvements in its denial of those Requests.  To the extent that Interrogatory No. 12 calls for a response similar to that called for by Interrogatory No. 10, that response would be extremely burdensome to prepare for the reasons explained above.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 11, 2023, in  Redwood City, CA.


   _s/ Christen Dubois_
     Christen Dubois

   *Director and Associate General Counsel, Litigation,*
   *Meta Platforms, Inc.*