UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**META PLATFORMS, INC.,**<br><br>Defendant. | Civil Action No. 20-3590 (JEB) |

## MEMORANDUM OPINION AND ORDER

The Federal Trade Commission alleges in this antitrust action that Meta Platforms, Inc. has unlawfully maintained a monopoly over the market for "Personal Social Network Services" by acquiring competitors and potential competitors, specifically Instagram and WhatsApp. This Court's decisions on Meta's earlier motions to dismiss fully explain the nature of the case. Fed. Trade Comm'n v. Facebook, Inc., 560 F. Supp. 3d 1 (D.D.C. 2021) (granting dismissal with leave to amend); Fed. Trade Comm'n v. Facebook, Inc., 581 F. Supp. 3d 34 (D.D.C. 2022) (denying dismissal).

Now before the Court is Meta's Motion to Compel the FTC to answer one of its March 2022 interrogatories. See ECF No. 254 (Motion to Compel). As background, Interrogatory No. 1 requested the FTC to identify "all Persons [it had] communicated with relating to" three prior investigations: (a) its 2012 investigation arising from Meta's pre-merger notification of its intended acquisition of Instagram, (b) its 2014 investigation of Meta's pre-merger notification of its intended acquisition of WhatsApp, and (c) its investigatory activities preceding the filing of this action. Id. (emphasis added); ECF No. 254-3, Exh. A (FTC's Suppl. Objs. & Resp. to

1

Meta's First Set of Interrogs. Nos. 1-2) at 11.  Meta does not dispute that the FTC adequately responded to this Interrogatory.

Interrogatory No. 2, however, goes further — it requests that the FTC "identify <u>all</u> <u>Communications</u> between [it] and any other Person relating to" any of the three prior investigations.  <u>See</u> FTC's Suppl. Objs. & Resp. to Meta's First Set of Interrogs. Nos. 1-2 at 11 (emphasis added).  This is the Interrogatory that Meta moves to compel an answer to, although it has apparently limited its Motion to records from the Instagram and WhatsApp investigations.  <u>See</u> Motion to Compel at 15 (asking this Court to "order the FTC promptly to provide a complete answer to Interrogatory No. 2 . . . regarding the Instagram and WhatsApp acquisitions").  Instruction No. 13, moreover, directs that in responding to Interrogatory No. 2, the FTC shall provide a variety of background data and "a description of the facts conveyed in the . . . Communication to the extent they are not memorialized in a Document produced in this Action."  <u>Id.</u> at 3; FTC's Suppl. Objs. & Resp. to Meta's First Set of Interrogs. Nos. 1-2 at 1.

The FTC has objected to Interrogatory No. 2 on the ground that it violates ¶ 16 of the Joint Scheduling Order entered by this Court in March 2022, which provides:

> [T]he following privileged or otherwise protected communications <u>shall not be the subject of discovery</u>, need not be preserved, and need not be placed on a privilege log: emails, notes, drafts, communications, memoranda, documents, or other product produced by or exchanged solely among and between . . . counsel for the Federal Trade Commission (or persons employed by the Federal Trade Commission) . . . .

ECF No. 103 (JSO), ¶ 16 (emphasis added).

The parties discussed this subject in the course of discovery conferences, during which the FTC explained that it did "not possess any transcripts of, or memoranda memorializing, any third-party interviews conducted during" the Instagram and WhatsApp investigations.  <u>See</u> ECF

No. 259-3, Exh. 2 (Letter from FTC to Kevin Huff) at 3. The only records the FTC possessed of such communications were "scanned copies of handwritten attorney notes concerning certain third-party interviews conducted during the Instagram investigation." Id. at 4. In the FTC's view, JSO ¶ 16 effects a waiver of any right Meta has to make the handwritten notes a subject of discovery, and it thus refused to further answer Interrogatory No. 2 on that basis. The FTC also objected to disclosing the substance of third-party interviews on the ground that such information was protected by the work-product doctrine and deliberative-process privilege. As the Court believes that JSO ¶ 16 affords a complete ground for denying Meta's Motion, it need not address the other privilege questions.

The relevant JSO provision excludes from "the subject of discovery" any "notes" that may contain otherwise relevant information that were "produced by . . . counsel for the [FTC] (or persons employed by the [FTC])." JSO, ¶ 16. While it is clear that Interrogatory No. 2 seeks the "sum and substance" of the interview "notes" drafted by FTC counsel, see FTC's Suppl. Objs. & Resp. to Meta's First Set of Interrogs. Nos. 1-2 at 13, Meta goes to great lengths to argue the contrary. It asserts that it is not the notes that it wants, but rather only the facts stated in the notes. See Motion to Compel at 1 (mentioning word "facts" eleven times in introduction to Motion). Yet this appears too clever by half. Meta wants the contents of the notes, but not the notes themselves. If such a position does not violate the letter of the JSO, it plainly violates its spirit.

