HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 1:20-cv-03590-JEB |

**PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION TO COMPEL DEFENDANT META PLATFORMS, INC.'S PRODUCTION OF DOCUMENTS**

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

The FTC respectfully asks the Court to compel Meta's production of two discrete sets of documents: (1) a limited refresh of documents responsive to the FTC's First Set of Requests for Production ("First RFPs"); and (2) a notorious internal Meta memo and communications relating to that memo.

## I. Refresh Request

The FTC has asked Meta to conduct a targeted refresh, through April 1, 2023, of documents responsive to the FTC's First Set of RFPs, limited to: (1) documents relevant to recent presentations to Meta's Board of Directors; (2) regular reports that summarize the status of Meta's relevant applications; (3) periodic reports and newsletters related to Meta's Consumer Product Strategy & Insight Group; (4) recent submissions to the European Commission; and (5) responsive documents from eleven key executives that hit on a small subset of the search terms on which the parties agreed. *See* Ex. A (4/5/2023 Matheson Ltr.). Apart from a subset of the third category, Meta refuses to refresh its production, while simultaneously claiming the right to spring any cherry-picked set of documents on the FTC – at any time prior to trial – with only 48 hours notice. *See* Ex. B (10/6/2022 Brenner Ltr.) at 1. Meta cannot have it both ways. *Beyene v. Hilton Hotels Corp.*, 2012 WL 13214662, at *2 (D.D.C. Nov. 13, 2012) ("As with witnesses, [Federal Rule of Civil Procedure] 37(c)(1) provides for the exclusion of documents not disclosed as required under Rule 26(a) and (e) unless the failure was substantially justified or is harmless."); LCvR 26.2(a).

The FTC served its First RFPs on February 15, 2022. The FTC requested that Meta begin collecting and producing documents promptly, Ex. C (4/5/2022 Matheson Ltr.) at 2, but Meta refused, and the FTC understands that Meta did not actually begin its custodial collection until after June 30, 2022. Meta claimed in December 2022 that it completed its production, ECF No. 227 at 1, although Meta continues to produce selective sets of documents on the eve of depositions, and refuses to explain its reasons. *See* Ex. D (4/6/2023 Brenner Ltr.). Thus, while

Meta's document review relevant to the FTC's First RFPs is apparently incomplete, it insists that its June 30, 2022 collection is the only one it will undertake in response to the FTC's First RFPs.

At some point the fact discovery record must close, and the parties must proceed based on evidence that is known to both sides and properly disclosed during fact discovery.  Fed. R. Civ. P. 37(c); LCvR 26.2(a); *see also FTC v. Qualcomm*, 411 F. Supp. 3d 658, 812 (N.D. Cal. 2019), *rev'd on other grounds*, 2020 U.S. App. LEXIS 25347 (9th Cir., Aug. 11, 2020) (rejecting a defendant's argument that "a court must consider "post-discovery evidence of current market power" before issuing an injunction").  But fact discovery is not yet over, and the FTC accordingly seeks a modest refresh of Meta's production to provide an additional nine months of transparency into a limited set of documents relevant to critical witnesses.  Such transparency is necessary, as witnesses have testified at deposition to market conditions that post-date June 2022 – this is only natural because depositions did not begin in earnest until late December of 2022. Meta's unjustified refusal to update its production of responsive documents would deny the FTC relevant contemporaneous information that would allow the FTC to explore and potentially rebut self-serving testimony provided by Meta's executives regarding the final two quarters of 2022 and the first quarter of 2023.  Accordingly, the Court should instruct Meta to refresh its production by (1) running the search terms identified by the FTC over the files of the eleven relevant executives, for the period June 30, 2022 through April 1, 2023, and producing documents responsive to the FTC's First RFPs; and (2) conducting a reasonable search for the specific documents the FTC has described to Meta.  *See* Ex. A.

    **II.**    **FTC's RFP No. 105**

The FTC's RFP No. 105 seeks documents relating to a 2016 memo authored by Meta's current Chief Technology Officer, Andrew Bosworth.  *See* Ex. E (FTC's Seventh

RFPs) at 2. Mr. Bosworth's memo, and other executives' reactions to that memo, are relevant to the FTC's case for at least two reasons.

*First*, public reports indicate that the memo describes Meta's core service as centering on "connecting people," supporting the FTC's market allegations in this matter:

> The ugly truth is that we believe in connecting people so deeply that anything that allows us to connect more people more often is *de facto* good. . . . It is literally just what we do. We connect people. Period. That's why all the work we do in growth is justified. All the questionable contact importing practices. All the subtle language that helps people stay searchable by friends.

*See* Ryan Mac et al., *Growth at Any Cost: Top Facebook Executive Defended Data Collection in 2016 Memo – And Warned that Facebook Could Get People Killed*, BuzzFeed News (Mar. 29, 2018), https://bit.ly/3mORAzY.

