# EXHIBIT D



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Nathan Brenner
Bureau of Competition
Phone: (202) 326-2314
Email: nbrenner@ftc.gov

April 6, 2023

**By Electronic Mail**

Silvija A. Strikis
Kenneth M. Fetterman
Kellogg, Hansen, Todd, Figel & Frederick, PLLC
1615 M Street NW, Suite 400
Washington, D.C. 20036

Counsel,

In recent weeks, Meta has made serial productions of documents seemingly responsive to the FTC's First Set of Requests for Production of Documents ("RFPs"), and yet produced months after Meta represented to the Court that it had completed such productions.  *See* Jan. 30 Joint Status Report at 10 (noting that Meta's discovery deadline for completing production was originally November 16, 2022, and subsequently extended to December 7, 2022), 51 (Meta representing that, after discovering a missing tranche of responsive documents, it would substantially complete production of this belated set by February 15, 2023), ECF No. 237.  On March 31, the parties met and conferred to discuss this issue as it relates to late-produced WhatsApp chats, but Meta's deficiency appears to affect an even broader set of documents.  The FTC requests Meta's prompt explanation for the cause of these apparently dilatory productions.

**Custodial WhatsApp Messages**

Initially, and as already noted, it appears that Meta is habitually producing a deponent's WhatsApp messages just days before that individual's deposition takes place.  *See e.g.*, Mar. 27 2023 Letter from Aaseesh P. Polavarapu (accompanying production of 64 WhatsApp chats for Mr. Adam Mosseri and Ms. Marne Levine, two days before Mr. Mosseri's deposition); Mar. 14 Letter from Aaseesh P. Polavarapu (accompanying production of 6,343 documents, including WhatsApp chats for Mr. Tom Alison, three days before Mr. Alison's deposition).  When asked for an explanation, Meta said only that it has been "doing clean up" on responsive materials before the close of fact discovery; Meta refused to offer any further details or justification for its late productions.

The parties should meet and confer to discuss this issue, and Meta should be prepared to provide a comprehensive and forthright explanation that, at a minimum, answers to the following questions:

1) The parties spent months negotiating search terms to address the FTC's First Set of RFPs. Is Meta representing that it ran those search terms across WhatsApp messages for all relevant custodians?

2) When did Meta's preservation of such messages begin?

**Additional Belated Productions**

In addition to the WhatsApp messages described above, Meta's productions have dribbled in belatedly without explanation. As one example, Meta produced more than 20 new documents on February 22, in response the FTC's Interrogatory No. 3, which was originally served nearly a year ago in May 2022. When the FTC requested an explanation for Meta's late production, Meta took three weeks to construct its response, and even then provided little to no justification. Specifically, Meta's response failed to explain why Meta's searches in response to the FTC's First Set of RFPs did not identify these documents. In another example, on April 2, Meta produced 40 new documents in connection with Blake Cutler's deposition, which took place two days later. Many of these documents appear responsive to the FTC's First Set of RFPs, and so again the FTC is left wondering why they were not produced months ago.

These and other examples exacerbate the FTC's pre-existing concern regarding Meta's belated and apparently selective productions shortly in advance of depositions. The parties should meet and confer to discuss these issues, and Meta should be prepared to explain which files it searched, when its retention practices for files began, and how these late-produced documents were missed until just months before the close of fact discovery.

**Missing Custodial Messages**

The FTC has also found that some volume of messaging records have seemingly not been produced at all. ██████████████████████████████████████████████████
██████████████████████████████████████████████████ But the FTC is unable to locate these chats aside from ██████████████ ████████████████████████████████████████ reveals that these chats were sent in September 2020, and so presumably should have been collected and searched in response to the FTC's First Set of RFPs.

The parties should meet and confer to discuss this issue, and Meta should be prepared to provide a comprehensive and forthright explanation that, at a minimum, answers to the following questions:

2

1) Aside from WhatsApp, from which other SMS/Messaging applications did Meta pull documents for review and production?

2) Is Meta representing that it ran the agreed-upon search terms, referenced above, across each of these SMS/Messaging application messages for all relevant custodians?

3) When did Meta's preservation of such messages begin?

4) Is it correct that Meta has not produced the messages ██████████████████ ██████████████████ and if not why not?

\* \* \*

Please propose a date for a meet and confer when Meta will be prepared to address these various issues.

/s/ Nathan Brenner
Nathan Brenner