# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FEDERAL TRADE COMMISSION**,

                Plaintiff,

      v.

**META PLATFORMS, INC.**,

                Defendant.

Civil Action No. 1:20-cv-03590 (JEB)

**PLAINTIFF FEDERAL TRADE COMMISSION'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT META PLATFORMS, INC.**

    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Federal Trade Commission ("FTC") requests that Defendant Meta Platforms, Inc. ("Meta") produce the documents requested in this Seventh Set of Requests for Production ("Requests") for inspection, examination, and production.  The documents requested herein should be sent to Daniel J. Matheson, Federal Trade Commission, 600 Pennsylvania Avenue, NW, Washington, DC 20580, or to another designee that shall be mutually agreed upon between counsel for Meta and the FTC.  The production of documents shall be in accordance with the Instructions and Definitions set forth below, Federal Rule of Civil Procedure 34, and the provisions of the Case Management Order and any other relevant orders governing the production of documents and electronic information the Court shall enter in the above-captioned action.  The Requests are continuing in nature and shall be supplemented in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**REQUESTS**







105. All documents relating to the 2016 "ugly truth" memo—as reported in or around March 2018 by various news organizations, *see, e.g.*, *Facebook 'Ugly Truth' Growth Memo Haunts Firm* (Mar. 30, 2018), https://www.bbc.com/news/technology-43594959— including but not limited to the memo itself, any earlier drafts or underlying analyses, any reactions to the memo, or any other communications relating to the memo.

## DEFINITIONS

D1. "Company" or "Meta" means Meta Platforms, Inc. (formerly Facebook, Inc.), its domestic and foreign parents, predecessors, divisions, subsidiaries (including Instagram LLC and WhatsApp LLC), affiliates, partnerships and joint ventures; and all directors, officers, employees, attorneys, consultants, agents, and representatives of the foregoing. The terms "subsidiary," "affiliate," and "joint venture" refer to any Person in which there is partial or total ownership or control between the Company and any other Person.

D2. "And" and "or" have both conjunctive and disjunctive meanings as necessary to bringwithin the scope of these Requests anything that might otherwise be outside its scope.

D3. "Document" and "documents" mean any information, on paper or in electronic format, including written, recorded, and graphic materials of every kind, in the possession, custody, or control of the Company. The term "documents" includes, without limitation: computer files; email messages; audio files; instant messages; text messages; messages sent on any enterprise messaging system; any other form of electronic message; drafts of documents; metadata and other bibliographic or historical data describing or relating to documents created, revised, or distributed electronically; copies of documents that are notidentical duplicates of the originals in that person's files; and copies of documents the originals of which are not in the possession, custody, or control of the Company. The term "computer files" includes information stored in, or accessible through, computers or other information retrieval systems.  Thus, the Company should produce documents that exist in machine-readable form, including documents stored in personal computers, portable computers, workstations, minicomputers, mainframes, mobile devices, servers, backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether on or off Company premises.

D4. "Instagram LLC" means Burbn, Inc., Instagram, Inc., or Instagram LLC, its domestic andforeign predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures; and all directors, officers, employees, attorneys, consultants, agents, and representatives of the foregoing; and includes Instagram, Inc., as an independent company and as a subsidiary of Meta.

D5. "Plans" means tentative, preliminary, or final proposals, recommendations, or considerations, whether or not authorized or adopted.

D4. "WhatsApp LLC" means WhatsApp LLC or WhatsApp Inc., its domestic and foreign predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures; and all directors, officers, employees, attorneys, consultants, agents, and representatives of the foregoing; and includes WhatsApp LLC as an independent company and as a subsidiary of Meta.

## INSTRUCTIONS

For the purposes of these Requests, the following instructions apply:

I1. Except as provided below or by agreement of the parties, documents must be produced in accordance with the Stipulation and Order Regarding Discovery Procedure entered in this matter, attached here.

I2. If the Company previously produced a document in the investigation styled In the Matter of Facebook, FTC File No. 191-0134, the Company need not produce another copy of the document in response to these requests.

I3. Unless otherwise indicated, these requests cover any and all documents generated, prepared, created, edited, sent, or received during the period from January 1, 2009, to the present.

I4. Unless otherwise indicated, where a request seeks documents sufficient to show particular information, any response must include documents, where available, sufficient to show relevant information for the entire relevant time period, *i.e.*, from January 1, 2009.

I5. Unless otherwise indicated, these requests seek documents relating to the Company's business in the United States. For the avoidance of doubt, documents containing information relating to the Company's global business, or to the Company's business in the United States and in other countries, should be treated as containing information relating to the Company's business in the United States.

I6. These requests seek documents in actual or constructive possession, custody, or control of the Company, or its representatives, attorneys, or other agents, including without limitation consultants, accountants, lawyers, or any other persons retained, consulted by, or working on behalf of or under the direction of the Company, wherever they may be located. This includes documents in the Company's possession, custody, or control that were in the possession, custody, or control of Instagram LLC or WhatsApp LLC prior to acquisition by the Company.

I7. If the Company objects to any part of a request, set forth the basis for your objection and respond to all parts of the request to which you do not object. Any ground not stated in an objection will be waived. All objections must be made with particularity and must set forth all the information upon which the Company intends to rely in response to any motion to compel.

