# Exhibit 5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,

        Plaintiff,

    v.

META PLATFORMS, INC.,

        Defendant.

Case No. 1:20-cv-03590-JEB

## META PLATFORMS, INC.'S THIRD SET OF INTERROGATORIES TO THE FEDERAL TRADE COMMISSION

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Meta Platforms, Inc., requests that the Federal Trade Commission serve a written response to this Third Set of Interrogatories. The requested answers must be provided within thirty (30) days after service of these interrogatories or at such other time as may be directed by the Court or agreed to by the parties. Plaintiffs shall answer the following interrogatories separately and fully in writing, under oath, and serve the answers at the offices of Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C., located at 1615 M Street, N.W., Suite 400, Washington, D.C. 20036.

## DEFINITIONS

1. "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

2. "Amended Complaint" means the Substitute Amended Complaint for Injunctive and Other Equitable Relief filed in this Action by Plaintiff Federal Trade Commission on September 8, 2021.

3. "Communication" means the transmittal of information or request for information, including, but not limited to, any written contact between two or more people by such means as letters, memoranda, facsimile transmissions, and emails, and oral contact between two or more people by such means as face-to-face meetings, videoconferencing, and telephone conversations.

4. "Date" means the exact day, month, and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters.

5. "Document" or "Documents" means all documents or data, whether hard copy or Electronically Stored Information as defined in Federal Rule of Civil Procedure 34(a).

6. "Electronically-Stored Information" or "ESI" means all Documents that are stored in any electronic medium from which information can be obtained.

7. "Facebook," unless the context requires otherwise, means the application and website offered by Meta that is sometimes referenced internally at Meta as "Facebook Blue," and described in the Amended Complaint as "Facebook Blue."

8. "Instagram" means Instagram, LLC and all Persons or entities acting or that have acted on its behalf, including, but not limited to, divisions, subsidiaries, holding companies, parents, successors, predecessors, Instagram, Inc., and any other related entity.

9. "Listed Feature" means the specific features and activities identified in Meta's List of Features or Activities for Explanation (Dec. 20, 2022).

10. "Messenger" means the application offered by Meta that is referred to in the Amended Complaint as "Facebook Messenger."

11. "Meta" means Meta Platforms, Inc., and all Persons or entities acting or that have acted on its behalf, including, but not limited to, divisions, subsidiaries, holding companies,

parents, successors, predecessors, including, but not limited to, Facebook, Inc., Instagram, WhatsApp, and any other related entity.

12. "Person" means any person and includes natural persons, corporations, firms, partnerships, proprietorships, associations, joint ventures, firms, State, Territory, government agencies or entities, and other enterprises or legal entities.

13. "PSNS" means "personal social networking services" as used in the FTC's Amended Complaint and Interrogatory responses.

14. "Supplemental Objections and Responses to Meta's Interrogatory No. 14 (Jan 24, 2023)" means the portions of Your Supplemental Objections and Responses to Meta's Second Set of Interrogatories (Jan. 24, 2023) responding to Meta's Interrogatory No. 14 – that is, responses pertaining to Strava, LinkedIn, iMessage, Twitter, Reddit, Pinterest, YouTube, Spotify, Nextdoor, Netflix, Hulu, or TikTok.

15. "WhatsApp" means WhatsApp LLC and all Persons or entities acting or that have acted on its behalf, including, but not limited to, divisions, subsidiaries, holding companies, parents, successors, predecessors, and any other related entity.

16. "You," "Your," "Federal Trade Commission," or "FTC" refers to Plaintiff, United States Federal Trade Commission, including, but not limited to, any components, agents, Commissioners, representatives, consultants, contractors, employees, attorneys, representatives, economists, experts, and any other Person(s) acting or purporting to act with or on its behalf.

17. The definitions set forth above shall apply to all interrogatories.

**GENERAL INSTRUCTIONS**

1. The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to

bring within the scope of these interrogatories any information which would otherwise not be brought within their scope.

2.      The singular forms shall include the plural and vice versa wherever such dual construction will serve to bring within the scope of these interrogatories any information that would otherwise not be brought within their scope.

