# Exhibit 6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 1:20-cv-03590-JEB |

## META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO THE FEDERAL TRADE COMMISSION

Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure and the Joint Scheduling Order entered on March 3, 2022 (ECF No. 103), Defendant Meta Platforms, Inc. ("Meta") hereby directs the following Requests for Admission ("Request" or "Requests") to Plaintiff Federal Trade Commission ("FTC" or "Plaintiff"). Plaintiff shall answer the Requests set forth herein fully and separately in accordance with the Definitions and Instructions set forth below. The matters to which admission are requested will be deemed admitted unless a written and signed response is received within the time allotted under Federal Rule of Civil Procedure 36(a)(3) and the Scheduling Order.

## DEFINITIONS

1. "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

2. "Amended Complaint" means the Substitute Amended Complaint for Injunctive and Other Equitable Relief filed in this Action by Plaintiff Federal Trade Commission on September 8, 2021.

3. "Communication" means the transmittal of information or request for information, including, but not limited to, any written contact between two or more people by such means as letters, memoranda, facsimile transmissions, text messages, instant messages, and emails, as well as orally by such means as face-to-face meetings, videoconferencing, and telephone conversations.

4. "Date" means the exact day, month, and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters.

5. "Document" or "Documents" means all documents or data, whether hard copy or Electronically Stored Information as defined in Federal Rule of Civil Procedure 34(a).

6. "Electronically-Stored Information" or "ESI" means all Documents that are stored in any electronic medium from which information can be obtained.

7. "Facebook," unless the context requires otherwise, means the application and website offered by Meta that is sometimes referenced internally at Meta as "Facebook Blue," and described in the Amended Complaint as "Facebook Blue."

8. "Find Friends API" means the API described in Paragraph 37 of the Amended Complaint.

9. "FTC Investigation" means the Federal Trade Commission's investigation into whether Meta's conduct may violate federal antitrust laws, initiated in 2019, that culminated in the filing of this Action.

10. "Industry Participant" or "Industry Participants" means an entity that competes with Facebook or Instagram.

11. "Instagram" means Instagram, LLC and all Persons or entities acting or that have acted on its behalf, including, but not limited to, divisions, subsidiaries, holding companies, parents, successors, predecessors, Instagram, Inc., and any other related entity.

12. "Meta" means Meta Platforms, Inc., and all Persons or entities acting or that have acted on its behalf, including, but not limited to, divisions, subsidiaries, holding companies, parents, successors, predecessors, including, but not limited to, Facebook, Inc., Instagram, WhatsApp, and any other related entity.

13. "Person" means any person and includes natural persons, corporations, firms, partnerships, proprietorships, associations, joint ventures, State, Territory, government agencies or entities, and other enterprises or legal entities.

14. "Social Graph" means "a social graph that maps the connections between users and their friends, family, and other personal connections" (*see* Am. Compl. ¶ 167).

15. "WhatsApp" means WhatsApp LLC and all Persons or entities acting or that have acted on its behalf, including, but not limited to, divisions, subsidiaries, holding companies, parents, successors, predecessors, and any other related entity.

16. "You," "Your," "Federal Trade Commission," or "FTC" refers to Plaintiff, United States Federal Trade Commission, including, but not limited to, any components, agents, Commissioners, representatives, consultants, contractors, employees, attorneys, representatives, economists, experts, and any other Person(s) acting or purporting to act with or on its behalf.

17. The definitions set forth above shall apply to all Requests.

## INSTRUCTIONS

1. Each Request is to be answered by You separately, completely, and fully, under oath.

2. Each answer to these Requests shall specifically admit or deny the statement or set forth in detail and with all relevant facts the reasons why You cannot truthfully admit or deny the statement.

3. If You cannot admit or deny the entire Request, You shall specify what portion of the statement is true and qualify or deny the remainder.  When qualifying an answer, provide all relevant facts and bases that the FTC contends support its refusal to admit to that statement.

4. You shall not give lack of information or knowledge as a reason for failure to admit or deny unless after a reasonable inquiry the information available to You does not provide a sufficient basis for admitting or denying the Request.  In such instances, You shall describe the unavailable information and Your efforts to obtain this information.

5. If You object to any part of a Request, set forth the basis for Your objection.  Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.  All objections must be made with particularity and must set forth all the information upon which You intend to rely in response to any motion to compel.

