# Exhibit 9

```
                                                    Pages 1 - 11

              UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

MAXIMILLIAN KLEIN, et al.,      )
                                )
          Plaintiffs,           )
                                )
  VS.                           )       NO. C 20-08570 JD
                                )
META PLATFORMS, INC.,           )
                                )
          Defendant.            )
                                )

                                  San Francisco, California
                                  Thursday, October 20, 2022
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
    QUINN, EMANUEL, URQUHART & SULLIVAN LLP
    865 South Figueroa Street - 10th Floor
    Los Angeles, California 90017
  **BY: KEVIN Y. TERUYA, ATTORNEY AT LAW**
    **BRANTLEY I. PEPPERMAN, ATTORNEY AT LAW**

    LOCKRIDGE GRINDAL NAUEN PLLP IL
    100 Washington Avenue S - Suite 2200
    Minneapolis, Minnesota 55401
  **BY: KYLE POZAN, ATTORNEY AT LAW**

    HAGENS BERMAN SOBOL SHAPIRO LLP
    715 Hearst Avenue - Suite 300
    Berkeley, California 94710
  **BY: HANNA SONG, ATTORNEY AT LAW**

  **(APPEARANCES CONTINUED ON THE FOLLOWING PAGE)**

REPORTED BY: Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
    United States District Court - Official Reporter

```
 1   APPEARANCES:  (cont'd)

 2   For Plaintiffs:

 3                       LEVIN SEDRAN and BERMAN LLP
                         510 Walnut Street - Suite 500
 4                       Philadelphia, Pennsylvania  19106
                    BY:  KEITH J. VERRIER, ATTORNEY AT LAW
 5
                         BATHAEE DUNNE LLP
 6                       901 South MoPac Expressway
                         Barton Oaks Plaza I - Suite 300
 7                       Austin, Texas  78746
                    BY:  BRIAN J. DUNNE, ATTORNEY AT LAW
 8
                         BATHAEE DUNNE LLP
 9                       445 Park Avenue - 9th Floor
                         New York, New York  10022
10                       YAVAR BATHAEE, ATTORNEY AT LAW

11   For Defendant:
                         WILMER, CUTLER, PICKERING, HALE
12                       & DORR LLP
                         2600 El Camino Real - Suite 400
13                       Palo Alto, California  94306
                    BY:  SONAL N. MEHTA, ATTORNEY AT LAW
14
                         WILMER, CUTLER, PICKERING, HALE
15                       & DORR LLP
                         7 World Trade Center
16                       250 Greenwich Street
                         New York, New York  10007
17                  BY:  DAVID Z. GRINGER, ATTORNEY AT LAW

18                       WILMER, CUTLER, PICKERING, HALE
                         & DORR LLP
19                       1875 Pennsylvania Avenue NW
                         Washington, D.C.  20006
20                  BY:  MOLLY M. JENNINGS, ATTORNEY AT LAW

