# Exhibit 10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR CLAIM CONSTRUCTION IN PATENT CASES BEFORE JUDGE JAMES DONATO**

These instructions apply to all patent cases assigned to Judge James Donato.

**JOINT CLAIM CONSTRUCTION STATEMENT**

1. The initial joint claim construction statement required by Patent Local Rule 4-3 must be truly joint. Disputed terms, phrases, and clauses must be designated as disputed. All other terms will be presumed to be undisputed. For any term in dispute, the parties must agree on the identity of the term. With regard to disputed terms, phrases, or clauses, the joint statement will list each disputed term, phrase, or clause (listed by claim); each party's proposed construction; and support for each party's proposed construction side by side. A model construction statement is attached to this Order.

2. Parties must attach to the joint claim construction statement copies of all patents in dispute. Parties must also make a complete prosecution history for each patent available to the Court upon request.

**CLAIM CONSTRUCTION**

3. As an initial matter, the Court will generally construe no more than ten terms. If multiple terms present identical issues, they may be grouped together or a representative term may be chosen, and each group or representative term may be considered a single term for purposes of the ten-term limit. If more than ten terms are at issue, the parties must meet and confer before the preparation of the joint claim construction statement to narrow the number of terms that are to be construed by the Court and shall jointly propose the ten terms requiring construction.

4.      If a party genuinely believes that it will require that more than ten terms be construed, that party may request leave to designate additional terms for construction, pursuant to Civil Local Rule 7-11.  The requesting party must demonstrate good cause and explain why other methods of limiting the terms at issue (such as the selection of representative terms or any grouping of terms by issues presented) would be ineffective.  The request must be filed no later than two weeks before the deadline for filing the joint claim construction statement.  If good cause is shown, the Court will either agree to construe all terms or schedule a second claim construction proceeding on the excess terms.  If more than ten terms are submitted for construction without leave of court, the Court will construe only the first ten terms listed in the joint claim construction statement and sanctions may be imposed.

5.      Claim construction briefs must address each disputed term, but only those that are truly disputed, following the order of the joint statement.  The opening and opposition briefs may not exceed 20 pages; the reply brief may not exceed 10 pages.  The Court anticipates that a meaningful meet and confer between the parties preceding the preparation of the joint claim construction statement will eliminate the need for a party to propose in its briefs a claim construction that differs from that proposed in the statement.  While the Court encourages the parties to negotiate mutually agreeable constructions, the parties may not propose new constructions for the first time in reply briefs or other filings that do not afford the opposing party an opportunity to respond.  If for some exceptional reason a party needs to propose a different construction in its brief than that found in the joint claim construction statement, that party must submit a short request for consideration to the Court that clearly sets forth the new construction and explains the basis for the change.

6.      At the time of filing the reply briefs, the parties shall file an amended, final joint claim construction statement if there has been any change in the parties' claim construction positions, including in the amended statement only the remaining disputed terms, phrases, and clauses.

**TUTORIAL AND CLAIM CONSTRUCTION HEARING**

7. The Court may schedule a tutorial to occur one to two weeks prior to the claim construction hearing. Each side will generally be permitted 30-45 minutes to present a short summary and explanation of the technology at issue. The patent holder makes the first presentation. Demonstrations and visual aids are encouraged. The Court has a strong preference for individuals other than counsel to make the presentations. Inventors, company personnel and individuals who work directly with the technology are often good candidates. Counsel may make introductory remarks. No argument is permitted. The proceeding is not recorded and parties may not use or rely on statements made at the tutorial in the litigation.

8. If a tutorial is scheduled, each party should file a written technology synopsis that provides, in plain and accessible language, background information about the technology and science to be discussed at the tutorial. The synopsis is due **at least 7 court days before** the tutorial, and should not exceed 12 pages. Do not include a rewrite of any portion of the patent or claim construction statements, or argument on any legal issue such as invalidity, infringement, patentability and so on. The synopsis should be a neutral overview of the technology related to the tutorial.

