## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FEDERAL TRADE COMMISSION,**

                              Plaintiff,

        v.                                                    Civil Action No. 1:20-cv-03590 (JEB)

**META PLATFORMS, INC.**

                              Defendant.

**FEDERAL TRADE COMMISSION'S OPPOSITION TO META PLATFORMS INC.'S
MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO
INTERROGATORY NOS. 16 AND 20-23**

1

## INTRODUCTION

The FTC responded to Meta's Third Set of Interrogatories (Nos. 16-23) – which requested "all relevant facts" supporting dozens of the FTC's purported contentions – by citing over 500 documents and dozens of pages of testimony in a 71-page response. Even though they exceed the number of interrogatories Meta is entitled to serve, the FTC has fully and completely answered Interrogatory Nos. 16-19 based on its diligent review of the evidence available to it. The FTC, however, stands on its objections to answering further Interrogatory Nos. 20-23 given that these requests seek information redundant of Meta's prior requests, seek the FTC's attorney work product or premature expert discovery, and are unduly burdensome and exceed the number of permitted interrogatories. Meta has already propounded hundreds of requests to the FTC, and the FTC has already provided hundreds of pages of answers in response. As the FTC pointed out in its Responses & Objections, much of the information Meta seeks it already has, and where appropriate, the FTC has referred Meta to the FTC's prior responses addressing Meta's requests. The remaining information is either outside the proper bounds of discovery or is unduly burdensome. As such, the FTC requests that this Court deny Meta's motion to compel.

## LEGAL ANALYSIS

By agreement of the parties, this Court limited each side's number of interrogatories to 30. Joint Scheduling Order (Dkt. No. 103). The FTC previously objected to Meta's Interrogatory No. 15 on numerosity grounds. While the Court ultimately required the FTC to answer Interrogatory No. 15, the Court agreed that Meta's interrogatories were not "particularly narrow," that its order was not a license for Meta's remaining interrogatories to "sweep exceedingly broadly," and it was "cognizant of the FTC's position and will look at further interrogatories." Joint Status Conference, Tr. at 14 (Jan. 5, 2023).

Since that order, the FTC has gone above and beyond in responding to Meta's interrogatories, including supplementing its response to Interrogatory Nos. 13 and 14 with over 50 pages of analysis. *See generally* Ex. B.  Meta then issued Interrogatory Nos. 16 through 23.  These broadly sweeping Interrogatories comprise at least Meta's forty-fifth through sixty-fourth Interrogatories and overlap with many of Meta's previous Interrogatories.  Ex. C at 7.  To avoid unnecessary disputes, but without waiving its numerosity objection, the FTC answered in full Meta's Interrogatory Nos. 16-19.  Meta's Interrogatory Nos. 20-23, however, are a step too far. The unduly burdensome nature of Meta's requests coupled with these requests' minimal value suggest that Meta's motion should be denied globally on the basis of numerosity alone.  However, even when assessed on an interrogatory-by-interrogatory basis, Meta's arguments regarding Interrogatory Nos. 16 and 20-23 are fundamentally defective.

    a. *Interrogatory Nos. 20 and 21 are Vague, Overly Broad, and Seek Premature Expert Discovery*

Interrogatory Nos. 20 and 21 ask the FTC to identify "all relevant facts" supporting the FTC's purported allegation that, if Meta had not acquired Instagram (No. 20) and WhatsApp (No. 21), "consumers would have products or services that are better than those available today." Ex. C at 64, 66.  Meta's interrogatories cite paragraphs 220 through 222 in the FTC's Amended Complaint, which describe, *inter alia*, how Meta's conduct deprived consumers of the benefits of competition, including additional innovation, product quality improvements, and consumer choice.  These paragraphs do not have the quoted language from Meta's Interrogatory, nor does Meta define what it means by "better" in its request.   Given the mismatch between the Interrogatory as written and the cited paragraphs, the FTC is left to guess at exactly which contentions within paragraphs 220-222 (or elsewhere) Meta seeks relevant facts for.

