# EXHIBIT 18

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 1:20-cv-03590-JEB |

**META PLATFORMS, INC.'S NOTICE OF
RULE 30(B)(6) DEPOSITION OF THE FEDERAL TRADE COMMISSION**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Meta Platforms, Inc. ("Meta"), by and through undersigned counsel, will take the deposition of Plaintiff Federal Trade Commission ("FTC" or "Plaintiff") beginning at 9:00 a.m. EST on May 8, 2023 at the office of Kellogg, Hansen, Todd, Figel & Frederick P.L.L.C., 1615 M Street, N.W., Washington, D.C. 20036, or alternatively at such other time and place as the parties mutually agree. The deposition will continue for at least one, seven-hour day, and is subject to continuance or adjournment until completed. The deposition will be recorded by video and stenographic means, and it will be taken before a notary public or other person authorized to administer oaths, for use as discovery, as evidence at trial, or for any other purposes allowed by the Federal Rules of Civil Procedure and the Rules of the Court. As required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, the FTC is obligated to designate one or more officers, directors, managing agents, employees, or other Persons who consent to testify on its behalf with respect to the topics set forth in Schedule A. The Person or Persons so designated must be capable of testifying on such topics as to the matters known or

- 1 -

- 2 -

reasonably available to the FTC.  Meta requests that FTC provide, on or before May 1, 2023, the identities of the individual(s) designated, and the topics on which the individual(s) will provide testimony.

Dated: April 3, 2023                                     */s/ Mark C. Hansen*

                                                       Mark C. Hansen (D.C. Bar No. 425930)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*

## SCHEDULE A

## INSTRUCTIONS

1. Each topic shall be construed independently and no topic shall limit the scope of any other topic.

2. Unless otherwise specified, the timeframe of these deposition topics is from January 1, 2011 to the present.

3. To the extent that You consider any deposition topic objectionable, state with specificity that part of the topic as to which You raise objection and each ground for each such objection.

4. The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of a topic all information that might otherwise be construed to be outside of its scope.

5. The words "all" means "any and all" and "any" means "any and all." The words "any," "each," and "every" shall be construed to mean individually and collectively wherever such dual construction will serve to bring within the scope of a topic any information that would otherwise not be within its scope.

6. The singular forms shall be construed to include the plural, and vice versa, whenever such a dual construction will serve to bring within the scope of a topic any information that would otherwise not be within its scope.

7. The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope of a topic all information that might otherwise be construed to be outside of its scope.

8. Should You find the meaning of any term in the topics to be unclear, You should assume a reasonable meaning, state what that assumed meaning is, and be prepared to respond to the topic on the basis of that assumed meaning.

## DEFINITIONS

1. "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

2. "Advertiser" means any Person that advertises or purchases advertising.

3. "Amended Complaint" means the Substitute Amended Complaint for Injunctive and Other Equitable Relief filed in this Action by Plaintiff Federal Trade Commission on September 8, 2021.

4. "Communication" means the transmittal of information or request for information, including, but not limited to, any written contact between two or more people by such means as letters, memoranda, facsimile transmissions, text messages, instant messages, and e-mails, as well as orally, by such means as face-to-face meetings, videoconferencing, and telephone conversations.

5. "Concerning" means relating to, in relation to, constituting, regarding, referring to, describing, discussing, embodying, evidencing, memorializing, mentioning, recording, studying, analyzing, reflecting, pertaining to, supporting, refuting, responsive to, or with respect to.

6. "Document" or "Documents" means all documents or data, whether hard copy or Electronically Stored Information as defined in Federal Rule of Civil Procedure 34(a).

7. "Electronically-Stored Information" or "ESI" means all Documents that are stored in any electronic medium from which information can be obtained.

8. "Facebook," unless the context requires otherwise, means the application and website offered by Meta that is sometimes referenced internally at Meta as "Facebook Blue," and described in the Amended Complaint as "Facebook Blue."

9. "FTC Facebook Accounts" means all accounts maintained and operated by the FTC on Facebook, including (i) the @federaltradecommission account (https://www.facebook.com/federaltradecommission), and (ii) the @MilitaryConsumer account (https://www.facebook.com/MilitaryConsumer/) as described at https://www.ftc.gov/news-events/stay-connected/social-media.

