# EXHIBIT 19



## Depositions

This Standing Order applies to all cases assigned to Judge Kness, including any cases referred to the Magistrate Judges for supervision of discovery. The Court enters this Standing Order to exercise reasonable control over the mode of witness examinations and the presentation of evidence, so as to promote the search for truth, avoid wasting time, and protect witnesses from harassment and undue embarrassment. *See* Fed. R. Evid. 611(a); Fed. R. Civ. P. 30(d)(3)(B).

1. Depositions are one of the most valuable tools in discovery. They are also, unfortunately, often impeded by the unacceptable conduct of witnesses and counsel. The Court will consider any effort to obstruct a deposition  through, for example, making speaking objections, giving improper instructions not to answer, or coaching the witness—as an attempt to undermine the truth-seeking function of litigation and will deal with such conduct accordingly. Litigation is not "a contest to see how much trouble you can cause your opponents. Those who treat it as such do so at their peril." *See Hal Commodity Cycles Mgmt. Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir  1987)

2. Counsel who wish to participate in depositions, and experts who hope to testify at trial, must comply with this Standing Order

### Civility

3. Counsel are advised that the Court takes matters of civility seriously. Counsel must behave professionally at all times during depositions. Depositions must be civil, and attorneys must be respectful to witnesses, to the court reporter, and to other attorneys. Counsel must conduct themselves as if they were present in open  court  *See* Fed  R  Civ  P  30(c)(1)

### Questioning the Witness

4   Treat the witness with respect at all times  Do not make faces, offer editorial comments, laugh, or otherwise make sarcastic expressions. Counsel must not interrupt a witness who is answering the question. By asking a question, counsel has invited a response from the witness. If the questioning attorney interrupts, the attorney for the witness can insist that the witness be allowed to complete his or her answer. If the witness repeatedly filibusters, the witness may become subject to extra deposition time  *See* Fed  R  Civ  P  30(d)(1)

### Objections

5. Counsel sometimes lodge objections with an improper motive. The Court will view such objections as an attempt to undermine the truth-seeking function of depositions. Counsel may object to the form of a question by making short, simple objections. Objections must be "concise[]," as the Federal Rules command. *See* Fed. R. Civ. P. 30(c)(2). Acceptable objections include "object to the form," "objection; form," and "object to the form of the question." Such short-and-simple objections preserve any and all objections to the form of the question, *see* Fed. R. Civ. P. 32(d)(3)(B), including (1) leading; (2) vague; (3) ambiguous; (4) argumentative; (5) lack of personal knowledge; (6) lack of foundation; (7) calls for speculation; (8) calls for a legal conclusion; (9) assumes facts not in evidence; (10) misstates the facts, or the testimony; (11) hearsay; (12) compound; (13) the document speaks for itself; and so on.

6. Unless expressly asked, counsel shall not object by articulating all of the many reasons why a question is perceived to be defective. Making one specific objection—such as "objection; leading" or "objection; foundation"—is acceptable. A single, targeted objection gives the questioning attorney an opportunity to cure. But stringing together more than one specific objection is not. If counsel has more than one objection to a question, simply say "objection; form." Improper objections are deemed to be no objections at all (when it comes to preservation). At summary judgment or at trial, the Court may treat deposition objections to be waived if they violate this Standing Order.

7. As a reminder, the Federal Rules allow an instruction not to answer "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion [for a protective order] under Rule 30(d)(3)." *See* Fed. R. Civ. P. 30(c)(2); *Redwood v. Dobson*, 476 F.3d 462 (7th Cir. 2007). If there is a dispute about an instruction not to answer, move on and complete the rest of the deposition. Preserve the issue on the record for later resolution by the parties or the Court.

### Evasive or Incomplete Answers

8. Under the Federal Rules, an "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *See* Fed. R. Civ. P. 37(a)(4). Witnesses must give direct answers to straightforward questions. The Court will treat evasive deposition testimony as a failure, if not a refusal, to testify. A witness who gives evasive answers may become subject to extra deposition time, among other remedies. *See* Fed. R. Civ. P. 30(d)(1); Fed. R. Civ. P. 37. As during a trial, a witness may not take a break while a question is pending.

