# EXHIBIT 26

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FEDERAL TRADE COMMISSION,

        Plaintiff,

        v.

META PLATFORMS, INC.,

        Defendant.

Case No. 1:20-cv-03590-JEB

**PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANT META PLATFORMS, INC.'S NOTICE OF RULE 30(B)(6) DEPOSITION**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and the Joint

Scheduling Order (the "Case Management Order" or "CMO") entered on March 3, 2022 (Dkt. No.

103), Plaintiff Federal Trade Commission ("FTC" or "Plaintiff") submits these Objections and

Responses to Defendant Meta Platforms, Inc.'s Notice of Deposition and Schedule A containing

the noticed Federal Rule of Civil Procedure 30(b)(6) topics issued to Plaintiff ("Topics"), dated

April 3, 2023.

**GENERAL OBJECTIONS**

1.      The following General Objections apply to all of the Topics and are hereby

incorporated by reference into each of the following responses to each individual Topic and form

an integral part of the FTC's responses thereto.  The assertion of the same, similar, or additional

objections or the provision of partial answers in response to an individual Topic does not waive

any of the FTC's general objections as to that topic or other topics.

2.      These responses are made solely for the purposes of this action.  Each response is without waiver or limitation of Plaintiff's right to object on grounds of competency, relevance, materiality, privilege, admissibility as evidence for any purposes, or any and all grounds to the use of any documents or information in any subsequent proceeding in, or trial of, this or any other action.  The FTC hereby reserves the right to raise and rely upon such other and further objections as may become apparent during the course of responding to discovery.

3.      The FTC objects to the date of the deposition.

4.      The FTC objects to the extent Defendant Meta Platforms, Inc. ("Defendant" or "Meta") intends to issue more than one Rule 30(b)(6) notice in this case.

5.      The FTC objects to each Topic to the extent that it purports to require a corporate representative to testify regarding all issues as overly broad and unduly burdensome.

6.      The FTC objects to each Topic to the extent they would purport to require the FTC to search for documents across the entire agency over a ten-year period in order to prepare a witness to testify and to the extent the Topics seek testimony up to the present.

7.      The FTC objects to each Topic to the extent it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, attorney work product doctrine, government deliberative process privilege, investigative privilege, common interest doctrine, or any other privilege, doctrine, or protection as provided by any applicable law. Documents and information covered by such privileges and doctrines are not subject to disclosure. Nothing contained in these responses, including any inadvertent disclosure of privileged information, is intended to be, or in any way shall be deemed, a waiver of any applicable privilege or doctrine.

8.     The FTC objects to each Topic to the extent it expressly or impliedly seeks information protected from discovery by any privilege, doctrine, or protection from discovery as provided by any applicable law that may be asserted by any government agency, entity, or official. Documents and information covered by such privileges and doctrines are not subject to disclosure. Nothing contained in these responses, including any inadvertent disclosure of privileged information, is intended to be, or in any way shall be deemed, a waiver of any applicable privilege or doctrine.

9.     The FTC objects to each Topic to the extent that it calls for the production of documents or information that are exempted from discovery under Paragraphs 16 or 18 of the CMO in this case (Dkt. No. 103). The FTC will not produce documents or information that are exempted from discovery by Paragraphs 16 or 18 of the CMO.

10.     The FTC objects to each Topic to the extent it seeks an admission as to the existence or nonexistence of documents. Nothing contained in these responses is intended to be, or in any way shall be deemed, an admission by the FTC as to the existence or nonexistence of any documents or information.

11.     The FTC objects to each Topic to the extent it expressly or impliedly seeks proprietary, confidential, financial, trade secret, or commercially sensitive information from third parties that the FTC is under an obligation to a third party or court order not to disclose or that could harm third parties' competitive or business positions or result in a breach of Plaintiff's obligation to maintain the confidentiality of such information. Any confidential or proprietary information will be produced pursuant to the Protective Order in Civil Action No. 1:20-cv-03590-JEB entered March 25, 2022 (Dkt. No. 134), or any modifications thereto.

