IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 1:20-cv-03590-JEB |

### JOINT STATUS REPORT REGARDING EXPERT DISCOVERY AND FTC REQUEST FOR A STATUS CONFERENCE

Pursuant to the Court's Minute Order of June 8, 2023, the FTC's rebuttal expert reports are due on December 5, 2023. The parties do not have any disputes regarding expert discovery at this time.

### FTC Request for a Status Conference on or before January 5, 2024

The FTC respectfully asks the Court to schedule a status conference during the week of January 2, 2024, and to instruct the parties to submit in advance of that conference a proposed schedule for summary judgment briefing.

The FTC asks the Court to conduct a status conference prior to the close of discovery because the conclusion of discovery has been delayed: discovery will now be completed more than six weeks later than the Court's original deadline of January 4, 2024. *See* June 8, 2023 Minute Order (expert discovery shall be completed on February 20, 2024 rather than the Court's original deadline of January 4, 2024). When the Court set the close of discovery for January 4, 2024, the Court instructed the parties to anticipate "a post discovery conference" to address "summary judgment briefing and potential trial at that point." February 28, 2022 Hearing

Transcript at 5:14-17.  The FTC thus asks the Court to address a schedule for "summary judgment briefing and potential trial" at the time the Court originally envisioned – early January rather than late February.  The unforeseen delay in completing discovery, coupled with the "special urgency" of this matter, constitutes good cause for the conference the FTC requests. *United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140, 145 (D. Del. 1999) ("special urgency" applies to government suits that "seek to enjoin ongoing anticompetitive conduct.").  Moreover, as described below, it is practical and efficient for the parties to begin planning promptly for what comes after the close of expert discovery.

      The FTC is forced to seek the Court's assistance because Meta refuses to even begin, until after expert depositions are completed, discussions regarding summary judgment briefing or any other pretrial procedures or deadlines.  Meta's approach is inconsistent with the Court's original plan to address summary judgment briefing in early January, yet Meta provides no well-founded reason that the parties should wait until the end of February (nearly three months after this filing) to even begin discussions.  Such a delay is unwarranted, as the parties already have, or will shortly have, access to all pertinent information needed to plan for summary judgment briefing:

- fact discovery closed on May 22, 2023, giving both sides more than six months (and counting) to evaluate the factual record;
- Meta has had the FTC's opening expert reports since July 24, 2023, and already formulated its expert responses in reports Meta served on October 3, 2023; and
- the FTC will complete its expert disclosures and serve rebuttal reports by December 5, 2023.

In light of the foregoing, by the week of January 2, 2024, the parties will have enough information to determine whether they will submit summary judgment briefing, to make proposals for a schedule, and to begin work on any planned submissions if they have not begun such work already.  For its part, the FTC is well aware of the evidence available to support a summary judgment motion on its behalf.  And by early January, Meta likewise will be, or ought to be, aware of any arguments that it may raise in a summary judgment motion and the evidence that might support such arguments.  Meta's refusal to even discuss the schedule on which the parties will present their arguments to the Court is unreasonable, and serves only to unduly delay the FTC's effort to end Meta's ongoing monopoly maintenance and the continuing harm United States consumers suffer due to Meta's monopoly power.

**Meta's Response to the FTC's Request For an Early Post-Discovery Status Conference**

At the initial scheduling conference, the Court ruled that it will hold a status conference to discuss post-discovery scheduling after the "close of expert discovery."  Hr'g Tr. (Feb. 28, 2022) at 5:12-17.  Expert discovery is scheduled to close on February 20, 2024.  The Court should deny the FTC's request that the Court hold that conference nearly two months earlier, before expert depositions even start.  The FTC's proposal for a January conference to discuss summary judgment and trial scheduling is premature, inefficient, and contrary to the Court's guidance and typical practices.  *See, e.g.*, Scheduling Order, *Blair v. District of Columbia*, No. 1:23-cv-01574-JEB, ECF No. 16 (D.D.C. Oct. 11, 2023) (scheduling post-discovery status conference after close of expert discovery); Min. Order, *Wengui v. Clark Hill PLC*, No. 1:19-cv-03195-JEB (D.D.C. Mar. 2, 2021) (granting a motion to modify scheduling order and rescheduling post-discovery status conference after new expert discovery deadline).  The FTC attempts to justify its request by pointing to alleged discovery "delays" (there have been none,

other than perhaps the FTC's request for more time to submit expert reports) and the supposed "special urgency" of this case (despite the FTC waiting almost a decade to bring the case, reversing its own prior clearance of the Instagram and WhatsApp transactions). None of the asserted justifications are reason to depart from the Court's ordinary and efficient case management practices.

