# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 1:20-cv-03590-JEB |

## DECLARATION OF MARK C. HANSEN IN SUPPORT OF
## META PLATFORMS, INC.'S MOTION FOR SUMMARY JUDGMENT

Pursuant to 28 U.S.C. § 1746, I, Mark C. Hansen, declare as follows:

1. I am a partner with the law firm of Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C. and counsel for Defendant Meta Platforms, Inc. ("Meta") in this action. I am an attorney admitted to practice law in the District of Columbia and am a member of the Bar of the United States District Court for the District of Columbia. I submit this Declaration in Support of Meta's Motion for Summary Judgment ("Motion"). To the best of my personal knowledge and based on information provided to me in the course of my supervision of this case, the facts set forth in this Declaration are true and correct, and I am competent to testify about them if called as a witness.

2. Meta's Local Rule 7(h) Statement in support of its Motion refers to exhibits labeled Exhibit 1 through Exhibit 459, which are attached to the Motion. An Exhibit Index and Deponent Index to the Rule 7(h) Statement are also attached to the Motion. The Exhibit Index has four columns. The first column identifies each exhibit's number, the second identifies the volume number in which the exhibit appears, the third provides a description of the exhibit, and the fourth identifies whether Meta has filed the exhibit under seal. Each exhibit attached to the Motion is a true and correct copy of the document described in the exhibit's corresponding description column in the Exhibit Index.

3. I am familiar with the discovery that Meta, nonparties, and the Federal Trade Commission ("FTC") produced in this litigation. I am also familiar with the discovery that Meta produced to the FTC during the agency's pre-complaint investigation of Meta that preceded this litigation. The scope and volume of that discovery may be summarized as follows:

4. In response to requests from the FTC during its pre-complaint investigation and discovery in this litigation, Meta produced more than 5.6 million documents – comprising more

than 27 million Bates numbers (which translates to more than 27 million pages) – and approximately 1.25 terabytes of structured data.

5.    In investigational hearings during the FTC's pre-complaint investigation and in depositions during fact discovery in this litigation, the FTC deposed more than 60 different current and former Meta employees. Those current and former Meta employees provided more than 500 hours of testimony. In addition, Meta provided more than 30 hours of corporate deposition testimony under Federal Rule 30(b)(6) in this litigation.

6.    During fact discovery in this litigation, 139 nonparties produced in total more than 522,000 documents comprising more than 5.8 million Bates numbers (which translates to more than 5.8 million pages). The parties took 66 nonparty depositions in this litigation.

7.    During expert discovery in this litigation, the FTC submitted 15 expert reports.

8.    I am also familiar with productions that Meta and Instagram, Inc. ("Instagram") made during the FTC's 2012 investigation of Meta's then-proposed acquisition of Instagram pursuant to the Hart-Scott-Rodino Antitrust Improvements Act of 1976. During that investigation, the FTC issued a second request for information to Meta and Instagram. In response to the FTC's second request, Meta produced more than 9,000 documents, and Instagram produced more than 10,000 documents.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 5, 2024

Respectfully submitted,

/s/ *Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*