IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 1:20-cv-03590-JEB |

## JOINT STATUS REPORT

Pursuant to the Court's request, the parties provide below a joint status report in connection with the parties' summary judgment filings, regarding material that has been designated Confidential or Highly Confidential under the Protective Order governing this case (for brevity, both types of material will be referred to below as "designated material") and regarding requests by the press for access to designated material.

**I.     The Parties' Joint Proposal**

The parties jointly propose below a process for addressing confidentiality assertions arising from the parties' summary judgment filings that the parties are optimistic will minimize the need for intervention by the press. Nonetheless, in the event that press intervention should occur, the parties set forth in Section I.B their proposal regarding such intervention.

    **A.     Process for Lesser Redacted Versions of Summary Judgment Filings**

In this section, the parties set forth their joint proposal regarding a process for (1) resolving any disputes over material that has been designated Confidential or Highly Confidential by Meta ("Meta-designated material"), and (2) resolving any disputes over

1

material that has been designated Confidential or Highly Confidential by nonparties ("nonparty-designated material"), that appears in the parties' summary judgment filings.

1. <u>Disputes over Information Designated by Meta</u>. The parties have agreed that once the parties' summary judgment motions are fully briefed on August 9, the parties will meet and confer on August 13 in an effort to resolve any disputes regarding the confidentiality of certain Meta-designated material appearing in the FTC's opening memorandum opposing Meta's motion for summary judgment and supporting the FTC's motion for partial summary judgment, the FTC's Rule 7(h) Statement of Genuine Issues, and the FTC's Rule 7(h) Counterstatement of Material Facts, and accompanying exhibits ("FTC's May 24 Summary Judgment Filings"). The parties propose that if they are unable to resolve all of their disputes regarding the confidentiality of Meta-designated material appearing in the FTC's May 24 Summary Judgment Filings: (1) no later than August 30, 2024, Meta shall file a statement with the Court regarding why disputed Meta-designated material in the FTC's May 24 Summary Judgment Filings should remain under seal in accordance with the applicable standards for sealing; and (2) the FTC may, if desired, file a response within 7 days.

With respect to the FTC's reply summary judgment filings due on August 9, 2024 ("FTC August 9 Summary Judgment Filings"), the parties do not currently know the volume of Meta-designated material that will be at issue in these to-be-filed papers. After the FTC files its August 9 Summary Judgment Filings, the parties plan to meet and confer promptly about confidentiality disputes for Meta-designated material in those filings. The parties will endeavor to raise any disputes regarding the confidentiality of Meta-designated material in the FTC's August 9 Summary Judgment Filings by August 30, 2024, along with any other disputes raised at that time in connection with the FTC's May 24 Summary Judgment Filings. But depending on

the volume of Meta-designated material at issue in the FTC's to-be-filed August 9 Summary Judgment Filings, the parties may require additional time to confer about such disputes.

2. <u>Disputes over Information Designated by Nonparties</u>. The parties are endeavoring to confer with nonparties regarding the confidential treatment of nonparty-designated material prior to August 30, 2024. The parties do not anticipate that they will require the Court's assistance to resolve disputes regarding nonparty-designated material at this time. If such a dispute arises, the parties or the relevant nonparty will endeavor to bring the dispute to the Court's attention by no later than August 30.

3. <u>Procedure for Filing Lesser-Redacted Versions of Summary Judgment Filings</u>.

Following resolution of any disputes regarding the confidential treatment of Meta-designated material and any nonparty-designated material appearing in the parties' summary judgment filings, the parties plan to file, as appropriate, lesser-redacted versions of their summary judgment filings and accompanying papers on the public docket. The parties' lesser-redacted versions of their summary judgment filings will include the disclosure of nonparty references to the degree permitted by the discussions with nonparties over nonparty designated material, or the Court's rulings on any disputes arising from such discussions.

The parties anticipate that the proposed processes above are likely to result in the filing of lesser-redacted summary judgment materials in early September—or as soon thereafter as the Court resolves any confidentiality disputes.

**B.     The Parties' Joint Proposal Regarding Press Requests for Access to the Summary Judgment Record**

The parties hope that the process outlined above will provide meaningful public access to the summary judgment record and therefore obviate the need for press intervention. If there are

nonetheless press requests for further access, the parties hereby outline their joint proposed approach for press intervention.

    1.    <u>Timing of Press Requests for Unsealing of Summary Judgment Papers</u>.  The parties request that the Court await the parties' filing of lesser-redacted versions of the summary judgment papers before hearing any requests by the press for greater access to the summary judgment record.  There are two sound reasons for this proposal.  First, as noted above, the confidentiality designation process set forth above should result in the filing of lesser redacted materials in early September—or as soon thereafter as the Court resolves any confidentiality disputes.  The parties believe that this process will, at the very least, substantially reduce the number of unsealing requests the press is likely to raise.  Second, the parties' Rule 7(h) Statements are cumulative documents – that is, the final version of each party's Rule 7(h) Statement will contain the other party's responses to each statement, plus any replies by the original filing party to those responses.  Unsealing portions of those filings before they are final will potentially require re-filing lesser-redacted versions of those filings multiple times.  By contrast, awaiting the close of briefing and the parties' proposed confidentiality dispute resolution process described above will be far more efficient.

    2.    <u>Press Motions to Intervene and to Unseal</u>.  The parties propose that if – after the filing of lesser-redacted versions of the summary judgment papers – members of the press object to the fact that certain material remains under seal in the parties' summary judgment filings, those members of the press should move to intervene at that time and then file a motion to unseal.

The parties believe it is unnecessary for the press to meet and confer with the parties before filing a motion to intervene or unseal.

4

For motions to intervene, the parties propose that an opposition to a motion to intervene, if any, shall be filed within 5 business days of the motion, and that there shall be no reply. The parties at this time do not anticipate opposing motions to intervene that members of the press may file.

For any press motions to unseal (to be filed only after being granted leave to intervene), the parties propose that they should both have the opportunity to file a response to such motions (as should any nonparty whose confidential material may be at issue) within 7 days. Depending on the volume of material at issue, the opponent(s) of the motion may need to seek an extension. Any reply that the movant desires to file should be filed within 7 days.

Dated: June 24, 2024                               Respectfully submitted,

By: */s/ Daniel Matheson*
Daniel Matheson (D.C. Bar 502490)
Krisha Cerilli (D.C. Bar 983281)
Maria Dimoscato (D.C. Bar 489743)
Justin Lorber (D.C. Bar 90005184)

Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*


 */s/ Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
Geoffrey M. Klineberg (D.C. Bar No. 444503)
Ana Nikolic Paul (D.C. Bar No. 1531904)
Aaseesh P. Polavarapu (D.C. Bar No. 1740414)
Andrew Skaras (D.C. Bar No. 90004011)
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Email: mhansen@kellogghansen.com

James P. Rouhandeh (D. C. Bar No. NY0390)
Michael Scheinkman (D.C. Bar No. NY0381)
Davis Polk & Wardwell LLP
450 Lexington Ave.
New York, New York 10017
Tel: (212) 450-4754
Email: james.rouhandeh@davispolk.com

Sonal N. Mehta (CA SBN 222086)
Wilmer Cutler Pickering Hale & Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Tel: (650) 858-6000
Email: Sonal.Mehta@wilmerhale.com

David Z. Gringer (D.C. Bar No. 1001200)
Wilmer Cutler Pickering Hale & Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8800
Email: David.gringer@wilmerhale.com

*Counsel for Defendant Meta Platforms, Inc.*