# Exhibit 2

**(Excerpt)**

```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA,       )
                                )
        Plaintiff,              )   CV No. 17-2511
                                )
                                )   Washington, D.C.
        vs.                     )   March 19, 2018
                                )   10:30 a.m.
AT&T, INC., ET AL.,             )
                                )
        Defendants.             )
_____)


           TRANSCRIPT OF EVIDENTIARY HEARING
        BEFORE THE HONORABLE RICHARD J. LEON
         UNITED STATES SENIOR DISTRICT JUDGE


APPEARANCES:

For the Government:          Craig W. Conrath
                             Eric D. Welsh
                             Donald G. Kempf, Jr.
                             Curtis W. Strong
                             Alexis K. Brown-Reilly
                             Elizabeth A. Gudis
                             Nathan D. Brenner
                             U.S. DEPARTMENT OF JUSTICE
                             Antitrust Division
                             450 Fifth Street, NW
                             Washington, D.C. 20530
                             (202) 532-4560
                             craig.conrath@usdoj.gov
                             eric.welsh@usdoj.gov
                             donald.kempf@usdoj.gov
                             curtis.strong@usdoj.gov
                             alexis.brown-reilly@usdoj.gov
                             elizabeth.gudis@usdoj.gov
                             nathan.brenner@usdoj.gov
```

WilliamPZaremba@gmail.com

1     So let's start with kind of two of the kind of
2  overarching issues that I think are going to keep repeating
3  themselves with regard to the objections to the evidence.
4     The first, of course, is the concern the parties
5  have about whether or not something qualifies as a business
6  record and should, therefore, qualify under the Business
7  Record Exception to the hearsay rule.  And, I mean, that's
8  one of those issues that's going to keep coming up.
9     And then, of course, under that same umbrella,
10 there's the other option of whether something is a statement
11 of an opposing party.  They're kind of interrelated in terms
12 of possibility in a given situation.
13     And then, of course, the other issue that's going
14 to keep coming up with relevancy.  There are a lot of
15 objections based on relevancy.  And that's fine.  Relevancy
16 is a very common objection to evidence.
17     But it's going to help me lot, especially before
18 we start with the arguments and the evidence on Wednesday,
19 to have a little clarity from both sides on the relevancy
20 issue, particularly as it relates to some of these documents
21 that are on your chart here.
22     So I want to start first, though, with the
23 Business Records Exception.
24     Obviously, there are many exhibits where this is a
25 hearsay objection.  And the government's response -- at

1  least they seem to be mostly exhibits that the government is
2  introducing.  But I'm sure there's some on the other side as
3  well, I'm sure, where the defense is objecting as hearsay
4  and the government is saying, look, this is a business
5  record, and it should be able to come in as a business
6  record.
7         Now, most of those, I'm not saying all, but most
8  are emails.  And some of them are even email chains.  And
9  I think everyone can agree -- if you don't, obviously, I'll
10 hear from you on this.  But the mere fact that something is
11 an email that's made on a business computer does not
12 necessarily mean it qualifies for the Business Records
13 Exception.
14         I don't think there's much debate on that.
15 I think the Courts have been pretty clear on that.  And
16 that's why it's important, when introducing these emails --
17 and fortunately or unfortunately, the way business is
18 conducted these days in this country and the world is a lot
19 of email evidence that's discovered in the process.  And
20 that's one of the things we have to wrestle with.
21         So I've already indicated that I'm not inclined to
22 allow emails to come in unless we have at least the sender
23 or the receiver that can attest to the foundation of the
24 email.
25         And, of course, that problem becomes more

Case 1:20-cv-03590-JEB   Document 387-2   Filed 12/05/24   Page 5 of 5
Case 1:17-cv-02511-RJL   Document 182   Filed 08/15/18   Page 25 of 90

25

1        But the PowerPoint presentations I do think
2   qualify as business records under the hearsay exception.
3   They're prepared internally for use by senior executives in
4   the organization.
5        THE COURT:  Well, that'll be a question:  Are
6   they?
7        In other words, based on my limited review to
8   date, when I see a PowerPoint that's attached to an email,
9   on the face of the document, I have no way of knowing, for
10  example, will it ever be used in a presentation?  Has it --
11  you know, who authored it?  Who required it?  What was it
12  based on?
13       I don't know any of those things from just looking
14  at the email and looking at the PowerPoint.
15       It could be a situation, of course -- absent
16  testimony to the contrary, it could be a situation where the
17  person thought this was going to be used by a senior
18  executive and they never ended up using it, because, for
19  whatever reason, they thought the data in it -- this is a
20  hypothetical -- was inaccurate or was inappropriate or was
21  too revealing of a company's thinking on some issue or
22  something like that.
23       So it would seem to me that anytime you want to
24  introduce a PowerPoint slide show, the person who you're
25  going to introduce it through is going to have to know the