# Exhibit 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITEDHEALTH GROUP INCORPORATED and <br> CHANGE HEALTHCARE INC., <br><br> *Defendants*. | Civil Action No. 1:22-cv-0481 (CJN) |

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE DEFENDANTS' EXHIBITS OF NON-TESTIFYING THIRD PARTY WITNESSES**

Pursuant to Federal Rule of Evidence 802, Plaintiffs United States, State of New York, and State of Minnesota, respectfully request that the Court preclude Defendants from introducing into evidence third-party documents on Defendants' exhibit list for which they neither established a foundation through deposition testimony nor plan to have a live witness appear at trial to do so. These documents are hearsay and Defendants have failed to establish that an exception applies to them through discovery and will not be able to at trial. Further, the Court will not be able to hear from anyone with personal knowledge about these documents to explain their relevance to this case.

### I.     Background

This is not an isolated problem limited to a few documents. Defendants exhibits list includes 99 documents from 10 third parties for which no sponsoring witness has been presented. Despite having months of discovery to do so, Defendants chose not to depose anyone from these

companies about these documents and are not planning to call any witnesses from these companies at trial. In short, Defendants have no way of establishing what these documents are or that an exception to the hearsay rules apply and therefore they should be excluded. The exhibits Plaintiffs seek to exclude by this motion are listed in Exhibit A.[1]

## II.  Defendants' Third-Party Documents Are Hearsay and Should Be Excluded.

Out-of-court statements offered to prove the truth of the matter asserted constitute hearsay. Fed. R. Evid. 801. Unless covered by an exception or exclusion to the hearsay rule such statements are inadmissible. Fed. R. Evid. 802. The third-party documents in Exhibit A that are on Defendants' exhibit list clearly meet the definition of hearsay: Defendants are seeking to admit them to prove the truth of the matters asserted within the documents. However, Defendants have not established and will not be able to establish that a hearsay exception—such as the business records exception—applies to render them admissible. *See, e.g.*, Fed. R. Evid. 803(7).

Courts generally require a witness to testify about a document prior to their admission for this very reason. Without a sponsoring witness Defendants cannot establish their admissibility and the Court is not given adequate context to assess their relevancy. *See United States v. AT&T Inc.*, 310 F. Supp. 3d 161, 186-87 (D.D.C. 2018) (explaining that the Court "generally instructed the parties to seek admission of documents through sponsoring witnesses, in order to facilitate determinations of relevancy or to establish the foundation necessary for nonhearsay or hearsay exceptions. Witnesses would be able to contextualize and explain the technical and lengthy documents at issue, which might otherwise be misunderstood or selectively cited in post-trial

---

[1] Exhibit A does not include documents from third parties for which deposition testimony has been designated by Defendants or from third parties on Defendants' witness list. Plaintiffs reserve the right to object to the admission of documents from these third parties if a proper foundation for their admission is not established at trial.

briefs."). This is particularly important for third party documents because the third party is not a participant in this action and cannot otherwise explain the document or contest the misrepresentation of a document.

### III. Conclusion

For the foregoing reasons, Plaintiffs request that the Court exclude the third-party documents from Defendants' exhibit list listed in Exhibit A.

Dated: July 13, 2022

*/s/ Travis R. Chapman*
Eric D. Welsh (D.C. Bar No. 998618)
Travis R. Chapman
U.S. Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 4100
Washington, DC 20530
Telephone: (202) 598-8681
Fax: (202) 307-5802
Email: eric.welsh@usdoj.gov

Attorneys for United States of America

*/s/ Elizabeth Odette*
Elizabeth Odette
James W. Canaday
Jason Pleggenkuhle
Katherine Moerke
Office of the Minnesota Attorney General
Consumer, Wage and Antitrust Division
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
Telephone: (651) 728-7208
Email: elizabeth.odette@ag.state.mn.us
Attorneys for State of Minnesota

*/s/ Olga Kogan*
Christopher D'Angelo (D.C. Bar No. 502220)
Olga Kogan
Elinor R. Hoffmann

Amy E. McFarlane
Benjamin J. Cole
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8262
Email: olga.kogan@ag.ny.gov
Attorneys for State of New York