# Exhibit 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |
| State of Colorado, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

**JOINT SUBMISSION REGARDING DISPUTES CONCERNING ADMISSIBILITY OF
TRIAL EXHIBITS AND DEPOSITION DESIGNATIONS**

Pursuant to the Case Management Order, the parties in *United States v. Google LLC* and *State of Colorado v. Google LLC* submit the following Status Report.

**I.      Status**

The parties exchanged their final exhibit lists on August 1, 2023 and objections to additions to those lists on August 15, 2023.  Also on August 15, the parties exchanged counter-counter-designations of deposition testimony and objections to counter-designations.[1]  The parties have had initial meet and confers on Google's objections to DOJ Plaintiffs' and State Plaintiffs' exhibit lists and the parties' designations of deposition testimony, and have ongoing discussions concerning what documents may be included in a joint exhibit list.

In connection with the September 5, 2023 deadline for providing the Court with copies of the parties' final trial exhibits, the parties request guidance from the Court on its preferences regarding that submission.  In particular, the parties request guidance on:

- Whether, given the voluminous nature of the exhibits, the Court would be amenable to receiving copies of trial exhibits in electronic form only and, if so, its preferred format;

- Whether, and in what form, the Court would prefer to receive large data exhibits.

The CMO does not specify a procedure for the submission of deposition designations. The parties will be prepared to discuss the mechanics for that process at the pre-trial conference, and welcome any input from the Court regarding the Court's preferred format and timing.

The parties also request additional guidance from the Court regarding the procedure and timing for moving exhibits into evidence, and have included position statements below.

---

[1] The Colorado Plaintiffs are currently preparing revised versions of their deposition designations for five witnesses in light of the Court's summary judgment ruling.  Google will revise its counter-designations and objections accordingly upon receipt of those revised designations.

Finally, Google and Plaintiff States have a dispute regarding the timing for Plaintiff States to provide an updated exhibit list in light of the Court's summary judgment decision. They have included position statements on this dispute below.

## II.    Position Statements Regarding Procedure And Timing For Moving Exhibits Into Evidence

### A.    DOJ and Colorado Plaintiffs Position Statement

The Court should order Google to withdraw pointless, unsupported objections to Plaintiffs' exhibits.

At the June 28, 2023 status conference discussing trial scheduling, DOJ asked this Court if it intended to "require a sponsoring witness for documents" at trial. June 28, 2023 Hr'g Tr., at 8:8–14. The Court indicated it anticipated most documents would be business records or admissions, and that it would not require a sponsoring witness for such documents. *Id.* at 9:7–9. Google's counsel made no objection and raised no concerns. DOJ relied on the Court's plan, first by expressly reducing its requested trial time, *id.* at 9:19–25, and later in structuring its exhibit and witness lists, as well as its trial strategy, with the understanding that sponsoring witnesses would not be necessary for many exhibits.

Nevertheless, Google raises foundation objections to over 300 of DOJ Plaintiffs' exhibits, including approximately 196 documents produced by Google itself, and over 175 foundation objections to Plaintiff States' exhibits. Google has clarified it challenges exhibits not connected to witnesses who were deposed or who are testifying at trial.[2] There is no basis for this position.

---

[2] Google has also indicated its "foundation" objections include objections to exhibits containing information allegedly not within the author's personal knowledge. This is not a proper reason to exclude a document from evidence. *WhereverTV, Inc. v. Comcast Cable Commc'ns, LLC*, No. 2:18-cv-529-WJF-NPM, 2023 U.S. Dist. LEXIS 53051, at *4-5 (M.D. Fla. Mar. 28, 2023) ("The plain text of Rule 602 indicates clearly that the Rule does not apply to the admissibility of documents and thus cannot serve as a basis upon which the introduction of documentary evidence may be excluded at trial."); *Corkill v. Preferred Emplrs. Grp., Ltd. Liab. Co.*, No.

If the Plaintiffs' exhibits satisfy the requirements of authenticity and hearsay, the exhibits should come in without a sponsoring witness.

