# Exhibit C



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Daniel J. Matheson
Bureau of Competition
Phone: (202) 326-2075
Email: dmatheson@ftc.gov

November 15, 2024

**By Electronic Mail**

Mark Hansen, Esq.
Kellogg, Hansen, Todd, Figel & Frederick, PLLC
1615 M Street NW, Suite 400
Washington, D.C. 20036

    Re:    Trial Scheduling and Pretrial Procedures, *FTC v. Meta Platforms, Inc.*, Civ. Action No. 1:20-cv-03590 (JEB) (D.D.C.)

Dear Mark:

    Now that the Court has resolved the parties' summary judgment motions, the FTC believes it is in the best interests of the parties and the Court for the parties to confer promptly regarding pretrial procedures and scheduling. While it is possible that the Court may have already determined its preferred approach to a trial schedule or any of the other issues addressed below, it is also possible that the Court will ask the parties to confer as promptly as possible and make proposals regarding those issues. To prepare for the latter eventuality, we provide below a set of initial and non-binding proposals on various points – as there are multiple inter-related considerations, please consider these proposals as the beginning of a conversation rather than a final position on any particular point. The FTC reserves the right to alter any of these proposals.

    We are happy to consider counterproposals or additional issues that we have not addressed. We believe that it would be beneficial for the parties to meet and confer during the week of November 18, in advance of the November 25 conference, to discuss how closely the parties are aligned regarding the FTC's proposed time frame for trial and a potential pretrial schedule, as well as any areas of agreement or disagreement regarding the conduct of trial. It would maximize efficiency if Meta can provide a written response in advance of a conversation during the week of November 18, but we believe that a conversation could be productive even absent concrete responses in advance.

**Trial Schedule and Length**

    The FTC proposes that trial commence on Monday, March 31, 2025, or another date that week that is convenient for the Court. The FTC proposes that the final pretrial conference take

Letter to Mark Hansen
November 15, 2024

place on a date that is convenient for the Court during the week of March 17-21, 2025. At this point, the FTC estimates that trial will take approximately 10-12 weeks (assuming approximately 6 hours per day and five trial days per week), if the parties can agree upon, or the Court elects to order, the FTC's proposals below.

**Pretrial Briefs**

Each party may file a pretrial brief, not to exceed 35 pages, no later than 5:00 p.m. Eastern time on March 10, 2025. The parties shall not file pre-trial proposed findings of fact nor proposed conclusions of law.

**Motions in Limine**

Each party may file a limited number of motions in limine (which limit shall include *Daubert* motions), not to exceed 20 pages per motion. The parties should discuss an appropriate limit on the number of motions in limine. Motions shall be filed by 5:00 p.m. Eastern time on February 17, 2025. Oppositions, not to exceed 20 pages per Opposition, may be filed by 5:00 p.m. Eastern time on March 3, 2025. Replies, not to exceed 10 pages per Reply, may be filed by 5:00 p.m. Eastern time on March 10, 2025.

**Exhibit Lists**

The parties shall simultaneously exchange exhibit lists at 5:00 p.m. Eastern time on January 21, 2025 (approximately 8 weeks prior to the final pretrial conference). On February 11, 2025 at 5:00 p.m. Eastern time, the parties shall exchange any objections to the admissibility of exhibits, and identify any additional exhibits added to the party's January 21, 2025 exhibit list. Such additions to the January 21, 2025 exhibit list shall consist only of documents added in response to an exhibit on the other party's January 21, 2025 exhibit list, or for good cause, and the party adding the exhibit shall specify the reason for the addition. The parties shall promptly meet and confer in an effort to resolve objections to exhibits. Any objections to additional exhibits disclosed on February 11, 2025 shall be provided promptly, and must be provided within 7 business days of the date the exhibit is disclosed.

**Admission of Exhibits**

The FTC proposes that the Parties agree that there is no "sponsoring witness" requirement for the admission of exhibits. Following the exchange of objections to exhibits on February 11, 2025, the FTC proposes that the parties meet and confer at least once per week to resolve any objections to exhibits and reach agreement on which exhibits shall be admitted by joint consent. *See, e.g., United States v. Google, LLC*, 1:20-cv-03010-APM, Transcript of Final Pretrial Conference, ECF No. 696 at 84-88 (Sept. 12, 2023). The FTC proposes that the parties resolve in advance of the final pretrial conference as many disputes as possible regarding exhibits the FTC intends to introduce during its case in chief, and at the final pretrial conference the parties move for the admission of relevant exhibits and/or address appropriate disputes regarding admissibility. Remaining disputes regarding the admissibility of exhibits should be addressed at appropriate intervals throughout the trial.

