# Exhibit D

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 20-cv-3010 (APM) |
| GOOGLE LLC, | ) ) | |
| Defendant. | ) ) | |

|  |  |  |
|---|---|---|
| STATE OF COLORADO, et al., | ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 20-cv-3715 (APM) |
| GOOGLE LLC, | ) ) | |
| Defendant. | ) ) | |

## ORDER CONCERNING AMENDED SCHEDULING AND CASE MANAGEMENT ORDER

The court has considered the parties' positions for modifying the Scheduling and Case Management Order ("CMO") entered in *United States v. Google LLC*, No. 20-cv-3010 (APM) ("U.S. Action") following consolidation of the U.S. Action with *State of Colorado v. Google LLC*, No. 20-cv-3715 (APM) for the purposes of pre-trial discovery. With one important exception, the court has largely adopted the approach proposed by Google, *see* Joint Status Report, ECF No. 105 [hereinafter Joint Status Report], Ex. B, ECF No. 105-1, for several reasons. *First*, the court has decided against entering separate CMOs and a separate order for discovery coordination. A single CMO that incorporates the requirement of discovery coordination will promote greater ease of

administration than would multiple orders. *Second*, Google's proposal of collective caps on the Plaintiff parties' discovery has the benefit of encouraging coordination among the Plaintiff parties and increasing efficiencies with respect to their common theories of liability. Affording each set of Plaintiffs their own complete set of written discovery, as the Colorado Plaintiffs have proposed, would disincentivize cooperation in advance of propounding such discovery. *Third*, all depositions shall be limited to seven hours, unless (1) specially designated by either side for 14 hours, (2) both sides notice a third-party deposition, in which case 11 hours will be divided equally between the sides, or (3) additional time is secured through leave of court. The court will not permit as a matter of right a 21-hour deposition, as would have been possible under the Colorado Plaintiffs' proposal. *See* Joint Status Report, Ex. A, ECF No. 105-1, ¶ 5(f)(ii).

The court has deviated from Google's proposal in one important respect: it has increased the collective discovery caps across the board to ensure that the Colorado Plaintiffs can adequately develop their separate theory of monopolistic conduct. The court has increased the number of demands that each side may make as follows:

| Type of Discovery | Original CMO | Google-Proposed CMO | Final CMO |
|---|---|---|---|
| Interrogatories (¶ 11) | 25 | 35 | 40 |
| Contention Interrogatories (¶ 11) | 20 | 30 | 35 |
| Requests for Admission (¶ 12) | 37 | 47 | 55 |
| Depositions (¶ 14) | 65 | 70 | 80 |
| 14-hour Depositions (¶ 14) | 8 | 8 | 16 |

The final Amended Scheduling and Case Management Order is filed herewith.

Dated:  February 3, 2021

_____
Amit P. Mehta
United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |
| State of Colorado, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

## <u>AMENDED SCHEDULING AND CASE MANAGEMENT ORDER</u>

In accordance with Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16.3, Plaintiffs and Defendant Google LLC ("Google") have met and conferred, and the Court hereby enters this Amended Scheduling and Case Management Order, which supersedes the Scheduling and Case Management Order entered on December 21, 2020 (D.I. 85) in *United States, et al. v. Google LLC*, No. 20-cv-3010-APM (the "DOJ Action"). Unless otherwise stated herein, this Amended Scheduling and Case Management Order governs proceedings in the DOJ Action and *State of Colorado, et al. v. Google LLC*, No. 20-cv-3715-APM (the "Colorado Action"), which was "consolidated with [the DOJ Action] for pretrial purposes, including discovery and all related proceedings" on January 7, 2021. Colorado Action, D.I. 67.

1

1. **Service of the Complaint**. Counsel for Google has accepted service of the Complaints and waived formal service of a summons.

2. **Initial Disclosures**. The parties to the DOJ Action exchanged Rule 26(a)(1) initial disclosures on November 20, 2020, and the parties to the Colorado Action exchanged Rule 26(a)(1) initial disclosures on January 20, 2021.

3. **Local Rules 16.3(c)(1), 16.3(c)(3), 16.3(c)(4), 16.3(c)(5)**.

    i. <u>Likelihood of Disposal by Dispositive Motion</u>. Google has elected not to file a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure in either of the above-captioned cases and advised the Court of that decision on November 6, 2020 and January 8, 2021.

    ii. <u>Consent to Magistrate Judge</u>. The Parties do not consent to this case being assigned to a magistrate judge for any purposes.

    iii. <u>Settlement</u>. The Parties do not believe that settlement discussions would be useful to engage in at this time.

    iv. <u>ADR</u>. At a later time, the Parties will confer whether mediation may be appropriate.

4. **Discovery Conference**. The Parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.3. The Parties' discussions and the submission of this Proposed Scheduling and Case Management Order, the ESI Order, and the Stipulated Protective Order relieve the Parties of their obligations under Federal Rule of Civil Procedure 26(f) and Local Rule 16.3.

5. **Case Schedule**. Unless otherwise specified, days will be computed according to Federal Rule of Civil Procedure 6(a). The Court should adopt the following schedule:

| Event | Calculation of Date | Calendar Date |
|---|---|---|
| DOJ Action:  Answer or responsive pleading | December 21, 2020 | December 21, 2020 |
| Fact discovery commences | Upon entry of protective order or CMO, whichever is later | December 21, 2020 |
| DOJ Action: Begin production of investigative materials subject to provisions of paragraph 7 | January 15, 2021 | January 15, 2021 |
| Google (and if necessary Plaintiffs) to provide samples and data dictionaries for all sources of structured data identified in the Rule 26(a)(1) disclosures | 45 days after the Party's identification through amended Rule 26(a)(1) disclosures of such data sets after the start of fact discovery | TBD |
| Parties will certify substantial completion of production of documents in response to requests for production | Producing Party to provide estimated date for inspection/production in accordance with FRCP 34(b)(2)(B). Within 5 days of production of documents that achieves substantial completion of production in response to request set, producing Party to certify same. | TBD |
| Parties to file any motions to compel regarding scope of production to the requests for production and interrogatories | No later than 30 days after parties certify substantial completion of production | TBD |
| DOJ Action: Amended complaint including additional states to be filed | January 15, 2021 | January 15, 2021 |
| DOJ Action: Deadline to amend pleadings/join additional Parties as of right | January 15, 2021 | January 15, 2021 |
| Colorado Action: Begin production of investigative materials subject to provisions of paragraph 7 | February 4, 2021 | February 4, 2021 |
| Colorado Action: Answer or responsive pleading | February 15, 2021 | February 15, 2021 |

