# Exhibit 2

## (Excerpt)

Case 1:20-cv-03590-JEB   Document 389-2   Filed 12/17/24   Page 2 of 10
Case 5:17-cv-00220-LHK   Document 921   Filed 10/24/18   Page 1 of 62

1

```
 1                UNITED STATES DISTRICT COURT

 2              NORTHERN DISTRICT OF CALIFORNIA

 3                    SAN JOSE DIVISION

 4


 5
     FEDERAL TRADE COMMISSION,        )  C-17-00220 LHK
 6                                    )
                      PLAINTIFF,      )  SAN JOSE, CALIFORNIA
 7                                    )
                VS.                   )  OCTOBER 24, 2018
 8                                    )
     QUALCOMM INCORPORATED, A         )  PAGES 1-61
 9   DELAWARE CORPORATION,            )
                                      )
10                    DEFENDANT.      )
     _____)
11

12

13                TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE LUCY H. KOH
14               UNITED STATES DISTRICT JUDGE

15

16   A P P E A R A N C E S:

17   FOR THE PLAINTIFF:    FEDERAL TRADE COMMISSION
                           BY:  JENNIFER MILICI
18                         600 PENNSYLVANIA AVENUE, NW
                           WASHINGTON, D.C.  20580
19

20

21            APPEARANCES CONTINUED ON NEXT PAGE

22

23   OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                 CERTIFICATE NUMBER 9595
24

25            PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                 TRANSCRIPT PRODUCED WITH COMPUTER
```

```
1              THE COURT:  BUT THIS IS MY CONCERN:  I'M GOING TO GET

2      PRETRIAL STATEMENTS THAT ARE GOING TO BE -- YOU KNOW, YOUR

3      JOINT CASE MANAGEMENT STATEMENT IS, WHAT, 20 PAGES LONG.  AND

4      SO I'M CONCERNED I'M GOING TO GET A JOINT PRETRIAL STATEMENT

5      WITH, LIKE, TONS OF OBJECTIONS THAT THERE'S THIS ON YOUR LIST

6      OF 500 AND THAT ON YOUR LIST OF 500 AND --

7              MR. VAN NEST:  WHY DON'T YOU LIMIT THAT, THE HIGH

8      PRIORITY LIST?  IN OTHER WORDS, WHY DON'T YOU DECIDE HOW MANY

9      HIGH PRIORITY OBJECTIONS YOU WANT TO ENTERTAIN, AND THEN, THEN

10     THE LIST -- THE TOTAL SIZE OF THE LIST IS A LOT LESS RELEVANT

11     FOR YOU.

12         AND ONCE WE GET HIGH PRIORITY OBJECTIONS DEALT WITH, THEN

13     WHAT I'M HOPEFUL OF IS THAT THE PARTIES CAN RESOLVE THE REST OF

14     THEM, AND TO THE EXTENT WE HAVE FURTHER OBJECTIONS, TAKE THEM

15     AS THE TRIAL GOES ALONG.  IT'S A BENCH TRIAL, AFTER ALL, SO WE

