# Exhibit B

| | |
|---|---|
| **From:** | Brenner, Nathan |
| **To:** | Polavarapu, Aaseesh P.; Rashkovich, Benjamin |
| **Cc:** | Hansen, Mark C.; Paul, Ana N.; Miller, Noel; Huff, Kevin B.; Fetterman, Kenneth M.; gklineberg-contact; Panner, Aaron M.; Miller, Kevin J.; Strikis, Silvija A.; Hall, Joseph S.; Hartman, Jacob E.; Horvitz, Kevin D.; Parkinson, Alex A.; Mehta, Sonal; Gringer, David; "Scheinkman, Michael"; Rouhandeh, James; Marini, Ripton A.; Tapkas, Jason J.; Rodriguez, Melissa; Jackson, Kathleen N.; Witebsky, David E.; Dimoscato, Maria; Cerilli, Krisha; Smith, Michael; Zuver, Robert; Masters, Owen; Galvan, Patricia V.; Smith, Lillian V.; Gillespie, Nataliia; Matheson, Daniel; Musser, Susan; Albright, Isaiah; Edmonds, Lila; Gatas Johnson, Alejandra; Hinson, Hunter; Lee, Jinwook; Murphy, Quinn; Powell, Steven; Wint, Corene |
| **Subject:** | RE: RE: FTC v. Meta Platforms, Inc. 1:20-cv-03590-JEB |
| **Date:** | Monday, December 16, 2024 10:47:30 AM |

Aaseesh,

To maximize transparency, the FTC is disclosing at this time the current Meta executives, and the witnesses we understand are represented by Meta's counsel, that the FTC presently intends to call during its case in chief. Please identify as soon as practicable, and no later than January 3, 2025, any genuine blackout dates on which any of these witnesses is not available to testify during the period April 14 through May 16. The FTC is unable to provide a precise order of witnesses at this time or to provide a precise estimate of the week during which the witness will be called, because among other reasons: (1) the FTC does not yet have blackout dates for Meta's witnesses or for third-party witnesses and thus the FTC's witness order remains undetermined; and (2) the FTC does not know how much time Meta intends to spend during its re-direct examination of these witnesses. That said, the FTC presently intends that the first two Meta witnesses that will be called by the FTC will be Mr. Zuckerberg and Mr. Schroepfer. It is highly likely that both of these witnesses will be called during the first week or the second week of the FTC's case in chief, depending of course on the availability of other witnesses and how much time Meta intends to spend examining other witnesses. The FTC reserves the right to add relevant witnesses to this list.

Please identify the immovable conflicts for the following Meta executives and other witnesses that we understand are represented by Meta's counsel:

1. Mr. Alison
2. Mr. Cobb
3. Mr. Cox
4. Mr. Ebersman
5. Mr. Hegeman
6. Mr. Idema
7. Mr. Mosseri
8. Mr. Olivan
9. Mr. Rose
10. Mr. Rosen
11. Ms. Sandberg
12. Mr. Schroepfer
13. Mr. Schultz
14. Ms. Simo
15. Mr. Wehner
16. Mr. Zoufonoun
17. Mr. Zuckerberg

**From:** Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>

**Sent:** Monday, December 16, 2024 10:44 AM
**To:** Rashkovich, Benjamin <brashkovich@ftc.gov>
**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>; Huff, Kevin B. <khuff@kellogghansen.com>; Fetterman, Kenneth M. <kfetterman@kellogghansen.com>; gklineberg-contact <gklineberg@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>; Gringer, David <David.Gringer@wilmerhale.com>; 'Scheinkman, Michael' <michael.scheinkman@davispolk.com>; Rouhandeh, James <rouhandeh@davispolk.com>; Marini, Ripton A. <rmarini@kellogghansen.com>; Tapkas, Jason J. <jtapkas@kellogghansen.com>; Rodriguez, Melissa <mrodriguez@kellogghansen.com>; Jackson, Kathleen N. <kjackson@kellogghansen.com>; Witebsky, David E. <dwitebsky@kellogghansen.com>; Dimoscato, Maria <mdimoscato@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Smith, Michael <msmith9@ftc.gov>; Zuver, Robert <rzuver@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Smith, Lillian V. <lsmith@kellogghansen.com>; Gillespie, Nataliia <ngillespie@kellogghansen.com>; Matheson, Daniel <dmatheson@ftc.gov>; Musser, Susan <smusser@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Edmonds, Lila <ledmonds@ftc.gov>; Gatas Johnson, Alejandra <agatasjohnson@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Lee, Jinwook <jlee9@ftc.gov>; Murphy, Quinn <qmurphy@ftc.gov>; Powell, Steven <spowell1@ftc.gov>; Wint, Corene <cwint@ftc.gov>
**Subject:** RE: RE: FTC v. Meta Platforms, Inc. 1:20-cv-03590-JEB

Counsel,

Please find attached Meta's updated draft proposed pretrial schedule and JSR position statements.  Meta reserves the right to modify its positions as needed, and the organization of its sections, including in response to the FTC's draft and latest position statements described in your email below.

