# Exhibit 1

## (Excerpt)

| | |
|---|---|
| **From:** | Polavarapu, Aaseesh P. |
| **To:** | Masters, Owen; Rashkovich, Benjamin; Hansen, Mark C.; Paul, Ana N.; Huff, Kevin B.; Fetterman, Kenneth M.; Klineberg, Geoffrey M.; Panner, Aaron M.; Miller, Kevin J.; Strikis, Silvija A.; Hall, Joseph S.; Hartman, Jacob E.; Horvitz, Kevin D.; Parkinson, Alex A.; Mehta, Sonal; Gringer, David; "Scheinkman, Michael"; Rouhandeh, James; Marini, Ripton A.; Tapkas, Jason J.; Rodriguez, Melissa; Jackson, Kathleen N.; Witebsky, David E.; Gillespie, Nataliia; Smith, Lillian V. |
| **Cc:** | Dimoscato, Maria; Matheson, Daniel; Cerilli, Krisha; Galvan, Patricia V.; Smith, Michael; Zuver, Robert; Miller, Noel; Musser, Susan; Edmonds, Lila; Albright, Isaiah; Gatas Johnson, Alejandra; Hinson, Hunter; Lee, Jinwook; Murphy, Quinn; Powell, Steven; Wint, Corene; Brenner, Nathan; Goff, Karen |
| **Subject:** | RE: FTC v. Meta Platforms, Inc. 1:20-cv-03590-JEB | February 17 JSR |
| **Date:** | Monday, February 17, 2025 3:59:00 PM |
| **Attachments:** | 2025 02 17 DRAFT JSR [COMBINED - 4 PM ET].docx |

Counsel,

Please find a proposed combined final version of the parties' joint status report.  We intend to remove the highlighting on the FTC's exhibit lettering and file the joint status report on the public docket.  We will attach the FTC's exhibits A-D on the public docket, too.  Please let us know if we may add signatures.

So the record is clear, the FTC insisted that the parties exchange deposition designations on Friday evening (Valentine's Day), and meet and confer and exchange position statements regarding deposition designations over the Presidents' Day holiday weekend.  Email from O. Masters (Jan. 13, 2025, 9:34 p.m.) (FTC requesting that Meta agree to delay until February 14 for opening deposition designation exchange, February 15 for "meet and confer," and February 16 for exchanging "position statements regarding deposition designations"); FTC JSR Ex. A at 21 (Email from O. Masters (Feb. 12, 2025, 11:07 a.m.) (agreeing to confer over weekend by email)).  Accordingly, the parties agreed to add "topics related to deposition designations that the parties will exchange on Friday, February 14" to the JSR after that date, meet and confer by email on Saturday, February 15, and exchange "any necessary position statements regarding deposition designations" by Sunday, February 16.  FTC JSR Ex. A at 26-27 (Email from O. Masters (Feb. 11, 2025, 4:48 p.m.)).

After the FTC served its opening deposition designations on Friday, Meta promptly requested that the FTC agree to narrow it written deposition designations and explained that, if not, Meta would seek to strike those designations or request a 1-hour cap on them in the joint status report.  *See id*. at 6-8 (Email A. Paul to O. Masters (Feb. 15, 2025, 4:38 p.m)).  On Sunday, February 16, Meta provided its position statement on this deposition designation issue that Meta informed the FTC it would include in the JSR (pursuant to the parties' JSR exchange agreement).  *See id*. at 1; *see also id*. at 23 (Email A. Polavarapu to O. Masters (Feb. 11, 2025, 9:38 p.m.):  "We intend to disclose Meta's positions to the FTC through the exchange and meet-and-confer process so that the FTC has an adequate opportunity to respond to Meta's positions — just as we have done in the past — and we understand the FTC will do the same.").  The FTC by contrast omitted from its draft on Sunday any position statement on this issue that Meta had fairly raised for inclusion in this JSR.  The FTC instead provided its position statement addressing Meta's requested relief on the FTC's improper deposition designations for the first time today at noon ET.

Given that the FTC failed to timely disclose its positions on deposition designations, we have updated our position statement to respond to the points the FTC raised in the submission over the last few hours.  We will send a redline showing the changes in a moment.


