**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>                              Plaintiff,<br><br>          v.<br><br>**META PLATFORMS, INC.**<br><br>                              Defendant. | Civil Action No. 1:20-cv-03590 (JEB)<br><br>**PUBLIC VERSION** |

**Plaintiff Federal Trade Commission's Motion *in Limine* to Admit Select Testimony of Adam Presser and Julia Roberts**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and for the reasons set forth in the accompanying memorandum of law and supporting documents, Plaintiff Federal Trade Commission ("FTC") hereby moves this Court for an order *in Limine* permitting Adam Presser to testify at trial regarding certain topics he testified to during his deposition, and to permit Julia Roberts to testify at trial regarding certain topics she testified to during her deposition. The relevant topics are described in detail in the accompanying Memorandum of Law In Support of this Motion and identified in the attached Proposed Order. The Court should admit Mr. Presser's and Ms. Roberts' testimony concerning these topics because, as described in the accompanying Memorandum of Law In Support of this Motion, each witness testified to the topics at deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), and the relevant topics relate to matters within the corporate knowledge of the relevant entities.

Pursuant to Local Civil Rule 7(m), counsel for the FTC and Meta conferred regarding this Motion *in Limine*, and failed to reach agreement regarding the relief sought.

1

Dated:    February 21, 2025                    Respectfully submitted,

                                              _/s/ Daniel Matheson_
                                              Daniel J. Matheson (D.C. Bar 502490)
                                              Krisha Cerilli (D.C. Bar 983281)
                                              Patricia Galvan
                                              Maria Dimoscato (D.C. Bar 489743)
                                              Nathan Brenner
                                              Ethan Stevenson
                                              Elan Weinberger

                                              Federal Trade Commission
                                              Bureau of Competition
                                              400 7th Street, SW
                                              Washington, DC 20024
                                              Tel.: (202) 326-2075
                                              Email: dmatheson@ftc.gov

                                              *Counsel for Plaintiff Federal Trade*
                                              *Commission*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FEDERAL TRADE COMMISSION,**

                    Plaintiff,

          v.

**META PLATFORMS, INC.**

                    Defendant.

Civil Action No. 1:20-cv-03590 (JEB)

**PUBLIC VERSION**

**Plaintiff Federal Trade Commission's Memorandum of Law in Support of Plaintiff's
Motion *in Limine* to Admit Select Testimony of Adam Presser and Julia Roberts**

# TABLE OF CONTENTS

I.   FACTUAL BACKGROUND ................................................................................... 3

    A.  Mr. Presser's Testimony Regarding Topics 12-14 ........................................ 4

    B.  Ms. Roberts' Testimony Regarding Topic 4 ................................................. 7

II.  LEGAL STANDARD ........................................................................................... 8

III. ARGUMENT ..................................................................................................... 10

    A.  Mr. Presser's testimony regarding Topics 12-14 is admissible at trial ...................... 10

    B.  Ms. Robert's testimony regarding Topic 4 is admissible at trial ................................ 12

    C.  Contrary authority is inapposite ................................................................. 12

        1.  Cases are inapposite where courts have excluded testimony of a party's own 30(b)(6) witness ............................................................................. 12

        2.  Cases are inapposite where the testimony does not relate to an entity's corporate knowledge or official position ...................................................... 13

        3.  Cases are inapposite where a witness has disclaimed relevant knowledge .... 16

    CONCLUSION ..................................................................................................... 16

i

# TABLE OF AUTHORITIES

**Cases**

*Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416 (5th Cir. 2006) .................................... *passim*

*FTC v. Qualcomm*, No. 17-CV-00220, ECF No. 1196 (N.D. Cal. Jan. 8, 2019) ................. *passim*

*Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*,

    No. 8:12-CV-691-T-24-MAP, 2014 WL 4983912 (M.D. Fla. Oct. 6, 2014) ..................... 18, 19

