**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No.: 1:20-cv-03590-JEB |

**[PROPOSED] ORDER ON CONFIDENTIALITY PROCEDURES**

Upon consideration of the Parties' Position Statements regarding confidentiality procedures, it is hereby **ORDERED** that:

**A.      Types of Trial Confidentiality Treatment At Trial**

  1.      The parties shall use two levels of at-trial confidential treatment:

      a.      "Partial Nondisclosure":  meaning that the witness and court may see an unredacted version of the document, but a redacted version of the document is shown on public-facing screens, and the questioner/witness may not reveal the confidential portions of the document in questioning and testimony.

      b.      "Complete Nondisclosure":  meaning the entire document should remain sealed from the public record and the courtroom is closed when the document is discussed.

**B.      Party Documents and Testimony**

  **1.      Meta-Produced Documents On Final Exhibit Lists**

      **a.      Briefing For Representative Sample of Documents**

  - **March 5, 2025:**  Meta shall identify to the FTC its proposed redactions and/or confidentiality positions on a set of no more than 50 exemplar Meta documents that it believes will include some recurring categories of confidentiality issues in Meta-produced documents on the parties' exhibit lists.

1

- **March 7, 2025:**  The FTC shall provide Meta its positions on on each document within the sample.

- **March 10, 2025:**  If the parties cannot resolve all disagreements over Meta's proposed redactions, Meta shall file a brief with the Court seeking confidential treatment (and rulings) for the set of disputed exemplar documents.

- **March 12, 2025:**  Anyone interested in filing an opposition to Meta's motion shall do so by this date.

- **March 14, 2025:**  Meta shall file any reply in support of Meta's motion by this date.

b.    **Resolution For Remaining Documents**

- **March 31, 2025 (or 14 days after the Court's ruling on Meta's motion, whichever is later)**:  Meta, using the Court's rulings on the representative motion as guidance, shall identify to the FTC its proposed redactions for each Meta-produced document on either side's final exhibit list.

- **April 7, 2025 (or 7 days after Meta's disclosure of its confidentiality positions, whichever is later)**:  The FTC shall provide Meta with its position as to confidentiality for every Meta-produced document on either side's exhibit list over which Meta has asserted confidentiality—identifying with specificity the basis for any dispute over Meta's proposed confidentiality treatment and/or redactions for each document over which the FTC disagrees.

- **During Trial:**  The parties shall work in good faith to resolve all outstanding confidentiality issues, using as guidance the Court's rulings on Meta's motion regarding exemplar documents.  To the extent disagreements over a particular exhibit's confidentiality remain outstanding by four days before the exhibit's anticipated use, then:

    - The parties must meet and confer over confidentiality of, and redactions to, the exhibit; and

    - If the parties cannot resolve a dispute over an exhibit's confidentiality, the party seeking to use the exhibit must either (i) raise the dispute with the Court by two days before the exhibit's anticipated use; or (ii) afford the

document Partial Nondisclosure or Complete
Nondisclosure treatment (as designated by Meta).

2.    **Other Meta-Produced Exhibits**

a.    To the extent the FTC plans to use a Meta-produced document
previously marked Confidential or Highly Confidential under the
Protective Order that is not on either party's final exhibit list, the
FTC must either:

- inform Meta 48 hours in advance of its intent to use the
document, to allow Meta time to review and assess
confidentiality for the document; or

- alternatively, provide no notice but afford the document and
related testimony Complete Nondisclosure treatment during the
portion of the examination when the document is discussed,
absent a Court order to the contrary.

b.    Meta shall designate an outside attorney (or outside attorneys)
walled off from the outside-counsel trial team to perform
confidentiality review for this category of documents in
consultation with Meta's in-house counsel.  However, to the extent
a dispute over such documents is not resolved 24 hours before a
document's anticipated use, the walled off outside attorneys may
inform the outside-counsel trial team of the dispute—so that the
outside-counsel trial team may raise the issue with the Court as
necessary.

c.    Nothing in this provision prohibits the walled off attorney from
receiving or sharing with the outside-counsel trial team other
information relating to the case.

3.    **Meta Testimony, Transcripts, and Designated Video Depositions**

a.    By March 31, Meta shall identify to the FTC all confidentiality
assertions and proposed redactions for deposition and
investigational-hearing transcripts for Meta witnesses designated
as "will call" witnesses on either side's final witness list.

b.    For Meta witnesses listed as "may call" on either party's final
witness list, the FTC must provide Meta eight days' notice before
the witness's potential testimony to assess confidentiality of that
witness's transcript(s).

c.    The parties shall meet and confer in good faith to reach agreement
on the confidential nature of information discussed in all such

transcripts and other confidential topics that might be the subject of examination.

 d. If disputes over the confidential nature of a witness's transcript or other topics of anticipated testimony remain unresolved two days prior to the witness's anticipated examination date, or the anticipated date on which a party expects to play a witness's deposition video, the party seeking to elicit or offer the testimony shall raise the issue with the Court.

 e. The parties must work together in good faith to group testimony in such a manner as to reduce the number of times the courtroom must be closed.

**C. Nonparty Documents and Testimony**

 1. By March 13, each party shall:

  a. Provide notice to nonparties of any nonparty documents that the nonparty designated Confidential or Highly Confidential appearing on the respective party's final exhibit list.

  b. Provide notice to each nonparty of any of that nonparty's witnesses who appear on either party's final witness list (including both live witnesses or witnesses designated to testify via deposition).

 2. Absent agreement between Meta, the FTC, and the nonparty over confidentiality of the documents or testimony at issue, by March 31, any nonparty:

  a. Seeking to assert confidentiality over any of its produced documents, or portions of them, shall file a motion with the Court seeking such treatment.

  b. With a "will call" witness on a party's final witness list shall file a motion seeking confidential treatment of any portions of that witness's deposition transcript.

 3. For any "may call" nonparty witness on a party's final witness list, the nonparty shall be given eight days' notice before the witness's potential examination to assess the confidentiality of the witness's deposition transcript. Both parties and the nonparty shall in good faith attempt to reach agreement on the confidentiality of such witness's deposition transcript prior to the witness's testimony at trial (either live or, to the extent allowed, by deposition). If a dispute cannot be resolved prior to the witness's testimony, the nonparty shall raise it with the Court.

**D.    Meta In-House Lawyer**

    1.    The in-house counsel for Meta who already has access to Confidential and Highly Confidential Information under the Protective Order may remain in the courtroom during portions of testimony requiring courtroom closure.

    2.    This in-house counsel need not take any additional steps to have access to such information at trial.  This in-house counsel shall remain bound by the procedures and obligations imposed by the Protective Order.

**E.    Preparation of Exhibits**

    1.    To the extent redactions to any document or exhibit are necessary, the producing party or nonparty shall be responsible for preparing versions of exhibits that may be used publicly.

    2.    Nothing in this provision, or in this Trial Confidentiality Order, shall be construed as permitting a document previously marked Confidential or Highly Confidential under the Protective Order to be publicly disclosed by a party or nonparty other than the party or nonparty claiming confidentiality before the document has been admitted into evidence and used in open court with appropriate redactions.

    3.    Any such other public disclosure—besides when a producing party or nonparty discloses its own information—shall be governed by another order to be entered at a later date.

**IT IS SO ORDERED.**

DATED:  _____

                                                                    _____
                                                                     Honorable James E. Boasberg
                                                                     United States District Court Chief Judge