**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br>                    Plaintiff, <br><br> v. <br><br> **META PLATFORMS, INC.** <br><br>                    Defendant. | Civil Action No. 1:20-cv-03590-JEB |

**PLAINTIFF FEDERAL TRADE COMMISSION'S POSITION STATEMENT REGARDING ITS PROPOSED SEALING PROCEDURES**

The FTC brings this suit alleging that Meta Platforms, Inc.'s acquisitions of Instagram, Inc. in 2012 and WhatsApp, Inc. in 2014 violate the antitrust laws by illegally maintaining its monopoly in the market for personal social networking services. Over the course of this litigation, the parties engaged in extensive fact and expert discovery in furtherance of their claims. The parties began the process of narrowing the issues before this Court by filing cross-motions for summary judgement. Now, as directed by this Court, the parties have narrowed that universe even further and identified less than 2,000 exhibits on their collective exhibit lists. Over the next fifteen days, the parties will refine their lists and submit no more than 900 exhibits each. From the FTC's list, these approximately 900 exhibits will form the basis for the FTC's affirmative arguments and compose nearly the complete set of documents on which this Court will determine whether—and how—Meta violated the antitrust laws.

Given this trial's broad implications and public interest, the FTC supports public access, balanced against sincere and legitimate needs to protect competitively sensitive information. *See United States v. Gen. Motors Corp.*, 99 F.R.D. 610, 612 (D.D.C. 1983) ("[T]he greater the public's interest in the case the less acceptable are restraints on the public's access to the proceedings."). "The starting point in considering

1

a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). To overcome that presumption, "courts engage in the six-factor inquiry described in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980)." *Jane Jones v. Donald J. Trump*, 2025 WL 485419, at *2 (D.D.C. Feb. 13, 2025) (Boasberg, J.). Among those factors, courts have recognized that where "the government is a party to the case—and supports public access to the judicial record," this factor "strengthens the case for access." *United States v. Munchel*, 567 F. Supp. 3d 9, 18 (D.D.C. 2021) (citing *Nat'l Children's Ctr.*, 98 F.3d at 1409). At the same time, courts have rightly provided greater protections for nonparties' privacy rights. *See, e.g.*, *Hubbard*, 650 F.2d at 319 ("We think that where a third party's property and privacy rights are at issue the need for minimizing intrusion is especially great and the public interest in access to materials which have never been judicially determined to be relevant to the crimes charged is especially small."); *McConnell v. Fed. Election Comm'n*, 251 F. Supp. 2d 919, 941 (D.C. Cir. 2003) (recognizing that "third parties . . . are afforded greater protections under *Hubbard*"). Accordingly, the FTC proposes a procedure that will place the burden, appropriately, on the party seeking to seal critical documents and testimony and encourages resolution of such matters in advance of trial.

      Meta's position, by contrast, would leave a significant number of documents in effective limbo when trial begins, and is likely to cause delays to deal with disputed confidentiality assertions during trial. Under Meta's proposal, any disputes over the confidentiality status of most Meta-produced documents and testimony—outside of a few dozen documents—would occur during trial, interrupting the Court's proceedings and very likely requiring an extension of the trial schedule. Meta's proposal also places the burden on the FTC to identify and resolve confidentiality issues throughout the course of trial instead of placing the burden on the party seeking to prevent public access to judicial records. Meta's proposal also defaults to a closed proceeding in the event of any disputes. Meta's proposed terms are in tension with this

Court's prior orders in this case and inappropriately skews toward closing the courtroom in contravention of the law of this circuit and the First Amendment. *See, e.g.*, ECF No. 368 at 1 (ordering "[i]f the parties cannot reach full agreement, Meta shall file a statement . . . explaining which materials are in dispute and why they should remain sealed pursuant to the factors set out in [*Hubbard*]."); *Press-Enterprise Co. v. Superior Ct. of California for Riverside Cty.*, 478 U.S. 1, 9 (1986) (discussing the First Amendment right of access); *Patel v. Garland*, 2023 WL 7536574, at *2 (D.D.C. Nov, 13, 2023) (Boasberg, J.) (rejecting a sealing request that was "not 'targeted' to 'deprive the public of access only to' particularly sensitive or confidential information."); *Vanda Pharm., Inc. v. FDA*, 539 F. Supp. 3d 44, 56 (D.D.C. 2021) (noting it is the burden of the "party seeking to avoid disclosure" to "identify specific privacy interests in the documents at issue"); *In re McCormick & Co.*, 316 F. Supp. 3d 455, 465 (D.C. Cir. 2018) ("To carry their burden under *Hubbard*, defendants must specifically identify the commercially sensitive information contained in the redactions and explain why its disclosure would harm their competitive standing.").

