**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | |
| Plaintiff, | |
| v. | Civil Action No. 1:20-cv-03590-JEB |
| **META PLATFORMS, INC.** | |
| Defendant. | |

**PROPOSED ORDER REGARDING CONFIDENTIALITY PROCEDURES BEFORE AND AT TRIAL**

Upon consideration of the parties' proposals regarding confidentiality procedures, dated February 25, 2025, it is hereby **ORDERED** that:

**1.  Meta-Produced Documents On Final Exhibit Lists**

Before Trial:

- By February 28, the FTC shall identify a set of approximately 100 exemplar Meta documents on the parties' exhibit lists that Meta has designated Confidential or Highly Confidential, for which Meta will conduct a priority review for confidentiality issues.

- By March 5, Meta shall provide to the FTC its positions on this sample set of documents identified on February 28 and an explanation regarding the basis for which it seeks to seal any document in whole or in part.

- By March 7, the parties shall meet and confer regarding Meta's March 5 positions.

- By March 12, Meta shall file a motion if it seeks confidential treatment of any documents or portions of documents identified by the FTC on February 28.

- By March 14, any opposition to Meta's March 12 motion shall be filed.

- By March 31 (Or 14 Days After Court's Ruling, If Later): Meta, using as guidance the Court's rulings on any documents identified on March 12, shall identify to the FTC any documents or portions of documents for each Meta-produced document on either side's final exhibit list for which Meta seeks confidential treatment.

- Within Two Days After Meta Provides Its Positions: The parties shall meet and confer regarding Meta's remaining confidentiality designations.

- By April 7, Meta shall file a brief seeking confidentiality treatment for all documents contained in its March 31 identification to the FTC.

- By April 10, the FTC may file a response to Meta's April 7 brief.

During Trial:

- To the extent that any Meta-produced documents are added to either party's exhibit list Meta must provide proposed redactions to the FTC within two days of disclosure.

- To the extent that any party seeks to use the document in Court within two days of disclosing the document, the party seeking to use the exhibit shall meet and confer with the party asserting confidentiality over the document.

- If the parties cannot resolve a dispute over a document's confidentiality, the parties shall raise the dispute with the Court in either a joint submission or orally the day of the exhibit's anticipated use, or otherwise according to the Court's preference.

**2.  Other Meta-Produced Exhibits.**

To the extent the FTC plans to use a Meta-produced document that has not already been made public or discussed using the processes above (e.g., an impeachment document), the FTC must either (1) inform Meta 48 hours in advance of its intent to use the document, to allow Meta time to review and assess confidentiality for the document, and the attorney receiving disclosure must

be walled off from the remainder of Meta's trial team; or (2) alternatively, provide no notice but accord the document and related testimony confidential treatment during the portion of the examination when the document is discussed.

### 3.  Live Testimony From Meta Witnesses Not Connected To Documents

- By March 31, Meta will identify for the FTC the specific pages, lines or words of deposition and investigational hearing testimony for each witness identified as "will call" on either parties' witness list that Meta wishes to seal.

- By April 4, the parties shall meet and confer regarding Meta's March 31 identification.

- By April 8, the parties shall provide a joint submission with each side's position regarding the contours of the testimony that shall be sealed from the public.

- For any witness on a party's final witness list designated as a "may call" witness, the opposing side shall be given eight calendar days' notice before the witness's potential testimony to assess the confidentiality of the witness's deposition or investigational hearing transcript.  Both parties will work together in a good faith attempt to reach agreement on the confidentiality of such witness's transcript prior to the witness's testimony at trial (either by deposition designation or live).  To the extent a dispute cannot be resolved, the party asserting confidentiality shall raise it with the Court prior to the witness's testimony.

- The parties must work together in good faith to group testimony in such a manner as to reduce the number of times the courtroom must be closed.

### 4.  Nonparty Documents And Testimony

- By March 13, each party shall provide notice to nonparties of any nonparty documents that the nonparty designated Confidential or Highly Confidential appearing on the respective party's final exhibit list.

- By March 13, each party shall provide a copy of the full deposition transcript to each nonparty that the party has on its "will call" list (including both will call live and will call by deposition witnesses).

- By March 31, any nonparty seeking to assert confidentiality over any of its produced documents on either exhibit list shall file a motion with the Court to seek such treatment.

- By March 31, for any nonparty witness on a party's final witness list designated as a "will call" witness, the nonparty shall file a motion seeking confidential treatment of portions of that witness's deposition transcript.

- For any nonparty witness on a party's final witness list designated as a "may call" witness, the nonparty shall be given eight calendar days' notice before the witness's potential testimony to assess the confidentiality of the witness's deposition transcript. Both parties and the nonparty shall in good faith attempt to reach agreement on the confidentiality of such witness's deposition transcript prior to the witness's testimony at trial (either by deposition designation or live). To the extent a dispute cannot be resolved, the nonparty shall raise it with the Court prior to the witness's testimony.

- By April 4, any oppositions to any nonparty's motion for confidential treatment shall be filed.

## 5.  Meta's In-House Counsel

The one in-house counsel for Meta who already has access to Confidential and Highly Confidential Information under the Protective Order may remain in the courtroom during

4

portions of testimony requiring courtroom closure.  This in-house counsel need not take any additional steps to have access to such information at trial.  This in-house counsel shall remain bound by the procedures and obligations imposed by the Protective Order.

## 6.  Preparation of Exhibits

The producing party or nonparty—i.e., the party asserting confidentiality over a particular exhibit—shall prepare versions of exhibits that may be used publicly with the appropriate redactions.  No protected document may be publicly disclosed, however, until it has been used in open court at trial with appropriate redactions.

**IT IS SO ORDERED.**


DATED: _____

                                                    _____
Honorable James E. Boasberg
United States District Court Chief Judge