UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,

        Plaintiff,

        v.

META PLATFORMS, INC.,

        Defendant.

Case No. 1:20-cv-03590-JEB

**META PLATFORMS, INC.'S OPPOSITION TO FEDERAL TRADE COMMISSION'S MOTION *IN LIMINE* TO ADMIT SELECT TESTIMONY OF <u>ADAM PRESSER AND JULIA ROBERTS</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

BACKGROUND ................................................................................................................... 2

    A.    TikTok's Testimony............................................................................................ 2

        1.    Adam Presser Testimony .......................................................................3

        2.    Additional TikTok Testimony Available to the Court.................................4

    B.    Pinterest's Testimony........................................................................................ 6

        1.    Julia Roberts Testimony ........................................................................6

        2.    Additional Pinterest Testimony Available to the Court.............................7

ARGUMENT.......................................................................................................................... 8

    THE COURT SHOULD DENY THE FTC'S REQUEST TO DISREGARD
    RULE 602 .......................................................................................................................8

CONCLUSION....................................................................................................................... 13

# TABLE OF AUTHORITIES[*]

Page

CASES

*Alpek Polyester, S.A. de C.V. v. Polymetrix AG*, 2021 WL 5974163
(Fed. Cir. Dec. 16, 2021) ...................................................................................................9

*Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416 (5th Cir. 2006) ......................................10, 11

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ................................................................................11

*Digene Corp. v. Ventana Med. Sys., Inc.*, 316 F. Supp. 2d 174 (D. Del. 2004) ...............................9

*FTC v. Qualcomm Inc.*:

    No. 17-CV-00220-LHK (N.D. Cal. Jan. 18, 2019).........................................................11, 12

    411 F. Supp. 3d 658 (N.D. Cal. 2019), *rev'd and vacated*, 969 F.3d 974
    (9th Cir. 2020).................................................................................................................. 12-13

\* *FTC v. Vyera Pharms., LLC*, 2021 WL 5300019 (S.D.N.Y. Nov. 15, 2021).........................1, 12

*Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, 2014 WL 4983912
(M.D. Fla. Oct. 6, 2014)............................................................................................... 9-10

*IOENGINE, LLC v. PayPal Holdings, Inc.*, 2022 WL 2800911 (D. Del. June 27,
2022) ................................................................................................................................10

\* *Kraft Foods Glob., Inc. v. United Egg Producers, Inc.*, 2023 WL 5647204
(N.D. Ill. Aug. 31, 2023).................................................................................1, 9, 10, 11

*Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423 (6th Cir. 2018)......................................................11

*Republic Techs. (NA), LLC v. BBK Tobacco & Foods, LLP*, 2020 WL 10505198
(N.D. Ill. Dec. 4, 2020) .........................................................................................10, 11, 12

\* *Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC*, 72 F. Supp. 3d 131
(D.D.C. 2014) .................................................................................................................1, 9

*Sara Lee Corp. v. Kraft Foods Inc.*, 276 F.R.D. 500 (N.D. Ill. 2011)................................10, 11, 12

*Stryker Corp. v. Ridgeway*, 2016 WL 6585007 (W.D. Mich. Feb. 1, 2016) ...................................9

*Thomas v. Moreland*, 2023 WL 11199295 (D.D.C. Nov. 6, 2023), *aff'd*,
2024 WL 3709364 (D.C. Cir. Aug. 8, 2024) ..................................................................11

---

[*] Authorities principally relied upon are marked with an asterisk (\*).

