IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, | |
| Plaintiff, | |
| v. | Civil Action No. 1:20-cv-03590 (JEB) |
| **META PLATFORMS, INC.** | **PUBLIC VERSION** |
| Defendant. | |

**Declaration of Susan Musser in Support of Plaintiff Federal Trade Commission's Motion to Exclude Untimely and Cherry-Picked Evidence**

I, Susan Musser, declare as follows:

1. I am Chief Trial Counsel for the Federal Trade Commission ("FTC") Bureau of Competition. I am over the age of 18 and a counsel of record for the FTC in the above-captioned matter. I make this declaration based on personal knowledge. I make this declaration in support of Plaintiff's Motion to Exclude Untimely and Cherry-Picked Evidence.

2. At the start of discovery in this case, Meta argued for extended fact and expert discovery periods. *See* Meta's Rule 16.8 Statement (Feb. 22, 2022), ECF No. 100 (arguing for extended fact discovery and expert discovery periods).

3. On March 3, 2022, the Court issued a Scheduling Order stating that fact discovery would close on May 22, 2023 and expert discovery would close on January 5, 2024. Scheduling Order at 1 (March 3, 2022), ECF No. 103.

4. On May 10, 2023, the Court approved a limited extension of the fact discovery deadline to permit production of a limited set of materials. *See* Hr'g Tr. at 20:15-21:12 (May 10,

1

2023) (ordering that Meta produce discovery not beyond May 31, 2023).

5. On June 8, 2023, the Court ordered a limited extension of the original expert discovery deadline from January 5, 2024 to February 20, 2024, at the parties' joint request. Minute Order (June 8, 2023).

6. The parties completed disclosure of their expert reports, and all experts were deposed, by the expert discovery deadline of February 20, 2024.

7. At no point since May 2023 (the close of fact discovery) or February 2024 (close of expert discovery) has Meta approached the FTC to request or suggest that the discovery record be "refreshed" as time passed or in advance of trial.

8. Throughout the course of this litigation, Meta has repeatedly emphasized the close of fact discovery when seeking to compel FTC responses or to quash discovery requests to Meta. *See, e.g.*, Jt. Status Rep. at 35-36 (May 31, 2023), ECF No. 301 ("The FTC's request for additional communications and data 'relating to' these efforts is cumulative and disproportionate to the needs of the litigation at this late stage."); Jt. Status Rep. at 43, 48, 49, 50, 55, 56, 60-61, 64 (May 2, 2023), ECF No. 286 (citing close of fact discovery both as basis to require FTC responses and limit Meta responses); Jt. Status Rep. at 37 (Jan. 31, 2023), ECF No. 237 ("While Meta has been expeditiously pursuing non-party discovery, it has relied on that fact discovery deadline, and cutting short the timeline for non-party discovery would significantly prejudice Meta's ability to get the discovery it needs to defend against the FTC's ever-changing theories."); Meta Opp. to Mot. to Show Cause at 2-3 (Aug. 5, 2022), ECF No. 168 (citing June 30, 2022 cutoff date as a reason to delay completing document production).

9. Meta has also refused to consent to the extension of fact discovery deadlines. Attached to

this declaration as Exhibit A is a true and correct copy of an email from Kevin Horvitz to Daniel Matheson (April 20, 2023) ("Meta does not consent to the extension of the fact discovery deadline in the case or to the FTC taking depositions after the operative deadline.").

10. On April 5, 2023, almost two months before the close of fact discovery, the FTC sent a letter to Meta requesting that it update its production through April 1, 2023.  Attached to this declaration as Exhibit B is a true and correct copy of a letter from Daniel Matheson to Kenneth Fetterman (April 5, 2023).  Meta claimed burden at the idea of "refreshing" its document productions for the FTC as the close of fact discovery approached, and only agreed to a limited scope refresh in the first quarter of 2023 for a limited number of custodians.  Meta Brief in Opp. at 2-3 (Apr. 21, 2023), ECF No. 276 (objecting that "[t]he FTC now unfairly casts aside Meta's settled expectations and demands that Meta redo its prior collections to find documents created after June 30, 2022" and "[w]ith just a month of fact discovery left, Meta should not be forced to also bear the immense burden of additional collection, review, and production of even more First RFP documents"); *see also* Jt. Status Rep. at 36-37, 60-62 (May 2, 2023), ECF No. 286.

11. On February 20, 2025, one year after the close of expert discovery and with no advance notice to the FTC, Meta produced additional data to the FTC. ███████████ ███████████████████████████████████ ████████████████████████. Attached to this declaration as Exhibit C is a true and correct copy of a letter from Lily Smith to Nathan Brenner (February 20, 2025).

12. On February 21, 2025, the FTC objected to this late production and promptly requested a

3

meet and confer during which Meta revealed it would be using this late-produced data to supplement the report of one of their economic experts, Professor Carlton.

13. On February 28, 2025, again without warning, Meta sent the FTC another production of data. Attached to this declaration as Exhibit D is a true and correct copy of a letter from Lily Smith to Nathan Brenner (February 28, 2025).

14. On March 6, 2025, Meta sent the FTC a supplemental expert report from Professor Carlton ███████████████████████████████████████████ ███████████████████. Attached to this declaration as Exhibit E is a true and correct copy of Professor Carlton's supplemental expert report dated March 6, 2025.

15. Also attached to this declaration as Exhibit F is a true and correct copy of excerpts from Professor Carlton's initial expert report, PX9019, dated October 3, 2023.

16. Meta has asserted the right to have its other expert witnesses "rely on" the data it produced on February 20, 2025 and February 28, 2025 "to support their disclosed opinions" at trial. Attached to this declaration as Exhibit G is a true and correct copy of an email from Lily Smith to Susan Musser dated March 3, 2025. *See also* Jt. Pretrial Statement at 24 (Mar. 12, 2025), ECF No. 417 ("This is evidence that will further support the *existing, disclosed* opinions of Meta's expert witnesses.").

17. In addition to Meta's own productions, Meta is seeking additional documents and data from third parties. Over the last month, Meta has issued seven new document subpoenas to a subset of its witnesses from TikTok, Alphabet, and Snap. These subpoenas seek information about usage data on each witnesses' respective apps during the beginning of 2025 as well as "[d]ocuments created on or after December 1, 2024 discussing or analyzing the anticipated and actual impact of the TikTok Outage on user engagement or

usage of YouTube, Facebook, Instagram, Snapchat, or other competing Products." Attached to this declaration as Exhibit H is a true and correct copy of an excerpt from the trial subpoena Meta issued to Debbie Weinstein (Alphabet) dated February 5, 2025. The six other trial subpoenas contain substantially similar requests.

18. While Meta has not included its late-produced data, or any documents or data responsive to its late third-party subpoenas, on its final exhibit list, it has represented in the course of meet and confers that it intends to rely on this information during trial.

19. Also attached to this declaration as Exhibit I is a true and correct copy of an excerpt from Professor Hemphill's rebuttal expert report, PX9007, dated December 5, 2023 (corrected December 8, 2023).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of March, 2025, in Washington, District of Columbia.

Respectfully submitted,

*/s/ Susan Musser*
Susan Musser (D.C. Bar 1531486)