# Exhibit A

**Matheson, Daniel**

| | |
|---|---|
| **From:** | Horvitz, Kevin D. <khorvitz@kellogghansen.com> |
| **Sent:** | Thursday, April 20, 2023 9:47 PM |
| **To:** | Matheson, Daniel; Cerilli, Krisha; Dimoscato, Maria; Masters, Owen; Smith, Michael; Steephen, Sunila; Wilson, Dominique; Zuver, Robert |
| **Cc:** | Hansen, Mark C.; Huff, Kevin B.; Webster, James M.; Scheinkman, Michael; Gringer, David; Mehta, Sonal; Vanderslice, Paul T; Strikis, Silvija A.; gklineberg-contact; Fetterman, Kenneth M. |
| **Subject:** | FTC v. Meta Platforms - 1:20-cv-03590-JEB - Fact Discovery Deadline |

Counsel:

It has come to our attention that the FTC has indicated to certain nonparties that it does not intend to abide by the fact discovery deadline in this case.  Specifically, counsel for Amazon informed us today that the FTC consented to the deposition of Chris Mead occurring after the May 22 cutoff for the close of fact discovery.  We have also been informed that the FTC told counsel for TikTok that it is "inevitable" that certain nonparty depositions will occur after the May 22 deadline.

Meta does not consent to the extension of the fact discovery deadline in the case or to the FTC taking depositions after the operative deadline.  And to the extent that the FTC has suggested or will suggest to any nonparty that has been noticed or cross-noticed for a deposition by Meta in this action that the deposition need not be conducted by May 22, the FTC is unambiguously interfering with the enforcement of Meta's lawfully issued subpoenas.

Please promptly confirm that the FTC will retract any such statements it has made to nonparties, and that it will not tell any other nonparties that depositions can occur after the current deadline for the close of fact discovery.

Meta reserves all rights to seek further relief as appropriate.

Regards,

Kevin


**Kevin D. Horvitz**
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, PLLC**
1615 M Street, NW | Suite 400 | Washington, DC 20036
Tel: (202) 326-7909 | Fax: (202) 326-7999

NOTICE:  This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication.  Thank you.

# Exhibit B

**Filed Under Seal**

# Exhibit C

**Filed Under Seal**

# Exhibit D

**Filed Under Seal**

# Exhibit E

**Filed Under Seal**

# Exhibit F

**Filed Under Seal**

# Exhibit G

| | |
|---|---|
| **From:** | Smith, Lillian V. <lsmith@kellogghansen.com> |
| **Sent:** | Monday, March 3, 2025 6:06 PM |
| **To:** | Musser, Susan |
| **Cc:** | Miller, Noel; Matheson, Daniel; Masters, Owen; Smith, Michael; Cerilli, Krisha; Zuver, Robert; Dimoscato, Maria; Galvan, Patricia V.; Brenner, Nathan; Murphy, Quinn; Albright, Isaiah; Hinson, Hunter; Gretz, Douglas; Weinberger, Elan; Hansen, Mark C.; Panner, Aaron M.; Leo, Evan T.; Huff, Kevin B.; Fetterman, Kenneth M.; gklineberg-contact; Strikis, Silvija A.; Hall, Joseph S.; Miller, Kevin J.; Dorris, Daniel V.; Hartman, Jacob E.; Parkinson, Alex A.; Paul, Ana N.; Polavarapu, Aaseesh P.; Horvitz, Kevin D.; White, Collin R.; Migdal, Ariela M.; Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com; michael.scheinkman@davispolk.com; Rouhandeh, James; Skaras, Andrew P.; Block, Geoffrey J.H. |
| **Subject:** | RE: FTC v. Meta Platforms - 1:20-cv-03590 | Late Data Production |

Susan,

Meta continues to disagree with the FTC's characterization of Meta's data productions as "late-produced" and "improperly-produced."  Meta's data productions are timely and proper under the Federal Rules and the Court's orders.

