# Exhibit 3

**(Excerpt)**

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| Federal Trade Commission | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:20-cv-3590-JEB |
| Meta Platforms, Inc. | ) |
| *Defendant* | ) |

**SUBPOENA TO APPEAR AND TESTIFY
AT A HEARING OR TRIAL IN A CIVIL ACTION**

To: Aaron Filner c/o Greg Wells, Vinson & Elkins LLP
YouTube (Alphabet Inc.), 1600 Amphitheatre Parkway, Mountain View, CA 94043

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: U.S. District Court for the District of Columbia 333 Constitution Avenue N.W. Washington D.C. 20001 | Courtroom No.: 22A |
|---|---|
| | Date and Time: 04/14/2025 9:30 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:
Please see the document subpoena attached as Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/05/2025

CLERK OF COURT

OR

_____           s/Mark C. Hansen
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Meta Platforms, Inc. , who issues or requests this subpoena, are:

Mark C. Hansen, Kellogg, Hansen, Todd, Figel & Frederick, PLLC, 1615 M Street, N.W., Washington, D.C. 20036, mhansen@kellogghansen.com, 202-326-7900

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 1:20-cv-3590-JEB

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

## EXHIBIT A

## **INSTRUCTIONS**

1. In answering each request, You are to produce all responsive Documents in Your possession, custody, or control, regardless of whether the Document is possessed by You or Your agents, attorneys, or representatives. The term "possession" includes, but is not limited to, legal (de jure), actual (de facto), constructive, and practical possession.

2. The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of these requests any Document that would otherwise not be brought within their scope.

3. The singular forms shall include the plural and vice versa wherever such dual construction will serve to bring within the scope of these requests any Document that would otherwise not be brought within their scope.

4. The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope of a topic all information that might otherwise be construed to be outside of its scope.

5. If Documents are withheld under any claim of privilege, including, but not limited to, attorney-client privilege and/or work product doctrine, provide a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5), identify each such document, and state the specific basis for the claim of privilege for each document withheld, and provide the following information: (1) the date appearing on the document; (2) a description of the general nature of the document (e.g., whether it is a letter, memorandum, e-mail, etc.); (3) the author of the document; and (4) the identity of each person to whom the document was addressed and the

identity of each person to whom a copy was sent.

6. If any request cannot be responded to completely, respond to it to the extent possible, specify the portion(s) that cannot be responded to, and explain why any such portion(s) cannot be responded to.

7. Produce all Documents in electronic format in accordance with the ESI Protocol attached hereto as Exhibit 1.

8. Attached for reference is the Stipulation and Order Regarding Discovery Procedure attached hereto as Exhibit 2.

9. Attached for reference is the Supplemental Declaration of Eric Mering in Accordance with Section E(1) of the Protective Order attached hereto as Exhibit 3.

10. Please contact Meta counsel Hilary M. Weaver at 202-367-7804 hweaver@kellogghansen.com to discuss how You intend to produce the Documents.

## **DEFINITIONS**

1. "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

2. "Alphabet," "You," and "Yours" means Alphabet Inc., a Delaware corporation, its wholly or partially owned subsidiaries, parent companies, unincorporated divisions, joint ventures, partnerships, operations under assumed names, predecessors, affiliates, investment vehicles, and all directors, officers, partners, employees, agents, attorneys, consultants, and any other person or entity, working for or on behalf of any of the foregoing at any time during the period covered by this Subpoena.

3. "Document" or "Documents" means all documents or electronically stored

information as defined in Federal Rule of Civil Procedure 34(a).

4. "Facebook," unless the context requires otherwise, means the website Facebook.com and the mobile application "Facebook."

5. "Instagram" means the website Instagram.com and the mobile application "Instagram."

6. "Product" means any product, service, application, software, or technology offered by Meta or any other company, including, but not limited to, any product service, application, software, or technology that is no longer offered to users today.

7. "Snapchat" means the website Snapchat.com and the mobile application "Snapchat."

8. "TikTok" means the website TikTok.com and the mobile application "TikTok."

9. "TikTok Outage" refers to the period of time on January 18, 2025 to January 19, 2025 that users in the United States were unable to use or access TikTok.

10. "YouTube" means the website "YouTube.com" and the mobile application "YouTube." For the avoidance of doubt, "YouTube" includes, but is not limited to, the "Home" tab, "Shorts" tab, and "Subscriptions" tab on the website YouTube.com and the YouTube mobile application, YouTube Premium, YouTube Music, and YouTube Kids.

**DOCUMENTS REQUIRED TO BE PRODUCED**

**REQUEST FOR PRODUCTION NO. 1:** Documents sufficient to identify the number of unique users, number of videos posted, and the time spent using YouTube on an hourly and daily basis from January 10, 2025 through February 2, 2025 in the United States. For the avoidance of doubt, time spent includes watch time.

**REQUEST FOR PRODUCTION NO. 2:** Documents created on or after December 1, 2024 discussing or analyzing the anticipated and actual impact of the TikTok Outage on user engagement or usage of YouTube, Facebook, Instagram, Snapchat, or other competing Products.