UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

META PLATFORMS, INC.,

    Defendant.

Civil Action No. 1:20-cv-03590-JEB

**JOINT [PROPOSED] ORDER REGARDING CONFIDENTIALITY PROCEDURES BEFORE AND AT TRIAL**

Upon consideration of the parties' proposals regarding confidentiality procedures, and following the parties' hearing with the Court on March 7, 2025, it is hereby **ORDERED** that the following procedures shall apply:

**(1) Exhibits**

    **a. Documents Containing Meta's Confidential or Highly Confidential Information Identified on Either Party's Exhibit List**

- On March 11, the parties each identified and exchanged with each other up to 50 exhibits on the parties' exhibit lists that Meta has designated Confidential or Highly Confidential. The parties attempted to resolve confidentiality issues over those exemplar exhibits and, for any exhibits over which disputes remained, were directed to brief the disputes according to the following schedule:

  - On March 18 Meta served on the FTC (and filed with the Court on March 19) a motion seeking confidential treatment of any of the 100 exhibits or portions thereof on which the parties could not reach agreement.

1

- o  By March 21 at 11:00 PM EST, the FTC shall file a response.
- o  By March 24, Meta shall file any reply in support of Meta's motion.
- The Court shall determine any further deadlines and necessary procedures regarding Meta-produced documents on the parties' exhibit lists after ruling on Meta's motion.

### b. **Documents Containing Meta's Confidential or Highly Confidential Information Not Identified on Either Party's Exhibit List**

To the extent the FTC plans to use a Meta-produced document previously marked Confidential or Highly Confidential under the Protective Order that is not on either party's final exhibit list (e.g., an impeachment document), the FTC must either (1) inform Meta, 48 hours in advance, of its intent to use the document, to allow Meta time to review and assess confidentiality for the document, or (2) alternatively, provide no notice but afford the document and related testimony Complete Nondisclosure treatment during the portion of the examination when the document is discussed.

Meta shall designate an outside attorney (or outside attorneys) walled off from the outside-counsel trial team to perform confidentiality review for this category of documents in consultation with Meta's in-house counsel (and, if necessary, to raise any disputes regarding confidentiality issues over this category of documents with the Court). The Meta in-house counsel consulted shall agree not to share the identity of this category of documents, or other information disclosed by the FTC during the 48-hour negotiation period, with the outside-counsel trial team before the documents have been used in an examination. In the event a dispute over the confidentiality of such document(s) cannot be resolved, the parties shall raise the dispute with the Court. If the Court rules that the disputed document(s) should be afforded Partial Nondisclosure treatment, and if the Court adopts one set of competing redactions over the other one, a copy of the document with the redactions the Court adopts shall be given to Meta's

outside-counsel trial team. Nothing in this provision prohibits the walled off attorney from receiving or sharing with the outside-counsel trial team other information relating to the case, so long as the walled-off attorney is not disclosing to the trial team disputed documents identified through this process that have not yet been used in an examination, or any other information disclosed by the FTC to the walled-off outside attorney during the 48-hour confidentiality negotiation process described in this subsection.

The Court may revisit the walled-off-attorney requirement in this subsection if, during trial, it proves to be impractical or unworkable.

**(2) Types of Confidentiality Treatment at Trial**

The parties shall use two levels of at-trial confidential treatment: Complete Nondisclosure and Partial Nondisclosure. "Complete Nondisclosure" means that the entire document will remain sealed from the public record and the courtroom would be closed when the document is discussed. "Partial Nondisclosure" means that the witness, attorneys for the parties, and Court may see an unredacted version of the document, but a redacted version will be shown on public-facing screens, and the questioner and witness may not to reveal the confidential portions of the document during questioning and testimony.

**(3) Nonparty Documents and Testimony**

- By March 20, each party shall:
    o Provide notice to nonparties of any nonparty documents that the nonparty designated Confidential or Highly Confidential appearing on the respective party's final exhibit list.

- o Provide notice to each nonparty of any of that nonparty's witnesses who appear on either party's final witness list (including both live witnesses or witnesses designated to testify via deposition).

- Absent agreement between Meta, the FTC, and the nonparty over confidentiality of the documents or testimony at issue, by March 31, any nonparty:

  - o Seeking to assert confidentiality over any of its produced documents, or portions of them, on either exhibit list shall file a motion with the Court to seek such treatment.

  - o With a "will call" witness on a party's final witness list shall file a motion seeking confidential treatment of any portions of that witness's deposition transcript.

- Any opposition to any nonparty's March 31 motion shall be filed by April 4.

- For any "may call" nonparty witness on a party's final witness list, the nonparty shall be given eight days' notice before the witness's potential testimony to assess the confidentiality of the witness's deposition transcript. Both parties and the nonparty shall in good faith attempt to reach agreement on the confidentiality of such witness's deposition transcript prior to the witness's testimony at trial (either live by deposition). If a dispute cannot be resolved prior to the witness's testimony, the nonparty shall raise it with the Court.

**(4) Meta's In-House Counsel**

The one in-house counsel for Meta who already has access to Confidential and Highly Confidential Information under the Protective Order may remain in the courtroom during portions of testimony requiring courtroom closure. This in-house counsel need not take any

additional steps to have access to such information at trial. This in-house counsel shall remain bound by the procedures and obligations imposed by the Protective Order.

**(5) Preparation of Exhibits**

To the extent redactions to any document or exhibit are necessary, the producing party or nonparty shall be responsible for preparing versions of exhibits that may be used publicly.

Nothing in this provision, or in this Trial Confidentiality Order, shall be construed as permitting a document previously marked Confidential or Highly Confidential under the Protective Order to be publicly disclosed by a party or nonparty other than the party or nonparty claiming confidentiality before the document has been admitted into evidence and used in open court with appropriate redactions.

Any such other public disclosure—besides when a producing party or nonparty discloses its own information—shall be governed by another order to be entered at a later date.

**IT IS SO ORDERED.**


DATED: _____                    _____
                                          Honorable James E. Boasberg
                                          United States District Court Chief Judge