IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC., <br><br> Defendant. | Case No. 1:20-cv-3590-JEB <br><br> HON. JAMES E. BOASBERG |

## THE NEW YORK TIMES COMPANY'S MOTION TO INTERVENE AND FOR ACCESS TO JUDICIAL RECORDS AND PROCEEDINGS

The New York Times Company ("The Times"), by and through its undersigned counsel, hereby moves to intervene and for access to the proceedings of and exhibits from the upcoming trial in this case. In support of this motion, The Times relies on the accompanying memorandum of points and authorities. A proposed order is also attached.

Pursuant to Local Rule 7(m), undersigned counsel for The Times certifies that The Times contacted Plaintiff and Defendant to determine whether they oppose the relief sought in this motion. The Times also met and conferred with the parties on the morning of March 23, 2025. Plaintiff later responded with the following statement:

> The FTC supports public access to judicial proceedings. At the same time, it is our position that party and third-party information that truly meets the sealing standard must be protected from inappropriate disclosure. As such, the FTC would agree to arrangements for providing public access to unsealed information used during the course of trial. That said, an order requiring the parties to publicly post material in an unnecessarily hasty fashion creates the potential for disputes or errors. As we communicated on the call, the FTC's position is that proposed intervenors should meet and confer with the parties to discuss the practicalities and timing of posting exhibits publicly. If given more time, the FTC will be better able to provide a more concrete position on what may be practicable. If all parties concerned can reach an accord, it could obviate the need for intervention and avoid unnecessarily burdening the Court.

Further, we believe that it is unnecessary and impractical for the parties to provide advance notice of the likelihood that a party will request sealing the courtroom. The Court has indicated that it will take a strict view of confidentiality assertions, wishes to avoid closing the courtroom to the public unless it is absolutely necessary, and will close the courtroom only for short periods of time.

Meta later responded with the following statement:

Meta, too, believes in the importance of public access to judicial records and is committed to ensuring that only commercially sensitive and personally private information is kept confidential. Meta's position, however, is that the Times's motion is premature. Meta first heard from the Times on Saturday at 5:37pm EST, and during a telephone call on Sunday morning told the Times that the parties have not had enough time to productively meet and confer about the Times's proposal, the details of which were still evolving. Meta asked that the Times meet and confer on its proposal before filing a motion.

Dated: March 23, 2025         Respectfully submitted,

/s/ *Dana Green*
Dana R. Green (#1005174)
David McCraw (#NY0200)
Tim Tai (#NY0606)
The New York Times Company
620 8th Avenue
New York, NY 10018
Telephone: (212) 556-5290
Facsimile: (212) 556-4634
dana.green@nytimes.com
mccraw@nytimes.com
timothy.tai@nytimes.com

*Counsel for The New York Times Company*