# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FEDERAL TRADE COMMISSION,**

                Plaintiff,

    v.

**META PLATFORMS, INC.**

                Defendant.

Civil Action No. 1:20-cv-03590 (JEB)

**FEDERAL TRADE COMMISSION'S REPLY TO META'S OPPOSITION TO
MOTION TO EXCLUDE UNTIMELY AND CHERRY-PICKED EVIDENCE**

In its Opposition, Meta effectively concedes that: (1) the discovery at issue occurred after the close of fact and expert discovery; (2) it possessed a portion of its late-produced data since 2023; and (3) Prof. Carlton addressed third-party outage events for the first time in his new report.  Meta's Opposition to the FTC's Motion to Exclude ("Opp.") at 2, 6, ECF No. 450. Nonetheless, Meta defends its conduct by arguing that its supplementation is proper under Rule 26(e) and does not prejudice the FTC.  Neither of these justifications prevail.

Further, in arguing that there is no prejudice to the FTC, Meta only underscores the problems with its late production.  Meta implies its late discovery is appropriate because competitive conditions may have "changed dramatically" since the close of fact discovery.  *See* Opp. at 4.  Not so, based on the public record.  But if that question were at issue, the appropriate response would have been for Meta to engage with the FTC months ago to negotiate a balanced proposal to reopen discovery.  Instead, Meta concedes it objected to the FTC's request for "refresh" productions, *see* Opp. at 8-9, does not dispute that it vigorously policed the end of discovery deadlines, *see* FTC's Motion to Exclude ("Mot.") at 1-2, ECF No. 422; Opp. at 8-9, and now touts it as a *feature* not a bug that it self-servingly pulled a "limited" slice of post-discovery evidence out of its voluminous files to support its arguments at trial.  *See* Opp. at 8-9.

The Court should reject Meta's belated gamesmanship that seeks to distort rather than elucidate the facts at issue.  Exclusion is the appropriate remedy, but if the Court declines to exclude, it should at least provide relief that seeks to mitigate the prejudice to the FTC.

## ARGUMENT

## I.    Meta's Out-Of-Time Fact Discovery Violates Rule 16 and Rule 26

Meta fails in its argument that its data productions and Prof. Carlton's March Report are appropriate supplementation under Rule 26(e)(2), and thus, are not violative of Rule 16 or Rule 26.  This is true for two primary reasons: first, Meta conflates fact and opinion testimony; and,

1

second, it fails to show good cause for its discovery breaches.

### A.  The March Report Contains New Opinions

 *First*, Meta does not dispute that Prof. Carlton did not address any third-party outages in his initial report.  *See* Opp. at 2-3, 5-6.  Meta instead claims that the March Report's disclosure of TikTok Outage analysis is simply a reporting of "facts."  Opp. at 6.  But Prof. Carlton has no apparent personal knowledge of the TikTok Outage and is not being offered as a fact witness. Further, the TikTok Outage analysis is outside the realm of what a lay person could generate—it involves statistical and econometric regression analysis of an economic expert—and thus is new expert opinion.  *See, e.g.*, Ex. E (March Report) at figs. 3-6, tbls. 3-7, ECF No. 422-3; Fed. R. Evid. 703; *Armenian Assembly of Am., Inc. v. Cafesjian*, 746 F. Supp. 2d 55, 65 (D.D.C. 2010).

 *Second*, Prof. Carlton's second set of new analysis—regarding usage "trends"—likewise involves new expert opinion.  *See* Ex. E ¶ 2, figs. 1-2, tbls. 1-2.  It too involves economic analysis outside the reach of a lay person, and at least one figure has no parallel to Prof. Carlton's initial report.  *See* Mot. at 5 (describing figure 1).  Meta defends this late disclosure on grounds the analysis is "obviously supportive of [Prof. Carlton's] disclosed opinions."  Opp. at 7. But Meta is wrong that experts can add any new facts or data analysis that support their prior opinions at will.  *Coles v. Perry*, 217 F.R.D. 1, 4 (D.D.C. 2003) ("When the expert supplements her report by addressing a new matter after discovery has ended, the very purpose of the rule is nullified.").  Finding new evidence that further substantiates previously stated expert opinions is "precisely the type of bolstering of expert opinion that Rule 26(e) does not contemplate."  *SD3, LLC v. Rea*, 71 F. Supp. 3d 189, 194 (D.D.C. 2014) (citation omitted).

### B.  Meta has Failed to Justify its Discovery Breaches

Meta has failed to demonstrate good cause for its discovery breaches with respect to either set of new analyses by Prof. Carlton.  While the TikTok outage event happened recently, it

has low probative value and does not warrant reopening discovery, with its concomitant burdens, especially on the eve of trial. Mot. at 9-10. Meta asserts more generally that the relevance of current market conditions provides good cause. *See* Opp. at 7-8. Even if that were true—which the FTC disputes, Mot. at 3—the time to show good cause was *before*, not *after*, Meta chose to violate the Court's Scheduling Order and civil procedure rules.

Also unavailing is Meta's suggestion that it was just responding to the FTC's inclusion of post-discovery public materials on its exhibit list. *See* Opp. at 1; Pretrial Statement at 23, ECF No. 417. Meta neglects to mention that the documents it cites were added *after* receipt of Meta's late discovery to respond to Meta's self-serving and lopsided engagement on current market conditions. Notably, the FTC's post-discovery exhibits are from the public record, because of course, the FTC lacks the ability to create and selectively produce documents and data for trial.

