UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>   v.<br><br>META PLATFORMS, INC.,<br><br>        Defendant. | Civil Action No.: 1:20-cv-003590-JEB<br><br>**MOTION TO QUASH SUBPOENAS** |

## **MOTION TO QUASH**

Nonparties Jacob Andreou, Saral Jain, David Levenson (the "Snap Witnesses"), and Snap Inc. ("Snap") will and hereby do move this Court to quash the trial subpoenas issued by Meta Platforms, Inc. ("Meta") and the Federal Trade Commission (the "FTC," together with Meta, the "Parties"), pursuant to Federal Rule of Civil Procedure 45(d)(3)(A). This Motion is based on the attached Memorandum of Points and Authorities, the filings and records in this case, the concurrently filed Declaration of David O'Neil, and such evidence and argument as may be presented at the hearing on the Motion. This Motion is made following the conference of counsel pursuant to L.R. 7(m) which took place on March 19, 2025 and March 20, 2025. Snap respectfully requests oral argument on its Motion to Quash pursuant to Local Civil Rule 7(f). The Parties have informed Snap and the Snap Witnesses that they oppose this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Nonparties David Levenson, Saral Jain, Jacob Andreou and Snap respectfully submit this memorandum in support of their motion to quash document requests in subpoenas issued by Meta. In addition to the reasons in the Omnibus Motion to Quash, the subpoenas fail under Federal Rule of Civil Procedure 45(d)(3)(A) because they: (1) are untimely and seek inadmissible information; (2) demand documents that are not within the custody and control of the recipients; (3) seek non-public and competitively sensitive information without substantial need; and (4) are overbroad and unduly burdensome.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

Snap has received hundreds of document requests and numerous subpoenas in the several years this matter has been pending. Meta has misused the discovery process at every turn, issuing hundreds of document requests to Snap, including 138 requests for production that demanded materials covering nearly every aspect of Snap's business. In response, Snap produced 10,000 documents (roughly 150,000 pages) of commercially sensitive documents after conducting custodial searches for a decade's worth of materials. Four current and former Snap employees were also compelled to testify at lengthy depositions totaling approximately 27 hours of testimony.

On February 5, 2025, Meta sent subpoenas (the "Subpoenas") to Mr. Levenson and Mr. Jain compelling their attendance at the upcoming trial and demanding an expansive new set of Snap documents and data about the January 18–19, 2025 TikTok outage. *See* Declaration of David O'Neil (the "O'Neil Decl.") ¶ 2. The Subpoenas contained the following requests:

> **Request For Production No. 1**: Documents sufficient to identify the number of unique users, number of videos posted, number of messages sent, and the time spent using Snapchat on an hourly and daily basis from January 10, 2025 through February 2, 2025 in the United States.
>
> **Request For Production No. 2**: Documents created on or after December 1, 2024 discussing or analyzing the anticipated and actual impact of the TikTok Outage on user engagement or usage of YouTube, Facebook, Instagram, Snapchat, or other competing Products, including the 'engagement lift' on Snapchat that was referenced in Snap's Q4 2024 Quarterly Earnings Call.

*See* O'Neil Decl., Exs. A–B at 8 (hereinafter "Document Requests," each a "Request").

## II.   ARGUMENT

This Court should quash the Subpoenas (and the FTC subpoena to Mr. Jain) in their entirety for the reasons set forth in the Omnibus Motion to Quash.  *See* Dkt. 486.  In addition, the Court should quash the Document Requests at issue here under Fed. R. Civ. P. 45(d)(3)(A) for several independent reasons.  Those Document Requests (1) are untimely and seek irrelevant information postdating both discovery and the allegations in the Complaint; (2) seek from the individual witness-recipients records that are in the custody and control of their employer and to which the recipients are not permitted access; (3) seek non-public and competitively sensitive business information without substantial need; and (4) are overbroad and unduly burdensome.

### A.   The Document Requests Are Untimely and Seek Inadmissible Information

Although discovery closed nearly two years ago, Meta seeks to re-open fact discovery under the guise of Rule 45 trial subpoenas less than one month before trial.  Rule 45 does not permit the misuse of trial subpoenas in this way.

