**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Civil Action No.: 1:20-cv-003590-JEB |
| Plaintiff, | |
| v. | **DECLARATION OF DAVID O'NEIL IN SUPPORT OF MOTION TO QUASH SUBPOENAS** |
| META PLATFORMS, INC., | |
| Defendant. | |

I, David O'Neil, declare as follows:

     1.   I am an attorney at Debevoise & Plimpton LLP, and am counsel for Nonparties Saral Jain, David Levenson, Jacob Andreou, and Snap Inc. ("Snap") in the above-captioned matter.  I submit this Declaration in support of the Motion to Quash Subpoenas. I have personal knowledge of the facts set forth herein and am competent to testify thereto if called as a witness.

     2. On February 5, 2025, counsel for Meta sent trial subpoenas ("the Subpoenas") to Messrs. Levenson and Jain compelling their attendance at the upcoming trial.

     3. The Subpoenas also contained expansive and burdensome document requests. A true and correct copy of Mr. Levenson's subpoena is attached hereto as **Exhibit A**, and a true and correct copy of Mr. Jain's subpoena is attached hereto as **Exhibit B**.

     4. The Subpoenas request documents which are not in the possession, custody, or control of Messrs. Levenson or Jain.  Snap's corporate policies prevent employees from accessing confidential commercial material which falls outside the scope of their employment.  For example, Section 10.1.1 of Snap's Information Security Policy restricts personnel to access "only the sensitive data required to perform their jobs," and makes clear that Snap "adheres to principles of 'need to know' and 'least privilege.'"

     5. Employees are further instructed, pursuant to Snap's Cybersecurity Policy, to not access Snap resources without a legitimate business reason.

     6. Snap's Employee Code of Conduct explicitly states that Snap treats "all of Snap's non-public information as confidential and we don't disclose it to anyone outside the company without the appropriate authorization. That includes everything from marketing plans to customer information to financial information and metrics to internal reports and emails."

     7. Pursuant to the Snap Employee Code of Conduct, Cybersecurity Policy, and Information Security Policy, the Subpoenas request documents which Messrs. Levenson and Jain are not permitted to access, able to access, or obtain access on demand.  It would violate Snap policy for an employee to attempt to access the data requested in the Subpoenas without a legitimate business reason.

8.  On March 3, 2025, Messrs. Levenson and Jain formally responded and objected to the Subpoenas.  A true and correct copy of Mr. Levenson's responses and objections are attached hereto as **Exhibit C**, and a true and correct copy of Mr. Jain's responses and objections are attached hereto as **Exhibit D**.  Meta has not modified, withdrawn, or moved to compel since Mr. Levenson and Mr. Jain served their objections.

9.  On February 28, 2025, counsel for Meta sent a trial subpoena to Mr. Andreou compelling his attendance at the upcoming trial.  A true and correct copy of Mr. Andreou's subpoena is attached hereto as **Exhibit E**.


I declare under penalty of perjury that the foregoing is true and correct. Executed this 26th day of March, 2025, in Washington, D.C..

By:  /s/ David O'Neil
     David O'Neil (DC Bar No. 1030615)