# EXHIBIT D

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>                Plaintiff,<br>    v.<br><br>**META PLATFORMS, INC.**<br><br>                Defendant. | Civil Action No.: 1:20-cv-003590-JEB<br><br>**NON-PARTY SARAL JAIN'S RESPONSES AND OBJECTIONS TO TRIAL SUBPOENA ISSUED BY META PLATFORMS, INC.** |

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), non-party Saral Jain ("Jain"), by and through his undersigned counsel, provides these responses and objections ("Responses" and "Objections") to Defendant Meta Platforms, Inc's. ("Meta") third-party subpoena dated February 21, 2025 (the "Subpoena").  The Subpoena calls for Jain's testimony at trial in the above-captioned case and contains an expansive request for the collection and production of highly sensitive, material non-public documents (the "Document Requests," each a "Request") and data on behalf of Jain's employer, Snap Inc. ("Snap").

The Responses and Objections stated below are based on the information presently available and known to Jain.  Jain therefore reserves his right to amend, modify, or supplement the Responses and Objections below as new information becomes available should such amendments, modifications, or supplements become appropriate.  Finally, no incidental or implied admissions are intended by the Objections herein.  The fact that Jain has objected to any Request should not be taken as an admission that any such documents exists or that Jain accepts or admits the existence

of any fact set forth or assumed by such Document Request, or that such objection constitutes admissible evidence.

As set forth in the Responses and Objections below, the Subpoena is unduly burdensome and impermissibly seeks the production of an overly broad range of Snap documents from Jain.[1]

## **GENERAL OBJECTIONS**

The following General Objections are hereby incorporated into each of the Specific Objections below as if they were set forth in full in the Specific Objections and Responses. The assertion of the same or additional objections to any individual Request does not waive other General Objections, as set forth below, that are not specifically repeated in the Responses. Jain provides these objections without waiving, or intending to waive, but on the contrary preserving, and intending to preserve: (i) the right to object, on the grounds of competency, privilege, relevance, materiality, or any other proper grounds, to the use of these Responses for any purpose, in whole or in part, in any subsequent stage or proceeding in this action; and (ii) the right to object on any and all grounds, at any time, to other demands for inspection or other discovery procedures involving or relating to the subject matter of the Requests to which Jain has responded herein.

1.  Jain objects to the Requests, Definitions, and Instructions set forth in the Subpoena to the extent they purport to require Jain to comply with requirements beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of the District Court for the District of Columbia, or exceed the permissible scope of discovery under the law.

---

[1] While Jain objects here to Meta's requests for *documents* pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), Jain reserves all rights to move to quash the Subpoena in its entirety pursuant to Federal Rule of Civil Procedure 45(d)(3).

2. Jain objects to the Requests, Definitions, and Instructions to the extent they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

3. Jain objects to the Requests, Definitions, and Instructions to the extent they are oppressive, unduly burdensome, overly broad, or disproportionate to the needs of the case.

4. Jain objects to the Requests, Definitions, and Instructions to the extent they are vague, ambiguous, otherwise incomprehensible, and/or not reasonably particular.

5. Jain objects to the Requests, Definitions, and Instructions to the extent they call for the production of information that is not reasonably calculated to lead to the discovery of admissible evidence.

6. Jain objects to the Requests, Definitions, and Instructions to the extent that they purport to require Jain to collect, review, or produce documents that are not within his possession, custody, or control.

7. Jain objects to the Requests, Definitions, and Instructions to the extent they seek material that is not relevant to the claims or defenses of any party, or not proportional to the needs of the case.

8. Jain objects to the Requests, Definitions, and Instructions to the extent they seek materials that are already in Meta's possession, custody, or control, or the information or documents sought may be obtained or derived from publicly available sources that are more convenient, less burdensome, or less expensive, or where the burden of deriving the responsive information is substantially the same for Meta as it is for Jain.

9. Jain objects to the Requests, Definitions, and Instructions to the extent they seek confidential, proprietary, or other sensitive commercial or business information of Snap; trade

secrets; strategic planning information; other private, personal, or confidential information; or information that, if produced or disclosed, would result in the violation of any contractual obligation to third parties.

10. Jain objects to the Requests, Definitions, and Instructions to the extent they call for the production or disclosure of information protected by the right to privacy.

11. Jain objects to the Requests, Definitions, and Instructions to the extent they are cumulative or duplicative of prior discovery requests served on Snap.

12. Jain objects to the Requests, Definitions, and Instructions to the extent that they call for the production of electronically stored information from sources that are not reasonably accessible and where retrieval of such materials is unduly burdensome in a manner that threatens to unduly disrupt or seriously hinder normal business operations.

