# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | |
| **Plaintiff,** | **Case No.: 1:09-cv-955-TWT** |
| **v.** | |
| **ACTAVIS, INC., et al.,** | |
| **Defendants.** | |

## PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR PERMISSION TO SERVE NINE TRIAL SUBPOENAS

Plaintiff Federal Trade Commission respectfully moves pursuant to 15 U.S.C. § 23 for permission to serve trial subpoenas on nine witnesses who reside outside of this District and more than 100 miles from the courthouse. The witnesses are: David Buchen, Paul Campanelli, Murray Kay, Louis Lipinski, William Mink, Joseph Todisco, Edward Tykot, Difei (Elaine) Yang, and Carol Yeomans. The FTC respectfully refers the Court to the attached Memorandum of Law for the reasons as to why this Motion should be granted pursuant to § 23. A proposed order also is attached.

Dated: November 16, 2018

Respectfully submitted,

*/s/ Kara Monahan*
Kara Monahan
Daniel W. Butrymowicz
Jordy J. Hur
Garth W. Huston
Heather M. Johnson
June Im
Nicholas A. Leefer
Markus H. Meier
Lauren K. Peay
David B. Schwartz
James H. Weingarten
Randall M. Weinsten
Matthew B. Weprin

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: 202-326-2018

*Counsel for Plaintiff Federal
Trade Commission*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 16, 2018, I have electronically filed a true

and correct copy of the **Plaintiff Federal Trade Commission's Motion for**

**Permission to Serve Nine Trial Subpoenas** with the Clerk of the Court using the

CM/ECF system, which will automatically send e-mail notification of such filing

to all counsel of record.


Dated: November 16, 2018                      */s/ Kara Monahan*

                                                     Kara Monahan
                                                     Federal Trade Commission
                                                     600 Pennsylvania Avenue, NW
                                                     Washington, DC 20580
                                                     Tel: 202-326-2018

                                                     *Counsel for Plaintiff Federal*
                                                     *Trade Commission*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 1:09-cv-955-TWT** |
| **ACTAVIS, INC., et al.,** | |
| **Defendants.** | |

## Memorandum of Law in Support of Federal Trade Commission's Motion for Permission to Serve Nine Trial Subpoenas

# Table of Contents

BACKGROUND .................................................................................................1

ARGUMENT .....................................................................................................2

    I.     This case is brought by the United States .............................................4

    II.    This action arises under the antitrust laws ..........................................5

    III.   The FTC has cause for requesting the issuance of nine
           subpoenas ...........................................................................................8

CONCLUSION ................................................................................................15

# Table of Authorities

## __Cases__

*FTC v. Actavis, Inc.*,
  09-CV-955-TWT, 2015 WL 2193777 (N.D. Ga. May 11, 2015) ......................5

*FTC v. Actavis, Inc.*,
  09-CV-955-TWT, 2017 WL 2404941 (N.D. Ga. June 1, 2017) ........................5

*FTC v. Actavis, Inc.*,
  09-CV-955-TWT, 2018 WL 2984873 (N.D. Ga. June 14, 2018) ............. 5, 7, 8

*FTC v. Actavis, Inc.*,
  570 U.S. 136 (2013)........................................................................................5, 8

*FTC v. CompuCredit Corp.*,
  No. 1:08-CV-1976-BBM-RGV, 2008 WL 8762850 (N.D. Ga. Oct. 8, 2008)....4

*FTC v. Ind. Fed'n of Dentists*,
  476 U.S. 447 (1986)............................................................................................7

*FTC v. Whole Foods Mkt., Inc.*,
  No. 07-cv-01021-PLF, 2007 WL 9605037 (D.D.C. June 21, 2007)..................3

*Hopkins v. Walker*,
  244 U.S. 486 (1917)............................................................................................6

*In re Nexium (Esomeprazole) Antitrust Litig.*,
  842 F.3d 34 (1st Cir. 2016)................................................................................7

*Lamar, Archer & Cofrin, LLP v. Appling*,
  138 S. Ct. 1752 (2018)........................................................................................7

*Louisville & Nashville R. Co. v. Mottley*,
  211 U.S. 149 (1908)............................................................................................7

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning*,
  136 S. Ct. 1562 (2016)........................................................................................6

*Minn. Mining & Mfg. Co. v. N.J. Wood Finishing Co.*,
  381 U.S. 311, 316, 321-22 (1965) ..................................................................5, 8

*Nat'l Ass'n of Mfrs. v. Dep't of Def.*,
  138 S. Ct. 617 (2018)..........................................................................................6

*United States v. First Data & Concord EFS, Inc.*,
    287 F. Supp. 2d 69 (D.D.C. 2003) .......................................................9

## Statutes

15 U.S.C. § 12(a) ..............................................................................6

15 U.S.C. § 23 .......................................................................... passim

15 U.S.C. § 41 ..................................................................................4

15 U.S.C. § 45(a)-(b) ........................................................................4

## Other Authorities

Case Management & Scheduling Order (ECF No. 63), *FTC v. Sysco Corp.*,
    No. 15-cv-00256 (APM) (D.D.C. Mar. 9, 2015)..................................3

Fed. R. Civ. P. 45 (1937 advisory committee note) ..................................3

Joint Motion for Entry of Stipulated Case Mgmt. & Scheduling Order
    (ECF No. 54), *FTC v. Staples, Inc.*,
    No. 15-cv-02115-EGS (D.D.C. Dec. 23, 2015) ..................................3

Minute Order, *FTC v. Staples, Inc.*,
    No. 15-cv-02115-EGS (D.D.C. Dec. 24, 2015) ..................................4

Motion of Plaintiffs FTC and State of Minnesota For Permission to Serve Two
    Trial Subpoenas Outside of the District of Minnesota (ECF No. 240), *FTC v.
    Lundbeck, Inc.*,
    No. CV 08-6379 (JNE/JJG) (D. Minn. Nov. 24, 2009)......................4

Order (ECF No. 30), *United States v. Oracle Corp.*,
    No. C04-00807 (N.D. Cal. Mar. 15, 2004)........................................9

Order (ECF No. 33), *United States v. AT&T Inc.*,
    No. 11-cv-01560 (D.D.C. Sept. 23, 2011).........................................9

Order (ECF No. 78), *FTC v. Mylan Labs., Inc.*,
    No. 98-cv-3114 (D.D.C. July 23, 1999) ............................................4

Pretrial Motions Hr'g Tr., *FTC v. Lundbeck, Inc.*,
    No. CV 08-6379 (JNE/JJG) (D. Minn. Nov. 24, 2009)......................4

The FTC respectfully petitions the Court under 15 U.S.C. § 23 for permission to issue trial subpoenas for nine witnesses who are likely outside Georgia and more than 100 miles from the courthouse. Nearly ten years have passed since the FTC first filed its complaint in this action. Much has changed since then. Each of the Defendants has undergone significant corporate changes, including mergers, acquisitions, and corporate restructuring, along with personnel and management changes. As a result, the individuals with knowledge of the challenged reverse-payment agreements are dispersed across the United States. Very few of the fact witnesses the FTC expects to call at trial reside within Georgia or 100 miles of the courthouse. In light of the Court's expressed preference for live trial testimony and to reduce the use of lengthy video depositions at trial, the FTC seeks to compel nine witnesses—all of whom are adverse to the FTC—to appear in person. As required by § 23, the FTC has brought this case "on behalf of the United States," "arising under the antitrust laws," and has shown "cause" to issue the requested subpoenas.

## BACKGROUND

This antitrust case is about whether Solvay paid its generic competitors Watson and Par/Paddock to abandon their patent suits and thereby avoid the risk of competition to its lucrative AndroGel franchise for over nine years. To induce the

generic firms to accept Solvay's preferred 2015 entry date, Solvay entered into a series of business deals—including two co-promotion agreements and a backup manufacturing agreement—in which Solvay committed to pay its generic rivals hundreds of millions of dollars. At trial, the FTC intends to present testimony from the primary negotiators of these reverse-payment agreements; the individuals at each company who analyzed, valued, and implemented these agreements; and those responsible for forecasting and preparing for generic AndroGel entry.

In accordance with the Court's pretrial scheduling order, the parties exchanged initial witness lists on October 12. The FTC's fact witness list consists primarily of current or former employees of Defendants and Par/Paddock. Absent agreement from Defendants or authorization from this Court, the FTC has no ability to secure these witnesses' attendance at trial. Since October 12, the FTC has conferred with Defendants about which witnesses will be available to testify live. To date, however, Defendants have not definitively disclosed which witnesses will come to trial or whether any witnesses would agree to appear at the FTC's request.

## ARGUMENT

The FTC respectfully applies to this Court for permission to issue trial subpoenas for nine witnesses who likely live outside Georgia and more than 100 miles from the Atlanta courthouse where trial in this case will be held. This request

is authorized by 15 U.S.C. § 23, which expands the power of this Court to issue

trial subpoenas beyond the limitations in Federal Rule of Civil Procedure 45.[1] In

that section, Congress empowered courts, upon "cause shown," to authorize the

parties in government antitrust actions to issue trial subpoenas to witnesses living

anywhere in the United States:

> In any suit, action, or proceeding brought by or on behalf of the United
> States subpoenas for witnesses who are required to attend a court of the
> United States in any judicial district in any case, civil or criminal, arising
> under the antitrust laws may run into any other district: *Provided*, That in
> civil cases no writ of subpoena shall issue for witnesses living out of the
> district in which the court is held at a greater distance than one hundred
> miles from the place of holding the same without the permission of the trial
> court being first had upon proper application and cause shown.

15 U.S.C. § 23. Courts routinely authorize nationwide service of trial subpoenas in

cases brought by the FTC.[2] As in those cases, all of § 23's requirements are met

---

[1] *See, e.g.,* Fed. R. Civ. P. 45 (1937 advisory committee note) (citing § 23 as an
example of a statute which "allow[s] the court, upon proper application and cause
shown, to authorize the clerk of the court to issue a subpoena for a witness who lives
in another district and at a greater distance than 100 miles from the place of the
hearing or trial.").

[2] *See, e.g.*, Case Management & Scheduling Order at 8 (ECF No. 63), *FTC v. Sysco
Corp.*, No. 15-cv-00256 (APM) (D.D.C. Mar. 9, 2015) (attached as Ex. A) ("The
Parties will be allowed nationwide service of discovery and trial subpoenas
pursuant to Fed. R. Civ. P. 45 and 15 U.S.C. § 23, to issue from this Court."); *FTC
v. Whole Foods Mkt., Inc.*, No. 07-cv-01021-PLF, 2007 WL 9605037, at * 3
(D.D.C. June 21, 2007) (same); Joint Motion for Entry of Stipulated Case Mgmt.
& Scheduling Order at 8 (ECF No. 54), *FTC v. Staples, Inc.*, No. 15-cv-02115-
EGS (D.D.C. Dec. 23, 2015) (attached as Ex. B) (requesting nationwide service of

here: (1) this case is a "suit, action, or proceeding brought by or on behalf of the United States" (2) "arising under the antitrust laws," and (3) "cause [is] shown" for each of the nine witnesses as detailed below.

## I.   This case is brought by the United States

This case is a "suit, action, or proceeding . . . on behalf of the United States." 15 U.S.C. § 23. "The FTC is an independent agency of the United States Government." *FTC v. CompuCredit Corp.*, No. 1:08-CV-1976-BBM-RGV, 2008 WL 8762850, at *1 (N.D. Ga. Oct. 8, 2008); *see also* 15 U.S.C. § 41. It is charged with promoting a competitive marketplace and protecting the interests of American consumers. *See* 15 U.S.C. §§ 41, 45(a)-(b). Pursuant to that mandate, the FTC has brought this litigation on behalf of—and to protect—American consumers. The Supreme Court has specifically recognized that FTC enforcement proceedings constitute suits "brought by or on behalf of the United States." *Minn. Mining &*

---

trial subpoenas pursuant to 15 U.S.C. § 23); Minute Order, *FTC v. Staples, Inc.*, No. 15-cv-02115-EGS (D.D.C. Dec. 24, 2015) (attached as Ex. C) ("granting 54 Motion for Scheduling Order"); Mot. of Pls. FTC and State of Minn. For Permission to Serve Two Trial Subpoenas Outside of the District of Minn. (ECF No. 240), *FTC v. Lundbeck, Inc.*, No. CV 08-6379 (JNE/JJG) (D. Minn. Nov. 24, 2009) (attached as Ex. D); Pretrial Motions Hr'g Tr. at 15:5-6, *FTC v. Lundbeck, Inc.*, No. CV 08-6379 (JNE/JJG) (D. Minn. Nov. 24, 2009) (attached as Ex. E) (authorizing nationwide service of trial subpoenas). *Cf.* Order (ECF No. 78), *FTC v. Mylan Labs., Inc.*, No. 98-cv-3114 (D.D.C. July 23, 1999) (attached as Ex. F) (granting joint motion for order authorizing nationwide service of subpoenas).

*Mfg. Co. v. N.J. Wood Finishing Co.*, 381 U.S. 311, 316, 321-22 (1965) (rejecting argument that an FTC enforcement action is not one instituted by the United States).

## II.     This action arises under the antitrust laws

The FTC's suit also "aris[es] under the antitrust laws." 15 U.S.C. § 23. The FTC exercises primary responsibility over federal antitrust enforcement in the pharmaceutical industry and brought this case to enforce the antitrust laws that Defendants violated. The Supreme Court understood as much: in its *Actavis* decision, the Court identifies the "basic question" as whether reverse-payment agreements "can sometimes unreasonably diminish competition in violation of the ***antitrust laws***," explains that the "***antitrust laws*** are likely to forbid" large and unjustified reverse payments used to share monopoly profits, and concludes that the "FTC should have been given the opportunity to prove its ***antitrust claim***." *FTC v. Actavis, Inc.*, 570 U.S. 136, 141, 153, 158 (2013) (emphases added). This Court has likewise characterized the FTC's suit as an "antitrust action."[3]

---

[3] *See, e.g.*, *FTC v. Actavis, Inc.*, 09-CV-955-TWT, 2018 WL 2984873, at *1 (N.D. Ga. June 14, 2018) ("This is an antitrust action brought by the Federal Trade Commission"); *FTC v. Actavis, Inc.*, 09-CV-955-TWT, 2017 WL 2404941, at *1 (N.D. Ga. June 1, 2017) ("This is an antitrust action."); *FTC v. Actavis, Inc.*, 09-CV-955-TWT, 2015 WL 2193777, at *1 (N.D. Ga. May 11, 2015) ("The Federal Trade Commission brought this antitrust action against the Defendants").

There is no merit to Defendants' likely contention (previewed during the parties' meet-and-confers) that § 23 is unavailable in this antitrust action because the FTC's case is brought under the FTC Act as opposed to one of the "antitrust laws" specifically identified in another provision of the Clayton Act. *See* 15 U.S.C. § 12(a) (defining antitrust laws as the Sherman Act, the Wilson Tariff Act, and the Clayton Act). Congress did not limit nationwide service of trial subpoenas to cases brought "under" a specific list of antitrust laws. Instead, Congress extended this authority to all actions "*arising* under" the antitrust laws. 15 U.S.C. § 23 (emphasis added); *see also Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 138 S. Ct. 617, 632 (2018) ("As [the Supreme] Court has noted time and again, the Court is obliged to give effect, if possible, to every word Congress used.") (internal quotation marks omitted).

The Supreme Court has made clear that Congress's use of the phrase "arising under" specific laws does not mean that the case must be *brought* under those laws. For example, interpreting this phrase in a different statute, the Supreme Court has held for over a century that a case may "arise under" federal law for jurisdictional purposes even if brought under state law. *See*, *e.g.*, *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning*, 136 S. Ct. 1562, 1569-70 (2016); *Hopkins v. Walker,* 244 U.S. 486 (1917) (state law claim to quiet title arises under

federal law). That was the same understanding of the term when Congress enacted
§ 23 in 1914. Just six years earlier, the Supreme Court recognized that the term
"arising under" means that "the plaintiff's statement of its own cause of action
shows that it is based upon [federal] laws." *Louisville & Nashville R. Co. v.
Mottley*, 211 U.S. 149, 152 (1908); *see also Lamar, Archer & Cofrin, LLP v.
Appling*, 138 S. Ct. 1752, 1762 (2018) ("When Congress used the materially same
language in [a statute], it presumptively was aware of the longstanding judicial
interpretation of the phrase and intended for it to retain its established meaning.").

Thus, though the FTC technically brings this antitrust enforcement action
under § 5 of the FTC Act, this case plainly "arises under the antitrust laws" for
purposes of § 23. It is well settled that "the FTC is empowered to directly enforce
the substantive antitrust laws." *In re Nexium (Esomeprazole) Antitrust Litig.*, 842
F.3d 34, 60 (1st Cir. 2016). And § 5 of the FTC Act is a "prohibition which has
long been held to encompass the violations of the Sherman Act." *FTC v. Actavis,
Inc.*, 09-CV-955-TWT, 2018 WL 2984873, at *5 (N.D. Ga. June 14, 2018) (citing
*FTC v. Cement Institute*, 333 U.S. 683, 691-93 (1948)); *see also FTC v. Ind. Fed'n
of Dentists*, 476 U.S. 447, 465-66 (1986).

This case illustrates that principle. It has been litigated for nearly ten years—
including through appeal to the Supreme Court—as a case arising under the

Sherman Act. The Supreme Court itself explained that the "basic question" that the FTC's claims raised was whether reverse-payment agreements "can sometimes unreasonably diminish competition in violation of the antitrust laws," specifically the Sherman Act. *FTC v. Actavis*, 570 U.S. at 141 (citing 15 U.S.C. § 1 (Sherman Act prohibition of "restraint[s] of trade or commerce")). And, in denying summary judgment, this Court made no distinction between the FTC's claims under § 5 and the private plaintiffs' claims under the Sherman Act. *See Actavis*, 2018 WL 2984873, at *5.

This interpretation of the Court's power to authorize nationwide service of trial subpoenas makes perfect sense. The application of § 23—which favors live witness testimony in government antitrust cases—should not hinge on whether the FTC has brought an antitrust challenge under the FTC Act or the Department of Justice has brought the exact same challenge under the Sherman Act. Otherwise, the "enjoyment of [§ 23's] intended benefits [would] turn on the arbitrary allocation of enforcement responsibility between the Department and the Commission." *Minn. Mining & Mfg.*, 381 U.S. at 320.

## III.   The FTC has cause for requesting the issuance of nine trial subpoenas

The FTC also has the requisite "cause" to seek a trial subpoena for the nine identified witnesses. 15 U.S.C. § 23. Courts have found sufficient cause where the

trial witnesses are geographically dispersed. *See, e.g.*, *United States v. First Data & Concord EFS, Inc.*, 287 F. Supp. 2d 69, 72 (D.D.C. 2003).[4] That is the situation here. Absent an order granting the FTC's motion for nationwide service of trial subpoenas, the FTC expects that nearly all of the FTC's fact witness testimony will be by videotape deposition.

When the FTC initiated this action in 2009, Solvay's headquarters was in Atlanta. Now, nearly a decade later, Solvay has long since been acquired by AbbVie, which is headquartered in Chicago.[5] Similarly, Watson has undergone a series of significant corporate changes.[6] As a result, the individuals with knowledge of the challenged conduct are dispersed across the United States. To the best of the FTC's knowledge, only four of the fact witnesses on its will-call list reside within this District.

The FTC requests that the Court authorize trial subpoenas for the nine witnesses whom the FTC expects will provide material testimony regarding the

---

[4] *See also* Order (ECF No. 33) ¶ 8, *United States v. AT&T Inc.*, No. 11-cv-01560 (D.D.C. Sept. 23, 2011) (attached as Ex. G) (citing "geographic dispersion" of potential trial witnesses in finding cause to issue nationwide trial subpoenas); Order (ECF No. 30) ¶ 12, *United States v. Oracle Corp.*, No. C04-00807 (N.D. Cal. Mar. 15, 2004) (attached as Ex. H) (same).

[5] *See* Am. Certificate of Interested Persons & Corporate Disclosure Statement (Dkt. 246, Jan. 16, 2014).

[6] *See, e.g.*, Mem. of Law in Support of Def. Actavis Holdco U.S. Inc.'s Mot. for Summ. J. at 1-2 (Dkt. 541-1, Oct. 14, 2016).

issues in this case. As described below, these witnesses include the primary negotiators from Solvay, Watson, and Par; the individuals who valued and analyzed the reverse-payment agreements; and individuals responsible for forecasting and preparing for generic AndroGel entry.

### 1. David Buchen

Mr. Buchen is the Former Senior Executive Vice President and General Counsel at Watson Pharmaceuticals, Inc. Upon information and belief, Mr. Buchen's home address is in southern Florida. Mr. Buchen was one of Watson's primary negotiators of the reverse-payment agreements between Solvay and Watson. He attended several in-person meetings with representatives from Solvay, participated in negotiations of the licensed entry date and co-promotion profit split, and received and reviewed drafts of the agreements. The FTC expects that Mr. Buchen will testify about, among other things, the negotiations with Solvay, the various drafts of the agreements, and Watson's FDA approval and first-filer status for generic AndroGel.

### 2. Paul Campanelli

Mr. Campanelli is the former President of Par Pharmaceutical Companies, Inc. Upon information and belief, Mr. Campanelli's home address is in New Jersey. Mr. Campanelli was Par's primary negotiator of the reverse-payment

agreements between Par/Paddock and Solvay. After agreeing to $12 million per year for six years, Mr. Campanelli negotiated the type of business arrangements that would serve as the vehicles for providing the $72 million payment from Solvay. The FTC expects that Mr. Campanelli will testify about, among other things, Par's negotiations with Solvay, including Par's negotiations with Solvay on behalf of Paddock.

### 3. Murray Kay

Mr. Kay is the former Senior Vice President and Chief Financial Officer at Solvay Pharmaceuticals, Inc. Upon information and belief, Mr. Kay's home address is in southern Florida. Mr. Kay was a key contributor to Solvay's Project Tulip analysis, which calculated how much Solvay would need to pay its generic AndroGel competitors to induce them to drop their patent challenges and stay off the market until 2015. Mr. Kay also developed a 2006 AndroGel contingency plan, predicting generic AndroGel entry as early as the second quarter of 2006. The FTC expects that Mr. Kay will testify about, among other things, Solvay's analysis of the generic AndroGel entry risk and its settlement strategy of paying its generic competitors to agree to Solvay's preferred entry date.

### 4. Louis Lipinski

Mr. Lipinski is the Manager of Marketing Analytics at AbbVie, Inc. Upon information and belief, Mr. Lipinski's home address is in Illinois. The FTC expects Mr. Lipinski to testify about the payments Solvay made to the generic manufacturers pursuant to the reverse-payment agreements.

