IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>        Plaintiff,<br><br>  v.<br><br>**META PLATFORMS, INC.**<br><br>        Defendant. | Civil Action No. 1:20-cv-03590 (JEB)<br><br>**PUBLIC VERSION** |

**FEDERAL TRADE COMMISSION'S SUR-REPLY IN OPPOSITION TO META'S
MOTION TO SEAL EXEMPLAR POTENTIAL TRIAL EXHIBITS**

  Meta's sealing requests disregard the public's right to access judicial records and ask this Court to flip the burden from Meta to show that its proposed redactions meet the *Hubbard* standard to the FTC to show that they have not. In its Reply, Meta ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Yet in asking this Court to prevent public access for the remaining documents, it claims that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Meta Reply in Support of Motion to Seal Exemplar Potential Trial Exhibits ("Reply") at 1, ECF 477-1. This is untrue. Meta filed for full or partial sealing of 64 exhibits on the parties' exhibit lists. *Id.* After the FTC filed its Opposition, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ redactions for 62 exemplar exhibits remain in dispute. For all of

1

these documents, Meta has failed to carry its burden under the *Hubbard* factors to shield these documents from the public.

I. **Argument**

Under *Hubbard*, the burden of demonstrating why information should not be disclosed falls on the party seeking to avoid disclosure. *See, e.g.*, *Vanda Pharms., Inc. v. FDA*, 539 F. Supp. 3d 44, 56 (D.D.C. 2021) ("[T]he party seeking to avoid disclosure" [has the] burden to "identify *specific* privacy interests in the documents at issue.") (internal quotations omitted) (emphasis original); *United States v. ISS Marine Servs., Inc.*, 905 F. Supp. 2d 121, 140-41 (D.D.C. 2012) ("It is not the [party seeking unsealing's] burden to proffer a need for public access; the burden is instead the respondent's to demonstrate the absence of a need for public access because the law presumes that the public is entitled to access the contents of judicial proceedings."); *In re McCormick & Co.*, 316 F. Supp. 3d 455, 465 (D.D.C. 2018) ("To carry their burden under Hubbard, defendants must specifically identify the commercially sensitive information contained in the redactions and explain why its disclosure would harm their competitive standing."). Meta appears to misunderstand its burden.

*First,* it ████████████████████████████████████████████ Meta suggests, in the context of one exhibit, that ████████████████████████████████ ████████████████████████ But it is not the FTC's burden to identify and object to each of Meta's individual proposed redactions and articulate why they do not meet their *Hubbard* obligations. Moreover, on a practical note, the more narrowly tailored Meta's redactions are, the better able the FTC will be to object on a line-by-line basis (which is

apparently what Meta envisions, despite the contrary precedent). But, as this process has illustrated, the overly broad nature of Meta's redactions makes doing so impracticable.

*Second*, Meta notes ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ Not so. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the FTC's Opposition identified *examples* of recurring issues. *See, e.g.*, FTC's Opposition to Meta's Motion to Seal Exemplar Potential Trial Exhibits ("Opp.") at 19, ECF 460-1 ("The examples and deficiencies highlighted by the FTC are consistent across the full scope of exemplar exhibits and with Meta's overall approach to confidentiality."); *id.* at 16 ("In its motion, Meta does not provide any examples of what kinds of information it proposes redacting from ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. . . . The FTC will."); *id.* at 7-8 ("But Meta's proposed redactions here are overbroad; certain analysis is no longer 'forward looking'; and some information is either already in the public domain or at such a level of generality that disclosure would not competitively harm Meta. For example . . ."); *id.* at 13 ("Also included in this category is information Meta cannot show either that it has an underlying privacy interest in or that it will be prejudiced by the disclosure of. For example . . ."). ▮▮▮▮▮▮▮ the dozen or so instances of inappropriate redactions raised by the FTC—as examples of consistent issues—does not address Meta's failure to meet its burden under *Hubbard* for the full scope of proposed redactions of exemplar exhibits. And as the FTC will explain, Meta does not ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. To the contrary, in its discussions with Meta and in its Opposition, the FTC has consistently identified why Meta's redactions *as a whole* do not meet its burden under *Hubbard*. *See* Opp. at 2, 19. The FTC again highlights specific examples of inappropriate

and overbroad redactions below. The FTC reluctantly makes this continued effort, fearing that ▌███████████████████████████████████████████████▌ as opposed to reckoning with Meta's systemic failure to apply an appropriate screen for confidentiality.

