## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | |
| v. | Case No. 1:20-cv-03590-JEB |
| META PLATFORMS, INC., | |
| Defendant. | |

### JOINT STATUS REPORT

The parties submit this Joint Status Report pursuant to the Court's April 2, 2025 Minute Order, and in response to the motion filed by the New York Times ("Times") on March 23, 2025. *See* ECF No. 461-1 ("Times Mot."). In light of the parties' discussions, the FTC and Meta jointly request that the Court enter the joint proposed order attached to this Joint Status Report.

## I.     Publication of Exhibits And Press Access Procedures

Meta and the FTC support public access to the trial in this case. To that end, Meta, the FTC, and the Times have agreed that the parties will post unsealed portions of exhibits used with a witness on a website that will be accessible to the public. *See* Part I.1. This resolves the request by the Times that the parties make "unsealed portions of trial exhibits available for download from a public website." Times Mot. at 9. Meta and the Times have a dispute about which exhibits, and which portions of them, must be publicly posted on the website. *See* Part I.2.a.

1

### 1.    Agreed Posting Proposal

Meta, the FTC, and the Times agree that the parties should post unsealed portions of trial exhibits used with and discussed by witnesses on a the shared website Box pursuant to the following terms:

- Absent good cause, posting shall occur by 8:00 p.m. EDT two business days after an exhibit is used with and discussed by a witness at trial.

- The parties will bear responsibility for posting as follows:

    o   For exhibits that were produced by Meta, Meta shall upload the exhibits to the site;

    o   For exhibits that were produced by the FTC, the FTC shall upload the exhibits to the site; and

    o   For exhibits that were produced by nonparties, the party who introduced the document during a witness's examination shall upload the exhibits to the site.

- A party or nonparty with a confidentiality interest in the exhibit may object to posting by 8:00 p.m. EDT one calendar day after the exhibit is used at trial.  The parties will not post the exhibit until the objection is resolved.  If the parties are unable to resolve the dispute, the objecting party or nonparty should raise it with the Court.

**FTC Additional Position Statement:** Notwithstanding the agreement among the parties and the Times, it is the FTC's position that nothing in the Proposed Order shall prevent the FTC's ability to download and retain a copy of all exhibits uploaded to the website, regardless of who ultimately uploads the exhibit.  It is also the FTC's position that the Proposed Order does not prevent the FTC from posting any exhibits posted under the Proposed Order on its FTC.gov website after the end of trial.

### 2.    What Must Be Posted

In discussions, the Times has argued that the parties must at some point during trial also make available (a) all pages of all admitted trial exhibits, even if only portions of them were

discussed at trial; and (b) any document "submitted as evidence" or "admitted" – even if the document is never used. *See* Times Mot. at 11 (seeking order that "each party shall make the exhibits admitted into evidence . . . available for download from a public website"). Meta proposes that the Court instead order that only those portions of exhibits that were discussed by a witness in open court during trial should be posted on the public website (with redactions for sealable information). The FTC takes no position on this proposal. *See infra* § I.2.a. Meta and the FTC also jointly propose language the Court should enter to obviate needless disputes over whether documents never used are "judicial records." *See infra* § I.2.b.

    **a.**    **Meta's Position Statement:** Meta proposes that only unsealed portions of exhibits that were actually used with (and discussed by) a witness during trial should be posted on the public website. The D.C. Circuit has held that there is no First Amendment right to contemporaneous access to unused portions of trial exhibits in a civil case. *See In re Reporters Comm. for Freedom of the Press*, 773 F.2d 1325, 1327, 1341 (D.C. Cir. 1985) (Scalia, J.). There, the D.C. Circuit rejected the argument that a trial court violated the First Amendment when it "made available to the public" those "portions of each" exhibit used to question a witness but refused the media's request to unseal other unused portions of the exhibits during trial. *Id.* at 1327, 1331-41.

    Judge Mehta – in rejecting an identical request by the Times to unseal unused portions of trial exhibits in *Google* – correctly identified *In re Reporters Committee* as the "most pertinent[]" D.C. Circuit authority on this question. *See* Trial Tr. at 6283:22-6284:12, *United States v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C. Oct. 18, 2023), ECF No. 974 ("[E]verybody ought to take a look at *In re: Reporters Committee* . . . ."); Trial Tr. at 5952:8-10, *United States*

*v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C. Oct. 16, 2023), ECF No. 971 ("[T]o the extent that there is a right of . . . public access, it's to what is introduced during the trial.").

