IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>    Defendant. | Case No. 1:20-cv-3590-JEB |

**COUNTER-STATUS REPORT OF THE NEW YORK TIMES COMPANY**

Proposed media intervenor The New York Times Company ("The Times") submits this Counter Status Report in response and opposition to the parties' Joint Status Report, Dkt. 511 (the "JSR"), and Proposed Second Order Regarding Confidentiality Procedures at Trial, Dkt 511-1 (the "Proposed Order"), both filed April 3, 2025.

Neither the JSR nor the Proposed Order were shared with The Times prior to being filed on the docket. The JSR makes lengthy arguments about a matter The Times understood the parties to be continuing to meet and confer about. Namely, when the public will have access to the full evidentiary record in this case. In the JSR, Meta takes the position that only those portions of exhibits shown in open court or discussed by witnesses are "judicial records" to which the public right of access attaches. JSR at 5. Meta's position, if adopted, would be a severe limitation on the public right of access that cannot be aligned with our nation's commitment to open justice. It is akin to arguing that the exhibits filed in support of a motion for summary judgment are not "judicial records," only the snippets that are quoted in the summary judgment brief. That is, clearly, wrong.

If Meta's position were adopted, the Proposed Order would lead to absurd results. Only "portions of trial exhibits used with and discussed by witnesses" would ever be accessible to the public. Dkt. 511-1 at 1 & 1(a). This conceivably means that only single sentences, zoomed in screen shots, or other tiny snippets of exhibits, divorced of context, would constitute the public record of this case. There is no efficiency to such a restriction: tracking the snippets shown in court and then editing and cropping the exhibits is far more burdensome than granting the public access to appropriately redacted trial exhibits. The purpose of Meta's proposal appears to be to block public access to judicial records for which there would otherwise be no lawful basis to seal.

Meta's position also would mean that the parties could readily evade public access by stipulating as to the authenticity of records, thus avoiding any "use" with witnesses, or by guiding the witnesses to avoid discussing the substance of the exhibits. This is because Meta's position, when combined with the Proposed Order, would only grant the public access to portions of exhibits "used with *and* discussed *by witnesses*." For the same reasons, it apparently would not extend to exhibits entered into evidence and discussed in opening or closing arguments.

The Times respectfully requests that The Court: 1) deny the parties' request to enter the Proposed Order; 2) grant The Times's motion to intervene; and 3) direct that the parties further meet and confer with The Times in an effort to promptly resolve these issues.

Dated: April 7, 2025               Respectfully submitted,

/s/ *Dana Green*
Dana R. Green (#1005174)
David McCraw (#NY0200)
Tim Tai (#NY0606)
The New York Times Company
620 8th Avenue
New York, NY 10018
Telephone: (212) 556-5290
Facsimile: (212) 556-4634
dana.green@nytimes.com
mccraw@nytimes.com
timothy.tai@nytimes.com

*Counsel for The New York Times Company*