UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

METAPLATFORMS, INC.,

Defendant.

Civil Action No. 20-3590 (JEB)

**ORDER**

As the date for trial draws ever nearer, the parties to this dispute continue to exhaustively pre-litigate the admissibility of evidence. Plaintiff the Federal Trade Commission has filed a "Statement" seeking exclusion of several of Defendant Meta Platforms, Inc.'s Rule 1006 exhibits on various grounds, while Meta has cross-filed for an order to exclude one of Plaintiff's. See ECF Nos. 513-1 (FTC Mot.); 515-1 (Meta Mot.). The Court addresses them in order, bearing in mind its prior guidance that trial courts in civil bench trials "are afforded broader than usual latitude to admit evidence as they see fit," Cobell v. Norton, 224 F.R.D. 266, 285 (D.D.C. 2004), because judges in their factfinding role "routinely disregard inadmissible evidence." NLRB v. Jackson Hosp. Corp., 257 F.R.D. 302, 307 & n.2 (D.D.C. 2009).

Federal Rule of Evidence 1006 provides that a party "may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court" as long as it "make[s] the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place." See also

1

United States v. Weaver, 281 F.3d 228, 232 (D.C. Cir. 2002) (this Rule is "an exception to the best evidence rule"). The D.C. Circuit has held that, for Rule 1006 evidence to be admissible, "the documents must be so voluminous as to make comprehension by the jury difficult and inconvenient; the documents themselves must be admissible; the documents must be made reasonably available for inspection and copying; the summary must be accurate and nonprejudicial; and the witness who prepared the summary should introduce it." United States v. Fahnbulleh, 752 F.3d 470, 479 (D.C. Cir. 2014). This Court has also previously clarified that the Rule permits the introduction of summary evidence that "condense[s], arrange[s], and edit[s]" original pieces of evidence, even if, in doing so, the party seeking admission "made decisions about [what] to include and exclude." United States v. Crawford, 2024 WL 1908799, at *3 (D.D.C. May 1, 2024). "A calculation," moreover, "does not constitute a conclusion or opinion." United States v. Honeywell Int'l Inc., 337 F.R.D. 456, 459 (D.D.C. 2020).

For approximately 87 of Meta's exhibits, the FTC's chief objection is that they are not "summaries" because they consist of "exhibits copied from the expert reports of six of Meta's experts" that are "replete with expert opinion" and "analysis." FTC Mot. at 7; see ECF No. 513-3 (Attachment B). No. Plaintiff also argues that "[n]umerous exhibits have plain hearsay issues." Id. at 8. To the extent, however, that Meta seeks to introduce under Rule 1006 a compilation of excerpts from its experts' previously admitted reports, the Court is satisfied that such a compendium serves the purposes of Rule 1006 — especially given the volume of pages filed in the parties' competing expert reports and the reams of data summarized in those reports. See, e.g., Crawford, 2024 WL 1908799, at *2 (permitting introduction of video montage edited by Government where underlying footage would take more than a year to view). While the FTC argues that these exhibits "layer in expert opinion and characterizations," FTC Mot. at 7, it does

2

not go so far as to argue that they actually "misrepresent[]" the underlying data. Crawford, 2024 WL 1908799, at *3. The Court, moreover, understands that these exhibits represent calculations done by Meta's experts, and it will permit the FTC to cross-examine any of Meta's witnesses sponsoring this evidence. The Court will accordingly deny this request.

The remaining 22 Meta exhibits present a separate issue. See ECF No. 513-2 (Attachment A). As to these, Plaintiff notes that they represent new analyses performed by two of Meta's expert witnesses to respond to one of the FTC's expert's own rebuttal reports. See FTC Mot. at 4–6. Defendant admits that "some of the[] exhibits summarize calculations" done by its own experts "in analyzing the rebuttal report" of one of the FTC's experts, but it argues that its "experts have the right to respond to the FTC's experts' rebuttal opinions." Meta Mot. at 7–8. It also retorts that the rest of the exhibits "update data to support previously disclosed expert opinions." Id. at 9. On Defendant's own admission, then, these exhibits consist of new or updated analyses that serve the purpose of rebutting Plaintiff's evidence or shoring up Meta's own case. Rule 1006 does not permit admission of such evidence under its strictures. See United States v. Dish Network LLC, 75 F. Supp. 3d 916, 933 (C.D. Ill. 2014) ("revised" calculations that required expert's "expertise in analyzing large data sets" were not Rule 1006 evidence).

That is not the end of the matter, however. As this Court has previously noted, there is "[g]ood cause" to permit the admission of evidence that "could not have been produced" during discovery, such as recent data on market conditions. See ECF No. 505 (Mem. Op.) at 8. The Court will therefore permit the admission, as additional expert testimony, of any of the Meta exhibits that merely update prior analyses with more recent data. Defendant is also correct that its experts have the right to respond at trial to the FTC's rebuttal report, as long as their

"testimony concerns topics and opinions already included in timely-disclosed reports." Radecki v. Dahl, 2023 WL 4231017, at *5 (W.D. Wis. June 28, 2023). In the interest of maximizing the range of evidence it may consider, the Court will accordingly permit the inclusion of the new "rebuttal" exhibits as additional expert testimony. To minimize prejudice to the FTC, however, it will permit Plaintiff to offer analysis and rebuttal testimony of its own to respond to any exhibits so admitted, including through the admission of additional documents if necessary. Any supplemental document submissions cannot exceed the number of pages submitted by Meta.

Finally, Meta objects to one of the FTC's Rule 1006 exhibits, which consists of a summary of current and historical descriptions of various applications in the Apple App Store. See Meta Mot. at 1; ECF No. 513-4 (Attachment C). According to Defendant, this exhibit relies on inadmissible hearsay and is too voluminous to count as a summary of evidence. See id. at 2–3. The Court, however, is not convinced. As it previously held, to the extent that the FTC seeks to use this data to demonstrate "industry or public recognition" of the relevant product market, it does not introduce it for its truth and thus does not rely on hearsay. See ECF No. 517 (Order) at 5. And even if Plaintiff did seek to introduce such statements for their truth, the Court is nonetheless convinced that they are admissible under the hearsay exception for "Market Reports." Fed. R. Evid. 803(17). As the Advisory Committee note to Rule 803(17) explains, "The basis of trustworthiness" for such reports "is general reliance by the public or by a particular segment of it, and the motivation of the compiler to foster reliance by being accurate." Here, "[t]he public relies on" the information in the App Store "for a description of the applications," and companies like Apple have an incentive to ensure such information is not "inaccurate." Jackpocket, Inc. v. Lottomatrix NY LLC, 645 F. Supp. 3d 185, 222 n.11 (S.D.N.Y. 2022). The Court is thus persuaded that Plaintiff's exhibit does not rely on hearsay. The Court

can also discern no limitation in the text of Rule 1006 on the length of summary exhibits. It therefore will deny this Motion.

The Court, accordingly, ORDERS that the FTC's [513] Motion is GRANTED IN PART and DENIED IN PART, and Meta's [515] Motion is DENIED.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: April 9, 2025