UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No.: 1:20-cv-03590-JEB |

## [~~PROPOSED~~] SECOND ORDER REGARDING CONFIDENTIALITY PROCEDURES AT TRIAL

Upon consideration of the parties' Joint Status Report and The New York Times's Motion to Intervene and for Access to Judicial Records and Proceedings, ECF No. 461-1, it is hereby **ORDERED** that:

1. The parties shall post public versions of trial exhibits used with witnesses during trial on a shared website (Box) pursuant to the following terms:

    a. Absent good cause, posting shall occur by 8:00 p.m. EDT two business days after an exhibit is used with a witness.

    b. Trial exhibits shall be posted in their public redacted form (to the extent redactions have been applied). Any sealing or redaction of trial exhibits shall substantively comport with applicable law and the Court's orders, including the Court's April 3, 2025 Order, ECF No. 510.

    c. The parties will bear responsibility for posting as follows:

      i. For exhibits that were produced by Meta, Meta shall upload the exhibits to the site;

      ii. For exhibits that were produced by the FTC, the FTC shall upload the exhibits to the site; and

      iii. For exhibits that were produced by nonparties, the party who introduced the document during a witness's examination shall upload the exhibits to the site.

   d. The party who uses the document during trial shall provide notice of its anticipated posting to any nonparty with a confidentiality interest no later than 8:00 p.m. EDT the day it is used in court. A party or nonparty with a confidentiality interest in the exhibit may object to posting no later than 8:00 p.m. EDT one calendar day after the exhibit is used at trial. If an objection is raised, the parties shall not post the exhibit until the objection is resolved. If the parties are unable to resolve the dispute, the objecting party or nonparty should raise it with the Court. Once the objection is resolved, the party with posting responsibilities shall post the exhibit on the Box website no later than 8:00 p.m. EDT two calendar days after the objection is resolved.

   e. To the extent that additional documents become part of the trial record through other means after trial, the parties shall submit a joint submission after trial setting forth the parties' positions on whether such documents may be publicly disclosed, and appropriate procedures (if any) for such disclosure. The Court shall set a deadline for this submission at a later date. For the avoidance of doubt, nothing in this Order shall be construed to decide whether documents may become part of the trial record through other means after trial.

2. The following procedure will govern courtroom closures:

   a. A party that believes a closed session will be required for either the direct or cross-examination of a witness shall make best efforts to so notify the Court by the end of the trial day immediately prior to the day of the witness's expected testimony;

   b. The Court will docket the anticipated closed session the evening before the witness's expected testimony; and

   c. The Court will consider arguments and objections with respect to the proposed closed session, including from a media representative, at the start of the morning session on the day of the witness's expected testimony. Any time taken to resolve any such arguments shall not count against either party's chess clock.

   d. The party or nonparty whose information necessitated a closed session shall propose redactions to any transcript of a closed session within 72 hours, starting from the time the final version of the transcript is circulated by the court reporter.

3. The parties shall use two levels of at-trial confidential treatment: Complete Nondisclosure and Partial Nondisclosure. "Complete Nondisclosure" means that the entire document will remain sealed from the public record and the courtroom would be closed when the substance of the document is discussed. "Partial Nondisclosure" means that the witness, attorneys for the parties, and the Court may see an unredacted version of the document, but a redacted version will be shown on public-facing screens, and the questioner and witness may not reveal the confidential portions of the document during questioning and testimony.

4. Documents, including those on the parties' preadmission lists, shall not become part of the trial record before they are used with a witness during trial. The FTC reserves its rights to seek to make additional documents part of the trial record through other means after trial, and Meta reserves the right to oppose.

5. The Box website's contents shall remain available to the public for at least fourteen days after the Court has rendered a decision on the liability phase of this case. The parties may, at their discretion, make the Box website's contents available to the public through alternative means during and subsequent to the website's operation.

6. The Federal Trade Commission, Meta Platforms, Inc., and The New York Times each reserves its rights to seek modification of this order at a later date, if warranted.

**IT IS SO ORDERED.**

DATED: 4/14/25

Honorable James E. Boasberg
United States District Court Chief Judge