IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 1:20-cv-03590-JEB |

**JOINT STATUS REPORT**

The FTC and Meta submit this Joint Status Report pursuant to the Court's request on May 1, 2025, for an update on time estimates and proposals to enhance efficiency at trial. *See* Trial Tr. at 199:16-19 (May 1, 2025).

**I.    Time Estimates**

    **A.    FTC's Position**

The parties are in agreement that the FTC has used 39 hours and 3 minutes and Meta has used 24 hours and 6 minutes of their chess clock allotments.

The FTC estimates that it will require approximately 19 additional hours for the remainder of its case in chief. Based on the time estimates Meta has provided, the FTC believes that it will close its case in chief on May 14. The FTC's remaining live witnesses consist of six Meta witnesses, three expert witnesses, and one third party witness, who will need to be called out-of-time on May 15, after the FTC closes its case in chief. In addition, the FTC will introduce deposition videos from several third parties: unfortunately, due to scheduling constraints, these videos will consume a disproportionate share of the day on Monday, May 5. As noted in Meta's

1

portion of the JSR, the parties agree that if the Court finds it efficient, the Court could elect to watch videos at a time convenient for the Court.

The FTC is unable to provide a reasonable estimate for the amount of time that it will require to cross-examine Meta's witnesses because Meta has not yet provided sufficient information regarding the witnesses that will actually be called. Meta has identified 32 witnesses as "may call," in addition to 24 witnesses as "will call" (excluding those who have been or will be called by the FTC in its case in chief and will not testify again). Once Meta discloses which, if any, of the 32 "may call" witnesses will actually testify, the FTC will be better able to estimate how much time might be necessary to cross-examine them.

The FTC identifies below the remaining witnesses that the FTC will call in its case in chief, and the FTC's and Meta's estimated times for the examination of each witness: The FTC's estimated times include the time needed for both direct and re-direct examination.

**May 5**

| Live/Video | Witness | FTC Time | Meta Time |
|---|---|---|---|
| Live | ███████████ | 1 hour | 45 minutes |
| Video | ████████████████ | 77 minutes | 57 minutes |
| Video | ████████████████ | 33 minutes | 32.5 minutes |
| Video | ██████████████████ | 6.5 minutes | 11 minutes |
| Video | ██████████████████ | 7 minutes | 7 minutes |

**May 6**

| Live/Video | Witness | FTC Time | Meta Time |
|---|---|---|---|
| Live | █████████████ | 1.5 hours | 1 hour |
| Live | ████████████████ | 1.25 hours | 1 hour |

2

**May 7**

| Live/Video | Witness | FTC Time | Meta Time |
|---|---|---|---|
| Live | ▮▮▮▮▮ | 45 minutes | 1 hour |
| Live | ▮▮▮▮▮ | 1 hour | 1 hour |
| Live | ▮▮▮▮▮ | 2 hours | 2 hours |

**May 8**

| Live/Video | Witness | FTC Time | Meta Time |
|---|---|---|---|
| Live | ▮▮▮▮▮ | | |
| Live | ▮▮▮▮▮ | 2 hours | 2 hours |

**May 12 and May 13**

| Live/Video | Witness | FTC Time | Meta Time |
|---|---|---|---|
| Live | ▮▮▮▮▮ | 6 hours | Unknown |
| Video (public) | ▮▮▮▮▮ | 23 minutes | 19 minutes |
| Video (sealed) | ▮▮▮▮▮ | 2.5 minutes | 2.5 minutes |

**May 14**

| Live/Video | Witness | FTC Time | Meta Time |
|---|---|---|---|
| Live | ▮▮▮▮▮ | 1 hour | 1.5 hours |

**May 15 (out of time witness)**

| Live/Video | Witness | FTC Time | Meta Time |
|---|---|---|---|
| Live | ▮▮▮▮▮ | 45 minutes | N/A |

    **B.**    **Meta's Position**

To date, Meta has used 24 hours and 6 minutes of trial time. Based on currently available information, Meta presently anticipates using a total of approximately 65 to 70 hours of trial time (inclusive of the time Meta has already used, and subject to change as the case proceeds). Meta's time estimate does not include time for any FTC rebuttal case. Meta does not currently have enough information to estimate the time necessary for any such rebuttal. *See infra* Section II.C.

