**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **META PLATFORMS, INC.** <br><br> Defendant. | Civil Action No. 1:20-cv-03590 (JEB) |

**FEDERAL TRADE COMMISSION'S STATEMENT REGARDING THE
<u>ADMISSIBILITY OF EXPERT REPORTS</u>**

## I. The Court Should Admit the FTC's Expert Reports into the Record

The FTC has offered, or will offer, into evidence seven expert reports and eight rebuttal expert reports ("the Reports") for the purpose of contextualizing its experts' opinions and for the Court's benefit in evaluating them. Meta objects to the Reports' admission on hearsay grounds, but the Court should deploy its broad discretion to "admit expert reports in evidence in bench trials." *United States v. Philip Morris USA Inc.*, 2021 WL 4318113, at *2 (D.D.C. Sept. 23, 2021); *see also* Order at 1 (Apr. 7, 2025), ECF No. 517 ("MIL Order") (recognizing "the well-accepted maxim that trial courts in civil bench trials are afforded broader than usual latitude to admit evidence as they see fit because judges in their factfinding role routinely disregard inadmissible evidence") (cleaned up); Order at 1 (Apr. 9, 2025), ECF No. 527 ("1006 Order") (same). Here, admitting the complete Reports may help the Court assess the FTC experts' conclusions, the methods they employed, and their underlying analysis and reasoning.

The Court need not take the FTC's word that the Reports may assist the Court in understanding expert witnesses' testimony. Meta's counsel, when cross examining FTC expert Jihoon Rim, asserted "[w]e all have your report" and "[t]he [C]ourt, as the fact finder, will be able to read it and make its assessment." Tr. at 83:18-20 (Apr. 21, 2025). And that is not the only example; Meta's counsel also suggested when cross examining Professor Cliff Lampe that he did not consider evidence that he, in fact, did consider in his Report, and when examining other witnesses used portions of Professor Scott Hemphill's Report. *Infra* I.A. The Court should not condone Meta's attempt to use hand-selected parts of the Reports divorced from their proper context, and instead admit the complete Reports for exactly the reason Meta's counsel explained—so it can "read it and make its assessment" of the FTC experts' full conclusions.

Admitting the Reports is consistent with Federal Rules of Evidence ("FRE") 702 and 703, which together permit expert opinion even if it relies on otherwise inadmissible evidence. Hearsay statements within the Reports need not be considered for the truth of the matters asserted, and Meta will suffer no prejudice—Meta has (and will) cross-examine each of the FTC's experts and the Court can disregard any portion of the Reports that it finds unhelpful.

For the same reasons, the FTC will not object to the admission of Meta's own expert reports; indeed, Meta has already offered more than 120 charts and tables from its own experts' reports labeled as FRE 1006 exhibits. The Court found "that [some of] these exhibits represent calculations done by Meta's experts, and it will permit the FTC to cross-examine any of Meta's witnesses sponsoring this evidence" and the rest are "additional expert testimony," which the Court nevertheless permitted "[i]n the interest of maximizing the range of evidence it may consider." 1006 Order at 2, 4. The Court should adopt the same reasoning for the Reports and admit them in full to "maximiz[e] the range of evidence it may consider." If the Court declines to admit them in full, it should do so without prejudice to the FTC's ability to offer the charts and tables from the Reports as FRE 1006 exhibits, as it permitted Meta to do.

### A. Courts are Empowered to Admit Expert Reports in Bench Trials

Courts presiding over complex antitrust bench trials routinely cite and rely on expert reports. *See United States v. Google LLC*, 747 F. Supp. 3d. 1, 40-41, 133, 134 (D.D.C. 2024) (relying on figures from expert reports); *United States v. Anthem, Inc.*, U.S. Dist. Ct., D.D.C. No. 16–1493, Order dated Aug. 21, 2016 (ordering in part for expert reports to be "[s]ubmitted to the Court"); *United States v. Aetna Inc.*, 240 F. Supp. 3d 1 (D.D.C. 2017) (citing to expert reports throughout opinion). The Reports will be useful to the Court in this case, and the Court should thus exercise its "broader than usual latitude," MIL Order at 1 (internal quotation omitted), to admit them into evidence.

Courts may admit expert reports—even when they contain otherwise inadmissible evidence, like hearsay—where the Court sits as the finder of fact. Where there is no jury, "there is no risk of tainting the trial by exposing a jury to unreliable evidence." *Philip Morris*, at *2 (quoting *DL v. District of Columbia*, 109 F. Supp. 3d 12, 29 (D.D.C. 2015) (admitting expert report)); *see also Floyd v. City of New York*, 2013 WL 1955683, at *1 (S.D.N.Y. May 13, 2013) (admitting expert report in bench trial because the court "would not be swayed in the same way a jury might be, in the event it viewed evidence that was ultimately inadmissible"). Here, the Court is well-equipped to read and assess the expert opinions in the Reports, and to disregard any portions that are unreliable.

