**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FEDERAL TRADE COMMISSION,

       Plaintiff,

       v.

META PLATFORMS, INC.,

       Defendant.

Case No. 1:20-cv-03590-JEB

**META PLATFORMS, INC.'S OBJECTIONS TO THE ADMISSION
OF THE FTC'S HEARSAY EXPERT REPORTS INTO EVIDENCE**

The FTC's fifteen expert reports – spanning more than 2,900 pages – are hearsay (and contain hearsay-within-hearsay) that satisfy no exception to the hearsay rule. Their admission would unfairly prejudice Meta. The Court should exclude these materials.

ARGUMENT

1.    ***Expert Reports Are Inadmissible Hearsay to Which No Exception Applies.***  The FTC seeks to offer out-of-court statements (the expert reports) for the truth of the matter – classic inadmissible hearsay. *See* Fed. R. Evid. 802. As another court in this District has recognized, "reports prepared by experts and the CVs of expert witnesses are hearsay and are not admissible into evidence pursuant to Fed. R. Evid. 802." *Mahnke v. Wash. Metro. Area Transit Auth.*, 821 F. Supp. 2d 125, 154 (D.D.C. 2011) (collecting cases). Courts routinely deny admission of this hearsay into evidence – even in bench trials. *See, e.g., United States v. Brown*, 2024 WL 4582977, at *4 (D.D.C. Oct. 25, 2024) (excluding expert report as "inadmissible hearsay" and refusing to "relax the rules regarding the admissibility of hearsay merely because the Court, rather than a jury, will sit as the factfinder"); *Berkley Ins. Co. v. Fed. Hous. Fin. Agency*, 2023 WL 4744155, at *4 (D.D.C. July 25, 2023) (expert reports are "inadmissible hearsay on their own"); *Foster v. Dula*, 2023 WL 5576693, at *1 (S.D.N.Y. Aug. 29, 2023) ("[E]xpert reports are inadmissible hearsay; they may be used to cross examine a witness, but they may not under any circumstances come into evidence. That is why the expert takes the stand."); *Pizza Hut, LLC v. Ronak Foods, LLC*, 2022 WL 3544403, at *3-4 (E.D. Tex. June 17, 2022) (declining to admit expert report in bench trial), *aff'd*, 79 F.4th 535 (5th Cir. 2023). Such exclusion is appropriate here. *See Jones ex rel. U.S. v. Mass. Gen. Hosp.*, 780 F.3d 479, 494 (1st Cir. 2015) (affirming exclusion of expert reports as "quintessential" hearsay); *Hunt v. City of Portland*, 599 F. App'x 620, 621 (9th Cir. 2013) (expert reports are "hearsay to which no hearsay exception applies").

1

    **2.**    ***The Prejudice to Meta Would Be Significant.***  Allowing the FTC to move

thousands of pages of hearsay – and many instances of hearsay-within-hearsay – into evidence

would unfairly and unduly prejudice Meta for at least three reasons.

    *First*, Meta is tailoring its examinations of the FTC's experts to focus on the opinions and

analyses they are offering *at trial*.  If the FTC's expert reports are evidence, then the FTC can

use them during post-trial briefing to backfill expert testimony with opinions and supporting

materials the expert did *not* introduce or rely on at trial – and therefore were *not* subject to

Meta's cross-examination.  That possibility puts Meta to a Hobson's Choice:  either burn its

chess clock addressing portions of expert reports the FTC's experts did not discuss – either

through cross-examination of the FTC expert or through Meta's experts – or risk losing the

opportunity to challenge evidence the FTC may later try to sneak into its post-trial briefing.

    One example:  Cliff Lampe, the FTC's purported expert in "human computer

interaction," opined in his trial testimony that some apps "provide a distinct experience founded

on mass personal relationship maintenance" based on snippets of deposition testimony, a handful

of "help center" webpages, and four surveys.  Apr. 23, 2025 Trial Tr. at 62:18-21, 65:16-19,

81:17-20 ("help pages"), 97:25-98:20 (deposition testimony), 199:10-14 (surveys).  Professor

Lampe admitted that he did not look at how users spend their time on apps and had no data to

support his opinions, such as "how many TikTok users use their real name versus pseudonym" or

"how people are using [Stories] between Signal and Snap."  *Id.* at 191:3-11, 192:9-14, 238:7-12,

256:4-8.  But Professor Lampe also testified that the evidence he cited on the stand to support his

opinions was just a "sample of a much deeper analysis" in his report.  *Id.* at 87:23-88:5.  It would

be unfair for Meta to have to respond in post-trial briefing to the supposed "multiple other types

of research," *id.*, that Professor Lampe did not discuss at trial.

*Second*, introducing expert reports into evidence is an end-run around the Court-imposed cap of 900 exhibits per side.  For example, Professor Lampe's report selectively cites and quotes 406 documents not on either party's exhibit list.  Those are cherry-picked snippets of documents the FTC *decided* not to attempt to introduce into evidence – whether by pre-admission, Rule 703, or otherwise – yet asks the Court to consider without discussion at trial.  And those documents introduce additional hearsay-within-hearsay.  That problem will proliferate:  there are hundreds more inadmissible documents among the FTC's fifteen expert reports.  That would, again, put Meta in an impossible position:  begin preemptively contextualizing the FTC's hundreds of snippets of documents – eviscerating Meta's chess clock – or address only the documents actually introduced and discussed at trial at the risk of the FTC dredging up unaddressed documents in post-trial briefing in an attempt to supports its claims (they do not).

