IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 1:20-cv-03590-JEB |

**JOINT STATUS REPORT**

The parties submit this Joint Status Report as requested by the Court on May 21, 2025, pertaining to the length and scope of the FTC's rebuttal case, the parties' proposals for post-trial briefing, and the submission of exhibits and illustrative aids.

**I.     The Length and Scope of the FTC's Rebuttal Case**

   **A.     The FTC's Statement**

The FTC anticipates calling one witness in its rebuttal case: Prof. C. Scott Hemphill. The FTC anticipates presenting no more than 3 hours of direct testimony through Prof. Hemphill. Prof. Hemphill will testify regarding his responses to testimony of witnesses who testified after he took the stand on May 12, 2025, and the basis for those responses.

   **B.     Meta's Statement**

This Court has instructed the parties, consistent with controlling precedent, that only "limited" rebuttal is permitted.  Hr'g Tr. (Feb. 21, 2025) at 22:17-20, 23:20-24, ECF No. 400 ("In other words, I think Meta's point, which I think is fair, is that you can't be putting on stuff that is not rebuttal . . . but you just didn't put on in your case in chief"). "Rebuttal evidence is appropriate only if it is offered in response to evidence first presented to the court during the

1

defendant's case." *See Heatherly v. Zimmerman*, 1993 WL 523995, at *2 (D.C. Cir. Dec. 10, 1993) (affirming exclusion of expert rebuttal testimony). It cannot be used to offer new opinions or evidence that could have been offered earlier. *See id.*; *Faigin v. Kelly*, 184 F.3d 67, 85 (1st Cir. 1999) (rebuttal is "to counter new, unforeseen facts brought out in the other side's case").

The defense case here consisted of ten hours of testimony, approximately four from the two economic expert witnesses that Professor Hemphill could conceivably be permitted to respond to (he has admitted that "[s]taring into the soul" of fact witnesses is not proper expert testimony). Trial Tr. Day 18 (May 13, 2025) at 80:4-6 (Prof. Hemphill). The FTC's proposed three hours of rebuttal for Professor Hemphill is three-fourths of the lengthy and expansive direct testimony he offered just last week, and almost the same as the time spent by the two Meta economic expert witnesses (Professors List and Carlton) on direct examination combined. The FTC's demand – for essentially another entire direct examination, almost equal in length to the examinations of the Meta economic expert witnesses – is patently excessive on its face.

Moreover, Professor Hemphill *already responded* to the economic evidence offered by Meta. Among his 224 demonstrative slides was this summary of that testimony.

**Meta's "Quantitative Analyses" Are Misleading and Uninformative**

| Price Increase Is. . . | 2021 Meta Outage | List Pricing Experiment | 2020 India Ban of Apps | List Switching Study |
|---|---|---|---|---|
| Applied to products in market, starting from competitive level | ✗ | ✗ | ✗ | ✗ |
| Small | ✗ | ✗ | ✗ | ✗ |
| Non-transitory | ✗ | ✗ |  | ✗ |
| Limited to products in market | ✗ |  | ✗ | ✗ |

Source: PX9007 (Hemphill Rebuttal) at ¶¶ 25, 28, 211-228.

139
PDX0090-139

2

In response to questions from the Court, Professor Hemphill admitted that it was a *tactical decision* to respond initially but hold back more of his responses for a rebuttal case – a time at which the defense witnesses could not address any such criticisms. *See*, *e.g.*, Trial Tr. Day 17 (May 12, 2025) at 238:21-239:1 (Prof. Hemphill resisting the Court's questioning regarding the 2025 TikTok outage because "I was planning to wait for rebuttal to . . . get into" the topic). Ergo, he admitted that he sought to do exactly what controlling authority prohibits. The testimony of Professors List and Carlton was limited to their disclosed opinions and materials; Professor Hemphill was fully aware of, and able to respond to that evidence, as his chart shows. There was nothing "new" in the defense case for him to respond to.

The Court instructed the FTC to "explain to Meta" its proposed rebuttal topics, and "give Meta time to think if they've got any objections." Rough Trial Tr. Day 23 (May 21, 2025 (p.m.)) at 142:14-15, 143:16-18. The FTC refused to do so, stating only that "Prof. Hemphill will testify regarding his responses to testimony of witnesses who testified after he took the stand on May 12, 2025, and the basis for those responses." *See supra* Section I.A. Its refusal or inability to identify any "evidence first presented to the court during the defendant's case" is telling. There is no proper role for rebuttal evidence in this case; any time allotted to Professor Hemphill for another extensive slide-deck-based FTC summation would be improper backfilling of the FTC's case.

