IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FEDERAL TRADE COMMISSION**,

            Plaintiff,

v.

**META PLATFORMS, INC.**

            Defendant.

Civil Action No. 1:20-cv-03590 (JEB)

**Plaintiff Federal Trade Commission's Motion to Clarify
that PX10798 Is Admitted into Evidence**

The Federal Trade Commission files this motion to address a dispute that arose in trial on May 21, 2025 regarding PX10798, an exhibit the FTC introduced during its cross examination of Nicholas Shortway.  Meta objected that the FTC had not disclosed PX10798 before the examination, which Meta's counsel suggested was required by an agreement between the parties, and the FTC responded that there is no such agreement requiring disclosure of cross-examination exhibits.  Declaration of Barrett J. Anderson ("Anderson Decl."), Ex. 1 ("May 21 Trial Tr.") at 38:13-20.  The Court admitted PX10798 "subject to Meta" explaining why it believed there had been "some violation . . . of protocols or an agreement."  May 21 Trial Tr. at 38:24-39:4.

Additionally, as the Court may recall, following the conclusion of the cross and prior to Meta's re-direct examination, Meta's counsel accused FTC counsel of misrepresenting a Court order concerning pre-examination disclosure of cross exhibits.  The FTC takes such accusations, however unwarranted, very seriously.  The FTC has reviewed the Court's orders regarding disclosure of exhibits, the trial transcript, and the parties' agreements, and seeks via this motion to respond to the Court's request to explain the "protocols" concerning advance disclosure of cross exhibits, confirm that Meta's objection (and related accusations) are meritless, and clarify that PX10798 is admitted into evidence without caveat.

To start, some context.  As is obvious from the face of the exhibit and confirmed through Mr. Shortway's testimony, PX10798 is a Meta ordinary-course document—an internal Instagram post titled "Instagram Reliability Program" authored by Mr. Shortway.  May 21 Trial Tr. at 36:20-24.  The Court thus properly admitted PX10798 as an admission by a party opponent under Federal Rule of Evidence 801(d)(2).  May 21 Trial Tr. at 38:24-39:2.

The only objection raised by Meta's counsel was that PX10798 was not disclosed to the law firm Kellogg, Hansen, Todd, Figel & Frederick, PLLC in advance of the cross examination,

1

which counsel variously asserted was required either by an agreement between the parties or by the Court's March 24, 2025 minute order that "trial exhibit disclosures shall occur four days in advance of testimony." Meta's counsel is incorrect on both counts.

*First*, the Court already resolved this very issue during the April 9, 2025 pre-trial conference—which, of course, occurred after the Court's March 24 minute order—when the Court explained that "to the extent there's going to be what would typically be direct, yes, then [exhibits] would need to be disclosed. *But pure cross does not need to be disclosed*." Anderson Decl., Ex. 2 ("Apr. 9 Conf. Tr.") at 79:8-11 (emphasis added); *see also* Apr. 9 Conf. Tr. at 78:16-17 ("My understanding when we first addressed this, it would be just direct exam exhibits, not cross."); 78:19-20 ("The cross exam exhibits do not need to be shown."). The Court reached that conclusion because it recognized that "prepping people for cross by letting them see exhibits can rob the power of cross, as we all know, in certain circumstances." Apr. 9 Conf. Tr. at 79:16-18.

*Second*, Meta's counsel earlier in this trial proceeded exactly in the manner they claim was improper for PX10798—they offered an exhibit during a cross examination that Meta had not disclosed in advance. Specifically, counsel offered DX-1287 during the cross-examination Kevin Systrom. Anderson Decl., Ex. 3 ("Apr. 22 Trial Tr.") at 164:3-166:2. The FTC objected that "[t]his document was not disclosed by Meta as one of the documents it was going to use in the examination today." Apr. 22 Trial Tr. at 166:3-5. The Court asked Meta's counsel if he was "contending it's actually impeachment" and, when Meta's counsel answered in the affirmative, the Court admitted DX-1287 into evidence. Apr. 22 Trial Tr. at 166:6-11. As this example shows, Meta's counsel was mistaken when, during the evidentiary argument on May 22, he told the Court that Meta "ha[s] not offered evidence in cross." May 21 Trial Tr. at 53:7-8.

*Third*, based on the Court's pre-trial guidance and Meta's success in offering a non-

disclosed cross exhibit, on April 24, 2025 the FTC introduced an exhibit during a re-direct examination that it had not disclosed in advance. The Court overruled Meta's objection that "the FTC did not disclose this document" and admitted PX7095 into evidence. *See, e.g.*, Anderson Decl., Ex. 4 at 155:5-21; 160:20-161:4.

The Court's pre-trial guidance and repeated evidentiary rulings during trial establish that the FTC's introduction of PX10798 during the cross examination of Mr. Shortway did not violate the Court's March 24 minute order. Meta's counsel was also wrong to suggest that the parties agreed to anything different; there is no such agreement. If Meta's counsel desired to reach an agreement regarding the pre-disclosure of cross exhibits, they could have raised the issue during any of the daily meet-and-confer calls between the parties—calls dedicated in large part to discussing exhibit disclosures. The issue never came up.

In any event, there is no possible prejudice to Meta here. The FTC asked Mr. Shortway about PX10798 (an internal Meta document that he authored) during his deposition, which occurred on February 7, 2023. *See* Anderson Decl., Ex. 5 at 196:18-23 (Shortway Dep. Tr. (Feb. 7, 2023)). PX10798 also appeared on the FTC's very first exhibit list, filed by Meta's counsel as an attachment to the Pretrial Statement on March 12, 2025. *See* ECF No. 417, Attachment B at 24 (under seal). And, to resolve any disputes about Meta's confidential information before the cross examination, the FTC disclosed PX10798 to Meta's walled-off confidentiality review team at the firm Davis Polk as a potential cross exhibit on May 17, 2025—four days before the FTC asked Mr. Shortway about it in trial.

Relatedly, Meta's counsel was also wrong to repeatedly—and quite vehemently—accuse the FTC of making "a misrepresentation" or "an outright misrepresentation" to the Court, or that merely offering an exhibit into evidence on cross examination was somehow "inappropriate" or

"outrageous." May 21 Trial Tr. at 51:16; 51:22-23; 52:5; 53:5; 53:13, 14. The FTC thus requests that the Court reject the unsupported accusations by Meta's counsel and clarify that PX10798 is admitted into evidence without caveat.

Dated: May 22, 2025

Respectfully submitted,

<u>*/s/ Daniel J. Matheson*</u>
Daniel J. Matheson (D.C. Bar 502490)
Barrett J. Anderson (D.C. Bar 1024159)

Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*