IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

META PLATFORMS, INC.,

    Defendant.

Case No. 1:20-cv-03590-JEB

**Meta's Opposition to the FTC's Motion to Admit 1006 Exhibits**

During its case-in-chief, the FTC sought admission of Professor C. Scott Hemphill's expert reports, which contained numerous tables and charts. Meta objected to admission of the reports as hearsay. On May 13, after briefing, the Court ruled the law was clear: expert reports are inadmissible hearsay. The Court further instructed that, if the FTC wished to offer belated Rule 1006 exhibits, it must demonstrate a "compelling reason" for the late disclosure, and invited briefing on the issue from the FTC. But for almost two weeks, the FTC chose not to brief the issue or disclose any new proposed Rule 1006 exhibits. Then, four days prior to its two-hour rebuttal case, it disclosed 35 repurposed expert report exhibits – charts and tables from the excluded Hemphill reports – as Rule 1006 exhibits it seeks to offer into evidence through Professor Hemphill during its rebuttal case. And in its brief filed, finally, today, it seeks to offer *108 more* Rule 1006 exhibits (bringing the total to 143 new Rule 1006 exhibits) that Meta will have no opportunity to cross-examine the FTC's witnesses about at all.

The Court should not permit introduction of belated Rule 1006 exhibits for at least three reasons. *First*, the FTC seeks to offer these new Rule 1006 exhibits without having demonstrated to the Court the "compelling reason" for their untimely disclosure and admission. The FTC fails even to mention the "compelling reason" requirement in its brief, much less satisfy it. *Second*, the 35 new Rule 1006 exhibits are manifestly *not* rebuttal exhibits, but rather an effort to backfill the FTC's case with evidence it already and unsuccessfully sought to offer. *Third*, these late disclosures unfairly prejudice Meta. The late introduction of 143 complex charts and tables, which Meta has not been afforded proper opportunity to analyze, much less respond to with proof in the defense case, is trial by ambush and should not be permitted.

***Background.*** The deadlines to disclose Rule 1006 exhibits were March 17 for the FTC and March 27 for Meta, with pre-trial deadlines to object to those exhibits. *See* Order ¶ 2 (Jan. 17, 2025), ECF No. 394. The Court imposed these deadlines at the FTC's insistence, based on

the FTC's argument that it would be prejudicial for the parties to have to contend with Rule 1006 exhibits and objections to those exhibits for the first time in the middle of trial. *See* Jt. Status Rep. at 6-10 (Jan. 16, 2025), ECF No. 392 ("1/16/25 JSR"). The Court's Order requires a party seeking to add Rule 1006 exhibits after its deadline to provide a "*compelling reason* why it was not offered pretrial." Order ¶ 2 (Jan. 17, 2025), ECF No. 394 (emphasis added).

The FTC did not disclose any of its new Rule 1006 exhibits by the Court-ordered deadline. Instead, during trial, the FTC attempted to introduce its expert reports into evidence – over Meta's objection, raised since February 20, that expert reports are inadmissible hearsay. On May 5, Meta briefed that objection. *See* ECF No. 585. In its opposition, the FTC asked the Court to permit the FTC to submit tables and charts from those expert reports as Rule 1006 exhibits in the event the reports were excluded as hearsay. *See* ECF No. 584 at 2, 5 (May 5, 2025). On May 13, finding no authority in support of the FTC's position, the Court sustained Meta's objection, explaining that the law is "pretty clear" that expert reports are inadmissible hearsay. Trial Tr. 3:18-19 (May 13, 2025). The Court also addressed the FTC's "fallback" request, raised in only a "few sentences," finding that the FTC had not established the necessary "compelling reason" for the late disclosure and giving the FTC another chance to make the necessary showing. *Id.* 4:14-21.

The FTC did not file any brief or disclose to Meta any new proposed Rule 1006 exhibits for ten days. Then, on May 23 – 4 days before Professor Hemphill's testimony in the FTC's limited rebuttal case – the FTC disclosed 35 Rule 1006 exhibits that it sought to introduce during Professor Hemphill's testimony. And in its brief filed today, the FTC disclosed *for the first time* that it seeks to admit an additional 108, previously unidentified Rule 1006 exhibits – for a total of 143 new Rule 1006 exhibits the FTC now seeks to move into evidence at the close of its rebuttal case. The

2

FTC never disclosed any of these exhibits prior to May 23, as its brief (at 5) incorrectly suggests.

***The FTC Has No Compelling Reason to Submit Late Rule 1006 Exhibits.*** The Court's Order requires the FTC to provide a "*compelling reason* why [a Rule 1006 exhibit] was not offered pretrial." Order ¶ 2 (Jan. 17, 2025), ECF No. 394 (emphasis added). The FTC has offered no such reason – indeed, its brief fails even to mention the "compelling reason" requirement – and it does not have one. All the new Rule 1006 exhibits the FTC disclosed are charts and tables from expert reports submitted 1.5 years ago and easily could have been "offered pretrial." *Id.* Indeed, these charts and tables *were* offered – and rejected – as part of the expert reports the FTC sought to admit during its case.

