IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 1:20-cv-03590-JEB |

**NOTICE OF MATERIALS SUPPORTING META'S MOTION TO
EXCLUDE IMPROPER REBUTTAL DEMONSTRATIVES**

On Sunday, May 25, the FTC disclosed 60 demonstrative slides for use during Professor C. Scott Hemphill's rebuttal testimony. The slides confirm Professor Hemphill will not give "appropriate" rebuttal testimony tailored to "respon[d] to evidence first presented to the court during the defendant's case." *Heatherly v. Zimmerman*, 15 F.3d 1159, 1993 WL 523995, at *2 (D.C. Cir. 1993) (table op.) (per curiam); *see*, *e.g.*, *Faigin v. Kelly*, 184 F.3d 67, 85 (1st Cir. 1999) (rebuttal is "to counter new, unforeseen facts brought out in the other side's case"). The most egregiously improper slides – which Meta will move to exclude – attempt (1) to introduce new, untimely and undisclosed analyses and expert opinions not responsive to any new materials or unforeseeable arguments raised during Meta's case; (2) introduce opinions and analyses Professor Hemphill prepared years ago and which the FTC could have introduced in its case-in-chief, but instead sandbagged until after Meta's experts testified (and could no longer respond); or (3) retread ground already covered during the FTC's case-in-chief.

Expert testimony that is "offered to buttress [expert] testimony presented during [the plaintiff's] case-in-chief" "is not proper rebuttal testimony." *Heatherly*, 1993 WL 523995, at *2

1

(affirming exclusion of rebuttal expert); *id*. (affirming exclusion of another expert's rebuttal testimony that "merely repeated points he had already made during his earlier testimony"); *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008) (testimony "responsive to the defendants' cross-examination" and "not to the defendants' case" was "clearly not an appropriate subject for rebuttal").  Nor is sandbagging with new, untimely analyses on long-contested points. "When a party knows that a contested matter is in the case, yet fails to address it in a timely fashion [in his case-in-chief], he scarcely can be heard to complain that the trial court refused to give him a second nibble at the cherry," especially when "nothing new or unanticipated surfaced during the defense case that even arguably changed the topography of the battlefield." *Faigin*, 184 F.3d at 85-86 (affirming exclusion of expert rebuttal testimony); Trial Tr. 49:16-50:16 (May 20, 2025) (excluding new chart using "previously available data"); Fed. R. Civ. P. 26(a)(2).

Meta will move to exclude four categories of slides "on Tuesday morning, before Professor Hemphill testifies" that are "clearly improper rebuttal," Trial Tr. 9:5-12 (May 22, 2025).  For the Court's convenience, Meta is submitting copies of the at-issue slides and other materials Meta intends to reference on Tuesday.  Meta timely notified the FTC of its objections.

**1.** Slide 41 is a new and untimely analysis that is not responsive to any testimony from Meta's experts.  Instead, this new analysis appears to be a belated attempt to respond to the Court's straightforward observation, during the FTC's direct examination of Professor Hemphill, that Professor Hemphill failed to account for the fact that the Facebook and Instagram apps open to Feed and Feed includes "plenty of unconnected content."  Trial Tr. 260:22-25, 262:7-11 (May 12, 2025).  **Exhibit A** compares slide 41 to the slide used during the FTC's case-in-chief.

**2.** Slides 32, 37, and 47 contain other new and untimely analyses by Professor Hemphill that do not respond to any new, unforeseeable facts or arguments introduced during Meta's case-

in-chief. Slide 32 appears to be a new attempt to respond to Meta's longstanding argument that time spent on friends and family sharing is decreasing using data available before trial (even the 2025 data was produced in February 2025). Slide 37 appears to be a new analysis of the data underlying Professor List's pricing experiment that was produced in October 2023. This analysis did not appear in Professor Hemphill's December 2023 rebuttal report and is not responsive to anything new or unforeseeable that Meta's experts said at trial. Slide 47 – specifically, the row titled "PSN Apps + TikTok: Feed & Stories + Friends Tab" – appears to apply an entirely new methodology. This new methodology appears to be a belated attempt to address Meta's longstanding argument that Professor Hemphill's "robustness" checks on market share calculations use surveys rather than any usage data on non-PSNS apps. *See*, *e.g.*, Meta's Mot. *In Limine* at 47-48 (Feb. 21, 2025), ECF No. 404. Equivalent data were available during discovery in 2023, but Professor Hemphill never used those data. **Exhibit B** includes these slides.

**3.** Slides 10 and 12 replicate arguments concerning Professor List's pricing experiment and 2017 and 2021 outages from Professor Hemphill's 2023 expert report, and related case materials that were available during discovery. These materials ought to have been presented when Professor Hemphill addressed Professor List's experiment and the outages during the FTC's case-in-chief (if at all). *See* Trial Tr. 56:3-57:15 (May 13, 2025). These materials are not responsive to any new matters raised by Meta's experts at trial. **Exhibit C** includes these slides.

**4.** Slides 7, 19, 20, 22, 30, 31, 44, 45, 46, 54, 55, 57, and 60 relate to topics that Professor Hemphill addressed during the FTC's case-in-chief. Each duplicates, or is very similar to, a slide the FTC previously used. **Exhibit D** sets out side-by-side comparisons of these slides and slides the FTC used with Professor Hemphill during its case-in-chief.

Dated: May 26, 2025                    Respectfully submitted,

*/s/ Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
Geoffrey M. Klineberg (D.C. Bar No. 444503)
Aaron M. Panner (D.C. Bar No. 453608)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*