# Exhibit 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 1:20-cv-03590-JEB

**PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP") and the Joint Scheduling Order (the "Case Management Order" or "CMO") entered on March 3, 2022 (Dkt. No. 103), Plaintiff Federal Trade Commission ("FTC" or "Plaintiff") submits these Objections and Responses to Defendant's First Set of Requests for Production of Documents to Plaintiff ("Requests"), dated March 9, 2022.

**GENERAL OBJECTIONS**

1. The following General Objections apply to all of the Requests and are hereby incorporated by reference into each of the following responses to each individual Request. The assertion of the same, similar, or additional objections or the provision of partial answers in response to an individual Request does not waive any of the FTC's general objections as to that Request or other Requests.

2. These responses are made solely for the purposes of this action. Each response is without waiver or limitation of Plaintiff's right to object on grounds of competency, relevance,

1

the FTC's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10:**

*All Documents relating to any Communications between the Federal Trade Commission and any other Person (excluding Other Government Entities or Actors) in relation to the Pre-Complaint Investigation or this Action.*

*This request includes, but is not limited to:*

(i)   *any Civil Investigative Demand, subpoena, compulsory process, or voluntary request for information sent by the Federal Trade Commission or other entity (including, but not limited to, any State Attorney General or Congress) in connection with the Pre-Complaint Investigation to a Person;*
(ii)   *any Documents, data, or materials provided by a Person (directly or indirectly) to the Federal Trade Commission in response to (i);*
(iii)   *any Document, declaration, affidavit, or written statement provided by any Person (directly or indirectly) to the Federal Trade Commission in connection with the Pre-Complaint Investigation;*
(iv)   *any transcript or video of any investigative hearing or deposition or other testimony taken of any Person in connection with the Pre-Complaint Investigation;*
(v)   *any memoranda, presentations, advocacy, transcripts, summaries, notes, or any other Documents memorializing, recording, or otherwise relating to the information obtained in any discussion or interview of any Person interviewed or contacted by the Federal Trade Commission or other entity (including, but not limited to, any State Attorney General or Congress) in relation to the Pre-Complaint Investigation; and*
(vi)   *any other Communications with Persons (excluding Other Government Entities or Actors) relating to the Pre-Complaint Investigation.*

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 10:**

The FTC incorporates by reference its General Objections. The FTC specifically objects to this Request, including Meta's definitions incorporated therein, because it seeks information not relevant to the claims or defense of any party, is not proportional to the needs of the case, and is unduly burdensome. The FTC objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, investigative privilege, or any other privilege or protection as provided by any applicable law, including, but not limited to, "any memoranda, presentations, advocacy, transcripts, summaries, notes, or any other Documents" created by the FTC, or obtained

24

from any State Attorney General or Other Government Entity or Actor, regarding or in connection with the Pre-Complaint Investigation. The FTC objects to this Request to the extent it seeks information exempt from discovery under Paragraph 16 of the CMO. The FTC further objects to the Request for "all Documents relating to any Communications" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not proportional to the needs of this case.

The FTC objects to the extent this Request seeks discovery of publicly available materials or other documents that are already available to Defendant. The FTC also objects to the extent this Request seeks materials outside its possession, custody, or control.

Subject to and without waiving its General and Specific Objections, the FTC will produce any Civil Investigative Demand, subpoena, compulsory process, or voluntary request for information sent by the FTC in connection with the Pre-Complaint Investigation to any third party (excluding any Other Government Entities or Actors or State Attorneys General); any documents, data, or materials provided by any third party (excluding any Other Government Entities or Actors or State Attorneys General) to the FTC in response thereto; any document, declaration, affidavit, or written statement provided by any third party (excluding any Other Government Entities or Actors or State Attorneys General) to the FTC in connection with the Pre-Complaint Investigation; any transcript, or video of any investigative hearing, deposition, or other testimony taken of any third party (excluding any Other Government Entities or Actors or State Attorneys General) in connection with the Pre-Complaint Investigation; and any other non-privileged communications with third parties (excluding any Other Government Entities or Actors or State Attorneys General) relating to the Pre-Complaint Investigation, including any proffers or advocacy presentations by those parties, to the extent such documents exist, are within the FTC's possession, custody, or

