# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC., <br><br> Defendant. | Case No. 1:20-cv-03590-JEB |

**Meta's Superseding Opposition to the FTC's Motion to Admit 1006 Exhibits**

On January 17, at the FTC's urging, the Court imposed pre-trial deadlines of March 17 (FTC) and March 27 (Meta) for disclosure of Rule 1006 summary exhibits, with subsequent pre-trial deadlines to object to those exhibits. *See* Order ¶ 2 (Jan. 17, 2025), ECF No. 394. The Court's Order further requires a party seeking to add Rule 1006 exhibits after these deadlines to provide a "*compelling reason* why [the exhibit] was not offered pretrial." *Id.* (emphasis added). The purpose of these deadlines, as the FTC argued in asking the Court to impose them, was to give the parties time to evaluate and object to the exhibits and avoid unfair surprise at trial. *See* Jt. Status Rep. at 6-10 (Jan. 16, 2025), ECF No. 392 ("1/16/25 JSR").

The deadlines came and went, with the FTC choosing to disclose just three Rule 1006 exhibits. During its case-in-chief, the FTC sought admission of its 15 expert reports, which contained scores of tables and charts. *See* ECF No. 584. Meta objected on hearsay grounds. *See* ECF No. 585. On May 13, the Court sustained Meta's objection, explaining the law is "pretty clear" that expert reports are inadmissible hearsay. Trial Tr. 3:17-20 (May 13, 2025). The Court also addressed the FTC's "fallback" request, raised in only a "few sentences," to submit tables and charts from its expert reports as Rule 1006 exhibits in the event the reports were excluded. *Id.* at 4:17-20. The Court found the FTC had not established the necessary "compelling reason" for submitting the charts and tables as late Rule 1006 exhibits, but gave the FTC another chance to submit a brief making the necessary showing. *Id.* at 4:18-21.

For almost two weeks, the FTC did nothing. It did not suggest a briefing schedule; it did not brief its "compelling reason" for late disclosure; it did not disclose any new proposed Rule 1006 exhibits. Then, after Meta rested its case, on the night before the FTC's limited rebuttal case, the FTC moved for belated admission of *109* charts and tables as Rule 1006 exhibits. *See* ECF Nos. 602-1, 602-2 (May 26, 2025). With one exception (PX8016, which the FTC disclosed

1

on May 23, after Meta rested its case), the FTC had not disclosed *any* of these charts and tables as proposed Rule 1006 exhibits prior to May 26, as its brief (at 5) incorrectly suggests. And, contrary to the FTC's representations in its brief (at 2), scores of its new proposed Rule 1006 exhibits did *not* appear in illustrative aids used at trial. *See* Ex. A (chart listing each of the 109 proposed new Rule 1006 exhibits, identifying those "Not Discussed at Trial" and enumerating Meta's other objections). And even as to the Rule 1006 exhibits that *did* appear in illustrative aids used at trial, those illustrative aids are not evidence, and their contents were never fully discussed or put into the record by the witnesses they were used with.

The Court should not admit these belated Rule 1006 exhibits as post-trial evidence for at least two reasons. *First*, the FTC has not demonstrated, or even *tried* to demonstrate, a "compelling reason" for its untimely disclosure of 109 new Rule 1006 exhibits after trial. *Second*, post-trial admission of these late-disclosed Rule 1006 exhibits would unfairly prejudice Meta. Supplementing the trial record now, when Meta has no chance to respond or challenge this expansive set of charts and tables, would allow the FTC to rely on evidence that has not been subjected to the crucible of cross-examination and cannot be refuted with contrary evidence.

**The FTC Has No Compelling Reason for the Post-Trial Submission of Late Rule 1006 Exhibits.** The Court's Order requires the FTC to provide a "*compelling reason* why [a Rule 1006 exhibit] was not offered pretrial." Order ¶ 2 (Jan. 17, 2025), ECF No. 394 (emphasis added). The FTC has offered no such reason – indeed, its brief fails even to mention the "compelling reason" requirement – and it does not have one. Many of the new Rule 1006 exhibits the FTC disclosed are charts and tables from expert reports submitted 1.5 years ago. These easily could have been "offered pretrial," as Meta did with its own Rule 1006 exhibits. *Id*. At that time Meta could have evaluated and, where appropriate, objected, and the FTC could have attempted to overcome objections and lay a foundation for admission through its witnesses.

2

The FTC basically admits that it did not comply with the Court's Order because it mistakenly assumed it could admit all the materials through its expert reports. A mistake of law is not a compelling reason to permit late and prejudicial disclosure of Rule 1006 exhibits. Meta timely objected to the FTC's expert reports and apprised the FTC in February, before the FTC's March 17 deadline to disclose Rule 1006 exhibits, of the clear legal authority barring introduction of hearsay expert reports into evidence. At that point, the FTC could have timely prepared and submitted its Rule 1006 exhibits instead of proceeding under the legally unsupported assumption that its expert reports would come into evidence. Indeed, the FTC did not provide any relevant authority for its position when the Court asked for briefing on this issue. The FTC knew or should have known that its expert reports could not come into evidence.

