# EXHIBIT 1
# (Excerpt)

| | |
|---|---|
| **From:** | Brenner, Nathan |
| **To:** | Berg, Justin B.; Musser, Susan |
| **Cc:** | Gretz, Douglas; Polavarapu, Aaseesh P.; Miller, Noel |
| **Subject:** | RE: [EXTERNAL] Re: FTC v. Meta, 20-cv-3590 -- NYT Motion to Intervene and for Access to Judicial Records and Proceedings |
| **Date:** | Thursday, April 3, 2025 9:56:13 PM |

Thanks, Justin. You have our sign-off to file.

**From:** Berg, Justin B. <jberg@kellogghansen.com>
**Sent:** Thursday, April 3, 2025 9:50 PM
**To:** Musser, Susan <smusser@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>
**Cc:** Gretz, Douglas <dgretz@ftc.gov>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>
**Subject:** RE: [EXTERNAL] Re: FTC v. Meta, 20-cv-3590 -- NYT Motion to Intervene and for Access to Judicial Records and Proceedings

Thanks Susan. Attached are clean and redline versions of the position statement and order, reflecting a few more minor edits. If the FTC agrees with these, we can finalize and file.

**From:** Musser, Susan <smusser@ftc.gov>
**Sent:** Thursday, April 3, 2025 8:24 PM
**To:** Berg, Justin B. <jberg@kellogghansen.com>; Brenner, Nathan <nbrenner@ftc.gov>
**Cc:** Gretz, Douglas <dgretz@ftc.gov>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>
**Subject:** RE: [EXTERNAL] Re: FTC v. Meta, 20-cv-3590 -- NYT Motion to Intervene and for Access to Judicial Records and Proceedings

Please see minor edits in response. If these are acceptable, I think we are in alignment.

**From:** Berg, Justin B. <jberg@kellogghansen.com>
**Sent:** Thursday, April 3, 2025 7:55 PM
**To:** Brenner, Nathan <nbrenner@ftc.gov>
**Cc:** Musser, Susan <smusser@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>
**Subject:** RE: [EXTERNAL] Re: FTC v. Meta, 20-cv-3590 -- NYT Motion to Intervene and for Access to Judicial Records and Proceedings

And here, attached, is the revised proposed order. This version accepts the edits the FTC sent earlier today, and adds the language we agreed on in this email thread as a new subsection to the order.

**From:** Berg, Justin B.
**Sent:** Thursday, April 3, 2025 7:53 PM
**To:** Brenner, Nathan <nbrenner@ftc.gov>
**Cc:** Musser, Susan <smusser@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Polavarapu, Aaseesh P.

1

<apolavarapu@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>
**Subject:** RE: [EXTERNAL] Re: FTC v. Meta, 20-cv-3590 -- NYT Motion to Intervene and for Access to Judicial Records and Proceedings

Nathan and Susan:

Attached is a revised clean position statement with a redline against the version we sent yesterday around 630pm. Working to send an updated proposed order, which adds as a new subsection the language we agreed on over email.

Will send that in a moment.

Thanks
Justin

---

**From:** Berg, Justin B.
**Sent:** Thursday, April 3, 2025 7:26 PM
**To:** Brenner, Nathan <nbrenner@ftc.gov>
**Cc:** Musser, Susan <smusser@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>
**Subject:** RE: [EXTERNAL] Re: FTC v. Meta, 20-cv-3590 -- NYT Motion to Intervene and for Access to Judicial Records and Proceedings

Thanks Nathan. We are working to get you a revised position statement we hope the parties can jointly submit, as soon as we can.

---

**From:** Brenner, Nathan <nbrenner@ftc.gov>
**Sent:** Thursday, April 3, 2025 7:11 PM
**To:** Berg, Justin B. <jberg@kellogghansen.com>
**Cc:** Musser, Susan <smusser@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>
**Subject:** Re: [EXTERNAL] Re: FTC v. Meta, 20-cv-3590 -- NYT Motion to Intervene and for Access to Judicial Records and Proceedings

Thanks, Justin. That works for the FTC.

Is Meta revising its position statement accordingly? Or should we continue to include competing position statements on this issue?

