IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **META PLATFORMS, INC.** <br><br> Defendant. | Civil Action No. 1:20-cv-03590 (JEB) |

**Declaration of Nathan Brenner in Support of Plaintiff Federal Trade Commission's Positions within the June 3, 2025 Joint Status Report**

I, Nathan Brenner, declare as follows:

1. I am Deputy Chief Trial Counsel for the Federal Trade Commission ("FTC") Bureau of Competition. I am over the age of 18 and a counsel of record for the FTC in the above-captioned matter. I make this declaration based on personal knowledge. I make this declaration in support of Plaintiff Federal Trade Commission's Positions within the June 3, 2025 Joint Status Report.

2. I was personally involved in negotiating and drafting, on behalf of the FTC, the April 4 Joint Status Report (Dkt. No. 511) and the related Proposed Second Order Regarding Confidentiality Procedures at Trial (the "Proposed NYT Order"), which was ultimately entered by the Court on April 14, 2025 (Dkt. No. 545).

3. The language that ultimately constituted Section 4 of the Proposed NYT Order was proposed by Meta to ensure that the parties would not be obligated to publish the large volume of pre-admitted exhibits onto the public-facing website, as contemplated by Section 1 of the Proposed NYT Order, before they were utilized during the trial.

1

4. Throughout the negotiation of the Proposed NYT Order, including preparation of the April 4, 2025 Joint Status Report, the FTC made clear to Meta during various meet and confers and in writing that no portion of the proposed order, including the language of Section 4, would or could supersede any prior Order or ruling by the Court. At no point did Meta disagree with this premise.

5. During these same negotiations, the parties were narrowly focused on the logistical processes for when and how exhibits would be publicly posted. The parties did not, though, discuss using these procedural negotiations about media access to simultaneously propose a court order governing the admissibility of exhibits.

6. Rather, the FTC made explicit both in meet and confers and in writing that it continued to adhere to the Court's prior guidance that sponsoring witnesses would not be required to admit exhibits into the trial record. *See, e.g.*, April 4, 2025 Joint Status Report at 6 (Dkt No. 511). For their part, Meta reserved its right to oppose the FTC's efforts to admit documents into the trial record that were not discussed at trial. *Id.* At bottom, the parties did not intend for the Proposed NYT Order to address admissibility.

7. Had Meta disagreed with these fundamental premises at any point during the negotiation of the Proposed NYT Order, the FTC would not have agreed to the language in Section 4. Indeed, during meet and confers with Meta in advance of the April 4 Joint Status Report, I explicitly told Meta's counsel Justin Berg and Aaseesh Polavarapu that the FTC would not agree to any language in what became the Proposed NYT Order that could be interpreted to prohibit the admission of exhibits not used with witnesses during the trial.

8. Attached to this declaration as Exhibit A is a true and correct copy of an email from Justin Berg, dated April 3, 2025, 2:09 p.m., which is an excerpt of an email chain between the FTC and Meta.

9. Attached to this declaration as Exhibit B is a true and correct copy of an email from Justin Berg, dated April 3, 2025, 4:56 p.m., which is an excerpt of an email chain between the FTC and Meta.

10. Attached to this declaration as Exhibit C is a true and correct copy of emails between Douglas Gretz and Aaseesh Polavarapu, dated April 10, 2025, which is an excerpt of an email chain between the FTC, Meta, and the New York Times.

11. Attached to this declaration as Exhibit D is a true and correct copy of emails between Noel Miller and Lillian Smith, dated between March 18 and April 10, 2025.

12. Attached to this declaration as Exhibit E is a true and correct copy of excerpts from the pre-trial conference transcript from December 9, 2024.

13. Attached to this declaration as Exhibit F is a true and correct copy of excerpts from the pre-trial conference transcript from March 31, 2025.

14. Attached to this declaration as Exhibit G is a true and correct copy of excerpts from the pre-trial conference transcript from April 9, 2025.

15. Attached to this declaration as Exhibit H is a true and correct copy of excerpts from the trial transcript from April 22, 2025.

16. Attached to this declaration as Exhibit I is a true and correct copy of excerpts from the trial transcript from May 1, 2025.

17. Attached to this declaration as Exhibit J is a true and correct copy of excerpts from the trial transcript from April 16, 2025.

18. Attached to this declaration as Exhibit K is a true and correct copy of excerpts from the trial transcript from May 7, 2025.

Respectfully submitted,

*/s/ Nathan Brenner*
Nathan Brenner (IL Bar 6317564)