# EXHIBIT B

| | |
|---|---|
| **From:** | Berg, Justin B. |
| **To:** | Brenner, Nathan; Musser, Susan |
| **Cc:** | Gretz, Douglas; Polavarapu, Aaseesh P.; Miller, Noel |
| **Subject:** | RE: [EXTERNAL] Re: FTC v. Meta, 20-cv-3590 -- NYT Motion to Intervene and for Access to Judicial Records and Proceedings |
| **Date:** | Thursday, April 3, 2025 4:56:51 PM |
| **Attachments:** | 2025 04 03 Draft Proposed Order (Meta Draft 4.3.2025 250pm).docx |

Nathan:

Thanks for the note. We agree to the FTC's revisions to the proposed order (that is, the revisions reflected in the attached document, which you sent in your last email). We understand on sunsetting and are ok taking that out of the proposed order and revisiting that at a later time. One question: you note that if we align on the proposed order, the FTC can join Meta's position on redactions to closed-session testimony and courtroom sealing procedures. We agree that this would be preferable. Can the FTC also join as to the Complete/Partial Nondisclosure section, which we also believe the parties to be aligned on?

As to the rest of your note below, it does seem that we had a disconnect. The first sentence in our counter-proposal was important to us, because it represented the practical solution to avoiding the Times or other media outlets filing a large number of unsealing requests at the start of trial. Without it, the contemplated language would not provide that solution—even if the parties agree to submit proposals about public disclosure after trial, that will not stop a flurry of unsealing motions (potentially for up to 800 documents) on the theory that they have all, on day one of trial, become part of the trial record and therefore subject to unsealing.

As a result, we think it makes more sense for Meta to simply keep the portion of its position statement on this topic that was in the draft we sent you last night, and defer any proposed language on this question until a later date. We understand the FTC takes no position on this topic.

Thanks,
Justin