# EXHIBIT D

| From: | Miller, Noel |
|---|---|
| To: | Smith, Lillian V.; Masters, Owen; Dorris, Daniel V.; Murphy, Quinn; Matheson, Daniel; Cerilli, Krisha; Dimoscato, Maria; Galvan, Patricia V.; Brenner, Nathan; Albright, Isaiah; Hinson, Hunter; Gretz, Douglas; Weinberger, Elan; Gatas Johnson, Alejandra; Powell, Steven; Edmonds, Lila; Lee, Jinwook |
| Cc: | Hansen, Mark C.; Panner, Aaron M.; Leo, Evan T.; Huff, Kevin B.; gklineberg-contact; Strikis, Silvija A.; Hall, Joseph S.; Miller, Kevin J.; Hartman, Jacob E.; Parkinson, Alex A.; Paul, Ana N.; Polavarapu, Aaseesh P.; Horvitz, Kevin D.; White, Collin R.; Migdal, Ariela M.; Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com; michael.scheinman@davispolk.com; Rouhandeh, James; Skaras, Andrew P.; Dorris, Daniel V. |
| Subject: | RE: FTC v. Meta Platforms, Inc. - 1:20-cv-03590-JEB - Exhibits |
| Date: | Thursday, April 10, 2025 9:50:00 PM |
| Attachments: | image001.png |

Lily,

Assuming Meta has no objection to the FTC exercising the same reservation (that the FTC may pre-admit the third-party exhibits on its list that were identified as business records in deposition testimony, subject to the FTC obtaining an admissibility declaration for those exhibits or establishing they are business records at trial), then we agree and can resolve this dispute without a report to the Court.

Thanks,
Noel

Noel E. Miller (she/her)
Federal Trade Commission
202-326-3639 | nmiller2@ftc.gov

---

**From:** Smith, Lillian V. <lsmith@kellogghansen.com>
**Sent:** Thursday, April 10, 2025 9:04 PM
**To:** Miller, Noel <nmiller2@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Dorris, Daniel V. <ddorris@kellogghansen.com>; Murphy, Quinn <qmurphy@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Dimoscato, Maria <mdimoscato@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Weinberger, Elan <eweinberger@ftc.gov>; Gatas Johnson, Alejandra <agatasjohnson@ftc.gov>; Powell, Steven <spowell1@ftc.gov>; Edmonds, Lila <ledmonds@ftc.gov>; Lee, Jinwook <jlee9@ftc.gov>
**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Leo, Evan T. <eleo@kellogghansen.com>; Huff, Kevin B. <khuff@kellogghansen.com>; gklineberg-contact <gklineberg@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Migdal, Ariela M. <amigdal@kellogghansen.com>; Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com; michael.scheinman@davispolk.com; Rouhandeh, James <rouhandeh@davispolk.com>; Skaras, Andrew P. <askaras@kellogghansen.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>

**Subject:** RE: FTC v. Meta Platforms, Inc. - 1:20-cv-03590-JEB - Exhibits

Noel,

We're disappointed in the FTC's position on this, and we don't think we should burden the Court with this dispute. We'll agree that both parties can pre-admit the third-party exhibits on their exhibit lists with business records declarations, if the FTC agrees that Meta can pre-admit the third-party exhibits on its list that were identified as business records in deposition testimony, subject to Meta obtaining a business records declaration for those exhibits or establishing they are business records at trial. Will that resolve this dispute?

Thanks,
Lily

**Lillian V. Smith**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7974

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Miller, Noel <nmiller2@ftc.gov>
**Sent:** Thursday, April 10, 2025 7:11 PM
**To:** Smith, Lillian V. <lsmith@kellogghansen.com>; Masters, Owen <omasters@ftc.gov>; Dorris, Daniel V. <ddorris@kellogghansen.com>; Murphy, Quinn <qmurphy@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Dimoscato, Maria <mdimoscato@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Weinberger, Elan <eweinberger@ftc.gov>; Gatas Johnson, Alejandra <agatasjohnson@ftc.gov>; Powell, Steven <spowell1@ftc.gov>; Edmonds, Lila <ledmonds@ftc.gov>; Lee, Jinwook <jlee9@ftc.gov>
**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Leo, Evan T. <eleo@kellogghansen.com>; Huff, Kevin B. <khuff@kellogghansen.com>; Klineberg, Geoffrey M. <gklineberg@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Migdal, Ariela M. <amigdal@kellogghansen.com>; Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com; michael.scheinkman@davispolk.com; Rouhandeh, James <rouhandeh@davispolk.com>; Skaras, Andrew P. <askaras@kellogghansen.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>

**Subject:** [EXTERNAL] RE: FTC v. Meta Platforms, Inc. - 1:20-cv-03590-JEB - Exhibits

Lily,

We have been discussing at length on our end and concluded that we cannot agree to Meta's addition to our original agreement of pre-admitting exhibits from both sides' exhibit lists for which we have admissibility and authenticity declarations. The addition you tied at the last minute to our previous agreement, to only agree if we also pre-admit documents for which one side claims they laid proper business record exception foundation in deposition testimony, is untethered to the original proposal we understood Meta to have accepted. As I laid out in my initial response to your suggestion of this approach, not only is this incredibly burdensome to confirm at this late stage, but it proposes an end run-around the deposition designation limits Meta itself advocated for and upends designation and exhibit list decisions the FTC made in good faith based on prior positions. We continue to believe the proper entry point for these exhibits is through deposition designations.

We will prepare a brief position statement for the joint status report on this issue to be filed tomorrow. Please let us know when Meta would like to exchange.

Regards,
Noel

Noel E. Miller (she/her)
Federal Trade Commission
202-326-3639 | nmiller2@ftc.gov

---

**From:** Smith, Lillian V. <lsmith@kellogghansen.com>
**Sent:** Thursday, April 10, 2025 5:12 PM
**To:** Miller, Noel <nmiller2@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Dorris, Daniel V. <ddorris@kellogghansen.com>; Murphy, Quinn <qmurphy@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Dimoscato, Maria <mdimoscato@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Weinberger, Elan <eweinberger@ftc.gov>; Gatas Johnson, Alejandra <agatasjohnson@ftc.gov>; Powell, Steven <spowell1@ftc.gov>; Edmonds, Lila <ledmonds@ftc.gov>; Lee, Jinwook <jlee9@ftc.gov>
**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Leo, Evan T. <eleo@kellogghansen.com>; Huff, Kevin B. <khuff@kellogghansen.com>; gklineberg-contact <gklineberg@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Migdal, Ariela M. <amigdal@kellogghansen.com>; Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com; michael.scheinman@davispolk.com; Rouhandeh, James <rouhandeh@davispolk.com>; Skaras,

Andrew P. <askaras@kelloghansen.com>; Dorris, Daniel V. <ddorris@kelloghansen.com>
**Subject:** RE: FTC v. Meta Platforms, Inc. - 1:20-cv-03590-JEB - Exhibits

Noel,

Could you please get back to us on the below?  We need to know whether we will have to submit a JSR at noon tomorrow.  We hope that won't be necessary.

