# EXHIBIT G

```
 1                     UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF COLUMBIA
 2
        FEDERAL TRADE COMMISSION,
 3                                             Civil Case
                         Plaintiff(s),         No. 20-03590 JEB
 4           v.
                                               Washington, D.C.
 5      META PLATFORMS, INC.,
                                               April 9, 2025
 6                       Defendant(s).
        ----------------------------------------------------------
 7               TUTORIAL AND PRETRIAL CONFERENCE
              BEFORE THE HONORABLE JAMES E. BOASBERG
 8               UNITED STATES DISTRICT CHIEF JUDGE

 9      APPEARANCES:

10      FOR THE PLAINTIFF(S):   Daniel J. Matheson, Esquire
                                Krisha Cerilli, Esquire
11                              Ario Fazli, Esquire
                                Michael H. Smith, Esquire
12                              Federal Trade Commission
                                Bureau of Competition
13                              400 Seventh Street Southwest
                                Washington, D.C. 20024
14
        FOR THE DEFENDANT(S):   Mark C. Hansen, Esquire
15                              Geoffrey M. Klineberg, Esquire
                                Lillian Smith, Esquire
16                              Scott Tucker, Esquire
                                Kellogg, Hansen, Todd, Figel
17                               & Frederick, PLLC
                                1615 M Street Northwest
18                              Suite 400
                                Washington, D.C. 20036
19
        REPORTED BY:            Tammy Nestor, RMR, CRR
20                              Official Court Reporter
                                333 Constitution Avenue Northwest
21                              Washington, D.C. 20001
                                tammy_nestor@dcd.uscourts.gov
22

23

24

25
```

```
 1    designated that's simply not relevant to our case, we could
 2    then object to that being played during our case, and
 3    defendants would have to play it during their case.  That's
 4    what I meant by scope.
 5              THE COURT:  I'm sorry.  Yes, if we are talking about
 6    a substantial amount.  If we are talking about a small
 7    amount, five, ten minutes, I'm not interested.
 8              MR. MATHESON:  I believe there is one instance of
 9    this that I know of, Your Honor.
10              THE COURT:  Okay.
11              MR. MATHESON:  Thank you.  That takes care of video
12    confidentiality.  We will discuss that with defendants,
13    video objections.
14              Regarding the exhibit list, we intend to attempt to
15    preadmit exhibits, as Your Honor has instructed us, the
16    morning of trial.  We are continuing to discuss which
17    exhibits will be preadmitted.  We had planned to address
18    those on Monday morning, if that is what Your Honor would
19    like, and be ready to address the objections at that time.
20              THE COURT:  But am I going to get the objections
21    beforehand, or you would give them to me that day?
22              MR. MATHESON:  Entirely Your Honor's preference.  We
23    thought that if we can resolve the objections, there would
24    be nothing --
25              THE COURT:  I'm going to give you as much time as you
```

```
 1    can to resolve the objections, but I am a little bit nervous
 2    about getting a stack of objections and a stack of exhibits
 3    on Monday morning and having to spend a lot of time going
 4    through exhibits and matching them up to objections.
 5           MR. MATHESON:  The particular issue here is a large
 6    categorial objection.  We, the parties, have discussed the
 7    admission of third party documents for which a business
 8    record has been laid via declaration or an authenticity and
 9    admissibility declaration versus times when a business
10    record foundation has supposedly been laid during deposition
11    testimony that has not been designated for posttrial
12    citations.  That's the fight we are having.  So it would be
13    at that level.
14           THE COURT:  All right.  So I would say by Friday,
15    noon, so that's the 11th, I would want a joint status report
16    with categorical objections, your position on certain
17    categorial objections, Meta's position on certain categorial
18    objections, so then I can be primed for that and I can rule
19    on Monday morning.
20           MR. MATHESON:  Understood.  Thank you, Your Honor.
21           THE COURT:  Or if I can rule before that, I will.
22           MR. MATHESON:  Thank you.
23           And then we have both -- I believe both parties have
24    brought a USB with electronic copies of our exhibits.  For
25    the FTC's exhibit list, we have added, with defendant's
```

1    consent, five exhibits to the previously submitted exhibit
2    list.  So we have an amended exhibit list, assuming we have
3    Your Honor's permission to add those exhibits, and wanted to
4    know if we should refile something on the docket to replace
5    the exhibit list we have previously filed.
6         THE COURT:  Sure.  Why don't you do that.  Just a
7    superseding exhibit list or amended exhibit list is fine.
8         MR. MATHESON:  Okay.
9         THE COURT:  I know we talked -- I just don't -- I'm
10   not sure I have reviewed the current exhibit list -- about
11   having hyperlinks.  Is that still the case?
12        MR. MATHESON:  Yes.
13        THE COURT:  So that's what the USB would be?  It
14   would be the exhibit list with hyperlinks?
15        MR. MATHESON:  Yes.  This drive contains, I'm told,
16   an Excel spreadsheet, hyperlinks you can click on, as well
17   as images of the actual exhibits themselves.
18        THE COURT:  Great.  I would also like each side to
19   give me, it can be actually joint, one binder with just a
20   spreadsheet of all the exhibits, just so as they are being
21   introduced, I can check them off.  And you can actually --
22   the ones you agree on preadmission, you can precheck those
23   off so that we will know that's done.  But I typically, as I
24   am following along in trial, will note which exhibits have
25   been admitted.

