# EXHIBIT H

```
                       UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF COLUMBIA

   FEDERAL TRADE COMMISSION,
                                          Civil Case
                   Plaintiff(s),          No. 20-03590 JEB
         v.
                                          Washington, D.C.
   META PLATFORMS, INC.,
                                          April 22, 2025
                   Defendant(s).          Morning Session

   ---------------------------------------------------------

                              BENCH TRIAL
                BEFORE THE HONORABLE JAMES E. BOASBERG
                  UNITED STATES DISTRICT CHIEF JUDGE

   APPEARANCES:

   FOR THE PLAINTIFF(S):   Daniel J. Matheson, Esquire
                           Robert Zuver, Esquire
                           Federal Trade Commission
                           Bureau of Competition
                           400 Seventh Street Southwest
                           Washington, D.C. 20024


   FOR THE DEFENDANT(S):   Mark C. Hansen, Esquire
                           Kevin B. Huff, Esquire
                           Kellogg, Hansen, Todd, Figel
                            & Frederick, PLLC
                           1615 M Street Northwest
                           Suite 400
                           Washington, D.C. 20036


   FOR DISCORD:            Adam D. Harber, Esquire
                           Williams & Connolly, LLP
                           680 Maine Avenue Southwest
                           Washington, D.C. 20024
```

```
 1    DX240, which is 85 -- page 85, line 20 to page 86, line 3
 2    and page 86, lines 6 through 8.
 3           I think that's everything, Mr. Harber.
 4           MR. HARBER:  Yes, Your Honor.  If I may, I understand
 5    and appreciate Your Honor's ruling and the lines you were
 6    trying to draw.  I guess I would suggest that on, for
 7    example, DX236, which is one of the ones you unsealed, I
 8    understand that the list of the companies there in the
 9    abstract does not present the same level of confidentiality
10    as the rest maybe.  But when you view it in the parts of
11    this email that we are not redacting, it certainly suggests
12    how we are designing a brand study and who we are tracking
13    within the context of that study in very specific detail.
14           THE COURT:  I appreciate that.  Thank you.
15           Let's go with the Snap ones, please.
16           That's the best I can do.  We got to keep moving.
17           MR. HARBER:  Appreciate it.
18           THE COURT:  Do we have Snap counsel?
19           MR. O'NEIL:  Yes, Your Honor.
20           THE COURT:  Please come forward and state your
21    appearance for the record.
22           MR. O'NEIL:  Good morning, Your Honor.  David O'Neil
23    for nonparty Snap.
24           THE COURT:  Okay.  My rulings for -- and so let me
25    give you these rulings and the exhibits, and then we have to
```

```
 1    still talk about the deposition issue.  I am hoping that the
 2    rulings on these will give you guidance on the deposition
 3    and excerpts, and then you can consult with Meta further and
 4    then get back to me about disputes.  Does that sound
 5    reasonable?
 6         MR. O'NEIL:  That was the idea, Your Honor.  We will
 7    try to narrow any area of disagreement, but if necessary, we
 8    will be prepared to raise that tomorrow morning.
 9         THE COURT:  Got it.  DX875, which is a survey,
10    results of a survey Snap conducted in 2022, because it
11    contains specific results from an internal survey regarding
12    Snap's competitive position, I agree that that should remain
13    confidential.
14         DX884, which is a question and answer talking points
15    document from 2021, I also agree with Snap on this that it
16    should remain sealed as it reveals Snap's assessment of
17    primary competitors.
18         DX885, which is the cover page and pdf page 2 of a
19    2022 slide deck, I agree with Meta these should be unsealed.
20    Results are stated at too high a level of generality for
21    sealing.
22         DX886, a 2022 board document describing short-form
23    video competition, I am going to give you each a partial
24    victory on this one.  The paragraph under executive summary
25    may be unsealed since that's a high-level commentary, I
```

```
 1    think.  And the rest should remain sealed because it
 2    discusses Snap's strategic decision-making in more detail.
 3          887, which again are a number of pages of a 2022
 4    slide deck, this is the same team competitive pulse survey
 5    as in 875, so I agree it should remain sealed.
 6          On DX888, which is a 2021 document prepared for a
 7    board meeting, I agree with Meta, this should be unsealed.
 8    I think it's several years old at this point, and its
 9    conclusions are too high level for confidentiality.
10          So I hope that's helpful.  And you folks can talk
11    further about where you want to go from there.
12          MR. O'NEIL:  Thank you, Your Honor.  May I raise a
13    question?
14          THE COURT:  Please.  You may be as successful as
15    Mr. Harber.  We'll see.  Perhaps you are more eloquent.
16          MR. O'NEIL:  Your Honor, with respect to 885, the
17    stories power user discovery research --
18          THE COURT:  I'm sorry, 885?
19          MR. O'NEIL:  Yes.  My understanding is that the
20    Court's ruling is that that can be unsealed.  I would just
21    note that this is Snap's internal assessment of its
22    competitive position with respect to competitors.
23          THE COURT:  Okay.  Appreciate that.
24          MR. O'NEIL:  All right.
25          THE COURT:  Thank you.
```

