# EXHIBIT J

```
 1                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA
 2
        FEDERAL TRADE COMMISSION,
 3                                              Civil Case
                       Plaintiff(s),            No. 20-03590 JEB
 4            v.
                                                Washington, D.C.
 5      META PLATFORMS, INC.,
                                                April 16, 2025
 6                     Defendant(s).            Morning Session

 7      ------------------------------------------------------

 8                             BENCH TRIAL
                  BEFORE THE HONORABLE JAMES E. BOASBERG
 9                  UNITED STATES DISTRICT CHIEF JUDGE

10      APPEARANCES:

11      FOR THE PLAINTIFF(S):   Daniel J. Matheson, Esquire
                                Krisha Cerilli, Esquire
12                              Susan Musser, Esquire
                                Federal Trade Commission
13                              Bureau of Competition
                                400 Seventh Street Southwest
14                              Washington, D.C. 20024

15


16      FOR THE DEFENDANT(S):   Mark C. Hansen, Esquire
                                Geoffrey M. Klineberg, Esquire
17                              Aaron M. Panner, Esquire
                                Kellogg, Hansen, Todd, Figel
18                               & Frederick, PLLC
                                1615 M Street Northwest
19                              Suite 400
                                Washington, D.C. 20036
20

21

22

23

24

25
```

```
 1    intentionally is subject to the protective order.  And so
 2    again, we can't be in the position where before these issues
 3    are vetted and before Your Honor has the opportunity to
 4    resolve the pending motions that Meta is making these
 5    judgments for itself.  We did want to bring it to the
 6    Court's attention, but yes.
 7         THE COURT:  Okay.  And to the extent you wish to
 8    memorialize it further, you can file a notice and Meta can
 9    respond.  That way both sides' positions will be on the
10    record without having to consume court time for that.
11    Otherwise, I will ask that you meet and confer and see if
12    Mr. Hansen's proposal isn't agreeable, if you folks can see
13    if you can come up with something else.  And if you can't,
14    then what I think you can do is file a joint status report
15    with me with the competing proposals and I will decide.
16         MR. O'NEIL:  Thank you, Your Honor.
17         THE COURT:  Thank you, Mr. O'Neil.
18         Mr. Kreiner.
19         MR. KREINER:  Good morning, Your Honor.  I am going
20    to be brief because I know you've got a big trial to go to.
21         THE COURT:  Brevity would be appreciated.
22         MR. KREINER:  Exactly.  The disclosures that were in
23    the slides from yesterday, those, really egregious, as
24    Mr. O'Neil just said.
25         THE COURT:  When you say yesterday, you mean the
```

```
 1     opening?
 2            MR. KREINER:  In the opening, yes, that were revealed
 3     yesterday.
 4            THE COURT:  That were revealed, uh-huh.
 5            MR. KREINER:  Yes.  Those were egregious.  Apple
 6     doesn't have any confidence that Meta is going to take the
 7     appropriate safeguards with its confidential information in
 8     open court including in their questioning of Mr. Shah, who's
 9     Apple's witness.
10            Apple's testimony in this case is rather limited.
11     And neither party has been able to tell us anything beyond
12     the questioning that they asked Mr. Shah during his very
13     lengthy deposition that they might seek to elicit during
14     this trial.
15            THE COURT:  Any reason we can't employ the same
16     procedures that we are employing with Snap?
17            MR. KREINER:  Your Honor, I'm not sure that that's
18     going to work for us just because of the questioning that
19     might happen might itself elicit Apple's confidential
20     information, just in Meta's questioning of Mr. Shah.
21            THE COURT:  Well, but if he knows what the
22     confidential information is, then he shouldn't blurt it out
23     even if questioned, right?  I mean, can't he respond that I
24     would like to answer, but that would elicit confidential
25     information?
```

| | |
|---|---|
| 1 | MR. KREINER:  So exactly.  Mr. Shah shouldn't blurt |
| 2 | it out, but Meta's counsel, whoever is doing the |
| 3 | examination, also shouldn't reveal that during his |
| 4 | questioning.  And we are not confident that that's going to |
| 5 | happen.  And in light of the deposition testimony which I |
| 6 | think fully encapsulates anything that Mr. Shah might |
| 7 | testify to at trial, we would ask that the Court have the |
| 8 | parties play whatever clips from his deposition they deem |
| 9 | relevant during trial. |
| 10 | THE COURT:  That sort of goes back to the issue that |
| 11 | I have already denied previously, and I am not inclined to |
| 12 | revisit that.  I think the best solution is along the lines |
| 13 | of what I just talked about with Mr. O'Neil, which is to |
| 14 | talk to the defense, figure out closer to the time of the |
| 15 | testimony what documents they intend to use, and then see if |
| 16 | there's a way you can resolve that. |
| 17 | MR. KREINER:  Understood. |
| 18 | THE COURT:  Thank you very much. |
| 19 | Mr. O'Neil and Mr. Kreiner, I know you would desire |
| 20 | to be heard at greater length and I know these are serious |
| 21 | issues for your clients. I don't minimize them.  But I am |
| 22 | hoping that you can continue further with Meta to seek a |
| 23 | resolution.  And as you both kindly acknowledge, we are in |
| 24 | the middle of the trial that we want to continue. |
| 25 | Okay.  So the other issue then was the issue |


```
 1    regarding Google and information.  Do I have counsel for
 2    Google here?
 3             Please come forward and identify yourself.
 4             MR. WELLS:  Good morning, Your Honor.  Greg Wells
 5    with Vinson & Elkins on behalf of Alphabet.  We also go by
 6    Google.
 7             Your Honor, in full disclosure, we learned late last
 8    night that we too were subject to a disclosure of
 9    confidential information in Mr. Hansen's opening.  We were
10    unaware of the conversation that had been going on with Snap
11    and Apple, but we would ask to be added to that so that we
12    could have input on whatever remedy is raised.
13             There were two slides regarding YouTube employees
14    that cited deposition testimony that is subject to the
15    motion that we are talking about right now and that we had
16    marked as confidential.
17             THE COURT:  All right.  Thank you for raising that.
18    So the next issue is about -- because I guess there's going
19    to be Alphabet and Google testimony tomorrow.  Mr. Matheson,
20    is that correct?
21             MR. MATHESON:  Yes, Your Honor.
22             THE COURT:  So what wasn't clear from your motion,
23    Mr. Wells, was whether you were seeking to seal information
24    from the public, from Meta, or from both.  And so I'm not --
25    can you help me out with that?
```