# EXHIBIT K

```
 1                   UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA
 2
     FEDERAL TRADE COMMISSION,
 3                                            Civil Case
                      Plaintiff(s),           No. 20-03590 JEB
 4           v.
                                              Washington, D.C.
 5   META PLATFORMS, INC.,
                                              May 7, 2025
 6                    Defendant(s).           Morning Session

 7   ------------------------------------------------------

 8                          BENCH TRIAL
             BEFORE THE HONORABLE JAMES E. BOASBERG
 9              UNITED STATES DISTRICT CHIEF JUDGE

10   APPEARANCES:

11   FOR THE PLAINTIFF(S):   Daniel J. Matheson, Esquire
                             Njeri Mugure, Esquire
12                           Peter Taylor, Esquire
                             Justin Lorber, Esquire
13                           Federal Trade Commission
                             Bureau of Competition
14                           400 Seventh Street Southwest
                             Washington, D.C. 20024
15

16
     FOR THE DEFENDANT(S):   Mark Hansen, Esquire
17                           Leslie Pope, Esquire
                             Ana Paul, Esquire
18                           Kellogg, Hansen, Todd, Figel
                              & Frederick, PLLC
19                           1615 M Street Northwest
                             Suite 400
20                           Washington, D.C. 20036

21

22
     REPORTED BY:            Tammy Nestor, RMR, CRR
23                           Official Court Reporter
                             333 Constitution Avenue Northwest
24                           Washington, D.C. 20001
                             tammy_nestor@dcd.uscourts.gov
25
```

```
 1    Wednesday afternoon and Thursday for witnesses?
 2              MR. MATHESON:  Correct, Your Honor.
 3              THE COURT:  So we talked about yesterday that they
 4    would have to propose -- tell you by when court opens Monday
 5    who that was going to be.  So what's the issue?
 6              MR. MATHESON:  The issue is the parties have an
 7    agreement that we will disclose the prior Thursday.  We have
 8    been sticking to that agreement, and we think they should
 9    stick to it so we know who we have to get ready to cross on
10    Wednesday afternoon.
11              THE COURT:  Mr. Hansen, the prior agreement was --
12              MR. HANSEN:  Having to do with what is going on in
13    their case.  We are not moving to our case.  It's a
14    different situation.  We argued this yesterday, Your Honor,
15    and Your Honor ruled.  I don't think we should be taking
16    time up rearguing rulings.  They will get plenty of notice.
17    They are wrong about finishing Wednesday.  Mr. Hemphill is
18    not going to get on until sometime Monday because we are
19    going to have spill-over witnesses from this week, I
20    predict.  He'll be up for six hours.  They have been over
21    every --
22              THE COURT:  So the agreement was that during their
23    case, they would say that the preceding Thursday who they
24    would call the next week, and you would do the same?
25              MR. HANSEN:  That's what we have been doing, Your
```

```
1    Honor.  And that's what we will do in our case.
2           THE COURT:  I did rule on this yesterday,
3    Mr. Matheson.  Sorry.  So that's the ruling on that.  When
4    court opens Monday, they need to tell you who they are going
5    to call Wednesday afternoon and Thursday.
6           Next issue.
7           MR. MATHESON:  Next issue also relates to witnesses,
8    Your Honor.  They have added Mr. Jain to their witness list.
9    He was never disclosed on any of their previous witness
10   lists and we --
11          THE COURT:  The name again?
12          MR. MATHESON:  Mr. Jain, J-A-I-N.  We had disclosed
13   him as a potential witness because he knows things about
14   Snap's infrastructure.  We have the impression Your Honor is
15   not interested in Snap's infrastructure, so we moved him to
16   a rebuttal witness that we are only going to call if they
17   put on evidence we think we need to respond to.
18          They have now put him affirmatively on their witness
19   list presumably for the purpose of parading in a bunch of
20   documents that were recently produced by Snap.  We think
21   that's procedurally improper, and if Mr. Jain is called at
22   all, he should be called by us in rebuttal.
23          THE COURT:  Mr. Hansen?
24          MR. HANSEN:  Yes, Your Honor.  We have always
25   reserved the right to call witnesses on their list.  He was
```

1  going to testify this week, Your Honor, on Monday.  And then
2  suddenly he's mysteriously pulled down.  You know why?
3  Because Snap belatedly produced some documents in response
4  to subpoenas.  He's the author or custodian of those
5  documents.  I can't describe them in court.  My colleague,
6  Mr. Berg --
7          (There was an interruption by the court reporter.)
8          MR. HANSEN:  I'm sorry.  I'm trying to get to
9  witnesses.
10         At any rate, Your Honor, he's a custodian or author
11 of lately-produced documents that aren't about
12 infrastructure.  They are about competition.  We have
13 reserved the right to call him.  He's available next week.
14 We have confirmed with his counsel.  He's subject to
15 subpoena.  And he's on their list.  We have reserved the
16 right to call witnesses on their list.  So no prejudice.
17 Perfectly appropriate.
18         THE COURT:  Mr. Matheson, they reserved the right to
19 call people on your list.  What's the issue?
20         MR. MATHESON:  That is not what the local rules say.
21 You can't just say I'm going to call anybody I want in my
22 case.  He has to have been disclosed at the final pretrial.
23         THE COURT:  I don't think it's a local rule question.
24 I think it's what we ultimately agreed pretrial about
25 people's ability to call someone on the other's list.  I

```
 1    don't recall the specifics of what that was.
 2            MR. MATHESON:  I don't believe Your Honor ruled upon
 3    it.  I could be incorrect.  But we never agreed that they
 4    could call people in their case if they were not disclosed.
 5            THE COURT:  Mr. Hansen, if there's something that
 6    memorializes what you have said, either an order I issued or
 7    something approving your agreements at some point, can you
 8    point -- can someone point me to that by the end of the day?
 9            MR. HANSEN:  Sure, Your Honor.  Could we make a
10    written submission by the end of the day?
11            THE COURT:  Sure.
12            MR. HANSEN:  We will do that, Your Honor.
13            THE COURT:  Last issue.
14            MR. MATHESON:  Final issue, I believe, Mr. Hansen is
15    going to raise.  It relates to the scheduling of witnesses
16    for Thursday.  We have disclosed our witness order.  We
17    intend to call Mr. Schultz this afternoon and then to call
18    Mr. Mosseri who you met at the tutorial.  After that, they
19    object and want us to call Mr. Mosseri first.
20            We have disclosed the dates on which we are going to
21    call their witnesses quite some time ago.  We don't think
22    they should be able to dictate our witness order.  We have
23    been incredibly accommodating to all their witnesses'
24    schedules.  They claim they are worried Mr. Mosseri might
25    spill over to Monday.  They now claim for the first time
```