This is particularly true given that JSO ¶ 16 precludes the notes from being "the subject of discovery." Had Meta posed a simpler interrogatory to the FTC — viz., state everything in the notes relevant to the issues in this case — the answer would clearly be barred by JSO ¶ 16. In the context of the discovery in this case, Interrogatory No. 2 as drafted attempts to achieve the

3

same goal of forcing the FTC to disclose information that Meta agreed in JSO ¶ 16 would be exempt.

Exempting these notes from discovery also accords with the plain language of the parties' agreement; remember, JSO ¶ 16 was drafted by their counsel and jointly proposed for adoption by the Court.  If JSO ¶ 16  was designed solely to relieve the parties of their obligations to include arguably protected documents on their privilege logs (as Meta seems to argue, contending that ¶ 16 is a mere "exemption from privilege logging," ECF No. 262 (Reply) at 5), the lead paragraph would not have needed the key phrase "shall not be the subject of discovery." The Court cannot read the "subject of discovery" phrase out of JSO ¶ 16 as mere surplusage. See Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts § 26 (1st ed. 2012) (discussing the "surplusage canon" of construction, which provides that "[i]f possible, every word and every provision is to be given effect . . . . None should be ignored. None should be given an interpretation that causes it . . . to have no consequence.").

The Court's conclusion in this regard is fortified by comparing JSO ¶ 16 with ¶ 18, regarding discovery of expert materials.  As with ¶ 16, the parties proposed identical versions of what eventually became ¶ 18:

> Expert Witness Disclosures – Materials Protected from Disclosure. The following information, documents, and materials are not discoverable, and need not be preserved or disclosed for purposes of complying with Federal Rule of Civil Procedure 26(a)(2), 26(b)(4) . . . unless such materials provide the only record of a fact or assumption . . . . that the expert relied on in forming the opinions to be expressed . . . .

ECF No. 100-1 (FTC Proposed JSO), ¶ 23; ECF No. 100-2 (Meta Proposed JSO), ¶ 21; see also JSO, ¶ 18.  Whereas the language of JSO ¶ 16 exempts certain materials broadly from being the "subject of discovery" — a prohibition that would include not only requests for the specific materials themselves but also questions related to those materials and their contents — ¶ 18

4

merely outlines certain "information, documents, and materials" that are specifically "not discoverable." Paragraph 18 also demonstrates that the parties anticipated that there could be situations in which documents they desired to keep confidential could be (as with the FTC's interview notes) the "only record" of such information and devised a means of dealing with that situation. The omission of a parallel provision in ¶ 16 is therefore instructive.

Meta also argues that the Instagram and WhatsApp investigative notes are not protected by JSO ¶ 16 because that provision "applies only to documents prepared since the commencement of the present litigation." Motion to Compel at 15. But JSO ¶ 16 has no language limiting its scope in this way, and the Court is reluctant to adopt such a cabined reading of that provision.

Meta also explains that documents, data, and witness memories have been lost in the decade since the Instagram and WhatsApp investigations; as a result, it believes that the Court's interpretation of the meaning and scope of JSO ¶ 16 is "unfair" to Meta. See Reply at 4–5. Nothing Meta has presented shows that what has been lost to time is unique or irreplaceable, much less admissible, given that any answer the FTC would provide on this Interrogatory would be purely hearsay. Meta's counsel also likely created their own notes in the course of preparing Meta employees for FTC interviews, which notes would have contained "facts" that Meta believed were privileged from production by the attorney-client privilege or the work-product doctrine. JSO ¶ 16 enabled Meta to avoid having to scour its privileged materials for "facts" that otherwise would be responsive to the FTC's interrogatories, such as Interrogatory Nos. 10-12 relating to "procompetitive benefits" of its acquisitions. See ECF No. 267 (FTC Motion to Compel) at 2.

Last, Meta argues that "good cause exists to modify [JSO ¶ 16] to require the FTC to answer Interrogatory No. 2." Motion to Compel at 15. But, as the FTC points out, see ECF No. 260 (Opp.) at 5, Meta has not made such a motion, nor has it sought to meet and confer on the topic of JSO modification (as required). Indeed, since May 2022, Meta has delayed the process of bringing this precise question to the Court for resolution by objecting to its inclusion in the parties' routine Joint Status Reports. Id. at 6. In this context, and with little time left for merits discovery, the Court does not discern "good cause" for modifying JSO ¶ 16.

The Court accordingly ORDERS that the Motion to Compel is DENIED.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: April 12, 2023