*Second,* Mr. Bosworth's memo reflects the attitude and approach of Meta leadership in managing aspects of the user experience on its applications, including on "integrity" related issues. Mr. Bosworth's memo acknowledges Meta's recognition of, and apparent indifference towards, the spread of harmful content on its platform: "So we connect more people. That can be bad if they make it negative. Maybe it costs a life by exposing someone to bullies. Maybe someone dies in a terrorist attack coordinate on our tools. And still we connect people." *Id.* This indifference is instructive of Meta's lack of competitive constraints, and it undermines Meta's claims of having made Instagram and WhatsApp better products, including with respect to integrity-related issues and other user quality dimensions. *See* ECF No. 267 (FTC Motion to Compel) at 6-7.

Mr. Bosworth's memo reportedly prompted intense reactions within Facebook. After the memo was leaked publicly in 2018, "Facebook employees said . . . that discussions were raging across the company regarding the merits of the post." Sheera Frenkel & Nellie Bowles, *Facebook Employees in an Uproar Over Executive's Leaked*

*Memo*, New York Times (Mar. 30, 2018), https://nyti.ms/2E79BNy; *see also* Peter Martinez, *2016 Facebook Memo Suggests Company Values Growth Over User Safety*, CBS News (Mar. 29, 2018), https://cbsn.ws/3H5gfHE (Mr. Bosworth acknowledging the internal debate caused by his memo). ███████████████████████████

████████████████████████████████████████████████

██████████████████████

Given the memo's relevance to the FTC's allegations, and the debate it reportedly provoked, the FTC asked Meta to conduct a reasonable search for the memo and internal communications relating to the memo. ████████████████████████████████

████████████████████████████████████ contemporaneous documentary evidence is critical to understand both Mr. Bosworth's and other Facebook employees' thinking at the time the memo was first posted and subsequently leaked.

Meta represents that Mr. Bosworth deleted the memo and it cannot locate any copies. As to the FTC's request for communications or reactions to the memo, Meta refuses to conduct a reasonable search and has rejected the FTC's repeated requests to negotiate a reasonable scope of production. The FTC is not asking Meta to scour its records in search of every communication or reaction ever sent relating to the memo. Rather, the FTC believes narrow searches, focused on the time of the memo's internal posting in Summer 2016 and its public leak in Spring 2018, would minimize any burden and limit the scope to only the most relevant materials. The FTC remains open to discussing with Meta the scope of RFP, but as Meta has refused to make any proposal, the FTC is forced to ask the Court to instruct Meta to conduct a reasonable search.

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

| | |
|---|---|
| Dated: April 21, 2023 | Respectfully submitted,<br><br>By: */s/ Daniel Matheson*<br>Daniel Matheson (D.C. Bar 502490)<br>Krisha Cerilli (D.C. Bar 983281)<br>Maria Dimoscato (D.C. Bar 489743)<br>Patricia Galvan<br>Susan Musser (D.C. Bar 1531486)<br>Nathan Brenner<br><br>Federal Trade Commission<br>Bureau of Competition<br>400 Seventh Street, S.W.<br>Washington, D.C. 20024<br>Telephone: (202) 326-2075<br>Email: dmatheson@ftc.gov<br><br>*Attorneys for Plaintiff*<br>*Federal Trade Commission* |

6

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2023, I caused true and correct copies of the foregoing PLAINTIFF FEDERAL TRADE COMMISSION'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES to be served via electronic mail on counsel listed below:

Mark C. Hansen
Kevin B. Huff
Kenneth M. Fetterman
Geoffrey M Klineberg
Kevin J. Miller
Aaron M. Panner
Alex A. Parkinson
Ana Nikolic Paul
Aaseesh P. Polavarapu
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. Suite 400
Washington, DC 20036
Tel: 202-326-7900
mhansen@kellogghansen.com
khuff@kellogghansen.com
kfetterman@kellogghansen.com
gklineberg@kellogghansen.com
kmiller@kellogghansen.com
apanner@kellogghansen.com
aparkinson@kellogghansen.com
apaul@kellogghansen.com
apolavarapu@kellogghansen.com

Sonal N. Mehta
Wilmer Cutler Pickering Hale & Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: 650-858-6000
sonal.mehta@wilmerhale.com

David Gringer
Wilmer Cutler Pickering Hale & Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: 212-230-8800
david.gringer@wilmerhale.com
James P. Rouhandeh
Michael Scheinkman

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
Tel: 212-450-4000
rouhandeh@davispolk.com
michael.scheinkman@davispolk.com

By: */s/ Daniel Matheson*
Daniel Matheson (D.C. Bar 502490)

Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorneys for Plaintiff*
*Federal Trade Commission*