I8. All objections must state with particularity whether and in what manner the objection is being relied upon as a basis for limiting the scope of any search for documents or redacting or withholding any responsive document. If the Company withholds responsive information pursuant to any general objection, the Company should so expressly indicate. If, in responding to any request, the Company claims any ambiguity in interpreting either the request or a definition or instruction applicable thereto, set forth as part of the Company's response the language deemed to be ambiguous and the

interpretation used in responding to the request, and produce all documents that are responsive to the request as interpreted.

I9. Whenever necessary to bring within the scope of a request a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

   a. The singular form of any word includes the plural, and the plural form includes the singular;

   b. The past tense of a verb includes the present tense, and the present tense includes the past tense; and

   c. The term "date" means the exact day, month, and year if ascertainable; if not ascertainable, then "date" means the closest approximation that can be made by means of relationship to other events, locations, or matters.

I10. Unless otherwise stated, construe each request independently and without reference to any other for the purpose of limitation.

I11. Do not produce any Sensitive Personally Identifiable Information ("Sensitive PII") or Sensitive Health Information ("SHI") prior to discussing the information with the FTC. If any document responsive to a particular Specification contains unresponsive Sensitive PII or SHI, redact the unresponsive Sensitive PII or SHI prior to producing the document.

   a. The term "Sensitive PII" means an individual's Social Security Number alone; or an individual's name, address, or phone number in combination with one or more of the following:

      i. date of birth

      ii. driver's license number or other state identification number, or a foreign country equivalent

      iii. passport number

      iv. financial account number

      v. credit or debit card number

   b. The term "SHI" includes medical records and other individually identifiable health information, whether on paper, in electronic form, or communicated orally. Sensitive Health Information relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

I12.  Provide an English translation of all non-English documents; submit the foreign language document with the English translation.

I13.  Each production must include a transmittal letter that includes (1) the production date, (2) the Bates range of the materials included in the production, and (3) a brief description of the production, including identification of any relevant custodians.

I14.  Except for information or material subject to a valid claim of privilege, submit the complete, unredacted Document (including all attachments) as kept by the Company in the ordinary course of business.  Where the Company asserts a claim of privilege or other protection from discovery in objecting to any request or sub-part thereof, and withholds (in whole or in part) any document on the basis of such assertion, the Company shall provide a log ("Privilege Log") in accordance with orders of the Court and listing the following: (a) specific grounds for claim of privilege or immunity, (b) type of Document, (c) title or subject line, (d) author(s), (e) date, (f) addressees and recipients of the original Document or any copy thereof (including persons "cc'd" or "blind cc'd"), (g) a description of the subject matter, with sufficient detail to assess the claim of privilege, (h) information sufficient to identify each attachment to the Document, (i) the page length of the document, and (k) for redacted documents, the Bates number.  For each Document withheld under a claim of attorney work-product immunity, the Privilege Log will also list: (l) whether the Document was prepared in anticipation of litigation or for trial, and if so (m) the anticipated litigation or trial upon which the claim is based.  For each person listed, the Privilege Log must include the person's full name, job title, and employer or firm.  Please denote all attorneys with an asterisk ("*").

   a.  If any documents are redacted or withheld on a basis other than privilege, provide the information and reason for redacting or withholding that document.  Plaintiff does not concede the appropriateness of redacting or withholding information on a basis other than privilege and expressly reserves all rights to challenge the redacting or withholding of documents or information.

   b.  Where ESI items need to be redacted, the Company shall produce these materials solely in TIFF format with each redaction clearly indicated.  Any non-privileged metadata fields reasonably available shall be provided.  Documents for which TIFF redactions may be impracticable may be redacted in native format by deleting the data from the document before production.

   c.  If the items redacted and partially withheld from production are audio/visual files, the Company shall, to the extent reasonably practicable, provide the unredacted portions of the content.  If the content is a voice recording, the Parties shall meet and confer to discuss the appropriate manner for the Company to produce the unredacted portion of the content.

   d.  All documents containing a redaction must include a metadata field indicating that the document contains a redaction.

I15.  These requests are continuing in nature. If at a later date the Company identifies additional relevant information, the Company must supplement any responses or document productions promptly as required under the Federal Rules of Civil Procedure.

CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2023, I served the foregoing on the following counsel via electronic mail:

Mark C. Hansen
Kevin B. Huff
Kenneth M. Fetterman
Geoffrey M. Klineberg
Kevin J. Miller
Aaron M. Panner
Alex A. Parkinson
Ana Nikolic Paul
Aaseesh P. Polavarapu
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. Suite 400
Washington, DC 20036
Tel: 202-326-7900
mhansen@kellogghansen.com
khuff@kellogghansen.com
kfetterman@kellogghansen.com
gklineberg@kellogghansen.com
kmiller@kellogghansen.com
apanner@kellogghansen.com
aparkinson@kellogghansen.com
apaul@kellogghansen.com
apolavarapu@kellogghansen.com

Sonal N. Mehta
Wilmer Cutler Pickering Hale & Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: 650-858-6000
sonal.mehta@wilmerhale.com

David Gringer
Wilmer Cutler Pickering Hale & Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: 212-230-8800
david.gringer@wilmerhale.com
James P. Rouhandeh
Michael Scheinkman

Davis Polk & Wardwell LLP
450 Lexington Avenue

New York, NY 10017
Tel: 212-450-4000
rouhandeh@davispolk.com
michael.scheinkman@davispolk.com

/s/ Nathan Brenner
Nathan Brenner
Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
Telephone: (202) 326-2314
Email: nbrenner@ftc.gov

*Attorney for Plaintiff
Federal Trade Commission*