3.      The words "any," "each," and "every" shall be construed to mean individually and collectively wherever such dual construction will serve to bring within the scope of these interrogatories any information that would otherwise not be brought within their scope.

4.      The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope of these interrogatories any information that might otherwise be construed to be outside of its scope.

5.      These interrogatories call for all information (including any information contained in or on any Document or writing) that is known or available to You or any other Person acting under Your behalf or under Your direction or control.

6.      Pursuant to Federal Rule of Civil Procedure 33(d), if an answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Your business records (including Electronically Stored Information), specify, in Your response to the interrogatory, the records that must be reviewed by Bates number or other means sufficient to enable Meta to locate and identify the records as readily as You could.

7.      Each interrogatory, including subparts, is to be answered by You separately, completely, and fully, under oath.  If You object to any part of an interrogatory, set forth the basis for Your objection and respond to all parts of the interrogatory to which You do not object. Any ground not stated in an objection within the time provided by the Federal Rules of Civil

Procedure, or any extensions thereof, shall be waived. All objections must be made with particularity and must set forth all the information upon which You intend to rely in response to any motion to compel.

8. All objections must state with particularity whether, and in what manner, the objection is being relied upon as a basis for limiting the response. If You are withholding responsive information pursuant to any general objection, You should so expressly indicate. If, in responding to any interrogatory, You claim any ambiguity in interpreting either the interrogatory or a definition or instruction applicable thereto, You shall set forth as part of Your response the language deemed to be ambiguous and the interpretation used in responding to the interrogatory, and shall respond to the interrogatory as You interpret it.

9. If You cannot answer all or part of any interrogatory after exercising due diligence to secure the full information to do so, so state and answer to the fullest extent possible, specifying Your inability to answer the remainder. State whatever information or knowledge You have concerning the unanswered portion, and detail what You did in attempting to secure the unknown information.

10. Except as modified by the Scheduling Order between the parties, if information or a Document is withheld under claim of privilege, including, but not limited to attorney-client privilege and or work product doctrine: (1) identify the date, the author, and all recipients of the Document or information; (2) describe the form of the Document, Communication, or information (e.g., whether it is a letter, memorandum, email, conversation, etc.); (3) describe generally the content of the Document or information withheld; (4) state the specific the privilege upon which you rely and the specific basis for asserting such privilege; and (5) identify the interrogatory to which the allegedly privileged information is responsive.

5

11. Each interrogatory shall be construed independently and, therefore, no interrogatory shall be construed to limit any other interrogatory.

12. For each interrogatory requesting that You "identify," "state," or "explain," or "specify," "all relevant facts" supporting Your allegations, contentions, decisions, assertions, claims, calculations, denials, positions, classifications, categorizations, or answers, Your response shall describe in detail the basis for Your allegations, contentions, decisions, assertions, claims, calculations, denials, positions, classifications, categorizations, or answers and include (and specifically identify) all related facts, witnesses (name, title, address, and phone number), and Documents (Bates number), including any studies, analyses, models, or other Documents that support Your allegation, contention, decision, assertion, claim, calculation, denial, position, classification, categorization, or answer, or that You considered or relied upon as a basis for each allegation, contention, decision, assertion, claim, calculation, denial, position, classification, categorization, or answer.

13. For each interrogatory requesting that You identify an action, event, occurrence, meeting, or Communication, separately state for each responsive action, event, occurrence, meeting, or Communication the Persons involved in the action, event, occurrence, meeting, or Communication, their position and employer (or other relevant affiliation), the date of the action, event, occurrence, meeting, or Communication, the medium of the action, event, occurrence, meeting, or Communication (e.g., phone, in-person, email, letter, twitter, press conference, etc.), and identify all Documents (by Bates number) memorializing or constituting the action, event, occurrence, meeting, or Communication, and a description of the facts conveyed in the action, event, occurrence, meeting, or Communication to the extent they are not memorialized in a Document produced in this Action. If such Documents or information are withheld on the basis

of a privilege, provide all information required for a privilege log, as described in these instructions.