6. If, in responding to any Request, You claim any ambiguity in interpreting either the Request or a definition or instruction applicable thereto, You shall set forth as part of Your response the language deemed to be ambiguous and the interpretation used in responding to the Request, and shall respond to the Request as You interpret it.

7. If You cannot answer all or part of any Request after exercising due diligence to secure the full information to do so, so state and answer to the fullest extent possible, specifying Your inability to answer the remainder.  State whatever information or knowledge You have

4

concerning the unanswered portion, and detail what You did in attempting to secure the unknown information.

8. Except as modified by the Scheduling Order between the parties, if any privilege is claimed as a ground for not responding to a Request, including, but not limited to attorney-client privilege and or work product doctrine: (1) state the specific grounds for the claim of privilege; (2) identify the Date, the author, and all recipients of the privileged Document or information; (3) describe the form of the Document, Communication, or information (e.g., whether it is a letter, memorandum, email, conversation, etc.); (4) describe generally the content of the Document or information withheld; (4) state the specific the privilege upon which you rely and the specific basis for asserting such privilege; and (5) identify the interrogatory to which the allegedly privileged information is responsive.

9. Unless otherwise stated, the relevant time period for all Requests is from January 1, 2010 to the present.

10. These Requests are continuing in nature. If further information, evidence, or documentation comes into Your possession, custody, or control or is brought to the attention of You or Your attorneys or agents at any time subsequent to the service of any responses, prompt and complete supplementation of the responses to these interrogatories is required pursuant to the Federal Rules of Civil Procedure.

## REQUESTS FOR ADMISSION

1. Admit that, in 2012, the FTC conducted a competent and thorough investigation of Facebook, Inc.'s proposed acquisition of Instagram.

2. Admit that, in 2014, the FTC conducted a competent and thorough investigation of Facebook, Inc.'s proposed acquisition of WhatsApp.

3. Admit that, prior to the Date of Meta's acquisition of Instagram in 2012, access to Meta's Find Friends API contributed to the growth of the number of Instagram users in the United States.

4. Admit that if Meta had terminated Instagram's access to the Find Friends API in 2012 instead of acquiring Instagram, Instagram's growth would have "slowed significantly" (*see* Am. Compl. ¶ 155).

5. Admit that, prior to the Date of Meta's acquisition of Instagram in 2012, the ability to share Instagram photos on Facebook contributed to the growth of the number of Instagram users in the United States.

6. Admit that the term "personal social networking service" – as a term to refer to the products or services offered by Facebook, Instagram, Friendster, Google+, MeWe, Myspace, Orkut, Path, and Snapchat – appears in no ordinary course business documents that have been produced in this Action.

7. Admit that the FTC is not aware of any company that allegedly provides "personal social networking services" that has described its competitors for such service in ordinary course business documents as consisting of <u>only</u> other alleged personal social networking providers – namely, Facebook, Instagram, Friendster, Google+, MeWe, Myspace, Orkut, Path, and Snapchat.

8. Admit that more than 100 public companies have identified Facebook as a competitor in securities disclosures since 2012.

9. Admit that YouTube, TikTok, Twitter, Pinterest, LinkedIn, BeReal, Lemon8, and Snapchat currently allow users to employ a Social Graph to facilitate communications.

10. Admit that TikTok, YouTube, Twitter, Pinterest, LinkedIn, BeReal, Lemon8, and Snapchat include features that users employ to maintain personal relationships and share experiences with friends, family, and other personal connections in a shared social space.

11. Admit that since 2012, third parties, including Industry Participants, have destroyed, deleted, or failed to preserve documents relevant to this Action.

Dated: April 4, 2023                                Respectfully,

*/s/ Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 4, 2023, I caused the foregoing to be served on FTC counsel via electronic mail.

Daniel Matheson
Owen Masters
Michael Smith
Krisha Cerilli
Robert Zuver
Maggie DiMoscato
Sunila Steephen
Dominique Wilson
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, D.C. 20580
Tel: 202-326-2075
dmatheson@ftc.gov
omasters@ftc.gov
msmith9@ftc.gov
kcerilli@ftc.gov
rzuver@ftc.gov
mdimoscato@ftc.gov
ssteephen@ftc.gov
dwilson1@ftc.gov

/s/ *Geoffrey J.H. Block*
Geoffrey J.H. Block*
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
gblock@kellogghansen.com

*Admitted in Maryland. Not Admitted in the District of Columbia. Practice supervised by members of the firm.

*Counsel for Defendant Meta Platforms, Inc.*