21

22

23

24

25
```

```
 1   Thursday - October 20, 2022                          10:58 a.m.
 2                        P R O C E E D I N G S
 3                               ---oOo---
 4         THE CLERK:  Calling civil matter 20-8570, Klein, et
 5   al. versus Meta Platforms, Incorporated.
 6         Counsel, please come forward and state your appearance.
 7         MR. TERUYA:  Good morning, Your Honor, Kevin Teruya
 8   and my colleague Brantley Pepperman from Quinn Emanuel for
 9   consumer Plaintiffs.
10         MR. DUNNE:  Good morning, Your Honor, Brian Dunne, and
11   I'm joined by my colleague Yavar Bathaee and Keith Verrier for
12   the advertiser Plaintiffs.
13         MS. SONG:  Hannah Song on behalf of the consumer
14   Plaintiffs.
15         THE COURT:  For who?
16         MS. SONG:  On behalf of the consumer Plaintiffs.
17         THE COURT:  Okay.
18         MR. POZAN:  Good morning, Your Honor, Kyle Pozan, also
19   on behalf of the consumer Plaintiffs.
20         MS. MEHTA:  Good morning, Your Honor, Sonal Mehta,
21   David Gringer and Molly Jennings on behalf of the Defendant,
22   Meta Platforms, Inc.
23         THE COURT:  Okay.  All right.  Who is going to take
24   the lead on the Plaintiffs' side?
25         MR. TERUYA:  I am, Your Honor, Kevin Teruya from Quinn
```

1   Emanuel.

2   **THE COURT:** Okay. All right. We are just going to
3   clear the decks here. The scheduling order -- well, 2025 is
4   just too far out. Just -- just come up with something that has
5   trial in 2024. If you want more time, that's fine, but I
6   just -- you need -- it is just too far away.

7   **MR. TERUYA:** We will do that, Your Honor.

8   **THE COURT:** This is a 2020 case. This is not an MDL.
9   I'm not saying it is an easy case by any means, but it is not
10  the most complicated seen -- I have ever seen. Five years for
11  trial is just beyond the pale.

12      Now, I know I guess I already put a marker on the table
13  for 2024, which I'm regretting, so try to stay around that
14  time; okay. How about a week for that? You want to send me
15  another one in a week?

16  **MR. TERUYA:** Yes, Your Honor.

17  **MS. MEHTA:** Yes, Your Honor.

18  **THE COURT:** Make it a joint proposal.

19      All right. Now, what is happening with the FTC? This is
20  the whole sitting in on the depos.

21      Plaintiffs, let me just ask you this: What do you think
22  is the degree of factual overlap between your case and the
23  FTC's case?

24  **MR. TERUYA:** Your Honor, we believe there is some
25  degree of overlap, but the claims and conduct at issue are

1  different speaking as to the consumer case.
2  **THE COURT:** Can you tell me more.
3  **MR. TERUYA:** Sure. The FTC case is focused primarily
4  now on the acquisitions of Instagram and WhatsApp and other
5  companies.
6  Our case is focused on Facebook's collection and use of
7  data and whether there was a deception in the marketplace as to
8  that conduct which caused Facebook to become a monopolist and
9  thereby to harm competition over that kind of practice; thereby
10 reducing the level of compensation in the market for the
11 collection and use of data.
12 **THE COURT:** What about the ads people? What is the
13 overlap between FTC and the ads claims?
14 **MR. TERUYA:** Very minimal, I would say, as far as it's
15 different markets.
16 **THE COURT:** Okay, I just don't understand why you want
17 to sit in. I mean, I'm not hearing an overwhelming case about
18 they are so similar you should just sit in on all these depos.
19 You can get the transcripts; right?
20 **MR. TERUYA:** Yeah, Your Honor, we wanted the
21 opportunity to be able to see them. There was, for example,
22 last week a deposition on data collection and use.
23 So we weren't planning to sit in on all of them, but we
24 wanted the opportunity to sit in on ones that mattered so we
25 could hear in real-time what's happening; but to Your Honor's

1  suggestion of transcripts or videos -- transcripts and videos
2  and exhibits, if we can't sit in, we would at least ask in the
3  alternative that we be provided immediately after a deposition
4  with a copy of the transcript, exhibits and video.
5          **THE COURT:**  Well, I mean, not for everyone, just ones
6  you identify; right?
7          **MR. TERUYA:**  Ones we identify if we are told the list
8  of here is what is coming up and who they are.
9          **THE COURT:**  That sounds reasonable.
10         **MS. MEHTA:**  Your Honor, I think from our perspective
11 if there are particular depositions of people in the FTC case
12 that they want to have deposition transcript for, we are happy
13 to entertain those requests.
14     I don't know yet what the overlap in witnesses are going
15 to be in terms of people they might actually have an interest
16 in.  Very few depositions have taken place in the FTC case.  I
17 think it is only one or two and they're 30(b)(6) on specific
18 topics.
19     We are happy to have that conversation with them.  The
20 other thing we've told them is we are happy to talk to them
21 about actual coordination, which is where there is a witness
22 that is subject to deposition in both cases because there is
23 overlap with respect to market --
24         **THE COURT:**  No, I understand.  I'm not going to carve
25 up eight hours.  They get their own time.  So, that -- I mean,

1  if you can work out two full days, that's fine; but I'm not --
2  first of all, the FTC case is not mine, so I'm not going to
3  order anybody in that case to do anything.
4      In our case, this case, I'm not going to limit the
5  Plaintiffs to four hours for splitting.  So, if you want to
6  coordinate so that you take it the day after or the day before
7  and you get your full seven hours, that's fine.  It is not
8  going to be a time splitting thing.
9      All right.  So, you-all are going to work that out by
10 exchanging transcripts on a periodic -- you know, not
11 everybody, just who you like, okay, and have some reason for
12 it.