9. Depending on the technology involved, the Court may determine that the assistance of a neutral expert would be helpful. In that case, the Court may direct the parties to confer and, if possible, reach an agreement as to three experts in the field who would be appropriate to act as a neutral expert to assist the Court during the claim construction proceedings and/or the trial. The Court will then choose one to appoint as a neutral expert pursuant to Federal Rule of Evidence 706. The parties will split the cost of the expert equally.

10. Prehearing conferences generally are not held. However, either party may request a telephone conference within two weeks prior to the hearing, or the parties may address any prehearing issues at the tutorial.

3

1    11.    The patent holder will act as the moving party for the purposes of claim
2 construction.  Opening briefs in support of claim construction must be filed at least six weeks
3 before the date of the claim construction hearing, and the briefing schedule set forth at Patent
4 Local Rule 4-5 will apply.

5    12.    The Court will not ordinarily hear extrinsic evidence at the claim construction
6 hearing.  Should it become apparent that testimony will be necessary, counsel may request a
7 telephone conference with the Court within two weeks of the hearing to seek the Court's approval.

8    13.    Demonstrative exhibits and visual aids are permissible at the hearing as long as
9 they are based on information contained in the papers already filed.  Counsel will exchange copies
10 of exhibits no later than 48 hours prior to the hearing.

11   14.    The claim construction hearing generally will be scheduled for no longer than 3
12 hours on a Thursday afternoon.  The Court, however, will specially set the hearing on a different
13 day and for a longer period of time if warranted.  Counsel should request a telephone conference
14 with the Court as soon as it is apparent that a special setting is necessary.

## **SUBSEQUENT CASE MANAGEMENT REPORT**

16   15.    Upon issuance of the claim construction ruling, the Court will also set a date for the
17 filing of a further joint case management status report.  In that report, the parties must address the
18 following topics:

   a. whether either party wishes the Court to certify the claim construction ruling for immediate appeal to the Federal Circuit;

   b. the filing of dispositive motions, and the timing of those motions;

   c. if willful infringement has been asserted, whether the allegedly-infringing party wishes to rely on the advice of counsel defense.  If so, the parties should be prepared to address proposals for resolving any attorney-client privilege issues that arise, and whether the parties believe bifurcation of the trial into liability and damages phases would be appropriate;

   d. anticipated post-claim construction discovery;

   e. any other pretrial matters; and

   f. the progress of settlement discussions, if any.

United States District Court
Northern District of California

1  The Court will review the reports, and if necessary, schedule a further case management
2  conference and enter any appropriate orders.
3  **IT IS SO ORDERED.**
4  Dated:  January 5, 2017

_____
JAMES DONATO
United States District Judge

**Sample Claim Chart**

| Claim Language (Disputed Terms in **Bold**) 'xxx Patent | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| 1. A method for counting **ducks,** comprising the steps of: [or] **ducks** Found in claim numbers: 'xxx Patent: y,z 'xxx Patent: a,b | PROPOSED CONSTRUCTION: a bird that quacks. DICTIONARY/TREATISE DEFINITIONS: Webster's Dictionary (A duck: bird that quacks); Field Guide (A bird call: quack). INTRINSIC EVIDENCE: 'xxx Patent col. _:__ (A distinctive honking); Prosecution History at __ (This patent is distinguished from the prior art in that the quacking of the bird is featured). EXTRINSIC EVIDENCE: McDonald Depo. at xx:xx (A: I'd say the quacking makes it a duck); '123 Patent at col _:__; Donald Decl. at xx. | PROPOSED CONSTRUCTION: a bird that swims. DICTIONARY/TREATISE DEFINITIONS: Random House Dictionary (A duck: an aquatic bird); Field Guide (same). INTRINSIC EVIDENCE: 'xxx Patent col _:__ (Ducks may be found on or near bodies of water); Prosecution History at __ (Water fowl are particularly amenable to being counted by this method). EXTRINSIC EVIDENCE: G. Marx Depo at xx:xx (A: Like a duck to water); '456 Patent at col _:__; Daffy Decl. at xx. |

(Or any other substantively similar format that permits the court to compare terms side by side.)

United States District Court
Northern District of California

6