Moreover, to the extent that Meta is seeking all facts supporting the contentions in

paragraphs 220 through 222 or some other analysis of the "but for" world, its request is both premature expert discovery and overly broad.  First, an analysis of the "but for" world is the province of expert testimony and more properly addressed under this Court's schedule for expert discovery (which is fast-approaching, with initial expert disclosures due July 3).  *In re. Domestic Airline Travel Antitrust Litig.*, 2018 WL 4381070, at *4 (D.D.C. June 15, 2018) (denying a motion to compel seeking the status of the but-for world as premature expert discovery).  Second, to the extent that Meta is asking for all relevant facts supporting the contentions in paragraphs 220-222 of the Amended Complaint, this request is overly broad in that it essentially asks for factual support for nearly a dozen of the FTC's contentions.  For these reasons, Meta's motion to compel further response to Interrogatory Nos. 20-21 should be denied.

> b. *Interrogatory No. 22 Seeks Privileged Attorney Work Product and is Overly Broad*

Interrogatory No. 22 asks the FTC to "[i]dentify all relevant facts supporting Your PSNS market definition, see Am. Compl. ¶¶ 166-176, with respect to the 'practical indicia' enumerated in Brown Shoe v. United States, 370 U.S. 294, 325 (1962)." Ex. C, at 68.  In response, the FTC directed Meta to its voluminous responses to Interrogatory Nos. 10, 13, 14, and 16 where it provided nearly a hundred pages of explanation (with citations to over 500 documents) regarding the FTC's market definition.  A further response is not warranted.

First, in a naked effort to fast-track this dispute to the Court, Meta has violated the Court's rules, which require counsel to "discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement."  LCR7.  Meta pushed to schedule a meet and confer prior to even receiving the FTC's response to its Interrogatories.  At that meet and confer – conducted less than 15 hours after the FTC served its seventy-page Response and Objections – Meta admitted that

it had only reviewed a few illustrative examples cited in the FTC's response to Interrogatory No. 16 (which is incorporated by reference in the FTC's response to Interrogatory No. 22). This is the opposite of meeting and conferring in good faith and, for this reason alone, Meta's motion to compel should be denied.

Second, while Federal Rule 33(a) allow inquiries into "an opinion or contention that relates to fact or the application of law to fact," Courts recognize that questions seeking "pure requests for admissions of law" improper. *O'Brien v. Internat'l Broth. of Elec. Workers*, 443 F.Supp. 1182, 1187–88 (N.D.Ga.1977). Here, Meta's contention interrogatory crosses that line. To answer this interrogatory further, the FTC would have to disclose its work product regarding how, and if, it intends to apply the *Brown Shoe* analysis in defining its market. *Encon Int'l, Inc. v. Garrahan*, 2013 WL 12250907, at *2 (D. Kan. Jan. 16, 2013) ("If the interrogatory is aimed at gathering TBG's counsel's views, this interrogatory is also impermissible because it seeks the mental impressions or legal conclusions of TBG's attorneys.").

Finally, Meta's request is disproportionate to the needs of this case. Meta is equally situated to conduct its own analysis of the *Brown Shoe* factors and need not rely on the FTC to conduct its analysis for it. Meta's motion to compel should be denied.

### b. Interrogatory No. 23 Seeks Redundant and Burdensome Information

Interrogatory No. 23 asks the FTC to "[i]dentify all relevant facts supporting Your allegation, in Paragraphs 2, 169, and 184 of the Amended Complaint, that Snapchat provides PSNS in the United States." The FTC directed Meta to its response to Interrogatory No. 13 which provided a fulsome explanation regarding why "Snapchat provides personal social networking services and the features/activities identified above are likely part of Snapchat's personal social networking offering." Ex. B at 27-30. When asked what information, if any, Meta was seeking