10. "FTC LinkedIn Account" means all accounts maintained and operated by the FTC on the mobile application and website offered by LinkedIn, including the @federal-trade-commission account (https://www.linkedin.com/company/federal-trade-commission/) as described at https://www.ftc.gov/news-events/stay-connected/social-media.

11. "FTC Reddit Account" means all accounts maintained and operated by the FTC on the mobile application and website offered by Reddit, including the account maintained at https://www.reddit.com/user/The_FTC as described at https://www.ftc.gov/news-events/stay-connected/social-media.

12. "FTC Twitter Accounts" means all accounts maintained and operated by the FTC on the mobile application and website offered by Twitter, including (i) the @FTC account (http://twitter.com/FTC), (ii) the @TechFTC account (http://twitter.com/techFTC), (iii) the La FTC account (https://twitter.com/laftc), (iv) the @MilConsumer account (http://twitter.com/milconsumer), (v) the @LinaKhanFTC account (https://twitter.com/linakhanftc), (vi) the @RKSlaughterFTC (https://twitter.com/rkslaughterftc), (vii) the @CSWilsonFTC account (https://twitter.com/CSWilsonFTC), and (viii) the

@BedoyaFTC account (https://mobile.twitter.com/bedoyaftc) as described at https://www.ftc.gov/news-events/stay-connected/social-media.

13. "FTC YouTube Account" means all accounts maintained and operated by the FTC on the mobile application and website offered by YouTube, including the @ftcvideos account (http://youtube.com/FTCvideos) as described at https://www.ftc.gov/news-events/stay-connected/social-media.

14. "FTC Account" means any FTC Facebook Accounts, FTC LinkedIn Account, FTC Reddit Account, FTC Twitter Accounts, or FTC YouTube Account.

15. "Meta" means Meta Platforms, Inc. and all Persons or entities acting or that have acted on its behalf, including, but not limited to, divisions, subsidiaries, holding companies, parents, successors, predecessors, including, but not limited to, Facebook, Inc., Instagram, WhatsApp, and Onavo, and any other related entity.

16. "Person" means any person and includes natural persons, corporations, firms, partnerships, proprietorships, associations, joint ventures, State, Territory, government agencies or entities, and other enterprises or legal entities.

17. "PSNS" means "personal social networking services" as used in the Amended Complaint.

18. "Relating to," "related to," or "in relation to" means concerning, constituting, regarding, referring to, describing, discussing, embodying, evidencing, memorializing, mentioning, recording, studying, analyzing, reflecting, pertaining to, supporting, refuting, responsive to, or with respect to.

19. "Service" or "Services" shall mean Discord, Facebook, Instagram, LinkedIn, Pinterest, Reddit, Snap, Twitter, TikTok, Twitch, WhatsApp, and YouTube.

20. "Use" shall mean to create, post, or share content of any kind on a Service (e.g., profiles, text, photos, videos, etc.) or to interact with other users of a Service (e.g., following, friending, liking, retweeting, etc.) in connection with any function, activity, or business of the FTC.

21. "You," "Your," "Federal Trade Commission," or "FTC" refers to Plaintiff, United States Federal Trade Commission, including, but not limited to, any components, agents, Commissioners, representatives, consultants, contractors, employees, attorneys, representatives, economists, experts, and any other Person(s) acting or purporting to act with or on its behalf.

## TOPICS FOR EXAMINATION

1. The authenticity and reliability of Documents You produced in this Action, including the Documents identified in this Notice. This topic includes, but is not limited to, whether the Documents meet the criteria for records of a regularly conducted business activity, as set forth in Federal Rule of Evidence 803(6).

2. The purpose of any Use of any Services, including FTC Accounts, by the FTC or its officials in their official capacity.

3. The nature and manner of any Use of any Services, including FTC Accounts, by the FTC or its officials in their official capacity.

4. Your evaluation of whether the FTC should Use any Services, including the purposes for such Use and the reasons why the FTC did or did not Use the Service.

5. Your Social Media Weekly Reports.

6. The facts supporting Your Response to Meta's List of Features or Activities (Sept. 12, 2022) and Your responses to Meta's Interrogatory Nos. 13, 14, and 16.