9. Experts must comply with discovery obligations, *see* Fed. R. Civ. P. 26(a)(2)(B), and must participate in discovery in good faith. That rule fully applies to depositions.

### Depositions under Rule 30(b)(6)

10. Depositions under Rule 30(b)(6) pose special challenges and impose significant burdens. A party who seeks to take a 30(b)(6) deposition must serve a limited number of narrowly tailored requests. The requesting party must specify the topics with "reasonable particularity," see Fed. R. Civ. P. 30(b)(6), so that the receiving party has a clear understanding of what information is requested.

11. The number and scope of the topics must be proportional to the "needs" of the case. See Fed. R. Civ. P. 26(b)(1). The presumptive limit is 10 topics, and subtopics count.

12. A party requesting a 30(b)(6) deposition is not entitled to select the person who will testify on behalf of the entity. A party requesting a 30(b)(6) deposition is also not entitled to the "most knowledgeable" witness. Instead, the "named organization" that provides corporate testimony under Rule 30(b)(6) is entitled to "designate" the person who will "testify on its behalf." See Fed. R. Civ. P. 30(b)(6). An entity has the discretion to present "one or more" representative deponents. Id. The entity must educate the designated witness before the deposition as necessary. A 30(b)(6) deposition is the testimony of the entity itself, not the testimony of an individual. A 30(b)(6) witness does not need to have personal knowledge over the topics. Instead, he or she testifies in a corporate capacity based on "information known or reasonably available to the organization." Id.

13. Absent leave of Court or an agreement between the parties, a party must provide a copy of all exhibits for a 30(b)(6) deposition to all other parties at least one week before the deposition.

14. Parties cannot take depositions under Rule 30(b)(6) of government agencies acting in their *enforcement capacity* without leave of Court. For example, a party would need leave of Court to take a Rule 30(b)(6) deposition of the FTC when the FTC files suit to enforce the consumer-protection laws, or a 30(b)(6) deposition of the EEOC when the EEOC enforces the anti-discrimination laws. See SEC v. Buntrock, 217 F.R.D. 441 (N.D. Ill. 2003); SEC v. SBM Inv. Certificates, Inc., 2007 WL 609888 (D. Md. 2007); SEC v. Rosenfeld, 1997 WL 576021 (S.D.N.Y. 1997); SEC v. Morelli, 143 F.R.D. 42 (S.D.N.Y. 1992); EEOC v. Evans Fruit Co., Inc., 2012 WL 442025 (E.D. Wash. 2012); EEOC v. McCormick & Schmick's Seafood Restaurants, Inc., 2010 WL 2572809 (D. Md. 2010); FTC v. U.S. Grant Resources, LLC, 2004 WL 1444951 (E.D. La. 2004). The government does not have first-hand knowledge of any facts when it acts in an enforcement capacity. Instead, the government relies on facts gathered during an investigation, often by lawyers. A deposition under Rule 30(b)(6) under those circumstances may raise work-product issues, among others, and may create more trouble than it is worth. This rule does not apply when the government is a defendant.

### Scheduling, Time, and Breaks

15. Counsel must cooperate in the scheduling of depositions. Counsel who serve deposition notices must make reasonable efforts to accommodate the schedules of the witness and other counsel. If the date proposed in a deposition notice is problematic for counsel or the witness, then the counsel or witness with the scheduling conflict must promptly propose several reasonable alternate dates. A failure to propose alternate dates within a reasonable time may be a waiver of the right to object to the date in the deposition notice.

16. The seven-hour rule under the Federal Rules of Civil Procedure does not include breaks. "Preoccupation with timing is to be avoided." *See* Fed. R. Civ. P. 30 advisory committee's note to 2000 amendment.

---

**Note:** The court does not control nor can it guarantee the accuracy, relevance, timeliness, or completeness of this information. Neither is it intended to endorse any view expressed nor reflect its importance by inclusion in this site.

*#CMPID1228*