12.     The FTC objects to each Topic to the extent it concerns matters or issues that are beyond the scope of the allegations in the Amended Complaint filed in the above-captioned matter on September 8, 2021 ("Amended Complaint"), to the proposed relief, or to the defenses of Defendant, on the grounds that such discovery is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

13.     The FTC objects to each Definition, Instruction, and Topic to the extent it is inconsistent with, or purports to require Plaintiff to take measures above and beyond, the requirements of the D.D.C. Local Rules ("Local Rules"), the FRCP, applicable case law, any Court Rules, Orders, or Stipulations entered in this case, or any other agreements among the parties in this case.  The FTC reserves all rights pursuant to any Stipulations subsequently agreed to or entered by the Court and expressly incorporates all terms herein.

14.     The FTC objects to each Definition, Instruction, and Topic to the extent that it is vague, ambiguous, overly broad, unduly burdensome, fails to describe the information sought with the required reasonable particularity, requires unreasonable efforts or expense on behalf of Plaintiff, or uses terms that are undefined or not susceptible to a single meaning.  The FTC further objects to each Topic, Definition, and Instruction to the extent that each Topic, Definition, and Instruction seeks discovery that is not proportional to the needs of the case.

15.     The FTC objects to each Definition, Instruction, and Topic to the extent that they purport to require the FTC to conduct anything beyond a reasonable and diligent search for readily accessible documents (including electronically stored information) from readily accessible sources where responsive documents reasonably would be expected to be found.

16.     The FTC objects to each Definition, Instruction, and Topic to the extent it seeks information that is outside of the FTC's possession, custody, or control, or to the extent it is premature given it is related to documents not yet produced or under continuing investigation.

17.     The FTC objects to each Definition, Instruction, and Topic to the extent it purports to require the FTC to provide information beyond what the FTC is able to gather upon a reasonable search of its own files and from a reasonable inquiry of its current employees.

18.     The FTC objects to each Definition, Instruction, and Topic to the extent it impermissibly seeks the premature and nonreciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures.  The FTC will submit its expert report(s) and correspondence materials in accordance with the deadlines set forth in the CMO in this case (Dkt. No. 103).

19.     The FTC objects to each Definition, Instruction, and Topic to the extent it is duplicative of any other discovery request.

20.     The FTC objects to the definition of "electronically-stored information" or "ESI" in the Topics to the extent it is inconsistent with, or purports to require Plaintiff to take measures above and beyond, the requirements of the Local Rules, the FRCP, applicable case law, any Court Rules, Orders, or Stipulations entered in this case, including, but not limited to, the ESI Protocol in this case (Dkt. No. 108).

21.     The FTC objects to the definition of "Facebook" in the Topics as vague and ambiguous, and unduly burdensome, to the extent it demands the FTC define "Facebook" according to the definition provided "unless the context requires otherwise."

22.     The FTC objects to the definition of "Meta" in the Topics as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requires the FTC to identify "all Persons or entities acting or that have acted on its behalf, including, but not limited to, divisions, subsidiaries, holding companies, parents, successors, predecessors, including, but not limited to, Facebook, Inc., Instagram, WhatsApp, and any other related entity."

23.     The FTC objects to the definition of "FTC Facebook Accounts" in the Topics as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requires the FTC to identify "all accounts maintained and operated by" anyone included in the overly broad definition of "FTC" and to the extent it requires the FTC to identify any accounts not identified in the definition.

24.     The FTC objects to the definition of "FTC LinkedIn Account" in the Topics as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requires the FTC to identify "all accounts maintained and operated by" anyone included in the overly broad definition of "FTC" and to the extent it requires the FTC to identify any accounts not identified in the definition.

25.     The FTC objects to the definition of "FTC Reddit Account" in the Topics as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requires the FTC to identify "all accounts maintained and operated by" anyone included in the overly broad definition of "FTC" and to the extent it requires the FTC to identify any accounts not identified in the definition.

26.     The FTC objects to the definition of "FTC Twitter Accounts" in the Topics as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requires the FTC to identify "all accounts maintained and operated by" anyone included in the

overly broad definition of "FTC" and to the extent it requires the FTC to identify any accounts not identified in the definition.