1. Holding a scheduling conference regarding summary judgment after expert discovery is not only consistent with the Court's practice, it is the right approach because discovery necessarily impacts the scope and content of any summary judgment motion and the time needed for briefing. *See, e.g.*, Hr'g Tr., *Grant v. Entm't Cruises*, No. 1:17-cv-01159-JEB, ECF No. 68 (D.D.C. Aug. 18, 2018) at 3:11-12 ("I don't pick dates for summary judgment now. I'll pick dates when [you] come back."); Min. Order, *Center for Biological Diversity v. Ross*, No. 1:18-cv-00112-JEB (D.D.C. Nov. 1, 2018) (setting a "post-discovery" status conference "to discuss summary-judgment briefing"). That is especially so here. The Court has observed that the FTC "will need to substantiate" its allegations against Meta, "likely with expert testimony or statistical analysis." *FTC v. Facebook, Inc.*, 581 F. Supp. 3d 34, 56 (D.D.C. 2022). Thus, before Meta can assess the time needed for summary judgment and propose a schedule, the FTC not only needs to disclose its rebuttal experts' opinions on December 5, but Meta also needs time to review and, critically, to depose the FTC's experts about them.

Meta will not finish deposing the FTC's experts until the close of expert discovery. The FTC's principal expert witness is a law professor whose 544-page opening report offers various opinions about every element of the FTC's case. The only date the FTC has offered for this expert's deposition is February 20, 2024, the final day of expert discovery. Ltr. from D. Matheson (Nov. 8, 2023) at 1-2; Email from D. Matheson (Nov. 16, 2023). And the FTC has

made its other six disclosed experts available for depositions during the latter portion of the expert discovery period. Meta will not have deposed any of the FTC's experts by the time of the FTC's proposed scheduling conference in the first week of January.

It would be premature, prejudicial, and a waste of time to require the parties to prepare summary judgment scheduling proposals prior to the completion of expert discovery. Moreover, the FTC gives no valid reason why the Court should depart from its regular practice. There has been no "unforeseen delay." As the FTC acknowledges, fact discovery closed on May 22, 2023, the deadline the Court set at the first scheduling conference. *See* Hr'g Tr. (Feb. 28, 2022) at 5:2-6. And it was the FTC that requested an extension of the expert discovery period in June 2023. *See* Ltr. from D. Matheson (June 2, 2023) (stating that the FTC proposes "extending the expert discovery schedule"); Min. Order (June 8, 2023) (granting request).

No "special urgency" warrants an early conference for post-discovery scheduling. The Court previously rejected a nearly identical argument, based on the same authority the FTC cites here, when the FTC sought to compel Meta to begin negotiating fact discovery before the Court decided Meta's motion to dismiss. *See* Facebook's Mem. in Opposition to Pl.'s Mot. To Compel a Rule 26(f) Conf. at 9-10 & n.2 (May 6, 2021), ECF No. 66; Min. Order (May 11, 2021). After delaying nearly a decade to challenge historical acquisitions that the agency reviewed in 2012 and 2014, the FTC has no basis to claim that this case is now urgent.

**2.** The Court should also reject the FTC's request to hold an early scheduling conference in January to discuss "potential trial." The Court already explained at the initial scheduling conference that it will set a trial date only "when and if this case is ready for trial." Hr'g Tr. (Feb. 28, 2022) at 4:5-8. This case is nowhere near ready for trial. Expert discovery is months from completion, and any trial-related deadlines set in January will be moot if the Court

5

dismisses or narrows the FTC's claims at summary judgment. *See* Hr'g Tr., *Grant v. Entm't Cruises*, No. 1:17-cv-01159-JEB, ECF No. 64 (D.D.C. Aug. 8, 2018) at 3:5-8 ("[I]f I grant summary judgment, the case will be over.  If I deny it, then we'll come back for another status.  And we can talk about . . . a potential trial date.").

*   *   *

The Court should reject the FTC's request for an early scheduling conference, and instead hold a post-discovery status conference after expert discovery concludes, as planned all along.

**SIGNATURE PAGES**

Dated: November 30, 2023               Respectfully submitted,

By: */s/ Daniel Matheson*
Daniel Matheson (D.C. Bar 502490)
Krisha Cerilli (D.C. Bar 983281)
Patricia Galvan
Noel Miller (D.C. Bar 1026068)
Nathan Brenner

Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

 */s/ Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
Geoffrey M. Klineberg (D.C. Bar No. 444503)
Ana Nikolic Paul (D.C. Bar No. 1531904)
Aaseesh P. Polavarapu (D.C. Bar No. 1740414)
Matthew D. Reade (D.C. Bar No. 90009717)
KELLOGG, HANSEN, TODD,
   FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com

James P. Rouhandeh (D.C. Bar No. NY0390)
Michael Scheinkman (D.C. Bar No. NY0381)
Davis Polk & Wardwell LLP
450 Lexington Ave.
New York, New York 10017
Tel: (212) 450-4754
james.rouhandeh@davispolk.com

Sonal N. Mehta (CA SBN 222086)
Wilmer Cutler Pickering Hale & Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: (650) 858-6000
Sonal.Mehta@wilmerhale.com

        David Z. Gringer (D.C. Bar No. 1001200)
        Wilmer Cutler Pickering Hale & Dorr LLP
        7 World Trade Center
        250 Greenwich Street
        New York, New York 10007
        Tel: (212) 230-8800
        David.gringer@wilmerhale.com

*Counsel for Defendant Meta Platforms, Inc.*