Google also raises hearsay objections to 120 of the 173 third-party emails listed as exhibits by DOJ Plaintiffs—almost 70%. Google has rejected DOJ's proposal that, while reserving all other objections (including to embedded hearsay), emails produced by parties and third parties be subject to the business records exception to the hearsay rule.[3] Certainly, consistent with the Court's statement regarding admissibility, all third-party emails for which a party has acquired a Fed. R. Evid. 902(11) declaration should be admitted into evidence without a sponsoring witness. *Rambus, Inc. v. Infineon Technologies AG*, 348 F. Supp. 2d 698, 701 (E.D. Va. 2004) ("Rule 902(11) is . . . the functional equivalent of testimony offered to authenticate a business record tendered under Rule 803(6).")

Google has proposed no way of resolving their objections other than through a document-by-document analysis at trial. Google's position is impractical and at odds with the Court's earlier statements. The Court has noted its expectation "that we are going to have hundreds and hundreds of exhibits just pushed into evidence for the simple reason that you're going to cite to those records in your proposed findings of fact." Aug. 11, 2023 Hr'g Tr., at 16:24–17:4. Google's proposal, if adopted, would require the Court to take hours to listen to foundational testimony—testimony that is unnecessary for a bench trial such as this. The trial would need to be extended and additional witnesses would need to be subpoenaed, including Google witnesses.

---

11cv505 - IEG (WMC), 2011 U.S. Dist. LEXIS 136511, at *11 (S.D. Cal. Nov. 28, 2011) ("Exhibits 16 and 26 are documents, and therefore, Rule 602 is inapplicable as it applies to witness testimony not documents.").

[3] This proposal, if accepted, would have eliminated most of DOJ's objections to Google's exhibits. To be clear, DOJ's position is not that emails are categorically business records, but that a sufficient volume of work-related emails are business records and that DOJ's proposal would provide clarity and streamline the proceedings.

Imposing this burden on the Court, third parties, and the parties themselves serves no useful purpose.

The Court should reject Google's efforts to slow and delay the trial with unnecessary challenges to document admissibility. As the Court has recognized, the most efficient way to conduct this trial is to have documents brought into evidence without sponsoring witnesses. Whatever general challenges Google has regarding documents should be resolved before trial so that they do not undermine the smooth flow of evidence.

### B.    Google's Position Statement

Plaintiffs have served exhibits lists with over 3,000 collective exhibits, a large number of which had never been previously used by Plaintiffs (in a deposition, major pleading, or otherwise). Nevertheless, given this is a bench trial and in light of the Court's prior guidance regarding exhibits, Google has taken a measured, narrow approach to objecting to Plaintiffs' exhibits. In all, roughly 2,500 documents (approximately 1,800 across Plaintiffs' lists and approximately 700 on Google's list) are currently listed on the parties' exhibit lists without any objection.[4]

The parties agree that any disputes regarding Google's objections to Plaintiffs' exhibit list (and vice versa) are not yet ripe for Court intervention. Nevertheless, because DOJ Plaintiffs seek the Court's guidance regarding certain categories of foundation and hearsay objections, Google provides the following context for understanding the parties' disputes.

***Google's Foundation Objections.*** Plaintiffs' exhibit lists include a large number of documents that do not have any apparent connection to any deponent or trial witness in this case.

---

[4] As noted below, Plaintiff States have committed to providing an updated exhibit list as a result of summary judgment. Google reserves the right to object to documents on Plaintiffs' revised list as irrelevant in light of the Court's decision.

Google has objected to approximately 400 documents on that basis. Of those, 375 were never even used in a deposition of any fact witness. As a result, without any witness testimony regarding the document, the proposed exhibits lack necessary foundation regarding what the document is, the context for the document, and/or whether the author of the document had personal knowledge to support the statements being made. *See* Fed. R. Evid. 602, 901.[5]

In the parties' meet and confer on this topic, Plaintiffs suggested that some number of these documents would not be used with a witness at trial, but instead would be cited in their proposed findings of facts and conclusions of law. Google does not object to that process generally and does not seek to have a witness present testimony on every exhibit before it is admitted into evidence or cited by the parties in post-trial briefing. Google agrees that is generally unnecessary for the majority of documents that have been discussed with a witness in one of the over 100 depositions in this case, have some connection to a witness who the Court will hear from, or which contain the necessary foundation within the document itself. But as to this subset of exhibits for which Plaintiffs have chosen not to get that information through the discovery process, and therefore which lack the foundation necessary for understanding the documents, Plaintiffs must do more before relying on them as evidence supporting their case.