Letter to Mark Hansen
November 15, 2024

## Confidentiality of Documents Identified on Exhibit Lists

Paragraph G of the Protective Order in this case provides that the disclosure at trial or at any evidentiary hearing of material designated Highly Confidential or Confidential will be governed pursuant to an order separate from the Protective Order. ECF No. 134 at 23. The FTC proposes the following procedure:

- Following the exchange of exhibit lists on January 21, 2025, each party shall use best efforts to contact impacted third parties no later than January 27, 2025 to provide notice of all documents or transcripts designated by the third party as Highly Confidential or Confidential that the party intends to introduce at trial, including all documents or transcripts that the party intends to cite in post-trial papers. The parties shall attempt to coordinate their efforts to contact third parties to the extent that it would be efficient to do so.
- No later than February 17, 2025, each party or third party that seeks to prevent public disclosure of a document or transcript that appears on either party's exhibit list, or any portion of such a document or transcript, shall file a motion seeking *in camera* treatment of the relevant portion of the relevant document or transcript.
- Any party may file an opposition to any motion seeking *in camera* treatment. All such oppositions shall be filed no later than March 3, 2025. The original moving party may file a reply no later than March 10, 2025.
- Except where an order for *in camera* treatment is granted, all documents and transcripts shall be part of the public record.
- Where *in camera* treatment is granted, a duplicate copy of such document or transcript with the confidential material redacted therefrom may be placed on the public record, with the party who sought *in camera* treatment responsible for producing the duplicate with redactions and replacing any "Highly Confidential" or "Confidential" markings on the document with "Public Redacted."

## Public Disclosure of Non-Confidential Materials

In order to maximize appropriate disclosure of non-confidential information and obviate the need for involvement by third parties including members of the press, the FTC will use best efforts to make available on its website public versions of non-confidential exhibits that are used during the examination of witnesses during trial. To the extent that *in camera* treatment is granted with respect to a portion of such an exhibit, the FTC shall make available on its public website the "Public Redacted" version of the document. Such exhibits shall be made available on the FTC's website in a timely fashion following the exhibit's use with a witness at trial.

## Witness Lists

The parties shall simultaneously exchange preliminary witness lists at 5:00 p.m. on January 27, 2025 (approximately 7 weeks prior to the final pretrial conference). Neither party's preliminary witness list may contain more than a specified number of witnesses, inclusive of witnesses offering an expert opinion pursuant to Federal Rule of Evidence 702. Each party shall

Letter to Mark Hansen
November 15, 2024

specify whether it intends to call each witness live or via deposition designations. Each party shall specify whether each witness will offer an expert opinion pursuant to Federal Rule of Evidence 702. Neither party must identify on its witness list witnesses who might be called solely for the purpose of establishing the admissibility of documents or summary exhibits prepared pursuant to Fed. R. Evid. 1006, and each party reserves the right to call relevant witnesses solely for such a purpose.

No later than 5:00 p.m. on February 3, 2025, each party shall identify to the other party all witnesses appearing on either party's witness list that are represented by counsel for the party, and shall identify any relevant dates that witnesses represented by counsel for the party will be unavailable to provide trial testimony.

The parties shall simultaneously exchange final witness lists at 5:00 p.m. on February 17, 2025. Neither party's final witness list may contain more than a specified number of witnesses (including witnesses offering an expert opinion pursuant to Federal Rule of Evidence 702). Absent good cause, neither party's final witness list may contain more than two witnesses that were not disclosed in the preliminary witness list of one of the parties. Each party shall specify whether it intends to call each witness live or via deposition designations, and each party shall specify whether each witness will offer an expert opinion pursuant to Federal Rule of Evidence 702. Neither party must identify on its final witness list witnesses who might be called solely for the purpose of establishing the admissibility of documents or summary exhibits prepared pursuant to Fed. R. Evid. 1006, and each party reserves the right to call relevant witnesses solely for such a purpose.

With respect to all witnesses except witnesses offering an expert opinion pursuant to Federal Rule of Evidence 702, if a party has not identified the witness on its final witness list, the party shall not conduct a direct examination of the witness and any cross examination shall be limited to the scope of the direct examination.

**Designations of Deposition Testimony**

The parties shall simultaneously exchange deposition designations at 5:00 p.m. on February 3, 2025. Deposition designations shall be provided for each witness that the party identifies on its preliminary witness list as a person who might be called via deposition rather than being called live. Designations shall indicate all portions of each witness's testimony that the party will designate for each witness, except for testimony identified as a counter-counter designation or a designation made for completeness.