| Colorado Action: Deadline to amend pleadings/join additional Parties as of right | March 15, 2021 | March 15, 2021 |
|---|---|---|
| Completion of fact discovery except for requests for admission for authentication of or admissibility of documents, data or other evidence; parties to certify completion of production (including providing all privilege logs) | 456 days after fact discovery begins | March 22, 2022 |
| Deadline for Parties to serve opening expert disclosures in accordance with Rule 26(a)(2)(B). Parties to make simultaneous exchange of all opening reports for either side. | 30 days after close of fact discovery | April 21, 2022 |
| Deadline for service of requests for admission for authentication of or admissibility of documents, data or other evidence | 60 days after close of fact discovery | May 23, 2022 |
| Deadline for Parties to serve rebuttal expert report(s) | 60 days after service of opening reports | June 20, 2022[1] |
| Deadline for Parties to serve reply expert report(s) | 50 days after service of rebuttal expert reports | August 9, 2022 |
| Close of expert discovery | 45 days after service of final expert reports | September 23, 2022 |
| First day to file dispositive motions without leave of Court | Close of expert discovery | September 23, 2022 |
| Post-discovery Status Conference | To be decided by the Court after close of expert discovery | TBD |
| Deadline to file motions for summary judgment and *Daubert* motions | 30 days after close of expert discovery | October 24, 2022 |
| Deadline to file oppositions to motions for summary judgment and *Daubert* motions | 45 days after service of summary judgment or *Daubert* motion(s) | December 8, 2022 |

---

[1] Date calculations herein for expert disclosures, summary judgment, *Daubert*, and motions in limine assume service/filing on the applicable deadlines.

| Deadline to file replies concerning motions for summary judgment or *Daubert* motions | 30 days after service of oppositions to *Daubert* or summary judgement motion(s) | January 9, 2023 |

| Event | Calculation of Date | Calendar Date[2] |
|---|---|---|
| Parties exchange initial exhibit lists, opening deposition designations, and initial witness lists | 12 weeks before trial | June 20, 2023 |
| Each Party informs each non-Party of all documents produced by that non-Party that are on that Party's exhibit list and all depositions excerpts of that non-Party that have been designated by any Party | 8 weeks before trial | July 18, 2023 |
| Each side exchanges its objections to the other side's exhibits and deposition designations and its deposition counter-designations | 8 weeks before trial | July 18, 2023 |
| Parties provide expert reports and/or summaries of reports to the Court | 8 weeks before trial | July 18, 2023 |
| Parties exchange final exhibit and witness lists | 6 weeks before trial | August 1, 2023 |
| Motions *in limine* filed | 6 weeks before trial | August 1, 2023 |
| Non-parties provide notice of any objections to the potential public disclosure at trial of any non-Party documents or depositions; explain the basis for any such objections; and propose redactions where possible | 5 weeks before trial | August 8, 2023 |
| Oppositions to motions *in limine* filed | 14 days after *in limine* motions filed | August 15, 2023 |

[2] The dates specified herein for all events following the deadline to "file replies concerning motions for summary judgment or *Daubert* motions" presently apply only to the DOJ Action. Pursuant to the Court's Order of January 7, 2021, the above-captioned actions have been consolidated "for pretrial purposes, including discovery and all related proceedings," and any motions to consolidate the Colorado Action with the DOJ Action for trial "may be renewed after the close of expert discovery and resolution of any motions for summary judgment." Colorado Action, D.I. 67.

| Each side exchanges its objections to the other side's deposition counter-designations and its counter-counter-designations | 4 weeks before trial | August 15, 2023 |
|---|---|---|
| Parties meet and confer regarding motions *in Limine* | 4 weeks before trial | August 15, 2023 |
| Parties and non-Parties meet and confer regarding confidentiality of non-Party documents on trial exhibit lists and non-Party depositions | 4 weeks before trial | August 15, 2023 |
| Parties meet and confer regarding disputes about confidentiality of Party documents on trial exhibit lists | 4 weeks before trial | August 15, 2023 |
| Parties meet and confer regarding submitting a *joint* exhibit list | 4 weeks before trial | August 15, 2023 |
| Joint submission regarding disputes concerning admissibility of trial exhibits and deposition designations | 3 weeks before trial | August 22, 2023 |
| Joint submission regarding disputes concerning confidentiality of Party documents on trial exhibit lists filed | 3 weeks before trial | August 22, 2023 |
| Joint submission regarding disputes concerning confidentiality of each non-Party's documents on the trial exhibits lists and designations of non- Party depositions | 3 weeks before trial | August 22, 2023 |
| Non-Party submissions regarding disputes concerning confidentiality of each non-Party's documents on the trial exhibit lists and designations of non-Party depositions | 3 business days after the parties' joint submission is filed | August 25, 2023 |
| Pre-trial briefs filed | 2 weeks before trial | August 29, 2023 |
| Hearing regarding any disputes over confidentiality of proposed trial exhibits | 2 weeks before trial | August 29, 2023 or as set by the Court |
| Final Pre-trial conference | 2 weeks before trial | September 1, 2023 or as set by the Court |
| Parties submit final trial exhibits to Court | 1 week before trial | September 5, 2023 |

| Trial begins | Date to be determined by Court | September 12, 2023 |
| Post-trial briefs and proposed findings of fact and conclusions of law filed | 10 weeks after conclusion of trial | TBD |

6.        **Discovery of Confidential Information**. Discovery and production of

confidential information will be governed by the Protective Order and ESI Order entered by the

Court in this action. No deadline in this order shall override any deadline set forth in the

Protective Order or ESI Order. When sending discovery requests, notices, and subpoenas to non-

parties, the parties must include copies of any Protective Orders in effect at the time.