16     DON'T HAVE A JURY WE'RE USHERING IN AND OUT.

17             THE COURT:  WELL, I KNOW WHAT'S GOING TO HAPPEN WITH

18     A BENCH TRIAL.  YOU'LL BE PUTTING IN HUNDREDS AND HUNDREDS AND

19     HUNDREDS OF OBJECTIONS, AND THEN ON APPEAL, YOU'LL SAW,

20     "AH-HAH, BUT EXHIBIT 499 HAD THIS ON PARAGRAPH 6 OF PAGE 32

21     WHICH X, Y, Z."

22         YOU KNOW, I THINK IT SHOULD BE A MANAGEABLE NUMBER THAT WE

23     CAN ACTUALLY DISCUSS AND REVIEW DURING TRIAL VERSUS JUST

24     LOBBING IN HUNDREDS AND HUNDREDS OF PAGES THAT NO ONE IS GOING

25     TO DISCUSS --
```

```
 1                  MR. VAN NEST:  I AGREE WITH THAT.

 2                  THE COURT:  -- AND THEN HAVE IT AS A BOMB ON APPEAL.

 3        THAT'S NOT FAIR TO ANYBODY.

 4            SO I THINK FOR YOUR PRELIMINARY, WHY DON'T WE LIMIT THAT,

 5        INSTEAD OF 500 A SIDE AND 1,000 EXHIBITS, WHICH JUST SOUNDS

 6        EXCESSIVE TO ME, WHY DON'T WE JUST LIMIT THAT TO -- I WAS GOING

 7        TO SAY 250, BUT IT SOUNDS LIKE THAT'S NOT GOING TO BE ENOUGH

 8        FOR YOU.

 9            OKAY.  WHAT ABOUT 400.

10                  MR. VAN NEST:  AGAIN --

11                  THE COURT:  SAVE US -- I THINK 400 IS REASONABLE.

12        I'M ABOUT TO GIVE YOU THE TIME LIMITS.  YOU'RE GOING TO HAVE 25

13        HOURS PER SIDE, SO, I MEAN, IF YOU WANT TO DO 1,000 EXHIBITS,

14        YOU'RE GOING TO DO A COUPLE MINUTES PER EXHIBIT.

15            I MEAN, IT'S JUST NOT --

16                  MR. VAN NEST:  BUT, AGAIN, THESE AREN'T EXHIBITS THAT

17        ARE ALL COMING IN, YOUR HONOR.  THESE ARE EXHIBITS THAT WE'RE

18        EXCHANGING THAT ARE POTENTIAL.

19                  THE COURT:  YEAH.

20                  MR. VAN NEST:  THAT'S WHY I'M ASKING YOUR HONOR TO

21        HOLD OFF ON THIS.

22            BUT WE'LL WORK WITH WHATEVER NUMBER YOU GIVE US.  BUT I --

23        IF WE'RE GOING TO SET A NUMBER TODAY, I'D REALLY LIKE A NUMBER

24        HIGHER THAN 400, BUT --

25                  THE COURT:  WELL, YOU SAID 500.  YOU SAID 500 IN YOUR
```

```
 1    DOCUMENT.
 2            MR. VAN NEST:  NO.  WE SAID THAT WE'VE AGREED WITH
 3    EACH OTHER TO TELL THE OTHER -- TO REQUIRE THE OTHER SIDE TO
 4    OBJECT, OR NOT, TO 500 OF THE EXHIBITS ON OUR LIST.
 5        WE DON'T HAVE A LIMIT NOW.  THAT'S WHAT THE FOOTNOTE SAYS
 6    THERE.  THAT'S ON --
 7            THE COURT:  OH, YOU'RE SAYING YOU CAN FILE 500
 8    OBJECTIONS?  THAT'S EVEN WORSE THAN I THOUGHT.