Thanks,
Aaseesh

**Aaseesh P. Polavarapu**
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, PLLC**
1615 M Street, NW | Suite 400 | Washington, DC 20036
Tel: (202) 326-7919 | Fax: (202) 326-7999

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Rashkovich, Benjamin <brashkovich@ftc.gov>
**Sent:** Monday, December 16, 2024 10:36 AM
**To:** Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>
**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>; Huff, Kevin B. <khuff@kellogghansen.com>; Fetterman, Kenneth M. <kfetterman@kellogghansen.com>; Klineberg, Geoffrey M. <gklineberg@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>; Gringer, David <David.Gringer@wilmerhale.com>; 'Scheinkman, Michael' <michael.scheinkman@davispolk.com>; Rouhandeh, James <rouhandeh@davispolk.com>; Marini, Ripton A. <rmarini@kellogghansen.com>; Tapkas, Jason J. <jtapkas@kellogghansen.com>; Rodriguez, Melissa <mrodriguez@kellogghansen.com>; Jackson, Kathleen N. <kjackson@kellogghansen.com>; Witebsky, David E. <dwitebsky@kellogghansen.com>; Dimoscato, Maria <mdimoscato@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Smith, Michael <msmith9@ftc.gov>; Zuver, Robert <rzuver@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Smith, Lillian V. <lsmith@kellogghansen.com>; Gillespie, Nataliia <ngillespie@kellogghansen.com>; Matheson, Daniel <dmatheson@ftc.gov>; Musser, Susan <smusser@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Edmonds, Lila <ledmonds@ftc.gov>; Gatas Johnson, Alejandra <agatasjohnson@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Lee, Jinwook <jlee9@ftc.gov>; Murphy, Quinn <qmurphy@ftc.gov>; Powell, Steven <spowell1@ftc.gov>; Wint, Corene <cwint@ftc.gov>
**Subject:** [EXTERNAL] RE: RE: FTC v. Meta Platforms, Inc. 1:20-cv-03590-JEB

Aaseesh,

Please find attached the FTC's updated proposed pretrial schedule and brief position statement. Below are the FTC's responses to Meta's proposals:

**Structure of JSR.** The FTC does not agree with Meta's proposed structure for the joint status report. Many of the parties' disputes relate to narrow buckets of issues that interact with one another, which is how the FTC structured its draft JSR. Further, it would be more helpful and efficient for the Court to see both parties' proposed schedules in their entirety, rather than date by date.

**Pretrial Motions in Limine.** The FTC cannot accept Meta's proposed dates for the reasons stated in the attached position statement. Meta proposes that the parties file pretrial motions in limine before exchanging witness and exhibit lists, which would materially hamper the parties' ability to assess which motions are actually justified. Further, Meta's unexplained attempt to depart from the local rules, which provide for seven days rather than 10 days for replies, should be unnecessary if the parties file a reasonable number of pretrial motions in limine. Regarding limits to such motions, the FTC agrees to change the placement of "if needed."

**Good Cause Exception for Amending Final Exhibit Lists.** The FTC does not agree to

remove the "good cause" language.  As we explained, however, the parties can meet and confer further regarding the contours of such an exception if needed.

**Deadlines to Exchange Preliminary and Final Witness and Exhibit Lists.**  The FTC maintains its prior position on when to schedule these deadlines, for reasons stated in the attached position statement.

**Time Estimates and May-Call Rebuttal Witnesses in Preliminary and Final Witness Lists.**  The FTC agrees to make a good-faith disclosure of witnesses that we presently anticipate may be called solely as rebuttal witnesses, reserving all rights to amend once the FTC sees Meta's witness and exhibit lists.  However, the FTC believes it is inefficient and premature for the parties to attempt to share time estimates for witness testimony at the preliminary witness list stage, especially as the FTC will not know at the time of this exchange which party witnesses are available or when they are available.  The Court has already imposed time limits on the parties' trial presentations and the FTC will construct its witness list with such limits in mind.  Further, we do not agree with Meta's interpretation of the local rules that such information is required for preliminary witness lists.

**Submission of Deposition Transcripts Post-Trial.**  The FTC disagrees with Meta's inefficient proposal, as further elaborated in the attached position statement.

**Deposition Designations.**  The FTC agrees to designate opening video designations by the time the parties exchange preliminary witness lists.  The parties will then confer on an appropriate schedule to exchange designations for completeness.  Please confirm that this resolves any dispute regarding video designations.

**Disclosure of the FTC's Order of Witnesses.**  The FTC does not object to Meta's March 17 proposed disclosure of the FTC's order of witnesses and may be able to share its witness order even earlier.  However, as noted, Meta must first identify blackout dates for the executives who the FTC intends to call before the FTC can provide a witness order.  The FTC can attempt to accommodate true conflicts, but it would be inefficient for the parties as well as the Court for the FTC to draft a witness order without any information as to when Meta's executives are genuinely unavailable.  To the extent any Meta executives develop additional unavailability after this initial exchange, the parties can confer and the FTC will attempt to accommodate where possible and depending on the nature of the witness's conflict.  Further, the FTC notes that it has asked Meta to offer when it will make a similar disclosure of Meta's witness order and Meta thus far has refused to respond.

Finally, the FTC notes that its updated pretrial schedule proposes a compromise for the dates of the parties' January and February JSR filings, between the FTC's prior position (Wednesdays) and Meta's prior position (Fridays).  Please confirm whether Meta agrees to this compromise.

The FTC will take Meta's draft and positions further into account and send its final JSR at 6pm, as discussed.