Thanks,
Aaseesh

**Aaseesh P. Polavarapu**
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, PLLC**
1615 M Street, NW | Suite 400 | Washington, DC 20036
Tel: (202) 326-7919 | Fax: (202) 326-7999

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

---

**From:** Masters, Owen <omasters@ftc.gov>
**Sent:** Monday, February 17, 2025 3:06 PM
**To:** Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Rashkovich, Benjamin <brashkovich@ftc.gov>; Hansen, Mark C. <mhansen@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Huff, Kevin B. <khuff@kellogghansen.com>; Fetterman, Kenneth M. <kfetterman@kellogghansen.com>; Klineberg, Geoffrey M. <gklineberg@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>; Gringer, David <David.Gringer@wilmerhale.com>; 'Scheinkman, Michael' <michael.scheinkman@davispolk.com>; Rouhandeh, James <rouhandeh@davispolk.com>; Marini, Ripton A. <rmarini@kellogghansen.com>; Tapkas, Jason J. <jtapkas@kellogghansen.com>; Rodriguez, Melissa <mrodriguez@kellogghansen.com>; Jackson, Kathleen N. <kjackson@kellogghansen.com>; Witebsky, David E. <dwitebsky@kellogghansen.com>; Gillespie, Nataliia <ngillespie@kellogghansen.com>; Smith, Lillian V. <lsmith@kellogghansen.com>
**Cc:** Dimoscato, Maria <mdimoscato@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Smith, Michael <msmith9@ftc.gov>; Zuver, Robert <rzuver@ftc.gov>; Miller, Noel <nmiller2@ftc.gov>; Musser, Susan <smusser@ftc.gov>; Edmonds, Lila <ledmonds@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Gatas Johnson, Alejandra <agatasjohnson@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Lee, Jinwook <jlee9@ftc.gov>; Murphy, Quinn <qmurphy@ftc.gov>; Powell, Steven <spowell1@ftc.gov>; Wint, Corene <cwint@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Goff, Karen <kgoff@ftc.gov>
**Subject:** [EXTERNAL] RE: FTC v. Meta Platforms, Inc. 1:20-cv-03590-JEB | February 17 JSR

Hi Aaseesh,

No, thank you.  It is simply too late in the process for us to respond.  We ask that you include the language as requested.  The FTC offered its proposal regarding "will call" witnesses in the parties' first exchange of topics on Saturday and we stand by our position statement including the language we sent at 1:41.

Separately, we have reviewed the FTC's position statements and proposed exhibits and do not believe there is any information that merits filing these materials under seal.  Please let us know when Meta has collected the final document.

Regards,
Owen

Owen Masters
omasters@ftc.gov
o. 202-326-2138
m. 202-341-2700

---

**From:** Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>
**Sent:** Monday, February 17, 2025 2:52 PM
**To:** Masters, Owen <omasters@ftc.gov>; Rashkovich, Benjamin <brashkovich@ftc.gov>; Hansen, Mark C. <mhansen@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Huff, Kevin B. <khuff@kellogghansen.com>; Fetterman, Kenneth M. <kfetterman@kellogghansen.com>; gklineberg-contact <gklineberg@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>; Gringer, David <David.Gringer@wilmerhale.com>; 'Scheinkman, Michael' <michael.scheinkman@davispolk.com>; Rouhandeh, James <rouhandeh@davispolk.com>; Marini, Ripton A. <rmarini@kellogghansen.com>; Tapkas, Jason J. <jtapkas@kellogghansen.com>; Rodriguez, Melissa <mrodriguez@kellogghansen.com>; Jackson, Kathleen N. <kjackson@kellogghansen.com>; Witebsky, David E. <dwitebsky@kellogghansen.com>; Gillespie, Nataliia <ngillespie@kellogghansen.com>; Smith, Lillian V. <lsmith@kellogghansen.com>
**Cc:** Dimoscato, Maria <mdimoscato@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Smith, Michael <msmith9@ftc.gov>; Zuver, Robert <rzuver@ftc.gov>; Miller, Noel <nmiller2@ftc.gov>; Musser, Susan <smusser@ftc.gov>; Edmonds, Lila <ledmonds@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Gatas Johnson, Alejandra <agatasjohnson@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Lee, Jinwook <jlee9@ftc.gov>; Murphy, Quinn <qmurphy@ftc.gov>; Powell, Steven <spowell1@ftc.gov>; Wint, Corene <cwint@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Goff, Karen <kgoff@ftc.gov>
**Subject:** RE: FTC v. Meta Platforms, Inc. 1:20-cv-03590-JEB | February 17 JSR

Owen,

We disagree that we have introduced new proposals.  We are simply responding to your recent positions; the FTC cannot put items at issue and then claim Meta cannot respond.  While

reserving all rights, Meta would agree to remove the section "Witnesses Removed From The Opposing Party's Witness List" and the section "Witnesses Whose Attendance the Parties Are Unable To Procure Live" from this joint status report, if you agree to revise the FTC's additional response (in your 1:59 pm email) as set forth below, as well remove following excerpt of the FTC's statement in the joint status report, so we can continue to confer over these issues:

<u>Section for FTC to Remove</u>

Additionally, the FTC respectfully requests that the Court order the following schedule shall apply to witnesses removed from an opposing party's "will call" list:

- A party has two weeks after learning that the opposing party has removed or failed to call a witness from its "will call" list to submit opening deposition designations for that witness.
- If an opposing party offers opening designations for that witness, the party that removed or failed to call the "will call" witness will have one week after receiving any opening designations to offer any completeness or counter-designations and objections in response.
- Any last completeness or counter-designations and objections in response will be due one week after receiving completeness and counter-designations from the party that removed or failed to call the "will call" witness.

<u>Revisions to FTC's New Section</u>

At 12:02 p.m. on February 17, 2025, Meta disclosed for the first time a ~~three~~ new section~~s~~ regarding deposition scheduling, Meta's items 2.b (witnesses not on witness list)~~, 2.c (witnesses removed from the opposing party's witness list), and 2.d.(witnesses whose attendance the parties are unable to procure live) were not provided to the FTC in the parties' exchange of positions at 4 p.m. on February 16. Positions 2.c and 2.d in particular appear to contain new requests that the FTC has not had the opportunity to consider or discuss with Meta, let alone to meaningfully respond. Meta has violated both the parties' agreement governing how the parties are to attempt to present proposals to the Court in an orderly fashion, and the spirit if not necessarily the letter of Local Rule 7.~~ Accordingly, the Court should reject these new proposals.

~~While the FTC has not discussed these new proposals with Meta and cannot address all of them at this stage, the FTC briefly notes at least one problem with Meta's proposed language. Meta claims that "[t]he parties agree that a party may submit opening deposition designations **to be played at trial** for any witnesses disclosed on the party's witness list whose live testimony the party is unable to procure..." (emphasis added). That is not what the parties agreed. The FTC does not agree that designations for an unavailable witness must be played at trial, as opposed to being~~

~~designated for post-trial briefing. The FTC also does not agree that unavailability is the only basis for designating deposition testimony for the trial record, consistent with the Court's prior rulings on this topic and as discussed in the FTC's response to Meta's motion to strike. As described in the FTC's position statements, the FTC also proposes that designations are appropriate for a witness if the opposing side drops that witness from its "will call" list (including by not calling the witness at trial)."~~

Please let us know by 3:15 PM if the FTC agrees to this compromise.

Best,
Aaseesh

**Aaseesh P. Polavarapu**
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, PLLC**
1615 M Street, NW | Suite 400 | Washington, DC 20036
Tel: (202) 326-7919 | Fax: (202) 326-7999

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

---

**From:** Masters, Owen <omasters@ftc.gov>
**Sent:** Monday, February 17, 2025 1:41 PM
**To:** Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Rashkovich, Benjamin <brashkovich@ftc.gov>; Hansen, Mark C. <mhansen@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Huff, Kevin B. <khuff@kellogghansen.com>; Fetterman, Kenneth M. <kfetterman@kellogghansen.com>; Klineberg, Geoffrey M. <gklineberg@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>; Gringer, David <David.Gringer@wilmerhale.com>; 'Scheinkman, Michael' <michael.scheinkman@davispolk.com>; Rouhandeh, James <rouhandeh@davispolk.com>; Marini, Ripton A. <rmarini@kellogghansen.com>; Tapkas, Jason J. <jtapkas@kellogghansen.com>; Rodriguez, Melissa <mrodriguez@kellogghansen.com>; Jackson, Kathleen N. <kjackson@kellogghansen.com>; Witebsky, David E. <dwitebsky@kellogghansen.com>; Gillespie, Nataliia <ngillespie@kellogghansen.com>; Smith, Lillian V. <lsmith@kellogghansen.com>
**Cc:** Dimoscato, Maria <mdimoscato@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Smith, Michael <msmith9@ftc.gov>; Zuver, Robert <rzuver@ftc.gov>; Miller, Noel <nmiller2@ftc.gov>; Musser, Susan <smusser@ftc.gov>; Edmonds, Lila <ledmonds@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Gatas Johnson, Alejandra <agatasjohnson@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Lee,