*IOENGINE, LLC v. PayPal Holdings, Inc.*,

    No. CV 18-452-WCB, 2022 WL 2800911 (D. Del. June 27, 2022) ........................................ 20

*L-3 Communications Corp. v. OSI Systems, Inc.*,

    No. 02-9144, 2006 WL 988143 (S.D.N.Y. Apr. 13, 2006) ..................................................... 15

*McGriff Ins. Servs., Inc. v. Madigan*,

    No. 5:22-CV-5080, 2022 WL 16709050 (W.D. Ark. Nov. 4, 2022)........................................ 16

*Republic Techs. (NA), LLC v. BBK Tobacco & Foods, LLP*,

    No. 16 C 3401, 2020 WL 10505198 (N.D. Ill. Dec. 4, 2020) ........................................... 10, 19

*Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC*,

    72 F. Supp. 3d 131 (D.D.C. 2014) ................................................................................... 15, 16

*Sara Lee Corp. v. Kraft Foods Inc.*, 276 F.R.D. 500 (N.D. Ill. 2011) .................................. *passim*

*Stryker Corp. v. Ridgeway*,

    No. 1:13-CV-1066, 2016 WL 6585007 (W.D. Mich. Feb. 1, 2016) ........................................ 17

*Thomas v. Moreland*, No. CV 18-800, 2023 WL 11199295 (D.D.C. Nov. 6, 2023),

    *aff'd*, No. 23-7167, 2024 WL 3709364 (D.C. Cir. Aug. 8, 2024) ................................... *passim*

*Ultratec, Inc. v. Sorenson Commc'ns, Inc.*,

    No. 13-CV-346-BBC, 2014 WL 4829173 (W.D. Wis. Sept. 29, 2014) ................................. 11

*Union Pump Co. v. Centrifugal Tech. Inc.*, 404 Fed. App'x. 899 (5th Cir. 2010) ....................... 16

*VIIV Healthcare Co. v. Mylan Inc.*,

    No. 12–cv–1065–RGA, 2014 WL 2195082 (D. Del. May 23, 2014)...................................... 16

**Rules**

Federal Rule of Civil Procedure 30(b)(6) ............................................................................... *passim*

Federal Rule of Civil Procedure 32(a)(3) ............................................................................. 9, 13

Federal Rule of Evidence 602 ...................................................................................................... 2

Federal Rule of Evidence 1002 .................................................................................................. 15

The FTC respectfully asks the Court to order that the testimony of two non-party witnesses will be admissible at trial when the relevant testimony is within the scope of each witness's deposition testimony as corporate representatives of their employers pursuant to Fed. R. Civ. P. 30(b)(6). The FTC intends to call Adam Presser and Julia Roberts as trial witnesses. Each witness testified as their employer's corporate representative regarding topics contained within the FTC's 30(b)(6) notice to their employer: in particular, Mr. Presser testified regarding Topics 12-14 of the FTC's notice to TikTok Inc. (hereinafter, "Topics 12-14"), while Ms. Roberts testified regarding Topic 4 of the FTC's notice issued Pinterest, Inc. (hereinafter, "Topic 4"). *See* Ex. A (PX13604) at -008-009 (FTC Deposition Notice to TikTok); Ex. B (PX12626) at -008 (FTC Deposition Notice to Pinterest). The FTC respectfully asks for an advance ruling that Mr. Presser will be allowed to provide testimony that falls within the scope of Topics 12-14, and Ms. Roberts will be allowed to provide testimony that falls within the scope of Topic 4.