The parties' confidentiality proposals contain three main areas of disagreement: first, the FTC proposal resolves confidentiality on the majority of documents before trial whereas Meta's proposal delays resolution of confidentiality until mid-trial; second, the FTC does not agree that two confidentiality tiers are necessary or helpful; and, finally, the FTC proposes a process that allows the parties to seek guidance on any disputes regarding the contours of when the courtroom shall be closed. *See* FTC's Proposed Order Regarding Confidentiality Procedures Before and at Trial ("FTC's Confidentiality Proposal").

**I.      The FTC's Proposal Resolves the Majority of Confidentiality Issues Before Trial by Capitalizing on Prior Engagement on Confidentiality**

The FTC proposes a process to resolve the confidentiality of a majority of exhibits and deposition testimony prior to trial by capitalizing on months of engagement with Meta. *See id.* From the outset, Meta's approach to confidentiality has been to seek blanket, overarching protections for all its produced documents

3

and testimony from Meta's current or former employees. The FTC has been working with Meta to resolve these overly broad designations for months.

The FTC first challenged the confidentiality designations of documents produced by Meta in September 2023. *See* Ex. A (2023.09.11 Ltr. D Matheson to A Polavarapu re Confidentiality Challenges); Ex. B (2023.09.15 Ltr. J Lorber to A Polavarapu re Confidentiality Challenges). Meta responded by agreeing to withdraw its confidentiality designations for the majority of challenged documents with the caveat that it may continue to protect "any 'sensitive personally identifiable information' [or "PII"] of its employees." Ex. C at 1-3 (2023.10.10 M Reade Letter to D Matheson J Lorber re Conf Challenges). The FTC again challenged Meta's confidentiality designations for documents in June 2024. *See* Ex. D (2024.06.18 Ltr. J Lorber to M Reade re Confidentiality Challenges). In its response to the FTC's challenges, Meta stated it "anticipate[d] withdrawing its confidentiality designations for most of the challenged materials" with the same caveat regarding PII. Ex. E at 1-2 (2024.08.12 M Reade Letter to J Lorber re Conf Challenges with Appx); *see also* Ex. F (2024.08.13 Amended Appendix B (June 18 Chall.)). At bottom, since the close of fact discovery, Meta has already reviewed almost 900 documents for confidentiality which include more than half of the Meta-produced documents on the FTC's Preliminary Exhibit List.

The FTC's proposal starts from where prior negotiations have ended. The FTC's proposal resolves all confidentiality issues on Meta-produced exhibits in two tranches prior to trial. FTC's Confidentiality Proposal at 1-2. The first tranche would include 100 exhibits identified by the FTC. The second tranche would include the remaining Meta-produced documents on either side's exhibit list; this number is not burdensome for Meta because Meta will not have to re-review all these documents: as noted above, Meta has reviewed at least half of documents on the FTC's Preliminary Exhibit List for confidentiality. In addition, the FTC seeks to resolve all confidentiality regarding testimony previously offered by witnesses on either party's "will call" list. *Id.* at 3-4. Resolving confidentiality issues for both exhibits and witnesses

4

prior to trial will enable a streamlined trial presentation that both reduces risk of any inadvertent disclosure as well as ensures an orderly trial presentation.

Any burden to Meta is minimal. As discussed above, Meta has already engaged on a significant portion of these documents. Moreover, even if there is some burden to Meta, that burden is of their own doing. The FTC has been trying to engage on confidentiality issues related to trial since November 2024 only to have Meta resist at every turn. *See* Ex. G at 3 (2024-11-15 D. Matheson Letter re Trial Scheduling and Pretrial Procedures); ECF No. 389 at 5, 12. Further, to the extent Meta seeks to re-review documents it has already assessed for confidentiality that is a choice of its own doing and should not be allowed to interfere with the FTC's orderly presentation of its evidence and the public's access to the same.

Last, the parties appear to disagree about how to handle confidentiality assertions for documents that do not appear on either party's exhibit list (e.g., documents used for impeachment). The parties should not need to disclose potential impeachment documents in advance of a witness's testimony. That said, and recognizing that Meta cannot reasonably anticipate every possible impeachment document, the FTC has offered to disclose potential impeachment documents for Meta current and former employees 48 hours before the witness testifies, *provided* that the attorney who receives this disclosure must be walled off from the remainder of Meta's trial team. In other words, the FTC is willing to make such disclosures to facilitate a confidentiality review for impeachment documents, but in doing so does not agree to provide Meta with an asymmetric advantage by allowing the trial team to prepare for specified impeachment materials. After these documents are disclosed, the FTC can resolve confidentiality disputes with this walled off attorney for Meta, and if necessary, the walled off attorney can file motions or appear in court to seek confidential treatment of particular documents. If Meta does not wall off an attorney for these purposes, then the FTC should not be required to disclose impeachment documents in advance. Rather, the FTC should proceed with cross-examination, taking into consideration guidance from Meta and the Court about what types of materials have

been treated as confidential when introducing documents for impeachment. To the extent a particular document raises confidentiality concerns during a cross-examination, Meta can raise its concerns in real time and the parties and the Court can proceed accordingly.