*Tijerina v. Alaska Airlines, Inc.*, 2024 WL 270090 (S.D. Cal. Jan. 24, 2024) ...............................9

*Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899 (5th Cir. 2010) .............................10


**RULES**

Fed. R. Civ. P.:

    Rule 30(b)(6) .......................................................................................1, 2, 4, 6, 9, 10, 11, 12

    Rule 32(a)(3) ................................................................................................................10, 11

Fed. R. Evid. 602 .................................................................................................1, 8, 9, 10, 11, 12

    advisory committee's note to 1972 proposed rules.............................................................2


**OTHER MATERIALS**

Declaration of Blake Chandlee, *TikTok Inc. v. Garland*, No. 24-1113
    (D.C. Cir. Dec. 9, 2024)......................................................................................................5

Declaration of Vanessa Pappas, *TikTok Inc. v. Trump*, No. 1:20-cv-2658-CJN
    (D.D.C. Sept. 23, 2020), ECF No. 15-3..............................................................................5

Pls.' Mem. in Supp. of Their Mot. *in Limine* To Preclude 30(b)(6) Test.
    Not Based on Personal Knowledge, *FTC v. Vyera Pharms., LLC*,
    No. 1:20-cv-00706-DLC (S.D.N.Y. Nov. 29, 2021), ECF No. 679 ....................................1

The Court should deny the FTC's motion to elicit 30(b)(6) corporate testimony from nonparty witnesses that is outside of their personal knowledge because such testimony is inadmissible under the Federal Rules of Evidence. "Rule 30(b)(6) is intended to streamline the discovery process. . . . It does not govern the admissibility of testimonial evidence at trial." *Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC*, 72 F. Supp. 3d 131, 146 (D.D.C. 2014) (citation omitted). Under Federal Rule of Evidence 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Courts in this District and courts "across the country have concluded that the personal knowledge requirement of Rule 602 applies to all trial testimony, *including* depositions under Rule 30(b)(6)," and consistently exclude 30(b)(6) testimony where the witness is testifying outside of his or her personal knowledge. *Kraft Foods Glob., Inc. v. United Egg Producers, Inc.*, 2023 WL 5647204, at *10 (N.D. Ill. Aug. 31, 2023) (collecting 14 cases excluding such testimony); *see also Sabre*, 72 F. Supp. 3d at 146 (excluding 30(b)(6) testimony at trial "on any matter for which [the Rule 30(b)(6) witness] lacks personal knowledge").

The FTC itself successfully urged another court to exclude 30(b)(6) testimony from 10 nonparty witnesses without personal knowledge for this very reason, relying on the "cardinal rule of admissibility that a fact witness must have personal knowledge of the subjects upon which they testify." Ex. 1 at 3-4 (Pls.' Mem. in Supp. of Their Mot. *in Limine* To Preclude 30(b)(6) Test. Not Based on Personal Knowledge, *FTC v. Vyera Pharms., LLC*, No. 1:20-cv-00706-DLC (S.D.N.Y. Nov. 29, 2021), ECF No. 679); *see FTC v. Vyera Pharms., LLC*, 2021 WL 5300019, at *2 (S.D.N.Y. Nov. 15, 2021) (granting the FTC's request to exclude nonparty 30(b)(6) deposition testimony based on corporate rather than personal knowledge).

The FTC's motion – which is less a proper motion *in limine* than a request to skirt the Federal Rules – expressly seeks permission to elicit testimony based on the purported "corporate knowledge" of TikTok and Pinterest and *outside* the personal knowledge of Adam Presser and Julia Roberts. *See* Pl. Federal Trade Commission's Mot. *in Limine* to Admit Select Testimony of Adam Presser and Julia Roberts at 3 (Feb. 25, 2025), ECF No. 407 ("FTC Mot."). That is both improper and unnecessary. The personal knowledge requirement is designed to ensure that the testimony offered is a "reliable source[ ] of information." Fed. R. Evid. 602 advisory committee's note to 1972 proposed rules. The FTC could seek testimony on the competitive landscape based on personal knowledge, including from other TikTok and Pinterest witnesses; its preference not to do so speaks volumes. The FTC's motion also threatens to open the floodgates – the parties took 30(b)(6) depositions of more than 16 nonparties in addition to TikTok and Pinterest. Granting the FTC's motion would invite a wave of unreliable information to be admitted at trial, in violation of the Federal Rules of Evidence. The Court should accordingly deny the motion.