To address the FTC's questions, Professor Carlton intends to rely on the data Meta produced on February 20 and February 28 to support existing opinions in his October 3, 2023 Expert Report.  Professor Carlton will provide a supplement to his report showing how he intends to rely on the February 20 and February 28 data.  Meta will provide that supplement by March 7, 2025, as the FTC has requested.  Meta does not presently intend to produce any additional data but reserves the right to do so.  Meta does not anticipate providing any other supplemental reports at this time; to be clear, however, Meta's expert witnesses may rely on these data or other recent evidence to support their disclosed opinions, and Meta's fact witnesses likewise may testify about these data or other current business realities.

Regards,
Lily

**Lillian V. Smith**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7974

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Musser, Susan <smusser@ftc.gov>
**Sent:** Saturday, March 1, 2025 2:33 PM
**To:** Smith, Lillian V. <lsmith@kellogghansen.com>
**Cc:** Miller, Noel <nmiller2@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Smith, Michael <msmith9@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Zuver, Robert <rzuver@ftc.gov>; Dimoscato, Maria <mdimoscato@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Murphy, Quinn <qmurphy@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Weinberger, Elan <eweinberger@ftc.gov>; Hansen, Mark C. <mhansen@kellogghansen.com>;

Panner, Aaron M. <apanner@kelloghansen.com>; Leo, Evan T. <eleo@kelloghansen.com>; Huff, Kevin B. <khuff@kelloghansen.com>; Fetterman, Kenneth M. <kfetterman@kelloghansen.com>; Klineberg, Geoffrey M. <gklineberg@kelloghansen.com>; Strikis, Silvija A. <sstrikis@kelloghansen.com>; Hall, Joseph S. <jhall@kelloghansen.com>; Miller, Kevin J. <kmiller@kelloghansen.com>; Dorris, Daniel V. <ddorris@kelloghansen.com>; Hartman, Jacob E. <jhartman@kelloghansen.com>; Parkinson, Alex A. <aparkinson@kelloghansen.com>; Paul, Ana N. <apaul@kelloghansen.com>; Polavarapu, Aaseesh P. <apolavarapu@kelloghansen.com>; Horvitz, Kevin D. <khorvitz@kelloghansen.com>; White, Collin R. <cwhite@kelloghansen.com>; Migdal, Ariela M. <amigdal@kelloghansen.com>; Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com; michael.scheinkman@davispolk.com; Rouhandeh, James <rouhandeh@davispolk.com>; Skaras, Andrew P. <askaras@kelloghansen.com>; Block, Geoffrey J.H. <gblock@kelloghansen.com>

**Subject:** [EXTERNAL] RE: FTC v. Meta Platforms - 1:20-cv-03590 | Late Data Production


Counsel –

Last night, Meta sent yet another late-produced set of data.  We ask that Meta answer a similar set of questions for this set of data as it did for the last set of improperly-produced set of data.

- How does Meta intend to use this data?
- To the extent Meta intends to use this data with an expert, which expert?
- To the extent that Meta is supplementing any expert report we ask that you provide us with any supplementation by March 7.  Will Meta agree to do so?
- Separately, does Meta intend to produce any more data?  If so, when?

We ask that Meta provide a response to these questions (and to those posed in my February 27 email below) as soon as practicable but no later than EOD on **Monday, March 3**.    Again, we reserve all rights to object to the admission or use of this data during the proceedings as well as any such relief that may be necessary to offset the prejudice to the FTC.