Meta also offers no justification for how late its production of Prof. Carlton's usage "trend" data and corresponding analysis is, which Meta concedes reaches back to 2023. Opp. at 2. That Meta sprung this "trend" data on the FTC shortly before trial instead of producing on a negotiated, timely basis makes any supplementation untimely. *Iacangelo v. Georgetown Univ.*, 272 F.R.D. 233, 234 (D.D.C. 2011) (holding that supplementation of an expert report one month prior to trial was untimely); *Moore v. Napolitano*, 723 F.Supp.2d 167, 181-82 (D.D.C. 2010) (finding prejudice where the opposing party failed to timely produce relevant documents); *Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 109-10 (D.D.C. 2005) (Rule 26 does not grant a "right to produce information in a belated fashion.") (citation omitted).

Finally, Meta's own cases cut against its good cause argument and general claim that "supplementation" of the kind it is proffering is "typical" in antitrust cases. Opp. at 8. In one case, the court opened discovery on market conditions to *both* parties. *Geneva Pharms. Tech.*

*Corp. v. Barr Lab'ys, Inc.*, 2005 WL 2132438, at *7 (S.D.N.Y. Sept. 6, 2005).  And Meta's *Google* citations do not establish that those courts permitted the defendant to produce documents or data from after the discovery period.  Opp. at 8.  To the contrary, in those cases, the courts generally did not permit use of post-discovery documents and data at trial, and even limited some witness testimony.  *See* Mot. at 3.

In Meta's other cases, the supplements either occurred close to the end of expert discovery and responded to new opinions from the opposing party, or the opposing party was able to adequately respond without disruption in the trial schedule.  In *Kroger*, for instance, the court permitted the defendants to supplement less than two weeks after discovery closed to correct calculation errors and to provide surrebuttal opinions responding to new analyses.  *FTC v. Kroger Co.*, 2024 WL 3925752, at *1-2 (D. Or. Aug. 23, 2024); *see also FTC v. Arch Coal, Inc.*, No. 1:04-cv-0534, Minute Order (D.D.C. June 15, 2004) (surrebuttal opinions).  And in *Capital Justice*, the court explained that the "central inquiry is 'whether [a party's] supplemental report comes so late in the game that [the opposing party] has no meaningful opportunity to respond or prepare for deposition or trial.'"  *Capitol Just. LLC v. Wachovia Bank, N.A.*, 706 F. Supp. 2d 34, 38-39 (D.D.C. 2009) (citation omitted); *see also* Pls.' Daubert Opp. at 8, *Whitmire v. Children's Nat'l Med. Ctr.*, No. 1:18cv700, ECF No. 59 (D.D.C. Apr. 19, 2021) (providing opposing party opportunity for additional discovery).  Here, that is the precise problem.  Unlike Meta's cited cases, the FTC cannot alleviate the prejudice before trial given it would need to reopen discovery to respond with a more balanced evidentiary record to do so.

## II.    Meta's Third-Party Subpoenas Likewise Violate Rule 16

Meta claims that the FTC waived its objection to Meta's trial subpoenas.  Opp. at 10.  But as the FTC argued in its initial motion, Meta's third-party subpoenas come nearly two years after the close of fact discovery, violating Rule 16.  Mot. at 1-3, 10.  Meta's previous suggestion that

4

its untimely document requests are an appropriate use of trial subpoenas is unavailing.  Joint

Pretrial Statement at 25-26, ECF No. 417.  Meta's sole cited authority for this assertion is

inapposite.  In *Alvarado v. Rainbow Inn, Inc.*, the court found that issuance of the trial subpoena

was narrowly focused on documents related to impeachment and therefore consistent with that

court's Final Pretrial Order.  2016 WL 10703674, *1 (D.D.C. Feb. 5, 2016).  Not so here, where

Meta's third-party document subpoenas are neither narrowly targeted to impeachment nor in

compliance with this Court's Scheduling Order.  *Id.*  Instead, these subpoenas seek new

discovery from third parties in the form of granular user data and a new document search.

### III.    Exclusion is the Appropriate Remedy

Meta fails to engage with the prejudice involved in the facially lopsided way in which it

has chosen to reopen discovery to address "current market conditions"—and instead openly

flouts that its narrow data pulls are "apples-oranges" to a balanced refresh that would also have

included documents and data of interest to the FTC.  *See* Opp. at 8-9; Mot. at 7.  On the eve of

trial, there is no time to negotiate, process, and analyze a more even-handed production.

Requiring the FTC to allocate resources away from trial preparation also inappropriately shifts

the costs of Meta's malfeasance to the FTC.  Thus, anything short of exclusion is insufficient.

If the Court declines to exclude Meta's untimely evidence in its entirety, the Court should

nevertheless grant specific relief to attempt to mitigate the prejudice, including at least providing:

(1) an additional deposition of Prof. Carlton of up to five hours; (2) an opportunity for Prof.

Hemphill, the FTC's economic expert, to testify in rebuttal to the March Report at trial; (3) for

the FTC to select up to fifty additional documents to be admitted into evidence in response to

Meta's late discovery; (4) that Meta is barred from offering any other documents or data which

were not produced during discovery; and (5) that no other Meta expert may testify at trial

regarding Meta's late-produced evidence.

5

Dated:   March 23, 2025                    Respectfully submitted,


                                           */s/ Daniel J. Matheson*
                                           Daniel J. Matheson (D.C. Bar 502490)
                                           Krisha Cerilli (D.C. Bar 983281)
                                           Susan Musser (D.C. Bar 1531486)
                                           Patricia Galvan
                                           Oren Vitenson (D.C. Bar 90005750)

                                           Federal Trade Commission
                                           Bureau of Competition
                                           600 Pennsylvania Avenue, N.W.
                                           Washington, DC 20580
                                           Telephone: (202) 326-2075
                                           Email: dmatheson@ftc.gov

                                           *Attorney for Plaintiff*
                                           *Federal Trade Commission*