Subpoenas issued pursuant to Federal Rule of Civil Procedure 45 "are 'discovery' under Rules 16 and 26" and "are subject to the same deadlines as other forms of discovery."  *See DAG Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104 (D.D.C. 2005).  Thus, after discovery has closed, the party seeking discovery is "obligated to seek a modification of the Scheduling Order by demonstrating 'good cause' before serving additional discovery[.]"  *Id.* at 105.

Meta has failed even to ask this Court's permission to re-open discovery, much less articulated any good cause for doing so.  Indeed, Meta has repeatedly *emphasized* the close of fact discovery throughout this case when resisting discovery demands served on it.  *See* Dkt. 428-1 (Declaration of Susan Musser in Support of FTC's Motion to Exclude Untimely Evidence) at 2.  This Court should therefore quash the Document Requests as untimely.  *See Minn. Supply Co. v. Raymond Corp.*, 2002 WL 31898162, at *1 (D. Minn. Dec. 27, 2002).

In addition, the information Meta seeks in the Document Requests would not be admissible at trial.  Courts have rejected similar attempts to introduce post-discovery evidence.  In *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 WL 6597273, at *1 (N.D. Cal. Dec. 13,

2018), Qualcomm sought to introduce post-discovery evidence on the ground that events occurring "after the close of discovery [we]re directly relevant to current market conditions" and that the court could not "enter a forward-looking injunction without hearing evidence" about such events. *Id.*, at *2. The court rejected that argument, noting that Qualcomm "fail[ed] to identify anything in the standard that requires the Court to consider evidence of post-discovery events." *Id.*, at *3. The court also noted that allowing introduction of such evidence "unfair[ly] prejudice[s]" the FTC, which would then need discovery to "test Qualcomm's assertions," including "documents and testimony from multiple Qualcomm custodians. . . as well as documents and deposition discovery from third parties." *Id.*, at *5; *see also Saturn Mfg., Inc. v. Williams Patent Crusher & Pulverizer Co.*, 713 F.2d 1347, 1357 (8th Cir. 1983).

As in *Qualcomm*, the documents Meta requested post-date discovery, are irrelevant to the issues for trial and would subvert the discovery process.

### B. The Documents Are Not in the Recipients' Possession, Custody, or Control

Rule 45(a)(1)(iii) requires a subpoena recipient to produce only information "in that person's possession, custody, or control[.]" The Subpoenas are directed to individuals, but they seek documents from Snap. Neither recipient has custody or control of those documents—the legal right, authority, or ability to obtain them—because Snap explicitly forbids such access. *See* O'Neil Decl. ¶¶ 4-7. *See, e.g.*, *Ghawanmeh v. Islamic Saudi Acad.*, 274 F.R.D. 329, 332 (D.D.C. 2011) (quashing subpoena issued to employees for "business records belonging to [their employer].)"; *see also Garcia v. Quevedo*, 2022 WL 1037090, at *3 (D.S.C. Apr. 6, 2022) (refusing to "require [the employee] to produce her employer's records."); *Learning Connections, Inc. v. Kaufman, Englett & Lynd, PLLC*, 280 F.R.D. 639, 640 (M.D. Fla. 2012); *see also Garcia*, 2022 WL 1037090, at *3 ("dispute is with [the employer], not [the subpoenaed employee].").

### C. There Is No Substantial Need for Snap's Highly Confidential Information

Courts may quash a subpoena that seeks disclosure of trade secret or other confidential research, development, or commercial information. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). If "the information being sought is the type of commercial information that should not be disclosed to the

public," the "party seeking the information [must] show that obtaining [such] information is both relevant and necessary." *Albany Molecular v. Schloemer*, 274 F.R.D. 22, 25 (D.D.C. 2011).

The Subpoenas request highly confidential commercial and research and development information that is not public, would never be made public, and would never be provided to a competitor like Meta. Meta seeks granular information showing how the TikTok blackout impacted Snapchat user engagement as well as Snap's internal, non-public assessment of that impact. Courts across the country have deemed that kind of core competitive information protected under Rule 45(d)(3)(B)(i). *See In re Apple iPhone Antitrust Litig.*, 2020 WL 5993223 at *4 (N.D. Cal. Oct. 9, 2020); *In re eBay Seller Antitrust Litig.*, 2009 WL 10677051, at *6 (W.D. Wa. Aug. 17, 2009); *New Mexico Oncology v. Presbyterian Healthcare*, 2016 WL 3452757, at *3–4 (D.N.M. May 10, 2016) (deeming market plans and analyses "undeniably confidential commercial information," disclosure of which "would be potentially devastating to a business.").