13. Jain objects to the Requests, Definitions, and Instructions to the extent they seek documents not maintained by Snap in the ordinary course of business.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The following Objections to the Definitions and Instructions set forth in the Subpoena are incorporated into each specific response and objection below as if fully repeated therein. Objections to specific wording or aspects of the Definitions or Instructions are not intended to, and shall not be construed to, imply that the Definition or Instruction is otherwise unobjectionable.

1. Jain objects to the definition of "You," "Your," and "Snap" as overly broad and unduly burdensome to the extent it requires the production of information in the possession, custody, or control of individuals and/or entities other than Jain (including Snap, which was not the recipient of the Subpoena). Jain further objects to the definition of "You," "Your," and "Snap" because they are defined to include "any parent companies, unincorporated divisions, joint

ventures, partnerships, operations under assumed names, predecessors, affiliates, investment vehicles, and all directors, officers, partners, employees, agents, attorneys, consultants, and any other person or entity." This definition purports to encompass numerous unidentified third parties, and such inclusion renders each Request that uses these terms overbroad, unduly burdensome, and not limited to, or proportional to, the subject matter and needs of the case.

2. Jain objects to the definition of "Product" as overly broad and unduly burdensome to the extent it purports to encompass "any product, service, application, software, or technology offered by Meta or any other company, including, but not limited to, any product service, application, software, or technology that is no longer offered to users today." That definition purports to encompass numerous unidentified third parties, and such inclusion renders each Request that uses these terms overbroad, unduly burdensome, and not limited to or proportional to the subject matter and needs of the case.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

The Subpoena contains two Requests. The first Request seeks:

> Documents sufficient to identify the number of unique users, number of videos posted, number of messages sent, and the time spent using Snapchat on an hourly and daily basis from January 10, 2025 through February 2, 2025 in the United States.

The second Request seeks:

> Documents created on or after December 1, 2024 discussing or analyzing the anticipated and actual impact of the TikTok Outage on user engagement or usage of YouTube, Facebook, Instagram, Snapchat, or other competing Products, including the 'engagement lift' on Snapchat that was referenced in Snap's Q4 2024 Quarterly Earnings Call.

Jain objects to both Document Requests. Jain incorporates by reference its General Objections and Objections to Instructions and Definitions as though fully set forth herein. Jain further specifically objects to the Document Requests to the extent they purport to impose burdens

5

or obligations beyond those imposed by the District Court or the Federal Rules of Civil Procedure. Jain further specifically objects to the vague, ambiguous, unintelligible, and undefined phrases "unique users," "number of videos posted," "messages sent," and "time spent using Snapchat" in the first Request. Jain further specifically objects to the Document Requests on the following grounds:

1. Jain objects to the Document Requests as unduly burdensome and improper to the extent that the Document Requests call for his attendance at trial and the production of documents more than 100 miles from where Jain resides, is employed, and regularly transacts business in person, in contravention of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. Proc. 45(c)(1)(A); Fed. R. Civ. Proc. 45(c)(2)(A).

2. Jain objects to the Document Requests to the extent they call for the production of documents outside of his possession, custody, or control. *See* Fed. R. Civ. Proc. 45(a)(1)(A)(iii).

3. Jain objects to the Document Requests to the extent that the Document Requests are disproportionate to the needs of the case or overly broad, or to the extent compliance would be oppressive or unduly burdensome.

4. Jain objects to the Document Requests to the extent that they are untimely, seek to improperly re-open discovery, are unsupported by good cause, and seek to obtain information that is not relevant and/or properly admissible at trial.

5. Jain objects to the Document Requests to the extent they seek confidential, financial, proprietary, or trade secret information from Jain and Snap, both of which are non-parties to this action.

Dated: March 3, 2025

                                        DEBEVOISE & PLIMPTON LLP

               By:     /s/
                    David O'Neil (DC Bar No. 103615)
                      daoneil@debevoise.com
                    801 Pennsylvania Avenue NW
                    Washington, DC 20004
                    (202) 383-8040

                    Nicholas Folly (NY Bar No. 5015383)
                      nfolly@debevoise.com
                    Ben Stollman (CA Bar No. 340544)
                      bpstollman@debevoise.com
                    650 California Street, Fl 31
                    San Francisco, California 94108
                    (415) 738-5700

                    *Attorneys for Non-Party Saral Jain*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2025, the foregoing document was served on counsel for Meta.

                                                       /s/
                                           David O'Neil