### 5. William Mink

Mr. Mink is the former Director of Technical Services at Paddock Laboratories, Inc. Upon information and belief, Mr. Mink's home address is in Minnesota. Mr. Mink was the primary Paddock employee responsible for attempting to implement the backup manufacturing agreement with Solvay. The FTC expects Mr. Mink to testify about Paddock's years-long efforts to become qualified as a backup manufacturer and its inability to manufacture branded AndroGel on a commercial scale during nearly the entire term of the agreement.

### 6. Joseph Todisco

Mr. Todisco is the former Senior Financial Analyst at Par Pharmaceutical Companies, Inc. Upon information and belief, Mr. Todisco's home address is in New Jersey. Mr. Todisco prepared forecasts and financial analyses to assist Mr. Campanelli in negotiating the amount Par would receive in exchange for settling the litigation. After Solvay agreed to pay Par $12 million per year for six years,

Mr. Todisco participated in discussions about what type of business arrangements would serve as vehicles for Solvay's $72 million payment. The FTC expects Mr. Todisco to testify about, among other things, forecasts analyzing the profits Par would make from selling generic AndroGel beginning in 2007 and the parties' consideration of different types of business arrangements to accompany the litigation settlement.

### 7.  Edward Tykot

Mr. Tykot is the former Executive Director of Business Development at Watson Pharmaceuticals, Inc. Upon information and belief, Mr. Tykot's home address is in New York. Mr. Tykot was one of Watson's primary negotiators of the co-promotion agreement. In connection with the negotiations with Solvay, he created revenue forecasts that showed that Watson would earn more from the co-promotion agreement than it would from launching generic AndroGel. The FTC expects that Mr. Tykot will testify about, among other things, the negotiations with Solvay over the co-promotion agreement, including Watson's expected profit analysis.

### 8.  Difei (Elaine) Yang

Ms. Yang is the former Strategic and Business Specialist at Solvay Pharmaceuticals, Inc. Upon information and belief, Ms. Yang's home address is in

New York. Ms. Yang was a business analyst who worked with Mr. Kay to prepare

Solvay's Project Tulip analysis, a financial model of Solvay's settlement options.

The FTC expects Ms. Yang to testify about, among other things, the details of

Project Tulip, including the analysis showing that (1) Solvay would benefit from

later generic entry; (2) the generic firms would be harmed by later entry, to the

point that they would prefer to continue litigating rather than accept Solvay's

preferred entry date; (3) Solvay's benefit from delaying generic entry would

exceed the harm to the generic manufacturers, such that the manufacturers'

aggregate profits would increase with later generic entry; and (4) Solvay could

share a portion of its increased profits with the generics to induce them to accept a

2015 generic AndroGel entry date.

### 9. Carol Yeomans

Ms. Yeomans is the former Director of Finance at Watson Pharmaceuticals,

Inc. Upon information and belief, Ms. Yeoman's home address is in New Jersey.

Ms. Yeomans oversaw forecasting, budgeting, and financial reporting at Watson.

The FTC expects Ms. Yeomans to testify about the payments Watson received

from Solvay under the co-promotion agreement.

## CONCLUSION

The FTC respectfully requests that the Court authorize the service of trial

subpoenas directed to the foregoing nine witnesses.

Dated: November 16, 2018                              Respectfully submitted,

                                                      */s/ Kara Monahan*
                                                      Kara Monahan
                                                      Daniel W. Butrymowicz
                                                      Jordy J. Hur
                                                      Garth W. Huston
                                                      Heather M. Johnson
                                                      June Im
                                                      Nicholas A. Leefer
                                                      Markus H. Meier
                                                      Lauren K. Peay
                                                      David B. Schwartz
                                                      James H. Weingarten
                                                      Randall M. Weinsten
                                                      Matthew B. Weprin

                                                      Federal Trade Commission
                                                      600 Pennsylvania Avenue, NW
                                                      Washington, DC 20580
                                                      Tel: 202-326-2018

                                                      *Counsel for Plaintiff Federal*
                                                      *Trade Commission*

## <u>LOCAL RULE 7.1(D) CERTIFICATION</u>

I certify that this motion was prepared using Times New Roman (14 point)

font pursuant to Local Rule 5.1(C).


Dated: November 16, 2018

<u>/s/ Kara Monahan</u>
Kara Monahan
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: 202-326-2018

*Counsel for Plaintiff Federal*
*Trade Commission*

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2018, I have electronically filed a true and correct copy of the **Memorandum of Law in Support of Plaintiff Federal Trade Commission's Motion for Permission to Serve Nine Trial Subpoenas** with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

Dated: November 16, 2018

*/s/ Kara Monahan*
Kara Monahan
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: 202-326-2018

*Counsel for Plaintiff Federal Trade Commission*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ACTAVIS, INC., et al.,**<br><br>**Defendants.** | **Case No. 1:09-cv-955-TWT** |

## Declaration of Kara Monahan in Support of Federal Trade Commission's Motion for Permission to Serve Nine Trial Subpoenas

I, Kara Monahan, declare:

1.     I am a Deputy Assistant Director in the Health Care Division within the Bureau of Competition of the Federal Trade Commission ("FTC" or "Commission"). I have day-to-day supervisory responsibility for the Commission's litigation in the above-captioned matter.

2.     I am licensed to practice law in the State of New Jersey and appear before this Court pro hac vice and pursuant to this Court's Initial Case Management Order.

3.      I submit this declaration in support of the FTC's Motion for Permission to

Serve Nine Trial Subpoenas.

4.      Attached as Exhibit A is a true and correct copy of the Case Management &

Scheduling Order (ECF No. 63), *FTC v. Sysco Corp.*, No. 15-cv-00256 (APM)

(D.D.C. Mar. 9, 2015).

5.      Attached as Exhibit B is a true and correct copy of the Joint Motion for

Entry of Stipulated Case Mgmt. & Scheduling Order (ECF No. 54), *FTC v.*

*Staples, Inc.*, No. 15-cv-02115-EGS (D.D.C. Dec. 23, 2015).

6.      Attached as Exhibit C is a true and correct copy of excerpts from the court

docket showing Minute Order, *FTC v. Staples, Inc.*, No. 15-cv-02115-EGS

(D.D.C. Dec. 24, 2015).

7.      Attached as Exhibit D is a true and correct copy of the Motion of Plaintiffs

Federal Trade Commission and State of Minnesota For Permission to Serve Two

Trial Subpoenas Outside of the District of Minnesota (ECF No. 240), *FTC v.*

*Lundbeck, Inc.*, No. CV 08-6379 (JNE/JJG).

8.      Attached as Exhibit E is a true and correct copy of excerpts from the Pretrial

Motions Hearing Transcript, *FTC v. Lundbeck, Inc.*, No. CV 08-6379 (JNE/JJG)

(D. Minn. Nov. 24, 2009).

9.      Attached as Exhibit F is a true and correct copy of the Order (ECF No. 78),

*FTC v. Mylan Labs., Inc.*, No. 98-cv-3114 (D.D.C. July 23, 1999).

10.     Attached as Exhibit G is a true and correct copy of the Order (ECF No. 33),

*United States v. AT&T Inc.*, No. 11-cv-01560 (D.D.C. Sept. 23, 2011).

11.     Attached as Exhibit H is a true and correct copy of the Order (ECF No. 30),

*United States v. Oracle Corp.*, No. C04-00807 (N.D. Cal. Mar. 15, 2004)


I declare under penalty of perjury that the foregoing is true and correct.


Dated: November 16, 2018                    */s/ Kara Monahan*
                                            Kara Monahan
                                            Federal Trade Commission
                                            600 Pennsylvania Avenue, NW
                                            Washington, DC 20580
                                            Tel: 202-326-2018

                                            *Counsel for Plaintiff Federal
                                            Trade Commission*

Exhibit A

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Federal Trade Commission**, *et al.*, | ) |
| **Plaintiffs**, | ) |
| **v.** | )     **Civil No. 1:15-cv-00256 (APM)** |
| **Sysco Corporation**, *et al.*, | ) |
| **Defendants.** | ) |

## CASE MANAGEMENT AND SCHEDULING ORDER

Upon consideration of the Proposed Case Management and Scheduling Order submitted by the parties on March 6, 2015, it is hereby ordered that the following shall govern the proceedings in this matter:

**I.**    **Scheduling Order**

A.    <u>TEMPORARY RESTRAINING ORDER</u>: The court entered the Stipulated Temporary Restraining Order on February 27, 2015. ECF #35.

B.    <u>DISCOVERY</u>

    1.    <u>Fact Discovery.</u> The parties may commence issuing discovery immediately. Fact discovery shall be completed by April 14, 2015.

    2.    <u>Initial Disclosures.</u> The parties already have served each other with lists of people with knowledge, as required by Fed. R. Civ. P. 26(a)(1). By March 20, 2015, the parties will make a good faith effort to produce copies of all documents in their possession that they may use to support their claims and defenses in this action, pursuant to

Fed. R. Civ. P. 26(a)(1).   To the extent additional documents come to the parties' attention during discovery, they will supplement their disclosures promptly.

3. <u>Pre-Trial Discovery Conference.</u>  The parties' prior consultations and submission of this stipulated Order relieve the parties of their duty under Fed. R. Civ. P. 26(f) to confer about scheduling and a discovery plan.

4. <u>Third-Party Discovery.</u>  For any third-party subpoena, the parties will not request a return date sooner than seven calendar days after service.  The parties agree to produce all materials received pursuant to a third-party subpoena to the non-serving Party in the format the materials were received within 24 hours of knowing receipt.

5. <u>Document Production.</u>  The parties shall not be required to produce to each other in discovery in this case any documents previously produced by Defendants to Plaintiff FTC in the course of the investigation of the acquisition of USF Holding Corp. by Sysco Corporation, FTC File No. 141-0067.

6. <u>Expert Materials Not Subject to Discovery.</u>   Expert disclosures and reports shall comply with Fed. R. Civ. P. 26(a)(2), except neither side must preserve or disclose:

   a)     any form of communication or work product shared between any of the Parties' counsel and their expert(s), or between any of the experts themselves;

   b)     any form of communication or work product shared between an expert(s) and persons assisting the expert(s);

   c)     expert's notes; unless they reflect facts or assumptions relied upon by the expert in arriving at the opinions contained in the final expert report;

   d)     drafts of expert reports, analyses, or other work product; or

   e)    data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report.

The Parties shall disclose the following materials with all expert reports:

   a)    all documents relied on by the testifying expert(s) by Bates number; and (except for those excluded above) copies of any materials relied on by the testifying expert(s) that were not previously produced and are not readily available through public sources; and

   b)    all data and programs underlying the expert's calculations for any calculation appearing in an expert report, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files, and any intermediate files.

7.  <u>Requests for Admission and Exhibits.</u>  The parties shall be limited to eight requests for admission per side, subject to the following provisions:

   a)    There will be no limit on the number of requests for admission for the authenticity of documents or admissibility of evidence.  Requests for Admission related to the authenticity of a document and admissibility of evidence shall not count against the limit of eight Requests for Admission. The parties will respond to requests regarding the authenticity and admissibility of documents within ten days.

   b)    Any good faith objection to a document's status as a business record must be provided at the same time as other objections to intended trial exhibits. If the opposing side serves a specific good faith written objection to the

document's status as a business record, the parties will promptly meet and confer to attempt to resolve any objection.  If the objection is not resolved, the party seeking to introduce the exhibit shall have the opportunity to take discovery regarding the exhibit(s) in question.  Any objections not resolved through this means or the discovery process will be resolved by the Court.

8.  <u>Interrogatories.</u>  Each side shall be permitted to serve the other with up to twelve interrogatories seeking only factual information (i.e., no contention interrogatories).  The parties shall serve responses to the interrogatories no later than ten days after the date of service.

9.  <u>Deadline to Issue Written Discovery to Parties</u>:  The parties shall serve requests for admission, interrogatories, and document requests to parties by March 27, 2015, except that requests for admission related to the authenticity of a document and admissibility of evidence shall be served by April 4, 2015.

10. <u>Service of Objections to Written Discovery</u>.  The parties shall serve any objections to written discovery requests within ten days of service of the discovery requests to which objections are asserted.

11. <u>Exchange of Lists of Fact Witnesses to Appear at Hearing.</u>  The parties shall exchange preliminary party and third-party fact witness lists no later than 5:00 pm ET, on March 9, 2015.  Such preliminary party and non-party fact witness lists shall include a summary of the topics of each witness's testimony.  The preliminary witness list shall include the name of the employer of each witness.  The parties will update their preliminary lists promptly as they add or delete witnesses.  Final party and non-party fact witness lists shall be exchanged on or before April 10, 2015, with a summary of

the topics of each witness's testimony.  Additional witnesses may be added to the final witness list after this date only by agreement of the parties or with leave of the Court for good cause shown.

12. <u>Depositions.</u>

    a)    The parties agree there should be no limit on the number of depositions that each party will be permitted.  The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition.  The Parties may not serve a deposition notice with fewer than seven days' notice.  The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.

    b)    All depositions shall be limited to a maximum of seven (7) hours.

    c)    For any deposition noticed by both Plaintiffs and Defendants, the maximum time for the deposition shall be allocated evenly between the two sides.  For any noticed deposition for which either side has obtained a declaration from the deponent, the maximum time shall be allocated for five (5) hours for the party that did not obtain the declaration, and two (2) hours for the party that obtained the declaration.  For any noticed deposition of the proposed divestiture buyer of eleven US Foods' distribution centers, Performance Food Group, or its employees, Plaintiffs shall be allocated six (6) hours and Defendants one (1) hour.  For any party deponent who has previously been deposed in an investigational hearing in the Federal Trade Commission's investigation of the acquisition of USF Holding Corp. by Sysco

Corporation, FTC File No. 141-0067, the deposition shall be limited to a maximum time of 3.5 hours; provided that Plaintiffs shall be entitled to designate a maximum of four (4) depositions of deponents who have previously been deposed in an investigational hearing for which the deposition shall have a maximum time of 7 hours; provided further that the CEOs of Sysco and US Foods shall not be among those four unless any is identified on Defendants' preliminary or final witness lists. Unused time in any party's allocation of deposition time shall not transfer to the other party.

d) If a Party serves a non-party subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least seven days after the original return date for the document subpoena.

13. Expert Reports.[1] The parties shall simultaneously exchange expert reports on April 14, 2015 and rebuttal expert reports on April 21, 2015.

14. Expert Depositions. Depositions of each side's experts may only be conducted after the disclosure of each expert's report. Expert depositions must be completed on or before April 28, 2015.

15. Discovery Uses. All discovery taken in the above-captioned litigation can be used in connection with the Administrative Action and vice versa.

---

[1] At the time of service of the expert reports, a Party shall provide opposing counsel (i) a list of all commercially-available computer programs used by the expert in the preparation of the report; (ii) a copy of all data sets used by the expert, in native file format and processed data file format; and (iii) all customized computer programs used by the expert in the preparation of the report or necessary to replicate the findings on which the expert report is based.

16. Notwithstanding any other provision herein, the Parties may modify deadlines in paragraphs 1-15 in this Order by agreement, but must provide notice of such modification to the court.

C.     BRIEFING SCHEDULE

17. Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction shall be filed by April 21, 2015.  The Plaintiffs' Reply Brief shall be filed by April 29, 2015.

D.     DATE AND LENGTH OF PRELIMINARY INJUNCTION HEARING

18. The preliminary injunction hearing in this matter shall begin on May 5, 2015, at 9:30 a.m. in Courtroom 5, and will conclude no later than May 13, 2015.

E.     OTHER MATTERS

19. Electronic Service.  Service of all correspondence and formal papers filed, whether under seal or otherwise, shall be by electronic mail.  In the event any documents are too voluminous for electronic mail, the parties shall serve an electronic disk version of the papers on opposing counsel by hand at their Washington, D.C. office.  The serving Party will telephone the other side's principal designee when the materials are sent to alert them that the materials are being served.  Electronic delivery shall be treated the same as hand delivery for purposes of calculating response times under the Federal Rules.  Service on Plaintiff FTC shall be deemed service on the Plaintiff States.  Plaintiff FTC shall provide copies to the Plaintiff States of any papers served by Defendants.

20.  Privilege Logs:  The parties agree to suspend the obligation under Rule 26(b)(5)(A), Fed. R. Civ. P., to produce a log of privileged materials withheld from discovery taken

in this action (excluding the Defendants' productions made during the course of the FTC's pre-complaint investigation). Notwithstanding the foregoing, the parties shall log materials that are: 1) authored by, addressed to, or received from any non-party; or 2) internal to a party that are not authored by, addressed to, or received from the party's attorneys. The term "non-party" as used in this provision excludes counsel for (a) the Defendants and (b) Performance Food Group on or after February 2, 2015. The parties shall maintain all documents responsive to a discovery request that are withheld pursuant to a claim of privilege or protection.

21. <u>Answer.</u> Defendants shall answer the complaint on or before March 5, 2015.

22. <u>Nationwide Service.</u> The Parties will be allowed nationwide service of discovery and trial subpoenas pursuant to Fed. R. Civ. P. 45 and 15 U.S.C. § 23, to issue from this Court.

23. <u>March 5, 2015 Order:</u> The court's Order issued on March 5, 2015, ECF #48, is hereby incorporated into this Case Management and Scheduling Order as if fully set forth herein.

<u>SCHEDULE</u>

| Event | Date |
|---|---|
| Defendants File Answer to Complaint | March 5, 2015 |
| Exchange of Preliminary Fact Witness Lists | March 9, 2015 |
| Deadline to Issue Written Discovery to Parties (Except Authenticity and Admissibility RFAs) | March 27, 2015 |
| Deadline for Service of Third-Party Subpoenas | April 1, 2015 |
| Final party and non-party fact witness lists shall be exchanged on or before | April 10, 2015 |
| Close of Fact Discovery | April 14, 2015 |
| Exchange of Expert Reports | April 14, 2015 |
| Exchange of Rebuttal Expert Reports | April 21, 2015 |
| Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction Due | April 21, 2015 |
| Parties Exchange Exhibit Lists and Deposition Designations | April 27, 2015 |
| Close of Expert Depositions | April 28, 2015 |
| Plaintiffs' Reply Brief Due | April 29, 2015 |
| Parties Exchange Objections to Exhibits and Deposition Designations | April 30, 2015 |
| Pre-hearing conference | May 1, 2015 at 10:00 a.m. |
| Hearing on Plaintiffs' Motion for Preliminary Injunction | Commences on May 5, 2015 |
| Proposed Findings of Fact and Conclusions of Law | May 20, 2015 |

Dated: March 9, 2015

Amit P. Mehta
United States District Judge

Exhibit B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **FEDERAL TRADE COMMISSION**, *et al.*, <br><br><br> Plaintiffs, <br><br> v. <br><br> **STAPLES, INC.** and <br> **OFFICE DEPOT, INC.**, <br><br> Defendants. | Civil Action No. 1:15-cv-02115-EGS |

## <u>Joint Motion for Entry of Stipulated Case Management and Scheduling Order</u>

In accordance with the Court's December 23, 2015 Minute Order, on behalf of all parties, Plaintiff Federal Trade Commission submits this Joint Motion for Entry of the attached revised Stipulated Case Management and Scheduling Order.

Dated:  December 23, 2015                    Respectfully Submitted,


 /s/ Tara Reinhart
Tara Reinhart
(D.C. Bar 462106)
Chief Trial Counsel
Federal Trade Commission
Bureau of Competition
400 Seventh Street, N.W.
Washington, D.C. 20024
(202) 326-2638
treinhart@ftc.gov

*Attorney for Federal Trade Commission*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FEDERAL TRADE COMMISSION**, *et al.*,

v.

**STAPLES, INC.** and
**OFFICE DEPOT, INC.**,

Civil Action No. 1:15-cv-02115-EGS

## STIPULATION REGARDING CASE MANAGEMENT AND SCHEDULING ORDER

Pursuant to the Court's December 23, 2015 Minute Order, the Status Conference held on December 17, 2015, and in accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16.3, Plaintiffs Federal Trade Commission, District of Columbia, Commonwealth of Pennsylvania, and Defendants Staples, Inc. and Office Depot, Inc. (collectively, "parties") submit the following stipulated Case Management and Scheduling Order:

|  | **Proposal** |
|---|---|
| Fact discovery begins | On filing of this proposed Order |
| Plaintiffs produce Investigation Materials | December 16, 2015 |
| Rule 26(a)(1) disclosures | December 18, 2015 |
| Deadline for amendments to pleadings or join parties | One day after entry of this proposed Order |
| Answers to Complaint due | December 22, 2015 |
| Each side serves its preliminary trial witness list | December 24, 2015 |
| Deadline to issue written discovery to parties | January 27, 2016 |
| Fact discovery closes | February 12, 2016 |
| Plaintiffs serve Expert Report(s) | February 15, 2016 |
| Plaintiffs' Brief in Support of Preliminary Injunction | February 16, 2016 |

|  | **Proposal** |
|---|---|
| Each side serves its final trial witness list | February 25, 2016 |
| Defendants serve rebuttal Expert Report(s) | February 29, 2016 |
| Each side exchanges exhibit lists | March 4, 2016 |
| Defendants' Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction | March 8, 2016 |
| Each side exchanges its objections to the other side's exhibits | March 8, 2016 |
| Plaintiffs' Reply Expert Report(s) | March 10, 2016 |
| Parties to complete meet and confer regarding objections to exhibits | March 14, 2016 |
| Last day for Motions *in limine* to be filed | March 14, 2016 |
| Close of Expert Discovery | March 15, 2016 |
| Joint Pretrial Statement to be filed | March 16, 2016 |
| Final pretrial conference | March 16, 2016 at 10 a.m. |
| Plaintiffs' Reply In Support of Motion for Preliminary Injunction | March 17, 2016 |
| Preliminary Injunction Hearing starts | March 21, 2016 |

1.      **Statements Regarding Local Rules 16.3(c)(3), 16.3(c)(3), 16.3(c)(4), 16.3(c)(5),**

**and 16.3(c)(6)**.  In this action, counsel for Defendants, acting on behalf of Defendants, have

accepted service of the Complaint and have waived service of a summons.  Defendants do not

intend to file any Rule 12(b) motions and they consent, for the purposes of this case only, to

personal jurisdiction and venue in this Court.  The parties do not believe that the case should be

assigned to a magistrate judge for all purposes, including trial.  Both parties are amenable to

settling this case, but despite their pre-complaint efforts, have not been able to resolve their

different views of the likely effects of the proposed merger.  Presently, the parties do not believe

that the case would benefit from the Court's alternative dispute resolution procedures.

2.      **Discovery Conference**.  The parties' prior consultations and submission of this

stipulated Order relieve the parties of their duty under Federal Rule of Civil Procedure 26(f) and

the Local Rules to confer further generally about scheduling and a discovery plan.  The parties

shall meet and confer when particular scheduling or discovery issues arise.