### A. Meta Failed to Respond Directly to Any of the FTC's Arguments

In its initial filing, the FTC noted Meta's redactions are overbroad, captured information conveyed at such a high level that disclosure could not harm its competitive interests, and are thus not "narrowly tailored to include only the specific information which, if released, would be detrimental to [Meta's] business interest." *New York v. Microsoft*, No. Civ. A. 98-1233, 2002 WL 1315804, at *2 (D.D.C. May 8, 2002); *see also* Opp. at 2, 7-11, 14, 19. ▌████████ ▌████████ the issue remains—▌█████████████████████▌ ▌█████████████▌ the full set of exemplar exhibits. *See, e.g.*, ▌██████████▌ ▌███████████████████████████████████████████████▌ ▌███████████████████████████████████████████████▌ ▌███████████████████████████████████████████████▌ ▌███████████████████████████████████████████████▌ ▌███████████████████████████████████████████████▌ ▌████████████████████████▌

Meta's redactions also captured information that is already public knowledge, obviating the need to seal this information even if the specific exhibits at issue may not be public. *See* Opp. at 9 (citing *United States v. All Assets Held at Bank Julius Baer & Co.*, 520 F. Supp. 3d 71, 82-83 (D.D.C. 2020); *In re Application of New York Times Co. for Access to Certain Sealed Court Records*, 585 F. Supp. 2d 83, 93 (D.D.C. 2008)). Meta ▌█████████████████▌ ▌█████████████▌ the issue remains ▌█████████████████████████▌

4

████████████████ the full set of exemplar exhibits. ████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████

The FTC similarly noted that several of Meta's proposed redactions appear designed to shield potentially embarrassing disclosures and protect the company's reputation, an insufficient justification for sealing under *Hubbard*. *See* Opp. at 13-14, 16-17 (citing *FTC v. Match Group, Inc.*, No. 1:22-mc-54, 2023 WL 3181351, at *25 (May 1, 2023); *In re McCormick & Co.*, No.

15-1825, 2017 WL 2560911, at *2 (D.D.C. June 13, 2017); *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). ▮▮▮ and, like before, the issue remains—▮▮▮ ▮▮▮ the full set of exemplar exhibits. *See, e.g.*, ▮▮▮

▮▮▮

Rather than addressing these arguments head on in its Reply, Meta ▮▮▮ ▮▮▮—further highlighting why this Court's guidance is necessary to prevent Meta's inappropriate redactions from depriving the public of its right of access to these proceedings. The FTC will address several of these items specifically, to both correct the record and respond to arguments made in Meta's Reply, but will again emphasize that these exhibits are mere examples of systemic problems in Meta's redactions.

### B. Exhibits Referenced in Meta's Reply

Of the ▮▮▮ exhibits specifically discussed by the FTC in its Opposition, Meta ▮▮▮

▮▮▮ Perhaps recognizing the insufficiency of its previous explanation, ▮▮▮

▮ Meta does not simply seek to redact ▮▮▮ ▮▮▮ but seeks to do so for ▮▮▮

███████████████████████████████████████ Indeed, Meta offers speculative theories for how its competitors might make use of ███████████ but offers no serious explanation for how a competitor could use ██████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ █

    Meta also incorrectly suggests ████████████████████████ ██████████████████████████████████████████████████ ████████████████████████ This is misdirection: the FTC's argument, and ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████████████████████████████ ███████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ████████ Even if Meta properly characterized the issue, Meta has not consented to the FTC making even a general reference to ██████████████████████████████ ████████ This is only one instance of Meta attempting to keep redacted █████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ███████████████████████████