There also is no common-law right to access portions of trial exhibits never shown or discussed during trial. The common-law right of access applies only to "judicial records," *In re New York Times Co.*, 2021 WL 5769444, at *3 (D.D.C. Dec. 6, 2021) (Boasberg, J.), and whether a document is a "judicial record" depends on "the role [the document] plays in the adjudicatory process." *United States v. El-Sayegh*, 131 F.3d 158, 163 (D.C. Cir. 1997). "Something 'intended to influence' a court's pending decision – such as a party's brief – is most likely a judicial record . . . while a document would not qualify if it is one that the court 'made no decisions' about and did not 'otherwise rel[y]" on. *In re New York Times Co.*, 2021 WL 5769444, at *3.

Portions of documents that never get used at trial fail this test because they will not form the basis of any judicial decision. This Court has repeatedly explained that its "verdict is certainly not going to hinge on" evidence "that wasn't presented during trial." Status Conf. Tr. at 19:2-6 (Dec. 9, 2024), ECF No. 388; *see also id.* at 19:21-24 ("I am certainly not receptive to any . . . backdoor situation where someone tries to put things in after the trial that they didn't want crossed on."); Status Conf. Tr. 14:13-15 (Feb. 21, 2025), ECF No. 400 ("I plan on largely or entirely basing my verdict on what happens at trial."); Hr'g Tr. 7:23-8:4 (Mar. 31, 2025) (if several hundreds of documents are admitted but "witnesses only . . . talk[] about a hundred of them or a hundred and fifty, then I won't look at the others" they "aren't ever relied on" and "will be ignored by me and you folks by the end of the trial").

In *Google*, Judge Mehta applied this same reasoning to reject the Times's request for posting of entire exhibits when only portions were discussed with witnesses at trial:

> The court has said throughout that the evidentiary record in this case would be the testimony plus those parts of an exhibit *actually presented* to the court during trial. . . .  It was those portions that were meant to influence the court's decision-making; not the remaining portions of an exhibit.

Order at 5, *United States v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C. Apr. 24, 2024), ECF No. 892; *see also* Status Conf. Tr. at 16:17-19, *United States v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C. Mar. 11, 2024), ECF No. 846 (after trial, reiterating that "I'm not . . . convinced with *The Times'* position that just because a record is presented, that entirety of the record is subject to public disclosure.").

Judge Mehta's common-sense conclusion squarely applies here:  if the FTC uses two slides of a 200-slide deck at trial, the other 198 slides will not form the basis for this Court's ruling and thus are not judicial records subject to public disclosure.  *See* Trial Tr. at 5952:12-16, 5957:18-20, *United States v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C. Oct. 16, 2023), ECF No. 971 ("[W]e've . . . seen lots of slide decks . . . in excess of 100 pages, in which a couple of pages are shown.  The remaining 98 or 99 . . . [are] not relevant . . . to issues at this trial. . . . [I]t is what's presented in court that is what's a public record"); *In re Citibank Aug. 11, 2020 Wire Transfers*, 2020 WL 6782213 at *2 n.3 (S.D.N.Y. Nov. 18, 2020) ("[I]f information in a document is not relevant to the issues in the case, *and no party asks the Court to consider it*, the parties may – and should – redact the information without leave of Court to obviate any concerns about public access.").

Accordingly, portions of documents not used with (and discussed by) a witness at trial do not constitute judicial records, and there is no basis to require public posting of those portions.  *Cf.* Trial Tr. at 5957:20-5958:2, *United States v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C. Oct. 16, 2023), ECF No. 971 (explaining solution to same problem as being to clarify that "what's being admitted are the portions of the record that the parties are pointing me to").

**FTC's Position Statement:** While the FTC takes no position with this narrow dispute, it maintains its position that a document does not need a sponsoring witness to be admitted as part of the trial record and reserves its right to argue that certain documents should be included in the record even when not used with and discussed with a witness at trial. To the extent such documents are admitted without being used with a witness, the FTC proposes that the publication of such documents be governed as described in subsection (b).

**Meta's Additional Position Statement:** Meta reserves its right to oppose any claim by the FTC about what constitutes the trial record, including a claim that documents not discussed at trial are part of the trial record.