**II.**    **Proposals to Enhance Efficiency at Trial**

    **A.**    **Deposition Videos**

        **1.**    **FTC's Position**

The FTC agrees with Meta that if the Court finds it efficient, the Court may watch deposition videos at a time convenient to the court.

        **2.**    **Meta's Position**

Meta proposes that the Court watch any remaining video depositions at the Court's convenience, during trial or even after the live testimony concludes, rather than in the courtroom during the trial day. The FTC agrees to this proposal. Under this proposal, the runtime of video deposition designations will still count against a party's chess clock. The FTC presently intends to play approximately 6 more hours of deposition video. Meta anticipates that it may play approximately 1.5 hours of deposition testimony in its case.

This proposal will allow the Court to, at its option, fill trial days with live testimony or adjourn trial early on certain days once live witnesses finish testifying. *See, e.g.*, Trial Tr. at 179:10-15, *Jackson v. Attorney General of the United States*, No. 1:18-cv-00026-JEB (D.D.C. June 28, 2021), ECF No. 77 ("So if it's a video, it doesn't take me any less time to watch it here

than in chambers, so I'm happy to do that. . . ."); Trial Tr. at 201:23-204:25, *Ashraf-Hassan v. Embassy of France*, No. 1:11-cv-00805-JEB (D.D.C. Jan. 27, 2016), ECF No. 110 ("[W]e don't need to take everybody's time and play [a deposition video] in open court."). This proposal also will incentivize the parties to use their trial time efficiently by scheduling live testimony in the courtroom.

Reviewing video depositions at the Court's convenience will also promote efficiency by obviating the need to splice deposition videos into sealed and public portions for use in open court. Instead, the parties can create a single video for each deposition that plays chronologically, which will, in turn, be easier for the Court to follow. This proposal will not deprive the public of the substance of unsealed testimony because the transcripts of those portions could be made public on the docket.

For all these reasons, Meta proposes that the Court watch any remaining video depositions at the Court's convenience rather than in the courtroom during trial days.

### B. Rebuttal Case Cap

#### 1. Meta's Position

The Court should set a cap of 10 hours per side for any rebuttal case by the FTC (to come out of each party's 90-hour chess clock allotment). *See*, *e.g.*, Min. Entries, *United States v. Google LLC*, No. 1:20-cv-03010-APM ("*Google*") (D.D.C. Nov. 15-16, 2023) (only two days of rebuttal testimony from two witnesses). Before trial started, the FTC stated its plan to present a "significant amount" of testimony in a "fairly lengthy" "rebuttal" case. Status Conf. Tr. at 3:13-

16, 4:5-7 (Nov. 25, 2024), ECF No. 386.  The FTC's plan for an excessive, so-called "rebuttal" will generate inefficiencies that a 10-hour cap would obviate.

Any rebuttal case should be short.  *See Google* Status Conf. Tr. at 34:16-17 (D.D.C. July 19, 2023), ECF No. 617 ("I'm not contemplating a very long rebuttal case.").  But the FTC has previewed that its rebuttal case will be full of cumulative evidence that should be presented, if at all, during the FTC's case-in-chief now.  The FTC informed Meta that it intends to call ***all eight*** of its expert witnesses as "rebuttal" witnesses, including all six of the experts the FTC already called, or will call, to testify in its case-in-chief.  *See* FTC Witness List at 24-29 (Mar. 12, 2025), ECF No. 417-1 (listing all eight FTC experts as "Will Call" in "Case-in-Chief and Rebuttal"); Ltr. from K. Goff to H. DePalo (Mar. 17, 2025) (FTC witness order stating the FTC intends to call all its experts twice).  Moreover, the FTC has not meaningfully disclosed which fact witnesses it intends to call in rebuttal and for how long.  In just the last few days, the FTC switched four fact witnesses – ███████████████████████████████████████, and ████████████████ – out of its case-in-chief (just days before witnesses were scheduled to testify) and made them potential rebuttal witnesses instead.  The FTC also has claimed that it might call *any* other witness on either party's witness list as a rebuttal witness, and it has not provided time estimates for all these potential fact witnesses who might appear in rebuttal.  *See* FTC Witness List at 2 ¶ 8 (Mar. 12, 2025), ECF No. 417-1.