The Reports are particularly useful to the Court because Meta's counsel has repeatedly referenced them at trial, including when counsel agreed the Court will "have [Professor Rim's] report" to "read [] and make its assessment." Tr. at 83:18-20 (Apr. 21, 2025). Meta's counsel also attempted to undermine the opinions of Professor Lampe by claiming he did not address all of the relevant evidence in his trial testimony; however, as he testified, his Report did address that evidence. *See, e.g.*, Tr. at 259:11-14, 260:11-261:3 (Apr. 23, 2025). Further, Meta's counsel has used out-of-context snippets from Professor Hemphill's Report with witnesses who did not author them. *See* Tr. at 65:6-74:15 9 (Apr. 21, 2025) (questioning Professor Rim about data in Professor Hemphill's Report); Tr. at 163:9-13, 164:11-18, 235:6-10 (Apr. 22, 2025) (discussing Professor Hemphill's Report with a fact witness). Accordingly, the Court should admit the Reports in full to ensure that, when evaluating the trial record, it has the full context to understand them. *See Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 729-30 (6th Cir. 1994) (admitting expert report where opposing counsel opened the door by using it during examination). *Cf. Henderson v. George Washington Univ.*, 449 F.3d 127, 140-41 (D.C. Cir.

3

2006) ("[N]ot only is the trial court granted discretion to permit a party to introduce otherwise inadmissible evidence on an issue when the opposing party has introduced inadmissible evidence on the same issue, but it may also do so when it is needed to rebut a false impression that may have resulted from the opposing party's evidence." (cleaned up)).

*United States v. Brown*—the principal authority Meta has referenced during meet and confers—is inapt. *Brown* was a criminal case where the defendant offered an expert report as "probative of his mental state" pursuant to the exceptions for a "statement made for medical diagnosis or treatment" under FRE 803(4) or as a "record of a regularly conducted activity" under FRE 803(6). 2024 WL 4582977, at *2-3. *Brown* does not speak to, let alone cabin, the Court's "broader than usual latitude" to admit evidence such as the Reports in this complex antitrust bench trial. MIL Order at 1 (internal quotation omitted).

## B.  The Reports Are Admissible Under FRE 702 and 703

The Reports are also admissible under FRE 702, which provides that expert opinion is admissible if it meets certain criteria, and FRE 703, which provides that "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." Courts routinely admit expert reports under FRE 702 and 703 notwithstanding that the opinions cite to hearsay. *Floyd*, 2013 WL 1955683, at *2-*3 (citing Fed. R. Evid. 702, 703); *see also United States v. Dukagjini*, 326 F.3d 45, 58 (2d Cir. 2003) ("[A]n expert witness may rely on hearsay evidence while reliably applying expertise to that hearsay evidence, but may not rely on hearsay for any other aspect of his testimony."). And in a bench trial, the Court may "admit the materials upon which an expert relies 'to assist the factfinder in assessing the basis of the expert's testimony.'" *Philip Morris*, 2021 WL 4318113, at *2 (quoting 1 Stephen A.

4

Saltzburg, Michael M. Martin & Daniel J. Capra, Federal Rules of Evidence Manual § 703.02[4] (12th ed. 2021)).

Admitting the Reports under FRE 702 and 703 is both proper and would be particularly helpful to the Court where, as here, the Court is the fact finder and the Reports provide details and context for the experts' analyses and conclusions. *See Philip Morris*, 2021 WL 4318113, at *3 ("The Court is inclined to admit all expert reports in evidence for this evidentiary hearing. Doing so will aid the Court in assessing the weight of expert testimony on technical and complex issues. The Court is capable of not relying on inadmissible information contained in the reports for improper purposes.").

### C. The FTC Expert Reports Are Admissible Under FRE 807

Courts in bench trials may also admit expert reports under FRE 807 when "the author of any expert report lays proper foundation and is subject to cross examination." *Turtle Mountain Band of Chippewa Indians v. Howe*, 2023 WL 9595359, at *2 (D.N.D. June 9, 2023). The Reports were "produced by qualified experts with years of experience," the experts will "testify [that] their report[s] [are] an accurate representation of their opinion and methods," and Meta will have an opportunity to cross them. *See id.* The Reports should be admitted under FRE 807.

### D. The FTC Is Prepared to Submit Additional FRE 1006 Exhibits

If the Court declines to admit the Reports, it should at least allow the FTC to offer FRE 1006 Exhibits containing expert analysis from the Reports, just as Meta has offered over 120 expert-analysis exhibits under FRE 1006 (109 of which were at issue in the 1006 Order). 1006 Order at 2-3. Doing so would not prejudice Meta because Meta has had the Reports since December 5, 2023, and the FTC disclosed them—and its intent to offer them into evidence—on its Preliminary Exhibit List on January 27, 2025.

Dated: May 5, 2025                                   Respectfully submitted,

                                                     */s/ Daniel Matheson*
                                                     Daniel Matheson (D.C. Bar 502490)
                                                     Krisha Cerilli (D.C. Bar 983281)
                                                     Susan A. Musser (D.C. Bar 1531486)
                                                     Nathan Brenner (IL Bar 6317564)
                                                     David Brunfeld (D.C. Bar 1672059)
                                                     Federal Trade Commission
                                                     Bureau of Competition
                                                     600 Pennsylvania Avenue, N.W.
                                                     Washington, DC 20580
                                                     Telephone: (202) 326-2075
                                                     Email: dmatheson@ftc.gov

                                                     *Attorneys for Plaintiff*
                                                     *Federal Trade Commission*