*Third*, admitting the expert reports into evidence will burden Meta and nonparties with the enormous task of redacting thousands of pages of material the FTC might never actually use in live trial testimony.  That burden is completely lopsided; the FTC has no confidential material to redact.

3.       ***There is No Prejudice to the FTC.***  Excluding expert reports – as courts do where the parties do not agree to admit them – will not prejudice the FTC.  It has a 90-hour chess clock to elicit testimony (i.e., actual evidence) from its experts.  Indeed, it has disclosed that it intends to examine Professor Hemphill for *six* hours.  On top of that, the FTC can use demonstratives at trial.  For example, Professor Rim used 35 pages of demonstratives, which is nearly 70% of the length of his entire Rebuttal Report.  The FTC can hardly justify the need for hours of expert testimony, dozens of demonstratives, *and* thousands of pages of expert reports.  The FTC has a

chess clock – it should decide how to use that time allotment, what opinions to put in evidence, and what parts of expert opinions are subject to cross-examination; it does not need more.

       **4.**     ***The FTC's Likely Cases – Those It Shared With Meta – Are Distinguishable.***

       **a.**     **Non-Trials:**  The FTC might first point the Court to decisions the FTC claims "admitted" expert reports – for example, *United States v. Philip Morris USA Inc.*, 2021 WL 4318113, at *2-3 (D.D.C. Sept. 23, 2021).  But as another court in this District explained in declining to follow *Philip Morris*, that case involved not a bench trial, but the "presentation of expert reports at an evidentiary hearing, for purposes of which the parties had agreed to waive hearsay objections and present expert reports 'as direct testimony.'"  *Brown*, 2024 WL 4582977, at *4 (quoting *Philip Morris*, 2021 WL 4318113, at *2-3).  *Philip Morris* does not support the FTC's gambit – especially given the Court's ruling here that there would be "no written direct testimony."  Dec. 9, 2024 Status Conf. Tr. at 4:3-5, ECF No. 388.

       **b.**     **Other Antitrust Cases:**  When Meta asked the FTC to identify cases admitting expert reports into evidence, the FTC asserted this was the typical practice in recent antitrust cases, pointing to *Google*, *Aetna*, and *Anthem* from this District as well as *Deutsche Telekom* (S.D.N.Y.).  But in *Anthem* the parties *stipulated* to admission of expert reports.  *See United States v. Anthem, Inc.*, No. 1:16-cv-01493-ABJ (D.D.C. Aug. 15 and 31, 2016), ECF Nos. 72-1, 91 (adopting joint submission of the parties).  And in *Aetna*, the district court requested the parties submit all expert reports for its use pretrial, and no party appears to have objected.  *See United States v. Aetna, Inc.*, No. 1:16-cv-01494-JDB (D.D.C. Oct. 26, 2016), ECF No. 164 at 34:8-15.  Here, by contrast, Meta objects.  *See Kerek v. Crawford Elec. Supply Co.*, 2019 WL 6311365, at *3 (M.D. La. Nov. 25, 2019) (refusing to admit expert report where "[n]o such agreement [exists] between the parties").  *Google* does not help the FTC:  the parties there did

not include expert reports on their exhibit lists, *see United States v. Google*, No. 1:20-cv-03010-APM (D.D.C. Apr. 19, 2024), ECF Nos. 887, 891, and the court apparently did not rely on them in its decision, *see United States v. Google*, 747 F. Supp. 3d 1 (D.D.C. 2024). Further, the FTC's preliminary injunction cases, like *Anthem*, arise from expedited proceedings where the procedures are "less formal . . . than in a trial on the merits." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *see FTC v. CCC Holdings Inc.*, 2009 WL 10631282, at *1 (D.D.C. Jan. 30, 2009) ("the Federal Rules of Evidence do not apply to preliminary injunction hearings"). This is not an accelerated bench trial on an injunction, but instead a merits trial after full discovery and summary judgment briefing and with up to 90 hours of testimony per side.

       **5.**       ***The FTC Cannot Admit Portions of Expert Reports As Rule 1006 Exhibits.***  The FTC has suggested that it may submit portions of its expert reports (such as charts and figures) as Rule 1006 exhibits.  This is a separate issue than entering entire expert reports into evidence, and the FTC has yet to seek to do this.  If the FTC wishes to do so, it must articulate a "compelling reason," Order (Jan. 17, 2025), ECF No. 394 ¶ 2, for the late disclosure of new Rule 1006 exhibits after the March 27 deadline that the FTC sought and the Court imposed.  The FTC will suffer no prejudice from the Court enforcing this deadline because the FTC's experts can prepare Rule 107 demonstratives of their charts and figures, and testify about those demonstratives.  This process ensures that the FTC's experts' testimony will be subject to cross-examination and not snuck into the record as voluminous expert reports.

## CONCLUSION

    The Court should exclude the FTC's expert reports.

Dated:  May 5, 2025

Respectfully submitted,

*/s/ Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
Aaron M. Panner (D.C. Bar No. 453608)
Alex A. Parkinson (D.C. Bar No. 166695)
Alex P. Treiger (D.C. Bar No. 1670925)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*