Unless and until the FTC spells out the "new, unforeseen facts" Meta "brought out in" its three-and-a-half-day case that justify Professor Hemphill's return to the stand, no rebuttal case should be allowed. *Blake v. Securitas Sec. Servs., Inc.*, 292 F.R.D. 15, 17-18 (D.D.C. 2013) (Boasberg, J.) (striking improper expert rebuttal). Because the FTC has been unforthcoming, the Court should order it to provide Meta with its proposed demonstrative slides and exhibits for its

3

planned rebuttal examination of Professor Hemphill, as well as any specific topics that it proposes to address in this testimony, by 10:00 a.m. tomorrow, May 23. The Court should then hear argument on Tuesday morning, May 27, as to Meta's objections to improper rebuttal testimony. And in no event should the Court allow more than *one hour* per side for any rebuttal testimony (including any redirect). Responses to new matters in the economic evidence offered by Meta (a null set) during its approximately 4 hours of direct examination cannot possibly require a lengthy period for rebuttal testimony, if any is allowed.

## II.    Post-Trial Briefing

The parties disagree regarding the timeline and length of post-trial briefing and argument. Each party's position is stated below.

### A.    The FTC's Statement

The FTC believes that a simultaneous exchange of briefs and proposed findings of fact will facilitate the prompt conclusion of these proceedings. Further, the FTC requests that the Court specify a date on which it would be convenient to have the parties appear to present a closing argument and address any issues that the Court may wish to explore orally, as this will significantly increase the parties' ability to make appropriate staffing and resource allocation decisions.

| Item | Date | Limits |
|---|---|---|
| Initial post-trial briefs and findings of fact (both sides) | July 2, 2025 | Opening Brief: 50 pages per side<br>Proposed Findings of Fact: 250 pages per side |
| Responsive briefs and findings of fact (both sides) | July 23, 2025 | Response Brief: 30 pages per side<br>Rebuttal Findings of Fact: 50 pages per side |
| Parties may orally address any questions of the Court | August 6, 2025 | 60 minutes per side |

### B.    Meta's Statement

Meta respectfully proposes the following schedule for post-trial briefing:

4

- FTC Opening Brief: 90 pages, by Thursday, July 3, 2025 (about five weeks after close of evidence).

- Meta Response Brief: 100 pages, by Friday, August 8, 2025 (about five weeks later).

- FTC Reply Brief: 35 pages, by Friday, August 22, 2025 (two weeks later).

- Meta Reply Brief (Affirmative Defenses): 20 pages, by Friday, September 5, 2025 (two weeks later).

This briefing shall include each party's legal arguments and proposed findings of fact, and shall not be supplemented with other submissions (such as responses to proposed fact findings). Meta believes that the sequencing of the briefs proposed by Meta (staggered rather than simultaneous) will result in more clarity, and that the number of pages proposed is more than sufficient for efficient presentation of the facts and law that matter to the determination of this case. More pages may result in confusion of the issues, more work for the Court, and less focus on the most relevant materials. Regurgitation of the extensive trial record, which the Court has before it, is neither necessary nor productive.

Meta does not propose oral argument or a date for oral argument. Meta believes that the Court can determine whether oral argument may be useful, and can best make that determination after receiving the parties' post-trial submissions. But as with written submissions, Meta respectfully submits that any oral arguments should be limited in the interests of clarity, focus, and efficiency.

### III. Submission of Exhibits and Illustrative Aids

The parties will continue to confer regarding a process to agree upon and submit admitted exhibits and illustrative aids used at trial.

Dated: May 22, 2025

Respectfully submitted,

*/s/ Daniel Matheson*
Daniel Matheson (D.C. Bar 502490)
Krisha Cerilli (D.C. Bar 983281)
Susan A. Musser (D.C. Bar 1531486)
Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

*/s/ Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
Geoffrey M. Klineberg (D.C. Bar No. 444503)
Aaron M. Panner (D.C. Bar No. 453608)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*