A mistake of law is not a compelling reason to permit late and prejudicial disclosure of Rule 1006 exhibits. Meta apprised the FTC in February of the clear legal authority barring introduction of hearsay expert reports into evidence, and of Meta's objection to their introduction in this case. Nonetheless, the FTC persisted in presenting its case based on the legally unsupported assumption that its expert reports would come into evidence. The FTC did not provide any relevant authority for its position when the Court asked for briefing on this issue. It knew or should have known that the reports could not come into evidence.

Lacking any compelling reason for its late disclosures, the FTC instead (at 3) unilaterally adopts a "good cause" standard, which it claims is satisfied because the FTC was "diligen[t]." Even if diligence alone were enough – and it is not – the FTC has been anything but diligent. It failed to disclose Rule 1006 exhibits by the March 17 deadline that the *FTC* insisted was necessary. *See* 1/16/25 JSR at 7-8 (FTC arguing that the expert "evidence fairly at issue in this case has been in the parties' hands for well over a year, allowing both parties more than sufficient opportunity to prepare FRE 1006 exhibits for pre-trial disclosure" and "later disclosure invites

3

trial by surprise"). Then, the FTC sat on its hands again after the Court excluded the FTC's expert reports and expressly invited the FTC to brief its compelling reason for late Rule 1006 exhibits. *See* Trial Tr. 4:14-21 (May 13, 2025). Instead of promptly identifying the Rule 1006 exhibits it sought to admit and briefing any compelling reason for the late disclosure, the FTC waited until after Meta rested to start identifying its proposed Rule 1006 exhibits. The tactical decision to seek admission of inadmissible reports, and the similarly tactical decision to wait until after Meta rested to spring 143 proposed new Rule 1006 exhibits on Meta, are the opposite of compelling reasons or good cause to permit late introduction of a gaggle of tables and charts no witness will explain, much less have the opportunity to contest.

*The FTC's 35 Rule 1006 Exhibits Disclosed for Use with Professor Hemphill Are Improper Rebuttal.* The FTC's 35 proposed Rule 1006 exhibits are all charts or tables from Professor Hemphill's 2023 rebuttal report. Professor Hemphill testified about the matters covered in this report during the FTC's case-in-chief, *see* PDX0090 (Hemphill case-in-chief slides citing his rebuttal report 46 times), and the FTC unsuccessfully sought to admit these charts and tables when it sought admission of his expert reports. The FTC's current gambit is an obvious effort to backfill direct evidence it was unable to introduce during its case. *See Heatherly v. Zimmerman*, 15 F.3d 1159, 1993 WL 523995 (D.C. Cir. 1993) (table op.) (per curiam) (upholding exclusion of expert rebuttal testimony "offered to buttress" evidence presented during the plaintiff's "case-in-chief"). Evidence offered – and rejected – during the FTC's case cannot possibly be appropriate rebuttal evidence. It is do-over evidence, which should not be allowed.

*The FTC's Belated Rule 1006 Exhibits Unfairly Prejudice Meta.* As the FTC recognized when it sought a pre-trial disclosure deadline for Rule 1006 exhibits, "debate[]

4

regarding the propriety of expert-related FRE 1006 exhibits is best had prior to trial versus inviting gamesmanship mid-trial"; a party should not be able to "delay disclosure of a summary exhibit until after hearing the other side's evidence"; and "disclosure of complicated summary exhibits mid-trial is not efficient and would instead invite trial by surprise." 1/16/25 JSR at 7-9. The 143 new Rule 1006 exhibits are detailed charts and tables from the FTC's expert reports. Meta cannot now fairly review and analyze this extensive stack of claimed summaries of voluminous data before trial ends, nor can it offer evidence in response to it. The FTC plainly seeks to conduct a shadow trial after the trial based on materials not received in evidence during the trial. This is unfair as well as unauthorized.

The fact that some of these Rule 1006 exhibits were used as illustrative aids during trial does not mitigate the prejudice to Meta. *See* Mot. at 5. Illustrative aids are not evidence. *See* Fed. R. Evid. 107(b). Had Meta known illustrative aids would be transformed into evidence post-trial, that would have affected its approach to cross-examination. Making them evidence now, when Meta has no chance to respond, seriously prejudices Meta. The FTC should not be permitted to insulate its evidence from cross-examination in this way. *See* Hr'g Tr. 19:21-23 (Dec. 9, 2024) (Court: "I am certainly not receptive to any kind of backdoor situation where someone tries to put things in after the trial that they didn't want crossed on."). Nor does the fact that the FTC provided its expert reports to Meta during discovery reduce any prejudice. *See* Mot. at 4. As settled law and the Court's Order make clear, *see* Trial Tr. 3:18-19 (May 13, 2025), expert reports are not evidence, and Meta was not on notice that these charts and tables might become evidence until after Meta rested its case.

***Conclusion.*** The FTC's eleventh-hour attempt to dump belated Rule 1006 exhibits into the trial record should be denied.

Dated: May 26, 2025                                  Respectfully submitted,

/s/ Mark C. Hansen
Mark C. Hansen (D.C. Bar No. 425930)
Aaron M. Panner (D.C. Bar No. 453608)
Geoffrey M. Klineberg (D.C. Bar No. 444503)
Lillian V. Smith (D.C. Bar No. 252516)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*