25

control, and can be located through a reasonable search. The FTC is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 11:**

*All Documents relating to any Communications between the Federal Trade Commission and any Other Government Entity or Actor or former Federal Trade Commission Commissioners or personnel in relation to its Pre-Complaint Investigation or its decision whether to file the Complaint or Amended Complaint.*

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 11:**

The FTC incorporates by reference its General Objections. The FTC specifically objects to this Request, including Meta's definitions incorporated therein, because it is unduly burdensome, not proportional to the needs of the case, and seeks information not relevant to the claims or defense of any party. The FTC objects to the extent this Request seeks discovery of publicly available materials or other documents that are already available to Defendant. The FTC objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, investigative privilege, or any other privilege or protection as provided by any applicable law. The FTC objects to this Request to the extent it seeks documents exempt from discovery under Paragraph 16 of the CMO. The FTC also objects to the extent this Request seeks materials outside its possession, custody, or control.

Plaintiff objects to the phrase "its decision" in the context of this Request on the grounds that it is vague and ambiguous. Plaintiff will interpret that phrase as seeking information about any decision made by the FTC Commissioners acting collectively. Plaintiff objects to any other definition of "its decision" in the context of this Request on the grounds that it would be unduly burdensome, not proportional to the needs of the case, would seek information not relevant to the claims or defense of any party, and would seek information protected from discovery by the

26

*Pre-Complaint Investigation, and this Action.*

**RESPONSES AND OBJECTIONS TO REQUEST FOR PRODUCTION NO. 16:**

The FTC incorporates by reference its General Objections. The FTC specifically objects to this Request, including Meta's definitions incorporated therein, because it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information not relevant to the claims or defense of any party. The FTC objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, investigative privilege, or any other privilege or protection as provided by any applicable law.

Subject to and without waiving its General and Specific Objections, the FTC will produce responsive, non-privileged documents sufficient to identify its record retention policies and practices, to the extent such documents exist, are within the FTC's possession, custody, or control, and can be identified through a reasonable search.

Dated: April 8, 2022

Respectfully submitted,

By: */s/ Daniel Matheson*
Daniel Matheson (D.C. Bar 502490)
Krisha Cerilli (D.C. Bar 983281)
Maria Dimoscato (D.C. Bar 489743)
Owen Masters (D.C. Bar 242139)
Susan Musser (D.C. Bar 1531486)
Michael Smith (D.C. Bar 996738)
Abby L. Dennis (D.C. Bar 994476)
Edward H. Takashima (D.C. Bar 1001641)

Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorneys for Plaintiff*
*Federal Trade Commission*

33

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 8, 2022, I caused true and correct copies of the foregoing OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS to be served via electronic mail on counsel listed below:

Mark C. Hansen
Kevin B. Huff
Kenneth M. Fetterman
Geoffrey M Klineberg
Kevin J. Miller
Aaron M. Panner
Alex A. Parkinson
Ana Nikolic Paul
Aaseesh P. Polavarapu
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. Suite 400
Washington, DC 20036
Tel: 202-326-7900
mhansen@kellogghansen.com
khuff@kellogghansen.com
kfetterman@kellogghansen.com
gklineberg@kellogghansen.com
kmiller@kellogghansen.com
apanner@kellogghansen.com
aparkinson@kellogghansen.com
apaul@kellogghansen.com
apolavarapu@kellogghansen.com

Sonal N. Mehta
Wilmer Cutler Pickering Hale & Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: 650-858-6000
sonal.mehta@wilmerhale.com

David Gringer
Wilmer Cutler Pickering Hale & Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: 212-230-8800
david.gringer@wilmerhale.com
James P. Rouhandeh
Michael Scheinkman

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
Tel: 212-450-4000
rouhandeh@davispolk.com
michael.scheinkman@davispolk.com

                                     */s/ Edward H. Takashima*
Edward H. Takashima (D.C. Bar 1001641)
Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
Telephone: (202) 326-2464
Email: etakashima@ftc.gov
*Attorney for Plaintiff*
*Federal Trade Commission*