Ignoring the Court's Order requiring the FTC to demonstrate a "compelling reason" for any late disclosures, the FTC argues instead (at 3), that it has "good cause" for its late submission of all 109 new Rule 1006 exhibits because it has been "diligen[t]." The FTC lacks compelling reason, it lacks good cause, and it has been anything but diligent. It failed to disclose these Rule 1006 exhibits by the March 17 deadline the FTC itself insisted was necessary. *See* 1/16/25 JSR at 7-8 (FTC arguing that the "evidence fairly at issue in this case has been in the parties' hands for well over a year," and that "later disclosure invites trial by surprise"). Then, the FTC sat on its hands again after the Court excluded the FTC's expert reports and expressly invited the FTC to brief its compelling reason for submitting late Rule 1006 exhibits. *See* Trial Tr. 4:14-21 (May 13, 2025). The FTC waited until five days after Meta had rested its defense and then dumped its facially deficient motion (ignoring the controlling "compelling reason" requirement) and 109 new proposed Rule 1006 exhibits on Meta after 7 p.m. on May 26, hours before the start of the FTC's limited rebuttal case. This tactical decision has no valid justification

3

– and none is offered, other than a plea to relieve the FTC of the consequences of its mistake of law and to ignore the obvious prejudice to Meta. And even that cannot explain why the FTC waited almost two weeks to seek relief from the Court's Order, after the Court's clear instruction to do so if the FTC wanted the Court to consider admission of late-disclosed Rule 1006 exhibits.

***Supplementation of the Trial Record with the FTC's Belated Rule 1006 Exhibits Would Unfairly Prejudice Meta.*** The FTC's mistake is not harmless and cannot be excused without unfair prejudice to Meta. The FTC itself recognized this when it sought a pre-trial disclosure deadline for Rule 1006 exhibits: "[D]ebate[] regarding the propriety of expert-related FRE 1006 exhibits is best had prior to trial," and a party should not be able to "delay disclosure of a summary exhibit until after hearing the other side's evidence," which "invite[s] trial by surprise." 1/16/25 JSR at 7-9. Yet that is precisely what the FTC is trying to do now, after the trial record is closed, when Meta cannot challenge or respond to the FTC's sprawling array of proposed post-trial evidence.

The FTC contends (at 2) there is no prejudice to Meta because all but two of its proposed Rule 1006 exhibits "appear in an illustrative aid about which one of the FTC's experts testified." But in fact, at least 37 of the FTC's proposed Rule 1006 exhibits appear in parts of illustrative aids that were *not* used at trial. *See* Ex. A. Most were included in "appendix" slides, attached to illustrative aids, that the FTC's experts never discussed during their testimony. Others contain tables and charts that were not included with the FTC's illustrative aids at all, much less discussed during testimony, as the FTC appears to acknowledge (at 2-3). And even where the proposed new Rule 1006 exhibits *do* appear in illustrative aids that experts discussed (in part) during trial, that is no reason for their post-trial transformation into record evidence, where they contain information not already in the record through the relevant expert testimony. Illustrative

4

aids are not evidence. *See* Fed. R. Evid. 107(b). Meta had no reason to treat them as evidence, and could and did appropriately ignore them to focus on the expert testimony that was the evidence. Making the FTC's demonstratives evidence now would be just the kind of "backdoor" stratagem the Court warned against before trial began. *See* Hr'g Tr. 19:21-23 (Dec. 9, 2024) (Court: "I am certainly not receptive to any kind of backdoor situation where someone tries to put things in after the trial that they didn't want crossed on.").

Nor is there merit to the FTC's argument (at 4) that the FTC "produced the charts and tables . . . when it served its expert reports." Expert reports are not admissible, *see* Trial Tr. 3:18-19 (May 13, 2025), and the contents of reports – which have not been disclosed for use as Rule 1006 exhibits – are not admissible either. Meta had no reason to expect inadmissible materials would become evidence in a post-trial evidence dump.

Finally, the FTC's argument (at 4) that Meta could have examined the FTC's experts about these materials during depositions is wrong. Meta obviously could not have deposed the FTC's experts about exhibits that did not exist until trial. And even for those exhibits that are contained in the FTC's 15 expert reports, the discovery record is vast. The entire point of exhibit lists (including disclosure of Rule 1006 exhibits) is to narrow that universe to the evidence the parties will need to address at trial. Meta had no reason to anticipate that undisclosed discovery material would come into evidence – and certainly not after the trial had ended.

***Conclusion.*** There is no compelling reason or good cause to admit the FTC's 109 new proposed Rule 1006 exhibits after trial, and doing so would unfairly prejudice Meta. The FTC's motion should be denied.

Dated: May 30, 2025                                        Respectfully submitted,

                                                                           */s/ Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
Aaron M. Panner (D.C. Bar No. 453608)
Geoffrey M. Klineberg (D.C. Bar No. 444503)
Lillian V. Smith (D.C. Bar No. 252516)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*

6