Get Outlook for iOS

---

**From:** Berg, Justin B. <jberg@kellogghansen.com>
**Sent:** Thursday, April 3, 2025 7:08:51 PM

2

**To:** Brenner, Nathan <nbrenner@ftc.gov>
**Cc:** Musser, Susan <smusser@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>
**Subject:** RE: [EXTERNAL] Re: FTC v. Meta, 20-cv-3590 -- NYT Motion to Intervene and for Access to Judicial Records and Proceedings

Would the FTC agree to this revised language?

> Documents on the parties' preadmission lists shall ~~not~~ not become part of the trial record before ~~once unless~~ they are used with a witness during trial.
>
> The FTC reserves its rights to seek to make additional documents on its preadmission list part of the trial record through other means after trial, and Meta reserves the right to oppose. To the extent that additional documents on either party's preadmission list become part of the trial record through other means after trial, ~~for example through posttrial briefing or in the Court's opinion~~ the Parties shall submit a joint submission after trial setting forth the Parties' positions on whether such documents may be publicly disclosed, and appropriate procedures (if any) for such disclosure. This proposal shall be submitted ten business days after the last day of evidence presented to the Court. The Box website's contents shall remain available to the public until fourteen days after the Court's order on this contemplated joint submission absent a Court order extending the time.

---

**From:** Brenner, Nathan <nbrenner@ftc.gov>
**Sent:** Thursday, April 3, 2025 6:21 PM
**To:** Berg, Justin B. <jberg@kellogghansen.com>
**Cc:** Musser, Susan <smusser@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>
**Subject:** RE: [EXTERNAL] Re: FTC v. Meta, 20-cv-3590 -- NYT Motion to Intervene and for Access to Judicial Records and Proceedings

I would revise as follows:

> Documents on the parties' preadmission lists shall ~~not~~ become part of the trial record once ~~unless~~ they are used with a witness during trial.

And then after that, add the language I proposed at 6:08pm.

---

**From:** Berg, Justin B. <jberg@kellogghansen.com>
**Sent:** Thursday, April 3, 2025 6:18 PM
**To:** Brenner, Nathan <nbrenner@ftc.gov>
**Cc:** Musser, Susan <smusser@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>
**Subject:** RE: [EXTERNAL] Re: FTC v. Meta, 20-cv-3590 -- NYT Motion to Intervene and for Access to Judicial Records and Proceedings

Thanks Nathan.  We're reviewing and will get back to you.  One question: when you say "proposed addition to the proposed order," do you mean that the paragraph you sent would come after the first sentence I had sent in my 2:09pm email?

---

**From:** Brenner, Nathan <nbrenner@ftc.gov>
**Sent:** Thursday, April 3, 2025 6:08 PM
**To:** Berg, Justin B. <jberg@kellogghansen.com>
**Cc:** Musser, Susan <smusser@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>
**Subject:** RE: [EXTERNAL] Re: FTC v. Meta, 20-cv-3590 -- NYT Motion to Intervene and for Access to Judicial Records and Proceedings

Justin – Here is a proposed addition to the proposed order, consistent with what we discussed on the phone.

> To the extent that additional documents on either party's preadmission list become part of the trial record through other means—for example through posttrial briefing or in the Court's opinion—the Parties shall submit a joint submission after trial setting forth the Parties' positions on whether such documents may be publicly disclosed, and appropriate procedures (if any) for such disclosure.  This proposal shall be submitted ten business days after the last day of evidence presented to the Court.  The Box website's contents shall remain available to the public until fourteen days after the Court's order on this contemplated joint submission absent a Court order extending the time.

Could you let us know whether Meta agrees to include, and if so whether Meta plans to make modifications to its position statement consistent with this addition?  In the interim, and just in case we are not able to reach resolution, we are preparing a short position statement that would address our view that this JSR is not the proper vehicle to re-litigate issues about admissibility.  We will be prepared to share a draft of that position statement by 6:30.