Thanks,
Lily

**Lillian V. Smith**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7974

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Smith, Lillian V.
**Sent:** Wednesday, April 9, 2025 8:43 PM
**To:** Miller, Noel <nmiller2@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Dorris, Daniel V. <ddorris@kelloghansen.com>; Murphy, Quinn <qmurphy@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Dimoscato, Maria <mdimoscato@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Weinberger, Elan <eweinberger@ftc.gov>; Gatas Johnson, Alejandra <agatasjohnson@ftc.gov>; Powell, Steven <spowell1@ftc.gov>; Edmonds, Lila <ledmonds@ftc.gov>; Lee, Jinwook <jlee9@ftc.gov>
**Cc:** Hansen, Mark C. <mhansen@kelloghansen.com>; Panner, Aaron M. <apanner@kelloghansen.com>; Leo, Evan T. <eleo@kelloghansen.com>; Huff, Kevin B. <khuff@kelloghansen.com>; Klineberg, Geoffrey M. <gklineberg@kelloghansen.com>; Strikis, Silvija A. <sstrikis@kelloghansen.com>; Hall, Joseph S. <jhall@kelloghansen.com>; Miller, Kevin J. <kmiller@kelloghansen.com>; Hartman, Jacob E. <jhartman@kelloghansen.com>; Parkinson, Alex A. <aparkinson@kelloghansen.com>; Paul, Ana N. <apaul@kelloghansen.com>; Polavarapu, Aaseesh P. <apolavarapu@kelloghansen.com>; Horvitz, Kevin D. <khorvitz@kelloghansen.com>; White, Collin R. <cwhite@kelloghansen.com>; Migdal, Ariela M. <amigdal@kelloghansen.com>; Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com; michael.scheinman@davispolk.com; Rouhandeh, James <rouhandeh@davispolk.com>; Skaras, Andrew P. <askaras@kelloghansen.com>; Dorris, Daniel V. <ddorris@kelloghansen.com>
**Subject:** RE: FTC v. Meta Platforms, Inc. - 1:20-cv-03590-JEB - Exhibits

Noel,

We understand the Court will permit the parties to submit a Joint Status Report on Friday if we are not able to reach agreement on pre-admission of third-party documents on the parties' exhibit lists with business records declarations or otherwise established as business records in depositions. We think the parties should try to reach agreement on this rather than burden the Court with another exhibits dispute, particularly given the Court's reference in its Order today to the parties "continu[ing] to exhaustively pre-litigate the admissibility of evidence." We have proposed a sensible, global solution to this issue that is consistent with the Court's guidance on pre-admission of documents, and we ask the FTC to reconsider its position.

To reiterate our proposal: the parties will agree to pre-admit the third-party documents with business records declarations on the parties' exhibit lists. The parties have already identified these exhibits. The parties will also agree to pre-admit any third-party documents that deposition testimony has established are business records. Meta has already identified these 61 exhibits on its list. We have no objection to the FTC doing the same for any such exhibits on its list by the end of tomorrow. If either party believes there are "strong objections" that any of these exhibits (whether with business records declarations, or established as business records in depositions) are not actually business records, they reserve the right to raise those "strong objections" when the exhibit is used at trial or in post-trial briefing.

Given the Court's rulings and the FTC's consistent position that most exhibits should be pre-admitted, we do not understand why the FTC is opposing this proposal. Deposition testimony establishing an exhibit as a business record is functionally the same, if not better, than a business records declaration. And it will save the parties time at trial to not have to re-ask these questions about exhibits third parties already established in their depositions are business records. If the FTC insists that Meta needs business records declarations for these exhibits that third parties already established in deposition testimony are business records, Meta will seek those declarations from those third parties, but does not believe that is a good use of anyone's time.

We have already compromised significantly on this issue, and the FTC's objection is now preventing any of these exhibits from being pre-admitted. Please let us know if we can reach agreement on this. We are available to meet and confer if that would be helpful.

Regards,
Lily

**Lillian V. Smith**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7974

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of

this communication. Thank you.

---

**From:** Smith, Lillian V.
**Sent:** Wednesday, April 9, 2025 12:02 PM
**To:** Miller, Noel <nmiller2@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Dorris, Daniel V. <ddorris@kellogghansen.com>; Murphy, Quinn <qmurphy@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Dimoscato, Maria <mdimoscato@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Weinberger, Elan <eweinberger@ftc.gov>; Gatas Johnson, Alejandra <agatasjohnson@ftc.gov>; Powell, Steven <spowell1@ftc.gov>; Edmonds, Lila <ledmonds@ftc.gov>; Lee, Jinwook <jlee9@ftc.gov>
**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Leo, Evan T. <eleo@kellogghansen.com>; Huff, Kevin B. <khuff@kellogghansen.com>; Klineberg, Geoffrey M. <gklineberg@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Migdal, Ariela M. <amigdal@kellogghansen.com>; Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com; michael.scheinkman@davispolk.com; Rouhandeh, James <rouhandeh@davispolk.com>; Skaras, Andrew P. <askaras@kellogghansen.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>
**Subject:** RE: FTC v. Meta Platforms, Inc. - 1:20-cv-03590-JEB - Exhibits

Hi Noel,

Sure—I'll call you in a few minutes.

Thanks,
Lily

**Lillian V. Smith**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7974

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

---

**From:** Miller, Noel <nmiller2@ftc.gov>
**Sent:** Wednesday, April 9, 2025 11:57 AM
**To:** Smith, Lillian V. <lsmith@kellogghansen.com>; Masters, Owen <omasters@ftc.gov>; Dorris,

Daniel V. <ddorris@kellogghansen.com>; Murphy, Quinn <qmurphy@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Dimoscato, Maria <mdimoscato@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Weinberger, Elan <eweinberger@ftc.gov>; Gatas Johnson, Alejandra <agatasjohnson@ftc.gov>; Powell, Steven <spowell1@ftc.gov>; Edmonds, Lila <ledmonds@ftc.gov>; Lee, Jinwook <jlee9@ftc.gov>

**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Leo, Evan T. <eleo@kellogghansen.com>; Huff, Kevin B. <khuff@kellogghansen.com>; Klineberg, Geoffrey M. <gklineberg@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Migdal, Ariela M. <amigdal@kellogghansen.com>; Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com; michael.scheinkman@davispolk.com; Rouhandeh, James <rouhandeh@davispolk.com>; Skaras, Andrew P. <askaras@kellogghansen.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>

**Subject:** [EXTERNAL] RE: FTC v. Meta Platforms, Inc. - 1:20-cv-03590-JEB - Exhibits

Lily,

Do you have some time now for a quick touch-base about this?  It may easier to provide our response over the phone.  I am available at 202-290-5249.

Thanks,
Noel

Noel E. Miller (she/her)
Federal Trade Commission
202-326-3639 | nmiller2@ftc.gov

---

**From:** Smith, Lillian V. <lsmith@kellogghansen.com>
**Sent:** Wednesday, April 9, 2025 10:36 AM
**To:** Miller, Noel <nmiller2@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Dorris, Daniel V. <ddorris@kellogghansen.com>; Murphy, Quinn <qmurphy@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Dimoscato, Maria <mdimoscato@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Weinberger, Elan <eweinberger@ftc.gov>; Gatas Johnson, Alejandra <agatasjohnson@ftc.gov>; Powell, Steven <spowell1@ftc.gov>; Edmonds, Lila <ledmonds@ftc.gov>; Lee, Jinwook <jlee9@ftc.gov>
**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Leo, Evan T. <eleo@kellogghansen.com>; Huff, Kevin B. <khuff@kellogghansen.com>; gklineberg-contact <gklineberg@kellogghansen.com>; Strikis, Silvija A.