1        MR. MATHESON:  Okay.  Thank you, Your Honor.
2        THE COURT:  I can have that -- Monday morning is
3   fine.
4        MR. MATHESON:  Thank you, Your Honor.
5        And then the final -- we are discussing with the
6   other side the cadence on which the other side -- we are
7   going to exchange with them confidentiality assertions.  We
8   did have one request in order to reach agreement on the
9   cadence.
10       We had understood, and we wanted clarification from
11   the Court as to whether exhibits used with a witness should
12   be disclosed four days prior to the testimony for both the
13   witnesses the FTC intends to call and also for witnesses or
14   exhibits that would be used on cross-examination or redirect
15   examination, however you want to label that.
16       THE COURT:  My understanding when we first addressed
17   this, it would be just direct exam exhibits, not cross.
18       MR. MATHESON:  Okay.
19       THE COURT:  The cross exam exhibits do not need to be
20   shown.
21       MR. MATHESON:  Well, the question there, Your Honor,
22   is for their own witnesses that they are calling and
23   examining with no scope limitations, we had understood Your
24   Honor to instruct that the exhibit list disclosure shall
25   occur four days in advance of testimony regardless.

```
 1              THE COURT:  Again, and I am talking about pure cross
 2    witnesses, if you are talking about witnesses who you are
 3    going to call them, then they are going to call them --
 4    since we have agreed we are only calling witnesses once, if
 5    they are calling them as cross and direct witnesses, that's
 6    the scenario you are talking about?
 7              MR. MATHESON:  Yes.
 8              THE COURT:  So in that scenario, to the extent
 9    there's going to be what would typically be direct, yes,
10    then that would need to be disclosed.  But pure cross does
11    not need to be disclosed.
12              Now, I don't know if that's a line you are able to
13    draw when we are doing one witness, so I don't know -- I
14    mean, you folks tell me.  I don't want to have a lot of
15    disputes about this.  But I don't think -- as I said,
16    cross -- prepping people for cross by letting them see
17    exhibits can rob the power of cross, as we all know, in
18    certain circumstances.
19              But to the extent the witness is being called once in
20    both cross and direct by Meta, or if it's a Meta witness by
21    you, then I think what truly qualifies as direct, those
22    exhibits should be disclosed.
23              MR. MATHESON:  Okay.  So, Your Honor, just to be
24    clear, we are talking about Meta executives that were listed
25    on their witness list as will-call witnesses.  We think the
```

```
 1    parties should exchange exhibits simultaneously four days in
 2    advance.
 3              THE COURT:  I think that's reasonable.  I will hear
 4    from Meta if they disagree with that.
 5              MR. HANSEN:  Your Honor, Mark Hansen.  I think the
 6    appropriate thing here -- we don't dispute what Your Honor
 7    just said, obviously, but our witnesses are going to be
 8    testifying probably a day after their -- after they call
 9    them, so the cadence won't be simultaneous.  I think we will
10    be disclosing about a day later because that's when we
11    expect to call them.
12              THE COURT:  Sure.  I think that sounds reasonable.
13    Four days before they will be called by you?
14              MR. HANSEN:  Exactly.
15              THE COURT:  Okay.  That's fine.
16              MR. HANSEN:  As to the issue Mr. Matheson raised, I
17    just want to be clear with the Court.  I'm not sure there's
18    need for argument because it's pretty clear.  Your Honor has
19    already ruled their 400 Meta documents will be preadmitted,
20    so they will be preadmitted over our objection on Monday.
21    We understand that.  We also understand that our Meta
22    exhibits will be admitted, 400 of them, maybe over FTC
23    objection, maybe not.
24              I think what Mr. Matheson was talking about were
25    nonparty documents.  And we have proposed that they come in
```

1  by agreement. And so the only dispute, if there is one, is
2  there are business records declarations as to some and
3  there's testimony as to others where the witness identified
4  and authenticated and provided the property.
5      So we are perfectly happy to have sauce for the
6  goose, sauce for the gander. We don't think those things
7  should come in unless they all come in. If they are all
8  going to come in with that predicate, fine. If they're not,
9  then I don't think --
10     THE COURT: That's the categorical objection,
11 Mr. Matheson?
12     MR. MATHESON: Yes.
13     THE COURT: If you both can't agree, then by Friday
14 at noon, I will hear each of your positions in writing.
15 Okay?
16     MR. HANSEN: Thank you, Your Honor.
17     THE COURT: Thanks.
18     Mr. Matheson, back to you.
19     MR. MATHESON: Thank you, Your Honor. One minor
20 clarification. I believe Mr. Hansen said there would be 400
21 Meta exhibits that they would admit. We had understood Your
22 Honor's instruction was we would admit 400 of approximately
23 600, and they would admit the same portion of the 400.
24 That's what we discussed during the hearing, and I believe
25 that's what was in the order was the same proportion. I

```
 1   just don't want to have any confusion or disputes between
 2   the parties.
 3           THE COURT:  I thought it was the same number, but I
 4   am happy to look at the -- you can -- yes, it says, The
 5   parties may preadmit up to 400 exhibits each.
 6           MR. MATHESON:  Okay.
 7           THE COURT:  So that's the minute order of March 31.
 8           MR. MATHESON:  If that's what you wrote in the order,
 9   Your Honor, that obviously governs.
10           I think the only other issue we wanted to raise for
11   Your Honor was in case you wanted to arrange the order in
12   which you were resolving the confidentiality motions you
13   received from third parties.  We anticipate Alphabet will be
14   going first.  The others will not be going until later, if
15   that's helpful for Your Honor.
16           THE COURT:  I will tell you what's on my list.  I
17   want to cover other issues you folks have, and then these
18   are on my list, is still the New York Times issue regarding
19   confidentiality, and then the third party confidentiality
20   brief.  So I want to get to those when I have heard other
21   preliminary issues from both of you.
22           MR. MATHESON:  I believe that is everything that I
23   had had.
24           THE COURT:  Okay.  Mr. Hansen.
25           MR. HANSEN:  I just checked with my colleagues, Your
```