1         MR. O'NEIL:  Thank you.
2         THE COURT:  Again, I do the best I can with the
3    number of exhibits.  I have to make judgment calls on all of
4    these.  All right.
5         MR. O'NEIL:  Thank you, Your Honor.
6         THE COURT:  Thank you very much.
7         Mr. Hansen, Mr. Huff, do you want to be heard on
8    these?
9         MR. HANSEN:  Your Honor referenced earlier hills to
10   die on.  I'm not dying on any of these hills, Your Honor.
11   I've got nothing to say.
12        THE COURT:  You've got a lot of other hills to go
13   for.  Okay.  Thank you.
14        Anything preliminary from the FTC?
15        MR. MATHESON:  Nothing for us, Your Honor, with the
16   exception of the tech test.  We thank you for scheduling
17   that.  I think we are going to work that out and do it
18   tomorrow after court.
19        THE COURT:  Great.
20        Mr. Hansen.
21        MR. HANSEN:  Nothing further, Your Honor.
22        THE COURT:  Okay.  We are ready for the next witness.
23        MR. ZUVER:  Good morning, Your Honor.  Bob Zuver for
24   the FTC.
25        THE COURT:  Good morning.  Step right on forward

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


    * * * * * * * * * * * * * * *    )
    FEDERAL TRADE COMMISSION,        )   Civil Action
                                     )   No. 20-03590-JEB
                  Plaintiff,         )
                                     )
       vs.                           )
                                     )
    META PLATFORMS, INC.,            )   Washington, D.C.
                                     )   April 22, 2025
                  Defendant.         )   1:36 p.m.
                                     )   AFTERNOON SESSION
    * * * * * * * * * * * * * * *    )



                    TRANSCRIPT OF BENCH TRIAL
              BEFORE THE HONORABLE JAMES E. BOASBERG
                 UNITED STATES DISTRICT CHIEF JUDGE



    APPEARANCES:

    FOR THE PLAINTIFF:      DANIEL J. MATHESON, ESQ.
                            ROBERT ZUVER, ESQ.
                            FEDERAL TRADE COMMISSION
                            BUREAU OF COMPETITION
                            400 Seventh Street, Southwest
                            Washington, D.C. 20024


    FOR THE DEFENDANT:      MARC C. HANSEN, ESQ.
                            KEVIN B. HUFF, ESQ.
                            KELLOGG, HANSEN, TODD, FIGEL &
                              FREDERICK, PLLC
                            1615 M Street, Northwest
                            Suite 400
                            Washington, D.C. 20036


    FOR DISCORD:            ADAM D. HARBER, ESQ.
                            WILLIAMS & CONNOLLY, LLP
                            680 Maine Avenue, Southwest
                            Washington, D.C. 20024
```

```
 1    there's no recross, I trust?
 2              MR. HUFF:  There is not.
 3              I did have one item.
 4              THE COURT:  Why don't you approach them, Mr. Huff.
 5              Mr. Systrom, you're all clear.  Thanks so much.
 6              MR. HUFF:  It's just an administrative one.
 7              THE COURT:  Sure.
 8              MR. HUFF:  I have transcripts of the two clips
 9    that I played for the record.
10              THE COURT:  Okay.  Fine.  You can mark them.
11              MR. ZUVER:  Your Honor, to the extent that those
12    are being entered into evidence, we would object.
13              THE COURT:  I think they're just -- they're
14    just -- they were impeachment.  Right?
15              MR. HUFF:  Correct.  They've asked for the video,
16    for example, that they played with Mr. Zuckerberg for
17    impeachment to be placed into the record as well.
18              MR. MATHESON:  That's not true.  That was an
19    exhibit that was entered -- the information that we asked to
20    offer was an exhibit that was preadmitted on our exhibit
21    list, not something that we used for impeachment.
22              THE COURT:  Again, I typically -- unless it's
23    testimony, I typically don't admit it, impeachment, as
24    substantive evidence.  So you can mark them as marked, but
25    they won't be admitted.
```

1      MR. HUFF: Okay. Thank you, your Honor.
2      THE COURT: All right. So someone from the
3  government, what's -- tell us other -- any other issues I
4  should be aware of? What's the plan for tomorrow?
5      MR. MATHESON: We have no issues to be aware of,
6  your Honor.
7      Tomorrow, the first witness will be Dirk Stoop, as
8  agreed with the other side. And then Dr. Cliff Lampe.
9      THE COURT: And do you think that will go through
10 the day?
11     MR. MATHESON: We believe it will go through the
12 day. If it does not, then we would play video at the end of
13 the day. And we have a 24-minute video and a 33-minute
14 video that will have -- that would have a sealed portion.
15 Your Honor asked to be notified of that.
16     THE COURT: Thank you.
17     MR. MATHESON: Thank you.
18     THE COURT: Okay. Defense? Anything you want to
19 add to that for logistics or otherwise, Mr. Hansen?
20     MR. HANSEN: Nothing, your Honor.
21     THE COURT: Okay. Thank you, everybody. We'll
22 see you at 9:30 tomorrow.
23     And you can -- everyone can -- we're having
24 another hearing here at 5:00. So you folks -- but I think
25 you can still leave everything. It will be a brief hearing,