14. For each interrogatory requesting that you identify a Person, (i) state the full name; (ii) state the present or last known business address, and, in the case of a natural person, residence address; (iii) state the present or last known business telephone number, and, in the case of a natural person, residence telephone number and email address; and (iv) state the Person's present or last known position, employer, and primary line of business.

15. Unless otherwise stated, the relevant time period for all interrogatories is from January 1, 2011 to the present.

16. These interrogatories are continuing in nature. If further information, evidence, or documentation comes into Your possession, custody, or control or is brought to the attention of You or Your attorneys or agents at any time subsequent to the service of any responses, prompt and complete supplementation of the responses to these interrogatories is required pursuant to the Federal Rules of Civil Procedure.

## **INTERROGATORIES**

**INTERROGATORY NO. 16:**

With reference to Your Response to Meta's List of Features or Activities (Sept. 12, 2022) and Your Supplemental Objections and Responses to Meta's Interrogatory No. 14 (Jan 24, 2023), identify all relevant facts supporting Your contention that use of each Listed Feature on Facebook, Instagram, or Messenger is a PSNS usage while use of the corresponding Listed Feature on the other products or services is not a PSNS usage.[1]

---

[1] For the avoidance of doubt, in responding to this Interrogatory and Interrogatory Nos. 17-23, you must include all the information described in Instruction 12.

**INTERROGATORY NO. 17:**

Identify all relevant facts supporting Your allegation, in Paragraph 233 of the Amended Complaint and in briefing to the Court on Motion to Dismiss, that Meta is engaged in an ongoing violation of Section 2 of the Sherman Act.

**INTERROGATORY NO. 18:**

Identify all relevant facts supporting Your allegation that Instagram in 2012, prior to the acquisition by Meta, provided PSNS in the United States. *See* Am. Compl. ¶ 179.

**INTERROGATORY NO. 19:**

Identify all relevant facts supporting Your allegation that WhatsApp in 2014, prior to the acquisition by Meta, was likely to provide PSNS in the United States. *See*, *e.g.*, Am. Compl. ¶ 127.

**INTERROGATORY NO. 20:**

Identify all relevant facts supporting Your allegation that, if Meta had not acquired Instagram, consumers would have products or services that are better than those available today. *See* Am. Compl. ¶¶ 220-222.

**INTERROGATORY NO. 21:**

Identify all relevant facts supporting Your allegation that, if Meta had not acquired WhatsApp, consumers would have products or services that are better than those available today. *See* Am. Compl. ¶¶ 220-222.

**INTERROGATORY NO. 22:**

Identify all relevant facts supporting Your PSNS market definition, *see* Am. Compl. ¶¶ 166-176, with respect to the "practical indicia" enumerated in *Brown Shoe v. United States*, 370 U.S. 294, 325 (1962).

**INTERROGATORY NO. 23:**

Identify all relevant facts supporting Your allegation, in Paragraphs 2, 169, and 184 of the Amended Complaint, that Snapchat provides PSNS in the United States.

Dated:  April 3, 2023                                       Respectfully,

                                                             /s/ Mark C. Hansen
                                                            Mark C. Hansen (D.C. Bar No. 425930)
                                                            KELLOGG, HANSEN, TODD,
                                                            FIGEL & FREDERICK, P.L.L.C.
                                                            1615 M Street, N.W., Suite 400
                                                            Washington, D.C. 20036
                                                            Tel: (202) 326-7900
                                                            mhansen@kellogghansen.com

                                                            *Counsel for Defendant Meta Platforms, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2023, I caused the foregoing to be served on FTC counsel via electronic mail.

Daniel Matheson
Owen Masters
Michael Smith
Krisha Cerilli
Robert Zuver
Maggie DiMoscato
Sunila Steephen
Dominique Wilson
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, D.C. 20580
Tel: 202-326-2075
dmatheson@ftc.gov
omasters@ftc.gov
msmith9@ftc.gov
kcerilli@ftc.gov
rzuver@ftc.gov
mdimoscato@ftc.gov
ssteephen@ftc.gov
dwilson1@ftc.gov

 /s/ *Kevin D. Horvitz*
Kevin D. Horvitz
KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7909
khorvitz@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*