13          **MR. TERUYA:**  Understood, Your Honor.
14          **THE COURT:**  Meaning something related to this case.
15 Okay.
16      Also, the market tutorial, I want to do that the first
17 quarter of next year.  So, get yourselves together and figure
18 out how you want to do that.  Thinking about maybe mid-February
19 or somewhere around there.  Let's get that lined up.
20          **MS. MEHTA:**  Your Honor, would you like us to put that
21 in the proposed schedule that we submit a week from today -- a
22 proposed --
23          **THE COURT:**  You can just give me some dates.  We will
24 probably -- I will probably do it -- you know, I don't want to
25 go more than two hours, an hour per side.  It is not that

1  complicated.  An hour per side.  It will be off the record.
2       It will be like a patent tutorial.  It will be off the
3  record.  Can't be used against anybody -- I call these my
4  tutorial Miranda rights -- can't be featured in a deposition or
5  a motion to me.  I really prefer not having lawyers.  I would
6  like somebody else like business people at Meta.  You know, I
7  don't know who you are going to use maybe -- I prefer not to
8  have experts.
9       I don't want paid spokespersons.  I would like to have
10 people who understand this on a day-to-bay basis.  Plaintiffs,
11 it might be more difficult for you.  That's what I would like,
12 so see what you can do.
13          **MS. GROVES:**  Your Honor, may I ask a clarification
14 question, which is --
15          **THE COURT:**  Yes.
16          **MS. MEHTA:**  -- are you envisioning -- when we met with
17 you in August, I had understood -- and I may be
18 misunderstanding -- but I understood that you were envisioning
19 an expert hot tub with respect to market definition.  Do you
20 want a tutorial --
21          **THE COURT:**  That is an on-the-record proceeding that I
22 will use in connection with motions, like Daubert, maybe class
23 cert, whatever is happening.  This is different.  This is like
24 a little tutorial.  Just call it education for the Judge day.
25          **MS. MEHTA:**  Understood.

1    **THE COURT:**  That's what I'm talking about.

2    **MR. TERUYA:**  Your Honor, to clarify as to this
3    proceeding, for the Plaintiffs, I mean, so lawyers could come
4    and present information to you?  Is that the --

5    **THE COURT:**  I prefer -- look, I'm not going to take
6    arguments.  And if people start arguing the case, I will just
7    have you sit down and you will lose your opportunity.

8    I want an unvarnished description of each side's
9    understanding of what the relevant product market is and how it
10   works.  Okay.

11   I don't want anyone coming in and start talking about, you
12   know, how Facebook has rigged the market for ads and here is
13   the -- we are not doing that.  I want -- you know what you
14   should do?  Look at my standing order on patent tutorials and
15   do the same thing.

16   And I would like -- I have one-week joint statement ahead
17   of time so I kind of know -- I have a little bit of a roadmap.
18   Let's do that.  Follow my patent tutorial rules, okay, but just
19   pick a couple of dates, you know, mid to end February; and I
20   will pick one that's good for me.  Do it on a Tuesday.  All
21   right.  Tuesdays.  I'm going to specially set you for Tuesdays.

22   **MR. TERUYA:**  Your Honor?

23   **THE COURT:**  Yeah.

24   **MR. TERUYA:**  Would there be a separate session --
25   one-hour session for the advertiser case and a separate

1  one-hour session, maybe back-to-back, for the consumer case
2  given the differences in the cases?  I'm happy to --
3          **THE COURT:**  Are you alleging separate markets?
4          **MR. TERUYA:**  Yeah.  So advertisers are individuals and
5  businesses who buy advertising on Facebook.
6      Consumers are just regular people who use the Facebook
7  website or applications on their phone.
8      So there are different markets, different parts of
9  Facebook business -- Facebook's business and also different
10 claims, different --
11         **THE COURT:**  I don't want to do four hours, so I will
12 give you half an hour each; and, Facebook, you can have half an
13 hour each; okay.  So it will be two hours total, but it will be
14 half, half, half, half or something like that.
15         **MS. MEHTA:**  Understood.
16         **THE COURT:**  Actually, I think it is thirds.  But, you
17 work it out; okay.  All right.
18     Okay.  Pastor Jeon, let's leave the poor man alone.  He is
19 out of the case.  He is not a class member, so there will be no
20 deposition of Pastor Jeon.
21                     (Pause in proceedings.)
22         **THE COURT:**  Let's see.  Okay.  I think that was it.
23 Anything else, Plaintiffs?
24         **MR. DUNNE:**  Not from advertiser Plaintiffs,
25 Your Honor?

| | |
|---|---|
| 1 | **THE COURT:** Okay. Defendants? |
| 2 | **MS. MEHTA:** No, Your Honor, nothing further. |
| 3 | **THE COURT:** Okay. Great. Thanks for coming. |
| 4 | **MR. TERUYA:** Thank you, Your Honor. |
| 5 | **MR. DUNNE:** Thank you, Your Honor. |
| 6 | **THE COURT:** File that within a week. |
| 7 | **MS. MEHTA:** Your Honor, sorry one last question. |
| 8 | Should we also or would it be okay if we also propose a date |
| 9 | for the next status conference with Your Honor in the |
| 10 | submission that we make next -- |
| 11 | **THE COURT:** Are we doing 90 days? |
| 12 | **MS. MEHTA:** We have been doing about every two to |
| 13 | three months, I think. It has been a little ad hoc. We can |
| 14 | either propose a date or you can -- |
| 15 | **THE COURT:** I will set one. Just remember, cancel it |
| 16 | if nothing needs to come up. Okay. |
| 17 | **MS. MEHTA:** Thank you, Your Honor. |
| 18 | **MR. TERUYA:** Thank you. |
| 19 | (Proceedings adjourned at 11:09 a.m.) |
| 20 | ---oOo--- |

### CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Monday, October 24, 2022

*Marla Knox*

Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
United States District Court - Official Reporter