beyond the FTC's response to Interrogatory No. 13, Meta said only that it wanted additional information regarding the FTC's position in Interrogatory No. 13 and the relevant facts to support it.  But Interrogatory No. 23 does not seek additional explanation regarding the FTC's position, it merely asks the same question as Interrogatory No. 13 phrased another way.  *Equal Rts. Ctr. v. Post Properties, Inc.,* 246 F.R.D. 29, 33 (D.D.C. 2007) ("[T]o the extent that the information sought by this Interrogatory is a sub-set of the information sought by Interrogatory #6, it was proper for Plaintiff's to answer this question by referring to its earlier answers.").  Likewise, the FTC may supplement its response to Interrogatory No. 13 in accordance with its obligations, but depositions of Snapchat witnesses have not even concluded.  As such, it remains unclear what additional information Meta seeks.

## II.     The FTC Has Fully Answered Interrogatory No. 16

Interrogatory No. 16 seeks the underlying facts supporting the FTC's Interrogatory No. 14 response.  While this interrogatory contains at least hundreds, if not thousands, of individual interrogatories, and thus violates the Court's limits on interrogatories, the FTC's 45-page response is a comprehensive accounting of the FTC's evidence to date on these counts.  Ex. B.  In response, Meta asked the FTC to "certify" its response and agree that it would not modify it.  Ex. A.  As the FTC told Meta, it can certify that it has provided a "full and complete" response to Interrogatory No. 16 based on the evidence available to it at this time.  The Federal Rules of Civil Procedure explicitly allow the FTC to supplement its Interrogatory response as new information becomes available to the FTC.  FRCP 26(e).  As such, the FTC does not waive its right to modify or supplement its response based on information that it later discovers.

## CONCLUSION

For the reasons above, the FTC requests that the Court deny Meta's Motion to Compel.

Dated: May 9, 2023                          Respectfully submitted,

/s/ Susan A. Musser
Susan A. Musser (D.C. Bar 1531486)
Daniel Matheson (D.C. Bar 502490)
Krisha Cerilli (D.C. Bar 983281)

Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
Telephone: (202) 326-2122
Email: smusser@ftc.gov

*Attorneys for Plaintiff*
*Federal Trade Commission*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of May 2023, I served the above document on the following counsel via ECF:

> Mark C. Hansen
> Kevin B. Huff
> Kenneth M. Fetterman
> Geoffrey M. Klineberg
> Kevin J. Miller
> Aaron M. Panner
> Alex A. Parkinson
> Ana Nikolic Paul
> Aaseesh P. Polavarapu
> Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
> 1615 M Street, N.W. Suite 400
> Washington, DC 20036
> Tel: 202-326-7900
> mhansen@kellogghansen.com
> khuff@kellogghansen.com
> kfetterman@kellogghansen.com
> gklineberg@kellogghansen.com
> kmiller@kellogghansen.com
> apanner@kellogghansen.com
> aparkinson@kellogghansen.com
> apaul@kellogghansen.com
> apolavarapu@kellogghansen.com

> Sonal N. Mehta
> Wilmer Cutler Pickering Hale & Dorr LLP
> 2600 El Camino Real, Suite 400
> Palo Alto, CA 94306
> Tel: 650-858-6000
> sonal.mehta@wilmerhale.com

> David Gringer
> Wilmer Cutler Pickering Hale & Dorr LLP
> 7 World Trade Center
> 250 Greenwich Street
> New York, NY 10007
> Tel: 212-230-8800
> david.gringer@wilmerhale.com
> James P. Rouhandeh
> Michael Scheinkman

> Davis Polk & Wardwell LLP
> 450 Lexington Avenue

New York, NY 10017
Tel: 212-450-4000
rouhandeh@davispolk.com
michael.scheinkman@davispolk.com

By:   /s/ Susan A. Musser
      Susan A. Musser
      (D.C. Bar 1531486)
      Federal Trade Commission
      Bureau of Competition
      600 Pennsylvania Avenue
      N.W.
      Washington, DC 20580
      Telephone: (202) 326-2122
      Email: smusser@ftc.gov

      *Attorney for Plaintiff*
      *Federal Trade Commission*