7.    Your understanding of the term "social media" as used (1) on the FTC's website at https://www.ftc.gov/news-events/stay-connected/social-media and (2) in the FTC's "Social Media Overview" dated March 2021 (or any previous versions).

8.    Which companies offer "Social Media and Video Streaming Services"[1] as defined in the Section 6(b) orders issued to at least Amazon.com, Inc., ByteDance Ltd., Discord Inc., Facebook, Inc., Reddit, Inc., Snap Inc., Twitter, Inc., WhatsApp Inc., and YouTube LLC pursuant to the December 11, 2020 "Resolution Directing Use of Compulsory Process to Collect Information Regarding Social Media and Video Streaming Service Providers' Privacy Practices," and the nature of those services offered.

9.    Which companies offer "Social Media and Video Streaming Services"[2] as defined in the Section 6(b) orders issued to at least Instagram, LLC, Meta Platforms, Inc., Pinterest, Inc., Snap, Inc., TikTok, Inc., Twitch Interactive, Inc., Twitter, Inc., and YouTube, LLC pursuant to the March 16, 2023 "Resolution Directing Use of Compulsory Process to Collect Information Regarding Social Media and Video Streaming Platforms' Review and Monitoring of Commercial Advertising to Detect, Prevent, and Reduce Deceptive Advertisements, Including Related to Fraudulent Health-Care Products, Financial Scams, and the Sale of Fake Goods," https://www.ftc.gov/system/files/ftc_gov/pdf/P224500-Social-Media-6b-Resolution.pdf, and the nature of those services offered.

---

[1] In a sample Section 6(b) order, the FTC defined "Social Media and Video Streaming Service" as a "product or service that allows users to create and share content with other users (whether a private or group interaction) through an application or website on any device (e.g., personal computer, iOS device, Android device, etc.), or stream video, Including, but not limited to, any social networking service, messaging service, video streaming service, or photo, video, or other content sharing application, whether offered for a fee or for free." *See* Order To File A Special Report, FTC Matter No. P205402, https://www.ftc.gov/system/files/documents/reports/6b-orders-file-special-reports-social-media-service-providers/6bs_order_os_final.pdf

[2] In a sample Section 6(b) order, the FTC defined "Social Media and Video Streaming

Dated: April 3, 2023                                    Respectfully,


                                              */s/ Mark C. Hansen*
                                              Mark C. Hansen (D.C. Bar No. 425930)
                                              KELLOGG, HANSEN, TODD,
                                                 FIGEL & FREDERICK, P.L.L.C.
                                              1615 M Street, N.W., Suite 400
                                              Washington, D.C. 20036
                                              Tel: (202) 326-7900
                                              mhansen@kellogghansen.com

                                              *Counsel for Defendant Meta Platforms, Inc.*

---

Services" as "any product or service that allows users of the product or service to create and share content with other users of the product or service (whether a private or group interaction) through an application or website on any device (e.g., personal computer, iOS device, Android device, etc.), or stream video, including, but not limited to, any social networking service, messaging service, video streaming service, or photo, video, or other content sharing application, whether offered for a fee or for free." Order To File A Special Report, FTC Matter No. P224500, https://www.ftc.gov/system/files/documents/reports/6b-orders-file-special-reports-social-media-service-providers/6bs_order_os_final.pdf.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2023, I electronically transmitted the foregoing to the following e-mail addresses:

Daniel Matheson
Owen Masters
Michael Smith
Krisha Cerilli
Robert Zuver
Maggie DiMoscato
Sunila Steephen
Dominique Wilson
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, D.C. 20580
Tel: 202-326-2075
dmatheson@ftc.gov
omasters@ftc.gov
msmith9@ftc.gov
kcerilli@ftc.gov
rzuver@ftc.gov
mdimoscato@ftc.gov
ssteephen@ftc.gov
dwilson1@ftc.gov

/s/ *Geoffrey J.H. Block*
Geoffrey J.H. Block*
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
gblock@kellogghansen.com

*Admitted in Maryland. Not Admitted in the District of Columbia. Practice supervised by members of the firm.

*Counsel for Defendant Meta Platforms, Inc.*