27.     The FTC objects to the definition of "FTC YouTube Account" in the Topics as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requires the FTC to identify "all accounts maintained and operated by" anyone included in the overly broad definition of "FTC" and to the extent it requires the FTC to identify any accounts not identified in the definition.

28.     The FTC objects to the definition of "FTC Account" in the Topics as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requires the FTC to identify "all accounts maintained and operated by" anyone included in the overly broad definition of "FTC" and to the extent it requires the FTC to identify any accounts not identified in the definition.

29.     The FTC objects to the definition of "Use" as overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case to the extent it requires the FTC to identify any purported Use "in connection with any function, activity, or business of the FTC" in the overly broad definition of "FTC."

30.     The FTC objects to the definition of "Service" or "Services" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent they include services unrelated to an FTC Account as identified in the Topics.

31.     The FTC objects to the definition of "relating to," "relate to," "related to," or "in relation to" in the Topics as overbroad and unduly burdensome.

32.     The FTC objects to the Definitions of "You," "Your," "Federal Trade Commission," and "FTC" as overbroad and unduly burdensome to the extent they include parties

other than the FTC or its employees, and to the extent the Topics require the FTC to conduct a search of the custodial files of each and every FTC employee.

33.     Plaintiff reserves the right to redact privileged, or otherwise protected material, in the documents that it produces in this action.

34.     No incidental or implied admissions are intended by the responses herein.  The fact that the FTC has responded or objected to any of the Topics should not be taken as an admission that the FTC accepts or admits the existence of any "facts" or premises set forth or assumed by such Topic.  The fact that the FTC has responded to part or all of any individual Topic is not intended to be, and shall not be construed to be, a waiver by the FTC of any part of any objection to such Topic.

35.     The FTC, in responding to the Topic, does not concede to the relevance or admissibility of any documents, things or information sought through the Topic, and reserves the right to challenge such relevance or admissibility.

36.     Plaintiff specifically reserves the right to supplement and amend these responses, including the interposition of additional or different objections, when and if it becomes necessary.

37.     Each of these General Objections is incorporated into Plaintiff's response to each of the individual Topics as though fully set forth therein.  Plaintiff will not respond to the Topics to the extent objected to except as set forth herein.

## SPECIFIC OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS

### Deposition Topic Number 1:

*The authenticity and reliability of Documents You produced in this Action, including the Documents identified in this Notice. This topic includes, but is not limited to, whether the Documents meet the criteria for records of a regularly conducted business activity, as set forth in Federal Rule of Evidence 803(6).*

## OBJECTIONS AND RESPONSES TO DEPOSITION TOPIC NO. 1

The FTC incorporates its general objections and objects to the definitions and to this Topic as vague, ambiguous, overly broad, and not reasonably tailored to permit the FTC to meaningfully prepare a corporate witness to testify pursuant to Federal Rule of Civil Procedure 30(b)(6).  As drafted, the topic covers a massive amount of information that would take significant time just to identify, and no witness could reasonably be expected to prepare and testify about this volume of information.

Subject to and without waiving the foregoing General and Specific Objections, the FTC is willing to meet and confer regarding the scope of this topic.

## Deposition Topic Number 2:

*The purpose of any Use of any Services, including FTC Accounts, by the FTC or its officials in their official capacity.*

## OBJECTIONS AND RESPONSES TO DEPOSITION TOPIC NO. 2

The FTC incorporates its general objections and objects to the definitions and to this topic as vague, ambiguous, overly broad, and not reasonably tailored to permit the FTC to meaningfully prepare a corporate witness to testify pursuant to Federal Rule of Civil Procedure 30(b)(6).  As drafted, the topic covers a massive amount of information that would take significant time just to identify, and no witness could reasonably be expected to prepare and testify about this volume of information.