***Hearsay Objections***. Like Plaintiffs, Google has objected to a number of exhibits as hearsay. (Plaintiffs collectively raised hearsay objections to 414 of Google's 1,178 exhibits,[6] whereas Google raised hearsay objections to 492 of Plaintiffs' collective 3,046 exhibits). Plaintiffs have proposed that the parties agree that all *emails* on the parties' exhibit lists qualify

---

[5] Google has also objected to a smaller set of documents on other foundation grounds, such as where the documents state a conclusion or the results of an analysis without including necessary information about how the conclusion or result was reached.

[6] Notably, excluding contracts or data, Google's exhibit list contains 715 exhibits, of which Plaintiffs have objected to 412 as hearsay.

as business records under Federal Rule of Evidence 803(6).  While Google does not wish to

burden the Court with unnecessary hearsay disputes, it cannot agree to this categorical rule.

Instead, the correct way to address hearsay objections is in the context of the particular document

and in light of how Plaintiffs intend to use the document.

As Plaintiffs acknowledged during the parties' meet and confer, emails do not always

meet the business record exception to the hearsay rule.  Instead, courts address hearsay

objections to emails on a document-by-document basis to determine if they meet the exception's

requirements.  *See, e.g.*, *Queen v. Schultz*, 671 Fed.Appx. 812 (D.C. Cir. 2016); *New York v.

Microsoft Corp.*, No. CIV A. 98–1233, 2002 WL 649951, at \*1–2 (D.D.C. Apr. 12, 2002).

Consistent with this, Google has not objected to every third-party email as hearsay, and instead

focused its objections on those documents that, on their face, do not meet the exception.  At trial,

Google will be ready to reconsider those specific objections based on how Plaintiffs use the

document and whether Plaintiffs are able to establish the requirements of Rule 803(6) with a

witness.  Plaintiffs have also raised the possibility of third parties presenting certifications to

establish the requirements for the business records exception.  To date, only a few third parties

have provided such a certification.  Google will consider those certifications as they come in to

determine whether they cure Google's objections.

III.    **Position Statements Regarding a Dispute Regarding Plaintiff States' Updated Exhibit List In Light of Summary Judgment.**

A.    **Google's Position Statement**

Google respectfully requests that the Court require Plaintiff States to submit to Google by

August 28, 2023 a revised exhibit list, removing exhibits rendered irrelevant by the Court's

August 3, 2023 summary judgment decision.

Google has been seeking this information from Plaintiff States since the Court's ruling. On August 7, Google emailed Plaintiff States to request an updated exhibit list by August 15 (almost two weeks after the Court's decision).  Plaintiff States did not respond to that request. During the parties' August 18 meet and confer, Google pressed Plaintiff States for an answer on when it could expect to receive an updated exhibit list.[7]  Only yesterday, on August 21, did Plaintiff States commit to providing the updated list by September 5.

Plaintiff States' proposed deadline is far too late.  Google needs Plaintiff States' updated list well before trial in order to prepare its case against Plaintiff States' remaining claims. Without this information, Google is unable to assess whether to object to any remaining exhibits as irrelevant and what documents to keep on its own exhibit list to respond to Plaintiff States' remaining exhibits.  Plaintiff States' September 5 proposal is also in unworkable in light of the CMO's other deadlines.  The parties are set to have the Final Pre-trial Conference on September 1, and to submit final trial exhibits to the Court on September 5.  Plaintiff States' proposal would prevent Google from being able to raise any issues with the updated exhibit list at the September 1 conference and would allow Google no time to assess whether to remove exhibits from its own list prior to the September 5 submission to the court.[8]

_____

[7] Plaintiff States suggested at the August 21 meet and confer that Google "proposed" September 1 as an agreeable date.  Not so.  Google was simply seeking clarity regarding Plaintiff States' proposed date, and in doing so asked whether Plaintiff States expected to provide the updated list prior to September 1 (the date of the Final Pre-trial Conference).