The parties shall exchange any deposition counter-designations or designations for completeness at 5:00 p.m. on February 24, 2025. The parties shall exchange any deposition counter-counter-designations or designations for completeness at 5:00 p.m. on March 12, 2025. Each deposition submitted by a party shall count against the party's total number of witnesses, just as if the party had called the witness live. Counter-designations and designations for completeness shall not count against a party's total number of witnesses. The FTC proposes that each party shall have the option, but not the obligation, to present deposition testimony during the hearing by playing the videotape of designated portions of the deposition. Relevant designations for completeness must be played at the same time that deposition video is played,

Letter to Mark Hansen
November 15, 2024

but counter-designations that are not made for completeness shall not be played during a party's case-in-chief. If a party does not elect to present deposition testimony during the hearing by playing videotape, the designated portions of the deposition testimony shall be submitted in written form.

**Disclosure of Trial Witnesses**

No later than 5:00 p.m. Eastern time on March 3, 2025, the FTC shall provide to Meta a good faith disclosure of the FTC's planned order of witnesses that will be called to provide live testimony during the FTC's case-in-chief. The disclosure shall also include the week in which the FTC expects to call the witness, and the estimated time for their direct examination. By 5:00 p.m. Eastern time on March 10, 2025, Meta shall provide confirmation to the FTC that witnesses represented by counsel for Meta shall be available during the time period requested.

No later than 5:00 p.m. Eastern time on March 24, 2025, Meta shall provide to the FTC a good faith disclosure of Meta's planned order of witnesses that will be called live during Meta's case in chief. The disclosure shall also include the week in which Meta expects to call the witness, and the estimated time for their direct examination.

Beginning on Wednesday, March 26, 2025, and continuing through the end of trial, unless otherwise mutually agreed, no later than 7 pm ET on each Wednesday, the presenting party for the coming week of trial will confirm the witnesses that party expects to call, the order in which the party expects to call them in, the estimated time for each direct examination, and the day on which the party expects to call them.

- If the presenting party expects to rest during the coming week, then the next presenting party will share the same information for the remainder of the week no later than 7 pm ET on the preceding Thursday.
- If a non-presenting party intends to conduct a direct examination during the time for cross-examination, the non-presenting party will confirm that no later than 24 hours after receipt of the presenting party's list of witnesses for the upcoming week, along with the estimated time for the examination.

**Disclosure of Exhibits Used During Direct Examination**

If either party intends to use an exhibit during its direct examination of a witness, the exhibit must be disclosed to the other party no later than 12:00 p.m. Eastern time on the day prior to the day the exhibit is used during an examination. The disclosure requirement is not applicable to exhibits used solely for the purposes of impeachment, nor to exhibits or other materials used for the purpose of refreshing a witness's recollection, nor to exhibits that are used to contradict testimony a witness provides during direct examination. Exhibits may be used during the direct examination of a witness even if they were not disclosed in accordance with the requirements of this Paragraph by agreement of the parties, or for good cause shown. Exhibits used during a cross examination of an adverse witness need not be disclosed in advance.

Letter to Mark Hansen
November 15, 2024

**Disclosure of Demonstrative Exhibits**

If either party intends to use a demonstrative exhibit with any witness, the demonstrative exhibit must be disclosed to the other party no later than 12:00 p.m. Eastern time on the day prior to the day the demonstrative exhibit is used during an examination.

**Post-Trial Filings and Closing Arguments**

The parties shall file proposed findings of fact, proposed conclusions of law, and post-trial briefs five weeks after the close of evidence. Each party's proposed findings of fact shall be no more than 600 pages in length, each party's proposed conclusions of law shall be no more than 50 pages in length, and each party's post-trial briefs shall be no more than 100 pages in length. To facilitate the orderly presentation of issues to the Court, each party shall provide the other party with a Microsoft Word version of its proposed findings of fact and proposed conclusions of law.

The parties shall file replies to the other party's proposed findings of fact and proposed conclusions of law six weeks after the filing of the relevant opening papers. Each party's replies shall add no more than 150 pages to the other party's proposed findings of fact and no more than 35 pages to the other party's proposed conclusions of law.

Closing arguments shall occur on a date convenient for the Court during the third week following submission of the parties' replies to proposed findings of fact and proposed conclusions of law.

We look forward to your response.

Sincerely,

/s/ Daniel Matheson
Daniel J. Matheson
*Counsel for Plaintiff Federal Trade Commission*