7.        **Production of Investigation Materials.** By no later than the applicable date

specified in Paragraph 5, except as to materials as to which Plaintiffs have objection(s) to

producing, Plaintiffs (with the exception of Plaintiff State of California)[3] shall begin producing

the materials they collected during the course of the pre-Complaint Investigation[4] from the third

parties identified in Plaintiffs' Rule 26(a)(1) initial disclosures. Excepting those materials as to

which Plaintiffs have an objection to the production thereof, Plaintiffs shall begin producing by

no later than the applicable date specified in Paragraph 5, and will produce (subject to

objections):  (i) any CID, subpoena, compulsory process, or voluntary request for information

sent by any Plaintiff in connection with the Investigation to a third party who is identified in

Plaintiffs' Initial Disclosures; (ii) any documents, data, or materials provided by a third party

---

[3] Consistent with the Court's instruction during the December 18, 2020 status conference, Plaintiff State of California and Google have conferred regarding the deadline by which Plaintiff State of California shall began to produce the Investigation Materials.  Plaintiff State of California began producing its Investigative Materials on January 22, 2021 and anticipates completing production no later than when the Department of Justice completes production of its Investigative Materials.

[4] "Investigation" means the pre-Complaint inquiry by Plaintiff the United States and Plaintiff States into potential anticompetitive conduct by Google.

who is identified in Plaintiffs' Initial Disclosures to any Plaintiff in response to (i); (iii) any

declaration, affidavit, or written statement provided by any third party who is identified in

Plaintiffs' Initial Disclosures to any Plaintiff in connection with the Investigation; and (iv) any

transcript of any deposition taken of any third party who is identified in Plaintiffs' Initial

Disclosures in connection with the Investigation.

8.      **Witness Lists**.[5] Each side shall provide an initial witness list **[12]** weeks before

trial, which shall be limited to **[50]** persons, including experts. The witness list must comply with

Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii). Each side shall provide a final witness list

**[6]** weeks before trial which shall also be limited to **[50]** persons, including experts. In preparing

their witness lists, the Parties must make good-faith attempts to identify the witnesses whom they

expect that they may present as live witnesses at trial (other than solely for impeachment). No

Party may call a person to testify as a live witness at trial or designate a person's deposition for

introduction at trial (other than solely for impeachment) unless (a) that person was identified on a

Party's witness list (a Party may call a witness identified on the opposing Party's witness list);

(b) all Parties agree that that Party may call that person to testify; or (c) the Court determines that

the Party demonstrates good cause for calling that person to testify, despite that Party's failure to

identify that person sooner. If any person is placed on a witness list (initial or final) by a Party,

and has not been deposed in this litigation, then the other side may obtain documents from the

files of that person and depose that person, notwithstanding any limits on discovery elsewhere in

---

[5] This Paragraph 8 presently applies only to the DOJ Action.  In accordance with the Court's
Order of January 7, 2021 (Colorado Action, D.I. 67), the Parties will consider after the close of
expert discovery and resolution of any motions for summary judgment whether the above-
captioned actions should be consolidated for trial, which may include a consideration of whether
or how the limits reflected in this Paragraph 8 may be affected by consolidation.

this Order or in the Rules, unless that person was disclosed under FRCP 26(a)(1), and an opportunity was provided during fact discovery to obtain these documents and depositions.

9. **Document Requests**. The Parties must serve any objections to requests for productions of documents within **[30]** days as required by FRCP 34. Within **[7]** business days of service of any objections, the Parties must meet and confer to attempt to resolve any objections and to agree on custodians to be searched. At the time it serves its responses, the producing Party will provide estimated date for inspection/production in accordance with FRCP 34(b)(2)(B). To the extent that there is a dispute regarding the scope of production that impacts the estimated time period for completion of the responsive production, the Producing Party will supplement its good-faith estimate of the time period for completion of the responsive production upon resolution of such disputes. Responsive productions (subject to any objections or custodian issues that have not been resolved) should be made on a rolling basis. Plaintiffs in the DOJ Action and Plaintiffs in the Colorado Action shall coordinate their requests for production of documents to the extent necessary to avoid serving duplicative requests. Any deposition, document, data, or other evidence produced by a Party or non-Party can be used in any proceeding of either of the DOJ Action or the Colorado Action, but written discovery responses (including responses to requests for admission) can only be used against the Party making the responses.

10. **Structured Data**. If a Party amends its initial disclosures to identify particular sources of structured data that it intends to rely upon, then that Party shall produce samples of and data dictionaries for any such sources of structured data identified in its amended initial disclosures within **[45]** days of service of the same.

11.     **Interrogatories**. The Parties must serve any objections to interrogatories within **[30]** days as required by FRCP 33. Within **[7]** business days of service of any objections, the parties must meet and confer to attempt to resolve any objections and to discuss whether the request may be satisfied by the production of documents or structured data. Each side[6] is limited to **[40]** interrogatories in total (including discrete subparts), and an additional **[35]** contention interrogatories, which may not be served until **[180]** days from beginning of fact discovery. Each side reserves the right to ask the Court for leave to serve additional interrogatories.