 9            MR. VAN NEST:  NOT WITH YOU, YOUR HONOR.
10            THE COURT:  THAT'S EVEN WORSE THAN I THOUGHT.
11            MR. VAN NEST:  NOT WITH YOU, YOUR HONOR.  WITH EACH
12    OTHER.  THAT'S WITH EACH OTHER EARLY ON AND TRY TO RESOLVE
13    THOSE.  THAT'S WHAT THAT FOOTNOTE -- THAT'S FOOTNOTE 10.
14            THE COURT:  OH, I MISREAD IT.  I'M SORRY.
15            MS. MILICI:  YOUR HONOR, THE CONCERN FROM THE FTC'S
16    SIDE WAS THAT WE WERE CONCERNED ABOUT GETTING A VERY LONG LIST
17    FROM QUALCOMM AND HAVING TO SPEND A LOT OF HOURS WRITING UP
18    OBJECTIONS FOR DOCUMENTS THAT ARE NOT LIKELY TO BE USED AT
19    TRIAL.
20        SO WE ADDED THAT 500 LIMIT, THAT WE COULD EACH IDENTIFY
21    500 DOCUMENTS THAT THE OTHER SIDE WOULD PROVIDE OBJECTIONS TO,
22    NOT TO THE COURT, BUT FOR THE PURPOSE OF MEETING AND CONFERRING
23    TO COME UP WITH A JOINT LIST AND TO NARROW OUR OBJECTIONS FOR
24    THE COURT.
25            THE COURT:  SO IT'S EVEN WORSE THAN I THOUGHT.  YOU
```

```
1        MIGHT HAVE 2,000 EXHIBITS, BUT YOU'RE SAYING YOU'RE GOING TO

2        FIGHT ABOUT 500 WITH EACH OTHER?

3               MR. VAN NEST:  WITH EACH OTHER.

4               THE COURT:  PER SIDE.  SO IT SOUNDS LIKE 1,000

5        FIGHTS.  THIS SOUNDS REALLY EXCESSIVE TO ME AND NOT MANAGEABLE.

6               MR. VAN NEST:  BUT YOU --

7               THE COURT:  WHY CAN'T YOU --

8               MR. VAN NEST:  CAN I MAKE A SUGGESTION?

9               THE COURT:  -- IN YOUR PRELIMINARY EXCHANGE ON

10       NOVEMBER 8TH, EXCHANGE AND IDENTIFY 400 EXHIBITS?

11              MR. VAN NEST:  WHAT I'M SUGGESTING IS SOMETHING

12       DIFFERENT.

13              THE COURT:  UM-HUM.

14              MR. VAN NEST:  WHY DON'T YOU DECIDE -- YOUR PRETRIAL

15       ORDER DOESN'T ACTUALLY REQUIRE US TO SUBMIT OBJECTIONS, I DON'T

16       BELIEVE.  WHY DON'T YOU DECIDE HOW MANY HIGH PRIORITY

17       OBJECTIONS YOU WANT TO HEAR AT THE PRETRIAL AND LET US WORRY

18       ABOUT THE REST?

19              THE COURT:  OH, I DON'T WANT TO HEAR HIGH PRIORITY

20       OBJECTIONS AT THE PRETRIAL.  I'M HEARING THREE MOTIONS IN

21       LIMINE AND TWO DAUBERT MOTIONS THAT YOU'VE ALREADY FILED.

22       THAT'S ALL I'M HEARING AT THE PRETRIAL CONFERENCE.

23              MR. VAN NEST:  OKAY.  SO --

24              THE COURT:  I'M NOT -- YOU KNOW, I COMPLETELY AGREE

25       WITH WHAT PLAINTIFF'S COUNSEL SAID.  YOU MAY HAVE A MUCH
```