Regards,
Ben

**Benjamin D. Rashkovich**

Staff Attorney || Technology Enforcement Division
Federal Trade Commission
202.480.1763
brashkovich@ftc.gov

---

**From:** Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>
**Sent:** Sunday, December 15, 2024 6:42 PM
**To:** Rashkovich, Benjamin <brashkovich@ftc.gov>
**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>; Huff, Kevin B. <khuff@kellogghansen.com>; Fetterman, Kenneth M. <kfetterman@kellogghansen.com>; gklineberg-contact <gklineberg@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>; Gringer, David <David.Gringer@wilmerhale.com>; 'Scheinkman, Michael' <michael.scheinkman@davispolk.com>; Rouhandeh, James <rouhandeh@davispolk.com>; Marini, Ripton A. <rmarini@kellogghansen.com>; Tapkas, Jason J. <jtapkas@kellogghansen.com>; Rodriguez, Melissa <mrodriguez@kellogghansen.com>; Jackson, Kathleen N. <kjackson@kellogghansen.com>; Witebsky, David E. <dwitebsky@kellogghansen.com>; Dimoscato, Maria <mdimoscato@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Smith, Michael <msmith9@ftc.gov>; Zuver, Robert <rzuver@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Williams, Artdesha <awilliams4@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Wilson, Dominique <dwilson1@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Smith, Lillian V. <lsmith@kellogghansen.com>; Gillespie, Nataliia <ngillespie@kellogghansen.com>; Matheson, Daniel <dmatheson@ftc.gov>; Musser, Susan <smusser@ftc.gov>
**Subject:** RE: RE: FTC v. Meta Platforms, Inc. 1:20-cv-03590-JEB

Counsel,

We write in response to the update you provided on the FTC's positions. We believe there are disputes the parties can eliminate from the JSR and begin with those. We then provide additional information about Meta's positions on other issues the parties have been discussing and address the JSR organization at the end.

**Compromise Proposals**

**Motions in Limine / Pretrial Motion Briefing.** Meta offers the following compromise for motion-in-limine and pretrial motion deadlines. This proposal sets opposition and reply deadlines as fixed dates (as the FTC requested) and ensures these motions are fully briefed by one week before the final pretrial conference. In exchange, Meta requests that the FTC agree to a 10-day reply period and language recognizing that a party may seek leave from the Court to brief a pretrial motion or motion in limine early, as reflected here:

- February 21: Motions in limine and other pretrial motions due*

- March 7:  Oppositions to motions in limine and other pretrial motions due
- March 17:  Replies in support of motions in limine and other pretrial motion replies due

*Notwithstanding these jointly proposed pretrial motion deadlines, either party may seek leave from the Court to have a pretrial motion or motion in limine briefed earlier.

Please confirm whether the FTC will accept this compromise proposal and eliminate the parties' disputes over the MIL/pretrial motion briefing schedule.

**Motions in Limine Limits.**  Thank you for agreeing to amend language in the FTC's proposal to set a deadline to submit motion-in-limine limits "if needed."  To make clearer that the "if needed" qualifier applies to proposals on motion-in-limine limits, but not time allotments or exhibit caps, please consider revising the language instead as follows:  "Submission of proposed time allotments, exhibit list caps, and, if needed, limits on motions in limine (if needed)."

**Good Cause Exception for Amending Final Exhibit Lists.**  The FTC stated that the parties agree there should be a "good cause" exception to allow the addition of exhibits to final exhibit lists.  *See* Email from B. Rashkovich (Dec. 13, 2024).  That is not correct.  Rather, as we explained on Thursday, Meta's position is that it is too early to discuss under what circumstances final exhibit lists may be amended.  We believe it would be more appropriate to discuss proposals regarding amendments to final exhibit lists after the Court sets an exhibit cap and the parties exchange preliminary exhibit lists.

We reiterate our request that the FTC remove this issue from the JSR to minimize disputes, and so that the parties can meet and confer at the appropriate time.  It is possible that the parties might be able to reach an agreement later.  And as we explained during the meet and confer, our position is not intended to be a "gotcha" to preclude the FTC from raising this issue later.  Instead, our view is simply that, right now, the FTC is raising a point that is premature.  Please confirm whether the FTC will remove this issue from the JSR.

**Meta's Additional Positions**

**Deadlines to Exchange Preliminary and Final Exhibit and Witness Lists.**  For the reasons we explained during Thursday's meet-and-confer, Meta maintains that the parties should begin the exchange process later, with an exchange of preliminary lists on February 10 and submission of final lists to the Court by March 10.

We urge the FTC to agree to Meta's proposed preliminary and final exhibit and witness list dates and eliminate this unnecessary dispute.  Meta's proposed deadlines for preliminary and final exchanges are just two weeks later than the FTC's proposed deadlines.  And as we explained before, the FTC's proposal is unnecessarily rushed and contrary to Local Rule 16.5, which provides that final witness and exhibits lists are due when pretrial statements are due on March 10.  *See* Local Rule 16.5(b)(iv), (v).  For avoidance of doubt, Meta agrees that preliminary and final lists should be "good faith representations of the witnesses and exhibits that the parties intend to call or introduce," and that both parties should be allowed to "make reasonable changes" through amendments to their lists in the time "between exchanges."  Email from B. Rashkovich (Dec. 13, 2024).  Meta believes the parties

will be better positioned to begin meaningful exchanges on February 10, and that exchanges earlier than that (as the FTC proposes) are unlikely to be productive.

**Time Estimates and May-Call Rebuttal Witnesses in Preliminary and Final Witness Lists.**  Thank you for agreeing to follow the Local Rules on final witness lists.  For preliminary witness lists, the Court explained that when it has "another conference with witness lists," it will be considering if the parties' "lists seem[] unrealistic" in light of the time available for trial.  Hr'g Tr. (Dec. 9, 2024) at 18:4-6.  Meta therefore believes preliminary witness lists should include time estimates and the FTC's may-call rebuttal witnesses.  If the FTC will not agree to include that information, which is called for by Local Rule 16.5(b)(5), then Meta will ask the Court to order the FTC to provide that information in the preliminary exchange.