Jinwook <jlee9@ftc.gov>; Murphy, Quinn <qmurphy@ftc.gov>; Powell, Steven <spowell1@ftc.gov>;
Wint, Corene <cwint@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Goff, Karen <kgoff@ftc.gov>
**Subject:** [EXTERNAL] RE: FTC v. Meta Platforms, Inc. 1:20-cv-03590-JEB | February 17 JSR

Counsel,

We are disappointed that Meta has again introduced new proposals in its section on
designation scheduling.  To correct the record, the FTC requests that the following two
paragraphs be added at the end of the FTC's position statement on deposition designation
scheduling (end of Section I.B.1 in the draft the FTC sent at 11:59 a.m. today):

"*****

      At 12:02 p.m. on February 17, 2025, Meta disclosed for the first time three new
sections regarding deposition scheduling.  Meta's items 2.b (witnesses not on witness
list), 2.c (witnesses removed from the opposing party's witness list), and 2.d.(witnesses
whose attendance the parties are unable to procure live) were not provided to the FTC
in the parties' exchange of positions at 4 p.m. on February 16.  Positions 2.c and 2.d in
particular appear to contain new requests that the FTC has not had the opportunity to
consider or discuss with Meta, let alone to meaningfully respond. Meta has violated
both the parties' agreement governing how the parties are to attempt to present
proposals to the Court in an orderly fashion, and the spirit if not necessarily the letter
of Local Rule 7.  Accordingly, the Court should reject these new proposals.

      While the FTC has not discussed these new proposals with Meta and cannot
address all of them at this stage, the FTC briefly notes at least one problem with
Meta's proposed language.  Meta claims that "[t]he parties agree that a party may
submit opening deposition designations ***to be played at trial*** for any witnesses
disclosed on the party's witness list whose live testimony the party is unable to
procure…" (emphasis added).  That is not what the parties agreed.  The FTC does not
agree that designations for an unavailable witness must be played at trial, as opposed to
being designated for post-trial briefing.  The FTC also does not agree that
unavailability is the only basis for designating deposition testimony for the trial record,
consistent with the Court's prior rulings on this topic and as discussed in the FTC's
response to Meta's motion to strike.  As described in the FTC's position statements,
the FTC also proposes that designations are appropriate for a witness if the opposing
side drops that witness from its "will call" list (including by not calling the witness at
trial)."

Please let us know when you have a final copy prepared.

Regards,
Owen


Owen Masters
omasters@ftc.gov
o. 202-326-2138
m. 202-341-2700

---

**From:** Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>

**Sent:** Monday, February 17, 2025 12:02 PM
**To:** Masters, Owen <omasters@ftc.gov>; Rashkovich, Benjamin <brashkovich@ftc.gov>; Hansen, Mark C. <mhansen@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Huff, Kevin B. <khuff@kellogghansen.com>; Fetterman, Kenneth M. <kfetterman@kellogghansen.com>; gklineberg-contact <gklineberg@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>; Gringer, David <David.Gringer@wilmerhale.com>; 'Scheinkman, Michael' <michael.scheinkman@davispolk.com>; Rouhandeh, James <rouhandeh@davispolk.com>; Marini, Ripton A. <rmarini@kellogghansen.com>; Tapkas, Jason J. <jtapkas@kellogghansen.com>; Rodriguez, Melissa <mrodriguez@kellogghansen.com>; Jackson, Kathleen N. <kjackson@kellogghansen.com>; Witebsky, David E. <dwitebsky@kellogghansen.com>; Gillespie, Nataliia <ngillespie@kellogghansen.com>; Smith, Lillian V. <lsmith@kellogghansen.com>
**Cc:** Dimoscato, Maria <mdimoscato@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Smith, Michael <msmith9@ftc.gov>; Zuver, Robert <rzuver@ftc.gov>; Miller, Noel <nmiller2@ftc.gov>; Musser, Susan <smusser@ftc.gov>; Edmonds, Lila <ledmonds@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Gatas Johnson, Alejandra <agatasjohnson@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Lee, Jinwook <jlee9@ftc.gov>; Murphy, Quinn <qmurphy@ftc.gov>; Powell, Steven <spowell1@ftc.gov>; Wint, Corene <cwint@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Goff, Karen <kgoff@ftc.gov>
**Subject:** RE: FTC v. Meta Platforms, Inc. 1:20-cv-03590-JEB | February 17 JSR

Counsel,

Please find Meta's position statements attached.  Meta reserves all rights.

Thanks,
Aaseesh

**Aaseesh P. Polavarapu**
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, PLLC**
1615 M Street, NW | Suite 400 | Washington, DC 20036
Tel: (202) 326-7919 | Fax: (202) 326-7999

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.