Courts in this District and elsewhere recognize that "'if a [non-party] rule 30(b)(6) witness is made available at trial,' he can, and indeed 'should[,] be allowed to testify as to matters within corporate knowledge to which he testified in deposition.'" *See Thomas v. Moreland*, No. CV 18-800, 2023 WL 11199295, at *13 (D.D.C. Nov. 6, 2023), *aff'd*, No. 23-7167, 2024 WL 3709364 (D.C. Cir. Aug. 8, 2024) (quoting *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006)); *see also FTC v. Qualcomm*, No. 17-CV-00220, ECF No. 1196 at 2 (N.D. Cal. Jan. 8, 2019) (attached as Ex. J) (Order Denying Motion to Quash Trial Subpoena) (in a Section 2 case, holding that "the Court agrees that [a non-party 30(b)(6) witness] should be allowed to testify as to the matters to which he testified in his Rule 30(b)(6) deposition") (citing *Brazos River Auth.*, 469 F.3d at 435). Both of these conditions are satisfied here, as Topics 12-14 and Topic 4 are matters within corporate knowledge, and the witnesses

1

testified knowledgably to the relevant topics during their 30(b)(6) depositions.  For this reason, Mr. Presser's testimony regarding Topics 12-14 and Ms. Roberts's testimony regarding Topic 4 is proper and admissible, even if Meta objects that the witness lacks personal knowledge regarding an aspect of the testimony provided at deposition.  *Brazos River Auth.*, 469 F.3d at 434 ("[I]f a certain fact is within the collective knowledge or subjective belief of [the corporation], [its Rule 30(b)(6) designee] should be . . . allowed to testify as to it, even if it is not within his direct personal knowledge, provided the testimony is otherwise permissible lay testimony.").

First, Topics 12-14 and Topic 4 relate to matters within "corporate knowledge" ███

████████████████████████████████████████

████████████████    *See infra* § I.    ████████████████████

████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

██████████    In such circumstances, courts hold that it is appropriate for a witness to testify at a hearing regarding the same topics the witness addressed at deposition.  *See Brazos River Auth.*, 469 F.3d at 434; *Sara Lee Corp. v. Kraft Foods Inc*., 276 F.R.D. 500, 503 (N.D. Ill. 2011) (declining to "strictly impos[e]" Rule 602's personal knowledge requirement and admitting deposition testimony of a non-party Rule 30(b)(6) witness, as a "Rule 30(b)(6) witness 'testifies "vicariously," for the corporation, as to its knowledge and perceptions'") (quoting *Brazos River Auth.*, 469 F.3d at 434).

Second, the witnesses provided knowledgeable testimony regarding those topics during their depositions.  *See infra* §§ I.A, I.B.  For example, ███████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████ Similarly,

███████████████████████████████████████████████

███████████████████████████████████████████████

██████  The fact that the witnesses testified knowledgably regarding appropriate topics at their depositions establishes that their testimony is properly admissible at trial.  *Thomas v. Moreland*, 2023 WL 11199295, at *13; *Qualcomm*, No. 17-CV-00220, at 2 (Ex. J) ("[T]he Court agrees that [a non-party 30(b)(6) witness] should be allowed to testify as to the matters to which he testified in his Rule 30(b)(6) deposition.").

For these reasons, the Court should hold that Mr. Presser can provide testimony within the scope of Topics 12-14, and Ms. Roberts can provide testimony within the scope of Topic 4. The parties can bear responsibility for laying the appropriate foundation for such testimony, and any disputes that may arise can be resolved at the appropriate time.  A Proposed Order is attached.

## I.    FACTUAL BACKGROUND

During discovery, both Meta and the FTC issued Rule 30(b)(6) notices to non-parties, including TikTok and Pinterest.  *See* Fed. R. Civ. P. 30(b)(6).  The FTC's notices to TikTok and Pinterest each identified Topics requesting that a corporate representative testify ██████

███████████████████████████████████████ *See* Ex. A at -008-009 (Topics 12-14); Ex. B at -008 (Topic 4).  █████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████

### A.  Mr. Presser's Testimony Regarding Topics 12-14

Topics 12-14 relate to three separate responses TikTok, through its parent company

ByteDance, provided ████████████████████  ██████████████████████████

███████████████████████

Topic 12 sought testimony ████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████