## II. The Redaction of a Document in its Entirety is Insufficient Reason to Close the Courtroom

Meta proposes an unnecessary, "two level" system for confidentiality that would leave some materials marked as "complete nondisclosure" and others as "partial nondisclosure." Ex. H at 1 (2025.02.24 Meta Counterproposal Re Confidentiality Procedures).[1] At bottom, Meta assumes that there is a subset of documents— i.e., those marked "compete nondisclosure"—which cannot be used at all without closing the courtroom in its entirety. This is a flawed assumption. Parties can examine confidential materials in many instances while simultaneously leaving the courtroom open to the public by talking around confidential information. Materials and information contained therein are either confidential or not, and Meta should move the Court accordingly. To the extent Meta believes the courtroom must be sealed for certain topics generally, Meta should move the Court for that relief as well, applying the same *Hubbard* factors. *See, e.g.*, *United States v. Gen. Motors Corp.*, 99 F.R.D. 610, 612 (D.D.C. 1983) ("But litigation is, as a rule, supposed to be conducted in full view, and the greater the public's interest in the case the less acceptable are restraints on the public's access to the proceedings.").

## III. The FTC's Proposal Regarding Deposition Transcripts Provides an Opportunity to Resolve Dispute Prior to Trial

While Meta agrees to identify to the FTC all confidentiality assertions and proposed redactions for deposition and investigational hearing transcripts for Meta witnesses listed as "will call" on either side's Final Witness List, its proposal does not provide a mechanism for the parties to raise, and the Court to resolve, any disputes regarding Meta's proposed confidentiality assertions. Once again, Meta's proposal

---

[1] Exhibit H is the most recent full copy of Meta's proposal the FTC received, sent on February 24.

here leaves significant uncertainty surrounding how attorneys may examine Meta witnesses until days prior to presenting a witness's testimony. To resolve that uncertainty the FTC proposes a schedule for the parties to meet and confer and jointly raise any issues to the Court in advance of trial. *See* FTC's Confidentiality Proposal at 3.

* * *

Guided by the law of this circuit, the FTC's proposal appropriately places the burden for limiting or preventing public access to judicial records on the moving party. Moreover, the FTC's proposal will minimize potential disruption during the course of the trial by resolving the vast majority of confidentiality issues prior to the start of the proceeding. For these reasons, the FTC respectfully requests that the Court enter the FTC's Proposed Confidentiality Order attached to this position statement.

Dated: February 25, 2025                    Respectfully submitted,

/s/ Daniel Matheson
Daniel Matheson (D.C. Bar 502490)
Krisha Cerilli (D.C. Bar 983281)
Susan A. Musser (D.C. Bar 1531486)
Justin Lorber (D.C. Bar 90005184)
Maria Dimoscato (D.C. Bar 489743)
Nathan Brenner (IL Bar 6317564)
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue N.W.
Washington, DC 20580
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorneys for Plaintiff*
*Federal Trade Commission*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 25th day of February 2025, I served the sealed document on the following counsel via electronic mail:

    Mark C. Hansen
    Kevin B. Huff
    Kenneth M. Fetterman
    Geoffrey M. Klineberg
    Kevin J. Miller
    Aaron M. Panner
    Alex A. Parkinson
    Ana Nikolic Paul
    Aaseesh P. Polavarapu
    Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
    1615 M Street, N.W. Suite 400
    Washington, DC 20036
    Tel: 202-326-7900
    mhansen@kellogghansen.com
    khuff@kellogghansen.com
    kfetterman@kellogghansen.com
    gklineberg@kellogghansen.com
    kmiller@kellogghansen.com
    apanner@kellogghansen.com
    aparkinson@kellogghansen.com
    apaul@kellogghansen.com
    apolavarapu@kellogghansen.com

    Sonal N. Mehta
    Wilmer Cutler Pickering Hale & Dorr LLP
    2600 El Camino Real, Suite 400
    Palo Alto, CA 94306
    Tel: 650-858-6000
    sonal.mehta@wilmerhale.com

    David Gringer
    Wilmer Cutler Pickering Hale & Dorr LLP
    7 World Trade Center
    250 Greenwich Street
    New York, NY 10007
    Tel: 212-230-8800
    david.gringer@wilmerhale.com

James P. Rouhandeh
Michael Scheinkman
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
Tel: 212-450-4000
rouhandeh@davispolk.com
michael.scheinkman@davisolk.com

        Respectfully submitted,

*/s/ Daniel Matheson*

Daniel Matheson, Esq. (D.C. Bar #502490)
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue N.W.
Washington, DC 20580
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorney for Plaintiff*
*Federal Trade Commission*