## BACKGROUND

**A.    TikTok's Testimony**

Meta and the FTC subpoenaed and deposed four TikTok employees: Adam Presser, Vanessa "V" Pappas, Blake Chandlee, and Eric Morrison. V. Pappas is the former Chief Operating Officer and former interim Head of TikTok Global ("CEO") of TikTok, Mr. Chandlee is TikTok's current President of Global Business Solutions, and Mr. Morrison was TikTok's Director of User Experience Research from 2019 to 2022. Mr. Presser predominantly testified in his capacity as a 30(b)(6) witness, while the remaining witnesses testified solely based on their personal knowledge. All four TikTok employees or former employees are on Meta's witness list

2

to testify live at trial, and the FTC included deposition designations from Mr. Chandlee and Mr. Morrison in its initial set of proposed post-trial deposition designations.

1.  **Adam Presser Testimony**

Mr. Presser was designated to testify on behalf of TikTok in response to topics 12-14 of the FTC's subpoena. These topics concerned ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *See* FTC Mot. Ex. A at -008-009. Mr. Presser had no role in the creation of those documents, which were created years before he joined TikTok in April 2022. *See id.*, Ex. K at -008 (Presser declaration stating that he joined TikTok in April 2022). He testified that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *See* Ex. 2 at 288:17-289:17 (Presser (TikTok) Dep. Tr.); *see also id.* at 294:16-295:10 (Mr. Presser testifying ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬); FTC Mot. Ex. E at -002 (showing ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬). And as reflected in each question in the excerpt the FTC attached to its motion, the FTC asked Mr. Presser to testify to TikTok's purported view, not his personal view or understanding. *See, e.g.*, Ex. 2 at 197:11-15 (▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬). The FTC asked Mr. Presser an array of leading questions about ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. 3 at -367 (PX13582, TIK-00349364); *see also* FTC Mot. at 6 (highlighting this language).

In response to Meta's questions, Mr. Presser offered testimony based on his personal knowledge, which often ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. For example,

3

Mr. Presser testified based on his personal knowledge that ▮▮▮▮▮ ▮▮▮▮▮ Ex. 2 at 56:12-17. The documents Mr. Presser received in the ordinary course and testified about in his personal capacity were also ▮▮▮▮▮ ▮▮▮▮▮. For example, ▮▮▮▮▮

▮▮▮▮▮ Ex. 4 at -251-255 (MetaFTCKlein-DX-114, TIK-00345251); *see also* Ex. 2 at 129:2-15 (stating that ▮▮▮▮▮ ▮▮▮▮▮).

Since his deposition, Mr. Presser has publicly highlighted "TikTok's competitors in the United States, like YouTube, Instagram, and Snapchat," including in a declaration that TikTok submitted to the D.C. Circuit and that the FTC attached to its motion. FTC Mot. Ex. K at -039.

### 2. Additional TikTok Testimony Available to the Court

In addition to Mr. Presser's 30(b)(6) testimony, both Meta and the FTC subpoenaed and deposed three other TikTok employees solely in their personal capacity – all of whom are available to the parties to offer useful testimony to the Court based on personal knowledge.

**a.** V. Pappas, former Chief Operating Officer and former interim CEO of TikTok, testified that ▮▮▮▮▮



▮▮▮▮▮ Ex. 5 at 53:4-7 (Pappas (TikTok) Dep. Tr.). ▮▮▮▮▮

4

███████████████████████████████████ Ex. 6 at -658 (TIK-00345656), and she submitted a declaration in September 2020 to a court in this District explaining that Reels is one of many features "directly competing" with TikTok, Ex. 7 at 6 (MetaFTC-Klein-DX-761, Declaration of Vanessa Pappas, *TikTok Inc. v. Trump*, No. 1:20-cv-2658-CJN (D.D.C. Sept. 23, 2020), ECF No. 15-3).