Susan

---

**From:** Musser, Susan
**Sent:** Thursday, February 27, 2025 10:00 PM
**To:** Smith, Lillian V. <lsmith@kelloghansen.com>
**Cc:** Miller, Noel <nmiller2@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Smith, Michael <msmith9@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Zuver, Robert <rzuver@ftc.gov>; Dimoscato, Maria <mdimoscato@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Murphy, Quinn <qmurphy@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Weinberger, Elan <eweinberger@ftc.gov>; Hansen, Mark C. <mhansen@kelloghansen.com>; Panner, Aaron M. <apanner@kelloghansen.com>; Leo, Evan T. <eleo@kelloghansen.com>; Huff, Kevin B. <khuff@kelloghansen.com>; Fetterman, Kenneth M. <kfetterman@kelloghansen.com>; gklineberg-contact <gklineberg@kelloghansen.com>; Strikis, Silvija A. <sstrikis@kelloghansen.com>; Hall, Joseph S. <jhall@kelloghansen.com>; Miller, Kevin J. <kmiller@kelloghansen.com>; Dorris, Daniel V. <ddorris@kelloghansen.com>; Hartman, Jacob E. <jhartman@kelloghansen.com>; Parkinson, Alex A. <aparkinson@kelloghansen.com>; Paul, Ana N. <apaul@kelloghansen.com>; Polavarapu, Aaseesh P. <apolavarapu@kelloghansen.com>; Horvitz, Kevin D. <khorvitz@kelloghansen.com>; White, Collin R. <cwhite@kelloghansen.com>; Migdal, Ariela M. <amigdal@kelloghansen.com>; Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com; michael.scheinkman@davispolk.com; Rouhandeh, James <rouhandeh@davispolk.com>; Skaras, Andrew P. <askaras@kelloghansen.com>; Block, Geoffrey J.H. <gblock@kelloghansen.com>
**Subject:** RE: FTC v. Meta Platforms - 1:20-cv-03590 | Late Data Production

Counsel –

We write to follow up on Monday's meet and confer.  Specifically, can Meta please answer the below questions as soon as practicable but no later than **EOD on Monday, March 3**.

- **Supplementation of Dr. Carlton's expert report**:  We understand that Meta intends to use the data produced on February 20 to supplement Dr. Carlton's expert report.  Can you provide an explanation regarding the contours of any supplementation?  Namely, does Dr. Carlton intend to conduct both a Tik-Tok outage event study as well as a broader analysis of the recently-produced usage data?  If Meta's intent is to conduct a broader usage study can you please describe the contours of any such analysis.

- **Date of Supplementation**:  We ask that Meta provide any supplementation of its expert reports no later than March 7 so the FTC can meaningfully engage with Meta and, if necessary, seek timely relief before the pretrial conference.  Let us know if Meta agrees to produce any supplemental expert report by March 7.  If it does not, let us know by which date Meta will produce any such supplementation.

- **Supplementation of Experts Other Than Dr. Carlton**:  Please confirm that Meta does not intend to supplement the report of Dr. List or any expert other than Dr. Carlton.  Please also confirm that Meta maintains its position that it will not seek to adduce testimony beyond the scope of each of its witness's expert report. That includes confirming, for instance, that Dr. List will not be testifying at trial regarding the List Table II-1 data you produced with your February 20th letter, or any of the other data produced with that letter.

Finally, the cases that you sent over do not alleviate our concerns and, if anything, serves only to elevate them.  Namely, as lead counsel on Kroger, I will represent that the Judge expressed skepticism regarding Defendants' late supplementation of Dr. Israel's expert reports, which was not even as late and prejudicial as what Meta is proposing to do here.

Best,

Susan

---

**From:** Smith, Lillian V. <lsmith@kellogghansen.com>
**Sent:** Wednesday, February 26, 2025 11:27 AM
**To:** Musser, Susan <smusser@ftc.gov>
**Cc:** Miller, Noel <nmiller2@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Smith, Michael <msmith9@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Zuver, Robert <rzuver@ftc.gov>; Dimoscato, Maria <mdimoscato@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Murphy, Quinn <qmurphy@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Weinberger, Elan <eweinberger@ftc.gov>; Hansen, Mark C. <mhansen@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Leo, Evan T. <eleo@kellogghansen.com>; Huff, Kevin B. <khuff@kellogghansen.com>; Fetterman, Kenneth M. <kfetterman@kellogghansen.com>; gklineberg-contact <gklineberg@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Migdal, Ariela M. <amigdal@kellogghansen.com>; Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com; michael.scheinman@davispolk.com; Rouhandeh, James <rouhandeh@davispolk.com>; Skaras, Andrew P. <askaras@kellogghansen.com>; Block, Geoffrey J.H.