Meta therefore must show that Snap's "confidential research, development, or commercial information" is "both relevant and necessary." *See Schloemer*, 274 F.R.D. at 25; Fed. R. Civ. P. 45(d)(3)(C). But Meta has not articulated *any* need for the documents, let alone a substantial one. This Court should therefore quash the Document Requests. *See In re eBay Seller Antitrust Litig.*, 2009 WL 10677051, at *5 (antitrust action "does not come with an automatic entitlement to force non-parties to reveal their competitive thinking," and refusing to order production where showing of need "is sorely lacking, and where the sensitive nature of the documents is both readily apparent and unrebutted.").

### D. The Document Requests Are Overly Broad and Unduly Burdensome

The Subpoenas also fail under Rule 45's requirement "that district courts quash subpoenas that… would cause an undue burden." *Watts v. SEC*, 482 F.3d 501, 508 (D.C. Cir. 2007). The D.C. Circuit has directed district courts considering those factors to be "generally sensitive to the costs imposed on third parties." *Id.* at 509. That is particularly true of subpoenas crafted as requests for "documents sufficient to show" certain facts, which may be unduly burdensome when the request requires a respondent to "search through troves of material." *In re: Qualcomm Inc.*, 162 F. Supp. 3d

1029, 1045 (N.D. Cal. 2016). The Subpoenas cannot satisfy these standards.

The first Document Request seeks "Documents sufficient to identify the number of unique users, number of videos posted, number of messages sent, and the time spent using Snapchat[.]" O'Neil Decl. Exs. A–B at 8 (emphasis added). Those demands are overbroad and unduly burdensome not only because they seek several broad categories of information but also because they require data on an *hourly* basis as well as an aggregate per day basis. To complete these data requests, Snap would need to compile one hundred data points per day and run thousands of unique data queries. The breadth of the data requested and the burden it would impose on Snap is staggering.

The second Document Request is equally overbroad and burdensome. It seeks *all* documents "discussing or analyzing" the "anticipated and actual impact" of the TikTok outage on "user engagement or usage" of Snapchat and the products of numerous competitors in the social media space. Even the most cursory *mention* of the TikTok Outage would seemingly fall under that Request, so Snap would be forced to canvas vast tranches of documents and conduct extensive email reviews. Meta has plainly not taken any "reasonable steps to avoid imposing undue burden or expense" for Snap as a non-party. *See* Fed. R. Civ. P. 45(d)(1). Compounding the overbreadth, the Request seeks all *types of* documents, with no limitation based on custodian, department, geographic region, category of document, or any other similar limitation. And it seeks documents covering a multi-month period, with an undefined end date (i.e., all documents "created on or after December 1, 2024"). This open-ended and highly burdensome Request puts an untenable burden on Snap to attempt to identify and produce an extraordinary volume of data in less than one month (i.e., by the commencement of trial on April 14, 2025). The Court should accordingly quash the Document Requests.

### III.    CONCLUSION

For the foregoing reasons, the Snap nonparties respectfully request the Court grant their motion to quash the Subpoenas.

Dated: March 26, 2025          Respectfully submitted,

                               DEBEVOISE & PLIMPTON LLP

                               By: /s/ David O'Neil
                               DAVID O'NEIL (DC Bar No. 1030615)
                               DEBEVOISE & PLIMPTON LLP
                               801 Pennsylvania Avenue NW
                               Washington, DC 20004
                               Telephone: (202) 383-8000
                               Facsimile: (202) 383-8118
                               daoneil@debevoise.com

                               Attorney for Nonparties Jacob Andreou, Saral Jain, David Levenson, and Snap Inc.


## **CERTIFICATE OF SERVICE**

I hereby certify on this 26th day of March, 2025, a copy of the foregoing Motion to Quash was filed via the Court's electronic case filing system (ECF), which will send notice to all counsel of record.

/s/ David O'Neil
DAVID O'NEIL (DC Bar No. 1030615)
DEBEVOISE & PLIMPTON LLP
801 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: (202) 383-8000
Facsimile: (202) 383-8118
daoneil@debevoise.com