3.      **Production of Investigation Materials**.  The Plaintiffs will produce, initially on

an "outside counsel eyes only" basis, and at all times in compliance with the Protective Order,

the following Investigation Materials: (a) all documents, data, information, or transcripts of

testimony that:  (i) any non-party provided to Plaintiffs either voluntarily or under compulsory

process preceding the filing of this action in the course of Plaintiffs' inquiries into the

competitive effects of the proposed acquisition or (ii) provided to any non-party preceding the

filing of this action in the course of Plaintiffs' inquiries into the competitive effects of the

proposed acquisition; and (b) any witness statements, including affidavits, transcripts, or letters,

whether in hard-copy or electronic form, sent or received by Plaintiffs to or from any non-party

including its counsel, preceding the filing of this action in the course of Plaintiffs' inquiries into

the competitive effects of the proposed acquisition. The Plaintiffs will conduct good-faith, reasonable, and diligent searches for Investigation Materials; if any Investigation Material is not produced as agreed in this Paragraph, the parties will meet and confer in good faith to agree on a resolution. Nothing in this Order requires the production of any party's attorney work product, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, or materials subject to the deliberative-process or any other governmental privilege.

4. **Timely Service of Fact Discovery**. All written and deposition discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery. Parties must serve any additional declarations within one day of knowing receipt of the signed declaration. Parties must serve any additional declarations by February 12, 2016. The parties agree to work in good faith to complete depositions (or counter-declarations by the other side) by February 12, 2016, or as soon as practical thereafter.

5. **Written discovery**.

a. Interrogatories: Interrogatories shall be limited to 20 per side, including discrete subparts.

b. Requests for Admission. Requests for admission shall be limited to 20 per side. Requests for admission relating solely to the authentication or admissibility of documents, data, or other evidence, issues that the parties shall attempt to resolve initially through negotiation, shall not count against these limits.

c. Document Requests: There shall be no limit on the number of requests for the production of documents that may be served by the parties. The parties shall

not be required to produce to each other in discovery in this case any documents previously produced by the parties in the course of the investigation of the acquisition of Office Depot by Staples, FTC File No. 151-0065, or any prior FTC investigation.

d.      Responses to written discovery: Unless otherwise agreed, the parties shall respond in writing to interrogatories and requests for admissions within 15 days after they are served. The parties must serve any objections to requests for productions of documents (including a proposal of custodians to search) within 5 days after the requests are served. Within 2 days of service of those objections, the parties will meet and confer to attempt to resolve the objections and custodians. Responsive productions (subject to any objections or custodian issues that have not been resolved) will be made on a rolling basis with a good-faith effort to be completed no later than 20 days after service of the request for production. Responsive productions following resolution of objections and custodians shall be completed on a rolling basis with a good-faith effort to be completed no later than 14 days after the resolution by the parties. In response to any Rule 34 request for data or data compilations, the parties will meet and confer in good faith and make employees knowledgeable about the company's electronic systems, applications and tools, and the content, storage and production of data available for informal consultations during a meet and confer.

e.      The parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs: (1) any documents or communications sent solely between outside counsel for the parties (or persons

employed by or acting on behalf of such counsel) or by counsel for the Federal
Trade Commission or Plaintiff States (or persons employed by the Federal Trade
Commission or the Plaintiff States); (2) emails that are forwarded to assistants or
secretaries, where no responsive information is added and the prior privileged
email has been logged; (3) Defendants' communications with internal counsel
reflecting legal advice or attorney work product related to the negotiation of the
merger agreement with Office Depot and the financing terms of the Staples/Office
Depot transaction; (4) Defendants' communications with internal counsel
reflecting legal advice or attorney work product related to (a) the preparation of
Staples' and Office Depot Hart-Scott-Rodino premerger notifications filed on
February 26, 2015; or (b) the preparation of Staples and Office Depot's response
to the Requests for Additional Information and Documentary Material Issued to
Defendants ("Second Request"); (5) documents that were not directly or indirectly
furnished to any non-party, such as internal memoranda, and that were authored
by the parties' outside counsel (or persons employed by the Federal Trade
Commission or the Plaintiff States); (6) documents or communications sent solely
between outside counsel for the parties (or persons employed by or acting on
behalf of) and employees or agents of each party; (7) privileged draft contracts;
(8) draft regulatory filings; and (9) non-responsive, privileged documents attached
to responsive documents. When non-responsive, privileged documents that are
attached to responsive documents are withheld from production, however, the
parties will insert a placeholder to indicate a document has been withheld from
that family. The parties also agree to the following guidelines concerning the

preparation of privilege logs: (a) a general description of the litigation underlying attorney work product claims is permitted; (b) identification of the name and the company affiliation for each non-Defendant person is sufficient identification; and (c) there is no requirement to identify the discovery request to which each privilege document was responsive.

6.      **Witness Lists (preliminary trial and final trial)**.  Each side is limited to 50 persons on its preliminary witness list, and 20 persons on its final trial witness list.  Absent agreement of the parties or leave of court, no witness may be included on a final witness list that was not listed on a preliminary witness list.  Both the preliminary trial witness list and the final trial witness list shall be good-faith attempts to identify for the other side the witnesses the party expects that it may present at trial other than solely for impeachment.  The final trial witness list shall comply with the Federal Rule of Civil Procedure 26(a)(3)(A)(i).

7.      **Depositions**.  The parties agree there should be no limit on the number of depositions that each party will be permitted.  The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition.  The parties may not serve a deposition notice with fewer than seven days' notice for the deposition.  The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.  All depositions, including expert depositions, shall be limited to a maximum of seven (7) hours.  If a party makes a good-faith effort to depose a witness, and the witness refuses to appear for a deposition, a declaration by such witness shall be presumptively inadmissible.  A party seeking to depose a witness should bring any recalcitrant witness issues to the court's attention as soon as practicable.  Parties will work in good faith to re-schedule depositions for which a declaration is served less than five (5) calendar days prior to

the agreed upon deposition.  Further, in such cases, parties agree to work in good faith to complete depositions (or counter-declarations by the other side) by February 12, 2016, or as soon as practical thereafter.

For any deposition of a current employee or agent of any Defendant, or former employee or agent of a Defendant that retains Defendants' counsel as its counsel in this case, Plaintiffs shall be allocated seven (7) hours for the deposition.  For any deposition of a third party noticed by both Plaintiffs and Defendants, the maximum time for the deposition shall be allocated evenly between the two sides.  For any noticed deposition of a third party for which either side has obtained a declaration from the deponent, the maximum time shall be allocated for five (5) hours for the party that did not obtain the declaration, and two (2) hours for the party that obtained the declaration.  For any noticed deposition of the proposed divestiture buyer, Essendant, or its employees, Plaintiffs shall be allocated six (6) hours and Defendants one (1) hour.  Unused time in any party's allocation of deposition time shall not transfer to the other party.

If a Party serves a non-party subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least seven days after the original return date for the document subpoena.

**8.     Nationwide Service of Trial Subpoenas**.  To assist the parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, each side shall be permitted, pursuant to 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court.  The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for the purposes of Federal Rule of Civil Procedure 32 and Federal Rule of

Evidence 804 available under these rules regarding the use at trial of a deposition taken in the above-captioned action pending in this Court.

9.      **Discovery of Confidential Information**.  Discovery and production of confidential information shall be governed by the Protective Order Concerning Confidentiality that the parties are filing with the Court.  After entry by the Court, a copy of the Protective Order shall be sent to any non-parties that have been served with discovery requests, notices, or subpoenas.  In addition, by February 19, 2016, Defendants shall provide Plaintiffs with redacted versions of any exhibits used in investigational hearings or depositions in this matter for which either Defendant asserted confidentiality, or inform Plaintiffs of those exhibits that no longer need to be treated as confidential.  By February 19, 2016, Defendants also shall inform Plaintiffs of the portions of investigational hearing or deposition transcripts that no longer need to be treated as confidential.

10.      **Expert Witness Disclosures and Depositions**.  Expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

a.      Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials:

i)      any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between:

1.  any party's counsel and its expert(s), or between any agent or employee of the party's counsel and the party's expert(s);

2.  testifying and non-testifying experts;

3.  non-testifying experts; or

4.  testifying experts;

    ii)       any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between experts and any persons assisting the expert;

    iii)     expert's notes, except for notes of interviews participated in or conducted by the expert of fact witnesses;

    iv)     drafts of expert reports, affidavits or declarations; and

    v)      data formulations, data runs, data analyses, or database related operations not relied upon by the expert in forming opinions in his or her final report.

b.     The parties agree that the following materials will be disclosed with all expert reports:

    i)       a list by bates number of all documents relied upon by the testifying expert(s); and copies of any materials relied upon by the expert not previously produced that are not readily available publicly; and

    ii)      for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

**11.**    **Service of Pleadings and Discovery on Other Parties**.  Service of all pleadings, discovery requests, including Rule 45 subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence in this matter shall be made by ECF or email, except when the volume of attachments requires electronic data transfer and/or, if agreed upon by the parties, overnight delivery of the attachments, to the following individuals designated by each party:

    For Plaintiff Federal Trade Commission:

        Stelios Xenakis
        Federal Trade Commission
        Bureau of Competition
        400 Seventh Street, S.W.
        Washington, DC 20024
        (202) 326-2821
        sxenakis@ftc.gov

        Ryan Quillian
        Federal Trade Commission
        Bureau of Competition

400 Seventh Street, S.W.
Washington, DC 20024
(202) 326-2739
rquillian@ftc.gov

For Plaintiff District of Columbia:

Bennett Rushkoff
Chief, Public Advocacy Section
441 4th Street, N.W., Suite 600 South
Washington, D.C. 20001
(202) 727-5173
bennett.rushkoff@dc.gov

Catherine Jackson
Assistant Attorney General
441 4th Street, N.W., Suite 600 South
Washington, D.C. 20001
(202) 442-9841
catherine.jackson@dc.gov

For Plaintiff Commonwealth of Pennsylvania:

Norman Marden
Commonwealth of Pennsylvania
Pennsylvania Office of Attorney General
Antitrust Section
14th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 787-4530
nmarden@attorneygeneral.gov

For Defendant Staples, Inc.:

Diane Sullivan
Weil, Gotshal & Manges LLP
767 Fifth Ave.
New York, NY 10153
diane.sullivan@weil.com
Telephone: (212) 310-8897
Facsimile: (212) 310-8007

Jeffrey Perry
Carrie Mahan Anderson
Weil, Gotshal & Manges LLP
1300 Eye Street N.W.

Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
jeffrey.perry@weil.com
carrie.anderson@weil.com

For Defendant Office Depot, Inc.

Matthew Reilly
Simpson Thatcher & Bartlett LLP
900 G Street, N.W
Washington, D.C. 20001
(202) 636-5566
matt.reilly@stblaw.com

In the event that any documents are too voluminous for electronic mail, the parties shall

serve an electronic version of the papers on opposing counsel either (a) on a disc by hand at their

Washington, D.C. office or (b) via Accellion, an electronic file transfer platform. The serving

party will telephone or email the other side's principal designee when the materials are sent to

alert them that the materials are being served. For purposes of calculating discovery response

times under the Federal Rules, electronic delivery shall be treated in the same manner as hand

delivery.

Each side shall copy and produce to the other side materials obtained in discovery from

any non-party, in the format they were received, within three business days after receipt by the

party initiating the discovery request; except that if a non-party produces documents or electronic

information that are not Bates-stamped, the party receiving the documents shall Bates-stamp

them before producing a copy to the other parties, and shall produce the documents or electronic

information in a timeframe appropriate to the volume and complexity of the files received.

**12.     Deposition Designations.** The parties need not designate portions of

investigational hearings or depositions taken in the litigation. Full transcripts of investigational

hearings or depositions taken in the litigation shall be admitted, except that to the extent a party

cites investigational hearing or deposition testimony in support of a proposed finding of fact, the

Court will assess any objections made on the record at the investigational hearing or deposition

in determining whether to accept that proposed finding of fact.

13. **Evidentiary Presumptions**.

    a.    Documents produced by non-parties from their own files shall be

    presumed to be authentic within the meaning of Federal Rule of Evidence

    901. Any good-faith objection to a document's authenticity must be

    provided with the exchange of other objections to trial exhibits. If the

    opposing side serves a specific good-faith written objection to the

    document's authenticity, the presumption of authenticity will no longer

    apply to that document and the parties will promptly meet and confer to

    attempt to resolve any objection. Any objections that are not resolved

    through this means or the discovery process will be resolved by the Court.

    b.    All documents produced by a Defendant either in response to document

    requests in this litigation or in the course of the FTC's investigation of the

    proposed acquisition (FTC File No. 151-0065), or any prior FTC

    investigation, are presumed to be authentic.

    c.    Any party may challenge the authenticity or admissibility of a document

    for good cause shown, and if necessary may take discovery relating solely

    to authenticity and/or admissibility of documents.

14. **Demonstrative exhibits**. Demonstrative exhibits, other than those used by

experts, do not need to be included on Exhibit lists, but, unless otherwise agreed or ordered, need

to be served on all counsel of record at least 24 hours before any such exhibit may be introduced, or otherwise used, at trial. Text-only PowerPoint slides, demonstratives used at any hearing other than trial, and demonstratives created in court need not be pre-disclosed to the opposing party.

15.     **Briefing**. Plaintiffs' Memorandum In Support of Its Motion for Preliminary Injunction, not to exceed 45 pages, shall be filed on or before February 16, 2016. Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction, not to exceed 45 pages, shall be filed on or before March 8, 2016. Plaintiffs' Reply Brief, not to exceed 25 pages, shall be filed on or before March 17, 2016.

16.     <u>**Proposed Findings of Fact and Conclusions of Law:**</u> Proposed findings of fact and conclusions of law shall be due 10 days after the close of the hearing. Approximately one week after proposed findings of fact and conclusions of law are submitted, the parties shall appear for a final summation of the parties' argument.

17.     <u>**Date and Length of Preliminary Injunction Proceeding.**</u> The preliminary injunction hearing in this matter will be held beginning on March 21, 2016. Plaintiffs and Defendants will be granted a full and fair opportunity to present their case in a non-cumulative fashion. Plaintiffs may preserve a portion of its time for rebuttal.

18.     **Modification of Scheduling and Case Management Order**. Any party may seek modification of this Order for good cause, except that discovery and expert disclosure deadlines also may be modified by the parties by agreement.

Dated: December 23, 2015

Respectfully submitted,

   /s/ Tara Reinhart   

Tara Reinhart
(D.C. Bar 462106)
Chief Trial Counsel
Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
202-326-2638
treinhart@ftc.gov

*Attorney for Plaintiff Federal Trade Commission*

   /s/ Catherine Jackson   
Catherine Jackson
Assistant Attorney General
441 4th Street, N.W., Suite 600 South
Washington, DC 20001
202-442-9864
catherine.jackson@dc.gov

*Attorney for Plaintiff District of Columbia*

   /s/ Norman Marden   
Norman Marden
Chief Deputy Attorney General
Commonwealth of Pennsylvania
Pennsylvania Office of Attorney General
Antitrust Section
14th Floor, Strawberry Square
Harrisburg, PA 17120
717-787-4530
nmarden@attorneygeneral.gov

*Attorney for Plaintiff Commonwealth of Pennsylvania*

   /s/ Diane Sullivan   
Diane Sullivan (DC Bar 1014037)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
diane.sullivan@weil.com

Telephone: (212) 310-8897
Facsimile: (212) 310-8007


Jeffrey Perry (DC Bar 465994)
Carrie Mahan Anderson (DC Bar 459802)
1300 Eye Street NW
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
jeffrey.perry@weil.com
carrie.anderson@weil.com

*Counsel for Defendant Staples, Inc.*


 /s/ Matthew Reilly
Matthew Reilly
Simpson Thacher & Bartlett LLP
900 G Street, N.W
Washington, D.C. 20001
(202) 636-5566
matt.reilly@stblaw.com

*Counsel for Defendant Office Depot, Inc.*



SO ORDERED:


Date:  December _____, 2015


Honorable Emmet G. Sullivan
United States District Court Judge

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of December, 2015, I filed the foregoing with the Clerk of the Court via the CM/ECF system, which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Notice of Electronic Filing.

      /s/ Tara Reinhart
      Tara Reinhart
      Attorney for Plaintiff Federal Trade Commission

Exhibit C

11/16/2018
Case 1:20-cv-03590-JEB Document 40-51 Filed 08/31/25 Page 60 of 135
Case 1:09-cv-00955-TWT Document 739-5 Filed 11/16/18 Page 2 of 23

# US District Court Civil Docket

## U.S. District - District of Columbia
## (Washington, DC)

## 1:15cv2115

## Federal Trade Commission et al v. Staples, Inc. et al

This case was retrieved from the court on Tuesday, November 13, 2018

| | |
|---|---|
| **Date Filed:** 12/07/2015 | |
| **Assigned To:** Judge Emmet G. Sullivan | **Class Code:** CLOSED |
| **Referred To:** | **Closed:** 04/18/2017 |
| **Nature of suit:** Antitrust (410) | **Statute:** 15:0053 |
| **Cause:** Federal Trade Commission Act | **Jury Demand:** None |
| **Lead Docket:** None | **Demand Amount:** $0 |
| **Other Docket:** None | **NOS Description:** Antitrust |
| **Jurisdiction:** Federal Question | |

| Litigants | Attorneys |
|---|---|
| John Doe II Corporation<br>Non-Party Petitioner | Kathleen A. Mullen<br>LEAD ATTORNEY;PRO HAC VICE;ATTORNEY TO BE NOTICED<br>PEPPER HAMILTON LLP<br>100 Market Street P.O. Box 1181 Suite 200<br>Harrisburg , PA  17101<br>USA<br>(717) 255-1155<br>Fax: (717) 238-0575<br>Email:Mullenk@pepperlaw.Com |
| Savannah River Nuclear Solutions, Llc<br>[Term: 03/16/2016]<br>Non-Party Petitioner | John S. Pachter<br>LEAD ATTORNEY<br>SMITH PACHTER MCWHORTER PLC<br>8000 Towers Crescent Drive Suite 900<br>Tysons Corner , VA  22182<br>USA<br>(703) 847-6300<br>Fax: (703) 847-6312<br>Email:Jpachter@smithpachter.Com |
| Government Employees Insurance Company<br>Non-Party Petitioner | Matthew J. Ricciardi<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>HUNTON ANDREWS KURTH LLP<br>2200 Pennsylvania Avenue, Nw<br>Washington , DC  20037<br>USA<br>(202) 955-1685<br>Fax: (202) 778-2201<br>Email:Mricciardi@hunton.Com |
| State Farm Mutual Automobile Insurance Company<br>Non-Party Petitioner | |

11/16/2018

Case 1:20-cv-03590-JEB   Document 40-31   Filed 08/31/25   Page 61 of 135
Case 2:09-cv-00955-FWT   Document 739-5   Filed 11/16/18   Page 3 of 23

Hitouch Business Services Llc
Non-Party Petitioner

Morris A. Bloom
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
AXINN, VELTROP & HARKRIDER LLP
950 F Street, Nw 7th Floor
Washington , DC  20004
USA
(202) 721-5408
Fax: (202) 912-4701
Email:Mbloom@axinn.Com

Guy Brown
[Term: 03/21/2016]
Non-Party Petitioner

Guy Brown
Non-Party Respondent

Ronald G. Harris
ATTORNEY TO BE NOTICED
NEAL & HARWELL, PLC
1201 Demonbreun Street Suite 1000
Nashville , TN  37203
USA
(615) 238-3515
Fax: (615) 726-0573
Email:Rharris@nealharwell.Com

Federal Trade Commission
Plaintiff

Tara L. Reinhart
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, Nw
Washington , DC  20005
USA
(202) 371-7630
Email:Tara.Reinhart@skadden.Com

Alexis Gilman
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
400 7th Street, Sw
Washington , DC  20024
USA
(202) 326-2579
Email:Agilman@ftc.Gov

Amanda Lewis
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
400 7th Street, Sw
Washington , DC  20024
USA
(202) 326-3308
Fax: (202) 326-2286
Email:Alewis1@ftc.Gov

Angel Prado
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
Bureau Of Competition, Merger Ii 400 7th Street, Sw
Washington , DC  20024
USA
(202) 326-3228
Fax: (202) 326-2286
Email:Aprado@ftc.Gov

Ashley Masters
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION

400 5th Street, Sw
Washington , DC  20024
USA
(202) 326-2291
Fax: (202) 326-2286
Email:Amasters@ftc.Gov

Benjamin Gris
ATTORNEY TO BE NOTICED
U.S. FEDERAL TRADE COMMISSION
Bureau Of Competition
600 Pennsylvania Ave Sw
Washington , DC  20580
USA
202-326-3468
Fax: (202) 326-2286
Email:Bgris@ftc.Gov

Charles A. Loughlin
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
400 Seventh Street, Sw
Washington , DC  20024
USA
(202) 326-2114
Fax: (202) 585-1088
Email:Cloughlin@ftc.Gov

David E. Owyang
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
400 7th Street, Sw
Washington , DC  20024
USA
(202) 326-3013
Fax: (202) 326-2286
Email:Dowyang@ftc.Gov

Deborah L Feinstein
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
Bureau Of Competition
600 Pennsylvania Avenue, Nw
H-374
Washington , DC  22101
USA
(202) 326-3630
Email:Dfeinstein@ftc.Gov

Dominic Vote
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
Bureau Of Competition 400 7th Street, Sw
Washington , DC  20024
USA
(202) 326-3505
Email:Dvote@ftc.Gov

Haidee L. Schwartz
ATTORNEY TO BE NOTICED
Federal Trade Commission
600 Pennsylvania Ave., Nw
Washington , DC  20580
USA
(202) 326-2998

Fax: 202-326-2655
Email:Hschwartz1@ftc.Gov

Helder Agostinho
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
400 7th Street, Sw
Washington , DC  20024
USA
(202) 326-3415
Fax: (202) 326-2286
Email:Hagostinho@ftc.Gov

Joseph Neely
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
400 7th Street, Sw
Washington , DC  20024
USA
202-326-3431
Fax: 202-326-2286
Email:Jneely@ftc.Gov

Joshua M. Goodman
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISION
Bureau Of Competition 400 7th Street, Sw
Washington , DC  20024
USA
(202) 326-3665
Email:Jgoodman@ftc.Gov

Joshua Smith
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
400 7th Street, Sw
Washington , DC  20024
USA
(202) 326-3018
Fax: (202) 326-2286
Email:Jsmith3@ftc.Gov

Kelly A. Horne
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
400 7th Street, Sw
Washington , DC  20024
USA
(202) 326-3031
Fax: (202) 326-2286
Email:Khorne@ftc.Gov

Kevin Hahm
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
400 7th Street, Sw
Washington , DC  20024
USA
(202) 326-3680
Fax: (202) 326-2286
Email:Khahm@ftc.Gov

Kimberley G. Biagioli
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION

400 7th Street, Sw
Washington , DC  20024
USA
(202) 326-2688
Fax: (202) 326-2286
Email:Kbiagioli@ftc.Gov