Meta's ███████████ is similarly insufficient with respect to ███████
████████████████████████████████████████████████████████████
████████████████████████████████████████████ But Meta's ███
██████████████████████ still seeks to redact information that more diligence would reveal is already public. ████████████████████████████████████
████████████████████████████████████████████████████
█████████████████████████████████████ Indeed, Meta's executives frequently discuss product priorities, strategy, and other matters in public. *See, e.g.*, Casey Newton, *Adam Mosseri on the first year of Threads*, Platformer (July 3, 2024), https://www.platformer.news/threads-175-million-users-adam-mosseri-interview/ (discussing future plans for Meta's Threads app); Sydney Bradley, *How Instagram creators can 'use Facebook to extend their income,' according to its top exec Tom Alison*, Business Insider (Mar. 13, 2023), https://www.businessinsider.com/facebook-top-exec-tom-alison-takeaways-why-creators-monetize-app-2023-3 (detailing certain priorities for Facebook); Casey Newton, *Meta's Nick Clegg on how AI is reshaping the feed*, The Verge (June 30, 2023), https://www.theverge.com/23779766/meta-nick-clegg-ai-feed-algorithm-explanation (describing how Meta sources posts for users' feeds, and testing of new features). Mr. Mosseri himself posts publicly on his personal Instagram page about the app's direction as well as product priorities and updates. *See, e.g.*, Adam Mosseri (@mosseri), Instagram (July 9, 2024), https://www.instagram.com/reel/C9NYwGnpOEv/ (explaining why Instagram would not be focusing more on long-form video); Adam Mosseri (@mosseri), Instagram (Jan. 13, 2025),

https://www.instagram.com/mosseri/reel/DExLMjZzfdv/ (outlining Instagram's product priorities for 2025).

The same is true for Meta's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Regarding ▮▮▮ Meta incorrectly asserts ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Meta seemingly walks away from much of the previous rationale it had for the exhibit's redactions, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ And Meta still seeks to redact other information in the document which is not legitimately competitively sensitive, such as information that Meta ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

On ▮▮▮ Meta claims ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Again, Meta is wrong. That the FTC

only ███████████████████████████████████

███████████████████████████████

██████ On the contrary, while Meta asserted the exhibit contained ████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███—a fact Meta does not dispute. And Meta's claim that ████████████

███████████████████████████████

███████████████████ makes little sense given ████████████

███████████████████████████████

███████████████████████████ Again, Meta still appears to inappropriately seek *Hubbard*'s refuge to redact information because disclosure would damage its reputation publicly. *See, e.g.*, ████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████ Further, Meta provides no examples of what in this exhibit it believes implicates ████████

███████████████████████████.

Citing no precedent, Meta continues to attempt to shift its burden onto the FTC by ████

███████████████████████████████

█████████████████████ The FTC has already indicated a willingness to

10

"provide [Meta with] high-level guidance regarding the portions of *very long documents* it intends to introduce into evidence" despite no obligation to do so. Opp. at 18 (emphasis added). The FTC will not agree to Meta's characterization of ████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████ Also included in the set of exemplar exhibits were documents of ████████████████████████████████████████████████████ ████████████████████████████████████████████████████

Given the FTC is willing to provide Meta with guidance on genuinely long exhibits, the Court's intervention on this issue is unnecessary.

* * *

Meta's overly broad redactions on this exemplar set of documents demonstrate the problem with its approach to sealing generally. By overly designating information as confidential, Meta effectively shifts the burden to the FTC to show why it has not met its burden. In the meantime, the FTC is bound to follow Meta's designations to avoid violating its obligations under the protective order. This approach—if allowed to stand—would effectively require the FTC to either conduct its case-in-chief in the dark or to devote significant time combating Meta's designations in contravention of the process envisioned by *Hubbard*. As such, the FTC requests this Court direct Meta to apply the *Hubbard* standard and, in particular, to provide guidance on the following types of information to aid Meta in doing so:

- Meta's strategic planning, particularly where any trends, recommendations, observations, and product updates are several years old and no indication is made that such information was intended to project out years into the future;

- Information about Meta's previous ad load percentages and strategies;

- ███████████████████████████████████████████

- Meta's usage data, such as its daily active users, monthly active users, and time spent, as to both recent and historic figures; and

- Meta's ███████████████████.

Dated: March 28, 2025

Respectfully submitted,

*/s/ Daniel Matheson*
Daniel Matheson (D.C. Bar 502490)
Krisha Cerilli (D.C. Bar 983281)
Susan A. Musser (D.C. Bar 1531486)
Nathan Brenner (IL Bar 6317564)
Justin Lorber (D.C. Bar 90005184)
Maria Dimoscato (D.C. Bar 489743)

Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue N.W.
Washington, DC 20580
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorneys for Plaintiff*
*Federal Trade Commission*