**b.**     The Times has also argued that any document "admitted" is a judicial record to which a presumption of public access attaches, even if never used at all during trial. *See* Times Mot. at 11 (seeking requirement for public posting of all "exhibits admitted into evidence"). The FTC and Meta jointly propose that the Court enter the following order, to make clear when a document becomes part of the trial record and obviate unsealing requests regarding materials that are never used:

- Documents, including those on the parties' preadmission lists, shall not become part of the trial record before they are used with a witness during trial.

- The FTC reserves its rights to seek to make additional documents, such as those on its preadmission list, part of the trial record through other means after trial, and Meta reserves the right to oppose. To the extent that additional documents become part of the trial record through other means after trial, the parties shall submit a joint submission after trial setting forth the parties' positions on whether such documents may be publicly disclosed, and appropriate procedures (if any) for such disclosure. This proposal shall be submitted ten business days after the last day of evidence presented to the Court. The Box website's contents shall remain available to the public until fourteen days after the Court's order on this contemplated joint submission absent a Court order extending the time.

## II.    Courtroom Closure Notice and Redactions

Meta, the FTC, and the Times have agreed, after a series of productive meet and confers, that the Court should follow Judge Mehta's practice and enter an order similar to the one entered in *Google* regarding notice and opportunity to be heard on courtroom closures, *see* Min. Order, *United States v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C. Oct. 18, 2023). Specifically:

(1) A party that believes a closed session will be required for either the direct or cross-examination of a witness shall [make best efforts to] so notify the Court by the end of the trial day immediately prior to the day of the witness's expected testimony;

(2) The court will docket the anticipated closed session the evening before the witness's expected testimony; and

(3) The Court will consider arguments and objections with respect to the proposed closed session, including from a media representative, at [the start of the morning session] on the day of the witness's expected testimony.  Any time taken to resolve any such arguments shall not count against either party's chess clock

Meta, the FTC, and the Times have also reached agreement on a procedure for proposing redactions to closed-session transcripts.  Specifically, the parties and the Times agree that:  the party or nonparty whose information necessitated a closed session shall propose redactions to any transcript of a closed session within 72 hours, starting from the time the final version of the transcript is circulated by the court reporter.

## III.    Partial and Complete Nondisclosure

Meta, the FTC, and the Times have also agreed to revised language (reflected in brackets below) regarding the two-tiered confidentiality levels that Meta previously proposed and the Court previously adopted.  The Court therefore should enter the following provision as an amendment to the order governing confidentiality at trial:

The parties shall use two levels of at-trial confidential treatment:  Complete Nondisclosure and Partial Nondisclosure.  "Complete Nondisclosure" means that the entire document will remain sealed from the public record and the courtroom would be closed when the [substance of the] document is discussed.  "Partial

Nondisclosure" means that the witness, attorneys for the parties, and Court may see an unredacted version of the document, but a redacted version will be shown on public-facing screens, and the questioner and witness may not to reveal the confidential portions of the document during questioning and testimony.

Dated: April 3, 2025                    Respectfully submitted,

                                        */s/ Daniel Matheson*
                                        Daniel Matheson (D.C. Bar 502490)
                                        Krisha Cerilli (D.C. Bar 983281)
                                        Susan A. Musser (D.C. Bar 1531486)
                                        Douglas A. Gretz (N.Y. Bar 5666318)
                                        Federal Trade Commission
                                        Bureau of Competition
                                        400 Seventh Street, S.W.
                                        Washington, D.C. 20024
                                        Telephone: (202) 326-2075
                                        Email: dmatheson@ftc.gov

                                        *Attorneys for Plaintiff Federal Trade Commission*

                                        */s/ Mark C. Hansen*
                                        Mark C. Hansen (D.C. Bar No. 425930)
                                        Geoffrey M. Klineberg (D.C. Bar No. 444503)
                                        Aaseesh P. Polavarapu (D.C. Bar No. 1740414)
                                        Justin B. Berg (D.C. Bar No. 90003841)
                                        Andrew Skaras (D.C. Bar No. 90004011)
                                        KELLOGG, HANSEN, TODD,
                                          FIGEL & FREDERICK, P.L.L.C.
                                        1615 M Street, N.W., Suite 400
                                        Washington, D.C. 20036
                                        Telephone: (202) 326-7900
                                        Email: mhansen@kellogghansen.com

                                        *Counsel for Defendant Meta Platforms, Inc.*