Setting a 10-hour cap on the length of any rebuttal case now will curtail the inefficiencies of the duplicative and extended "rebuttal" case that the FTC is planning.  "Rebuttal evidence is admissible only where the need for it could not have been foreseen at the time the plaintiff presented its case-in-chief."  *See Daly v. Far E. Shipping Co. PLC*, 238 F. Supp. 2d 1231, 1238 (W.D. Wash. 2003), *aff'd sub nom. Daly v. Fesco Agencies NA Inc.*, 108 F. App'x 476 (9th Cir.

6

2004); *Faigin v. Kelly*, 184 F.3d 67, 85 (1st Cir. 1999) ("When a party knows that a contested matter is in the case, yet fails to address it in a timely fashion, he scarcely can be heard to complain that the trial court refused to give him a second nibble at the cherry."). Here, the FTC has known Meta's defenses for years and is already putting on evidence to attempt to rebut them. *See* Jt. Status Rep. at 9 (Jan. 16, 2025), ECF No. 392 (FTC's representation that it has "all pertinent information needed to plan" for Meta's case). For example, the FTC played deposition testimony of ▮▮▮▮▮▮, a witness the FTC designated only as a "may-call" rebuttal witness; the FTC presented testimony from its expert, Professor Rim, who offers only rebuttal opinions; and the FTC informed Meta that it is calling fact and expert witnesses this week to address Meta's affirmative defenses. Any lengthy rebuttal case later would therefore be cumulative and unnecessary. *See Blake v. Securitas Sec. Servs., Inc.*, 292 F.R.D. 15, 17-18 (D.D.C. 2013) (Boasberg, J.) ("The principal objective of rebuttal is to permit a litigant to counter new, **unforeseen** facts brought out in the other side's case." (citation omitted, emphasis added)). The FTC "cannot reopen" matters in rebuttal "simply" because it "wishes to introduce more or better evidence." *Virapen v. Eli Lilly, S.A.*, 1995 WL 561518, at *2 (1st Cir. Sept. 22, 1995).

Setting a cap for both parties on any rebuttal case will also provide certainty that will help the parties more efficiently plan their chess clock time allotments. Meta does not presently anticipate using all 90 hours of its chess clock time. *See supra* Section I.B. But Meta will be forced to save an unknown, but significant, amount of its chess clock time to cross-examine the FTC's purported rebuttal witnesses if the FTC follows through on its presently disclosed plan to prolong trial significantly with "rebuttal" examinations of a dozen or more witnesses.

Setting such a limit would not, as the FTC claims, "retroactively constrain the FTC" from presenting its evidence. The FTC agreed long ago that fact witnesses may only be called once,

and it knows that it needs to elicit any purported "rebuttal" testimony from any fact witnesses it calls now. So there is no "retroactive" limit on the FTC's examinations. And the FTC has not rested its case-in-chief, so there is no "prejudice" in setting a rebuttal cap now.

Nor is it accurate for the FTC to state that "Meta has not yet begun its case in chief," leaving the FTC in the dark on "what it must 'contradict, impeach or defuse.'" Meta has examined *17* of its witnesses when those witnesses were called in the FTC's case – the result of the parties' agreement to not call fact witnesses twice. And Meta provided an updated witness list to the FTC this weekend, indicating the witnesses it presently expects it will call or may call in Meta's case. It is therefore disingenuous to claim, three weeks into trial, that the FTC does not know what Meta's defenses are or who Meta will call. In any event, Meta's proposal does not preclude the FTC from putting on appropriate rebuttal evidence; it merely incentivizes the FTC to conduct an efficient rebuttal case, if any. For these reasons, the Court should set a 10-hour cap per side on any FTC rebuttal case and thereby reduce the risk of a needlessly long trial.