---

**From:** Berg, Justin B. <jberg@kellogghansen.com>
**Sent:** Thursday, April 3, 2025 5:29 PM
**To:** Brenner, Nathan <nbrenner@ftc.gov>
**Cc:** Musser, Susan <smusser@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>
**Subject:** Re: [EXTERNAL] Re: FTC v. Meta, 20-cv-3590 -- NYT Motion to Intervene and for Access to Judicial Records and Proceedings

You can reach me at ▮▮▮▮▮▮▮▮▮ (my cell).  Free now if that works.

Sent from my iPhone

**Justin B. Berg**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7986

4

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

On Apr 3, 2025, at 5:26 PM, Brenner, Nathan <nbrenner@ftc.gov> wrote:

Justin – What's a good number to reach you at? I think we can most easily work this out by phone.  I can call in 5 minutes.

**From:** Berg, Justin B. <jberg@kellogghansen.com>
**Sent:** Thursday, April 3, 2025 5:13 PM
**To:** Brenner, Nathan <nbrenner@ftc.gov>; Musser, Susan <smusser@ftc.gov>
**Cc:** Gretz, Douglas <dgretz@ftc.gov>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>
**Subject:** RE: [EXTERNAL] Re: FTC v. Meta, 20-cv-3590 -- NYT Motion to Intervene and for Access to Judicial Records and Proceedings

Nathan:

Is the FTC going to be submitting a position statement on this issue?  It has previously stated that it is taking no position.  If it is now taking a position, we need to know right away.  And given the 8:00pm filing deadline (which the FTC asked for), it is not workable to wait until 7:00pm to provide that position for the first time, especially considering that you've had our position since 6:32pm last night.

If I've misunderstood and the FTC is continuing to take no position on this issue, please let us know.  Otherwise, please provide the FTC's position by 5:30pm.

Thanks
Justin

**From:** Brenner, Nathan <nbrenner@ftc.gov>
**Sent:** Thursday, April 3, 2025 5:07 PM
**To:** Berg, Justin B. <jberg@kellogghansen.com>; Musser, Susan <smusser@ftc.gov>

5

**Cc:** Gretz, Douglas <dgretz@ftc.gov>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>
**Subject:** RE: [EXTERNAL] Re: FTC v. Meta, 20-cv-3590 -- NYT Motion to Intervene and for Access to Judicial Records and Proceedings

Thanks, Justin. I think that should work re the Complete/Partial Nondisclosure section, but I'd like for Susan to have a chance to weigh in. Let's move the exchange of position statements until 7:00 pm.

On the preadmission documents, I agree it makes sense to submit position statements on this issue.

---

**From:** Berg, Justin B. <jberg@kellogghansen.com>
**Sent:** Thursday, April 3, 2025 4:56 PM
**To:** Brenner, Nathan <nbrenner@ftc.gov>; Musser, Susan <smusser@ftc.gov>
**Cc:** Gretz, Douglas <dgretz@ftc.gov>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>
**Subject:** RE: [EXTERNAL] Re: FTC v. Meta, 20-cv-3590 -- NYT Motion to Intervene and for Access to Judicial Records and Proceedings

Nathan:

Thanks for the note. We agree to the FTC's revisions to the proposed order (that is, the revisions reflected in the attached document, which you sent in your last email). We understand on sunsetting and are ok taking that out of the proposed order and revisiting that at a later time. One question: you note that if we align on the proposed order, the FTC can join Meta's position on redactions to closed-session testimony and courtroom sealing procedures. We agree that this would be preferable. Can the FTC also join as to the Complete/Partial Nondisclosure section, which we also believe the parties to be aligned on?

As to the rest of your note below, it does seem that we had a disconnect. The first sentence in our counter-proposal was important to us, because it represented the practical solution to avoiding the Times or other media outlets filing a large number of unsealing requests at the start of trial. Without it, the contemplated language would not provide that solution—even if the parties agree to submit proposals about public disclosure after trial, that will not stop a flurry of unsealing motions (potentially for up to 800 documents) on the theory that they have all, on day one of trial, become part of the trial record and therefore subject to unsealing.

As a result, we think it makes more sense for Meta to simply keep the portion of its position statement on this topic that was in the draft we sent you last night, and defer any proposed language on this question until a later date. We understand the FTC takes no position on this topic.