<sstrikis@kelloghansen.com>; Hall, Joseph S. <jhall@kelloghansen.com>; Miller, Kevin J.
<kmiller@kelloghansen.com>; Hartman, Jacob E. <jhartman@kelloghansen.com>; Parkinson, Alex
A. <aparkinson@kelloghansen.com>; Paul, Ana N. <apaul@kelloghansen.com>; Polavarapu,
Aaeesh P. <apolavarapu@kelloghansen.com>; Horvitz, Kevin D. <khorvitz@kelloghansen.com>;
White, Collin R. <cwhite@kelloghansen.com>; Migdal, Ariela M. <amigdal@kelloghansen.com>;
Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com;
michael.scheinkman@davispolk.com; Rouhandeh, James <rouhandeh@davispolk.com>; Skaras,
Andrew P. <askaras@kelloghansen.com>; Dorris, Daniel V. <ddorris@kelloghansen.com>
**Subject:** RE: FTC v. Meta Platforms, Inc. - 1:20-cv-03590-JEB - Exhibits

Noel,

Please see below our responses and one question about the pre-trial conference today.

**Issues for Pre-Trial Conference Today.** Could you please let us know as soon as possible, and
no later than 12:30, what issues, if any, the FTC plans to raise at the pre-trial conference today (other
than argument on the Rule 1006 briefs) so that we can be prepared to respond?

**FTC's Request to Amend Its Exhibit List.** Three of the exhibits you seek to add are years old and
should have been included on the FTC's initial exhibit list. We do not understand how the FTC can
insist Meta's 1006 exhibits are untimely (they are not) while at the same time seeking to add
unquestionably untimely exhibits itself. That being said, we will not oppose the FTC adding these five
untimely exhibits to its list and seeking to pre-admit them. Meta expects that if it has comparable
amendments to its exhibit list, the FTC will extend the same courtesy to Meta and consent to its
amendments and pre-admission. Meta reserves all rights to object to these five new exhibits
depending on how the FTC seeks to use them at trial or in post-trial briefing.

**Pre-admitting Third-Party Documents with Business Records Declarations or Otherwise
Established as Business Records.** Our agreement to pre-admit third-party documents with
business records declarations is contingent on the FTC agreeing to pre-admit the third-party
documents that deposition testimony establishes are business records. We've provided the FTC
with a list of these exhibits; there is no reason the FTC can't consult the depositions to confirm its
agreement with the list. The FTC will apparently be pre-admitting somewhere between 400 and 500
exhibits, has argued repeatedly for pre-admission, and the Court has agreed. There is no basis for the
FTC to now oppose pre-admission of these exhibits. If the FTC believes any of these exhibits were
not actually established as business records in deposition testimony, Meta does not object to the
FTC raising those objections later if the FTC believes those types of objections are worth bringing to
the Court. Meta also does not object to the FTC seeking to pre-admit any third-party documents on
its list that the FTC identifies as being established as business records in deposition testimony,
reserving the same right to object if Meta disagrees. Please confirm the FTC agrees to this global
proposal on third-party exhibits with business records declarations or otherwise established as
business records, which we think is consistent with the Court's stated preferences on pre-admission
and is an efficient and global resolution of this issue without needing to involve the Court.

**Pre-Admission of 10-Ks, SEC Filings, and Earnings Call Transcripts**. We agree. However, we note the parties may only raise "strong objections" to pre-admitted documents or objections based on the MIL rulings. The FTC has neither of those for this category of documents even when used by Meta. Accordingly, we think it would be unfortunate for the FTC to relitigate objections the Court has made clear it has no interest in hearing. We will address them if the FTC chooses to do so.

**PX2963.** We said previously that we would likely not have an issue with omitting embedded excels and other files that cause exhibits to balloon in length but don't add substance. That said, we need to take that on a case-by-case basis; we aren't agreeing the FTC can always omit these attachments. We are fine with the FTC omitting the embedded excel in PX2963 and won't object on completeness grounds on that basis. We understand you will provide a new stamped exhibit that fixes internal pagination.

**Meta's Amended Exhibits.** For DX0276, we added embedded excels (FB_FTC_CID_02444274 and FB_FTC_CID_02444275). For DX0939, the Bates range is correct in Meta's Exhibit List but the exhibit itself did not contain the full family; we added TIK-00346370-77 to the stamped exhibit.

**Exhibit Binders.** Thank you for agreeing to this. We do need them.

**Witness Exhibit Disclosures.** We will respond to that email from Barrett under separate cover.

Regards,
Lily

**Lillian V. Smith**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7974

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Miller, Noel <nmiller2@ftc.gov>
**Sent:** Tuesday, April 8, 2025 10:07 PM
**To:** Smith, Lillian V. <lsmith@kellogghansen.com>; Masters, Owen <omasters@ftc.gov>; Dorris, Daniel V. <ddorris@kellogghansen.com>; Murphy, Quinn <qmurphy@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Dimoscato, Maria <mdimoscato@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Weinberger, Elan <eweinberger@ftc.gov>; Gatas Johnson, Alejandra <agatasjohnson@ftc.gov>; Powell, Steven <spowell1@ftc.gov>; Edmonds, Lila <ledmonds@ftc.gov>; Lee, Jinwook <jlee9@ftc.gov>

**Cc:** Hansen, Mark C. <mhansen@kelloghansen.com>; Panner, Aaron M.
<apanner@kelloghansen.com>; Leo, Evan T. <eleo@kelloghansen.com>; Huff, Kevin B.
<khuff@kelloghansen.com>; Klineberg, Geoffrey M. <gklineberg@kelloghansen.com>; Strikis,
Silvija A. <sstrikis@kelloghansen.com>; Hall, Joseph S. <jhall@kelloghansen.com>; Miller, Kevin J.
<kmiller@kelloghansen.com>; Hartman, Jacob E. <jhartman@kelloghansen.com>; Parkinson, Alex
A. <aparkinson@kelloghansen.com>; Paul, Ana N. <apaul@kelloghansen.com>; Polavarapu,
Aaseesh P. <apolavarapu@kelloghansen.com>; Horvitz, Kevin D. <khorvitz@kelloghansen.com>;
White, Collin R. <cwhite@kelloghansen.com>; Migdal, Ariela M. <amigdal@kelloghansen.com>;
Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com;
michael.scheinkman@davispolk.com; Rouhandeh, James <rouhandeh@davispolk.com>; Skaras,
Andrew P. <askaras@kelloghansen.com>; Dorris, Daniel V. <ddorris@kelloghansen.com>
**Subject:** [EXTERNAL] RE: FTC v. Meta Platforms, Inc. - 1:20-cv-03590-JEB - Exhibits

Lily,

Thanks for your email.

**Meta's Amended Exhibits:**  We have received your amended exhibits, but can you confirm your
updates for two of the exhibits?  For DX0276, my understanding is that there were links in the
document we identified – is that what Meta added?  Also, for DX0939, I understand the document
contained a fair amount of foreign language – is that what Meta resolved?