The FTC specifically objects to this topic, including Meta's definitions incorporated therein because it seeks information which is wholly unrelated to any possible claim or defense in this litigation and is thus overly broad, unduly burdensome, and not proportional to the needs of this case.  The FTC brought this case in its capacity as an administrative agency of the United States government, vested with the authority and responsibility for enforcing Section 2 of the

Sherman Act, 15 U.S.C. § 2, and Section 5 of the FTC Act, 15 U.S.C. § 45, not as a user of any "FTC Account" or "Service." The FTC objects to this topic as the references to "purpose of any Use of any Services" and "officials in their official capacity" are vague, ambiguous, undefined, and overbroad.

The FTC further objects to this topic to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, investigative privilege, or any other privilege or protection as provided by any applicable law. The FTC objects to this topic to the extent it seeks testimony related to documents exempt from discovery under Paragraph 16 of the CMO. The FTC objects to this topic to the extent it seeks discovery of publicly available information or other information that is already available to Meta. The FTC also objects to the extent this topic seeks information outside its possession, custody, or control.

The FTC also notes that the FTC has produced documents related to this topic upon specific request by Meta. Meta's requests that a witness testify on behalf of the agency with regard to why, how, and when the FTC uses each FTC Account is duplicative and unreasonable when Meta already has that information, including in documents produced. The FTC also objects to this topic on the grounds that the burden and expense preparing a witness to testify about information related to the topic over the requested period of time outweighs any arguable benefit.

Subject to and without waiving the foregoing General and Specific Objections, the FTC is willing to meet and confer to ascertain if the definitions and topics can be sufficiently narrowed, modified, or clarified so as to permit the FTC to prepare a witness on the matters for examination.

**Deposition Topic Number 3:**

*The nature and manner of any Use of any Services, including FTC Accounts, by the FTC or its officials in their official capacity.*

## OBJECTIONS AND RESPONSES TO DEPOSITION TOPIC NO. 3

The FTC incorporates its general objections and objects to the definitions and to this topic as vague, ambiguous, overly broad, and not reasonably tailored to permit the FTC to meaningfully prepare a corporate witness to testify pursuant to Federal Rule of Civil Procedure 30(b)(6).  As drafted, the topic covers a massive amount of information that would take significant time just to identify, and no witness could reasonably be expected to prepare and testify about this volume of information.

The FTC specifically objects to this topic, including Meta's definitions incorporated therein because it seeks information which is wholly unrelated to any possible claim or defense in this litigation and is thus overly broad, unduly burdensome, and not proportional to the needs of this case.  The FTC brought this case in its capacity as an administrative agency of the United States government, vested with the authority and responsibility for enforcing Section 2 of the Sherman Act, 15 U.S.C. § 2, and Section 5 of the FTC Act, 15 U.S.C. § 45, not as a user of any "FTC Account" or "Service."  The FTC objects to this topic as the references to the "nature and manner of any Use of any Services" and "officials in their official capacity" are vague, ambiguous, undefined, and overbroad.

The FTC further objects to this topic to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, investigative privilege, or any other privilege or protection as provided by any applicable law.  The FTC objects to this topic to the extent it seeks testimony related to documents exempt from discovery under Paragraph 16 of the CMO.  The FTC objects to this topic to the extent it seeks discovery of publicly available information or other information that is already

available to Meta. The FTC also objects to the extent this topic seeks information outside its possession, custody, or control.

The FTC also notes that the FTC has produced documents related to this topic upon specific request by Meta.  Meta's requests that a witness testify on behalf of the agency with regard to why, how, and when the FTC uses each FTC Account is duplicative and unreasonable when Meta already has that information, including in documents produced.  The FTC also objects to this topic on the grounds that the burden and expense preparing a witness to testify about information related to the topic over the requested period of time outweighs any arguable benefit.

Subject to and without waiving the foregoing General and Specific Objections, the FTC is willing to meet and confer to ascertain if the definitions and topics can be sufficiently narrowed, modified, or clarified so as to permit the FTC to prepare a witness on the matters for examination.

**Deposition Topic Number 4:**

*Your evaluation of whether the FTC should Use any Services, including the purposes for such Use and the reasons why the FTC did or did not Use the Service.*

**OBJECTIONS AND RESPONSES TO DEPOSITION TOPIC NO. 4**

The FTC incorporates its general objections and objects to the definitions and to this topic as vague, ambiguous, overly broad, and not reasonably tailored to permit the FTC to meaningfully prepare a corporate witness to testify pursuant to Federal Rule of Civil Procedure 30(b)(6).  As drafted, the topic covers a massive amount of information that would take significant time just to identify, and no witness could reasonably be expected to prepare and testify about this volume of information.