[8] As directed at the August 15 status conference, Google is currently in the process of reviewing trial exhibits identified by Plaintiffs for confidentiality.  On August 18, Plaintiffs collectively identified to Google over 350 exhibits for review (exceeding the 300 exhibit estimate provided for both Plaintiffs at the status conference, Aug. 15 Hrg. Tr. at 47), and Plaintiff States included a number of documents with no relevance to the case following summary judgment.   Plaintiff States have now agreed to identify documents it will be withdrawing from that list by Thursday, August 24.

For these reasons, Google respectfully requests an order requiring Plaintiff States to provide an updated exhibit list by August 28, 2023.

### B.    Colorado Plaintiffs' Position Statement

Plaintiff States continue to diligently review their exhibit list provided to Google on August 1st to determine which documents are no longer relevant in light of the Court's Summary Judgment Opinion. Plaintiff States intend to continue narrowing their case in accordance with the Court's Summary Judgment Opinion. Plaintiff States have already taken steps to do so. On August 15th Plaintiff State informed Google that they no longer intend to call three witnesses to appear at trial and instead plan on providing revised, limited deposition designations as appropriate in response to the Court's Summary Judgment Opinion. Plaintiff States also agreed to re-evaluate deposition designations for four other witnesses and no longer intend to submit deposition designations for one other witness.

Plaintiff States participated in a meet and confer with Google on August 18th at which Google requested a date certain for Plaintiff States to modify their exhibit list in light of the Court's Summary Judgment Opinion. Plaintiff States indicated on August 21st that they would provide an updated exhibit list by September 5th. Further, on August 18th Plaintiff States provided Google a list of approximately 100 Google documents, pursuant to ECF No. 640, for which Plaintiff States intend to rely upon at trial, for purposes of ascertaining whether there is any objection to using them in open court.

Plaintiff States and Google engaged in a subsequent meet and confer on August 21st and Google indicated that it would not accept Plaintiff States' offer to provide a revised exhibit list by September 5th. Google cited to the potential burden of providing confidentiality designations for documents included in Plaintiff States' August 18th disclosure pursuant to ECF No. 640. Google demanded that Plaintiff States provide a revised exhibit list by August 23rd.

In response, Plaintiff States have offered by August 24th to re-review the approximately 100 Google documents identified on August 18th and provide a revised list of documents requiring Google to provide confidentiality designations. Further, to address Google's stated concern about providing confidentiality designations for documents it believes to be irrelevant, Plaintiff States further offered Google the ability to make a relevancy objection at the time of its response to any documents included in the revised August 24th list. Plaintiff States also offered that Google have until August 28th to provide a response such that any disputes over the treatment of the revised August 24th list could be addressed after Plaintiff States provided a revised exhibit list on September 5th. Google accepted this compromise as it relates to the revised August 24th list.

Google now demands that Plaintiff States provide a revised exhibit list by August 28th. This request remains unreasonable. Plaintiff States have been working diligently to assess the impact of the Court's Summary Judgment Opinion on their exhibit list, while continuing to meet other requirements of the Court's Case Management Order ("CMO"), ECF No. 108-1. There is no prejudice to Google in receiving a revised exhibit list on September 5th. This is particularly true because they will have received a revised notice of the documents Plaintiff States intend to rely upon at trial on August 24th. Plaintiff States recognize that Google may require additional time to provide further relevancy objections to Plaintiff States revised exhibit list and, as with any trial, Google may object to relevancy during the course of trial for any exhibit Plaintiff States may seek to introduce.

Accordingly, Plaintiff States request the Court set September 5th for Plaintiff States to provide a revised exhibit list in light of the Court's Summary Judgment Opinion and deny Google's request that that submission be provided by August 28th.