12.     **Requests for Admission**. Each side is limited to **[55]** requests for admission in total. Requests for admission relating solely to the authentication or admissibility of documents, data, or other evidence (which are issues that the parties must attempt to resolve initially through negotiation) do not count against these limits. Unless otherwise agreed, the Parties must respond in writing to requests for admission within **[30]** days after service. Each side reserves the right to ask the Court for leave to serve additional requests for admission.

13.     **Discovery on Non-Parties**. Each Party must serve upon all other Parties a copy of any discovery request to any non-Party at the same time it is served on the non-Party. The requesting Party must provide all other Parties with a written record of any oral or written modifications, extensions, or postponements to the discovery request within **[3]** days of the modification, extension, or postponement. Every discovery request to a non-Party shall include a cover letter requesting that (a) the non-Party stamp each document with a production number and any applicable confidentiality designation prior to producing it; (b) the non-Party provide both to the requesting Party and to the other side copies of all productions at the same time; (c) the non-

---

[6] For avoidance of doubt, there are two "sides" in these consolidated actions: Plaintiffs in the DOJ Action and Plaintiffs in the Colorado Action collectively are one "side," and Google is the other "side."

10

Party provide to both the requesting Party and the other side copies of all written correspondence with any Party concerning the non-Party's response to or compliance with any discovery request (including any extensions, modifications, or postponements). Plaintiffs in the DOJ Action and Plaintiffs in the Colorado Action shall coordinate their discovery requests to non-Parties to the extent necessary to avoid serving duplicative requests.

14.    **Depositions**. Each side is limited to **[80]** depositions of fact witnesses. Each side may depose any and all witnesses produced to testify on each agreed upon Federal Rule of Civil Procedure 30(b)(6) topic, but (unless otherwise specified herein) each 7-hour[7] period of 30(b)(6) deposition testimony shall count as one deposition for the purpose of the side's limit (e.g. the depositions of seven 30(b)(6) witnesses for two hours (14 hours in total) each counts as two depositions).

The following depositions do not count against the deposition caps imposed by the preceding sentence: (a) depositions of the Parties' designated expert witnesses; (b) depositions previously taken in response to Civil Investigative Demands; and (c) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-Party, provided that such depositions may be noticed only after the Party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means, and further provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents.

Parties will use their best efforts to make witnesses available for deposition at a mutually agreeable time and location and without undue delay. If a witness is a former employee of any

---

[7] All time periods for depositions refer to time on the record.

Party who is not represented by counsel, upon receipt of a deposition notice for the former employee, that Party shall, within **[14]** business days of the deposition notice, provide the date of departure and last known address of the former employee, whether the Party's counsel can accept service of the notice, whether the Party's counsel will be representing that Party in connection with the deposition and, if not, the name and contact information for the witness' counsel or that the witness is unrepresented.

If a Party serves a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the Party serving those subpoenas must schedule the deposition for a date at least **[14]** days after the return date for the document subpoena, and if the Party serving those subpoenas agrees to extend the date of production for the document subpoena in a way that would result in fewer than **[14]** days between the extended production date and the date scheduled for the deposition, the date scheduled for the deposition must be postponed to be at least **[14]** days following the extended production date, unless all parties consent to fewer than **[14]** days.

 Depositions of party fact witnesses are limited to no more than a **[7]** hour day, excepting that each side may choose to extend **[16]** depositions up to **[14]** hours.  The noticing side shall indicate whether it intends to extend a party fact witness's deposition, including the proposed duration of the extended deposition, in the deposition notice for the relevant party fact witness. The non-noticing side may object and the parties will meet and confer and (as may be necessary) address any dispute in accordance with the guidance the Court provided at the December 18, 2020 status conference regarding the procedures by which to raise discovery disputes to the Court.

During non-Party depositions noticed by only one side, the non-noticing side may cross-examine the witness for up to one hour at the conclusion of direct examination, and the side who conducted the direct examination shall be entitled to redirect examination of the witness for approximately the same amount of record time as the cross-examination regardless of whether the redirect examination extends past the **[7]** hour limit. If the total, on-record portion of the deposition goes beyond **[7]** hours, the Parties may, but are not required to, have the remaining portion of the deposition take place on a second day. If a non-Party deposition is noticed by both sides, then the deposition will be **[11]** hours and will be divided equally between the sides, and the deposition of the non-Party will count as one deposition for each side. Any time allotted to one side not used by that side in a non-Party deposition may not be used by the other side, unless the side that does not use all of its allotted time agrees to allow the other side to use the remaining time. For any deposition lasting longer than **[7]** hours, either Party or the witness may demand that the time remaining after the seventh hour be carried over to be completed on the next consecutive business day.

Plaintiffs in the DOJ Action and Plaintiffs in the Colorado Action shall coordinate in the noticing and scheduling of all depositions. Any deposition noticed either by Plaintiffs in the DOJ Action or Plaintiffs in the Colorado Action shall automatically be deemed to have been noticed by Plaintiffs in both actions and shall count against the total number of depositions allotted to their side. Any person deposed in either the DOJ Action or the Colorado Action shall automatically be deemed to have been deposed in both cases and, consistent with Federal Rule of Civil Procedure 30(a)(2)(A), shall not be deposed again in either case absent stipulation or leave of Court. Plaintiffs in the DOJ Action and Plaintiffs in the Colorado Action may divide the time allotted to their side in any manner they choose, provided that they do not collectively exceed the

time allotted to their side and make reasonable efforts to coordinate their examination in order to avoid duplicative questioning.  Objections are preserved for all Parties when one Party makes the objection.

15.     **Remote Depositions**. The Parties agree that COVID-19 restrictions may make remote depositions necessary. The Parties agree to conduct depositions remotely when necessary. However, nothing in this paragraph or Order prevents a Party from seeking an in-person deposition.  In the event that technical issues arise during a remote deposition, including problems with loading or accessing exhibits in the virtual deposition platform, the Parties agree that they will promptly go off the record in order to address such issues without counting against the examiner's time on the record. Absent consent of all parties, the parties agree to remain on camera while off the record for this purpose.