1      NARROWER SET OF EXHIBITS YOU ACTUALLY WANT TO USE AT TRIAL, SO

2      I DON'T WANT TO SPEND A LOT OF TIME RULING ON OBJECTIONS ON

3      DOCUMENTS YOU MAY NOT ULTIMATELY USE.

4             MR. VAN NEST:  I COMPLETELY AGREE.

5             THE COURT:  SO --

6             MR. VAN NEST:  AND I ACTUALLY THINK THAT GIVING US

7      THE FREEDOM WITH A LARGER LIST WILL ALLOW US TO GET MORE THINGS

8      ON AN AGREED LIST, A JOINT LIST THAT ARE PRE-ADMITTED.  MANY OF

9      THESE THINGS ARE JUST LICENSE AGREEMENTS AND THE LIKE THAT

10     OCCUR IN THE ORDINARY COURSE.  I DON'T REALLY THINK THERE'S

11     GOING TO BE A BIG DEBATE.

12        SO I'D ASK, IF YOUR HONOR IS GOING TO SET A LIMIT, WE'VE

13     AGREED TO EXCHANGE INFORMATION AS TO AT LEAST 500 EXHIBITS, AND

14     I HAVE A HARD TIME SEEING HOW I CAN ANTICIPATE EXACTLY WHAT

15     THEY'RE GOING TO DO THIS FAR AHEAD WHEN I HAVEN'T EVEN SEEN

16     THEIR LIST.  THAT'S MY PROBLEM.  I DON'T KNOW WHAT'S GOING TO

17     BE ON THE LIST OR WHAT THEY'LL FOCUS ON.

18            THE COURT:  OKAY.  ALL RIGHT.  THIS IS WHAT I'M GOING

19     TO DO:  YOU WILL EXCHANGE A PRELIMINARY LIST OF UP TO 500

20     EXHIBITS ON NOVEMBER 8TH.  I THINK THAT'S REASONABLE.  THAT'S

21     1,000 EXHIBITS.

22        NOW, I GUESS YOU'LL WANT TO, YOU SAID BY NOVEMBER 21,

23     SUPPLEMENT YOUR LIST WITH ADDITIONAL EXHIBITS IN LIGHT OF THE

24     OTHER SIDE'S 500, OR THEIR PRELIMINARY IDENTIFICATION ON

25     NOVEMBER 8TH.

```
1              MR. VAN NEST:  THAT'S RIGHT.

2              MS. MILICI:  AND, YOUR HONOR --

3              MR. VAN NEST:  AND SO -- EXCUSE ME.

4              MS. MILICI:  I THINK WE DIDN'T ENVISION THIS JUST AS

5        AN ADDITIVE PROCESS, BUT THAT UPON RECEIVING EACH OTHER'S

6        WITNESS LISTS AND EXHIBIT LISTS, WE WOULD ALSO BE DROPPING

7        EXHIBITS.  SO THE EXHIBIT -- THE EXCHANGE -- THE LATER EXCHANGE

8        IS NOT SIMPLY IDENTIFYING MORE.

9              THE COURT:  PILING ON.

10             MS. MILICI:  RIGHT, IT'S NOT PILING ON.  IT'S ALSO

11       JUST REFINING.

12             MR. VAN NEST:  BUT I'M NOT SURE THAT'S HOW WE

13       UNDERSTOOD IT, YOUR HONOR.  BUT --

14             THE COURT:  UM-HUM.

15             MR. VAN NEST:  IT'S CERTAINLY THE CASE, I QUITE

16       AGREE, THAT ONCE WE SEE THEIR LIST, IT'S QUITE LIKELY THAT SOME

17       OF THE EXHIBITS ON OUR LIST WE WON'T DEEM NECESSARY.

18          BUT IF YOU'RE GOING TO SET A LIMIT FOR THAT SECOND

19       EXCHANGE --

20             THE COURT:  YES, I AM.

21             MR. VAN NEST:  -- I THINK IT OUGHT TO BE ABOUT 250,

22       HALF OF THE FIRST ONE, SO THAT WE HAVE THE FLEXIBILITY TO ADD

23       EXHIBITS THAT WE'RE GOING TO NEED IN LIGHT OF WHAT THEY DO, AND

24       THEY'D HAVE THAT SAME FLEXIBILITY.

25             THE COURT:  I'LL LET YOU ADD 150.  SO YOU'LL BE UP TO
```

```
1         650 EXHIBITS, WHICH WILL BE 1,300 EXHIBITS TOTAL.  THAT'S

2     REALLY EXCESSIVE, BUT OKAY.

3         BUT THEN I WANT THAT NUMBER BROUGHT DOWN BEFORE THE

4     PRETRIAL CONFERENCE, BECAUSE I KNOW WHAT'S GOING TO -- I MEAN,

5     I GET LONG -- THIS IS JUST SUPPOSED TO BE A CMC.  I'M GETTING

6     ALL THESE DISCOVERY DISPUTES IN YOUR CMC STATEMENT.  I KNOW

7     WHAT'S GOING TO HAPPEN AT THE PRETRIAL CONFERENCE.  YOU'RE

8     GOING TO TRY TO SNEAK IN A WHOLE BUNCH OF DISCOVERY DISPUTES IN

9     YOUR PRETRIAL STATEMENT, SO I'M TRYING TO NARROW THE UNIVERSE

10    OF THAT.

11        SO WHEN DID YOU DECIDE TO FILE -- WHAT'S THE BRIEFING?  IS

12    IT 14 AND 10 DAYS IN ADVANCE OF THE PTC?  I THINK THAT'S WHAT

13    MY STANDING ORDER IS.

14              MR. VAN NEST:  TO FILE WHAT, YOUR HONOR?  TO FILE THE

15    PRETRIAL --

16              THE COURT:  MOTIONS IN LIMINE, YOUR THREE MOTIONS IN

17    LIMINE.

18              MR. VAN NEST:  THAT'S ON THE 29TH OF NOVEMBER.  SO,

19    YEAH, THAT'S IN ADVANCE OF -- I BELIEVE, THE PRETRIAL IS ON THE

20    13TH.

21              THE COURT:  OKAY.

22              MR. VAN NEST:  SO THE 29TH OF NOVEMBER IS THE MOTION

23    IN LIMINE DATE.

24              THE COURT:  OKAY.

25              MS. MILICI:  IT'S THE SAME DATE AS THE JOINT PRETRIAL
```