**Submission of Deposition Transcripts Post-Trial.**  Nothing the Court stated during the December 9 hearing "invited" the FTC to submit deposition transcripts in post-trial submissions (or in any other "proposed findings" or closings) without ever having disclosed that material to Meta as part of the pretrial process.  On the contrary, the Court stated that it would ***not*** allow the use of transcripts through a "backdoor" post-trial submission — exactly the opposite of what the FTC proposes.  *See* Hr'g Tr. (Dec. 9, 2024) at 19:21-24 ("I am certainly not receptive to any kind of backdoor situation where someone tries to put things in after the trial that they didn't want crossed on or something like that.").  Meta thus strongly disagrees with the FTC's position.  Meta intends to ask the Court to order the FTC to disclose any deposition testimony that it wishes to introduce post-trial, through its pretrial deposition designations and preliminary and final witness lists.

**Deposition Designations.**  As we stated during Thursday's meet and confer, Meta proposes that the parties exchange opening deposition designations with their preliminary witness lists, whether that is February 10 (under Meta's proposal) or January 27 (under the FTC's proposal).  Meta believes it would be efficient to propose an appropriate schedule for subsequent exchanges (e.g., for counter-designations and objections) in a joint status report shortly after preliminary witness list exchanges.  That would allow the parties to consider the quantity of opening designations at issue when crafting an appropriate proposed deposition designation schedule.  Under Meta's proposal, the parties would submit a proposed deposition designation schedule by February 17.  For the avoidance of doubt, Meta's position is that the FTC must designate any testimony it intends to rely on, including videotaped depositions that it intends to present during trial and portions of transcripts that it intends to attempt to rely on in any post-trial submissions.

**Disclosure of the FTC's Order of Witnesses to Facilitate Witness Scheduling.**  As we explained before, to facilitate witness scheduling, we propose that the FTC disclose to Meta, at least four weeks before trial (March 17), its proposed order for all witnesses it may call live at trial in its case-in-chief, the week in which the FTC expects to call the witness, and the estimated time for the FTC's examination.  We also have noted that scheduling for certain Meta executives will need to be coordinated much earlier than that.  That small number of executives have schedules that are especially challenging and complicated, so we will need notice more than four weeks before trial to ensure their availability (if needed) on the FTC's desired testimony date.

The FTC has thus far rejected Meta's proposal.  The FTC instead counter-proposed that it would

provide, in two weeks, a list of Meta witnesses that the FTC believes it will call live at trial. The FTC clarified that the list would not include any order of witnesses, estimate of the time each witness examination will take, or an estimate of when the FTC would like the witness to testify. The FTC would then require Meta to provide "blackout" dates on which the listed Meta witnesses cannot testify. We do not believe the FTC's counterproposal will facilitate witness scheduling for trial, and the FTC has not explained how it would. Blackout dates for Meta witnesses today are likely to change between now and trial. It would be unreasonable to insist that Meta employees should hold all currently available dates between mid-April and early June until the FTC decides (at some unknown later time) when it intends to call each Meta witness on its list and for how long.

Because the parties have not yet reached any agreement, Meta intends to ask the Court to order that (1) the FTC shall disclose to Meta, at least four weeks before trial (by March 17), the FTC's proposed order for all witnesses it may call live at trial in its case-in-chief, the week in which the FTC expects to call the witness, and the estimated time for the FTC's examinations; and (2) after Meta identifies the small number of Meta executives referenced above to the FTC, the FTC shall meet and confer about scheduling their testimony promptly, and shall provide anticipated testimony dates for them as soon as possible (and by no later than the deadline the Court sets for final witness lists). By that time, the FTC should have a clear estimate of when it intends to examine Meta's executives.

**Joint Status Report Organization**

Please note that in light of the parties' many disputes, we intend to organize the JSR as follows. Let us know if this works for the FTC.

> I. Pretrial Schedule
>   A. Deadline for Exhibit Cap and Time Allotment Proposals
>       1. The FTC's Position
>       2. Meta's Position
>   B. Deadline for Preliminary Exhibit and Witness List Exchanges
>       1. The FTC's Position
>       2. Meta's Position
>   C. Deadline for Opening Deposition Designations
>       1. The FTC's Position
>       2. Meta's Position
>   D. Deadline for Confidentiality Procedures Proposals
>       1. The FTC's Position
>       2. Meta's Position
>   E. Deadline for Motions in Limine and Other Pretrial Motions
>       1. The FTC's Position
>       2. Meta's Position
>   F. Deadline for Final Witness Lists, Exhibit Lists, and Deposition Designations
>       1. The FTC's Position
>       2. Meta's Position
>   G. Deadline for FTC to Provide Witness Sequence Information
>       1. The FTC's Position

        2. Meta's Position
- II. Preliminary Witness List Contents
  - A. The FTC's Position
  - B. Meta's Position
- III. Post-Trial Submission of Deposition Transcripts
  - A. The FTC's Position
  - B. Meta's Position
- IV. Amendments to Final Exhibit Lists
  - A. The FTC's Position
  - B. Meta's Position

Best,
Aaseesh

**Aaseesh P. Polavarapu**
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, PLLC**
1615 M Street, NW | Suite 400 | Washington, DC 20036
Tel: (202) 326-7919 | Fax: (202) 326-7999