Topic 13 related to ████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████████████

████

Topic 14 related to ██████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████

TikTok designated Adam Presser as its corporate representative and he was deposed on

April 20, 2023.  ███████████████████████████████████████████

███████████████████████████████████████████████

████████    At the time of his deposition, Presser was TikTok's Chief of Staff and Vice

President; since that time he has held other senior executive positions at TikTok. ████████

██; *see also* Ex. K (PX0689) at -008-009 (Declaration of Adam Presser) (stating that he has

served as a "senior executive," including as TikTok's Head of Operations from June 2023 and

March 2024, and as TikTok's Head of Operations and Trust & Safety beginning in March 2024).

At the time of his deposition, ████████████████████████████████████

████████████████████████████████████████████

████████████████████    He testified that ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████

    Mr. Presser testified knowledgeably regarding Topic 12 during his deposition. ████████

████████████████    He affirmed that ████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██   In contrast, Mr. Presser testified ███████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████

Mr. Presser likewise testified that he was prepared to address Topics 13 and 14. ████

█████████████████████████   Regarding Topic 13, Mr. Presser testified ███

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████   Regarding Topic 14, Mr. Presser

testified ███████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████

**B.   Ms. Roberts' Testimony Regarding Topic 4**

Topic 4 sought testimony regarding whether Pinterest provides personal social

networking services ("PSNS"), "as defined in the Federal Trade Commission's amended

complaint in this litigation; actual or attempted entry or expansion in the provision or sale of

[PSNS]; and barriers to entry or expansion in the provision or sale of [PSNS]," ███████████

██████████████████████████████████████████████████████████

████████████████████████████████████   ████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████

Pinterest designated Julia Roberts as its corporate representative, and she was deposed on

April 5, 2023.  Ms. Roberts ███████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████

Furthermore,

## II.    LEGAL STANDARD

If an opposing party or non-party's 30(b)(6) witness testifies at trial, the witness "can, and indeed 'should[,] be allowed to testify as to matters within corporate knowledge to which he testified in his deposition.'" *Thomas v. Moreland*, 2023 WL 11199295, at *13 (quoting *Brazos River Auth.*, 469 F.3d at 434); *see also Qualcomm*, No. 17-CV-00220, at 2 (Ex. J) (applying the same rule to a non-party's 30(b)(6) testimony in Section 2 case).

This rule applies even when the witness lacks personal knowledge of the subject of her testimony. "Conceptually, courts have attempted to square Rule 30(b)(6) with the personal knowledge requirement by explaining that a Rule 30(b)(6) witness 'testifies "vicariously," for the corporation, as to its knowledge and perceptions.'" *Sara Lee*, 276 F.R.D. at 503 (quoting

*Brazos River Auth.*, 469 F.3d at 434); *see also Republic Techs. (NA), LLC v. BBK Tobacco & Foods, LLP*, No. 16 C 3401, 2020 WL 10505198, at *1 (N.D. Ill. Dec. 4, 2020) ("Federal Rule of Evidence 602's personal knowledge requirement does not preclude 30(b)(6) testimony that is in the nature of 'corporate knowledge.'"); *Brazos River Auth.*, 469 F.3d at 434 ("[I]f a certain fact is within the collective knowledge or subjective belief of [the corporation], [its Rule 30(b)(6) designee] should be . . . allowed to testify as to it, even if it is not within his direct personal knowledge, provided the testimony is otherwise permissible lay testimony.").  As the Northern District of Illinois explained in *Sara Lee*, "strictly imposing the personal knowledge requirement [to Rule 30(b)(6) testimony] would only recreate the problems that Rule 30(b)(6) was created to solve."  *Sara Lee*, 276 F.R.D. at 503.