    b.    Blake Chandlee, TikTok's current President of Global Business Solutions, ███ ███████████████████████████████████████████████████. *See* Ex. 8 at 68:16-2-69:12 (Chandlee (TikTok) Dep. Tr.). Further, in December 2024, he submitted a declaration to the D.C. Circuit (which was then submitted to the Supreme Court of the United States), explaining that, in the event of a ban of TikTok, it "would not be able to recover all the creators and users lost while TikTok was unavailable, because people who would have continued or started to use TikTok will have already turned to other competing platforms, such as Instagram, Facebook, or YouTube." Ex. 9 at 8 (Declaration of Blake Chandlee, *TikTok Inc. v. Garland*, No. 24-1113 (D.C. Cir. Dec. 9, 2024)).

    c.    Eric Morrison, the former Head of User Research at TikTok, discussed ███ ███████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████. Ex. 10 at 109:2-110:12 (Morrison (TikTok) Dep. Tr.). ███████████████████████████████████████████ ███████████████████████████████████████████████████████████. *See, e.g.*, Meta Rule 7(H) Stmt. in Support of Summary Judgment ¶¶ 254-258 (Apr. 5, 2024), ECF No. 326 ("Meta SMF") (discussing TikTok's documents and testimony).

**B.      Pinterest's Testimony**

Similar to TikTok, both parties subpoenaed and deposed multiple employees from Pinterest.  The parties first deposed Ms. Roberts as a 30(b)(6) witness and then deposed Scott Coleman – Pinterest's former head of growth and international product, who worked at Pinterest for 7 years, through March 2022 – who also testified in his personal capacity.  Mr. Coleman is on Meta's "will call" list to testify live at trial.

**1.      Julia Roberts Testimony**

Ms. Roberts was designated to testify in a 30(b)(6) capacity on behalf of Pinterest in relation to topic 4 of the FTC's subpoena, which focused on ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  *See* FTC Mot. Ex. B at -008.  As reflected in each question in the excerpt the FTC attached to its motion, the FTC asked Ms. Roberts to testify as to Pinterest's purported view, not her personal view.  *See*, *e.g.*, Ex. 11 at 328:16-17 (Roberts (Pinterest) Dep. Tr.) (▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇).  Ms. Roberts had no role in the creation of the documents addressed in this topic.  For example, she testified that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, *see* FTC Mot. Ex. G, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 11 at 211:16-212:22.  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  *See id.* at 451:3-20.  She testified on behalf of Pinterest that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  *Id.* at 427:12-428:1.  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇

6

██████████████████████████████████████████████████████████████████

████████████████████████████████ *Id.* at 217:10-218:16.

In addition to offering corporate testimony on behalf of Pinterest in response to questions from the FTC, Ms. Roberts offered testimony in her personal *and* corporate capacity in response to questions from Meta's counsel. For example, Ms. Roberts explained that her personal understanding ████████████████████████████████████████████████████████████

████████████████████████████████████████████ *See id.* at 78:1-87:18 (discussing Ex. 12 (MetaFTC-Klein-DX-15, PIN - FTC - 0000060075)). And she offered extensive testimony about ████████████████████████████████████████. *See, e.g.*, Meta SMF ¶¶ 347-348, 355 (discussing testimony from Ms. Roberts about competition with Facebook and Instagram).

### 2. Additional Pinterest Testimony Available to the Court

Scott Coleman, Pinterest's former head of growth and international product – who worked at Pinterest for 7 years, through March 2022 – also testified in his personal capacity. Mr. Coleman testified that ██████████████████████████████████████████████████████ ██. *See* Ex. 13 at 21:2-6, 25:17-27:14, 28:15-29:18 (Coleman (Pinterest) Dep. Tr.). He is available to offer this testimony to the Court based on his personal knowledge and experience at Pinterest. For example, Mr. Coleman observed ████████████████████████████████ ████████████████████████████ *Id.* at 41:11-42:19; *see also* Ex. 14 at -288 (MetaFTC-Klein-DX-251, PIN - FTC - 0000023288); Ex. 15 at -196-198 (MetaFTC-Klein-DX-252, PIN - FTC - 0000024196) (June 2, 2021 email copying chief executive officer, Ben Silberman, among others, which explained that employees were looking into the possibility that people are "████████████████████████████████████████████████████████████ ████████████████████████████"). And he confirmed ████████████████████ in his