<gblock@kelloghhansen.com>
**Subject:** RE: FTC v. Meta Platforms - 1:20-cv-03590 | Late Data Production

Susan,

You asked us for precedent showing that courts may review post-discovery evidence that can inform current market conditions.  Among other cases, we would refer you to:

- *FTC v. Kroger Co.*, No. 3:24-cv-00347-AN (D. Or. Aug. 16, 2024), ECF No. 407
- *BoDeans Cone Co. v. Norse Dairy Systems*, LLC, 678 F. Supp. 2d 883 (N.D. Iowa 2009)

During the meet and confer you cited only *Qualcomm*, in which the district court barred Qualcomm from introducing evidence of post-discovery events.  *See FTC v. Qualcomm Inc.*, 2018 WL 6597273 (N.D. Cal. Dec. 13, 2018).  *Qualcomm* is distinguishable on a number of bases, including the underlying conduct at issue, the post-discovery evidence Qualcomm sought to admit, and the time between the close of discovery and when Qualcomm sought to introduce the new evidence.  In any event, we are not aware of any courts in antitrust cases adopting the *Qualcomm* order and holding that a party may not introduce relevant, post-discovery evidence.  If, however, you're aware of any additional case law in the antitrust context, please let us know, and we will consider it.

Regards,
Lily

**Lillian V. Smith**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7974

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

---

**From:** Musser, Susan <smusser@ftc.gov>
**Sent:** Friday, February 21, 2025 4:41 PM
**To:** Smith, Lillian V. <lsmith@kelloghhansen.com>
**Cc:** Miller, Noel <nmiller2@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Smith, Michael <msmith9@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Zuver, Robert <rzuver@ftc.gov>; Dimoscato, Maria <mdimoscato@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Murphy, Quinn <qmurphy@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Weinberger, Elan <eweinberger@ftc.gov>; Hansen, Mark C. <mhansen@kelloghhansen.com>; Panner, Aaron M. <apanner@kelloghhansen.com>; Leo, Evan T. <eleo@kelloghhansen.com>; Huff, Kevin B. <khuff@kelloghhansen.com>; Fetterman, Kenneth M. <kfetterman@kelloghhansen.com>; Klineberg, Geoffrey M. <gklineberg@kelloghhansen.com>; Strikis, Silvija A. <sstrikis@kelloghhansen.com>; Hall, Joseph S. <jhall@kelloghhansen.com>; Miller, Kevin J. <kmiller@kelloghhansen.com>; Dorris, Daniel V. <ddorris@kelloghhansen.com>; Hartman, Jacob E. <jhartman@kelloghhansen.com>; Parkinson, Alex A. <aparkinson@kelloghhansen.com>; Paul, Ana N. <apaul@kelloghhansen.com>; Polavarapu, Aaseesh P. <apolavarapu@kelloghhansen.com>; Horvitz, Kevin D. <khorvitz@kelloghhansen.com>; White, Collin R. <cwhite@kelloghhansen.com>; Migdal, Ariela M. <amigdal@kelloghhansen.com>; Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com; michael.scheinkman@davispolk.com; Rouhandeh, James <rouhandeh@davispolk.com>; Skaras, Andrew P. <askaras@kelloghhansen.com>
**Subject:** [EXTERNAL] RE: FTC v. Meta Platforms - 1:20-cv-03590 | Late Data Production

Just sent.  Please forward to your team as needed.