Krisha A. Cerilli
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
Bureau Of Competition
600 Pennsylvania Avenue, Nw
Washington , DC  20580
USA
(202) 326-3337
Email:Kcerilli@ftc.Gov

Kristian Sjoberg Rogers
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
Bureau Of Competition
600 Pennsylvania Avenue, Nw
H-374
Washington , DC  22101
USA
(202) 326-3210
Email:Krogers@ftc.Gov

Maria M. DiMoscato
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
400 7th Street, Sw
Washington , DC  20024
USA
(202) 326-2315
Fax: (202) 326-2286
Email:Mdimoscato@ftc.Gov

Markus H. Meier
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, Nw
Washington , DC  20850
USA
(202) 326-3759
Fax: (202) 326-3384
Email:Mmeier@ftc.Gov (Inactive)

Meghan Iorianni
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
400 7th Street, Sw
Washington , DC  20024
USA
202-326-2295
Fax: 202-326-2286
Email:Miorianni@ftc.Gov

Noah Pinegar
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
400 7th Street, Sw
Washington , DC  20024
USA
(202) 326-3606

11/16/2018

Case 1:20-cv-03590-JEB   Document 40-31   Filed 08/31/25   Page 65 of 135
Case 2:03-cv-00055-TWT   Document 39-5   Filed 11/16/18   Page 6 of 23

Fax: (202) 326-2286
Email:Npinegar@ftc.Gov

Peter Colwell
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
400 7th Street, Sw
Washington , DC  20024
USA
(202) 326-3362
Fax: (202) 326-2286
Email:Pcolwell@ftc.Gov

Robert E. Zuver, Jr.
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
400 7th Street, Sw
Washington , DC  20024
USA
(202) 326-3134
Fax: (202) 326-2286
Email:Rzuver@ftc.Gov

Rohan Pai
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
400 7th Street, Sw
Washington , DC  20024
USA
(202) 326-2936
Fax: (202) 326-2286
Email:Rpai@ftc.Gov

Ryan Quillian
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
400 7th Street, Sw
Washington , DC  20024
USA
(202) 326-2739
Email:Rquillian@ftc.Gov

Stelios S. Xenakis
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
400 7th Street, Sw
Washington , DC  20024
USA
(202) 326-2821
Fax: (202) 326-2286
Email:Sxenakis@ftc.Gov

Stephanie Greco
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
400 7th Street, Sw
Washington , DC  20024
USA
(202) 326-3044
Fax: (202) 326-2286
Email:Sgreco@ftc.Gov

Stephen W. Rodger
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION

11/16/2018
Case 1:20-cv-03500-JEB Document 49-1 Filed 08/31/25 Page 66 of 135
Case 2:09-cv-00955-TWT Document 739-5 Filed 11/16/18 Page 8 of 23

400 7th Street, Sw
Washington , DC  20024
USA
(202) 326-3643
Fax: (202) 326-2286
Email:Srodger@ftc.Gov

Thomas Hankins Brock
ATTORNEY TO BE NOTICED
FEDERAL TRADE COMMISSION
Bureau Of Competition
600 Pennsylvania Avenue, Nw
Washington , DC  20580
USA
(202) 326-2813
Email:Tbrock@ftc.Gov

District of Columbia
Plaintiff

Bennett C. Rushkoff
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
OFFICE OF THE ATTORNEY GENERAL
Public Advocacy Section 441 4th Street, Nw Suite 600-S
Washington , DC  20001
USA
(202) 727-5173
Fax: (202) 727-6546
Email:Bennett.Rushkoff@dc.Gov

Catherine Anne Jackson
ATTORNEY TO BE NOTICED
OFFICE OF ATTORNEY GENERAL/DC
441 4th Street, Nw Suite 630 South
Washington , DC  20001
USA
(202) 442-9864
Fax: (202) 741-0655
Email:Catherine.Jackson@dc.Gov

Commonwealth of Pennsylvania
Plaintiff

Norman Wesley Marden
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
COMMONWEALTH OF PENNSYLVANIA OFFICE OF
ATTORNEY GENERAL
Strawberry Square 14th Floor
Harrisburg , PA  17120
USA
(717) 787-4530
Email:Nmarden@attorneygeneral.Gov

Staples, Inc.
Defendant

Andrew L. Goldman
LEAD ATTORNEY;PRO HAC VICE;ATTORNEY TO BE
NOTICED
GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP
564 West Randolph Street Suite 400
Chicago , IL  60661
USA
312) 881-5960

Chad E. Kurtz
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
COZEN O'CONNOR
1200 Nineteenth Street, Nw Suite 300
Washington , DC  20036
USA
(202) 463-2521
Fax: (202) 640-5939

Email:Ckurtz@cozen.Com

Diane P. Sullivan
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
WEIL GOTSHAL & MANGES, LLP
17 Hulfish Street Suite 201
Princeton , NJ  08542
USA
(609) 986-1100
Email:Diane.Sullivan@weil.Com

Jonathan Cheng
LEAD ATTORNEY;PRO HAC VICE
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street Nw, Suite 900
Washington , DC  20005
USA
(202)682-7248
Email:Jonathan.Cheng@weil.Com

Adam S. Tolin
PRO HAC VICE;ATTORNEY TO BE NOTICED
WEIL, GOTSHAL & MANGES LLP
17 Hulfish Street
Princeton , NJ  08542
USA
(609)986-1105
Email: (606)986-1199

Allison M. Brown
PRO HAC VICE
WEIL, GOTSHAL & MANGES LLP
17 Hulfish St.,
Princeton , NJ  08542
USA
(609)986-1104
Email:Allison.Brown@weil.Com

Brianne L. Kucerik
PRO HAC VICE
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street Nw, Suite 900
Washington , DC  20005
USA
(202) 682-7034
Email:Brianne.Kucerik@weil.Com

Carrie C. Mahan
ATTORNEY TO BE NOTICED
WEIL, GOTSHAL & MANGES, LLP
2001 M Street, Nw Suite 600
Washington , DC  20036
USA
(202) 682-7000
Fax: (202) 857-0940
Email:Carrie.Mahan@weil.Com

Christopher D. Barraza
ATTORNEY TO BE NOTICED
DENLEA & CARTON LLP
2 Westchester Park Drive Suite 410
White Plains , NY  10604
USA
(914) 331-0100
Email:Cbarraza@denleacarton.Com

Christopher M. Pepe
PRO HAC VICE
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street Nw, Suite 900
Washington , DC 20005
USA
(202)682-7153
Email:Christopher.Pepe@weil.Com

Eric S. Hochstadt
PRO HAC VICE
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York , NY 10153
USA
(212)310-8538
Fax: (212)310-8007
Email:Eric.Hochstadt@weil.Com

Gary A. Coad
PRO HAC VICE
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street Nw, Suite 900
Washington , DC 20005
USA
(202)682-7146
Email:Gary.Coad@weil.Com

Holly Elizabeth Loiseau
ATTORNEY TO BE NOTICED
WEIL, GOTSHAL & MANGES, LLP
2001 M Street, Nw Suite 600
Washington , DC 20036
USA
(202) 682-7000
Fax: (202) 857-0940
Email:Holly.Loiseau@weil.Com

Jacob B. Ebin
PRO HAC VICE
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York , NY 10153
USA
(212)310-8516

Jeffrey H. Perry
ATTORNEY TO BE NOTICED
WEIL, GOTSHAL & MANGES, LLP
2001 M Street, Nw Suite 600
Washington , DC 20036
USA
(202) 682-7000
Fax: (202) 857-0940
Email:Jeffrey.Perry@weil.Com

John O'Connor
PRO HAC VICE
WEIL, GOTSHAL & MANGES LLP
200 Crescent Ct.
Dallas , TX 75201
USA
(214)746-7715
Email:John.Oconnor@weil.Com

John J. Sullivan
PRO HAC VICE
COZEN O'CONNOR
45 Broadway
New York , NY  10006
USA
(212)453-3729
Email:Jsullivan@cozen.Com

Joseph Adamson
PRO HAC VICE
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York , NY  10153
USA
(212)310-8003
Fax: 9212)310-8007
Email:Joseph.Adamson@weil.Com

Joy M. Dineo
PRO HAC VICE
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue,
New York , NY  10153
USA
(212)310-8613
Fax: (212)310-8007
Email:Joy.Dineo@weil.Com

Megan Anne Granger
ATTORNEY TO BE NOTICED
WEIL, GOTSHAL & MANGES, LLP
2001 M Street, Nw Suite 600
Washington , DC  20036
USA
(202) 682-7000
Email:Megan.Granger@weil.Com

Megan H. Wantland
ATTORNEY TO BE NOTICED
WEIL, GOTSHAL & MANGES, LLP
2001 M Street, Nw Suite 600
Washington , DC  20036
USA
(202) 682-7271
Fax: (202) 857-0940
Email:Megan.Wantland@weil.Com

Michael Birney de Leeuw
PRO HAC VICE
COZEN O'CONNOR
45 Broadway
New York , NY  10004
USA
(212) 908-1331
Email:Mdeleeuw@coze.Com

Patrick O. O'Toole
PRO HAC VICE
WEIL, GOTSHAL & MANGES LLP
100 Federal Street, Floor 34
Boston , MA  02110
USA
(617)772-8365

Email:Patrick.Otoole@weil.Com

Rishi Satia
PRO HAC VICE;ATTORNEY TO BE NOTICED
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street Nw
Washington , DC  20005
USA
(202)682-7119
Fax: (202)857-0940
Email:Rishi.Satia@weil.Com

Robert T. Vlasis
PRO HAC VICE
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street Nw, Suite 900
Washington , DC  20005
USA
(202)682-7024
Email:Robert.Vlasis@weil.Com

Ronald F. Wick
[Term: 06/30/2016]
COHEN & GRESSER, LLP
2001 Pennsylvania Avenue, Nw Suite 300
Washington , DC  20006
USA
(202) 851-2070
Fax: (202) 851-2081
Email:Rwick@cohengresser.Com

Steven K. Bernstein
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, Nw, Suite 900
Washington , DC  20005
USA
(202) 682-7502
Email:Steven.Bernstein@weil.Com

Tamar S. Wise
PRO HAC VICE
COZEN O'CONNOR
277 Park Avenue
New York , NY  10172
USA
(212)883-4924
Fax: (646)461-2054
Email:Twise@cozen.Com

Theodore E. Tsekerides
PRO HAC VICE
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York , NY  10153
USA
(212) 310-8218
Email:Theodore.Tsekerides@weil.Com

Office Depot, Inc.
Defendant

Andrea B. Levine
LEAD ATTORNEY;PRO HAC VICE;ATTORNEY TO BE
NOTICED
SIMPSON, THACHER & BARTLETT LLP
425 Lexington Avenue
New York , NY  10017
USA

(212) 455-3578
Fax: (212) 455-2502
Email:Alevine@stblaw.Com

Andrew McHie Lacy
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
SIMPSON, THACHER & BARTLETT LLP
900 G Street, Nw
Washington , DC  20001
USA
(202) 636-5505
Fax: (202) 220-7702
Email:Alacy@stblaw.Com

Carrie C. Mahan
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
WEIL, GOTSHAL & MANGES, LLP
2001 M Street, Nw Suite 600
Washington , DC  20036
USA
(202) 682-7000
Fax: (202) 857-0940
Email:Carrie.Mahan@weil.Com

Jonathan Yakov Mincer
LEAD ATTORNEY;PRO HAC VICE;ATTORNEY TO BE
NOTICED
SIMPSON THACHER & BARLETT LLP
2475 Hanover Street
Palo Alto , CA  94304
USA
(650) 251-5267

Brian C. Spahn
ATTORNEY TO BE NOTICED
GODFREY & KAHN, SC
833 East Michigan Street Suite 1800
Milwaukee , WI  53202
USA
(414) 273-3500
Fax: (414) 273-5198
Email:Bspahn@gklaw.Com

Eric J. Wilson
ATTORNEY TO BE NOTICED
GODFREY & KAHN, S.C.
P.O. Box 2719 One East Main Street Suite 500
Madison , WI  53703
USA
(608) 284-2603
Fax: (608) 257-0609
Email:Ewilson@gklaw.Com

Evan I. Cohen
PRO HAC VICE
FINN DIXON & HERRING LLP
177 Broad Street
Stamford , CT  06901
USA
(203)325-5069
Email:Ecohen@fdh.Com

Gabriel Rottman
REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS
1156 15th St, Nw Suite 1020

11/16/2018

Case 1:20-cv-03590-JEB Document 497-3 Filed 02/01/25 Page 72 of 135
Case 4:09-cv-00058-RWT Document 103-5 Filed 11/30/15 Page 14 of 25

Washington , DC  20005
USA
(202) 795-9316

Jason M. Bussey
PRO HAC VICE
SIMPSON THATCHER & BARTLETT LLP
2475 Hanover Street
Palo Alto , CA  94304
USA
(650)251-5272
Email:Jbussey@stblaw.Com

John Lawrence Goheen , III
ATTORNEY TO BE NOTICED
SIMPSON, THACHER & BARTLETT LLP
900 G Street, Nw
Washington , DC  20001
USA
(202) 636-5567
Fax: (202) 636-5502
Email:John.Goheen@stblaw.Com

Mark W. Hancock
GODFREY & KAHN, S.C.
P.O. Box 2719 One East Main Street Suite 500
Madison , WI  53701
USA
(608) 257-3911
Fax: (608) 257-0609
Email:Mhancock@gklaw.Com

Matthew James Reilly
ATTORNEY TO BE NOTICED
SIMPSON, THACHER & BARTLETT LLP
900 G Street, Nw 9th Floor
Washington , DC  20001
USA
(202) 636-5566
Fax: (202) 636-5502
Email:Matt.Reilly@stblaw.Com

Nathaniel Preston Miller
SIMPSON THATCHER & BARTLETT LLP
900 G Street, Nw
Washington , DC  20001
USA
(202) 636-5576

Peter C. Herrick
PRO HAC VICE;ATTORNEY TO BE NOTICED
SIMPSON, THACHER & BARTLETT LLP
900 G Street, Nw
Washington , DC  20001
USA
(202) 636-5881
Fax: (202) 636-5502
Email:Peter.Herrick@stblaw.Com

Wendy Katharine Arends
ATTORNEY TO BE NOTICED
GODFREY & KAHN, S.C.
P.O. Box 2719 One East Main Street Suite 500
Madison , WI  53701
USA

11/16/2018
Case 1:20-cv-03590-JEB Document 49-3 ... in Filed 02/31/25 Page 73 of 135
Case 4:09-cv-00958-RWT Document 123-5 Filed 11/16/18 Page 13 of 25

(608) 284-2659
Email:Warends@gklaw.Com

John Doe
Interested Party

Brian Richard Iverson
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
BASS, BERRY & SIMS PLC
1201 Pennsylvania Avenue, Nw Suite 300
Washington , DC  20004
USA
(202) 827-2950
Fax: (202) 478-0792
Email:Biverson@bassberry.Com

Amazon.Com, Inc.
Interested Party

J. Robert Robertson
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
DLA Piper LLP (US)
444 W Lake Street Suite 900
Chicago , IL  60606
USA
3123684060
Fax: 3122515701
Email:Robby.Robertson@dlapiper.Com

Benjamin F. Holt
ATTORNEY TO BE NOTICED
HOGAN LOVELLS US LLP
Columbia Square 555 13th Street, Nw
Washington , DC  20004-1109
USA
(202) 637-8845
Fax: (202) 637-5910
Email:Benjamin.Holt@hoganlovells.Com

William Leitzsey Monts , III
ATTORNEY TO BE NOTICED
HOGAN LOVELLS, L.L.P.
555 13th Street, Nw
Washington , DC  20004-1109
USA
(202) 637-6440
Fax: (202) 637-5910
Email:William.Monts@hoganlovells.Com

American Automobile Association (Inc.)
Interested Party

Philip Tucker Evans
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
HOLLAND & KNIGHT LLP
800 17th Street, Nw Suite 1100
Washington , DC  20006
USA
(202) 457-7043
Fax: (202) 955-5564
Email:Philip.Evans@hklaw.Com

Lowe's Companies, Inc.
Interested Party

Wendell Landray Taylor
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, Nw
Washington , DC  20037
USA
(202) 955-1627
Fax: (202) 778-2201
Email:Wtaylor@huntonak.Com

Ecolab Inc

Toyja Eran Libia Kelley

Interested Party

[Term: 03/15/2016]
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street 8th Floor
Baltimore , MD  21117
USA
410-332-8689
Fax: 410-332-8195
Email:Tkelley@saul.Com

Canon U.S.A., Inc.
Interested Party

Creighton R. Magid
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
DORSEY & WHITNEY LLP
1401 New York Avenue, Nw Suite 900
Washington , DC  20005
USA
(202) 442-3555
Fax: (202) 442-3199
Email:Magid.Chip@dorsey.Com

Jonathan Montcalm
ATTORNEY TO BE NOTICED
DORSEY & WHITNEY LLP
51 West 52nd Street
New York , NY  10019
USA
(212)415-9347
Fax: (212) 953-7201
Email:Montcalm.Jonathan@dorsey.Com

Michael Lindsay
PRO HAC VICE;ATTORNEY TO BE NOTICED
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis , MN  55402-1498
USA
(612) 340-7819
Fax: (952) 516-5637
Email:Lindsay.Michael@dorsey.Com

Boston Children's Hospital
Interested Party

Stephanie D. Scruggs
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
SMITH, GAMBRELL & RUSSELL, LLP
1055 Thomas Jefferson Street, Nw Suite 400
Washington , DC  20007
USA
(202) 263-4300
Email:Sscruggs@sgrlaw.Com

Steven M. Veenema
PRO HAC VICE;ATTORNEY TO BE NOTICED
MURPHY & KING, P.C.
One Beacon Street
Boston , MA  02108
USA
(617)423-0400
Fax: (617)423-0498
Email:Sveenema@murphyking.Com

Theodore J. Folkman
ATTORNEY TO BE NOTICED
MURPHY & KING, P.C.
One Beacon St
Boston , MA  02108
USA

(617) 423-0400
Fax: (617)423-0498
Email:Tfolkman@murphyking.Com

New York Presbyterian Health Care System
Interested Party

Stuart Michael Gerson
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, Nw Suite 700
Washington , DC  20037
USA
(202) 861-4180
Fax: (202) 861-3540
Email:Sgerson@ebglaw.Com

American Electric Power Company, Inc.
1 Riverside Plaza
Columbus, OH 43215-2372
6147161000
Interested Party

John C. Monica , Jr.
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
PORTER WRIGHT MORRIS & ARTHUR LLP
1900 K Street Nw Suite 1100
Washington , DC  20006
USA
(202) 778-3050
Fax: (202) 778-3063
Email:Jmonica@porterwright.Com

James A. King
PRO HAC VICE
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, 29th Floor
Columbus , OH  43215
USA
(614)227-2051

Fifth Third Bank
Interested Party

Edward D. Hassi
LEAD ATTORNEY;PRO HAC VICE;ATTORNEY TO BE
NOTICED
O'MELVENY & MYERS LLP
1625 Eye Street, Nw
Washington , DC  22206
USA
(202) 383-5336
Fax: (202) 383-5414
Email:Ehassi@omm.Com

Katrina M. Robson
ATTORNEY TO BE NOTICED
O'MELVENY & MYERS LLP
1625 Eye Street, Nw
Washington , DC  20006
USA
(202) 220-5052
Fax: (202) 383-5414
Email:Krobson@omm.Com

Windfall. Inc.
Movant

Jack G. Haake
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
FOLEY & LARDNER, LLP
3000 K Street, Nw Sixth Floor
Washington , DC  20007
USA
(202) 295-4085
Fax: (202) 672-5399
Email:Jhaake@foley.Com

Best Buy Co., Inc.