### 2. FTC's Position

Meta's proposal to artificially cap the FTC's rebuttal case at ten hours would unfairly prejudice the FTC and impair the trial's efficiency. The FTC chose which witnesses to present during its case in chief in reliance on its ability to call rebuttal witnesses, should that prove necessary to rebut evidence that Meta may introduce during its case. "The proper function of rebuttal evidence is 'to contradict, impeach or defuse the impact of the evidence offered by an adverse party.'" *United States v. Grintjes*, 237 F.3d 876, 879 (7th Cir. 2001) (quoting *United States v. Papia*, 560 F.2d 827, 848 (7th Cir. 1977)). Meta has not yet begun its case in chief and has refused to tell the FTC which of Meta's 32 remaining "may call" witnesses it will actually call. As a result, the FTC does not yet know what it must "contradict, impeach or defuse" in its rebuttal case. *Grintjes*, 237 F.3d at 879. The FTC has managed this uncertainty by budgeting

8

time in its chess clock allotment for its rebuttal case. Imposing a ten-hour cap mid trial, without knowing what evidence Meta seeks to offer, would retroactively constrain the FTC after it has chosen to save time for rebuttal. Therefore, such a cap would prejudice the FTC.

Meta's proposal will not enhance efficiency of trial. First, Meta's suggestion that its proposal would help the parties plan their chess clock time allotments is backwards. As noted above, the FTC has already planned its chess clock allotment with the expectation that it would not have a cap on its rebuttal case. Imposing a ten-hour cap after the FTC has already planned for an uncapped rebuttal case would only make planning its chess clock allotment more challenging, as it would require the FTC to alter its existing time budget.

Similarly, Meta's suggestion that the FTC's rebuttal case will merely present cumulative evidence is wrong. If capped at ten hours, the FTC may present evidence in its case in chief that it incorrectly believes will rebut evidence it expects Meta may introduce, only for Meta not to introduce such evidence. Such a scenario would consume the Court's time and the FTC's chess clock with superfluous evidence. Meta's proposal risks presenting more unnecessary evidence, not the opposite, as it suggests.

Despite Meta's protestations, rebuttal evidence is not restricted to issues that could not have been foreseen when a plaintiff presents its case in chief. "[R]ebuttal encompasses any evidence that the trial judge concludes fairly counters and casts doubt on the truthfulness of factual assertions advanced, whether directly or implicitly, by an adversary." *United States v. Barrow*, 400 F.3d 109, 121 (2d Cir. 2005). That the FTC has already addressed some of Meta's defenses in the FTC's case in chief does not preclude the FTC from offering rebuttal evidence. *Cf. United States v. LiCausi*, 167 F.3d 36, 52 (1st Cir. 1999) ("The fact that testimony would have been more appropriately offered during the proponent's case-in-chief does not preclude its

admission as rebuttal evidence."). As such, the FTC is entitled to, as it has already planned, introduce evidence in rebuttal that "counters and casts doubt on" evidence Meta presents in its case in chief. *See Barrow*, 400 F.3d at 121. The Court should not restrict the FTC's ability to do so.

### C. Expert Reports

#### 1. FTC's Position

Admitting the expert reports of the FTC's and Meta's expert witnesses will help contextualize the expert testimony presented at trial leading to more efficient presentations. The FTC refers the Court to the brief it will file on this issue later today.

#### 2. Meta's Position

The Court already permitted separate briefing on whether the FTC's expert reports should be admitted, but the FTC insisted on including this issue in this Joint Status Report. As Meta will explain in its forthcoming brief, the Federal Rules of Evidence foreclose the FTC's proposal to admit thousands of pages of expert reports. Expert reports are "inadmissible as hearsay," and their admission would prejudice Meta. *Mahnke v. Washington Metro. Area Transit Auth.*, 821 F. Supp. 2d 125, 154 (D.D.C. 2011). But, even if a desire for efficiency could supplant the Federal Rules of Evidence (it cannot), admission of expert reports will circumvent the efficiency-enhancing chess clock and exhibit cap limits the Court set. That will create (not reduce) inefficiency.

Dated: May 4, 2025                                Respectfully submitted,

/s/ Daniel Matheson
Daniel Matheson (D.C. Bar 502490)
Krisha Cerilli (D.C. Bar 983281)
Nathan Brenner (IL Bar 6317564)
Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

/s/ Mark C. Hansen
Mark C. Hansen (D.C. Bar No. 425930)
Geoffrey M. Klineberg (D.C. Bar No. 444503)
Aaseesh P. Polavarapu (D.C. Bar No. 1740414)
Alex P. Treiger (D.C. Bar No. 1670925)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Email: mhansen@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*