6

Thanks,
Justin

---

**From:** Brenner, Nathan <nbrenner@ftc.gov>
**Sent:** Thursday, April 3, 2025 2:52 PM
**To:** Berg, Justin B. <jberg@kellogghansen.com>; Musser, Susan <smusser@ftc.gov>
**Cc:** Gretz, Douglas <dgretz@ftc.gov>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>
**Subject:** RE: [EXTERNAL] Re: FTC v. Meta, 20-cv-3590 -- NYT Motion to Intervene and for Access to Judicial Records and Proceedings

Justin,

We seem to have a disconnect here. The FTC did not state a position regarding whether or when the documents identified by the parties become part of the record. Putting that aside, what we are willing to agree to is the below. Note that we also propose adding the language in blue to address the sunsetting provision flagged in your order. I don't think we will be able to obtain approval to agree to a sunsetting provision by EOD and, regardless, as written it is in tension with the proposal to address public posting of documents other documents later.

> For documents ~~admitted into evidence~~ on either party's preadmission list that ~~but~~ are not used with a witness ~~in Court~~ during the trial, the Parties shall submit a joint submission after trial setting forth the Parties' positions on whether such documents may be publicly disclosed, and appropriate procedures (if any) for such disclosure. ~~either the Party's agreed upon proposal regarding whether (and how) to make such documents available or each Party's competing proposal on the same.~~ This proposal shall be submitted ~~five~~ ten business days after the last day of evidence presented to the Court. The Box website's contents shall remain available to the public until fourteen days after the Court's order on this contemplated joint submission absent a Court order extending the time.

Separately, we also attach our edits to the proposed order. If we align on the proposed order, the FTC believes that we can join Meta's position regarding "Redactions to Closed Session Testimony" and "Courtroom Sealing Procedures" if Meta is amenable to submitting one joint statements versus separate statements from Meta and the FTC.

Regardless, we propose deferring exchange of further position statements **until 5:30** – hopefully by which time we can align on a joint order.

Thanks,
Nathan

---

**From:** Berg, Justin B. <jberg@kellogghansen.com>
**Sent:** Thursday, April 3, 2025 2:09 PM
**To:** Musser, Susan <smusser@ftc.gov>

7

**Cc:** Gretz, Douglas <dgretz@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>
**Subject:** RE: [EXTERNAL] Re: FTC v. Meta, 20-cv-3590 -- NYT Motion to Intervene and for Access to Judicial Records and Proceedings

Hi Susan:

Thanks for sending this. Based on our call, we were expecting a provision making clear that documents are not admitted to evidence until actually used with a witness at trial (to avoid the problem of potentially 800 documents on the preadmission list being deemed "judicial records" or "public records" triggering public-posting issues raised by the Times at the start of trial). Would the FTC be ok with the following language?

> Documents on the parties' preadmission lists shall not become part of the trial record unless they are used with a witness during trial.
>
> For documents ~~admitted into evidence~~ on either party's preadmission list that ~~but~~ are not used with a witness ~~in Court~~ during the trial, the Parties shall submit a joint submission after trial setting forth the Parties' positions on whether such documents may be publicly disclosed, and appropriate procedures (if any) for such disclosure. ~~either the Party's agreed upon proposal regarding whether (and how) to make such documents available or each Party's competing proposal on the same.~~ This proposal shall be submitted ~~five~~ ten business days after the last day of evidence presented to the Court.

Thanks,
Justin

---

**From:** Musser, Susan <smusser@ftc.gov>
**Sent:** Thursday, April 3, 2025 12:39 PM
**To:** Berg, Justin B. <jberg@kellogghansen.com>
**Cc:** Gretz, Douglas <dgretz@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Miller, Noel <nmiller2@ftc.gov>
**Subject:** RE: [EXTERNAL] Re: FTC v. Meta, 20-cv-3590 -- NYT Motion to Intervene and for Access to Judicial Records and Proceedings

Following up on our discussion this morning, the FTC proposes the following language regarding the potential posting of documents admitted but not sure during trial:

For documents admitted into evidence but not used in Court during the trial, the Parties shall submit a joint submission setting forth either the Party's agreed upon proposal regarding whether (and how) to make such documents available or each

Party's competing proposal on the same. This proposal shall be submitted five business days after the last day of evidence presented to the Court.

9