**FTC's Request to Amend Its Exhibit List.**  We are attaching the five exhibits we will request to add
to the FTC's exhibit list and seek pre-admission for.  As you can see, these are documents created or
posted by Meta.  Please let us know if you have objections to the FTC adding these exhibits and
moving to pre-admit them.

PX0794
PX0795
PX0796
PX0797
PX0798

**PX2963.**  Thank you for the confirmation.  As I understand it, FB_FTC_CID_08209359 is an excel that
contains the embedded data for a chart reflected in one of the other family members.  My
recollection is that we agreed those did not need to be produced.  I do believe, however, that we
may have skipped a page number in our PXing for that exhibit because we belatedly determine the
excel should be excluded under our agreement/understanding, so we intend to re-PX so there is not
a jump in the page numbering.  Please let us know if that will resolve Meta's concern.

**Additional Updated Exhibit**:  In addition to updating the PX range for PX2963, the FTC is re-
submitting **PX12386** because we realized the document as PDFed was cut off.  A copy is attached;
we intend to include this version on the USB we provide the Court tomorrow.

**Pre-admitting Third-Party Documents with Business Records Declarations.**  Correct, the FTC does

not object to Meta likewise pre-admitting third party exhibits for which the parties have received business records declarations, as we indicated from the very start of our exhibit list negotiations. However, we reserve the right to raise concerns if we determine that any of the below exhibits does not have a proper declaration.  Assuming no concerns, we do not object to Meta pre-admitting.  The FTC likewise reserves its right to object to hearsay statements within the documents, depending on how they are being used by Meta at trial and in post-trial briefing, as we understand that to be the objection the parties reserved.

**Meta's Request to Pre-Admit Third-Party Documents Based on Deposition Testimony**.  The FTC is not able to agree to this.  It would take us days at this stage to go through the various deposition designations to assess whether an appropriate foundation was laid, and even more days to determine whether there are any similarly situated documents on the FTC's exhibit list.  Furthermore, we understand that these documents should be part of the record already based on post-trial deposition designations that the parties have already committed to.  The documents, if foundation was established, should already be coming in through that process.  We do not think it is acceptable for Meta to attempt to enter more at this stage, potentially as an end-run around deposition designation restrictions that Meta itself advocated for.

**Pre-Admission of 10-Ks, SEC Filings, and Earnings Call Transcripts**.  The FTC was under the impression we had already agreed to pre-admit 10-Ks and SEC filings.  Is there a subset that was not part of our original pre-admission set?  With regard to earnings call transcripts, these are hearsay statements when used by Meta that do not have the same indicia of reliability.  However, the FTC will agree to pre-admit them at this time in the interest of efficiency, subject to reserving the right to object to hearsay statements within these documents as well as the 10-Ks and SEC filings.  We will also take Meta up on pre-admitting the FTC exhibit list documents that fall into this category, including PX317.

**Exhibit Binders.**  Creating three binders for Meta's various counsel is incredibly burdensome for the FTC.  We will agree to Meta's request on this, but we urge Meta to consider whether this is really needed and, if Meta observes that it is not using all of its three binders, we request that Meta let the FTC know as soon as possible whether we can discontinue creating at least one of the three binders going forward.

**Witness Exhibit Disclosures.**  I understand Barrett has reached out on this under separate cover.

Please let us know if you would like to meet and confer in advance of tomorrow's hearing.


Regards,
Noel


Noel E. Miller (she/her)
Federal Trade Commission
202-326-3639 | nmiller2@ftc.gov

---

**From:** Smith, Lillian V. <lsmith@kellogghansen.com>

**Sent:** Tuesday, April 8, 2025 3:49 PM
**To:** Miller, Noel <nmiller2@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Dorris, Daniel V. <ddorris@kellogghansen.com>; Murphy, Quinn <qmurphy@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Dimoscato, Maria <mdimoscato@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Weinberger, Elan <eweinberger@ftc.gov>; Gatas Johnson, Alejandra <agatasjohnson@ftc.gov>; Powell, Steven <spowell1@ftc.gov>; Edmonds, Lila <ledmonds@ftc.gov>; Lee, Jinwook <jlee9@ftc.gov>
**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Leo, Evan T. <eleo@kellogghansen.com>; Huff, Kevin B. <khuff@kellogghansen.com>; gklineberg-contact <gklineberg@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Migdal, Ariela M. <amigdal@kellogghansen.com>; Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com; michael.scheinman@davispolk.com; Rouhandeh, James <rouhandeh@davispolk.com>; Skaras, Andrew P. <askaras@kellogghansen.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>
**Subject:** RE: FTC v. Meta Platforms, Inc. - 1:20-cv-03590-JEB - Exhibits

Noel,

**Meta's Proposal to Resolve FTC's Completeness Objections to Exhibits on Meta's Exhibit List.** Meta seeks to amend the below exhibits to provide complete document families; please let us know if the FTC has any objection. We will provide the amended exhibit list and updated exhibits to the FTC later today. What we serve later today is what we plan to provide the Court on Wednesday on the flash drive.

DX0276
DX0398
DX0931
DX0932
DX0933
DX0934
DX0936
DX0937
DX0938
DX0939
DX1008
DX1016
DX1017
DX1018

DX1034

**FTC's Request to Amend Its Exhibit List.** You've asked whether we object to the FTC adding five new exhibits to its exhibit list. We can't take a position on that without seeing what the exhibits are, nor should the FTC be asking the Court to pre-admit exhibits Meta hasn't seen or had an opportunity to object to. Please send us the five proposed additional exhibits today and we will let you know our position on the FTC amending its exhibit list to add these exhibits.

**PX2963.** The full Bates range for this document is FB_FTC_CID_08209354 – FB_FTC_CID_08209362, which as you note, is correct in the FTC's exhibit list. But the stamped exhibit you served is missing the attachment at FB_FTC_CID_08209359, which is not among the native files the FTC provided.

**Pre-admitting Third-Party Documents with Business Records Declarations.** We assume that if the FTC seeks to pre-admit these exhibits on its list, it has no objection to Meta likewise pre-admitting these exhibits on its list. As long as that is the case—that is, the FTC agrees Meta can pre-admit all the third-party documents with business records declarations on its list—then Meta will not object to the FTC pre-admitting the third-party documents with business records declarations on its list. Please confirm we are in agreement on this. Note that Meta reserves its right to object to the FTC's particular use at trial of any documents it seeks to preadmit, and to object to the FTC's use of documents in its post-trial brief. In addition, to the extent one of the foreign regulatory submissions is on the FTC's preadmit list, Meta understands that the document would not be admitted for the truth of the matter, in accordance with the Court's order.

The third-party documents on Meta's exhibit list with business records declarations are listed below.