The FTC specifically objects to this topic, including Meta's definitions incorporated therein because it seeks information which is wholly unrelated to any possible claim or defense in this litigation and is thus overly broad, unduly burdensome, and not proportional to the needs of

this case.  The FTC brought this case in its capacity as an administrative agency of the United States government, vested with the authority and responsibility for enforcing Section 2 of the Sherman Act, 15 U.S.C. § 2, and Section 5 of the FTC Act, 15 U.S.C. § 45, not as a user of any "FTC Account" or "Service."  The FTC objects to this topic as the references to "evaluation," "whether the FTC should Use any Services," "purpose of such use," and "reasons why the FTC did or did not Use the Service" are vague, ambiguous, undefined, and overbroad.

The FTC further objects to this topic to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, investigative privilege, or any other privilege or protection as provided by any applicable law.  The FTC objects to this topic to the extent it seeks testimony related to documents exempt from discovery under Paragraph 16 of the CMO.  The FTC objects to this topic to the extent it seeks discovery of publicly available information or other information that is already available to Meta. The FTC also objects to the extent this topic seeks information outside its possession, custody, or control.

The FTC also notes that the FTC has produced documents related to this topic upon specific request by Meta.  Meta's requests that a witness testify on behalf of the agency with regard to why, how, and when the FTC uses each FTC Account is duplicative and unreasonable when Meta already has that information, including in documents produced.  The FTC also objects to this topic on the grounds that the burden and expense preparing a witness to testify about information related to the topic over the requested period of time outweighs any arguable benefit.

Subject to and without waiving the foregoing General and Specific Objections, the FTC is willing to meet and confer to ascertain if the definitions and topics can be sufficiently narrowed, modified, or clarified so as to permit the FTC to prepare a witness on the matters for examination.

**Deposition Topic Number 5:**

*Your Social Media Weekly Reports.*

**OBJECTIONS AND RESPONSES TO DEPOSITION TOPIC NO. 5**

The FTC incorporates its general objections and objects to the definitions and to this topic as vague, ambiguous, overly broad, and not reasonably tailored to permit the FTC to meaningfully prepare a corporate witness to testify pursuant to Federal Rule of Civil Procedure 30(b)(6).  As drafted, the topic covers a massive amount of information that would take significant time just to identify, and no witness could reasonably be expected to prepare and testify about this volume of information.

The FTC specifically objects to this topic, including Meta's definitions incorporated therein because it seeks information which is wholly unrelated to any possible claim or defense in this litigation and is thus overly broad, unduly burdensome, and not proportional to the needs of this case.  The FTC brought this case in its capacity as an administrative agency of the United States government, vested with the authority and responsibility for enforcing Section 2 of the Sherman Act, 15 U.S.C. § 2, and Section 5 of the FTC Act, 15 U.S.C. § 45, not as a user of any "FTC Account" or "Service."  The FTC objects to this topic as the reference to "Social Media Weekly Reports" is vague, ambiguous, undefined, and overbroad.

The FTC further objects to this topic to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, investigative privilege, or any other privilege or protection as provided by any applicable law.  The FTC objects to this topic to the extent it seeks testimony related to documents exempt from discovery under Paragraph 16 of the CMO.

Subject to and without waiving the foregoing General and Specific Objections, the FTC is willing to meet and confer regarding the scope of this topic.

**Deposition Topic Number 6:**

*The facts supporting Your Response to Meta's List of Features or Activities (Sept. 12, 2022) and Your responses to Meta's Interrogatory Nos. 13, 14, and 16.*

**OBJECTIONS AND RESPONSES TO DEPOSITION TOPIC NO. 6**

The FTC incorporates its general objections and objects to the definitions and to this topic as vague, ambiguous, overly broad, and not reasonably tailored to permit the FTC to meaningfully prepare a corporate witness to testify pursuant to Federal Rule of Civil Procedure 30(b)(6).  As drafted, the topic covers a massive amount of information that would take significant time just to identify, and no witness could reasonably be expected to prepare and testify about this volume of information.