Dated: August 22, 2023

WILLIAMS & CONNOLLY LLP

By: _/s/ John E. Schmidtlein_____
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
Wendy Huang Waszmer (D.C. Bar No. 1631078)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com
wwaszmer@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*

By: ____/s/ Kenneth M. Dintzer_____
Kenneth M. Dintzer
Karl E. Herrmann (D.C. Bar #1022464)
U.S. Department of Justice, Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 227-1967
Kenneth.Dintzer2@usdoj.gov

*Counsel for Plaintiff United States of America*


By: ____/s/ Margaret Sharp____
James Lloyd, Chief, Antitrust Division
Margaret Sharp, Assistant Attorney General
Office of the Attorney General, State of Texas
300 West 15th Street
Austin, Texas 78701
Margaret.Sharp@oag.texas.gov

*Counsel for Plaintiff State of Texas*


By: ____/s/ Matthew Michaloski____
Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and Director,
Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Christi Foust, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Matthew.Michaloski@atg.in.gov

*Counsel for Plaintiff State of Indiana*

12

By:____/s/ Keaton Barnes____
Keaton Barnes
Arkansas Bar No. 2022161
Assistant Attorney General
Office of Tim Griffin, Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
Keaton.Barnes@ArkansasAG.gov

*Counsel for Plaintiff State of Arkansas*

By:____/s/ Brian Wang____
Rob Bonta, Attorney General
Ryan J. McCauley, Deputy Attorney General
Brian Wang, Deputy Attorney General
Henry Cornillie, Deputy Attorney General
Paula Blizzard, Supervising Deputy Attorney
General
Office of the Attorney General,
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Brian.Wang@doj.ca.gov

*Counsel for Plaintiff State of California*

By:____/s/ Lee Istrail___
Ashley Moody, Attorney General
R. Scott Palmer, Special Counsel, Complex
Enforcement Chief, Antitrust Division
Nicholas D. Niemiec, Assistant Attorney General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

13

By: ____ */s/ Daniel Walsh* _____
Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Charles Thimmesch, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*


By: ____ */s/ Philip R. Heleringer* _____
Daniel Cameron, Attorney General
J. Christian Lewis, Commissioner of the Office of
Consumer Protection
Philip R. Heleringer, Executive Director of the
Office of Consumer Protection
Jonathan E. Farmer, Deputy Executive Director
of the Office of Consumer Protection
Office of the Attorney General, Commonwealth
of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*


By: ____ */s/ Christopher J. Alderman* _____
Jeff Landry, Attorney General
Christopher J. Alderman, Assistant Attorney
General
Office of the Attorney General, State of
Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
AldermanC@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

14

By: _____ /s/ Scott Mertens _____
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*


By: _____ /s/ Stephen M. Hoeplinger _____
Stephen M. Hoeplinger
Assistant Attorney General
Missouri Attorney General's Office
815 Olive St., Suite 200
St. Louis, Missouri 63101
Stephen.Hoeplinger@ago.mo.gov

*Counsel for Plaintiff State of Missouri*


By: _____ /s/ Hart Martin _____
Lynn Fitch, Attorney General
Hart Martin, Special Assistant Attorney General
Crystal Utley Secoy, Assistant Attorney General
Office of the Attorney General, State of
Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

15

By:___/s/ Anna Schneider___
Anna Schneider
Bureau Chief
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT. 59602-0150
Phone: (406) 444-4500
Fax: 406-442-1894
Anna.schneider@mt.gov

*Counsel for Plaintiff State of Montana*


By:_____/s/ Mary Frances Jowers_____
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney
General
C. Havird Jones, Jr., Senior Assistant Deputy
Attorney General
Mary Frances Jowers, Assistant Deputy Attorney
General
Rebecca M. Hartner, Assistant Attorney General
Office of the Attorney General, State of South
Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
mfjowers@scag.gov

*Counsel for Plaintiff State of South Carolina*


By:____/s/ Gwendolyn J. Lindsay Cooley_____
Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant
Attorney General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
Gwendolyn.Cooley@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*