16.     **Dispute Resolution**. In the event of a dispute between the parties regarding any discovery issue, the parties shall meet and confer in an attempt to resolve the dispute. In the event of a dispute between the parties during a deposition, the parties shall memorialize the dispute on the record and present the dispute to the Court by motion within two business days of the close of the deposition. If the Court orders a Party to provide additional testimony (i.e. rejects the Party's opposition to answering a particular question), the Party shall provide the witness for deposition on the testimony in question within five business days of the ruling.

17.     **Privilege Logs**. The Parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs: (a) documents or communications sent solely between outside counsel for the Defendant (or persons employed by or acting on behalf of such counsel); (b) documents or communications sent solely between counsel for the United States (or persons employed by the United States Department of Justice);

(c) documents or communications sent solely between counsel for the United States (or persons employed by the United States Department of Justice) and counsel for any state (or persons employed by any the office of the attorney general of any state); (d) documents or communications sent solely between outside counsel for Defendant and inside counsel for Defendant; (e) documents or communications sent solely between counsel for the United States (or persons employed by the United States Department of Justice) and counsel for any executive-branch agency of the federal government; (f) documents or communications sent solely between counsel for any state and counsel for another state (or persons employed by the office of the attorney general any state); (g) documents or communications sent solely between counsel within any state (or persons employed by the office of the attorney general of any state). When non-responsive, privileged documents that are attached to responsive documents are withheld from production, however, the parties will insert a placeholder to indicate a document has been withheld from that family. The Parties' privilege log obligations with respect to ESI are more fully set forth in the ESI Order.

18.     **Privilege Log Format**. The Parties also agree to the following guidelines concerning the preparation of privilege logs: (a) a general description of the litigation underlying attorney work-product claims is permitted; (b) identification of the name and the company affiliation for each non-defendant person is sufficient identification; (c) identification of the name and the department for each defendant person is sufficient identification; and (d) for documents redacted for privilege, the privilege log need only provide the Bates number, an indication that the document was produced in redacted form, information that can be populated from the metadata of the document, including as set forth in the Parties' ESI Order, the type of privilege being asserted, and the basis for the privilege. For each entry of the privilege log, all

attorneys acting in a legal capacity with respect to that particular document or communication will be marked with the designation "ESQ: after their names (include a space before and after the "ESQ"). Similarly, in the separate index of names, counsel for a Party shall be marked with the designation ESQ in a separate column. The Parties' privilege log obligations with respect to ESI are more fully set forth in the ESI Order.

19.    **Privilege Log Timing.** A producing Party shall provide a privilege log three, five, seven, nine, eleven, and thirteen months after the commencement of fact discovery. A producing Party must provide a final privilege log no later than **[30]** days prior to the close of fact discovery.

20.    **Name Index**. The privilege log will be produced along with a separate index containing an alphabetical list (by last name) of each name on the privilege log, identifying titles, company affiliations, the members of any group or email list on the log where practicable (e.g., the Board of Directors), and any name variations used in the privilege log for the same individual.

21.    **Production of Privileged or Work-Product Documents or Information**. As authorized by Federal Rule of Evidence 502(d), and as more fully set forth in the ESI Order, the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. Disclosures among a party's attorneys of work product or other communications relating to issues of common interest shall not affect or be deemed a waiver of any applicable privilege or protection from disclosure. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. A producing party may assert privilege or protection over

16

produced documents in accordance with the procedures set forth in Section IV of the ESI Order. After being notified, a party shall comply with the procedures set forth in Section IV of the ESI order. The parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

22.     **Presumptions of Authenticity**. Documents produced by parties and non-parties from their own files will be presumed to be authentic within the meaning of Federal Rule of Evidence 901. Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to intended trial exhibits. If the opposing side serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection.

23.     **Expert Witness Disclosures—Materials Protected from Disclosure**. The following information, documents, and materials are not discoverable, and need not be preserved or disclosed for purposes of complying with Federal Rule of Civil Procedure 26(a)(2), Rule 26(b)(4), or any other rule, including in testimony at deposition, hearing, or trial: (a) any form of oral or written communications, correspondence, or work product—not relied upon by the expert in forming any opinions in his or her final report—shared between: (i) the expert and any persons assisting the expert; (ii) Plaintiffs' counsel and Plaintiffs' experts, or between any agent or employee of Plaintiffs' counsel and Plaintiffs' experts; (iii) Google's counsel and Google's experts, or between any agent or employee of Google's counsel and Google's experts; (iv) testifying and non-testifying experts; (v) non-testifying experts; or (vi) testifying experts; (b) expert's notes, except for notes of interviews of persons on any Party's preliminary or final witness list if the expert participated in or conducted the interview and relied upon the notes in

17

forming any opinions in his or her final report; (c) drafts of expert reports, affidavits, or declarations or comments, mark-ups, or edits prepared in connection with such drafts; and (d) data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

24. **Expert Witness Disclosures—Materials to Be Disclosed**. Subject to the limitations of the prior paragraph, the parties agree that the following materials will be disclosed within [5] business days of the time that each expert report is served, or, for those materials to be made available upon request, within [10] days of the request: (a) a list of all documents relied upon by the expert in forming any opinions in his or her report, including Bates numbers of documents previously produced; (b) upon reasonable request and subject to applicable protective orders and confidentiality agreements, prior expert reports, submitted by the expert in antitrust cases or to any antitrust/competition authorities, that were not previously produced and that are not readily available publicly; (c) a list of all publications authored by the expert in the previous **[10]** years; (d) upon reasonable request, copies of all publications authored by the expert in the previous **[10]** years that are not readily available publicly; and (e) for all calculations appearing in the report, all data and programs underlying the calculations, including all programs and codes necessary to recreate the calculations from the initial ("raw") data files, and including the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the report.