1        WILL BE TESTIMONY ABOUT, LET'S SAY, A FEW EXAMPLES OF THEM.

2            BUT IN ORDER TO MAKE OUR RECORD, ONE OF OUR POINTS IS

3        GOING TO BE MANY PEOPLE SIGNED UP TO THESE PROVISIONS, AND MANY

4        PEOPLE FOUND THEM ACCEPTABLE WITHOUT ANY PRESSURE WHATSOEVER.

5            AND SO LIMITING US IN THAT WAY ON THE PARTY EXHIBITS I

6        THINK IS, IS GOING TO BE EXTREMELY CHALLENGING TO BE ABLE TO

7        PRESENT OUR CASE.

8            IF WE HAD -- IF WE HAD 250 WITH THE 250 ON THE JOINT LIST,

9        I'D FEEL A LOT MORE COMFORTABLE.  BUT I THINK IT'S GOING TO BE

10       VERY CHALLENGING AND POTENTIALLY UNFAIR TO LIMIT US TO 125.

11           I PROMISE NOT TO PUT IN EXHIBITS THAT I DON'T NEED AND

12       THAT I DON'T THINK ARE SIGNIFICANT.  BUT I DON'T THINK THAT WE

13       CAN MAKE OUR PROPER SHOWING AND DEFENSE WITH A NUMBER THAT LOW.

14           THE COURT:  DO YOU HAVE A VIEW?

15           MS. MILICI:  I -- MY VIEW IS MORE OF A PRACTICAL ONE

16       THAT I AGREE WITH YOU THAT IT'S HARD TO IMAGINE HOW WE

17       INTRODUCE MORE THAN 50 EXHIBITS A DAY DURING A TRIAL DAY.

18           IDENTIFYING THE PRECISE 125 IN ADVANCE OF THE TRIAL WILL

19       BE DIFFICULT, BUT IT'S HARD FOR ME TO IMAGINE HOW, AS A

20       PRACTICAL MATTER, WE WOULD BE INTRODUCING MORE THAN 500

21       EXHIBITS IN THE COURSE OF TRIAL.

22           MR. VAN NEST:  YOUR HONOR, WHY NOT LEAVE THAT LAST

23       DECISION TO THE PRETRIAL?

24           THE COURT:  WHAT ABOUT 150 AND 150?  250 JOINT, 150

25       EACH SIDE.  THAT'LL BE A TOTAL OF 550 EXHIBITS.  THAT'S 55