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

---

**From:** Rashkovich, Benjamin <brashkovich@ftc.gov>
**Sent:** Friday, December 13, 2024 1:52 PM
**To:** Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>
**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>; Huff, Kevin B. <khuff@kellogghansen.com>; Fetterman, Kenneth M. <kfetterman@kellogghansen.com>; Klineberg, Geoffrey M. <gklineberg@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>; Gringer, David <David.Gringer@wilmerhale.com>; 'Scheinkman, Michael' <michael.scheinkman@davispolk.com>; Rouhandeh, James <rouhandeh@davispolk.com>; Marini, Ripton A. <rmarini@kellogghansen.com>; Tapkas, Jason J. <jtapkas@kellogghansen.com>; Rodriguez, Melissa <mrodriguez@kellogghansen.com>; Jackson, Kathleen N. <kjackson@kellogghansen.com>; Witebsky, David E. <dwitebsky@kellogghansen.com>; Dimoscato, Maria <mdimoscato@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Smith, Michael <msmith9@ftc.gov>; Zuver, Robert <rzuver@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Williams, Artdesha <awilliams4@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Wilson, Dominique <dwilson1@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Smith, Lillian V. <lsmith@kellogghansen.com>; Gillespie, Nataliia <ngillespie@kellogghansen.com>; Matheson, Daniel <dmatheson@ftc.gov>; Musser, Susan <smusser@ftc.gov>

**Subject:** [EXTERNAL] RE: RE: FTC v. Meta Platforms, Inc. 1:20-cv-03590-JEB

Aaseesh,

Your revised schedule works for us, and we appreciate and accept the offer to handle the filing.

Best,
Ben

**Benjamin D. Rashkovich**
Staff Attorney || Technology Enforcement Division
Federal Trade Commission
202.480.1763
brashkovich@ftc.gov

---

**From:** Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>
**Sent:** Friday, December 13, 2024 1:40 PM
**To:** Rashkovich, Benjamin <brashkovich@ftc.gov>
**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>; Huff, Kevin B. <khuff@kellogghansen.com>; Fetterman, Kenneth M. <kfetterman@kellogghansen.com>; gklineberg-contact <gklineberg@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>; Gringer, David <David.Gringer@wilmerhale.com>; 'Scheinkman, Michael' <michael.scheinkman@davispolk.com>; Rouhandeh, James <rouhandeh@davispolk.com>; Marini, Ripton A. <rmarini@kellogghansen.com>; Tapkas, Jason J. <jtapkas@kellogghansen.com>; Rodriguez, Melissa <mrodriguez@kellogghansen.com>; Jackson, Kathleen N. <kjackson@kellogghansen.com>; Witebsky, David E. <dwitebsky@kellogghansen.com>; Dimoscato, Maria <mdimoscato@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Smith, Michael <msmith9@ftc.gov>; Zuver, Robert <rzuver@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Williams, Artdesha <awilliams4@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Wilson, Dominique <dwilson1@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Smith, Lillian V. <lsmith@kellogghansen.com>; Gillespie, Nataliia <ngillespie@kellogghansen.com>; Matheson, Daniel <dmatheson@ftc.gov>; Musser, Susan <smusser@ftc.gov>
**Subject:** RE: RE: FTC v. Meta Platforms, Inc. 1:20-cv-03590-JEB

Ben,

Thank you for meeting and conferring with us yesterday and for sending a proposed revised JSR exchange schedule. We are considering the FTC's positions below.

We agree to deferring JSR exchanges until Monday. However, to ensure we have enough time to consult with our client between exchanges on Monday, we propose the following revised schedule.

Because this schedule pushes the final exchange deadline to later in the day, we are willing to file the JSR for the parties.

- 12/16 (10:30 am):  Parties exchange drafts of their proposals and JSR statements
- 12/16 (6 pm):  Parties exchange final versions of their proposals and JSR statements
    - Neither party should request substantive changes after this exchange (e.g., edits other than proofreading nits, exhibit citation fill-ins, and cross-reference pincites).
    - We will combine the parties' final sections and send the FTC a proposed final version.
    - After receiving the FTC's consent, we will file the JSR.

Best,
Aaseesh

**Aaseesh P. Polavarapu**
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, PLLC**
1615 M Street, NW | Suite 400 | Washington, DC 20036
Tel: (202) 326-7919 | Fax: (202) 326-7999

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Rashkovich, Benjamin <brashkovich@ftc.gov>
**Sent:** Friday, December 13, 2024 12:17 PM
**To:** Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>
**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>; Huff, Kevin B. <khuff@kellogghansen.com>; Fetterman, Kenneth M. <kfetterman@kellogghansen.com>; Klineberg, Geoffrey M. <gklineberg@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>; Gringer, David <David.Gringer@wilmerhale.com>; 'Scheinkman, Michael' <michael.scheinkman@davispolk.com>; Rouhandeh, James <rouhandeh@davispolk.com>; Marini, Ripton A. <rmarini@kellogghansen.com>; Tapkas, Jason J. <jtapkas@kellogghansen.com>; Rodriguez, Melissa <mrodriguez@kellogghansen.com>; Jackson, Kathleen N. <kjackson@kellogghansen.com>; Witebsky, David E. <dwitebsky@kellogghansen.com>; Dimoscato, Maria <mdimoscato@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Smith, Michael <msmith9@ftc.gov>; Zuver, Robert <rzuver@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Williams, Artdesha <awilliams4@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Wilson, Dominique <dwilson1@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Smith, Lillian V. <lsmith@kellogghansen.com>; Gillespie, Nataliia <ngillespie@kellogghansen.com>; Matheson, Daniel <dmatheson@ftc.gov>; Musser, Susan <smusser@ftc.gov>
**Subject:** [EXTERNAL] RE: RE: FTC v. Meta Platforms, Inc. 1:20-cv-03590-JEB

Aaseesh,

The FTC has conferred regarding Meta's requests and offers the following positions:

- Regarding the parties' exchanges of exhibit and witness lists, the FTC still proposes that the parties exchange preliminary lists on January 27 and final lists on February 24. These must be good faith representations of the witnesses and exhibits that the parties intend to call or introduce, with the understanding that both parties may make reasonable changes between exchanges. Similarly, the FTC's position remains that the language providing an exception for additions to the exhibit list for "good cause" should remain. Our understanding is that both parties agree that there should be an exception for "good cause," but Meta is simply concerned about disputes regarding the contours of such language. It's the FTC's position that the parties can resolve such disputes as they come up or, alternatively, can meet and confer at a later time regarding alignment of such contours prior to the start of trial to the extent Meta wishes.