While courts should always admit testimony from an opposing party's 30(b)(6) witness, *see id.*; Fed. R. Civ. P. 32(a)(3), when a "30(b)(6) witness is a non-party, the admission of testimony based on corporate knowledge should be limited to topics that are particularly suitable for Rule 30(b)(6) testimony."  *Sara Lee*, 276 F.R.D. at 503.  Topics suitable for 30(b)(6) testimony are those matters that are within "corporate knowledge," *Thomas v. Moreland*, 2023 WL 11199295, at *13, or the "collective knowledge or subjective belief of" the entity.  *Brazos River Auth.*, 469 F.3d at 434.  In contrast, topics such as "proving how the parties acted in a given instance" are "less appropriate."  *Sara Lee*, 276 F.R.D. at 503; *see also id.* ("[T]he Court doubts that a Rule 30(b)(6) witness should be allowed to testify about the details of a car accident in lieu of the corporation's truck driver who actually witnessed the event."); *cf. Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 13-CV-346-BBC, 2014 WL 4829173, at *5-6 (W.D. Wis. Sept. 29, 2014) (permitting non-party Rule 30(b)(6) testimony regarding "matters known by [the corporation] or reasonably available to it").

9

## III.    ARGUMENT

In this District, "'if a [non-party] rule 30(b)(6) witness is made available at trial,' he can, and indeed 'should[,] be allowed to testify as to matters within corporate knowledge to which he testified in deposition.'"  *See Thomas v. Moreland*, 2023 WL 11199295, at *13 (quoting *Brazos River Auth.*, 469 F.3d at 434).  Mr. Presser's testimony regarding Topics 12-14 and Ms. Roberts' testimony regarding Topic 4 satisfy the conditions described in *Thomas v. Moreland*, and for this reason their testimony is admissible at trial: each Topic relates to a matter within collective corporate knowledge or perception, and the witnesses provided knowledgeable testimony at their depositions regarding the relevant Topics.

### A.  Mr. Presser's testimony regarding Topics 12-14 is admissible at trial

As discussed above, Mr. Presser testified as TikTok's Rule 30(b)(6) designee regarding Topics 12-14, ████████████████████████████  *See supra* § I.A.  Mr. Presser explained ████████████████████████████████████████████████ ████████████████████████████  He also testified that, ████████ ██████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████  By contrast, TikTok ████ ████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████ ████████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████  ; *see also Qualcomm*, No. 17-CV-00220, at 2 (Ex. J) (holding that

10

testimony from a witness who served as a non-party's Rule 30(b)(6) designee is proper at trial as to matters within "corporate knowledge") (quoting *Brazos River Auth.*, 469 F.3d at 435). And like a corporation's "policies and procedures," which are appropriate for Rule 30(b)(6) testimony, ███████████████████████████████████████ ██████████████████ *See Sara Lee*, 276 F.R.D. at 503. Therefore, Mr. Presser's testimony ████ ███████████ is appropriate for Rule 30(b)(6) testimony at trial.

In parallel circumstances, courts have applied the same rule articulated in *Thomas v. Moreland* to admit the trial testimony of a non-party's Rule 30(b)(6) witness, rejecting the position that such testimony is inadmissible absent personal knowledge. For example, *FTC v. Qualcomm* involved a monopolization claim brought by the Federal Trade Commission; and, as here, the court addressed the admissibility of trial testimony provided by a witness who had previously provided deposition testimony as the 30(b)(6) designee of a non-party. *Qualcomm*, No. 17-CV-00220, at 2 (Ex. J). In *Qualcomm*, a non-party (Bain) moved to quash a trial subpoena issued to the relevant witness (Johnson), arguing, in part, that Johnson's trial testimony would constitute impermissible hearsay because he lacked personal knowledge of the topics at issue. *Id.* at 2. The court rejected that argument, applying *Brazos River Authority* and holding that Johnson "should be allowed to testify as to the matters to which he testified in his Rule 30(b)(6) deposition," and "that Johnson's alleged lack of personal knowledge does not preclude Johnson from testifying to matters within Bain's corporate knowledge to which [he] has already testified . . . ." *Id.* at 2. Similarly, the FTC here seeks trial testimony from Mr. Presser, a Rule 30(b)(6) witness, about matters within TikTok's corporate knowledge that Mr. Presser testified about in his Rule 30(b)(6) deposition. Just as in *Qualcomm*, the Court should admit such testimony.