7

deposition. *See* Ex. 13 at 49:7-50:19 (testifying that Pinterest observed "  "). *See id.* at 112:21-113:12; *see also* Ex. 16 (MetaFTC-Klein-DX-257, PIN - FTC - 0000024268). Mr. Coleman testified in detail about . *See* Ex. 13 at 94:22-95:4 (agreeing that ). And he testified about . *Id.* at 54:9-62:21; *see also* Ex. 17 at -534 (MetaFTC-Klein-DX-254, PIN - FTC - 0000023533), Ex. 18 at -737 (MetaFTC-Klein-DX-255, PIN - FTC - 0000085734).

## ARGUMENT

### THE COURT SHOULD DENY THE FTC'S REQUEST TO DISREGARD RULE 602

The Court should not allow Mr. Presser and Ms. Roberts to testify based on "corporate" knowledge, rather than "personal knowledge." Courts routinely exclude such testimony from nonparties, including at the behest of the FTC in other cases, and the cases the FTC relies on do not support a different outcome here.

*First*, the corporate testimony of Mr. Presser (TikTok) and Ms. Roberts (Pinterest) is inadmissible under Rule 602. The FTC's motion expressly seeks permission to elicit testimony "within collective corporate knowledge or perception," not the personal knowledge of the witnesses. FTC Mot. at 10. It argues that the testimony it seeks to admit is "the knowledge of the entire corporation," *id.* at 11-12, not the personal knowledge or understanding of the specific witnesses, which it did not ask for in the excerpts of the depositions the FTC attached to its

8

motion.  The FTC does not argue that the witnesses have personal knowledge of ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ – nor could it.  The documents were created before Mr. Presser joined TikTok, and Ms. Roberts ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Federal Rule 602 forecloses the FTC's motion.  As noted above, the rule provides that a witness "may testify to a matter *only* if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602 (emphasis added).  Courts in this District have applied that rule specifically to foreclose 30(b)(6) testimony not based on personal knowledge.  *See Sabre*, 72 F. Supp. 3d at 146.  And "the strong[] current of the case law" from courts around the country likewise precludes such testimony.  *Kraft Foods Glob., Inc. v. United Egg Producers, Inc.*, 2023 WL 5647204, at *10 (N.D. Ill. Aug. 31, 2023); *see id.* at *11 ("Based on the text of the Federal Rules, it is hard to avoid the conclusion that the personal knowledge requirement applies to all depositions used at trial, including Rule 30(b)(6) depositions of non-parties."); *Tijerina v. Alaska Airlines, Inc.*, 2024 WL 270090, at *3 (S.D. Cal. Jan. 24, 2024) ("Rule 30(b)(6) does not eliminate Rule 602's personal knowledge requirement for trial witnesses.") (citation omitted); *Alpek Polyester, S.A. de C.V. v. Polymetrix AG*, 2021 WL 5974163, at *5 (Fed. Cir. Dec. 16, 2021) (explaining that nonparty 30(b)(6) testimony is inadmissible at trial unless the testimony is "subject to the personal knowledge requirement of Federal Rule of Evidence 602"); *Digene Corp. v. Ventana Med. Sys., Inc.*, 316 F. Supp. 2d 174, 181 n.10 (D. Del. 2004) (excluding nonparty 30(b)(6) deposition testimony at trial because the witness's statements were "hearsay and inadmissible due to a lack of personal knowledge"); *Stryker Corp. v. Ridgeway*, 2016 WL 6585007, at *3 (W.D. Mich. Feb. 1, 2016) (holding that "to the extent that [the nonparty 30(b)(6)] testimony is based not on her personal knowledge . . . the testimony will be inadmissible at trial"); *Indus. Eng'g & Dev., Inc. v. Static Control*

9

*Components, Inc.*, 2014 WL 4983912, at *3 (M.D. Fla. Oct. 6, 2014) (excluding nonparty 30(b)(6) witness from offering testimony "on matters outside his personal knowledge" at trial); *IOENGINE, LLC v. PayPal Holdings, Inc.*, 2022 WL 2800911, at *5 (D. Del. June 27, 2022) (same).