Susan

**From:** Smith, Lillian V. <lsmith@kellogghansen.com>
**Sent:** Friday, February 21, 2025 4:37 PM
**To:** Musser, Susan <smusser@ftc.gov>
**Cc:** Miller, Noel <nmiller2@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Smith, Michael <msmith9@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Zuver, Robert <rzuver@ftc.gov>; Dimoscato, Maria <mdimoscato@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Murphy, Quinn <qmurphy@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Weinberger, Elan <eweinberger@ftc.gov>; Hansen, Mark C. <mhansen@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Leo, Evan T. <eleo@kellogghansen.com>; Huff, Kevin B. <khuff@kellogghansen.com>; Fetterman, Kenneth M. <kfetterman@kellogghansen.com>; gklineberg-contact <gklineberg@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Migdal, Ariela M. <amigdal@kellogghansen.com>; Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com; michael.scheinkman@davispolk.com; Rouhandeh, James <rouhandeh@davispolk.com>; Skaras, Andrew P. <askaras@kellogghansen.com>
**Subject:** RE: FTC v. Meta Platforms - 1:20-cv-03590 | Late Data Production

Let's do 4 p.m.  Would you like me to send a Zoom invite, or will you?

Thanks,
Lily

**Lillian V. Smith**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7974

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Musser, Susan <smusser@ftc.gov>
**Sent:** Friday, February 21, 2025 4:31 PM
**To:** Smith, Lillian V. <lsmith@kellogghansen.com>
**Cc:** Miller, Noel <nmiller2@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Smith, Michael <msmith9@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Zuver, Robert <rzuver@ftc.gov>; Dimoscato, Maria <mdimoscato@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Murphy, Quinn <qmurphy@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Weinberger, Elan <eweinberger@ftc.gov>; Hansen, Mark C. <mhansen@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Leo, Evan T. <eleo@kellogghansen.com>; Huff, Kevin B. <khuff@kellogghansen.com>; Fetterman, Kenneth M. <kfetterman@kellogghansen.com>; Klineberg, Geoffrey M. <gklineberg@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Migdal, Ariela M. <amigdal@kellogghansen.com>; Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com; michael.scheinkman@davispolk.com; Rouhandeh, James

<rouhandeh@davispolk.com>; Skaras, Andrew P. <askaras@kellogghansen.com>
**Subject:** [EXTERNAL] RE: FTC v. Meta Platforms - 1:20-cv-03590 | Late Data Production

Lily –

We are available from 3-3:30 or after 4:00 to discuss.  Let us know what time works for you and we will calendar accordingly.

Susan

---

**From:** Smith, Lillian V. <lsmith@kellogghansen.com>
**Sent:** Friday, February 21, 2025 3:51 PM
**To:** Musser, Susan <smusser@ftc.gov>
**Cc:** Miller, Noel <nmiller2@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Smith, Michael <msmith9@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Zuver, Robert <rzuver@ftc.gov>; Dimoscato, Maria <mdimoscato@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Murphy, Quinn <qmurphy@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Weinberger, Elan <eweinberger@ftc.gov>; Hansen, Mark C. <mhansen@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Leo, Evan T. <eleo@kellogghansen.com>; Huff, Kevin B. <khuff@kellogghansen.com>; Fetterman, Kenneth M. <kfetterman@kellogghansen.com>; gklineberg-contact <gklineberg@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Migdal, Ariela M. <amigdal@kellogghansen.com>; Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com; michael.scheinkman@davispolk.com; Rouhandeh, James <rouhandeh@davispolk.com>; Skaras, Andrew P. <askaras@kellogghansen.com>
**Subject:** RE: FTC v. Meta Platforms - 1:20-cv-03590 | Late Data Production

Susan,

We disagree with the FTC's characterization of Meta's data production but will agree to meet and confer to discuss the issues the FTC has raised.  We are generally available on Monday after 10:30 a.m.  Please let us know what time the FTC prefers, and I can circulate a calendar invite with a Zoom link.