Anne Michele Lockner

Movant
LEAD ATTORNEY;PRO HAC VICE;ATTORNEY TO BE
NOTICED
ROBINS KAPLAN LLP
800 Lasalle Avenue Suite 2800
Minneapolis , MN  55402
USA
(612) 349-8470
Fax: (612) 339-4181
Email:Alockner@robinskaplan.Com

Bruce Arthur Finzen
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
ROBINS KAPLAN LLP
800 Lasalle Avenue Suite 2800
Minneapolis , MN  55402
USA
(612) 349-8569
Fax: (612) 339-4181
Email:Bfinzen@robinskaplan.Com

Nicole Susanne Frank
ATTORNEY TO BE NOTICED
ROBINS KAPLAN LLP
800 Lasalle Avenue Suite 2800
Minneapolis , MN  55402
USA
(612)339-4181
Fax: (612)349-0194
Email:Nicole.Frank@courts.State.Mn.Us

Georgia-Pacific, Llc
Movant

D. Bruce Hoffman
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
Shearman & Sterling LLP
401 9th Street, Nw Suite 800
Washington , DC  20004-2128
USA
202-508-8067
Email:Bruce.Hoffman@shearman.Com

Ryan A. Shores
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
SHEARMAN & STERLING LLP
401 9th Street, Nw Suite 800
Washington , DC  20004-2128
USA
202-508-8058
Email:Ryan.Shores@shearman.Com

Wendell Landray Taylor
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, Nw
Washington , DC  20037
USA
(202) 955-1627
Fax: (202) 778-2201
Email:Wtaylor@huntonak.Com

Mcdonald's USA, Llc
Movant

Rent-A-Center, Inc.
Movant

Rebecca E. Bazan
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
DUANE MORRIS LLP
505 Ninth Street, Nw Suite 1000

Washington , DC  20004
USA
(202) 776-5253
Fax: (202) 330-5547
Email:Rebazan@duanemorris.Com

| | |
|---|---|
| Essendant, Inc.<br>Movant | Chong Seok Park<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>ROPES & GRAY LLP<br>2099 Pennsylvania Avenue Nw<br>Washington , DC  20006<br>USA<br>(202) 508-4631<br>Fax: (202) 429-3902<br>Email:Chong.Park@ropesgray.Com |

Mark Samuel Popofsky
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
ROPES & GRAY LLP
2099 Pennsylvania Avenue Nw
Washington , DC  20006
USA
(202) 508-4624
Fax: (202) 383-9377
Email:Mark.Popofsky@ropesgray.Com

Jonathan S. Klarfeld
PRO HAC VICE
ROPES & GRAY LLP
2099 Pennsylvania Avenue Nw
Washington , DC  20006
USA
(202) 508-4764
Email:Jonathan.Klarfeld@ropesgray.Com

| | |
|---|---|
| Detroit Regional Chamber<br>Movant | Joshua Hunt Joseph<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>DYKEMA GOSSETT<br>1300 I Street, Nw Suite 300 West<br>Washington , DC  20005<br>USA<br>(202) 906-8702<br>Fax: (855) 221-0913<br>Email:Jjoseph@dykema.Com |

Cody D. Rockey
PRO HAC VICE
DYKEMA GOSSETT PLLC
2723 South State Street, Suite 400
Ann Arbor , MI  48104
USA
(734)214-7655
Fax: (888)755-8924
Email:Crockey@dykema.Com

| | |
|---|---|
| Corporate United, Inc.<br>Movant | Erin Kathleen Sullivan<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>BRADLEY ARANT BOULT CUMMINGS LLP<br>1615 L Street, Nw Suite 1350<br>Washington , DC  20036<br>USA<br>(202) 719-8208<br>Fax: (202) 719-8309<br>Email:Esullivan@bradley.Com |

Judy L. Woods
PRO HAC VICE
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
One American Square, Suite 2300
Indianapolis , IN  46282
USA
(317)632-3232
Email:Jwoods@beneschlaw.Com

Kindred Healthcare
Movant

Jeffrey S. Jacobovitz
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
ARNALL GOLDEN GREGORY, LLP
1775 Pennsylvania Avenue, Nw Suite 1000
Washington , DC  20006
USA
202-677-4056
Fax: 202-677-4057
Email:Jeffrey.Jacobovitz@agg.Com

Amerisourcebergen Corporation
Movant

Andrew C. Bernasconi
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
REED SMITH LLP
1301 K Street, Nw Suite 1000 - East Tower
Washington , DC  20005
USA
(202) 414-9200
Fax: (202) 414-9299
Email:Abernasconi@reedsmith.Com

Express Scripts Holding Company
Movant

Steven A. Neeley
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
HUSCH BLACKWELL, LLP
750 17th Street, Nw Suite 900
Washington , DC  20006
USA
(202) 378-2331
Fax: (202) 378-2319
Email:Steve.Neeley@huschblackwell.Com

John Doe Corporation III
Intervenor

Edward B. Schwartz
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, Nw
Washington , DC  20036
USA
(202) 429-6220
Email:Eschwartz@steptoe.Com

John J. Kavanagh , III
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, Nw
Washington , DC  20036
USA
(202) 429-6256
Email:Jkavanagh@steptoe.Com

| Date | # | Proceeding Text | Source |
|------|---|-----------------|--------|
| 12/07/2015 | 1 | MOTION for Leave to File COMPLAINT UNDER SEAL by FEDERAL TRADE COMMISSION (Attachments: # 1 Text of Proposed Order)(zrdj) (Entered: 12/08/2015) | |

11/16/2018

Case 1:20-cv-03590-JEB Document 197-3 Filed 02/08/23 Page 79 of 135
Case 4:09-cv-00958-ERW Document 129-5 Filed 11/48/45 Page 29 of 25

| 12/07/2015 | 2 | ORDER granting 1 Motion for Leave to File complaint Under Seal. Any decision on further conditions on continued sealing are leftup to the assigned district judge. Signed by Chief Judge Richard W. Roberts on 12/7/2015. (zrdj) (Entered: 12/08/2015) |
|---|---|---|
| 12/07/2015 | 3 | COMPLAINT against OFFICE DEPOT, INC., STAPLES, INC. filed by FEDERAL TRADE COMMISSION, DISTRICT OF COLUMBIA, COMMONWEALTH OF PENNSYLVANIA. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Civil Cover Sheet)(zrdj) (Entered: 12/08/2015) |
| 12/07/2015 | 4 | MOTION for Temporary Restraining Order by FEDERAL TRADE COMMISSION (Attachments: # 1 Text of Proposed Order)(zrdj) (Entered: 12/08/2015) |
| 12/07/2015 | 5 | MOTION for Preliminary Injunction by FEDERAL TRADE COMMISSION (Attachments: # 1 Text of Proposed Order)(zrdj) (Entered: 12/08/2015) |
| 12/07/2015 | 6 | MOTION for Protective Order by FEDERAL TRADE COMMISSION (Attachments: # 1 Text of Proposed Order)(zrdj) (Entered: 12/08/2015) |
| 12/08/2015 | | MINUTE ORDER. A status hearing shall be held at 3:00 p.m. on December 8, 2015 in Courtroom 24A. Because counsel for all parties have not yet entered appearances on the Electronic Case Filing (ECF) system, the lead counsel for the Government shall ensure all counsel of record are informed of the date, time and place of the status hearing. The Government shall file a notice on ECF confirming all counsel of record have been informed of the status hearing. Any counsel of record not located in Washington, D.C. may seek leave to participate in the status hearing telephonically. Signed by Judge Emmet G. Sullivan on December 8, 2015. (lcegs4) (Entered: 12/08/2015) |
| 12/08/2015 | 7 | NOTICE by FEDERAL TRADE COMMISSION (Quillian, Ryan) (Entered: 12/08/2015) |
| 12/08/2015 | 8 | NOTICE of Appearance by Andrew M. Lacy on behalf of OFFICE DEPOT, INC. (Lacy, Andrew) (Entered: 12/08/2015) |
| 12/08/2015 | 9 | ENTERED IN ERROR. . . . .NOTICE of Appearance by Peter C. Herrick on behalf of OFFICE DEPOT, INC. (Herrick, Peter) Modified on 12/14/2015 (td). (Entered: 12/08/2015) |
| 12/08/2015 | 10 | STIPULATION re 4 MOTION for Temporary Restraining Order and Proposed Order by FEDERAL TRADE COMMISSION. (Reinhart, Tara) (Entered: 12/08/2015) |
| 12/08/2015 | | Minute Entry for proceedings held before Judge Emmet G. Sullivan: Status Conference held on 12/8/2015. The Court grants 4 MOTION for Temporary Restraining Order. Redacted Complaint due by 12:00PM on 12/9/15. Attorney Are To Meet and Confer by 12/15/2015 and File A Status Report. Status Conference set for 12/17/2015 at 10:00 AM in Courtroom 24A before Judge Emmet G. Sullivan. (Court Reporter ELIZABETH SAINT-LOTH.) (mac) (Entered: 12/08/2015) |
| 12/08/2015 | 11 | NOTICE of Appearance by Alexis Gilman on behalf of FEDERAL TRADE COMMISSION (Attachments: # 1 Certificate of Service)(Gilman, Alexis) (Entered: 12/08/2015) |
| 12/08/2015 | 12 | NOTICE of Appearance by Diane P. Sullivan on behalf of STAPLES, INC. (Sullivan, Diane) (Entered: 12/08/2015) |
| 12/08/2015 | 13 | ORDER granting 4 Motion for TRO. Signed by Judge Emmet G. Sullivan on December 8, 2015. (lcegs4) (Entered: 12/08/2015) |
| 12/08/2015 | | MINUTE ORDER granting 6 Motion for Protective Order, subject to further consideration by the Court. Signed by Judge Emmet G. Sullivan on December 8, 2015. (lcegs4) (Entered: 12/08/2015) |
| 12/08/2015 | | MINUTE ORDER. The parties shall meet and confer no later than December 15, 2015 and file a status report no later than December 16, 2015 at 9:00 a.m. The status report shall set forth a proposed schedule for briefing and a hearing on the Plaintiff's Motion for Preliminary Injunction. The status report shall also include the amount of time sought for limited discovery, the length of time anticipated for a hearing, and the number of witnesses each party expects to call at the hearing. If the parties cannot agree on a schedule, they shall set forth their respective proposals in the Status Report, and are encouraged to submit for consideration scheduling orders used in comparable matters before this Court. A hearing on the parties' status report shall be held at 10:00 a.m. on December 17, 2015. Signed |

11/16/2018

Case: 1:20-cv-03590-EBW-T-Document1978-su-inferedm01/04/23 Page-80 of 135
Case: 4:00-v-900958-EW-T Document1 493-su-inferedm01/04/23 Page-22 of 25

by Judge Emmet G. Sullivan on December 8, 2015. (lcegs4) (Entered: 12/08/2015)

| 12/09/2015 | | Set/Reset Deadlines: Status Report due on 12/16/2015 by 9:00AM. (mac) (Entered: 12/09/2015) |
|---|---|---|
| 12/09/2015 | 14 | NOTICE OF FILING REDACTED DOCUMENT to 3 Complaint, by FEDERAL TRADE COMMISSION (The original PDF Document contained privacy information and was restricted pursuant to the E-Government Act.) (Attachments: # 1 Redacted Complaint)(Reinhart, Tara) (Entered: 12/09/2015) |
| 12/10/2015 | 15 | NOTICE of Appearance by Carrie Mahan Anderson on behalf of STAPLES, INC. (Anderson, Carrie) (Entered: 12/10/2015) |
| 12/10/2015 | 16 | NOTICE of Appearance by Jeffrey H. Perry on behalf of STAPLES, INC. (Perry, Jeffrey) (Entered: 12/10/2015) |
| 12/10/2015 | 17 | Corporate Disclosure Statement by STAPLES, INC.. (Sullivan, Diane) (Entered: 12/10/2015) |
| 12/10/2015 | 18 | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by OFFICE DEPOT, INC. (Attachments: # 1 Certificate of Service)(Lacy, Andrew) (Entered: 12/10/2015) |
| 12/14/2015 | | MINUTE ORDER. Due to the Court's calendar, the 10:00 a.m. status hearing scheduled for Thursday, December 17, 2015 is hereby rescheduled to 3:30 p.m. The Court regrets any inconvenience to the parties. Signed by Judge Emmet G. Sullivan on December 14, 2015. (lcegs4) (Entered: 12/14/2015) |
| 12/14/2015 | | Set/Reset Hearings: Status Conference set for 12/17/2015 at 3:30 PM in Courtroom 24A before Judge Emmet G. Sullivan. (mac) (Entered: 12/14/2015) |
| 12/14/2015 | 19 | TRANSCRIPT OF STATUS CONFERENCE before Judge Emmet G. Sullivan held on December 8, 2015; Page Numbers: 1-34. Date of Issuance: 12-14-2015. Court Reporter/Transcriber Elizabeth SaintLoth, Telephone number 202-354-3242, Transcripts may be ordered by submitting the &lt;a href=http://www.dcd.uscourts.gov/dcd/node/2189&gt;Transcript Order Form.&lt;/a&gt;&lt;P&gt;&lt;/P&gt;&lt;P&gt;&lt;/P&gt;For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.&lt;P&gt;NOTICE RE REDACTION OF TRANSCRIPTS: The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.&lt;P&gt;&lt;/P&gt;&lt;P&gt;&lt;/P&gt; Redaction Request due 1/4/2016. Redacted Transcript Deadline set for 1/14/2016. Release of Transcript Restriction set for 3/13/2016.(Saint-Loth, Elizabeth) (Entered: 12/14/2015) |
| 12/14/2015 | | NOTICE OF CORRECTED DOCKET ENTRY: re 9 Notice of Appearance was entered in error and counsel needs to move for Pro Hac Vice. (td) (Entered: 12/14/2015) |
| 12/14/2015 | 20 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Matthew J. Reilly, :Firm- Simpson Thacher &amp; Bartlett LLP, :Address- 900 G Street, NW Washington DC 20001. Phone No. - (202) 636-5566. Fax No. - (202) 636-5502 Filing fee $ 100, receipt number 0090-4347959. Fee Status: Fee Paid. by OFFICE DEPOT, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order, # 3 Certificate of Service)(Lacy, Andrew) (Entered: 12/14/2015) |
| 12/14/2015 | 21 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Peter C. Herrick, :Firm- Simpson Thacher &amp; Bartlett LLP, :Address- 900 G Street, NW Washington DC 20001. Phone No. - (202) 636-5881. Fax No. - (202) 636-5502 Filing fee $ 100, receipt number 0090-4347973. Fee Status: Fee Paid. by OFFICE DEPOT, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order, # 3 Certificate of Service)(Lacy, Andrew) (Entered: 12/14/2015) |
| 12/16/2015 | 22 | Joint STATUS REPORT by FEDERAL TRADE COMMISSION. (Reinhart, Tara) (Entered: 12/16/2015) |

11/16/2018

Case 1:20-cv-03590-JEB Document 4 Filed 02/04/25 Page 31 of 135
Case 4:00-cv-03058-JRW-T Document 34-5 Filed 11/06/15 Page 31 of 25

| 12/16/2015 | 23 | NOTICE of Appearance by Charles A. Loughlin on behalf of FEDERAL TRADE COMMISSION (Attachments: # 1 Certificate of Service)(Loughlin, Charles A.) (Entered: 12/16/2015) |
| --- | --- | --- |
| 12/16/2015 | 24 | NOTICE of Appearance by Stelios S. Xenakis on behalf of FEDERAL TRADE COMMISSION (Attachments: # 1 Certificate of Service)(Xenakis, Stelios S.) (Entered: 12/16/2015) |
| 12/16/2015 | 25 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Rishi Satia, :Firm- Weil, Gotshal &amp; Manges LLP, :Address- 1300 Eye Street NW Suite 900, Washington, DC 20005. Phone No. - 202-682-7119. Fax No. - 202-857-0940 Filing fee $ 100, receipt number 0090-4350578. Fee Status: Fee Paid. by STAPLES, INC. (Attachments: # 1 Affidavit Affidavit of Rishi Satia, # 2 Text of Proposed Order) (Sullivan, Diane) (Entered: 12/16/2015) |
| 12/16/2015 | 26 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Eric S. Hochstadt, :Firm- Weil, Gotshal &amp; Manges LLP, :Address- 767 Fifth Ave., New York, NY 10153. Phone No. - 212-310-8003. Fax No. - 212-310-8007 Filing fee $ 100, receipt number 0090-4350598. Fee Status: Fee Paid. by STAPLES, INC. (Attachments: # 1 Affidavit of Eric S. Hochstadt, # 2 Text of Proposed Order) (Sullivan, Diane) (Entered: 12/16/2015) |
| 12/16/2015 | 27 | NOTICE of Appearance by Kevin Hahm on behalf of FEDERAL TRADE COMMISSION (Attachments: # 1 Certificate of Service)(Hahm, Kevin) (Entered: 12/16/2015) |
| 12/16/2015 | 28 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Joy M. Dineo, :Firm- Weil, Gotshal &amp; Manges LLP, :Address- 767 Fifth Ave., New York, NY 10153. Phone No. - 212-310-8613. Fax No. - 212-310-8007 Filing fee $ 100, receipt number 0090-4350622. Fee Status: Fee Paid. by STAPLES, INC. (Attachments: # 1 Affidavit of Joy M. Dineo, # 2 Text of Proposed Order)(Sullivan, Diane) (Entered: 12/16/2015) |
| 12/16/2015 | 29 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Allison M. Brown, :Firm- Weil, Gotshal &amp; Manges LLP, :Address- 17 Hulfish Street, Princeton, NJ 08542. Phone No. - 609-986-1104. Fax No. - 609-986-1199 Filing fee $ 100, receipt number 0090-4350654. Fee Status: Fee Paid. by STAPLES, INC. (Attachments: # 1 Affidavit of Allison M. Brown, # 2 Text of Proposed Order) (Sullivan, Diane) (Entered: 12/16/2015) |
| 12/16/2015 | 30 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Joseph Adamson, :Firm- Weil, Gotshal &amp; Manges LLP, :Address- 767 Fifth Ave., New York, NY 10153. Phone No. - 212-310-8003. Fax No. - 212-310-8007 Filing fee $ 100, receipt number 0090-4350689. Fee Status: Fee Paid. by STAPLES, INC. (Attachments: # 1 Affidavit of Joseph Adamson, # 2 Text of Proposed Order) (Sullivan, Diane) (Entered: 12/16/2015) |
| 12/16/2015 | | MINUTE ORDER granting 20 motion for admission pro hac vice of Matthew J. Reilly, Esq. Matthew J. Reilly is hereby admitted pro hac vice in this action. Signed by Judge Emmet G. Sullivan on December 16, 2015. (lcegs1) (Entered: 12/16/2015) |
| 12/16/2015 | | MINUTE ORDER granting 21 motion for admission pro hac vice of Peter C. Herrick, Esq. Peter C. Herrick is hereby admitted pro hac vice in this action. Signed by Judge Emmet G. Sullivan on December 16, 2015. (lcegs1) (Entered: 12/16/2015) |
| 12/16/2015 | | MINUTE ORDER granting 25 motion for admission pro hac vice. Rishi Satia is hereby admitted pro hac vice in this action. Signed by Judge Emmet G. Sullivan on December 16, 2015. (lcegs1) (Entered: 12/16/2015) |
| 12/16/2015 | | MINUTE ORDER granting 26 motion for admission pro hac vice. Eric S. Hochstadt is hereby admitted pro hac vice in this action. Signed by Judge Emmet G. Sullivan on December 16, 2015. (lcegs1) (Entered: 12/16/2015) |
| 12/16/2015 | | MINUTE ORDER granting 28 motion for admission pro hac vice. Joy M. Dineo is hereby admitted pro hac vice in this action. Signed by Judge Emmet G. Sullivan on December 16, 2015. (lcegs1) (Entered: 12/16/2015) |
| 12/16/2015 | | MINUTE ORDER granting 29 motion for admission pro hac vice. Allison M. Brown is hereby admitted pro hac vice in this action. Signed by Judge Emmet G. Sullivan on December 16, 2015. (lcegs1) (Entered: 12/16/2015) |
| 12/16/2015 | | MINUTE ORDER granting 30 motion for admission pro hac vice. Joseph Adamson is |

11/16/2018

Case 1:20-cv-03590-JEB Document 973-3 filed 02/04/25 Page 82 of 135
Case 4:90-cv-90095-TBW Document 173-5 Filed 11/16/18 Page 24 of 25

hereby admitted pro hac vice in this action. Signed by Judge Emmet G. Sullivan on December 16, 2015. (lcegs1) (Entered: 12/16/2015)

| 12/17/2015 | 31 | NOTICE of Appearance by John Lawrence Goheen, III on behalf of OFFICE DEPOT, INC. (Attachments: # 1 Certificate of Service)(Goheen, John) (Entered: 12/17/2015) |
|---|---|---|
| 12/17/2015 | 32 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- N. Preston Miller, :Firm- Simpson Thacher &amp; Bartlett LLP, :Address- 900 G Street, NW Washington DC 20001. Phone No. - (202) 636-5576. Fax No. - (202) 636-5502 Filing fee $ 100, receipt number 0090-4352158. Fee Status: Fee Paid. by OFFICE DEPOT, INC. (Attachments: # 1 Text of Proposed Order, # 2 Declaration, # 3 Certificate of Service)(Lacy, Andrew) (Entered: 12/17/2015) |
| 12/17/2015 | | MINUTE ORDER granting 32 Motion for Leave to Appear Pro Hac Vice. N. Preston Miller is here by admitted pro hac vice. Signed by Judge Emmet G. Sullivan on December 17, 2015. (lcegs4) (Entered: 12/17/2015) |
| 12/17/2015 | | Minute Entry for proceedings held before Judge Emmet G. Sullivan: Status Conference held on 12/17/2015. Pretrial Conference set for 3/16/2016 at 10:00 AM in Courtroom 24A before Judge Emmet G. Sullivan.Bench Trial set for 3/21/2016 at 9:00 AM in Courtroom 24A before Judge Emmet G. Sullivan. (Court Reporter SCOTT WALLACE.) (mac) (Entered: 12/17/2015) |
| 12/18/2015 | 33 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Andrea B. Levine, :Firm- Simpson Thacher &amp; Bartlett LLP, :Address- 425 Lexington Ave., New York, NY 10017. Phone No. - (212) 455-3578. Fax No. - (212) 455-5502 Filing fee $ 100, receipt number 0090-4354036. Fee Status: Fee Paid. by OFFICE DEPOT, INC. (Attachments: # 1 Text of Proposed Order, # 2 Declaration, # 3 Certificate of Service)(Lacy, Andrew) (Entered: 12/18/2015) |
| 12/18/2015 | 34 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Jonathan Y. Mincer, :Firm- Simpson Thacher &amp; Bartlett LLP, :Address- 2475 Hanover St., Palo Alto, CA 94304. Phone No. - (650) 251-5267. Fax No. - (650) 251-5002 Filing fee $ 100, receipt number 0090-4354040. Fee Status: Fee Paid. by OFFICE DEPOT, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order, # 3 Certificate of Service)(Lacy, Andrew) (Entered: 12/18/2015) |
| 12/18/2015 | 35 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Andrew L. Goldman, :Firm- Goldman Ismail Tomaselli Brennan &amp; Baum LLP, :Address- 564 West Randolph Street, Suite 400, Chicago, IL 60661. Phone No. - 312-881-5960. Filing fee $ 100, receipt number 0090-4354088. Fee Status: Fee Paid. by STAPLES, INC. (Attachments: # 1 Declaration of Andrew L. Goldman, # 2 Text of Proposed Order)(Sullivan, Diane) (Entered: 12/18/2015) |
| 12/18/2015 | 36 | NOTICE of Appearance by Ryan Quillian on behalf of FEDERAL TRADE COMMISSION (Attachments: # 1 Certificate of Service)(Quillian, Ryan) (Entered: 12/18/2015) |
| 12/18/2015 | | MINUTE ORDER granting 33 34 and 35 Motions for Leave to Appear Pro Hac Vice. Andrea B. Levine, Jonathan Y. Mincer, and Andrew L. Goldman are hereby admitted pro hac vice. Signed by Judge Emmet G. Sullivan on December 18, 2015. (lcegs4) (Entered: 12/18/2015) |
| 12/18/2015 | 37 | NOTICE of Appearance by Krisha A. Cerilli on behalf of FEDERAL TRADE COMMISSION (Attachments: # 1 Certificate of Service)(Cerilli, Krisha) (Main Document 37 replaced on 12/18/2015) (jf). (Entered: 12/18/2015) |
| 12/18/2015 | 38 | NOTICE of Appearance by Haidee L. Schwartz on behalf of FEDERAL TRADE COMMISSION (Attachments: # 1 Certificate of Service)(Schwartz, Haidee) (Entered: 12/18/2015) |
| 12/21/2015 | 39 | Joint MOTION for Scheduling Order Joint Motion for Entry of Stipulated Case Management and Scheduling Order by FEDERAL TRADE COMMISSION (Reinhart, Tara) (Entered: 12/21/2015) |
| 12/22/2015 | 40 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Eric J. Wilson, :Firm- Godfrey Kahn, S.C., :Address- One E. Main St., P.O. Box 2719, Madison, WI 53701. Phone No. - (608) 284-2603. Fax No. - (608) 257-0609 Filing fee $ 100, receipt number 0090-4357885. Fee Status: Fee Paid. by OFFICE DEPOT, INC. (Attachments: # 1 Text of Proposed Order, # 2 Declaration, # 3 Certificate of Service)(Lacy, Andrew) (Entered: 12/22/2015) |