DX0001
DX0002
DX0170
DX0209
DX0210
DX0211
DX0214
DX0215
DX0216
DX0217
DX0218
DX0219
DX0220
DX0221
DX0222
DX0223
DX0224

DX0225
DX0226
DX0227
DX0228
DX0234
DX0236
DX0237
DX0247
DX0248
DX0249
DX0487
DX0489
DX0737
DX0738
DX0739
DX0740
DX0741
DX0752
DX0754
DX0755
DX0760
DX0761
DX0763
DX0764
DX0765
DX0769
DX0771
DX0772
DX0782
DX0783
DX0784
DX0789
DX0797
DX0818
DX0819
DX0820
DX0821
DX0822
DX0824
DX0825
DX0826
DX0828
DX0830

DX0831
DX0832
DX0833
DX0834
DX0835
DX0836
DX0837
DX0838
DX0839
DX0840
DX0841
DX0843
DX0846
DX0847
DX0851
DX0852
DX0855
DX0856
DX0857
DX0858
DX0913
DX0915
DX0916
DX0917
DX0918
DX0920
DX0921
DX0922
DX0923
DX0924
DX0925
DX0926
DX0927
DX0928
DX0929
DX0931
DX0932
DX0933
DX0934
DX0936
DX0937
DX0938
DX0944

DX0945
DX0946
DX0947
DX0948
DX0949
DX0950
DX0951
DX0952
DX0953
DX0954
DX0955
DX0956
DX0964
DX0965
DX1066
DX1067
DX1068
DX1069
DX1070
DX1071
DX1072
DX1073
DX1075
DX1076
DX1077
DX1078
DX1123
DX1124
DX1125
DX1126

In addition, Meta proposes pre-admitting the third-party exhibits on its exhibit list that Meta established are business records as evidenced by the relevant deposition testimony related to each such document.  If the FTC can identify third-party exhibits on its exhibit list that it properly established were business records through deposition testimony, Meta does not object to the FTC pre-admitting those exhibits as well.  The exhibits on Meta's list in this category that Meta seeks to pre-admit at this time are below.  If the FTC seeks to pre-admit any such documents, please identify them for our review.  Please let us know if the FTC agrees Meta can pre-admit the following exhibits:

DX0205
DX0206
DX0207
DX0235

DX0238
DX0239
DX0240
DX0244
DX0245
DX0246
DX0250
DX0477
DX0479
DX0480
DX0481
DX0484
DX0485
DX0486
DX0745
DX0751
DX0753
DX0762
DX0786
DX0787
DX0788
DX0802
DX0823
DX0842
DX0844
DX0845
DX0849
DX0850
DX0854
DX0862
DX0875
DX0878
DX0879
DX0880
DX0881
DX0884
DX0885
DX0886
DX0887
DX0888
DX0890
DX0895
DX0896

DX0897
DX0900
DX0901
DX0902
DX0903
DX0904
DX0905
DX0906
DX0907
DX0910
DX0911
DX0930
DX0957
DX0958

Lastly, Meta proposes pre-admitting the third-party 10-Ks and other SEC filings and earnings call transcripts on its exhibit list. *See S.E.C. v. Jasper*, 678 F.3d 1116, 1122 (9th Cir. 2012) ("virtually all 10-Ks . . . [are] admissible as a business record").   Those are identified below.  Please let us know if the FTC agrees.  Meta does not object to the FTC pre-admitting similar exhibits that appear on its list (all but one of which (PX317) Meta believes are covered by the pre-admissions below).

DX0007
DX0021
DX0043
DX0046
DX0050
DX0051(on FTC's list as PX12606)
DX0058
DX0059
DX0063
DX0065
DX0068
DX0069
DX0071
DX0072
DX0078 (on FTC's list as PX14876)
DX0079
DX0089
DX0090 (on FTC's list as PX12604)
DX0091
DX0093
DX0105
DX0125

DX0126

DX0130

DX0131

DX0133

DX0134

DX0135

DX0136

DX0137

DX0140 (on FTC's list as PX783 and PX329)

DX0141

DX0142

DX0143

DX0148

DX0149

DX0150

DX0151

DX0152

DX0153

DX0154

DX0155

DX0165

DX0166

DX0180

DX1057

DX1061

DX1090

DX1091

DX1092

DX1093

**Exhibit Binders.** We will provide the FTC with two copies of Meta's exhibit binders as requested. We ask that the FTC reconsider providing Meta with only two copies of its binders. We have a defending/examining attorney, our client, and Meta's corporate representative, all of whom need copies of the exhibits. We reiterate our request that the FTC provide Meta with three copies of its exhibit binders. Also, to be clear, we are not counting the copy of the binder that would go to the witness—that would be in addition to the binders the FTC provides to Meta at counsel table.

**Witness Exhibit Disclosures.** We hope to hear from Barrett on this by today given the approaching deadline for Monday's exhibit disclosures. We expect to receive the FTC's Monday exhibits, as well as its 400 pre-admit Meta-produced documents, on Thursday, and would like to set a specific time as the deadline for that disclosure as soon as possible.

Please let us know if it would be helpful to meet and confer regarding any of these issues.

Regards,

Lily

**Lillian V. Smith**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7974

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

---

**From:** Miller, Noel <nmiller2@ftc.gov>
**Sent:** Monday, April 7, 2025 9:54 PM
**To:** Smith, Lillian V. <lsmith@kellogghansen.com>; Masters, Owen <omasters@ftc.gov>; Dorris, Daniel V. <ddorris@kellogghansen.com>; Murphy, Quinn <qmurphy@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Dimoscato, Maria <mdimoscato@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Weinberger, Elan <eweinberger@ftc.gov>; Gatas Johnson, Alejandra <agatasjohnson@ftc.gov>; Powell, Steven <spowell1@ftc.gov>; Edmonds, Lila <ledmonds@ftc.gov>; Lee, Jinwook <jlee9@ftc.gov>
**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Leo, Evan T. <eleo@kellogghansen.com>; Huff, Kevin B. <khuff@kellogghansen.com>; Klineberg, Geoffrey M. <gklineberg@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Migdal, Ariela M. <amigdal@kellogghansen.com>; Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com; michael.scheinkman@davispolk.com; Rouhandeh, James <rouhandeh@davispolk.com>; Skaras, Andrew P. <askaras@kellogghansen.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>
**Subject:** [EXTERNAL] RE: FTC v. Meta Platforms, Inc. - 1:20-cv-03590-JEB - Exhibits

Lily,

**Witness Exhibit Binders**: The FTC would like two copies of the witness binders, and would request to only provide two copies to Meta.  Our team handling printing is concerned about our ability to produce more at this stage.

**Witness Exhibit Disclosures**: My colleague, Barrett, will be sending a response on this under separate cover.

**Meta's Request to Amend**: Can you please provide a list of the exhibits Meta intends to amend for non-typo reasons?  Can you further explain which document Meta believes is missing from PX2963? From our production, it appears that the Bates range the FTC has identified, FB_FTC_CID_08209354 – FB_FTC_CID_08209362, is the correct Bates range.  We are not able to identify what Meta believes is missing.

Separately, at the pretrial conference, the FTC intends to request to amend our exhibit list to add five exhibits related to Meta's recent app changes.  All of the proposed exhibits were pulled from publicly available sources created or shared by Meta.  We also intend to request that the Court pre-admit these exhibits as well as exhibits produced by third parties for which we have 902(11) declaration.    Please let us know whether Meta intends to object to the FTC's amending its exhibit list to include these exhibits.

**Digital Copies for the Court**: Thank you for the update on how Meta plans to produce its copies to the Court.  The FTC will plan to follow a similar approach, although we may not have the same linked spreadsheet.