The FTC incorporates its objections related to Meta's List of Features or Activities and to Meta's Interrogatory Nos. 13, 14, and 16 by reference.  The FTC specifically objects to this topic as premature because it seeks information and evidence subject to ongoing factual discovery, which is not scheduled to close until May 22, 2023, and because it seeks information and evidence which may be the subject of expert discovery, which is not scheduled to close until January 5, 2024.  The FTC also objects to this topic as premature as the FTC has not yet provided a response to Meta's Interrogatory No. 16.

The FTC further objects to this topic to the extent that it seeks to discover information and communications, including any mental impressions of counsel, that are protected from disclosure due to the work product privilege, deliberative process privilege, and any other applicable privilege.  The FTC further objects to this topic to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the deliberative

process privilege, investigative privilege, or any other privilege or protection as provided by any applicable law.  The FTC objects to this topic to the extent it seeks testimony related to documents exempt from discovery under Paragraph 16 of the CMO.  The FTC objects to this topic to the extent it seeks discovery of publicly available information or other information that is already available to Meta. The FTC also objects to the extent this topic seeks information outside its possession, custody, or control.

The FTC objects to the terms "feature" and "activity," as vague, ambiguous, overly broad, and unduly burdensome.  The FTC also objects to this topic as duplicative of other discovery requests and thus unreasonably burdensome.  The FTC has already responded to Meta's List of Features or Activities on September 12, 2022, and to Meta's Interrogatory Nos. 13 and 14 on January 24, 2023, with full explanations and citations to relevant facts.  Moreover, the Court denied Meta's motion to compel any further response to Meta's Interrogatory Nos. 13 and 14.  *See* Order, Dkt. No. 264.  Thus, Meta's request that a witness testify on behalf of the agency with regard to this topic is unnecessary and improper given that Meta already has the requested information in response Meta's various interrogatories.

Subject to and without waiving the foregoing General and Specific Objections, the FTC is willing to meet and confer to ascertain if the definitions and topics can be sufficiently narrowed, modified, or clarified so as to permit the FTC to prepare a witness on the matters for examination.

**Deposition Topic Number 7:**

*Your understanding of the term "social media" as used (1) on the FTC's website at https://www.ftc.gov/news-events/stay-connected/social-media and (2) in the FTC's "Social Media Overview" dated March 2021 (or any previous versions).*

**OBJECTIONS AND RESPONSES TO DEPOSITION TOPIC NO. 7**

The FTC incorporates its general objections objects to the definitions and to this topic as vague, ambiguous, overly broad, and not reasonably tailored to permit the FTC to meaningfully prepare a corporate witness to testify pursuant to Federal Rule of Civil Procedure 30(b)(6).  As drafted, the topic covers a massive amount of information that would take significant time just to identify, and no witness could reasonably be expected to prepare and testify about this volume of information.

The FTC specifically objects to this topic, including Meta's definitions incorporated therein because it seeks information which is wholly unrelated to any possible claim or defense in this litigation and is thus overly broad, unduly burdensome, and not proportional to the needs of this case.  The FTC brought this case in its capacity as an administrative agency of the United States government, vested with the authority and responsibility for enforcing Section 2 of the Sherman Act, 15 U.S.C. § 2, and Section 5 of the FTC Act, 15 U.S.C. § 45, not as a user of any "FTC Account" or "Service."

The FTC further objects to this topic to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, investigative privilege, or any other privilege or protection as provided by any applicable law.  The FTC objects to this topic to the extent it seeks testimony related to documents exempt from discovery under Paragraph 16 of the CMO.  The FTC objects to this topic to the extent it seeks discovery of publicly available information or other information that is already available to Meta. The FTC also objects to the extent this topic seeks information outside its possession, custody, or control.