16

FOR PLAINTIFF STATE OF COLORADO

Jonathan B. Sallet
Special Assistant Attorney General

*/s/ Jonathan B. Sallet*
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann, DC Bar No. 1022365 (inactive)
Carla Baumel
Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mails: Jon.Sallet@coag.gov
           Steve.Kaufmann@coag.gov
           Carla.Baumel@coag.gov
           Elizabeth.Hereford@coag.gov
           Conor.May@coag.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
Suite 2200
New York, NY 10036-6710
Telephone: (212) 335-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Colorado*

17

FOR PLAINTIFF STATE OF NEBRASKA

Joseph M. Conrad
Assistant Attorney General
Colin P. Snider
Assistant Attorney General
Matthew K. McKinley
Special Assistant Attorney General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-3840
E-Mails: Joseph.Conrad@nebraska.gov
          Colin.snider@nebraska.gov
          Matt.Mckinley@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
Suite 2200
New York, NY 10036-6710
Telephone: (212) 335-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Nebraska*

| FOR PLAINTIFF STATE OF ARIZONA | FOR PLAINTIFF STATE OF IOWA |
|---|---|
| Robert A. Bernheim, Unit Chief Counsel | Noah Goerlitz, Assistant Attorney General |
| Arizona Office of the Attorney General | Office of the Attorney General of Iowa |
| 400 West Congress, Ste. S-315 | 1305 E. Walnut St., 2nd Floor |
| Tucson, Arizona 85701 | Des Moines, IA 50319 |
| Telephone: (520) 628-6507 | Telephone: (515) 725-1018 |
| E-Mail: Robert.bernheim@azag.gov | E-Mail: Noah.goerlitz@ag.iowa.gov |
| | |
| *Counsel for Plaintiff State of Arizona* | *Counsel for Plaintiff State of Iowa* |

18

FOR PLAINTIFF STATE OF NEW YORK

Elinor R. Hoffmann
Morgan J. Feder
Michael Schwartz
Office of the Attorney General of New
York
28 Liberty Street, 21st Floor
New York, NY 10005
Telephone: (212) 416-8513
E-Mails: Elinor.hoffmann@ag.ny.gov
          Morgan.feder@ag.ny.gov
          Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*


FOR PLAINTIFF STATE OF
TENNESSEE

J. David McDowell
Chris Dunbar
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville.TN 37202
Telephone: (615) 741-8722
E-Mails: David.McDowell@ag.tn.gov
          Chris.Dunbar@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*


FOR PLAINTIFF STATE OF ALASKA

Jeff Pickett
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5100
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

FOR PLAINTIFF STATE OF NORTH CAROLINA

Kunal Janak Choksi
Joshua Daniel Abram
Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mails: kchoksi@ncdoj.gov
          jabram@ncdoj.gov
          jmarx@ncdoj.gov
          jsutton2@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*


FOR PLAINTIFF STATE OF UTAH

Scott R. Ryther
Tara Pincock
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 142320
Salt Lake City, Utah 84114
Telephone: (385) 881-3742
E-Mail: sryther@agutah.gov
          tpincock@agutah.gov

*Counsel for Plaintiff State of Utah*


FOR PLAINTIFF STATE OF CONNECTICUT

Nicole Demers
Office of the Attorney General of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

FOR PLAINTIFF STATE OF
DELAWARE

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 577-8924
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*


FOR PLAINTIFF TERRITORY OF
GUAM

Fred Nishihira, Chief, Consumer Protection
Division
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Telephone: (671) 475-3324

*Counsel for Plaintiff Territory Guam*

FOR PLAINTIFF STATE OF IDAHO

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 334-4114
E-Mails: Brett.delange@ag.idaho.gov
            John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

FOR PLAINTIFF DISTRICT OF COLUMBIA

Elizabeth Gentry Arthur
Office of the Attorney General for the District of
Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*


FOR PLAINTIFF STATE OF HAWAIʻI

Rodney I. Kimura
Department of the Attorney General, State of Hawaiʻi
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawaiʻi*