25. **Expert Depositions**. Each expert may be deposed for **[10]** hours. Depositions of each side's experts will be conducted only after disclosure of all expert reports and accompanying materials.

18

26.     **Demonstrative Exhibits**. Demonstrative exhibits do not need to be included on the trial exhibit lists when those lists are exchanged. The Parties will meet and confer regarding the timeline and process for exchange of demonstrative exhibits following the close of discovery and resolution of any summary judgment motions.

27.     **Service of Pleadings and Discovery on Other Parties**. Service of all pleadings, discovery requests (including subpoenas for testimony or documents under Federal Rule of Civil Procedure 45), expert disclosures, and delivery of all correspondence in this matter must be made by ECF (which will send notice to all Parties registered with ECF) or email to the persons whose email is listed below. If the volume of attachments makes service by ECF impracticable, a Party shall make service via a Secure FTP service or overnight delivery to the persons listed below:

For Plaintiff United States:

Kenneth M. Dintzer
U.S. Department of Justice, Antitrust Division
Technology & Financial Services Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Kenneth.Dintzer2@usdoj.gov

Jesús M. Alvarado-Rivera
U.S. Department of Justice, Antitrust Division
Technology & Financial Services Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Jesus.Alvarado-Rivera@usdoj.gov

Elizabeth S. Jensen
U.S. Department of Justice, Antitrust Division
450 Golden Gate Avenue, Suite 10-0101
San Francisco, CA 94102
Elizabeth.Jensen@usdoj.gov

For Plaintiff State of Arkansas:

     Leslie Rutledge, Attorney General
     Johnathan R. Carter, Assistant Attorney General
     Office of the Attorney General, State of Arkansas
     323 Center Street, Suite 200
     Little Rock, Arkansas 72201
     Johnathan.Carter@arkansasag.gov

For Plaintiff State of California:

     Xavier Becerra, Attorney General
     Kathleen E. Foote, Senior Assistant Attorney General
     Paula Blizzard, Supervising Deputy Attorney General
     Brian Wang, Deputy Attorney General
     Quyen Toland, Deputy Attorney General
     Ryan McCauley, Deputy Attorney General
     Adam Miller, Deputy Attorney General
     Office of the Attorney General
     California Department of Justice
     455 Golden Gate Avenue
     Suite 11000
     San Francisco, CA 94102
     Ryan.McCauley@doj.ca.gov
     Adam.Miller@doj.ca.gov

For Plaintiff State of Florida:

     Ashley Moody, Attorney General
     R. Scott Palmer, Interim Co-Director, Antitrust Division
     Nicholas D. Niemiec, Assistant Attorney General
     Lee Istrail, Assistant Attorney General
     Office of the Attorney General, State of Florida
     PL-01 The Capitol
     Tallahassee, Florida 32399
     Scott.Palmer@myfloridalegal.com

For Plaintiff State of Georgia:

Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Dale Margolin Cecka, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
dcecka@law.georgia.gov

For Plaintiff State of Indiana:

Curtis Hill, Attorney General
Scott L. Barnhart, Chief Counsel and Director, Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Erica Sullivan, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Scott.Barnhart@atg.in.gov

For Plaintiff State of Kentucky:

Daniel Cameron, Attorney General
Justin D. Clark, Deputy Director of Consumer Protection
J. Christian Lewis, Executive Director of Consumer Protection
Philip R. Heleringer, Assistant Attorney General
Jonathan E. Farmer, Assistant Attorney General
Office of the Attorney General, Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Justind.Clark@ky.gov

For Plaintiff State of Louisiana:

Jeff Landry, Attorney General
Stacie L. Deblieux, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
Deblieuxs@ag.louisiana.gov

21

For Plaintiff State of Michigan:

> Dana Nessel, Attorney General
> Wisam E. Naoum, Assistant Attorney General
> Michigan Department of Attorney General
> P.O. Box 30736
> Lansing, Michigan 48909
> NaoumW1@Michigan.gov

For Plaintiff State of Missouri:

> Kimberley Biagioli, Assistant Attorney General
> Office of the Attorney General, State of Missouri
> P.O. Box 899
> Jefferson City, Missouri 65102
> Kimberley.Biagioli@ago.mo.gov

For Plaintiff State of Mississippi:

> Lynn Fitch, Attorney General
> Hart Martin, Consumer Protection Division
> Crystal Utley Secoy, Consumer Protection Division
> Office of the Attorney General, State of Mississippi
> P.O. Box 220
> Jackson, Mississippi 39205
> Hart.Martin@ago.ms.gov

For Plaintiff State of Montana:

> Timothy C. Fox, Attorney General
> Mark Mattioli, Chief, Office of Consumer Protection
> Office of the Attorney General, State of Montana
> P.O. Box 200151
> 555 Fuller Avenue, 2nd Floor
> Helena, MT 59620-0151
> mmattioli@mt.gov

For Plaintiff State of South Carolina:

> Mary Frances Jowers, Assistant Deputy Attorney General
> Rebecca M. Hartner, Assistant Attorney General
> Office of the Attorney General, State of South Carolina
> P.O. Box 11549
> Columbia, South Carolina 29211-1549
> mfjowers@scag.gov
> rhartner@scag.gov

For Plaintiff State of Texas:

      Kim Van Winkle, Chief, Antitrust Division
      Bret Fulkerson, Deputy Chief, Antitrust Division
      Kelsey Paine, Assistant Attorney General
      Office of the Attorney General, State of Texas
      300 West 15th Street
      Austin, Texas 78701
      kim.vanwinkle@oag.texas.gov
      bret.fulkerson@oag.texas.gov
      kelsey.paine@oag.texas.gov

For Plaintiff State of Wisconsin:

      Joshua L. Kaul, Attorney General
      Gwendolyn J. Lindsay Cooley, Assistant Attorney General
      Wisconsin Department of Justice
      17 W. Main St.
      Madison, WI 53707-7857
      Gwendolyn.cooley@wisconsin.gov
      (608) 261-5810