- The FTC agrees that both parties shall include time estimates on their final witness lists as contemplated by the local rules. Given that the local rules only require time estimates on the final witness list, the FTC maintains its position that it is premature to include time estimates on the preliminary witness list. Both parties shall abide by the full list of witness list requirements as laid out in the LR 16.5(b)(5) in their final witness lists.

- Regarding the exclusion of deposition transcripts from exhibit lists, the FTC's position is that both parties have adequate notice of their contents and, to the extent the FTC decides to cite any in post-trial filings (as the Court invited), any concerns Meta has should be handled in reply filings. Given that the FTC intends to abide by the Court's guidance, and assuming the parties are able to work cooperatively to make reasonable joint stipulations, the FTC plans to cite minimal deposition transcripts (if any). Thus, delaying any disputes to post-trial findings will minimize unnecessary disputes and maximize efficiency for both the Court and the parties.

- Regarding the exclusion of Rule 1006 exhibits and illustrative aids from exhibit lists, the FTC agrees that both parties require adequate notice and opportunity to inspect and object to such exhibits; the parties should exchange these exhibits at an appropriate time.

- Regarding proposed deadlines for pretrial motions in limine, the FTC's position is that the parties should set firm dates to exchange motions, responses, and replies, and that the FTC's proposed dates would refrain from burdening the Court with too little time to address the parties' motions or surprising either party with unexpected and inefficient motions practice.

- The FTC agrees to amend "Submission of proposed time allotments, exhibit list caps, limits on motions in limine" to "Submission of proposed time allotments, exhibit list caps, limits on motions in limine (if needed)."

- Regarding the exchange of deposition designations, the FTC is open to Meta offering a specific proposal of dates for this. To be clear, the FTC's position is that deposition designations should be done only for witnesses that a party intends to present by video during the trial.

Best,
Ben

**Benjamin D. Rashkovich**
Staff Attorney || Technology Enforcement Division
Federal Trade Commission
202.480.1763
brashkovich@ftc.gov

---

**From:** Rashkovich, Benjamin
**Sent:** Thursday, December 12, 2024 8:19 PM
**To:** Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>
**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>; Huff, Kevin B. <khuff@kellogghansen.com>; Fetterman, Kenneth M. <kfetterman@kellogghansen.com>; gklineberg-contact <gklineberg@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>; Gringer, David <David.Gringer@wilmerhale.com>; 'Scheinkman, Michael' <michael.scheinkman@davispolk.com>; Rouhandeh, James <rouhandeh@davispolk.com>; Marini, Ripton A. <rmarini@kellogghansen.com>; Tapkas, Jason J. <jtapkas@kellogghansen.com>; Rodriguez, Melissa <mrodriguez@kellogghansen.com>; Jackson, Kathleen N. <kjackson@kellogghansen.com>; Witebsky, David E. <dwitebsky@kellogghansen.com>; Dimoscato, Maria <mdimoscato@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Smith, Michael <msmith9@ftc.gov>; Zuver, Robert <rzuver@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Williams, Artdesha <awilliams4@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Wilson, Dominique <dwilson1@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Smith, Lillian V. <lsmith@kellogghansen.com>; Gillespie, Nataliia <ngillespie@kellogghansen.com>; Matheson, Daniel <dmatheson@ftc.gov>; Musser, Susan <smusser@ftc.gov>
**Subject:** RE: RE: FTC v. Meta Platforms, Inc. 1:20-cv-03590-JEB

Aaseesh,

The FTC agrees that it would be more productive not to exchange revised drafts of our proposals tomorrow afternoon. Instead, the parties can exchange drafts at 10am on Monday, December 16, and then exchange final proposals and position statements at 3pm as planned. Please let us know if this schedule works for Meta.

Best,
Ben

**Benjamin D. Rashkovich**
Staff Attorney || Technology Enforcement Division
Federal Trade Commission
202.480.1763
brashkovich@ftc.gov

---

**From:** Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>
**Sent:** Wednesday, December 11, 2024 3:00 PM
**To:** Rashkovich, Benjamin <brashkovich@ftc.gov>
**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>; Huff, Kevin B. <khuff@kellogghansen.com>; Fetterman, Kenneth M. <kfetterman@kellogghansen.com>; gklineberg-contact <gklineberg@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>; Gringer, David <David.Gringer@wilmerhale.com>; 'Scheinkman, Michael' <michael.scheinkman@davispolk.com>; Rouhandeh, James <rouhandeh@davispolk.com>; Marini, Ripton A. <rmarini@kellogghansen.com>; Tapkas, Jason J. <jtapkas@kellogghansen.com>; Rodriguez, Melissa <mrodriguez@kellogghansen.com>; Jackson, Kathleen N. <kjackson@kellogghansen.com>; Witebsky, David E. <dwitebsky@kellogghansen.com>; Dimoscato, Maria <mdimoscato@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Smith, Michael <msmith9@ftc.gov>; Zuver, Robert <rzuver@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Williams, Artdesha <awilliams4@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Wilson, Dominique <dwilson1@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Smith, Lillian V. <lsmith@kellogghansen.com>; Gillespie, Nataliia <ngillespie@kellogghansen.com>; Matheson, Daniel <dmatheson@ftc.gov>; Musser, Susan <smusser@ftc.gov>
**Subject:** RE: RE: FTC v. Meta Platforms, Inc. 1:20-cv-03590-JEB