11

**B.  Ms. Roberts' testimony regarding Topic 4 is admissible at trial**

Ms. Roberts' testimony regarding Topic 4 is admissible at trial for the same reasons that

Mr. Presser's testimony regarding Topics 12-14 is admissible.

Ms. Roberts testified as Pinterest's Rule 30(b)(6) designee regarding Topic 4, including

███████████████████████████ *See supra* § I.B.  This testimony involved █████████



███████████████████████████████ Ms. Roberts also testified knowledgeably that—██

███████████████████████████████████████████

████████████████████████████

████████████████████████████ *See Sara Lee*, 276 F.R.D. at

503.  Therefore, Ms. Roberts' testimony ████████████████████ is suitable for

Rule 30(b)(6) testimony at trial.  *See id.*; *see also Thomas v. Moreland*, 2023 WL 11199295, at

*13; *Qualcomm*, 17-CV-00220-LHK, at 2 (Ex. J); *Brazos River Auth.*, 469 F.3d at 434.

**C.  Contrary authority is inapposite**

    1.  <u>Cases are inapposite where courts have excluded testimony of a party's own 30(b)(6) witness</u>

Several courts have excluded testimony when a party has attempted to introduce the

testimony of its *own* Rule 30(b)(6) witnesses.  Because the FTC seeks to present the testimony of

non-parties, such cases are not instructive.  For example, in *Sabre International Security v.*

*Torres Advanced Enterprise Solutions, LLC*, 72 F. Supp. 3d 131 (D.D.C. 2014), the plaintiff

moved to exclude the testimony of the defendant's Rule 30(b)(6) designee who lacked personal

knowledge "of the matters at issue." *Id.* at 146 (internal quotation omitted).  The court excluded

the testimony, citing *L-3 Communications Corp. v. OSI Systems, Inc.*, No. 02-9144, 2006 WL

988143 (S.D.N.Y. Apr. 13, 2006), for the proposition that "at a jury trial, a non-adverse party

'may only offer testimony from [*its own* Rule 30(b)(6) witness] as a fact witness based on his

personal knowledge . . . .'" *Sabre*, 72 F. Supp. 3d at 146 (quoting *L-3*, 2006 WL 988143, at *2)

(emphasis added).

       Similarly, in *Union Pump Co. v. Centrifugal Technology Inc.*, 404 Fed. App'x. 899 (5th

Cir. 2010), the Fifth Circuit found that a party may not present the testimony of *its own* Rule

30(b)(6) designee when the witness lacks personal knowledge.  *Id.* at 907-08; *see also McGriff*

*Ins. Servs., Inc. v. Madigan*, No. 5:22-CV-5080, 2022 WL 16709050, at *2 (W.D. Ark. Nov. 4,

2022) ("[W]hen a party seeks to introduce *its own* 30(b)(6) deposition testimony at trial 'in lieu

of live testimony pursuant to Rule 32(a)(4), it may be in conflict with both Rule 32(a)(1)(B) and

Federal Rule of Evidence 602.'") (emphasis added) (quoting *VIIV Healthcare Co. v. Mylan Inc.*,

No. 12–cv–1065–RGA, 2014 WL 2195082, at *2 (D. Del. May 23, 2014)).

       These rulings are unremarkable.  In contrast to *Sabre*, *Union Pump*, and similar cases, the

FTC here seeks to present the testimony of non-party witnesses.  Therefore, cases barring a party

from presenting the testimony of its own Rule 30(b)(6) witness should not prevent Presser and

Roberts from testifying at trial regarding Topics 12-14 and Topic 4, respectively.