Disregarding that Rule would be especially inappropriate here because there are four witnesses from TikTok and two witnesses from Pinterest on the parties' witness list for trial – all available to testify based on personal knowledge. Should the FTC find that it has an additional need for testimony about ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, it will have ample opportunity to elicit such testimony from individuals with personal knowledge at trial.

***Second***, none of the cases the FTC relies on in its motion supports the FTC's position. Hoping to circumvent Rule 602, the FTC relies on a statement from *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416 (5th Cir. 2006), and other cases that have referenced the opinion in *dicta* or misapplied its holding. In *Brazos*, the Fifth Circuit held that a defendant could be required to testify at trial relating to matters he addressed in his 30(b)(6) deposition testimony because Federal Rule of Civil Procedure 32(a)(3) permits an ***adverse*** party to use its opponent's deposition for any purpose at trial. *See id.* at 434. In *Union Pump Co. v. Centrifugal Technology Inc.*, 404 F. App'x 899 (5th Cir. 2010) (per curiam), the Fifth Circuit confirmed that this limited exception applied only to situations in which a 30(b)(6) deponent-turned-witness is an adverse party. *See id. at* 907-08; *see also Kraft Foods*, 2023 WL 5647204, at *10 n.1 (explaining that the "sweeping language" in *Brazos* is limited to cases involving adverse parties). That exception does not apply here because TikTok and Pinterest are ***non***parties, not parties adverse to the FTC.

Despite the Fifth Circuit's express clarification, several cases the FTC cites – including two cases in the Northern District of Illinois (*Sara Lee Corp. v. Kraft Foods Inc.*, 276 F.R.D. 500, 503 (N.D. Ill. 2011), and *Republic Techs. (NA), LLC v. BBK Tobacco & Foods, LLP*, 2020 WL

10

10505198 (N.D. Ill. Dec. 4, 2020)) and an unpublished order in *FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK (N.D. Cal. Jan. 18, 2019) ("*Qualcomm* Order") (FTC Mot. Ex. J) – have misapplied *Brazos* to state that 30(b)(6) testimony within corporate knowledge could be offered from a nonparty at trial (in very limited circumstances).

But as another court in the Northern District of Illinois more recently explained, *Sara Lee* and *Republic Technologies* (and the other cases the FTC relies on) got it wrong; "the stronger current of the case law flows in the other direction." *Kraft Foods*, 2023 WL 5647204, at *10. And while "Rule 32(a)(3) gives special treatment for Rule 30(b)(6) depositions of adverse *parties*," there is "no comparable accommodation for Rule 30(b)(6) depositions of *non-parties*." *Id.* at *11.

Finally, the FTC relies on *Thomas v. Moreland*, 2023 WL 11199295 (D.D.C. Nov. 6, 2023), *aff'd*, 2024 WL 3709364 (D.C. Cir. Aug. 8, 2024) (per curiam), but *Thomas* holds only that a district court can rely on the 30(b)(6) testimony of a third party "in deciding a *summary judgment* motion." *Id.* at *13 (emphasis added). It could do so because "[c]ourts may consider the testimony of a Rule 30(b)(6) witness[ ] at summary judgment even if it would otherwise be inadmissible hearsay" since "'evidence considered at the summary judgment stage need not be "in a form that would be admissible at trial," as long as the evidence could ultimately be presented in an admissible form.'" *Id.* at *13 n.9 (quoting *Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 430 (6th Cir. 2018), quoting in turn *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Although *Moreland* cited *Brazos*, it did so in *dicta*. *Moreland*'s holding did not address the admissibility of evidence *at trial*, which is governed by Rule 602.