Thanks,
Lily

**Lillian V. Smith**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7974

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

---

**From:** Musser, Susan <smusser@ftc.gov>
**Sent:** Friday, February 21, 2025 12:56 PM
**To:** Smith, Lillian V. <lsmith@kellogghansen.com>
**Cc:** Miller, Noel <nmiller2@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Smith, Michael <msmith9@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Zuver, Robert <rzuver@ftc.gov>; Dimoscato, Maria

<mdimoscato@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Murphy, Quinn <qmurphy@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Weinberger, Elan <eweinberger@ftc.gov>; Hansen, Mark C. <mhansen@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Leo, Evan T. <eleo@kellogghansen.com>; Huff, Kevin B. <khuff@kellogghansen.com>; Fetterman, Kenneth M. <kfetterman@kellogghansen.com>; Klineberg, Geoffrey M. <gklineberg@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Migdal, Ariela M. <amigdal@kellogghansen.com>; Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com; michael.scheinkman@davispolk.com; Rouhandeh, James <rouhandeh@davispolk.com>; Skaras, Andrew P. <askaras@kellogghansen.com>

**Subject:** [EXTERNAL] FTC v. Meta Platforms - 1:20-cv-03590 | Late Data Production

Counsel:

As you are well aware, both fact and expert discovery is long over. *See, e.g.*, ECF No. 103 ("Fact discovery shall close on May 22, 2023" and "[E]xpert discovery shall close on January 5, 2024); ECF No. 295 (granting FTC's motion to compel additional discovery). As such we were surprised to receive Meta's improper, untimely production last night which violates this Court's scheduling order as well as the Parties prior agreements and/or Court orders regarding the scope of any refresh. *See, e.g.,* ECF Nos. 282, 295, and 304. Given the improper nature of this late-breaking production as well as the impending pre-trial deadlines, we request a meet and confer either today or Monday at the latest. During that meet and confer, we would like to discuss the following: Meta's explanation for why its untimely production is proper; how Meta intends to use this data (specifically, whether it will be introducing a supplemental expert report, whether it will be supplementing its exhibit list with this data, or whether it will be introducing this data through a 1006 exhibit). For the avoidance of doubt, the FTC reserves all rights to object to the introduction of this late-produced data or to seek any such relief as may be necessary to address both Meta's violation of any court order or to mitigate any corresponding prejudice to the FTC.

Please respond as to a time you are available to meet and confer on this issue.

Susan

# Exhibit H

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

District of Columbia

| | |
|---|---|
| Federal Trade Commission | ) |
| _Plaintiff_ | ) |
| v. | )      Civil Action No.   1:20-cv-3590-JEB |
| Meta Platforms, Inc. | ) |
| _Defendant_ | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Debbie Weinstein c/o Greg Wells, Vinson & Elkins LLP
Google, Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043

_____
*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: U.S. District Court for the District of Columbia<br>333 Constitution Avenue N.W. Washington D.C. 20001 | Courtroom No.: 22A |
|---|---|
| | Date and Time: 04/14/2025 9:30 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:
     Please see the document subpoena attached as Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/05/2025
_____

        *CLERK OF COURT*

                                 OR

|  |  |
|---|---|
| _____ | s/Mark C. Hansen<br>_____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
     Meta Platforms, Inc.            , who issues or requests this subpoena, are:

Mark C. Hansen, Kellogg, Hansen, Todd, Figel & Frederick, PLLC, 1615 M Street, N.W., Washington, D.C. 20036, mhansen@kellogghansen.com, 202-326-7900

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No.  1:20-cv-3590-JEB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

## EXHIBIT A

## INSTRUCTIONS

1.      In answering each request, You are to produce all responsive Documents in Your

possession, custody, or control, regardless of whether the Document is possessed by You or

Your agents, attorneys, or representatives.  The term "possession" includes, but is not limited to,

legal (de jure), actual (de facto), constructive, and practical possession.

2.      The words "and" and "or" shall be construed both conjunctively and

disjunctively, and each shall include the other wherever such dual construction will serve to

bring within the scope of these requests any Document that would otherwise not be brought

within their scope.