11/16/2018

Case 1:20-cv-03590-EGS Document 49-3 Filed 11/31/25 Page 83 of 135
Case 4:00-cv-90958-FWT Document 49-3 Filed 11/31/25 Page 83 of 25

| 12/22/2015 | 41 | NOTICE of Appearance by Maria M. DiMoscato on behalf of FEDERAL TRADE COMMISSION (Attachments: # 1 Certificate of Service)(DiMoscato, Maria) (Entered: 12/22/2015) |
|---|---|---|
| 12/22/2015 | 42 | NOTICE of Appearance by Stephanie Greco on behalf of FEDERAL TRADE COMMISSION (Attachments: # 1 Certificate of Service)(Greco, Stephanie) (Entered: 12/22/2015) |
| 12/22/2015 | | MINUTE ORDER granting 40 Motion for Leave to Appear Pro Hac Vice. Eric J. Wilson is hereby admitted pro hac vice. Signed by Judge Emmet G. Sullivan on December 22, 2015. (lcegs3) (Entered: 12/22/2015) |
| 12/22/2015 | 43 | NOTICE of Appearance by David E. Owyang on behalf of FEDERAL TRADE COMMISSION (Attachments: # 1 Certificate of Service)(Owyang, David) (Entered: 12/22/2015) |
| 12/22/2015 | 44 | NOTICE of Appearance by Rohan Pai on behalf of FEDERAL TRADE COMMISSION (Attachments: # 1 Certificate of Service)(Pai, Rohan) (Entered: 12/22/2015) |
| 12/22/2015 | 45 | NOTICE of Appearance by Kimberley G. Biagioli on behalf of FEDERAL TRADE COMMISSION (Attachments: # 1 Certificate of Service)(Biagioli, Kimberley) (Entered: 12/22/2015) |
| 12/22/2015 | 46 | NOTICE of Appearance by Thomas H. Brock on behalf of FEDERAL TRADE COMMISSION (Attachments: # 1 Certificate of Service)(Brock, Thomas) (Entered: 12/22/2015) |
| 12/22/2015 | 47 | NOTICE of Appearance by Angel Prado on behalf of FEDERAL TRADE COMMISSION (Attachments: # 1 Certificate of Service)(Prado, Angel) (Entered: 12/22/2015) |
| 12/22/2015 | 48 | NOTICE of Appearance by Joshua Smith on behalf of FEDERAL TRADE COMMISSION (Attachments: # 1 Certificate of Service)(Smith, Joshua) (Entered: 12/22/2015) |
| 12/22/2015 | 49 | ANSWER to 3 Complaint, by STAPLES, INC..(Sullivan, Diane) (Entered: 12/22/2015) |
| 12/22/2015 | 50 | ANSWER to 3 Complaint, by OFFICE DEPOT, INC.. (Attachments: # 1 Certificate of Service)(Lacy, Andrew) (Entered: 12/22/2015) |
| 12/23/2015 | | MINUTE ORDER denying 39 Motion for Scheduling Order. The parties shall submit an amended Joint Motion for a Scheduling Order consistent with the following: (1) the language "Plaintiffs and Defendants will split the hearing time equally between sides" in paragraph 17 shall be replaced with "Plaintiffs and Defendants will be granted a full and fair opportunity to present their case in a non-cumulative fashion."; (2) the language "14 days" in paragraph 16 shall be replaced with "10 days"; (3) the parties shall include a provision noting that approximately one week after proposed findings of fact and conclusions of law are submitted, the parties shall appear for a final summation of the parties' argument. Signed by Judge Emmet G. Sullivan on December 23, 2015. (lcegs4) (Entered: 12/23/2015) |
| 12/23/2015 | 51 | NOTICE of Appearance by Amanda Lewis on behalf of FEDERAL TRADE COMMISSION (Attachments: # 1 Certificate of Service)(Lewis, Amanda) (Entered: 12/23/2015) |
| 12/23/2015 | 52 | NOTICE of Appearance by Kelly A. Horne on behalf of FEDERAL TRADE COMMISSION (Attachments: # 1 Certificate of Service)(Horne, Kelly) (Entered: 12/23/2015) |
| 12/23/2015 | 53 | NOTICE of Appearance by Norman Wesley Marden on behalf of COMMONWEALTH OF PENNSYLVANIA (Marden, Norman) (Entered: 12/23/2015) |
| 12/23/2015 | 54 | Joint MOTION for Scheduling Order Joint Motion for Entry of Stipulated Case Management and Scheduling Order by FEDERAL TRADE COMMISSION (Reinhart, Tara) (Entered: 12/23/2015) |
| 12/23/2015 | 55 | NOTICE of Appearance by Helder Agostinho on behalf of FEDERAL TRADE COMMISSION (Attachments: # 1 Certificate of Service)(Agostinho, Helder) (Entered: 12/23/2015) |
| 12/24/2015 | | MINUTE ORDER granting 54 Motion for Scheduling Order. Signed by Judge Emmet G. Sullivan on December 24, 2015. (lcegs4) (Entered: 12/24/2015) |
| 12/28/2015 | | Set/Reset Deadlines: Fact Discovery due by 2/12/2016. Plaintiffs' Brief In Support |

# Exhibit D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

FEDERAL TRADE COMMISSION, )
                          )
          Plaintiff,      )
                          )
v.                        )            08-cv-6379 (JNE/JJG)
                          )
LUNDBECK INC.,            )   **Pretrial Conference:  November 24, 2009**
                          )   **Consolidated Trial:  December 7, 2009**
          Defendant.      )
_____)
                          )
STATE OF MINNESOTA,       )
                          )
          Plaintiff,      )
                          )
                          )            (Related Case)
v.                        )          08-cv-6381 (JNE/JJG)
                          )
LUNDBECK INC.,            )
                          )
                          )
          Defendant.      )
_____)

## MOTION OF PLAINTIFFS FEDERAL TRADE COMMISSION
## AND STATE OF MINNESOTA FOR PERMISSION TO SERVE
## TWO TRIAL SUBPOENAS OUTSIDE THE DISTRICT OF MINNESOTA

Pursuant to Federal Rule of Civil Procedure 45(b)(2)(D) and section 13 of the

Clayton Act, as amended, 15 U.S.C. § 23, the Federal Trade Commission and the State of

Minnesota respectfully seek the Court's permission to serve subpoenas requiring two

former senior executives of defendant Lundbeck Inc., Michael Burke and David Knocke,

both of whom reside outside the District of Minnesota, to appear to testify at trial.

November 17, 2009

Respectfully submitted,

/s/ Kyle Chadwick
KYLE CHADWICK
(admitted *pro hac vice*)
Senior Trial Counsel
Federal Trade Commission
Bureau of Competition
601 New Jersey Ave. N.W.
Washington, DC 20580
(202) 326-3725
kchadwick@ftc.gov

Attorney for Plaintiff Federal Trade
Commission


LORI SWANSON
Attorney General
State of Minnesota

/s/ Benjamin J. Velzen
KAREN D. OLSON
Deputy Attorney General
Atty. Reg. No. 0254605
BENJAMIN J. VELZEN
Assistant Attorney General
Atty. Reg. No. 0388344
445 Minnesota Street, Suite 1400
St. Paul, MN 55101-2130
Telephone: (651) 757-1235 (Voice)
Fax: (651) 282-5437 (Fax)

Attorneys for Plaintiff State of
Minnesota, by its Attorney General
LORI SWANSON

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08-cv-6379 (JNE/JJG) |
| | ) | |
| LUNDBECK INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| STATE OF MINNESOTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | (related case) |
| v. | ) | 08-cv-6381 (JNE/JJG) |
| | ) | |
| LUNDBECK INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PERMISSION TO SERVE TWO TRIAL SUBPOENAS OUTSIDE THE DISTRICT

Before the Court is the Plaintiffs Federal Trade Commission and State of Minnesota's Motion requesting the Court for permission to serve trial subpoenas outside the District of Minnesota on two former senior executives of defendant Lundbeck Inc., Michael Burke and David Knocke, to appear to testify at trial pursuant to Federal Rule of Civil Procedure 45(b)(2)(D) and section 13 of the Clayton Act, as amended, 15 U.S.C. § 23.  The Court, having reviewed the

motion, the accompanying memorandum of law and being fully advised in this matter,

**HEREBY ORDERS** that Plaintiffs Federal Trade Commission and State of Minnesota's Motion for permission to serve two trial subpoenas outside the district is hereby **GRANTED**.

Dated: _____

_____
THE HONORABLE JOAN N. ERICKSEN
United States District Court Judge

## CERTIFICATE OF SERVICE

I certify that on November 17, 2009, I caused the Plaintiffs Federal Trade
Commission and State of Minnesota Motion for permission to serve two trial
subpoenas outside the district to be filed via ECF, and that ECF will send an e-
notice of the electronic filing to:

Alfred C. Pfeiffer, Jr. al.pfeiffer@lw.com

Anamika Ghista anamika.ghista@lw.com

Ashley M. Bauer ashley.bauer@lw.com

Karen E. Silverman karen.silverman@lw.com

Scott D. Russell scott.russell@lw.com

Sean M. Berkowitz sean.berkowitz@lw.com

Steve W. Gaskins sgaskins@flynngaskins.com


/s/ Kyle Chadwick
Kyle Chadwick
Attorney for Plaintiff Federal Trade Commission

# Exhibit E

Case 1:20-cv-03590-JEB   Document 4973-7   Filed 08/31/25   Page 91 of 135
Case 1:09-cv-00955-PWT   Document 735-7   Filed 11/16/18   Page 2 of 17

1

UNITED STATES DISTRICT COURT
**DISTRICT OF MINNESOTA**
----------------------------------------------------------------

**CV 08-6379 (JNE/JJG)**

**Federal Trade Commission      .         PRETRIAL MOTIONS HEARING**

**.  Plaintiff,**

**vs.               .         November 24, 2009**

**.              Courtroom 12W**

**Lundbeck, Inc.           .              Minneapolis, MN**

**.  Defendant.**

----------------------------------------------------------------

**CV 08-6381 (JNE/JJG)**

**State of Minnesota,         .**

**.  Plaintiff,**

**vs.               .**

**Lundbeck, Inc.,           .**

**.  Defendant.**

----------------------------------------------------------------

**TRANSCRIPT OF PRETRIAL MOTIONS HEARING**
**BEFORE THE HONORABLE JOAN ERICKSEN**
**UNITED STATES DISTRICT COURT JUDGE**

**APPEARANCES:**

**FOR THE PLAINTIFF FEDERAL TRADE COMMISSION:**

                    **KYLE E. CHADWICK**
                    JON J. NATHAN
                    Federal Trade Commission
                    601 New Jersey Avenue, NW
                    Room 7245
                    Washington, DC 20580

Case 1:20-cv-03590-JEB   Document 497-1   Filed 03/31/25   Page 92 of 135
Case 2:09-cv-00955-TWT   Document 735-7   Filed 11/16/18   Page 3 of 17

2

```
 1   APPEARANCES CONT'D:

 2   FOR THE PLAINTIFF FEDERAL TRADE COMMISSION:

 3                   MARCUS H. MEIER
                     Federal Trade Commission
 4                   600 Pennsylvania Avenue, NW
                     Washington, DC 20001
 5

 6   FOR THE PLAINTIFF STATE OF MINNESOTA:

 7
                     KAREN OLSON
 8                   BENJAMIN VELZEN
                     Office of the Minnesota Attorney General
 9                   Bremer Tower, Suite 1200
                     445 Minnesota Street
10                   St. Paul, MN  55101-2130

11   FOR DEFENDANT LUNDBECK, INC.:

12                   ALFRED C. PFEIFFER, JR.
                     ASHLEY BAUER
13                   Latham & Watkins, LLP
                     505 Montgomery Street, Suite 2000
14                   San Francisco, CA  94111-6538

15                   SEAN M. BERKOWITZ
                     Latham & Watkins, LLP
16                   233 S. Wacker Drive, Suite 5800
                     Chicago, IL  60606
17
                     STEVE GASKINS
18                   Flynn Gaskins & Bennett, LLP
                     333 South 7th Street, Suite 2900
19                   Minneapolis, MN  55402

20   Reported By:    Maria Weinbeck
                     Official Court Reporter
21                   1005 U.S. Courthouse
                     300 South Fourth Street
22                   Minneapolis, Minnesota  55415
     Proceedings reported by stenotype, transcript produced by
23   computer-aided transcription.

24

25
```

Case 1:20-cv-03590-JEB   Document 49731-7   Filed 03/31/625   Page 93 of 135
Case 2:09-cv-00955-TWT   Document 735-7   Filed 11/16/18   Page 4 of 17

3

**P R O C E E D I N G S**

1

2    THE COURT:  Good morning.  Please be seated.  All

3 right.  I've got you folks set for trial starting on the

4 morning of December 7.  And there are some issues to be

5 discussed before we begin.  And I know that you talked to the

6 court reporter about who you all are, so if you want to

7 identify yourselves as you stand up to speak, that will save

8 some time.

9    I would like, first, to discuss the trial schedule.

10 As I indicated, I have you beginning on December 7th.  Well,

11 there's two different forms of this calendar.  Have you all

12 been in contact with Ms. Frette about your schedule?  No.  All

13 right.

14    You begin on December 7th.  You then have all day

15 that day.  You have all day Tuesday, December 8th.  You have

16 all day Wednesday, December 9th.  You have all day,

17 December 10th.  Actually, I'm not sure that's true.  It looks

18 like I've got a motion -- I've got a summary judgment motion

19 at 3:00 on the 10th.  But you have all day on Friday the 11th.

20    Then, on the 14th, all day.  The 15th -- basically,

21 all day.  There's a meeting I should chair at 2:00 on that

22 day, but I'm going to talk to you about the schedules for the

23 days.  And then the 16th, most of the day, although I have to

24 do a naturalization, but that's in this building at 11.  We

25 can work around that.

```
1              So you should be done by then.  I believe Ms. Frette
2    said you had eight trial days, basically.  Is that what she
3    said?  I don't know what communication you've had with her.
4              MR. GASKINS:  Your Honor, I've talked to Sheri.  I
5    think we said ten trial days, and she said --
6              THE COURT:  I'm asking what Ms. Frette told you.
7              MR. GASKINS:  I don't remember.
8              THE COURT:  All right.  I think she indicated it was
9    going to be eight trial days.  If you can't do it then,
10   Thursday, the 17th is impossible.  I have a lot of motions
11   that I have postponed and consolidated because I'm basically
12   out of commission for the two weeks of your trial.  And then
13   there is a possibility of quite a bit of trial time on the
14   18th.  There's a little bit of criminal.
15             And then, should it be necessary, which I hope it
16   would not be, the 21st would also be a possibility.  So that's
17   what I've got.  Do you want daily copy?
18             MR. PFEIFFER:  Of the transcripts?  Yes, we would,
19   Your Honor.
20             MR. CHADWICK:  Yes.
21             THE COURT:  All right.  That means we need to get a
22   second court reporter, and it also means that if we all agree,
23   we can do compressed trial days.  Have you had any experience
24   with compressed trial days?  I like them.
25             MR. CHADWICK:  I don't believe so, Your Honor.
```

```
 1          THE COURT:  Okay.  You go basically from 8:30 to
 2    2:30 without a lunch break, and then you've got a longer break
 3    over the evening.  So it goes from about -- well, you go in
 4    about two-hour stretches.  Isn't that what we did?  Didn't we
 5    start at 8:30 and end at 2:30?
 6          In my experience, it works really well.  It's not
 7    possible unless you have daily copy because it's not -- the
 8    court reporter can't do it.  But she can if we're getting
 9    daily copy.  So that's an option.
10          MR. PFEIFFER:  Your Honor, for Lundbeck, we think
11    that sounds great.
12          MR. CHADWICK:  Certainly amenable to that, Your
13    Honor.
14          THE COURT:  Yep.  I think it works really well.  And
15    then it also means that we don't have a conflict with some of
16    those other court hearings that I have in the afternoon,
17    because I can go do those after we're done for the day.
18          MR. PFEIFFER:  Your Honor, if I may?
19          THE COURT:  Yeah, and if you could just identify
20    yourselves as you stand up to speak, that would be good.
21          MR. PFEIFFER:  Al Pfeiffer.  There may be some
22    witnesses, particularly out-of-town witnesses, that we may be
23    close to finishing as we approach 2:30.  Is there enough
24    flexibility to get a witness done rather than have that
25    witness stay over?
```

Case 1:20-cv-03590-JEB   Document 497-1   Filed 03/31/25   Page 96 of 135
Case 2:09-cv-00955-TWT   Document 735-7   Filed 11/16/18   Page 7 of 17

6

1          THE COURT:  Well, it depends on if -- I told you

2    what I've got on my schedule.  So if got, you know, if it's a

3    day that I've got a summary judgment scheduled when you're

4    done, then there wouldn't be so much flexibility.  But we

5    don't have a jury, and so there would be a little flexibility.

6    That's something that would happen no matter what the schedule

7    would be.  Wouldn't it?

8          MR. PFEIFFER:  I would think so, Your Honor, yes.

9    Thank you.

10          THE COURT:  Okay.  Yes, that's a good point.  Will

11   you have lists of witnesses or exhibits that you agree on?  I

12   know about some things you don't agree on, but surely there

13   must be things you agree on.

14          MR. GASKINS:  Steve Gaskins, Your Honor.  We have

15   a -- there are at least a group of documents that we have both

16   listed as offering on our exhibit lists, some of which are

17   still objected to.  But I would think that if we both offer

18   them, we have at least agreed to those.

19          And we've talked about some stipulations with

20   respect to some of the hearsay objections, and we're working

21   on that now.

22          THE COURT:  Okay.  So you, by the first day of

23   trial, will have an agreed upon exhibit list, and then there

24   will be some items on each separate exhibit list that there is

25   an agreement on?  Is that kind of what you foresee?

1          MR. CHADWICK:  Yes.  Kyle Chadwick, Your Honor.  I

2     think so.  There's relatively few of plaintiff's exhibits have

3     been objected to, and I think we can work out a number of the

4     objections that remain to the defense exhibits.

5          THE COURT:  All right.  Well, that's good.  What

6     about the designated deposition testimony?  Do you envision

7     calling professional actors so that I can be deluded into

8     thinking they are the actual people or do you envision having

9     your lawyers read it?  Or do you think you're going to submit

10    it in a highlighted form?  What do you think for Lundbeck?

11         MR. PFEIFFER:  Al Pfeiffer, Your Honor.  As far as

12    Lundbeck is concerned, we would submit to them to you

13    highlighted.  And also those that are available by video, they

14    would be edited video disks that you could review at your

15    convenience rather than -- it seems pointless, especially with

16    no jury here, to go through either the play acting for the

17    paper ones or playing the videos for the film ones.  So our

18    preference would be to submit them to you to review at your

19    convenience.

20         MR. CHADWICK:  Your Honor, Kyle Chadwick.  We would

21    concur.  A number of the witnesses have been designated by

22    both sides.  We can certainly submit consolidated transcripts

23    of those.  And I guess the next question would be how to

24    handle the objections, but I guess we'll get into that.

25         THE COURT:  That is the next question.  And on the

Case 1:20-cv-03590-JEB   Document 497-31   Filed 03/31/25   Page 98 of 135
Case 1:09-cv-09955-PWT   Document 735-7   Filed 11/16/18   Page 9 of 17

8

 1   video, I guess I would like to know how many hours of video

 2   I'll be expected to watch outside of trial time?  So when you

 3   do it, you might not be prepared to answer that question now,

 4   but bear in mind that anything that you submit, if it's to be

 5   read, I actually have to read it.  And if it's to be watched,

 6   I actually have to watch it.  So I would like to have an

 7   indication before I receive something of how many hours of

 8   trial time is being added on to that.

 9            MR. PFEIFFER:  Al Pfeiffer, Your Honor.

10            THE COURT:  I got you now.

11            MR. PFEIFFER:  I think it's a fair statement that

12   most of the depositions, even in total, were relatively short

13   depositions.  This was not a case of multi-day deponents.  And

14   when the relevant portions are excerpted, I would expect that

15   most of these excerpted motions counting both sides would be

16   under two hours each, but there are a number of witnesses.

17            THE COURT:  Four hours total?

18            MR. PFEIFFER:  No, sorry.  Two hours per witness, I

19   think, most of them.

20            THE COURT:  Two hours per witness?  So how many days

21   am I going to spend watching videos?

22            MR. PFEIFFER:  Not all of them were videotaped.  I

23   think a number, I think approximately 10 to 12 witnesses were

24   videotaped.  So some of them have fewer designations than

25   others.  I don't think any of the joint designations would

```
 1    exceed two hours.  I think that's a safe outside estimate and
 2    hopefully less than that.
 3              THE COURT:  Okay.  But you are still talking about
 4    an additional 20 hours of trial time where you don't have to
 5    be here but I do.
 6              MR. PFEIFFER:  I think that's probably an outside
 7    estimate, but there is the potential for it to be that much,
 8    Your Honor, yes.
 9              MR. BERKOWITZ:  And, Your Honor, Shawn Berkowitz.
10    If you have a different preference, certainly if you want us
11    to act, we can do that.  If you want us to read them, if you
12    want us to play them so that it all fits within the time
13    you've required, we can certainly do that.
14              THE COURT:  You better talk to your fellow lawyers
15    before you make that representation.
16              MR. BERKOWITZ:  You are the Judge, so we'll be happy
17    to do what you think.  I'll act both sides if nobody else
18    will, Your Honor.  But, hopefully, that won't be necessary.
19              And we can let you know in relatively short order
20    the amount of time we're talking about from a video
21    standpoint, so that you can better make that determination
22    from it.  And we can let you know the total number of pages
23    that we anticipate we've already made designations, so we
24    should be able to do that in relatively short order to help
25    you make your decision as to how you would like to proceed.
```

```
 1              THE COURT:  Okay.  And, Mr. Chadwick, did you want
 2   to --
 3              MR. CHADWICK:  Just to add, plaintiffs, Your Honor,
 4   didn't intend to designate any video testimony.
 5              THE COURT:  Okay.  I raise the issue because I want
 6   you to be aware of the actual trial time when you submit piles
 7   of video depositions and depositions.  It counts toward the --
 8   in some way it counts toward the trial days.  And if you could
 9   give me a better estimate closer to the time of how many hours
10   of video testimony you are going to be submitting, that would
11   be useful.
12              It seems likes a waste of time to make you all sit
13   here while I watch a video that you are very familiar with.
14   That seems like a waste of your time.  But just to be mindful
15   of the fact that whatever you submit, I am going to have to
16   sit back there and watch it.
17              And I say this because I had a trial once a long
18   time ago where somebody submitted videotape where I had to sit
19   back there and watch for whatever it was.  Were you on that
20   one?  Eight hours or something of basically a video of some
21   guys hairy knee and heavy breathing.  Clearly, had not been
22   watched by the attorneys before they submitted it.
23              So that's why I'm especially sensitive to the issue
24   of -- of people just submitting things because it's easy to
25   submit them and without thinking that somebody actually has to
```

1   sit back there and watch it.

2        MR. PFEIFFER:  And I can guarantee these will not be

3   that situation.  These were short depositions to begin with,

4   and they will be tightly edited.  But we will get you a much

5   more precise count of what amount of time we are looking at,

6   and we can also try to give you advance notice of when

7   particular witnesses fit in the overall play.