Assuming Meta is able to provide the information related to its exhibit list amendments, we do not necessarily think we need to meet and confer before Wednesday, but are happy to do so if Meta thinks it would be needed.  We agree it would be helpful to have our positions clear on these issues in time to raise them on Wednesday.

Regards,
Noel

Noel E. Miller (she/her)
Federal Trade Commission
202-326-3639 | nmiller2@ftc.gov

---

**From:** Smith, Lillian V. <lsmith@kellogghansen.com>
**Sent:** Monday, April 7, 2025 1:32 PM
**To:** Miller, Noel <nmiller2@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Dorris, Daniel V. <ddorris@kellogghansen.com>; Murphy, Quinn <qmurphy@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Dimoscato, Maria <mdimoscato@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Weinberger, Elan <eweinberger@ftc.gov>; Gatas Johnson, Alejandra <agatasjohnson@ftc.gov>; Powell, Steven <spowell1@ftc.gov>; Edmonds, Lila <ledmonds@ftc.gov>; Lee, Jinwook <jlee9@ftc.gov>
**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Leo, Evan T. <eleo@kellogghansen.com>; Huff, Kevin B. <khuff@kellogghansen.com>; gklineberg-contact <gklineberg@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Polavarapu,

Aaseesh P. <apolavarapu@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>;
White, Collin R. <cwhite@kellogghansen.com>; Migdal, Ariela M. <amigdal@kellogghansen.com>;
Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com;
michael.scheinkman@davispolk.com; Rouhandeh, James <rouhandeh@davispolk.com>; Skaras,
Andrew P. <askaras@kellogghansen.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>
**Subject:** RE: FTC v. Meta Platforms, Inc. - 1:20-cv-03590-JEB - Exhibits

Noel,

I am writing to follow up again on my March 18 email regarding exhibit binders and to address a few
other issues regarding exhibit logistics:

- Please confirm the FTC will provide Meta with three copies of any exhibit binders.
- Please let us know how many copies of Meta's exhibit binders the FTC would like.
- For the disclosures of exhibits four days in advance of their use with a witness, we propose
  that the parties simultaneously exchange these disclosures at 10 a.m. on the relevant day.
  Does the FTC agree?
  - Relatedly, Meta proposes that the parties meet and confer regarding any objections to
    exhibits the day after the parties exchange the exhibits. Meta proposes that the parties
    meet and confer at 7 p.m. if that day falls on a Monday, and 4 p.m. if that day falls on a
    Friday, Saturday, or Sunday. Please let us know if those times are agreeable to the FTC.
    We will send a recurring calendar invite for these meet and confers that you can
    forward to anyone for the FTC who should attend once we agree on times.
- Meta intends to amend its exhibit list to correct approximately 15 exhibits to which the FTC
  objected on completeness grounds, and to correct a few typos. To be clear, Meta does not
  plan to add any exhibits, but merely replace exhibits with incomplete families to resolve the
  FTC's completeness objections. We will provide the FTC with this amended list, and new,
  stamped exhibits, by tomorrow. Please let us know if the FTC objects to this. To the extent
  the FTC seeks to amend its exhibit list to correct any exhibits with completeness objections or
  correct any typos, Meta does not intend to object to the FTC doing so, assuming the FTC does
  so reasonably soon. Meta notes that PX2963 is missing a family member.
- The Court asked the parties to provide digital copies of their exhibits, potentially with a
  hyperlinked exhibit list, to the Court. For your awareness, Meta plans to provide the Court with
  an Excel version of its exhibit list, with the exhibit numbers hyperlinked so that they open to the
  exhibit when clicked (meaning Meta will also include a complete set of all its exhibits). Meta is
  planning to provide this to the Court on a flash drive that (with the Court's permission) Meta
  will hand up to the Court at the conference on Wednesday. We will provide an identical flash
  drive to the FTC at the same time.

We are available to meet and confer if it would be helpful to talk through any of these issues. We
would like to close these out by end of day tomorrow since some of these items implicate issues
starting as soon as this Wednesday.

Thanks,

Lily

**Lillian V. Smith**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7974

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Smith, Lillian V.
**Sent:** Tuesday, April 1, 2025 9:09 PM
**To:** Miller, Noel <nmiller2@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Dorris, Daniel V. <ddorris@kellogghansen.com>; Murphy, Quinn <qmurphy@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Dimoscato, Maria <mdimoscato@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Weinberger, Elan <eweinberger@ftc.gov>; Gatas Johnson, Alejandra <agatasjohnson@ftc.gov>; Powell, Steven <spowell1@ftc.gov>; Edmonds, Lila <ledmonds@ftc.gov>; Lee, Jinwook <jlee9@ftc.gov>
**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Leo, Evan T. <eleo@kellogghansen.com>; Huff, Kevin B. <khuff@kellogghansen.com>; Klineberg, Geoffrey M. <gklineberg@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Migdal, Ariela M. <amigdal@kellogghansen.com>; Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com; michael.scheinkman@davispolk.com; Rouhandeh, James <rouhandeh@davispolk.com>; Skaras, Andrew P. <askaras@kellogghansen.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>
**Subject:** RE: FTC v. Meta Platforms, Inc. - 1:20-cv-03590-JEB - Exhibits

Noel,

Following up on my March 18 email, regarding exhibit binders, Meta requests that the FTC provide Meta with three copies of any FTC exhibit binders.  Is that acceptable to the FTC?

Please let us know how many copies of Meta's exhibit binders the FTC would like.

Thanks,

Lily

**Lillian V. Smith**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7974

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Miller, Noel <nmiller2@ftc.gov>
**Sent:** Friday, March 21, 2025 3:29 PM
**To:** Smith, Lillian V. <lsmith@kellogghansen.com>; Masters, Owen <omasters@ftc.gov>; Dorris, Daniel V. <ddorris@kellogghansen.com>; Murphy, Quinn <qmurphy@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Dimoscato, Maria <mdimoscato@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Weinberger, Elan <eweinberger@ftc.gov>; Gatas Johnson, Alejandra <agatasjohnson@ftc.gov>; Powell, Steven <spowell1@ftc.gov>; Edmonds, Lila <ledmonds@ftc.gov>; Lee, Jinwook <jlee9@ftc.gov>
**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Leo, Evan T. <eleo@kellogghansen.com>; Huff, Kevin B. <khuff@kellogghansen.com>; Fetterman, Kenneth M. <kfetterman@kellogghansen.com>; Klineberg, Geoffrey M. <gklineberg@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Migdal, Ariela M. <amigdal@kellogghansen.com>; Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com; michael.scheinkman@davispolk.com; Rouhandeh, James <rouhandeh@davispolk.com>; Skaras, Andrew P. <askaras@kellogghansen.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>
**Subject:** [EXTERNAL] RE: FTC v. Meta Platforms, Inc. - 1:20-cv-03590-JEB - Exhibits

Lily,

Yes, we can push the exchange back to Friday, March 28th.