The FTC also notes that the FTC has produced documents related to this topic upon specific request by Meta.  Meta's requests that a witness testify on behalf of the agency with regard to why, how, and when the FTC uses each FTC Account is duplicative and unreasonable when Meta already has that information, including in documents produced.  The FTC also objects to this topic on the grounds that the burden and expense preparing a witness to testify about information related to the topic over the requested period of time outweighs any arguable benefit.

Subject to and without waiving the foregoing General and Specific Objections, the FTC is willing to meet and confer to ascertain if the definitions and topics can be sufficiently narrowed, modified, or clarified so as to permit the FTC to prepare a witness on the matters for examination.

**Deposition Topic Number 8:**

*Which companies offer "Social Media and Video Streaming Services"[1] as defined in the Section 6(b) orders issued to at least Amazon.com, Inc., ByteDance Ltd., Discord Inc., Facebook, Inc., Reddit, Inc., Snap Inc., Twitter, Inc., WhatsApp Inc., and YouTube LLC pursuant to the December 11, 2020 "Resolution Directing Use of Compulsory Process to Collect Information Regarding Social Media and Video Streaming Service Providers' Privacy Practices," and the nature of those services offered.*

**OBJECTIONS AND RESPONSES TO DEPOSITION TOPIC NO. 8**

The FTC incorporates its general objections and objects to the definitions and to this topic as vague, ambiguous, overly broad, and not reasonably tailored to permit the FTC to meaningfully prepare a corporate witness to testify pursuant to Federal Rule of Civil Procedure 30(b)(6).  As drafted, the topic covers a massive amount of information that would take significant time just to

---

[1] In a sample Section 6(b) order, the FTC defined "Social Media and Video Streaming Service" as a "product or service that allows users to create and share content with other users (whether a private or group interaction) through an application or website on any device (e.g., personal computer, iOS device, Android device, etc.), or stream video, Including, but not limited to, any social networking service, messaging service, video streaming service, or photo, video, or other content sharing application, whether offered for a fee or for free." *See* Order To File A Special Report, FTC Matter No. P205402, https://www.ftc.gov/system/files/documents/reports/6b-orders-file-special-reports-social-media-service-providers/6bs_order_os_final.pdf.

identify, and no witness could reasonably be expected to prepare and testify about this volume of information.

The FTC specifically objects to this topic, including Meta's definitions incorporated therein because it seeks information which is wholly unrelated to any possible claim or defense in this litigation and is thus overly broad, unduly burdensome, and not proportional to the needs of this case.  The FTC objects to this topic as the reference to "companies" is vague, ambiguous, undefined, and overbroad.

The FTC further objects to this topic to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, investigative privilege, or any other privilege or protection as provided by any applicable law.  The FTC objects to this topic to the extent it seeks testimony related to documents exempt from discovery under Paragraph 16 of the CMO.  The FTC objects to this topic to the extent it seeks discovery of publicly available information or other information that is already available to Meta. The FTC also objects to the extent this topic seeks information outside its possession, custody, or control.

Subject to and without waiving the foregoing General and Specific Objections, the FTC is willing to meet and confer to ascertain if the definitions and topics can be sufficiently narrowed, modified, or clarified so as to permit the FTC to prepare a witness on the matters for examination.

**Deposition Topic Number 9:**

*Which companies offer "Social Media and Video Streaming Services"[2] as defined in the Section 6(b) orders issued to at least Instagram, LLC, Meta Platforms, Inc., Pinterest, Inc., Snap,*

---

[2] In a sample Section 6(b) order, the FTC defined "Social Media and Video Streaming Services" as "any product or service that allows users of the product or service to create and share content with other users of the product or service (whether a private or group interaction) through an application or website on any device (e.g., personal computer, iOS device, Android device, etc.), or stream video, including, but not limited to, any social networking service, messaging service,

*Inc., TikTok, Inc., Twitch Interactive, Inc., Twitter, Inc., and YouTube, LLC pursuant to the March 16, 2023 "Resolution Directing Use of Compulsory Process to Collect Information Regarding Social Media and Video Streaming Platforms' Review and Monitoring of Commercial Advertising to Detect, Prevent, and Reduce Deceptive Advertisements, Including Related to Fraudulent Health-Care Products, Financial Scams, and the Sale of Fake Goods," https://www.ftc.gov/system/files/ftc_gov/pdf/P224500-Social-Media-6b-Resolution.pdf, and the nature of those services offered.*