FOR PLAINTIFF STATE OF ILLINOIS

Elizabeth Maxeiner
Brian Yost
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
Telephone: (773) 590-7935
E-Mails: Elizabeth.maxeiner@ilag.gov
            Brian.yost@ilag.gov

*Counsel for Plaintiff State of Illinois*

FOR PLAINTIFF STATE OF KANSAS

Lynette R. Bakker
Kansas Office of the Attorney General
120 S.W. 10th Avenue., 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: Lynette.bakker@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

FOR PLAINTIFF STATE OF
MARYLAND

Schonette J. Walker
Gary Honick
Office of the Attorney General of Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mails: swalker@oag.state.md.us
        ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

FOR PLAINTIFF STATE MINNESOTA

Zachary William Biesanz
Office of the Minnesota Attorney General
Consumer, Wage, and Antitrust Division
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

FOR PLAINTIFF STATE OF MAINE

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

FOR PLAINTIFF COMMONWEALTH
MASSACHUSETTS

William T. Matlack
Michael B. MacKenzie
Office of the Attorney General of Massachusetts
One Ashburton Place, 18th Fl.
Boston, MA 02108
Telephone: (617) 727-2200
E-Mails: William.matlack@mass.gov
        Michael.Mackenzie@mass.gov

*Counsel for Plaintiff State of Massachusetts*

FOR PLAINTIFF STATE OF NEVADA

Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mails: mnewman@ag.nv.gov
        ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

FOR PLAINTIFF STATE OF NEW HAMPSHIRE

Brandon Garod
Office of Attorney General of New Hampshire
33 Capitol Street
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New Hampshire*

FOR PLAINTIFF STATE OF NEW MEXICO

Judith E. Paquin
Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Telephone: (505) 490-4885
E-Mails: jpaquin@nmag.gov
            ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*

FOR PLAINTIFF STATE OHIO

Jennifer Pratt
Beth Ann Finnerty
Mark Kittel
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
E-Mails:
Jennifer.pratt@ohioattorneygeneral.gov
Beth.finnerty@ohioattorneygeneral.gov
Mark.kittel@ohioattorneygeneral.gov

*Counsel for Plaintiff State of Ohio*

FOR PLAINTIFF STATE OF NEW JERSEY

Isabella R. Pitt
Deputy Attorney General
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
Telephone: (973) 648-7819
E-Mail: Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

FOR PLAINTIFF STATE NORTH DAKOTA

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust Division
Office of the Attorney General of North Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North Dakota*

FOR THE PLAINTIFF STATE OKLAHOMA

Caleb J. Smith
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Telephone: (405) 522-1014
E-Mail: Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

FOR PLAINTIFF STATE OREGON

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
Telephone: (503) 934-4400
E-Mail: Cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff State of Oregon*

FOR PLAINTIFF COMMONWEALTH
PENNSYLVANIA

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mails: jbetsko@attorneygeneral.gov
                 twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of Pennsylvania*

FOR PLAINTIFF TERRITORY PUERTO
RICO

Guarionex Diaz Martinez
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902
Telephone: (787) 721-2900, Ext. 1201
E-Mail: gdiaz@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto Rico*

FOR PLAINTIFF STATE RHODE ISLAND

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

FOR PLAINTIFF STATE SOUTH
DAKOTA

Yvette K. Lafrentz
Office of the Attorney General of South
Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*

FOR PLAINTIFF STATE VERMONT

Christopher J. Curtis
Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: Ryan.kriger@vermont.gov

*Counsel for Plaintiff State of Vermont*

FOR PLAINTIFF COMMONWEALTH
VIRGINIA

Tyler T. Henry
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

FOR PLAINTIFF STATE WEST
VIRGINIA

Douglas Lee Davis
Office of the Attorney General, State of
West Virginia
1900 Kanawha Boulevard, East
Building 6, Suite 402
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986
E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

FOR PLAINTIFF STATE WASHINGTON

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

FOR PLAINTIFF STATE WYOMING

Benjamin Peterson
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
Telephone: (307) 777-6397
E-Mail: Benjamin.peterson2@wyo.gov

*Counsel for Plaintiff State of Wyoming*