For Plaintiff State of Colorado:

      Jonathan Bruce Sallet
      Diane Rebecca Hazel
      Steven M. Kaufmann
      Abigail Leah Smith
      Office of the Attorney General of Colorado
      1300 Broadway, 7th Floor
      Denver, CO 80203
      720-508-6231
      jon.sallet@coag.gov
      diane.hazel@coag.gov
      steve.kaufmann@coag.gov
      abigail.smith@coag.gov

For Plaintiff State of Nebraska:

      Joseph Conrad
      Office of the Attorney General of Nebraska
      Consumer Protection Division
      2115 State Capitol Building
      Lincoln, NE 68509
      402-471-3840

joseph.conrad@nebraska.gov

For Plaintiff State of Arizona:

Brunn W. (Beau) Roysden III, Solicitor General
Michael S. Catlett, Deputy Solicitor General
Dana R. Vogel, Unit Chief Counsel
Christopher M. Sloot, Assistant Attorney General
Arizona Office of the Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004
Tel: (602) 542-3725
dana.vogel@azag.gov

For Plaintiff State of Iowa:

Max Merrick Miller
Attorney General's Office for the State of Iowa
1305 East Walnut Street, 2nd Floor
Des Moines, IA 50319
(515) 281-5926
Max.Miller@ag.Iowa.gov

For Plaintiff State of New York:

John D. Castiglione
Morgan Feder
Elinor Hoffmann
Office of the Attorney General of New York
28 Liberty Street, 21st Floor
New York, NY 10005
212-416-8513
john.castiglione@ag.ny.gov
morgan.feder@ag.ny.gov
elinor.hoffmann@ag.ny.gov

For Plaintiff State North Carolina:

Jonathan R. Marx
Jessica Vance Sutton
NC Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
919-716-6000
Jmarx@Ncdoj.Gov
jsutton2@ncdoj.gov

24

For Plaintiff State of Tennessee:

 Christopher Dunbar
 J. David McDowell
 Jeanette Pascale
 Office of The Attorney General & Reporter
 P.O. Box 20207
 Nashville, TN 37202
 615-741-3519
 chris.dunbar@ag.tn.gov
 david.mcdowell@ag.tn.gov
 jenna.pascale@ag.tn.gov

For Plaintiff State of Utah:

 Tara Pincock
 Attorney General's Office Utah
 160 E 300 S, Ste 5th Floor
 PO Box 140874
 Salt Lake City, UT 84114
 801-366-0305
 tpincock@agutah.gov

For Plaintiff State Alaska:

 Clyde "Ed" Sniffen, Jr. Acting Attorney General
 D.C. Circuit Bar No. 56435 ed.sniffen@alaska.gov
 Jeff Pickett
 Senior Assistant Attorney General
 State of Alaska, Department of Law
 Office of the Attorney General
 1031 W. Fourth Avenue, Suite 200
 Anchorage, Alaska 99501
 Tel: (907) 269-5100
 jeff.pickett@alaska.gov

For Plaintiff State of Connecticut:

 Nicole Demers
 State of Connecticut Office of the Attorney General
 165 Capitol Avenue, Ste 5000
 Hartford, CT 06106
 860-808-5202
 nicole.demers@ct.gov

For Plaintiff State of Delaware:

    Michael Andrew Undorf
    Delaware Department of Justice
    Fraud and Consumer Protection Division
    820 N. French St., 5th Floor
    Wilmington, DE 19801
    302-577-8924
    michael.undorf@delaware.gov

For Plaintiff District of Columbia:

    Elizabeth Gentry Arthur
    David Brunfeld
    Office of the Attorney General for the District of Columbia
    400 6th Street NW
    Washington, DC 20001
    202-724-6514
    elizabeth.arthur@dc.gov
    david.brunfeld@dc.gov

For Plaintiff Territory of Guam:

    Leevin Taitano Camacho, Attorney General
    Fred Nishihira, Chief, Consumer Protection Division
    Benjamin Bernard Paholke, Assistant Attorney General
    Office of the Attorney General of Guam
    590 S. Marine Corps Drive, Suite 901
    Tamuning, Guam 96913
    Tel: (671)-475-3324
    bpaholke@oagguam.org

For Plaintiff State of Hawaii:

    Rodney I. Kimura
    Office of the Attorney General of Hawaii
    Commerce & Economic Development
    425 Queen Street
    Honolulu, HI 96813
    808-586-1180
    rodney.i.kimura@hawaii.gov

For Plaintiff State of Idaho:

    Brett Talmage DeLange
    Office of the Idaho Attorney General
    Consumer Protection Division
    954 W. State St., 2nd Fl.
    PO Box 83720
    Boise, ID 83720-0010
    208-334-4114
    brett.delange@ag.idaho.gov

For Plaintiff State of Illinois:

    Erin L. Shencopp
    Office of the Attorney General of Illinois
    100 W. Randolph St.
    Chicago, IL 60601
    312-793-3891
    eshencopp@atg.state.il.us

For Plaintiff State of Kansas:

    Lynette R. Bakker
    Office of the Attorney General of Kansas
    Consumer Protection & Antitrust
    120 S.W. 10th Avenue, Ste 2nd Floor
    Topeka, KS 66612-1597
    785-368-8451
    lynette.bakker@ag.ks.gov

For Plaintiff State of Maine:

    Christina M. Moylan
    Office of the Attorney General of Maine
    6 State House Station
    Augusta, ME 04333-0006
    207-626-8838
    christina.moylan@maine.gov

For Plaintiff State of Maryland:

    Gary Honick
    Office of the Maryland Attorney General
    Antitrust
    200 St. Paul Place
    Baltimore, MD 21202

410-576-6480
ghonick@oag.state.md.us

For Plaintiff Commonwealth of Massachusetts:

Matthew B. Frank, Assistant Attorney General Antitrust Division
William T. Matlack, Assistant Attorney General
Chief, Antitrust Division
Michael B. MacKenzie, Assistant Attorney General
Deputy Chief, Antitrust Division
Office of the Attorney General
One Ashburton Place, 18th Fl.
Boston, MA 02108
Tel: (617) 727-2200
Matthew.Frank@mass.gov
William.Matlack@mass.gov
Michael.Mackenzie@mass.gov

For Plaintiff State of Minnesota:

Justin Moor, Assistant Attorney General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2130
(651) 757-1060
justin.moor@ag.state.mn.us

For Plaintiff State of Nevada:

Marie W.L. Martin
Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
Bureau of Consumer Protection
100 N. Carson Street
Carson City, NV 89701
775-624-1244
mwmartin@ag.nv.gov
mnewman@ag.nv.gov
ltucker@ag.nv.gov

For Plaintiff State of New Hampshire:

Brandon Garod
Office of Attorney General of New Hampshire
33 Capitol Street
Concord, NH 03301

603-271-1217
brandon.h.garod@doj.nh.gov

For Plaintiff State of New Jersey:

Robert Holup
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
239-822-6123
robert.holup@law.njoag.gov

For Plaintiff State of New Mexico:

Mark F. Swanson
Cholla Khoury
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Tel: 505.490.4885
mswanson@nmag.gov
ckhoury@nmag.gov

For Plaintiff State North Dakota:

Elin S. Alm
Office of the Attorney General of North Dakota
Consumer Protection & Antitrust Division
1050 E. Interstate Ave., Suite 200
Bismarck, ND 58503
701-328-5570
ealm@nd.gov

For Plaintiff State of Ohio:

Beth Ann Finnerty
Mark Kittel
Jennifer Pratt
Office of The Attorney General of Ohio, Antitrust
150 E. Gay Street, 22nd Floor
Columbus, OH 43215
614-466-4328
beth.finnerty@ohioattorneygeneral.gov
mark.kittel@ohioattorneygeneral.gov
jennifer.pratt@ohioattorneygeneral.gov

For Plaintiff State of Oklahoma:

    Caleb J. Smith Assistant Attorney General Consumer Protection Unit
    Office of the Oklahoma Attorney General
    313 NE 21st St
    Oklahoma City, OK 73105
    Tel: (405) 522-1014
    caleb.smith@oag.ok.gov

For Plaintiff State of Oregon:

    Cheryl Hiemstra
    Oregon Department of Justice
    Civil Recovery Section
    1162 Court St NE
    Salem, OR 97301
    503-934-4400
    cheryl.hiemstra@doj.state.or.us

For Plaintiff Commonwealth of Pennsylvania:

    Tracy W. Wertz
    Joseph S. Betsko
    Pennsylvania Office of Attorney General Strawberry Square
    Harrisburg, PA 17120
    Tel: (717) 787-4530
    jbetsko@attorneygeneral.gov

For Plaintiff Commonwealth of Puerto Rico:

    Johan M. Rosa Rodríguez
    Assistant Attorney General Antitrust Division
    Puerto Rico Department of Justice
    PO Box 9020192
    San Juan, Puerto Rico 00902-0192
    Tel: (787) 721-2900, ext. 1201
    jorosa@justicia.pr.gov

For Plaintiff State of Rhode Island:

    David Marzilli
    Rhode Island Office of the Attorney General
    150 South Main Street
    Providence, RI 02903
    Tel: (401) 274-4400

dmarzilli@riag.ri.gov

For Plaintiff State of South Dakota:

Yvette K. Lafrentz
Office Of The Attorney General of South Dakota
1302 E. Hwy 14, Suite1
Pierre, SD 57501
605-773-3215
yvette.lafrentz@state.sd.us

For Plaintiff State of Vermont:

Ryan G. Kriger
Office of The Attorney General of Vermont
109 State St.
Montpelier, VT 05609
802-828-3170
ryan.kriger@vermont.gov

For Plaintiff Commonwealth of Virginia:

Sarah Oxenham Allen
Tyler Timothy Henry
Office of the Attorney General of Virginia
Antitrust Unit/Consumer Protection Section
202 N. 9th Street
Richmond, VA 23219
804-786-6557
soallen@oag.state.va.us
thenry@oag.state.va.us

For Plaintiff State of Washington:

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-5419
amy.hanson@atg.wa.gov

For Plaintiff State of West Virginia:

Douglas Lee Davis
Tanya L. Godfrey
Office of Attorney General, State of West Virginia

P.O. Box 1789
812 Quarrier Street, 1st Floor
Charleston, WV 25326
304-558-8986
doug.davis@wvago.gov
tanya.l.godfrey@wvago.gov

For Plaintiff State of Wyoming:

Benjamin Mark Burningham
Amy Pauli
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
(307) 777-5833
ben.burningham@wyo.gov
amy.pauli@wyo.gov

For Defendant Google:

John E. Schmidtlein
Benjamin M. Greenblum
Colette T. Connor
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

Susan Creighton
Franklin Rubinstein
Wilson Sonsini Goodrich & Rosati
1700 K Street, N.W.
Washington, D.C. 20006
screighton@wsgr.com
frubinstein@wsgr.com

Mark S. Popofsky
Ropes & Gray LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

The parties shall endeavor to make all reasonable efforts to serve or file all papers before 6:00 p.m. Eastern Time.

28. **Calculating Response Times**. For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery at the time the email was sent and received will be treated in the same manner as hand delivery at that time.

29. **Nationwide Service of Trial Subpoenas**. To assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the parties are permitted, under 15 U.S.C. § 23, to issue nationwide discovery and trial subpoenas from this Court.

30. **Modification of Scheduling and Case Management Order**. Any Party may seek modification of this Order for good cause.

Dated:  February 3, 2021

Amit P. Mehta
United States District Court Judge

33