Counsel,

Please find Meta's scheduling proposals below. Meta reserves its right to amend its proposals as needed.

| Date | Event |
|---|---|
| Friday, January 17 | Joint status report due<br>• Parties to propose final trial time allotments and exhibit cap in this JSR |
| Monday, February 10 | Parties simultaneously exchange preliminary witness and exhibit lists*<br><br>*The parties may amend witness and exhibit lists after this initial exchange (with notice to the other side) until three days before final witness and exhibit lists are due. If one party amends its witness or exhibit list in the three days before amendments are due, then the other party shall have three days after that date to make amendments to its witness or exhibit list in response (including if that results in amendments after the deadline to amend three |

| | |
|---|---|
| | days prior to the final exhibit and witness list exchange deadline). |
| Friday, February 14 | Joint status report due |
| By Friday, February 21 | Deadline for parties to submit proposals re: confidentiality procedures<br><br>Deadline for motions in limine and other pretrial motions<br>• Opposition due 14 days after motion filed<br>• Reply due 10 days after opposition filed |
| Monday, March 10 | Pretrial statements due, *see* Local Rule 16.5, including:<br>• Final witness lists<br>• Final exhibit lists (including objections) |
| Monday, March 17 | FTC to disclose to Meta its proposed order of witnesses it will call live in its case-in-chief and estimated time for each examination, for the parties to confer about scheduling conflicts*<br><br>*Schedules for certain executives will need to be coordinated earlier to ensure availability on the FTC's desired testimony date |
| Monday, March 24 | Pretrial Conference |
| Monday, April 7 | Pretrial briefs due |
| Monday, April 14 | Trial begins |

**Aaseesh P. Polavarapu**
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, PLLC**
1615 M Street, NW | Suite 400 | Washington, DC 20036
Tel: (202) 326-7919 | Fax: (202) 326-7999

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Rashkovich, Benjamin <brashkovich@ftc.gov>
**Sent:** Tuesday, December 10, 2024 1:09 PM
**To:** Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>
**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>; Huff, Kevin B. <khuff@kellogghansen.com>; Fetterman, Kenneth M. <kfetterman@kellogghansen.com>; Klineberg, Geoffrey M. <gklineberg@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Mehta, Sonal

<Sonal.Mehta@wilmerhale.com>; Gringer, David <David.Gringer@wilmerhale.com>; 'Scheinkman, Michael' <michael.scheinkman@davispolk.com>; Rouhandeh, James <rouhandeh@davispolk.com>; Marini, Ripton A. <rmarini@kellogghansen.com>; Tapkas, Jason J. <jtapkas@kellogghansen.com>; Rodriguez, Melissa <mrodriguez@kellogghansen.com>; Jackson, Kathleen N. <kjackson@kellogghansen.com>; Witebsky, David E. <dwitebsky@kellogghansen.com>; Dimoscato, Maria <mdimoscato@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Smith, Michael <msmith9@ftc.gov>; Zuver, Robert <rzuver@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Williams, Artdesha <awilliams4@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Wilson, Dominique <dwilson1@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Smith, Lillian V. <lsmith@kellogghansen.com>; Gillespie, Nataliia <ngillespie@kellogghansen.com>; Matheson, Daniel <dmatheson@ftc.gov>; Musser, Susan <smusser@ftc.gov>
**Subject:** [EXTERNAL] RE: RE: FTC v. Meta Platforms, Inc. 1:20-cv-03590-JEB

Aaseesh,

The FTC is fine with Meta's revised proposal for the parties' JSR exchange schedule and with including dates for further joint status reports in our proposed schedules. The current JSR exchange schedule is thus:

- **Wednesday** (12/11) at **3 pm ET**: parties exchange proposals on all JSR topics
- **Thursday** (12/12) at **3:30 pm ET**: parties meet and confer
- **Friday** (12/13) at **3 pm ET**: parties exchange revised proposals on all JSR topics (if any) and, if necessary, exchange draft position statements
- **Monday** (12/16) at **3 pm ET**: parties exchange final proposals and position statements; no additional changes may be made after this time.
- **Monday** (12/16) by **5pm ET**: FTC to combine parties' position statements, obtain Meta's consent to file the FTC's proposed final version of the JSR, and then file with the Court.

The FTC also agrees to limit the scope of this JSR to the Court's request for a proposed pretrial schedule, subject to Meta's confirmation that you have no other issues to raise in this JSR as well. If so, 1-page position statements at most should be sufficient.