       2.  <u>Cases are inapposite where the testimony does not relate to an entity's
           corporate knowledge or official position</u>

Cases requiring personal knowledge to admit non-party Rule 30(b)(6) testimony are

inapposite where the testimony at issue does not relate to the corporate knowledge or official

position of an entity.  For example, in *Stryker Corp. v. Ridgeway*, No. 1:13-CV-1066, 2016 WL

6585007 (W.D. Mich. Feb. 1, 2016), the defendant moved to exclude the testimony of a non-

party Rule 30(b)(6) witness regarding the defendant's alleged deception of the non-party.  *Id.* at

*1.  The court granted the motion in part, ruling that "[t]o the extent [the Witness's] testimony is

based not on her personal knowledge, but instead on hearsay not falling within one of the

authorized exceptions, the testimony will be inadmissible at trial."  *Id.* at *3.  The testimony at

issue in *Stryker* concerned how a party acted in a given instance—i.e., whether the defendant

deceived the non-party in a given instance.  *Id.* at *1; *see Sara Lee*, 276 F.R.D. at 503 (stating

that topics such as "proving how the parties acted in a given instance" are "less appropriate" for

admission).  Where testimony concerns a particular event, rather than an entity's official position

or corporate knowledge, it makes sense that courts require a percipient witness and exclude the

testimony of a Rule 30(b)(6) witness.  As the court explained in *Sara Lee*, "the Court doubts that

a Rule 30(b)(6) witness should be allowed to testify about the details of a car accident in lieu of

the corporation's truck driver who actually witnessed the event."  276 F.R.D. at 503.  However,

the *Sara Lee* court recognized that testimony from an appropriate Rule 30(b)(6) witness can be

appropriate where, as here, the testimony concerns matters within corporate knowledge, such as

non-parties' "official position[s]" as reflected in formal statements to a government regulator

regarding the markets in which they compete and distinctions between their products and other

internet services.  *See id.*

For the same reason, *Industrial Engineering & Development, Inc. v. Static Control*

*Components, Inc.*, No. 8:12-CV-691-T-24-MAP, 2014 WL 4983912 (M.D. Fla. Oct. 6, 2014), is

also dissimilar from the present case.  The subject matter of the proposed testimony in that case

did not have to do with the entity's official positions or opinions, but instead amounted to a

recitation of events.  In *Industrial Engineering*, the court addressed in dicta the proposed

testimony of a non-party Rule 30(b)(6) witness regarding the dates of sale of products with

particular features.  *Id.* at *2-5.  The court concluded that the Rule 30(b)(6) witness's testimony

should not be admitted, because the testimony would have merely related the contents of

unproduced and unintroduced business records, in violation of the best evidence rule.  *Id.* at *4-5

(citing Fed. R. Evid. 1002).  Thus, the court held that any evidence regarding the dates of sale of

the products at issue should be provided by producing the original records of the sales.  *Id.*

    *Industrial Engineering* is inapposite here, because the testimony at issue in that case

concerned sales dates and records, akin to "proving how the parties acted in a given instance."

*Sara Lee*, 276 F.R.D. at 503.  Here, Mr. Presser's and Ms. Roberts' testimony relates to TikTok's

and Pinterest's corporate knowledge and positions.  Further, *Industrial Engineering* does not

suggest that an appropriate witness's testimony should be excluded where the best evidence rule

is satisfied.  To the contrary, in *Republic Technologies (NA), LLC v. BBK Tobacco & Foods,

LLP*, the court considered a similar objection to a non-party Rule 30(b)(6) designee's testimony,

and held that the testimony would be admitted so long as the best evidence rule was satisfied and

the original records were produced at trial.  No. 16 C 3401, 2020 WL 10505198, at *2 (N.D. Ill.

Dec. 4, 2020), ("The Court agrees that a copy of such records should accompany Werner's

deposition testimony at trial.  But this is not a basis on which to exclude Werner's testimony.