The FTC tries (at 12-16) to distinguish the facts of a few of the many cases that reject the argument the FTC is advancing here. But distinguishing a few of the many cases that reject the

FTC's legal position on their facts does little to help the FTC. The FTC is asking the Court to craft a novel rule that not only ignores the plain language of Rule 602 but also deviates from what the FTC has itself described elsewhere as "a **cardinal rule** of admissibility that a fact witness must have personal knowledge of the subjects upon which they testify." Ex. 1 at 3-4 (emphasis added). "It is [the proponent's] burden to establish that their designated third-party testimony is admissible as based on the witness' personal knowledge," and, "[i]n the absence of such a showing, admissibility will not be presumed and the testimony is precluded." *FTC v. Vyera Pharms., LLC*, 2021 WL 5300019, at *2 (S.D.N.Y. Nov. 15, 2021). The FTC has not even attempted to carry that burden, and the testimony at issue should be excluded accordingly.

Moreover, even if *Republic Technologies, Sara Lee*, or *Qualcomm* were correctly decided – and Meta respectfully submits that they were not – they would not counsel in favor of admission of the testimony the FTC seeks to admit here. The testimony in *Republic Technologies* and *Sara Lee* related to discrete and straightforward issues, such as the date a company started selling a product, and the application of the entity's "licensing policies." *See Republic Techs.*, 2020 WL 10505198, at *1; *Sara Lee*, 276 F.R.D. at 503-04. The court in *Sara Lee* also warned that "dangers of testimony based on corporate knowledge multiply where the Rule 30(b)(6) witness is a third party rather than an opposing party." *Id.* at 504. And in *Qualcomm*, the court declined to quash a trial subpoena primarily based on the fact that the witness that was deposed from Bain had "personal knowledge" about testimony that was to be elicited. *See Qualcomm* Order at 2 (FTC Mot. Ex. J). Although the court incorrectly held that the witness would be allowed to testify about matters within Bain's "corporate knowledge" relating to a specific analysis it had performed, *see id.*, the court's opinion in the case cited only testimony that the witness offered based on his personal experience and understanding. *See FTC*

*v. Qualcomm Inc.*, 411 F. Supp. 3d 658, 768, 801 (N.D. Cal. 2019), *rev'd and vacated*, 969 F.3d 974 (9th Cir. 2020).

In contrast to those cases, the contemplated corporate testimony at issue here concerns the hotly contested and potentially case-dispositive issue of market definition in a rapidly evolving industry. This is not a topic on which a company can have a static "corporate" position. Different witnesses have different perspectives on this key issue based on their personal knowledge and experience, and assessing the credibility of that testimony is the purpose of trial. Admitting the testimony the FTC seeks to elicit in this motion in violation of the Federal Rules of Evidence could be consequential and prejudicial.

In any case, the FTC has shown no basis to short circuit the Federal Rules of Evidence. Multiple fact witnesses from these nonparty entities have testified about the competitive landscape based on personal knowledge and are available to testify at trial, including the individual who was appointed interim CEO of TikTok the same year ByteDance's counsel prepared one of the foreign regulatory advocacy pieces at issue in the contemplated testimony.

## CONCLUSION

The Court should reject the FTC's attempt to flood the record with evidence unmoored from personal knowledge and deny the FTC's motion.

Dated: March 7, 2025

Respectfully submitted,

/s/ Mark C. Hansen
Mark C. Hansen (D.C. Bar No. 425930)
Aaron M. Panner (D.C. Bar No. 453608)
Geoffrey M. Klineberg (D.C. Bar No. 444503)
Kevin D. Horvitz (D.C. Bar No. 1521032)
Diego Negrón-Reichard (D.C. Bar No. 90020200)*
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*

\* Application for admission to the Bar of the U.S. District Court for the District of Columbia pending.