3.      The singular forms shall include the plural and vice versa wherever such dual

construction will serve to bring within the scope of these requests any Document that would

otherwise not be brought within their scope.

4.      The use of a verb in any tense, mood, or voice shall be construed as the use of the

verb in all tenses, moods, or voices, as necessary to bring within the scope of a topic all information

that might otherwise be construed to be outside of its scope.

5.      If Documents are withheld under any claim of privilege, including, but not limited

to, attorney-client privilege and/or work product doctrine, provide a privilege log that complies

with Federal Rule of Civil Procedure 26(b)(5), identify each such document, and state the

specific basis for the claim of privilege for each document withheld, and provide the following

information: (1) the date appearing on the document; (2) a description of the general nature of

the document (e.g., whether it is a letter, memorandum, e-mail, etc.); (3) the author of the

document; and (4) the identity of each person to whom the document was addressed and the

1

identity of each person to whom a copy was sent.

6.      If any request cannot be responded to completely, respond to it to the extent possible, specify the portion(s) that cannot be responded to, and explain why any such portion(s) cannot be responded to.

7.      Produce all Documents in electronic format in accordance with the ESI Protocol attached hereto as Exhibit 1.

8.      Attached for reference is the Stipulation and Order Regarding Discovery Procedure attached hereto as Exhibit 2.

9.      Attached for reference is the Supplemental Declaration of Eric Meiring in Accordance with Section E(1) of the Protective Order attached hereto as Exhibit 3.

10.     Please contact Meta counsel Hilary M. Weaver at 202-367-7804 hweaver@kellogghansen.com to discuss how You intend to produce the Documents.

**<u>DEFINITIONS</u>**

1.      "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

2.      "Alphabet," "You," and "Yours" means Alphabet Inc., a Delaware corporation, its wholly or partially owned subsidiaries, parent companies, unincorporated divisions, joint ventures, partnerships, operations under assumed names, predecessors, affiliates, investment vehicles, and all directors, officers, partners, employees, agents, attorneys, consultants, and any other person or entity, working for or on behalf of any of the foregoing at any time during the period covered by this Subpoena.

3.      "Document" or "Documents" means all documents or electronically stored

2

information as defined in Federal Rule of Civil Procedure 34(a).

4.     "Facebook," unless the context requires otherwise, means the website Facebook.com and the mobile application "Facebook."

5.     "Instagram" means the website Instagram.com and the mobile application "Instagram."

6.     "Product" means any product, service, application, software, or technology offered by Meta or any other company, including, but not limited to, any product service, application, software, or technology that is no longer offered to users today.

7.     "Snapchat" means the website Snapchat.com and the mobile application "Snapchat."

8.     "TikTok" means the website TikTok.com and the mobile application "TikTok."

9.     "TikTok Outage" refers to the period of time on January 18, 2025 to January 19, 2025 that users in the United States were unable to use or access TikTok.

10.     "YouTube" means the website "YouTube.com" and the mobile application "YouTube."  For the avoidance of doubt, "YouTube" includes, but is not limited to, the "Home" tab, "Shorts" tab, and "Subscriptions" tab on the website YouTube.com and the YouTube mobile application, YouTube Premium, YouTube Music, and YouTube Kids.

## <u>DOCUMENTS REQUIRED TO BE PRODUCED</u>

**<u>REQUEST FOR PRODUCTION NO. 1</u>:**  Documents sufficient to identify the number of unique users, number of videos posted, and the time spent using YouTube on an hourly and daily basis from January 10, 2025 through February 2, 2025 in the United States.  For the avoidance of doubt, time spent includes watch time.

**<u>REQUEST FOR PRODUCTION NO. 2</u>:**  Documents created on or after December 1, 2024 discussing or analyzing the anticipated and actual impact of the TikTok Outage on user engagement or usage of YouTube, Facebook, Instagram, Snapchat, or other competing Products.

4

# Exhibit I

**Filed Under Seal**