8        THE COURT:  Okay.  And then the other thing that I

9   find helpful is when there is going to be the submission of

10   either deposition testimony in the written form or video

11   deposition, if there's a brief statement by the proponent of

12   the evidence about what's contained in it, because that way it

13   helps the flow.  Because you'd be presenting it to a finder of

14   fact.

15        MR. PFEIFFER:  Certainly, Your Honor.

16        THE COURT:  More familiar with things then a jury,

17   obviously, because I've read some of the depositions already,

18   but I think that that helps the flow quite a bit.

19        And if you'll be submitting just copies of

20   depositions highlighted.  Maybe you could do it at the end of

21   the day for each day's, and then we could discuss, and then

22   you could tell me which objections you have.  Because it

23   strikes me, and I'm open to any other suggestions you have,

24   that it's kind of a waste of time for me to read the

25   depositions to rule on your objections and then read them

1   again.

2          Do you have all of your objections all ready to the

3   depositions?  Is that all done?

4          MR. CHADWICK:  Both sides have served and filed

5   objections, Your Honor.

6          THE COURT:  Yeah, so that's all done.

7          MR. PFEIFFER:  Yes, Your Honor.

8          THE COURT:  So what we have is everything.  And

9   you're satisfied with that?  You don't need to make any

10  additions or subtractions?

11         MR. PFEIFFER:  I was just reminded, the plaintiffs

12  did not designate any of the deposition testimony of

13  Mr. Knocke.  There is a motion today to compel him to appear

14  live.  Obviously, if he does not appear live, we expect that

15  the plaintiffs would want to designate.

16         THE COURT:  Yeah, and that's something that could be

17  taken up.  But, yeah, that's it's own issue.  Okay.  Well, I

18  suppose maybe I could do that ahead of time.

19         MR. PFEIFFER:  Your Honor, that would be great with

20  us.  I think the procedure of getting all of those resolved

21  ahead of time would obviously suit us fine.

22         THE COURT:  All right.  That will be on my to-do

23  list.

24         MR. PFEIFFER:  And, Your Honor, we will, the parties

25  do have each other's objections to those designations.  We

1  will certainly attempt to meet and confer with the plaintiffs

2  and see what we can work out.

3       THE COURT:  That was my hope.  I hate to go through

4  all of this when there's a chance that you could actually work

5  them out, because it's a lot of -- I mean it's almost like

6  going through and having people testify at trial.

7       So when do you think you might do that?  Can you do

8  that this afternoon?

9       MR. PFEIFFER:  I would think there would be an

10  opportunity to do that this afternoon, Your Honor, yes.

11      MR. CHADWICK:  We can certainly begin this

12  afternoon.  We'll have to check into our travel.

13      THE COURT:  What a terrible week to have to travel.

14  Why don't you just stay until Monday?

15      MR. CHADWICK:  The one thing I wanted to add, Your

16  Honor, is we do have a pending plaintiffs motion in limine

17  which I counted up on the plane on the way.  In our view,

18  accounts for 160 of our objections to the designated

19  deposition testimony.  So, whichever way that motion goes, if

20  that's resolved, that will get us a long distance.

21      THE COURT:  Okay.  Well, some of that we'll get to

22  maybe as we go through the individual motions.  But there are

23  some witnesses whose testimony just can't be ruled on ahead of

24  time.  And I'm thinking of the folks you say are lay witnesses

25  or expert witnesses who are being proffered as lay witnesses.

Case 1:20-cv-02500-JEB   Document 497-1   Filed 03/31/25   Page 104 of 135
Case 1:09-cv-00055-PWT   Document 735-7   Filed 11/16/18   Page 15 of 11

14

1   And it strikes me that some of their testimony is legitimate

2   fact testimony, and some of it is expert testimony.

3           MR. CHADWICK:  In our view, Your Honor, we've

4   objected only to the latter.  We're not objecting to them

5   testifying per se.

6           THE COURT:  And on that, it was my hope, rather than

7   going through and ruling on all of those in advance of today,

8   that I could just let you know, let Lundbeck know that you

9   can't have people testify under the guise of being fact

10   witnesses to wit actually and in effect expert testimony

11   because that would mean you have too many experts for one

12   thing, which is not to say you don't get to submit their

13   testimony at all.

14           But just because they're up there doesn't mean they

15   get to hold forth about the review that they've made of the

16   literature and testify about what in their view other doctors

17   would do, and testimony that's along the lines of the experts

18   that you are going to be offering.

19           So just, I mean, that as a principle, that would be

20   my guiding principle in going through and ruling on the

21   objections.  And if you can bear that in mind and then work

22   through, I'd be greatly -- well, relieved of the burden of

23   doing something that you're probably in a better position to

24   do actually.

25           MR. PFEIFFER:  And, Your Honor, I don't know if you

1    want us to start addressing the merits of that motion now,

2    Your Honor.

3              THE COURT:  Well, as I said, that's kind of getting

4    ahead of ourselves, but that was my thinking on that.

5              So should we talk about the subpoenas?  I guess I'm

6    inclined to let you go ahead and subpoena those folks.  And

7    anybody want to say anything also about the Burke and Knocke?

8              MS. BAUER:  Ashley Bauer, Your Honor.  With respect

9    to Mr. Burke, as we've said, he's amenable to coming, but we

10   would request some time in advance to know when Mr. Burke

11   should be here.  He's also planning an international adoption

12   and would like to get some timing set in advance.

13             THE COURT:  Well, work it out with them.

14             MS. BAUER:  With respect to Mr. Knocke, as you saw

15   in our paper, in our letter, he has been deposed.  He has been

16   interviewed.  We have produced documents.  And we don't

17   understand the good cause for him to have to come here.

18             THE COURT:  Did you want to say anything about that?

19             MR. CHADWICK:  Your Honor, Mr. Knocke, number one,

20   was deposed sometime ago.  And we've since reviewed and have

21   some additional documents we believe we need to show him.

22             Also, he was simply one of the key players here in

23   marketing the central drug at issue NeoProfin.  We have some

24   things we just want him to be able to tell you personally.

25   And we intend to limit his time on the stand as best we can.

1    And he's traveling from a relatively nearby state, not as in

2    the example of the case that was presented to Your Honor where

3    it was from New Jersey to Illinois.

4            THE COURT:  Yeah, isn't he Wisconsin or am I mixing

5    him up?

6            MS. BAUER:  He's not in Wisconsin that we know of.

7    He should be in Illinois.

8            THE COURT:  Okay.  Well, you go ahead and subpoena

9    him, see what happens.

10           Let's see here.  On these Daubert people, on the

11   Daubert-related, there's some interesting issues in there.

12   Particularly, I thought, with the -- is it Arnold?  Is he the

13   one who talks about the -- is he the one that comes up with

14   the $110 million.

15           MR. PFEIFFER:  That is Dr. Arnold, Your Honor.

16           THE COURT:  Let's just talk about him for a minute,

17   should we?

18           As you know, in a court trial, it's not strictly

19   necessary to make a ruling on the -- to make Daubert rulings

20   ahead of time because the finder of fact is unlikely to be

21   prejudiced by information that's erroneously put before it,

22   thinks there's some interesting quotes actually in the

23   appellate cases on that subject.

24           The danger that I perceive in proceeding the way I'm

25   inclined to proceed, which is to say let the experts testify.

# Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED

JUL 23 1999

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| FEDERAL TRADE COMMISSION | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 1:98-CV-3114 (TFH) |
| | ) |
| MYLAN LABORATORIES, INC., | ) |
| CAMBREX CORP., | ) |
| PROFARMACO S.R.L., and | ) |
| GYMA LABORATORIES OF AMERICA, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| THE STATE OF CONNECTICUT, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civ. No. 1:98-CV-3115 (TFH) |
| v. | ) |
| | ) |
| MYLAN LABORATORIES, INC., | ) |
| CAMBREX CORP., | ) |
| PROFARMACO S.R.L., | ) |
| GYMA LABORATORIES OF AMERICA, INC., | ) |
| and SST CORP., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER AUTHORIZING NATIONWIDE SERVICE OF SUBPOENAS

The Court having considered the parties' joint motion seeking authorization for

nationwide service of process; now, therefore, it is

ORDERED that the parties shall be allowed nationwide service of subpoenas, including



78

deposition and trial subpoenas, to issue from this Court, pursuant to Fed. R. Civ. P. 45(b)(2)

and 15 U.S.C. § 53(b).

Dated: July ___, 1999

_____

Thomas F. Hogan
UNITED STATES DISTRICT JUDGE

## ATTORNEYS ENTITLED TO NOTICE

**FEDERAL TRADE COMMISSION**
Richard A. Feinstein
Federal Trade Commission
6th Street & Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-3688

**STATE of OHIO**
BETTY D. MONTGOMERY
Attorney General
Raj Malik
Assistant Attorney General
Mitchell L. Gentile
Senior Attorney
140 East Town Street, First Floor
Columbus, OH 43215
(614) 466-4328

**JOHN CARROLL, ESQ.**
Rogers & Wells LLP
200 Park Avenue
New York, New York 10166
(212) 878-8596
Attorney for Defendant Mylan Laboratories

**IRVING SCHER, ESQ.**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153-0119
Attorney for Defendant Gyma Laboratories

**GARY KUBEK, ESQ.**
Debevoise & Plimpton
875 Third Avenue
New York, New York 10022
Attorney for Defendants Cambrex Corp. and
Profarmaco S.R.L.

**SIDNEY ROSDEITCHER, ESQ.**
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of the Americas
New York, New York 10019
Attorney for Defendant SST Corp.

# Exhibit G

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF NEW YORK, STATE OF WASHINGTON, STATE OF CALIFORNIA, STATE OF ILLINOIS, COMMONWEALTH OF MASSACHUSETTS, STATE OF OHIO, and COMMONWEALTH OF PENNSYLVANIA, | Civil No. 11-01560 (ESH) |

*Plaintiffs,*

v.

AT&T INC., T-MOBILE USA, INC., and
DEUTSCHE TELEKOM AG,

*Defendants.*

## STIPULATED SCHEDULING AND CASE-MANAGEMENT ORDER

In accordance with Fed. R. Civ. P. 16(b) and LCvR 16.4 and upon agreement of the

parties, the Court hereby ORDERS as follows:

1.     <u>Service of and Response to the Complaint.</u> In this action, counsel for the

Defendants, acting on behalf of Defendants, have accepted service of the Complaint and have

waived service of a summons. Defendants have already filed their answer to the Complaint.

2.     <u>Joinder and Amendments to the Pleadings.</u> Without leave of Court, the parties

may join additional parties within 7 days of entry of this Order, and amendments to the

Complaint shall occur by 10 days after entry of this Order. Any answer to an amended

complaint shall occur within 10 days of its filing.

3.    Discovery Conference. The parties' prior consultations and submission of this stipulated Order relieve the parties of their duty under Fed. R. Civ. P. 26(f) to confer about scheduling and a discovery plan.

4.    Initial Disclosures. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be limited as follows:

A.    Plaintiffs' initial disclosures: Under the terms and conditions set forth below, Plaintiffs shall

1.    produce to Defendants within 10 days of the entry of this Order a list of all non-parties that received a Civil Investigative Demand or otherwise provided materials to the Plaintiffs in their investigation that preceded this lawsuit; Defendants reserve the right to seek a list of all persons interviewed or otherwise contacted by the Plaintiffs in the course of their investigation of the Proposed Acquisition; and

2.    produce to Defendants, as soon as reasonably practicable and consistent with the timing for producing confidential information set forth in Paragraph 9 below, all documents, data, oral examination transcripts, depositions, statements, declarations, and affidavits, whether in hard-copy or electronic form, exchanged between Plaintiffs (including Plaintiffs' counsel) and any non-party (including the non-party's counsel) in the course of Plaintiffs' Investigation of the Proposed Acquisition (collectively, Plaintiffs' "Investigation Materials"). Plaintiffs shall produce these Investigation Materials regardless of whether those materials were received informally or through compulsory process, such as a subpoena or Civil Investigative Demand. Plaintiffs are not required to produce back to Defendants documents or other written materials originally received from Defendants. This Paragraph shall not be construed as requiring the

- 2 -

production of Plaintiffs' attorney work product, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, communications subject to a common interest privilege, or materials subject to the deliberative process or any other governmental privilege.

    B.  Defendants' initial disclosures: Under the terms and conditions set forth below, Defendants shall produce to Plaintiffs, consistent with the timing for producing confidential information set forth in Paragraph 9 below, copies of all documents, data, oral examination transcripts, depositions, statements, declarations, and affidavits, whether in hard-copy or electronic form, exchanged between any Defendant (including Defendants' counsel) and any non-party (including the non-party's counsel) in the course of responding to Plaintiffs' Investigation of, or otherwise relating to, the Proposed Acquisition, including statements of support provided to Plaintiffs and/or the Federal Communications Commission (collectively Defendants' "Investigation Materials"). Notwithstanding the above, Defendants shall not at this time be required to produce emails or correspondence, including any attachments, soliciting support for the merger or other lobbying materials discussing or promoting the benefits of the merger, although Plaintiffs reserve the right to seek such materials in discovery. The Defendants are not required to produce back to the Plaintiffs documents or other written materials originally received from Plaintiffs. This Paragraph shall not be construed as requiring the production of Defendants' attorney work product, communications with or information provided to any potentially or actually retained expert, communications subject to a common interest privilege, or confidential attorney-client communications.

5. <u>Discovery Period.</u> The period for fact discovery shall begin on the date of the entry of this Order and shall be completed by January 10, 2012.

6. <u>Written Discovery.</u> All written discovery shall be served to permit timely responses to be served within the discovery period. Interrogatories shall be limited to 20 per side, including sub-parts. There will not be a limit on the number of requests for the production of documents that may be served by the parties. Requests for admission shall be limited to 50 per side, except for requests relating solely to the authentication or admissibility of documents, data, or other evidence. Parties shall respond to written discovery requests 20 days after service of the request. To the extent it is reasonably possible, parties shall produce documents within 20 days after service of the request but in no event, except for good cause shown, more than 30 days after service of the request. Notwithstanding the foregoing, to the extent that any discovery request relates to any office or agency of the U.S. Government other than the Antitrust Division or any office or agency of any Plaintiff State, it is understood that the Plaintiffs cannot guarantee that such agency or office will produce requested materials within 30 days, and that Plaintiffs will have no obligation other than making good-faith efforts with respect to such other agency or office. The Plaintiffs, further, reserve all rights to object to any such discovery, pursuant to the Federal Rules of Civil Procedure.

7. <u>Depositions of Fact Witnesses.</u> Absent good cause shown, depositions shall be limited to no more than 30 per side (excluding experts), plus depositions of the parties' designated witnesses as set forth in Paragraph 10 of this Order. A deposition of a party or non-party, taken pursuant to Fed. R. Civ. P. 30(b)(6), shall count as one deposition regardless of the number of witnesses produced to testify. Depositions taken for the sole purpose of establishing

the authenticity and admissibility of documents produced by any party or non-party do not count toward the limit of depositions.

Depositions of fact witnesses shall be no more than one (7 hour) day in length; however deposition of five fact witnesses employed by or otherwise affiliated with a party may extend to two days in length at the discretion of the noticing party. Party witnesses residing outside the United States shall be produced in Washington, D.C. for deposition. Employees of party witnesses will be made available for deposition upon five days' notice if reasonably possible, though the deposing party will make a good-faith effort to provide at least seven business days' notice. The parties and affected non-parties may stipulate to additional time for individual depositions. Absent agreement of the parties, the length of depositions provided for in this Scheduling Order may be modified only by order of this Court for good cause shown.

All depositions, including the depositions of Defendants' employees taken by Plaintiffs during Plaintiffs' investigation of the Proposed Acquisition, may be used for all purposes under Fed. R. Civ. P. 32 or Fed. R. Evid. 801(d)(2)(D). Depositions taken during the investigation of the Proposed Acquisition do not count toward the limit of depositions.

8.    <u>Nationwide Service of Trial Subpoenas.</u> To assist the parties in planning discovery and in view of the geographic dispersion of potential witnesses in this action outside this District, the parties will be permitted, pursuant to 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Fed. R. Civ. P. 32 and Fed. R. Evid. 804, available under those rules.

9. <u>Discovery of Confidential Information.</u> Discovery and production of confidential information shall be governed by the Protective Order that the parties are concurrently filing with the Court, after entry by the Court, and a copy of the Order shall be included with any discovery requests, notices, or subpoenas directed to non-parties.

Once entered by the Court, the Protective Order shall be provided by Plaintiffs to all non-parties that produced Investigation Materials during Plaintiffs' investigation of the Proposed Acquisition. The non-parties shall have 15 days after receipt of a copy of the Protective Order in which to review the Protective Order and designate Investigation Materials as confidential under the Protective Order. If any non-party determines that the Protective Order does not adequately protect its confidential Investigation Materials, it may, within 10 days after receipt of a copy of the Protective Order, seek additional relief from the Court. If a non-party seeks additional relief from the Court, the Investigation Materials for which additional protection has been sought will not be produced until the Court has ruled. Otherwise, no non-party Investigation Materials shall be produced to Defendants by Plaintiffs until 11 days after a non-party's receipt of a copy of the Protective Order unless, before then, the non-party that produced the Investigation Materials indicates that it is satisfied with the terms of the proposed Protective Order. In these circumstances, Plaintiffs shall produce to Defendants that non-party's Investigation Materials as soon as feasible. All materials so produced shall be treated as confidential under the Protective Order until the non-party has had an opportunity to designate its materials as confidential or the 15-day period noted above has elapsed.

Investigation Materials in possession of the Defendants shall be produced no later than fifteen days after entry of this Order.

10.    <u>Witness Lists.</u> On or before October 14, 2011, the parties shall negotiate the

timing, method, manner, and content of the exchange of witness lists. Preliminary witness lists

shall be exchanged at the earliest possible time to ensure adequate opportunity for each side to

depose any witness on the opposing side's witness list if that witness has not already been

deposed in this case. Despite the limitation on the number of depositions that each side may

take, each side shall have the right to depose any witness on the opposing side's witness list if

that witness has not already been deposed in this case, even if the limitation on depositions is

exceeded.

11.    <u>Expert Witness Disclosures and Depositions.</u> Expert-related discovery will be

governed by Fed. R. Civ. P. 26, except as modified by this Order. Each side shall identify all

experts that it will call in its respective case-in-chief and defense case by [~~December 1, 2011/~~ November 22

~~November 10, 2011~~]. Each side shall identify all rebuttal experts by [~~December 20, 2011/~~ December 7, 2011

~~November 23, 2011~~].

Plaintiffs' case-in-chief expert reports will be delivered to Defendants by [~~January 5,~~ December 28

~~2012/ November 15, 2011~~]. Defendants' expert reports on efficiencies of the merger will be

delivered to Plaintiffs by [~~January 5, 2012/November 15, 2011~~]. Both sides will deliver December 28, 2011

responsive expert reports to the other side by [~~January 16, 2012/December 2, 2011~~]. Rebuttal January 9, 2012

reports permitted by Fed. R. Civ. P. 26(a)(2)(D)(ii) will be delivered by [~~January 23, 2012/~~ January 16,

~~December 15, 2011~~]. Expert discovery, including each party's expert reports, shall comply 2012

with the requirements of Fed. R. Civ. P. 26(a)(2), except that neither side must preserve or

produce in discovery the following documents or materials:

a.    Any form of oral or written communication or correspondence between
any of Defendant's counsel and its expert(s) or the Plaintiffs and their
expert(s), between testifying and non-testifying experts, between non-
testifying experts, or between testifying experts.

      b.      Written communication or correspondence between an expert(s) and the expert's staff

      c.      Expert's notes, except to the extent that the notes reflect facts or assumptions relied upon by the expert in the opinions contained in his or her final report.

      d.      Drafts of expert reports.

      e.      Data formulations, data runs, or any database-related operations not relied upon by the experts in the opinions contained in his or her final report.

Depositions of each side's experts will be conducted only after exchange of all of the above-referenced reports and must be completed by [January 30, 2012/January 20, 2012] *January 25, 2012*.

Depositions of each expert witness may extend to two days in length.

12.      <u>Service of Pleadings and Discovery on Other Parties.</u> Service of all pleadings, discovery requests, including Rule 45 subpoenas for testimony or documents, and delivery of all correspondence in this matter will be made by email to the following individuals designated by the parties (including principal designees for each side, noted with an asterisk ('**\***')) below:

<u>For Plaintiff United States of America:</u>

Matthew C. Hammond*
Tel: 202-305-8541
matthew.hammond@usdoj.gov

Katherine Celeste
Tel: 202-532-4713
katherine.celeste@usdoj.gov
U.S. Department of Justice, Antitrust Division
450 Fifth Street, N.W., Suite 7000
Washington, DC 20001
Fax: 202-514-5381

For Plaintiff States (collectively):

        Geralyn J. Trujillo*
        STATE OF NEW YORK
        Office of the Attorney General
        Antitrust Bureau
        120 Broadway, 26th Floor
        New York, NY 10271
        Tel: (212) 416-6677
        Fax: (212) 416-6015
        Geralyn.Trujillo@ag.ny.gov

        David M. Kerwin*
        STATE OF WASHINGTON
        Office of Attorney General
        Antitrust Division
        800 Fifth Avenue, S. 2000
        Seattle, WA 98104
        Tel: (206) 464-7030]
        Fax: (206) 464-6338
        davidk3@atg.wa.gov

For Defendant AT&T Inc.:

        Steven F. Benz*
        Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
        Sumner Square
        1615 M Street, NW, Suite 400
        Washington, DC 20036
        Tel: (202) 326-7929
        Fax: (202) 326 - 7999
        sbenz@khhte.com

For Defendants T-Mobile USA, Inc., and Deutsche Telekom AG:

        Patrick Bock*
        Cleary Gottlieb Steen & Hamilton LLP
        2000 Pennsylvania Avenue, NW
        Washington, DC 20006
        Tel: (202) 974-1922
        Fax: (202) 974-1999
        pbock@cgsh.com

The serving party will telephone the other side's principal designees when the materials are sent to alert them that the materials are being served. Any party's principal designee served by email shall promptly confirm receipt. Electronic delivery with confirming receipt shall be treated in the same manner as hand delivery for purposes of calculating discovery response times under the Federal Rules. However, email service that is delivered after 6:00 pm EST, shall be treated as if it was received the following business day.

Each side shall copy and produce materials obtained in discovery from any non-party to the other side, including, as applicable, each Defendant and Plaintiff United States, within three business days after receipt by the party initiating the discovery request.

13.     Privilege Issues. By separate order, the Court may designate a magistrate or appoint a special master to review and rule on disputes pertaining to the Defendants claims of privilege for documents listed in logs that they produced during the Investigation.