Thanks,
Noel

Noel E. Miller (she/her)
Federal Trade Commission
202-326-3639 | nmiller2@ftc.gov

**From:** Smith, Lillian V. <lsmith@kellogghansen.com>
**Sent:** Friday, March 21, 2025 11:15 AM
**To:** Miller, Noel <nmiller2@ftc.gov>; Masters, Owen <omasters@ftc.gov>; Dorris, Daniel V. <ddorris@kellogghansen.com>; Murphy, Quinn <qmurphy@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Dimoscato, Maria <mdimoscato@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Weinberger, Elan <eweinberger@ftc.gov>; Gatas Johnson, Alejandra <agatasjohnson@ftc.gov>; Powell, Steven <spowell1@ftc.gov>; Edmonds, Lila <ledmonds@ftc.gov>; Lee, Jinwook <jlee9@ftc.gov>
**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Leo, Evan T. <eleo@kellogghansen.com>; Huff, Kevin B. <khuff@kellogghansen.com>; Fetterman, Kenneth M. <kfetterman@kellogghansen.com>; gklineberg-contact <gklineberg@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Migdal, Ariela M. <amigdal@kellogghansen.com>; Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com; michael.scheinkman@davispolk.com; Rouhandeh, James <rouhandeh@davispolk.com>; Skaras, Andrew P. <askaras@kellogghansen.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>
**Subject:** Re: FTC v. Meta Platforms, Inc. - 1:20-cv-03590-JEB - Exhibits

Noel,

Regarding the exchange of exhibits, we need a few more days to finalize our stamped exhibits. Could we please push the exchange to Friday, March 28?

Thanks,
Lily

**Lillian V. Smith**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7974

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Smith, Lillian V. <lsmith@kellogghansen.com>
**Date:** Wednesday, March 19, 2025 at 10:16 AM

**To:** Miller, Noel <nmiller2@ftc.gov>, Masters, Owen <omasters@ftc.gov>, Dorris, Daniel V. <ddorris@kellogghansen.com>, Murphy, Quinn <qmurphy@ftc.gov>, Matheson, Daniel <dmatheson@ftc.gov>, Cerilli, Krisha <kcerilli@ftc.gov>, Dimoscato, Maria <mdimoscato@ftc.gov>, Galvan, Patricia V. <PGALVAN@ftc.gov>, Brenner, Nathan <nbrenner@ftc.gov>, Albright, Isaiah <ialbright@ftc.gov>, Hinson, Hunter <hhinson@ftc.gov>, Gretz, Douglas <dgretz@ftc.gov>, Weinberger, Elan <eweinberger@ftc.gov>, Gatas Johnson, Alejandra <agatasjohnson@ftc.gov>, Powell, Steven <spowell1@ftc.gov>, Edmonds, Lila <ledmonds@ftc.gov>, Lee, Jinwook <jlee9@ftc.gov>

**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>, Panner, Aaron M. <apanner@kellogghansen.com>, Leo, Evan T. <eleo@kellogghansen.com>, Huff, Kevin B. <khuff@kellogghansen.com>, Fetterman, Kenneth M. <kfetterman@kellogghansen.com>, Klineberg, Geoffrey M. <gklineberg@kellogghansen.com>, Strikis, Silvija A. <sstrikis@kellogghansen.com>, Hall, Joseph S. <jhall@kellogghansen.com>, Miller, Kevin J. <kmiller@kellogghansen.com>, Hartman, Jacob E. <jhartman@kellogghansen.com>, Parkinson, Alex A. <aparkinson@kellogghansen.com>, Paul, Ana N. <apaul@kellogghansen.com>, Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>, Horvitz, Kevin D. <khorvitz@kellogghansen.com>, White, Collin R. <cwhite@kellogghansen.com>, Migdal, Ariela M. <amigdal@kellogghansen.com>, Sonal.Mehta@wilmerhale.com <Sonal.Mehta@wilmerhale.com>, David.Gringer@wilmerhale.com <David.Gringer@wilmerhale.com>, michael.scheinkman@davispolk.com <michael.scheinkman@davispolk.com>, Rouhandeh, James <rouhandeh@davispolk.com>, Skaras, Andrew P. <askaras@kellogghansen.com>, Dorris, Daniel V. <ddorris@kellogghansen.com>

**Subject:** RE: FTC v. Meta Platforms, Inc. - 1:20-cv-03590-JEB - Exhibits

Noel,

Thanks for your email.  Regarding pre-admission of exhibits, Meta does not agree that the FTC may move previously agreed-to pre-admission DX exhibits into evidence if those exhibits do not appear on the FTC's exhibit list, and Meta will object if the FTC attempts to do so.  If the FTC wants to attempt to move an exhibit into evidence, that exhibit needs to be on the FTC's exhibit list.

In addition, with the exception of agreed-to pre-admission exhibits appearing on both parties' exhibit lists (by our count, there are 12 such exhibits), Meta does not agree that if an exhibit appears on both parties' exhibit lists, that Meta will not object to the FTC preadmitting the exhibit before trial.  As Meta noted in its pre-trial statement regarding exhibits (at 8), "Meta's inclusion of an exhibit on its Exhibit List is not an admission that the exhibit is admissible if offered by the FTC, and Meta reserves the right to object to any exhibit or portion of any exhibit, even if it appears on Meta's Exhibit List."  Meta has objected to these exhibits on the FTC's list and does not agree the exhibits may be admitted unless and until the Court rules on Meta's objections.

Regards,

Lily

**Lillian V. Smith**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7974

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

---

**From:** Miller, Noel <nmiller2@ftc.gov>
**Sent:** Tuesday, March 18, 2025 4:34 PM
**To:** Smith, Lillian V. <lsmith@kellogghansen.com>; Masters, Owen <omasters@ftc.gov>; Dorris, Daniel V. <ddorris@kellogghansen.com>; Murphy, Quinn <qmurphy@ftc.gov>; Matheson, Daniel <dmatheson@ftc.gov>; Cerilli, Krisha <kcerilli@ftc.gov>; Dimoscato, Maria <mdimoscato@ftc.gov>; Galvan, Patricia V. <PGALVAN@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Albright, Isaiah <ialbright@ftc.gov>; Hinson, Hunter <hhinson@ftc.gov>; Gretz, Douglas <dgretz@ftc.gov>; Weinberger, Elan <eweinberger@ftc.gov>; Gatas Johnson, Alejandra <agatasjohnson@ftc.gov>; Powell, Steven <spowell1@ftc.gov>; Edmonds, Lila <ledmonds@ftc.gov>; Lee, Jinwook <jlee9@ftc.gov>
**Cc:** Hansen, Mark C. <mhansen@kellogghansen.com>; Panner, Aaron M. <apanner@kellogghansen.com>; Leo, Evan T. <eleo@kellogghansen.com>; Huff, Kevin B. <khuff@kellogghansen.com>; Fetterman, Kenneth M. <kfetterman@kellogghansen.com>; Klineberg, Geoffrey M. <gklineberg@kellogghansen.com>; Strikis, Silvija A. <sstrikis@kellogghansen.com>; Hall, Joseph S. <jhall@kellogghansen.com>; Miller, Kevin J. <kmiller@kellogghansen.com>; Hartman, Jacob E. <jhartman@kellogghansen.com>; Parkinson, Alex A. <aparkinson@kellogghansen.com>; Paul, Ana N. <apaul@kellogghansen.com>; Polavarapu, Aaseesh P. <apolavarapu@kellogghansen.com>; Horvitz, Kevin D. <khorvitz@kellogghansen.com>; White, Collin R. <cwhite@kellogghansen.com>; Migdal, Ariela M. <amigdal@kellogghansen.com>; Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com; michael.scheinman@davispolk.com; Rouhandeh, James <rouhandeh@davispolk.com>; Skaras, Andrew P. <askaras@kellogghansen.com>; Dorris, Daniel V. <ddorris@kellogghansen.com>
**Subject:** [EXTERNAL] FTC v. Meta Platforms, Inc. - 1:20-cv-03590-JEB - Exhibits

Lily,

Thanks for your email.  I am starting a new chain to address the more logistics-side of our exhibits, since our previous chain was getting a bit lengthy.  I've copied your logistics email to the bottom of this email, for reference.