## OBJECTIONS AND RESPONSES TO DEPOSITION TOPIC NO. 9

The FTC incorporates its general objections and objects to the definitions and to this topic as vague, ambiguous, overly broad, and not reasonably tailored to permit the FTC to meaningfully prepare a corporate witness to testify pursuant to Federal Rule of Civil Procedure 30(b)(6).  As drafted, the topic covers a massive amount of information that would take significant time just to identify, and no witness could reasonably be expected to prepare and testify about this volume of information.

The FTC specifically objects to this topic, including Meta's definitions incorporated therein because it seeks information which is wholly unrelated to any possible claim or defense in this litigation and is thus overly broad, unduly burdensome, and not proportional to the needs of this case.  The FTC objects to this topic as the reference to "companies" is vague, ambiguous, undefined, and overbroad.

The FTC further objects to this topic to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, investigative privilege, or any other privilege or protection as provided by any applicable law.  The FTC objects to this topic to the extent it seeks testimony related to documents exempt from discovery under Paragraph 16 of the CMO.  The FTC objects to this topic to the

---

video streaming service, or photo, video, or other content sharing application, whether offered for a fee or for free." Order To File A Special Report, FTC Matter No. P224500, https://www.ftc.gov/system/files/documents/reports/6b-orders-file-special-reports-social-media-service-providers/6bs_order_os_final.pdf.

extent it seeks discovery of publicly available information or other information that is already available to Meta. The FTC also objects to the extent this topic seeks information outside its possession, custody, or control.

Subject to and without waiving the foregoing General and Specific Objections, the FTC is willing to meet and confer to ascertain if the definitions and topics can be sufficiently narrowed, modified, or clarified so as to permit the FTC to prepare a witness on the matters for examination.

Dated: April 13, 2023                                    Respectfully submitted,

By: */s/ Daniel Matheson*
Daniel Matheson (D.C. Bar 502490)
Krisha Cerilli (D.C. Bar 983281)
Maria Dimoscato (D.C. Bar 489743)
Owen Masters (D.C. Bar 242139)
Susan Musser (D.C. Bar 1531486)
Michael Smith (D.C. Bar 996738)

Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorneys for Plaintiff*
*Federal Trade Commission*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 13, 2023, I caused true and correct copies of the foregoing OBJECTIONS AND RESPONSES TO DEFENDANT META PLATFORMS, INC.'S NOTICE OF RULE 30(B)(6) DEPOSITION OF THE FEDERAL TRADE COMMISSION to be served via electronic mail on counsel listed below:

Mark C. Hansen
Kevin B. Huff
Kenneth M. Fetterman
Geoffrey M Klineberg
Kevin J. Miller
Aaron M. Panner
Alex A. Parkinson
Ana Nikolic Paul
Aaseesh P. Polavarapu
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. Suite 400
Washington, DC 20036
Tel: 202-326-7900
mhansen@kellogghansen.com
khuff@kellogghansen.com
kfetterman@kellogghansen.com
gklineberg@kellogghansen.com
kmiller@kellogghansen.com
apanner@kellogghansen.com
aparkinson@kellogghansen.com
apaul@kellogghansen.com
apolavarapu@kellogghansen.com

Sonal N. Mehta
Wilmer Cutler Pickering Hale & Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: 650-858-6000
sonal.mehta@wilmerhale.com

David Gringer
Wilmer Cutler Pickering Hale & Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: 212-230-8800
david.gringer@wilmerhale.com
James P. Rouhandeh
Michael Scheinkman

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
Tel: 212-450-4000
rouhandeh@davispolk.com
michael.scheinkman@davispolk.com

/s/ Daniel Matheson
Daniel Matheson (D.C. Bar 502490)
Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
Telephone: (202) 326-2464
Email: etakashima@ftc.gov
*Attorney for Plaintiff*
*Federal Trade Commission*

23