Best,
Ben

**Benjamin D. Rashkovich**
Staff Attorney || Technology Enforcement Division
Federal Trade Commission
202.480.1763
brashkovich@ftc.gov

---

**From:** Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>
**Sent:** Tuesday, December 10, 2024 11:15 AM
**To:** Rashkovich, Benjamin <brashkovich@ftc.gov>

**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>; Huff, Kevin B. <khuff@kellogghansen.com>; Fetterman, Kenneth M. <kfetterman@kellogghansen.com>; gklineberg-contact <gklineberg@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>; Gringer, David <David.Gringer@wilmerhale.com>; 'Scheinkman, Michael' <michael.scheinkman@davispolk.com>; Rouhandeh, James <rouhandeh@davispolk.com>; Marini, Ripton A. <rmarini@kellogghansen.com>; Tapkas, Jason J. <jtapkas@kellogghansen.com>; Rodriguez, Melissa <mrodriguez@kellogghansen.com>; Jackson, Kathleen N. <kjackson@kellogghansen.com>; Witebsky, David E. <dwitebsky@kellogghansen.com>; Dimoscato, Maria <mdimoscato@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Smith, Michael <msmith9@ftc.gov>; Zuver, Robert <rzuver@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Williams, Artdesha <awilliams4@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Wilson, Dominique <dwilson1@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Smith, Lillian V. <lsmith@kellogghansen.com>; Gillespie, Nataliia <ngillespie@kellogghansen.com>; Matheson, Daniel <dmatheson@ftc.gov>
**Subject:** RE: RE: FTC v. Meta Platforms, Inc. 1:20-cv-03590-JEB

Ben,

For the JSR topics, the Court also asked the parties to include proposed dates for joint status reports in mid-January and mid-February.

We believe the FTC's proposal to include in the next JSR "a proposed cap on the number of motions in limine that either party can file (inclusive of *Daubert* motions)" is premature. It would be premature to litigate any such caps before the parties exchange preliminary exhibit and witness lists, which may affect the number of "motions in limine (inclusive of *Daubert* motions)" that each party believes is appropriate. Could you please explain why the FTC believes proposals regarding caps on the number of motions in limine should be submitted to the Court before the parties exchange preliminary exhibit and witness lists?

For the JSR exchange schedule, your proposal is generally acceptable to us with a few revisions / clarifications in red:

- Wednesday (12/11) at ~~noon~~ 3 pm ET: parties exchange proposals on all JSR topics
- Thursday (12/12): parties meet and confer at 3:30 pm ET
- Friday (12/13) at ~~noon~~ 3 pm ET: parties exchange revised proposals on all JSR topics (if any) and, if necessary, exchange draft position statements
- Monday (12/16) at ~~noon~~ 3 pm ET: parties exchange final proposals and position statements; no additional changes may be made after this time. FTC to combine parties' position statements, obtain Meta's consent to file the FTC's proposed final version of the JSR, and then file by 5pm

Note that we're willing to combine and file the JSR on Monday, 12/16 if the FTC prefers.

Because we do not know what the FTC intends to propose, we do not agree to limit position statements (if needed) to one page at this time.  *Cf.* Email from D. Matheson (Nov. 29, 2024) ("[T]he FTC does not currently know what Meta intends to propose to the Court . . ., and thus does not at this point see a reason to agree to an ex ante limit on pages.").

Best,
Aaseesh

**Aaseesh P. Polavarapu**
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, PLLC**
1615 M Street, NW | Suite 400 | Washington, DC 20036
Tel: (202) 326-7919 | Fax: (202) 326-7999

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

---

**From:** Rashkovich, Benjamin <brashkovich@ftc.gov>
**Sent:** Monday, December 9, 2024 3:38 PM
**To:** Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>
**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>; Huff, Kevin B. <khuff@kellogghansen.com>; Fetterman, Kenneth M. <kfetterman@kellogghansen.com>; Klineberg, Geoffrey M. <gklineberg@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>; Gringer, David <David.Gringer@wilmerhale.com>; 'Scheinkman, Michael' <michael.scheinkman@davispolk.com>; Rouhandeh, James <rouhandeh@davispolk.com>; Marini, Ripton A. <rmarini@kellogghansen.com>; Tapkas, Jason J. <jtapkas@kellogghansen.com>; Rodriguez, Melissa <mrodriguez@kellogghansen.com>; Jackson, Kathleen N. <kjackson@kellogghansen.com>; Witebsky, David E. <dwitebsky@kellogghansen.com>; Dimoscato, Maria <mdimoscato@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Smith, Michael <msmith9@ftc.gov>; Zuver, Robert <rzuver@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Williams, Artdesha <awilliams4@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Wilson, Dominique <dwilson1@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Smith, Lillian V. <lsmith@kellogghansen.com>; Gillespie, Nataliia <ngillespie@kellogghansen.com>; Matheson, Daniel <dmatheson@ftc.gov>
**Subject:** [EXTERNAL] RE: FTC v. Meta Platforms, Inc. 1:20-cv-03590-JEB

Aaseesh,

To prepare the next Joint Status Report in response to the Court's order, the FTC proposes the

following:

1. **JSR Contents**.
    a. The JSR should include proposed dates for: (1) exchange of preliminary witness and exhibit lists; (2) submission of a proposed confidentiality procedure; (3) final time allotment proposal and exhibit list caps; (4) final exhibit list and witness lists; (5) pretrial brief; and (6) pretrial motions; and (7) motions in limine.
    b. The FTC also plans to include a proposed cap on the number of motions in limine that either party can file (inclusive of *Daubert* motions).
    c. To the extent any position statements are necessary, the parties will limit their statements to one page each.

2. **JSR Exchange Timing**
    a. Wednesday (12/11) at noon: parties exchange proposals
    b. Thursday (12/12): parties meet and confer
    c. Friday (12/13) at noon: parties exchange revised proposals and, if necessary, draft position statements
    d. Monday (12/16) at noon: parties exchange final proposals and position statements; FTC to file by 5pm

Please confirm that this proposal works for Meta as well. And please propose a time for a meet and confer on Thursday.

Ben

**Benjamin D. Rashkovich**
Staff Attorney || Technology Enforcement Division
Federal Trade Commission
202.480.1763
brashkovich@ftc.gov