Republic should amend its trial exhibit list to include both Werner's testimony and the

documents upon which it was based.").  Here there is no concern about the best evidence rule,

because unlike the witness in *Industrial Engineering*, Mr. Presser and Ms. Roberts will not offer

testimony summarizing unproduced written records. ███████████████████████

████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

### 3.  Cases are inapposite where a witness has disclaimed relevant knowledge

Finally, *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2022 WL

2800911 (D. Del. June 27, 2022), is not analogous to the present case.  In *IOENGINE*, the court

partially excluded the testimony of a non-party Rule 30(b)(6) witness who was not employed by

the non-party during the relevant time period and testified during his deposition "that he could

not speak to issues that occurred prior to his employment with" the non-party.  *Id.* at *5.  Here,

the non-party witnesses at issue were all prepared to speak to, and already testified to, the matters

the FTC seeks to question them about at trial.  *See supra* §§ I.A, I.B.  As such, *IOENGINE* does

not support excluding the testimony of the non-party witnesses here.  Moreover, to the extent

that a party wishes to assert that Mr. Presser or Ms. Roberts disclaimed relevant knowledge

falling within the scope of Topics 12-14 or Topic 4, such an objection can be efficiently raised

and resolved at trial.

## CONCLUSION

Mr. Presser's testimony regarding Topics 12-14 and Ms. Roberts' testimony regarding

Topic 4 concern the official positions of their organizations, and the witnesses testified

knowledgeably to the topics during their depositions as corporate representatives pursuant to

Fed. R. Civ. P. 30(b)(6).  Therefore, their testimony regarding these Topics should be admissible

at trial.

Dated:   February 21, 2025                  Respectfully submitted,

                                            */s/ Daniel Matheson*
                                            Daniel J. Matheson (D.C. Bar 502490)
                                            Krisha Cerilli (D.C. Bar 983281)
                                            Patricia Galvan
                                            Maria Dimoscato (D.C. Bar 489743)
                                            Nathan Brenner
                                            Ethan Stevenson
                                            Elan Weinberger

                                            Federal Trade Commission
                                            Bureau of Competition
                                            400 7th Street, SW
                                            Washington, DC 20024
                                            Tel.: (202) 326-2075
                                            Email: dmatheson@ftc.gov

                                            *Attorney for Plaintiff*
                                            *Federal Trade Commission*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21st day of February 2025, I served the sealed document on the following counsel via electronic mail:

Mark C. Hansen
Kevin B. Huff
Kenneth M. Fetterman
Geoffrey M. Klineberg
Kevin J. Miller
Aaron M. Panner
Alex A. Parkinson
Ana Nikolic Paul
Aaseesh P. Polavarapu
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. Suite 400
Washington, DC 20036
Tel: 202-326-7900
mhansen@kellogghansen.com
khuff@kellogghansen.com
kfetterman@kellogghansen.com
gklineberg@kellogghansen.com
kmiller@kellogghansen.com
apanner@kellogghansen.com
aparkinson@kellogghansen.com
apaul@kellogghansen.com
apolavarapu@kellogghansen.com

Sonal N. Mehta
Wilmer Cutler Pickering Hale & Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: 650-858-6000
sonal.mehta@wilmerhale.com

David Gringer
Wilmer Cutler Pickering Hale & Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: 212-230-8800
david.gringer@wilmerhale.com

James P. Rouhandeh
Michael Scheinkman
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
Tel: 212-450-4000
rouhandeh@davispolk.com
michael.scheinkman@davisolk.com

Respectfully submitted,

*/s/ Daniel Matheson*
Daniel Matheson, Esq. (D.C. Bar #502490)
Federal Trade Commission
Bureau of Competition
400 7th Street, SW
Washington, DC 20024
Tel.: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorney for Plaintiff*
*Federal Trade Commission*