14.     Exhibit Lists. On or before December 16, 2011, the parties shall negotiate the timing, method, and manner of the exchange of exhibit lists, as well as a process for stipulating to the authenticity and admissibility of proposed exhibits.

15.     Demonstrative exhibits, other than those to be used by experts, do not need to be included on exhibit lists, but unless otherwise agreed or ordered, need to be served on all counsel of record at least 48 hours before any such exhibit may be introduced, or otherwise used, at trial. (1) Text-only powerpoint slides and (2) demonstratives created in court, need not be pre-disclosed to the opposing party.

16.     Plaintiffs shall provide the Court and Defendants with their pre-filed direct testimony on ~~January 23, 2012~~ January 29, 2012. Defendants shall provide the Court and Plaintiffs with their pre-filed direct testimony on February ~~6~~ 8, 2012.

17. <u>Trial Date.</u> Date for the Pretrial conference and trial shall be set by the Court. Pretrial proceedings shall be governed by this Court's standing pretrial order and applicable local court rules. The parties shall be prepared to begin trial on February 13, 2012.

IT IS SO ORDERED.

DATED: September 2 3, 2011

Ellen S. Huvelle
UNITED STATES DISTRICT JUDGE

# Exhibit H

1    UNITED STATES DISTRICT COURT

2    NORTHERN DISTRICT OF CALIFORNIA

3    SAN FRANCISCO DIVISION

4    _____

5    UNITED STATES OF AMERICA, *et al.*          )
                                                 )
6                     Plaintiffs,                )        Case No: C 04-00807 VRW
                                                 )
7              v.                                )
                                                 )        **JOINT**
8    ORACLE CORPORATION                          )        **CASE MANAGEMENT STATEMENT**
                                                 )        **AND PROPOSED ORDER**
9                     Defendant.                 )
     _____        )

10

11

12          In accordance with Civil Local Rule ("L.R.") 16-9, the parties to the above-entitled action

13   jointly submit this Case Management Statement and Proposed Order and request that the Court

14   adopt it as the Case Management Order in this case. Unless otherwise indicated, all time frames

15   referenced herein refer to calendar days.

16                              **DESCRIPTION OF THE CASE**

17          1.      This action arises from an unsolicited bid by Defendant Oracle Corporation

18   ("Oracle") to acquire PeopleSoft, Inc. ("PeopleSoft") (hereinafter referred to as the, "Proposed

19   Acquisition"). Oracle and PeopleSoft each is a party to the Proposed Acquisition. Both Oracle

20   and PeopleSoft sell enterprise software applications to enterprises, institutions, organizations and

21   government units throughout the United States, including integrated Human Resource Management

22   ("HRM") and Financial Management Service ("FMS") software. Since June 2003, the United

23   States and each of the seven Plaintiff States (collectively, "Plaintiffs") have been investigating the

24   Proposed Acquisition (hereinafter, collectively, "Plaintiffs' Investigation").

25          2.      The principal legal issue is whether or not the Proposed Acquisition would likely

26   substantially lessen competition in interstate trade and commerce in violation of Section 7 of the

27   Clayton Act, 15 U.S.C. § 18. Plaintiffs maintain that the Proposed Acquisition would likely

28

1   substantially lessen competition in the sale of high function HRM and FMS software, and result in

2   higher prices, less functionality and decreased support. Oracle maintains that the Proposed

3   Acquisition would likely not substantially lessen competition in the sale of high function HRM and

4   FMS software and will, instead, result in improved products at reduced costs to customers.

5                                   **ALTERNATIVE DISPUTE RESOLUTION**

6        3.        The parties request that this case be exempted from participating in any Alternative

7   Dispute Resolution ("ADR") process because they believe that no ADR process is likely to

8   deliver benefits to the parties sufficient to justify the resources consumed by its use.

9                                         **INITIAL DISCLOSURES**

10       4.        In lieu of initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1):

11               a.        Plaintiffs' initial disclosures:

12                       1.        Under the terms and conditions set forth below, Plaintiffs shall

13   produce to Defendant all correspondence, documents, data, email, statements, declarations,

14   affidavits, oral examination transcripts, depositions or any other materials, whether in hard-copy

15   or electronic form, exchanged between Plaintiffs and any non-party in the course of Plaintiffs'

16   Investigation of the Proposed Acquisition (collectively, Plaintiffs' "Investigation Materials").

17   Plaintiffs shall produce these Investigation Materials regardless of whether those materials were

18   received informally or through compulsory process, such as a subpoena or Civil Investigative

19   Demand. To the extent not covered by the above, Plaintiffs also shall, under the terms and

20   conditions set forth below, produce all correspondence, documents, data, email, statements,

21   declarations, affidavits, oral examination transcripts, depositions or any other materials exchanged

22   between Plaintiffs and PeopleSoft, a party to the Proposed Acquisition, or its counsel. Plaintiffs

23   are not required to produce documents or other written materials originally received from

24   Defendant back to the Defendant. This Paragraph shall not be construed as requiring the

25   production of Plaintiffs' attorney work product, confidential attorney-client communications, or

26   materials subject to the deliberative process or any other governmental privilege.

27

28

Case Management Order, C 04-00807 VRW -- Page 2

1            2.     The disclosures set forth in Paragraph 4.a.1 shall commence

2 forthwith upon entry of the Protective Order by the Court, shall be made on a rolling basis, and

3 shall be completed not later than 4:00 p.m. PST, March 15, 2004

4            3.     By no later than March 22, 2004, Plaintiffs' side shall serve upon

5 Defendant a list of witnesses that Plaintiffs believe are likely to testify on Plaintiffs' behalf, live or

6 in deposition. By no later than April 5, 2004, Plaintiffs may supplement such list.

7         b.     Defendant's initial disclosures:

8            1.     Under the terms and conditions set forth below, Defendant shall

9 produce to Plaintiffs two sets of copies of all correspondence, documents, data, email, statements,

10 declarations, affidavits, oral examination transcripts, depositions or any other materials, whether

11 in hard-copy or electronic form, exchanged between Defendant and any non-party or party to the

12 Proposed Acquisition in the course of responding to Plaintiffs' Investigation of or otherwise

13 relating to the Proposed Acquisition, including materials sent or received by Oracle in connection

14 with any litigation arising from the Proposed Acquisition (collectively Defendant's "Proposed

15 Acquisition Materials"). Defendant shall produce these Proposed Acquisition Materials

16 regardless of whether those materials were received informally or through compulsory process.

17 Defendant is not required to produce documents or other written materials originally received

18 from Plaintiffs back to the Plaintiffs. This Paragraph shall not be construed as requiring the

19 production of Defendant's attorney work product, or confidential attorney-client communications.

20            2.     The disclosures set forth in Paragraph 4.b.1 shall commence

21 forthwith upon entry of the Protective Order by the Court, shall be made on a rolling basis, and

22 shall be completed within _5_ *[Plaintiffs propose five][Defendant proposes ten]* business

23 days of the entry of the Protective Order.

24            3.     By no later than March 22, 2004, Defendant shall serve upon

25 Plaintiffs a list of witnesses that Defendant believes are likely to testify on Defendant's behalf,

26 live or in deposition. By no later than April 5, 2004, Defendant may supplement such list.

27

28

Case Management Order, C 04-00807 VRW -- Page 3

4.    Within <s>5</s> *[Plaintiffs propose five][Defendant proposes ten]*
2  business days from the entry of this Order, Defendant shall produce to Plaintiffs two sets of copies
3  of certain discount request forms, Executive Approval Forms, or other approval documents dated
4  January 1, 2002 through the present relating to the sale of E Business Suite, Financial Management,
5  or Human Resources software applications. The scope of the documents to be produced pursuant
6  to this Paragraph shall be agreed upon by counsel for the parties or, if the parties are unable to do
7  so, determined by the Court during the telephone conference on March 19, 2004.

## DISCOVERY AND PRE-TRIAL DISCLOSURES

9    The parties agree to the following plan and schedule for discovery and pre-trial
10  disclosures:

11    5.    <u>Discovery Period</u>. The period for fact discovery shall begin upon the entry of this
12  Order and shall be completed by May 21, 2004 except as otherwise provided in this Order. All
13  written discovery shall be served in a time frame that will permit timely responses to be served in
14  accordance with Paragraph 8.

15    6.    <u>Privilege Issues and Future Discovery Disputes</u>. Within 2 business days of the date
16  this Order is entered by the Court, Plaintiff United States shall submit to Defendant in electronic
17  form a list of the documents withheld as privileged by Defendant during Plaintiff's Investigation as
18  to which a claim of privilege is in dispute, including an indication of the basis of the challenge.
19  Within 5 business days thereafter, Oracle shall respond to each of Plaintiff's challenges and
20  provide in electronic form a revised version of the list provided by Plaintiff with an indication as
21  whether each challenged document is being produced or withheld. All documents as to which the
22  privilege claim is being withdrawn shall be produced to Plaintiff along with the responsive list.
23  To the extent that the Defendant's response does not satisfy Plaintiff's challenges, Plaintiff may
24  seek additional relief from the Court, including a request for the appointment of a Magistrate.
25  Should the resolution of these issues impact any Plaintiff's ability to complete deposition
26  discovery, the Court will entertain a motion to extend the deadlines contained in this Order.

Case Management Order, C 04-00807 VRW -- Page 4

1      All other discovery disputes arising in the course of this action will be submitted pursuant

2  to this Court's standing order.

3       7.     Depositions.

4           a.     Absent good cause shown, depositions taken upon entry of this Order by the

5  Court shall be limited to no more than 25 per side (excluding experts), plus those depositions of

6  the parties' designated witnesses as set forth in Paragraph 10 of this Order. For the purpose of this

7  Order, a deposition of a party or non-party taken pursuant to Rule 30(b)(6) of the Federal Rules of

8  Civil Procedure shall count as one deposition. Depositions taken for the sole purpose of

9  establishing the authenticity and admissibility of documents shall not count against the 25

10  deposition limit.

11          b.     Depositions of any party or party to the Proposed Acquisition shall be no

12  more than one day in length, with the exception that each side may designate a total of five such

13  depositions to run up to two days in length. Absent stipulation or good cause shown, no Oracle

14  witness previously deposed in the course of Plaintiffs' Investigation shall be deposed again for

15  more than one additional day.

16          c.     Depositions of non-party witnesses shall be no more than one day in length.

17  Depositions of expert witnesses shall be no more than two days in length. The parties and affected

18  non-parties may stipulate to additional time for individual depositions. Absent agreement of the

19  parties, the length of depositions provided for in this Scheduling Order may be modified by order

20  of this Court only for good cause shown.

21          d.     The depositions of employees and former employees of Oracle taken by the

22  Plaintiffs and defended by Oracle's counsel during Plaintiffs' Investigation may be used for all

23  purposes for which party depositions may be used subject to the provisions of Fed. R. Civ. P. 32.

24  Defendant waives any hearsay objection to such testimony.

25

26

27

28

Case Management Order, C 04-00807 VRW -- Page 5

8.    Written Discovery.

      a.    Interrogatories shall be limited to 15 per side, including sub-parts.  In addition to the above, Plaintiffs shall respond to "Oracle's First Set of Interrogatories Propounded by Defendant Oracle to Plaintiff United States" by March 19, 2004.

      b.    There will not be a limit on the number of requests for the production of documents or requests for admissions that may be served by the parties.  Objections to any written discovery shall be served within 5 days of service of the written discovery request, and complete responses and/or responsive productions (subject to any objections that have not been ruled upon) shall be served within 15 days of service.

      c.    Non-parties shall serve any objections to subpoenas issued pursuant to Fed. R. Civ. P. 45 at least 5 days before the return date.  To minimize burdens on non-parties, the party that serves a document subpoena on a non-party pursuant to Rule 45 shall copy any documents produced to that party by the non-party and produce them to the other side within 2 business days of their receipt.

9.    Confidential Information.  Discovery and production of confidential information shall be governed by the Protective Order filed herewith, a copy of which shall be included with any discovery requests, notices or subpoenas directed to non-parties.

10.    Trial Witness Lists. The parties shall exchange preliminary lists, not to exceed 25 per side, of the witnesses they intend to call live at trial, the order they will be called, a brief description of the subjects to which they will testify and the estimated time of direct examination by April 26, 2004. By May 18, 2004, the parties may amend such lists with respect to the order of their witnesses, the estimated time of direct examination, and to add or subtract no more than 5 witnesses. Such amended, final lists shall be submitted to the Court.  In no event may the total number of witnesses on the final list of witnesses to be called live exceed 25.  Notwithstanding the limitation on the number of depositions that a party may take and the deadline for fact discovery set forth above, the parties shall have the right to subpoena documents from or relating to any witness

1   on the opposing party's preliminary or final witness lists, and to depose any such witness if not
2   previously subpoenaed or deposed since the filing date of this action.

3       11.     Expert Witnesses.

4           a.      The parties shall designate the experts that they will call in their respective
5   case in chief and case in defense no later than April 5, 2004. Rebuttal experts shall be designated
6   by Plaintiffs no later than April 16, 2004. The parties shall exchange reports conforming to the
7   requirements of Fed. R. Civ. P. 26(a)(2). The parties agree that drafts of expert reports and
8   correspondence with counsel need not be exchanged.

9           b.      Plaintiffs' initial report(s) will be served on the Defendant no later than
10  April 26 2004.

11          c.      Defendant's report(s) will be served on Plaintiffs no later than May 7,
12  2004.

13          d.      Plaintiffs' rebuttal report(s) shall be served on Defendant no later than May
14  18, 2004. Plaintiffs' rebuttal report shall address Plaintiffs' responses to Defendants' claims,
15  including claims related to the efficiencies or synergies that would arise from the proposed merger
16  and Defendant's claim that it has remedied any competitive harm.

17          e.      Depositions of the parties' experts shall be conducted after the exchange of
18  the above-referenced reports. Depositions of each party's experts shall be completed by May 28,
19  2004.

20          f.      If required by Fed. R. Civ. P. 26(e)(1), each party shall serve supplemental
21  expert reports up to 72 hours prior to the beginning of the submitting expert's deposition, but in no
22  event later than May 28, 2004 unless otherwise agreed to by the parties. Supplemental expert
23  reports shall be limited to information disclosed to the submitting side within 3 days before or any
24  time after the date of the expert's initial report.

25      12.     Nationwide Service of Trial Subpoenas. Good cause having been shown in view
26  of the geographic dispersion of potential witnesses in this action, the parties are permitted,
27  pursuant to 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district
28

Case Management Order, C 04-00807 VRW -- Page 7

1 requiring witnesses to attend this Court. The availability of nationwide service of process,

2 however, does not make a witness that is otherwise "unavailable" for purposes of Fed. R. Civ. P.

3 32 and Fed. R. Evid. 804, available under those rules.

4      13.    Deposition Designations. The parties shall exchange (page and line number)

5 designations of deposition testimony to be offered at trial no later than May 24, 2004. Each party

6 must provide counter designations of deposition testimony no later than May 28, 2004. Objections

7 to any deposition designations or counter designations shall be exchanged no later than June 1,

8 2004.

9      14.    Exhibit Lists. No later than May 14, 2004, the parties shall exchange lists of

10 exhibits that each party anticipates introducing at trial during its case in chief, as well as a marked

11 set of these exhibits. Such lists will be compiled in an agreed-upon electronic format capable of

12 being sorted by exhibit number, chronological order, and Bates-stamp alphabetical and numerical

13 order. The parties will also endeavor to agree upon reasonable limits on the number of trial

14 exhibits that may be designated by each side. All documents contained on a party's exhibit list

15 must have been previously produced during Plaintiffs' Investigation or during discovery in this

16 case. The parties will exchange objections to the exhibits to be offered by the other party no later

17 than May 24, 2004. Documents produced after May 14, 2004 that a party wishes to add to its

18 exhibit list must be added within 3 business days of their receipt. Objections to such documents

19 must be made within 3 business days after the date upon which they are added to the opposing

20 party's exhibit list. Documents identified on or added to any party's exhibit list that are not timely

21 objected to pursuant to this Paragraph shall be presumed to be authentic and admissible. Exhibit

22 lists need not include exhibits used solely for purposes of cross-examination or rebuttal.

23      Demonstrative exhibits, other than those to be used by experts, do not need to be included

24 on exhibit lists, but unless otherwise agreed or ordered, need to be served on all counsel of record

25 at least 48 hours before any such exhibit may be introduced, or otherwise used, at trial.

26 Demonstrative exhibits to be used by experts that are properly disclosed pursuant to Paragraph 11

27 may be slightly revised before use, provided that the slightly revised version is served on all

28

Case Management Order, C 04-00807 VRW -- Page 8

1   counsel of record at least 48 hours before any such exhibit is to be introduced, or otherwise used,

2   at trial.

3       The parties will endeavor to resolve any objections regarding the authenticity or

4   admissibility of all exhibits (including demonstratives and those used during the case in chief,

5   cross-examination or rebuttal) in advance of their use. Any objections to exhibits that are not

6   resolved by the parties after they have conferred will be resolved by the Court.

7       15.     Service of Pleadings and Discovery on Other Parties.

8           a.     The parties designate the following individual(s) to receive service of all

9   pleadings, discovery requests and delivery of all correspondence in this matter (including a

10   principal designate, noted with an asterisk ("*")) below:

11           i.     For Plaintiff United States:

12
| Conrad J. Smucker, Esq.* | conrad.smucker@usdoj.gov | (202) 514-5642 |
| Kyle D. Andeer, Esq. | kyle.andeer@usdoj.gov | (415) 436-6712 |
13 | Garrett M. Liskey | garrett.liskey@usdoj.gov | (202) 616-8383 |

14           ii.     For the Plaintiff States:

15
| Mark B. Tobey, Esq.* | mark.tobey@oag.state.tx.us | (514) 463-2185 |
| Jay L. Himes, Esq. | jay.himes@oag.state.ny.us | (212) 416-8282 |
16

17           iii.     For Defendant Oracle:

18
| Daniel M. Wall, Esq. | dan.wall@lw.com | (415) 395-8240 |
| Karen E. Silverman, Esq. | karen.silverman@lw.com | (415) 395-8232 |
19 | Joshua N. Holian, Esq.* | joshua.holian@lw.com | (415) 646-8343 |

20           b.     Plaintiffs and Defendant shall serve all pleadings and discovery requests,

21   including Rule 45 subpoenas for documents, and shall deliver all correspondence on the other

22   parties' designate by email. The serving party will telephone the other parties' principal

23   designate(s) at the time the materials are sent for service to alert them that the materials are being

24   served. Any party's principal designate served by email shall promptly confirm receipt.

25   Electronic delivery with confirming receipt shall be treated in the same manner as hand delivery

26   for purposes of calculating discovery response times under the Federal Rules. However, email

27   service that is delivered after 5:30 pm Pacific Time, shall be treated as if it was received the

28

Case Management Order, C 04-00807 VRW -- Page 9

1 following business day.  Plaintiffs and Defendant shall serve all pleadings in accordance with the

2 Northern District of California's rules for Electronic Case Filing.

3      16.    Stipulations of Fact.  The parties shall exchange proposed stipulations of fact no

4 later than May 24, 2004.

5      17.    Pre-Trial Submission.  To be submitted pursuant to this Court's standing order.

6      18.    Pre-Trial Motions.

7         a.    The parties shall submit *Daubert* briefs, if any, by June 1, 2004.  If

8 necessary, the Court will hold a hearing on *Daubert* and the sufficiency of expert disclosure issues

9 on June 3, 2004.

10         b.    The parties shall serve all motions *in limine* by May 26, 2004.  Memoranda

11 supporting the motions *in limine* shall be no more than 10 pages in length.  Opposition to motions

12 *in limine* shall be filed by June 1, 2004.  Oppositions to any such motions shall be no more than 10

13 pages in length.  The Court will hold a hearing on motions *in limine* on June 3, 2004.

14      19.    Pre-Trial Conference.  The Pre-Trial Conference will be held on June 3, 2004,

15 unless otherwise directed by the Court.

16 **TRIAL SCHEDULE**

17      20.    Trial shall commence on June 7, 2004, or as soon thereafter as the Court calendar

18 permits.  Each side shall have at least 8 full trial days to submit its respective case.

19      21.    The Defendant shall not consummate the Proposed Acquisition until 7 days

20 following a final ruling by this Court after trial.

21

22 Dated: March 12, 2004               _____/s/_____

23                                       Claude F. Scott, Esq.
Phillip R. Malone, Esq. (CA Bar No.

24                                       163969)
U.S DEPARTMENT OF JUSTICE

25                                       Antitrust Division
450 Golden Gate Avenue

26                                       Room 10-0101, Box 36046
San Francisco, CA 94102

27                                       Tel. (415) 436-6660
Fax (415) 436-6683

28                                       *Counsel for Plaintiff United States*

Case Management Order, C 04-00807 VRW -- Page 10

1

2

Dated:  March 12, 2004                              _____/s/_____

3                                                  Mark Tobey, Esq.
                                                   Assistant Attorney General
4                                                  Office of the Attorney General of Texas
                                                   P.O. Box 12548
5                                                  Austin, Texas 78711-2548

6                                                  Jay L. Himes, Esq.
                                                   Chief, Antitrust Bureau
7                                                  Office of the Attorney General of New York
                                                   120 Broadway, 26th Floor
8                                                  New York, NY 10271
                                                   *Counsel for Plaintiff States*
9

10

11

12

Dated:  March 12, 2004                              _____/s/_____

13                                                 Daniel M. Wall, Esq.
                                                   LATHAM & WATKINS, LLP
14                                                 505 Montgomery Street, Suite 1900
                                                   San Francisco, CA 94111
15                                                 Tel. (415) 395-8240
                                                   Fax (415) 395-8095
16                                                 *Counsel for Defendant Oracle Corp.*

17

18

19                          **CASE MANAGEMENT ORDER**

20        The Case Management Statement and Proposed Order is hereby adopted by the Court as

the Case Management Order for the case and the parties are ordered to comply with this Order.

21

22

DATED: March ____, 2004

23                                                 _____
                                                   Vaughn R. Walker
24                                                 UNITED STATES DISTRICT JUDGE

25

26

27

28

Case Management  Order, C 04-00807 VRW -- Page 11

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

FEDERAL TRADE COMMISSION,

                    Plaintiff,          Case No.: 1:09-cv-955-TWT

        v.

ACTAVIS, INC., et al.,

                    Defendants.

---

**[Proposed] Order**

Upon consideration of Plaintiff Federal Trade Commission's Motion for

Permission to Serve Nine Trial Subpoenas, and any responses thereto, the Motion

is GRANTED and it is hereby ORDERED that the FTC may serve trial subpoenas

on the following witnesses in any District in which the witness may be found:

David Buchen, Paul Campanelli, Murray Kay, Louis Lipinski, William Mink,

Joseph Todisco, Edward Tykot, Difei (Elaine) Yang, and Carol Yeomans.

So ORDERED this _____ day of _____, 2018.

_____
Thomas W. Thrash, Jr.
United States District Judge