**Exhibit Stamps**
You are correct that the FTC's plan is to stamp the top right corner – we will stamp it with some version of "Plaintiff Federal Trade Commission" [line break] "[case number]" [line break] "PX####" – I think it is fine if we are not fully consistent, since the Court is able to quickly see the same type of

content no matter who is presenting the exhibit.

**Questions for the Court**
Yes, we can provide some draft questions that we would plan to raise with the Court to confirm his preferences.  We agree with the questions Meta proposed including, and will send over any additional ones we have in advance of Monday's hearing.

**Exhibit Binders**
We are also confirming and will get back to you on how many binders the FTC would like.

**Pre-Admission of Exhibits**
We understand that Meta does not intend to move its DXed pre-admission exhibits into evidence until it decides to use them, but does not object to the FTC moving our agreed-to pre-admission documents in prior to trial.  To the extent the FTC would like to move certain DX exhibits that have been agreed to for pre-admission into evidence, does Meta have any objections to the FTC including those documents when it moves to enter the pre-admission exhibits into evidence?  Separately, we expect that, if a document shows up as both a PX and a DX, Meta would not object to us moving the PXed version into evidence prior to trial.

**Confidentiality Highlighting**
Yes, we understand that the exhibits we are exchanging on March 24 will not contain confidentiality highlighting; we were raising the question in advance of witness binder creation.  However, smarter people have informed me today that we are able to print PDFs that have been "marked for redaction" in a way that allows the proposed redaction to show up as a red box but not yet redacted, so this may make the question irrelevant, to the extent that is how Meta would identify its proposed redactions.  Ultimately, then, this may just be a question for the Judge in terms of his preferences.


Regards,
Noel

**Noel E. Miller** (she/her)
Federal Trade Commission
400 7th Street SW, Washington, D.C. 20024
202-326-3639 | nmiller2@ftc.gov

----------------------------------------------------------------------------------------------------------------

**From:** Smith, Lillian V. lsmith@kellogghansen.com
**Sent:** Tuesday, March 18, 2025 10:48 AM
**To:** Miller, Noel nmiller2@ftc.gov; Masters, Owen omasters@ftc.gov; Dorris, Daniel V. ddorris@kellogghansen.com; Murphy, Quinn qmurphy@ftc.gov; Matheson, Daniel dmatheson@ftc.gov; Cerilli, Krisha kcerilli@ftc.gov; Dimoscato, Maria mdimoscato@ftc.gov; Galvan, Patricia V. PGALVAN@ftc.gov; Brenner, Nathan nbrenner@ftc.gov; Albright, Isaiah ialbright@ftc.gov; Hinson, Hunter hhinson@ftc.gov; Gretz, Douglas dgretz@ftc.gov; Weinberger, Elan eweinberger@ftc.gov; Gatas Johnson, Alejandra agatasjohnson@ftc.gov; Powell, Steven

spowell1@ftc.gov; Edmonds, Lila ledmonds@ftc.gov; Lee, Jinwook jlee9@ftc.gov
**Cc:** Hansen, Mark C. mhansen@kellogghansen.com; Panner, Aaron M.
apanner@kellogghansen.com; Leo, Evan T. eleo@kellogghansen.com; Huff, Kevin B.
khuff@kellogghansen.com; Fetterman, Kenneth M. kfetterman@kellogghansen.com; gklineberg-
contact gklineberg@kellogghansen.com; Strikis, Silvija A. sstrikis@kellogghansen.com; Hall, Joseph S.
jhall@kellogghansen.com; Miller, Kevin J. kmiller@kellogghansen.com; Hartman, Jacob E.
jhartman@kellogghansen.com; Parkinson, Alex A. aparkinson@kellogghansen.com; Paul, Ana N.
apaul@kellogghansen.com; Polavarapu, Aaseesh P. apolavarapu@kellogghansen.com; Horvitz, Kevin
D. khorvitz@kellogghansen.com; White, Collin R. cwhite@kellogghansen.com; Migdal, Ariela M.
amigdal@kellogghansen.com; Sonal.Mehta@wilmerhale.com; David.Gringer@wilmerhale.com;
michael.scheinkman@davispolk.com; Rouhandeh, James rouhandeh@davispolk.com; Skaras,
Andrew P. askaras@kellogghansen.com; Dorris, Daniel V. ddorris@kellogghansen.com
**Subject:** RE: FTC v. Meta Platforms, Inc. - 1:20-cv-03590-JEB - Meta's Preliminary Witness & Exhibit
Lists

Noel,

Thanks for meeting with us yesterday regarding trial exhibit logistics. We wanted to clarify and
follow up on a few things:

- Exhibit stamp:
    - We will stamp our exhibits in the top right corner unless that would block any content, in
      which case we'll put the stamp in the bottom right or somewhere it does not obscure
      any content. We understand the FTC will do the same.
    - We also plan to stamp, *centered* at the bottom of each page, the exhibit number and
      the page number / count. E.g., DX-1, Page 1 of 137
    - Below is a mock-up of our exhibit stamp. Note that we have dropped any leading zeros,
      and we included the case number based on the FTC's statement that it was including
      the case number—for consistency. Please let us know what the FTC's exhibit stamp
      looks like so we can ensure our approach is consistent. We would appreciate if you
      could get back to us on this today, as our exhibit stamping is already underway.



- We understand both parties have logistical questions for the Court regarding exhibits, and
  we'd like to raise those questions jointly. You said the FTC would provide us with a list of
  these questions that we can weigh in on. Please confirm our understanding is correct. We
  believe those questions include at least:
    - Does the Court want a complete set of all the exhibits on each party's exhibit list? If so,
      in digital or hard copy format? And by when?
    - The parties plan to prepare hard-copy exhibit binders for the witness examinations.
      May the parties hand up a binder to the Court as well? If so, how many copies would

the Court like?

- Exhibit binders for witness exams:
  - Please let us know how many exhibit binders you would like us to provide to the FTC.
  - We will get back to you on how many binders to provide to Meta.
- Pre-admission exhibits:
  - As I noted on the call, we do not object to the FTC moving into evidence, before trial, the agreed-to pre-admission PX exhibits.
  - Note however that Meta does not intend to move the agreed-to pre-admission DX exhibits into evidence before trial.  Meta will move those into evidence if and when it uses them, with the understanding that the FTC will not object to their admission at that time.
- Confidentiality highlighting:
  - We are still discussing your proposal, but we wanted to clarify that the exhibits we exchange on March 24 will not contain any highlighting or other mark-up of confidential information.  Any highlighting should be applied later, pursuant to the process for confidentiality designations that is proceeding on a separate track from our exhibit discussions.

Regards,
Lily

**Lillian V. Smith**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7974

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.