# EXHIBIT C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>Defendant. | Case No. 17-CV-00220-LHK<br><br>**ORDER DENYING QUALCOMM'S REQUEST TO INTRODUCE EVIDENCE OF POST-DISCOVERY EVENTS**<br><br>Re: Dkt. Nos. 928, 929, 932, 933 |

On October 31, 2018, Plaintiff Federal Trade Commission ("FTC") and Defendant Qualcomm Inc. ("Qualcomm") filed briefs regarding Qualcomm's request to introduce evidence of post-discovery events. ECF Nos. 928, 929. On November 7, 2018, the parties filed response briefs regarding post-discovery evidence. ECF Nos. 932, 933. Having considered all the arguments raised in the parties' submissions, the relevant law, and the record in this case, and balancing the factors set forth in Fed. R. Evid. 403, the Court DENIES Qualcomm's request to introduce post-discovery evidence.

## I. PROCEDURAL BACKGROUND

At the initial Case Management Conference ("CMC") on April 19, 2017, the Court set March 30, 2018, as the close of fact discovery, and a trial date beginning on January 4, 2019. ECF

1

Case No. 17-CV-00220-LHK
ORDER DENYING QUALCOMM'S REQUEST TO INTRODUCE EVIDENCE OF POST-DISCOVERY EVENTS

No. 75. In the parties' November 8, 2017 Joint Case Management Statement ("JCMS"), Qualcomm proposed that the January 2019 trial relate only to liability and that, if necessary, the Court hold a separate proceeding on remedy. ECF No. 286 at 10 n.3. The Court rejected Qualcomm's proposal. ECF No. 314 at 4-5. In addition, the Court instructed the parties that any evidence related to post-discovery events must derive from full discovery and not "cherry picked data" or "cherry picked custodians." *Id.* at 26-27.

The March 30, 2018 fact discovery cut-off date remained the same throughout the case. However, pursuant to the parties' stipulations, the Court allowed limited out-of-time depositions due to unavailability of third-party witnesses. On February 20, 2018, the Court approved the parties request to extend the deadline for the deposition of former Qualcomm employee, Mr. Altman, due to Mr. Altman's planned travel to South America. ECF No. 580. On March 23, 2018, the Court approved the parties' proposal for out-of-time depositions of third-party witnesses from five companies. ECF No. 645. These depositions were to be completed before May 2018. *Id.* On April 6, 2018, the Court approved scheduling six out-of-time depositions, including former Qualcomm executive chairman and former board member Dr. Jacobs, former Qualcomm employee Mr. Aberle, and third-party Ericsson employees Mr. Zander and Ms. Petersson. ECF No. 678 at 1-2. These depositions were all to be completed by April 20, 2018. *Id.* The Court also approved scheduling Mr. Altman's deposition the week of May 21, 2018, following his return from South America. *Id.* at 2. In addition, the Court extended the deadline to file motions to compel fact discovery to May 18, 2018. *Id.*

In the July 18, 2018 JCMS, the parties notified the Court of a dispute over Qualcomm's addition, after the close of fact discovery, of three third-party witnesses to its list of likely trial witnesses. ECF No. 780-3 at 2. Neither party disputed that Qualcomm failed to disclose the identities of these witnesses during fact discovery. The Court treated this dispute as a request for out-of-time depositions and denied it because "allowing out-of-time depositions . . . at this late stage of the proceedings may negatively impact the case schedule and prejudice FTC." ECF No. 783 at 3.

2

Case No. 17-CV-00220-LHK
ORDER DENYING QUALCOMM'S REQUEST TO INTRODUCE EVIDENCE OF POST-DISCOVERY EVENTS

As to the introduction of updated evidence regarding post-discovery events, Qualcomm first raised the issue in the December 8, 2017 JCMS,[1] where it proposed "that the [p]arties should have the mutual opportunity to conduct a limited update of document and deposition discovery closer to the time of trial to ensure that the record contains necessary contemporaneous evidence." ECF No. 378 at 5. At that time, the parties stated that they "have agreed to meet and confer regarding the need for a further refresh of discovery closer to trial and the scope of any such refresh." *Id.* at 6. In the December 8, 2017 JCMS, FTC raised the concern that any additional discovery must be produced in a timely manner so as not to prejudice the FTC. *Id.* Qualcomm does not dispute FTC's statement that the parties last discussed the possibility of refreshing discovery in February 2018. ECF No. 914 at 10; ECF no. 928 at 2 n.2. Qualcomm did not raise this issue with the Court from December 9, 2017 through October 17, 2018. ECF Nos. 672, 705, 710, 763, 766, 780.

In the October 17, 2018 JCMS, the parties first notified the Court of the current dispute over Qualcomm's intention to introduce evidence of events that post-date the March 30, 2018 deadline for the close of fact discovery. ECF No. 914 at 7-17. During the October 24, 2018 CMC, the parties presented their views on the relevance of post-discovery events to any potential injunctive relief. ECF No. 921 at 50-60. The Court ordered the parties to submit further briefing on the issue. ECF No. 922. Accordingly, the parties submitted briefs on October 31, 2018, and responses on November 7, 2018. ECF Nos. 928, 929, 932, 933.

## II. LEGAL STANDARD

The Court has broad discretion to manage the conduct of a trial and the evidence presented by the parties. *Navellier v. Sletten*, 262 F.3d 923, 941-42 (9th Cir. 2001). In addition, the Federal Rules of Evidence "confer broad discretion on the trial judge to exclude evidence on any of the grounds specified in Rule 403." *United States v. Hearst*, 563 F.2d 1331, 1349 (9th Cir. 1977); *see*

---

[1] The parties acknowledge that they discussed this issue in a December 1, 2017 meet and confer, prior to submitting the December 8, 2017 JCMS, but the parties dispute what was said during the meet and confer. *Compare* ECF No. 914 at 9 n.14 (FTC's description) *with id.* at 15 (Qualcomm's description).

3

Case No. 17-CV-00220-LHK
ORDER DENYING QUALCOMM'S REQUEST TO INTRODUCE EVIDENCE OF POST-DISCOVERY EVENTS

1  *also United States v. Olano*, 62 F.3d 1180, 1204 (9th Cir. 1995) ("trial courts have very broad

2  discretion in applying Rule 403" (quoting *Borunda v. Richmond*, 885 F.2d 1384, 1388 (9th Cir.

3  1988) (alteration omitted)). Fed. R. Evid. 403 provides that "[t]he court may exclude relevant

4  evidence if its probative value is substantially outweighed by a danger of one or more of the

5  following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time,

6  or needlessly presenting cumulative evidence." The ruling below balances the factors set forth in

7  Rule 403.

## III. DISCUSSION

Qualcomm argues that events taking place after the close of discovery are directly relevant to current market conditions and therefore "[t]he Court cannot enter a forward-looking injunction without hearing evidence of important events occurring after the close of discovery." ECF No. 929 at 2. Specifically, Qualcomm argues that "there can be no ongoing violation of the FTC Act if Qualcomm does not currently have monopoly power in a relevant market for modem chips." ECF No. 929 at 2. Qualcomm argues that the Court should consider post-discovery events showing that (1) "major OEMs have substantially reduced or even ceased purchasing CDMA and so-called 'premium LTE' modem chips from Qualcomm," and (2) "Qualcomm and major OEMs have entered into several license agreements covering 5G products." ECF No. 929 at 3. Without consideration of these events, Qualcomm argues, any injunctive relief would be based on "speculation" as to Qualcomm's current market power rather than "actual evidence of current market conditions." ECF No. 933 at 1-2. As to any supplemental discovery required, Qualcomm argues that the parties could negotiate a targeted discovery protocol. ECF No. 933 at 3.

The FTC argues that evidence produced prior to the discovery cut-off shows that "there is a cognizable risk of recurrent violation of the FTC Act through Qualcomm's use of market power to weaken rivals," which is sufficient to warrant injunctive relief. ECF No. 928 at 1. The FTC challenges Qualcomm's request because (1) Qualcomm has not shown good cause to modify the trial schedule or re-open discovery; (2) it is too late to conduct meaningful additional discovery prior to trial, and therefore the FTC would be prejudiced by Qualcomm's request to introduce

4

evidence of post-discovery events; and (3) the FTC's request for injunctive relief does not require additional discovery. In its response brief, the FTC also argues that the question of "what evidence would be sufficient for the Court to enter an injunction" is not currently before the Court. ECF No. 932 at 1.

**A. Legal Standard**

Injunctive relief should be granted if "there exists some cognizable danger of recurrent violation." *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953). In a case governed by the Federal Trade Commission Act ("FTCA"), "an injunction will issue only if the wrongs are ongoing or likely to recur." *Fed. Trade Comm'n v. Evans Prods. Co.*, 775 F.2d 1084, 1087 (9th Cir. 1985). Injunctive relief may be appropriate under this standard even when the unlawful conduct has ceased. *See id.* at 1088 ("Even though Evans' alleged violations have completely ceased, we must review whether those violations are likely to recur."); *see also Fed. Trade Comm'n v. Accusearch Inc.*, 570 F.3d 1187, 1201-02 (10th Cir. 2009) (concluding that the district court properly issued an injunction under the FTCA despite cessation of the unlawful conduct because of the possibility of recurrence); *Fed. Trade Comm'n v. Affordable Media, LLC*, 179 F.3d 1228, 1237 (9th Cir. 1999) (same); *Fed. Trade Comm'n v. Lake*, 181 F. Supp. 3d 692, 703 (C.D. Cal. 2016) (issuing an injunction where defendant's pattern of past unlawful conduct indicated a cognizable danger of recurrent violations).

The FTC brings its complaint against Qualcomm under § 5 of the FTCA, which prohibits "[u]nfair methods of competition in or affecting commerce." 15 U.S.C. § 45(a). "[U]nfair methods of competition" under the FTCA includes "violations of the Sherman Act." *Fed. Trade Comm'n v. Cement Inst.*, 333 U.S. 683, 693-94 (1948). In its Order Denying Motion to Dismiss, the Court concluded that the FTC adequately alleged that Qualcomm's conduct violates § 1 and § 2 of the Sherman Act. ECF No. 133 at 18. "Section 2 of the Sherman Act makes it unlawful for a firm to 'monopolize.'" *United States v. Microsoft Corp.*, 253 F.3d 34, 50 (D.C. Cir. 2001). "The offense of monopolization has two elements: '(1) the possession of monopoly power in the relevant market"; and (2) "the willful acquisition or maintenance of that power" through

5

1 exclusionary conduct "as distinguished from growth or development as a consequence of a
2 superior product, business acumen, or historic accident.'" *Id.* (quoting *United States v. Grinnell*
3 *Corp.*, 384 U.S. 563, 570–71 (1966)); *see also McWane v. Fed. Trade Comm'n*, 783 F.3d 814, 828
4 (11th Cir. 2015) (applying these two elements in a case brought under § 5 of the FTCA). "Section
5 1 of the Sherman Act, 15 U.S.C. § 1, prohibits [e]very contract, combination . . . or conspiracy, in
6 restraint of trade or commerce among the several States." *Allied Orthopedic Appliances, Inc. v.*
7 *Tyco Health Care Grp. LP*, 592 F.3d 991, 996 (9th Cir. 2010).

### B. Relevance of Post-Discovery Events to Injunctive Relief

The Court rejects Qualcomm's argument that post-discovery evidence of current market power is required. The legal standard for an injunction requires the FTC to show that "the wrongs are ongoing or likely to recur." *Evans Prods. Co.*, 775 F.2d at 1087. Qualcomm agrees that this is the proper standard, and it fails to identify anything in the standard that requires the Court to consider evidence of post-discovery events.

Qualcomm argues that the Court cannot rely upon "stale" evidence to support an injunction, but the cases that Qualcomm relies upon are distinguishable. In *Fed. Trade Comm'n v. AbbVie Inc.*, 329 F. Supp. 3d 98, 145 (E.D. Pa. 2018), the court denied injunctive relief where the evidence "[did] not establish that defendants have a pattern or practice" of conduct violating antitrust laws and generic versions of the drug in question had been on the market for over three years. In *Fed. Trade Comm'n v. Merch. Servs. Direct, LLC*, No. 13-CV-0279-TOR, 2013 WL 4094394, at *3 (E.D. Wash. Aug. 13, 2013), the court denied injunctive relief where there was insufficient evidence based on past violations to conclude that future violations were likely to occur. In reaching this conclusion, the court noted that the evidence submitted "[was] substantially outdated." *Id.*

In *United States v. Dish Network, LLC*, No. 09-3073, 2016 WL 29244 (C.D. Ill. Jan. 4, 2016), defendant had violated telemarketing laws over a multi-year period. In September 2015, less than four months before a January 2016 trial was set to begin and over three years after the close of fact discovery, defendant produced call records and audit reports for the purpose of

6

Case No. 17-CV-00220-LHK
ORDER DENYING QUALCOMM'S REQUEST TO INTRODUCE EVIDENCE OF POST-DISCOVERY EVENTS

showing its compliance with applicable laws. *Id.* at *2-3. The court held that plaintiffs would be "prejudiced by the admission of this evidence because they have never had the opportunity to depose anyone about the documents or ensure that the new procedures have been implemented." *Id.* at *9. The court explained that defendant "only produced a highly selective portion of the documents." *Id.* at *9. Nonetheless, "in an exercise of discretion," the court decided to bifurcate the trial, leaving the issue of the permanent injunction for later proceedings. *Id.* The court reopened discovery solely on the issue of the permanent injunction, but the court warned that "[c]ontinually producing newly-created evidence only serves to further delay this case and imposes an undue burden on the parties and the Court." *Id.* In addition, the court imposed sanctions on defendant for its failure to disclose the post-discovery evidence sooner, including payment of reasonable attorneys' fees and expenses related to the supplemental discovery. *Id.* While the court in *Dish Network* exercised its discretion to bifurcate the trial and allow additional discovery as to injunctive relief, it did not conclude that additional discovery was necessary for it to issue an injunction. In fact, the court explained that if defendant did not provide all the required supplemental discovery and pay plaintiffs' attorneys' fees, then the court would proceed without the additional evidence that defendant sought to introduce. *Id.*

Unlike the current case, the cases cited by Qualcomm involved delays of several years between the most up-to-date evidence and trial. In addition, in the cases cited by Qualcomm, courts concluded that post-discovery evidence showed a change from the defendant's past conduct that was relevant to whether unlawful conduct was "likely to recur." *Evans Prods. Co.*, 775 F.2d at 1087. As discussed below, Qualcomm seeks to introduce evidence related to changes in its market position, but Qualcomm does not argue that any of the evidence relates to a change in its own conduct with respect to licensing agreements or pricing of its products. Accordingly, regardless of whether any unlawful conduct is presently occurring, evidence of Qualcomm's past conduct is sufficient to show whether any violations are "likely to recur." *Evans Prods. Co.*, 775 F.2d at 1087.

None of the cases cited by Qualcomm support the proposition that the Court must consider

7

Case No. 17-CV-00220-LHK
ORDER DENYING QUALCOMM'S REQUEST TO INTRODUCE EVIDENCE OF POST-DISCOVERY EVENTS

evidence of post-discovery events prior to issuing an injunction. *Dish Network* specifically explained that continually producing new evidence would only burden the parties and the court. 2016 WL 29244, at *9. By their very nature, proceedings under the FTCA require courts to consider defendants' past conduct for evidence that "wrongs are ongoing or likely to recur." *Evans Prods. Co.*, 775 F.2d at 1087.

### C. Fed. R. Evid. 403 Factors

The Federal Rules of Evidence "confer broad discretion on the trial judge to exclude evidence on any of the grounds specified in Rule 403." *Hearst*, 563 F.2d at 1349; *see also Navellier*, 262 F.3d 923, 941-42 (9th Cir. 2001) (explaining that the Court has broad discretion to manage the conduct of a trial and the evidence presented by the parties).

The Court finds that any probative value of the proposed post-discovery evidence is substantially outweighed by the danger of unfair prejudice to the FTC. *Dish Network*, which Qualcomm cites to the Court in support of Qualcomm's position that consideration of current conditions is necessary, explains why the FTC would be prejudiced by Qualcomm's attempt to introduce evidence of post-discovery events: "[plaintiffs] have never had the opportunity to depose anyone about the documents or ensure that the new procedures have been implemented." 2016 WL 29244, at *9.

The Court agrees with the FTC that the discovery required to test Qualcomm's assertions regarding evidence of post-discovery events "would have to include documents and testimony from multiple Qualcomm custodians involved in licensing and chip sales, as well as document and deposition discovery from third parties." ECF No. 928 at 3. Adding to the burden that the FTC would face, many of these third parties are located abroad. As explained above, the legal standard for injunctive relief does not require the sort of continuously updated discovery that Qualcomm proposes.

Moreover, the parties have been aware of the fact discovery cutoff date and trial date since the first CMC, ECF No. 75, and the Court has enforced that discovery cutoff throughout the case. In November 2017, Qualcomm proposed bifurcating the trial, and the Court rejected that proposal.

ECF No. 314 at 4-5. The Court explained, at that time, that any evidence related to post-discovery events must derive from "full discovery" and not "cherry picked data." *Id.* at 26-27. Thus, throughout the proceedings, the parties have been aware of the Court's intention to maintain the discovery cutoff date and to hold a single trial as to liability and remedy. The Court's Order here is consistent with its past orders with regards to discovery and trial management.

In its response brief, Qualcomm states that "Qualcomm does not seek to reopen discovery." ECF No. 933 at 1. Rather, "Qualcomm asks only that the Court consider evidence of current market conditions." ECF No. 933 at 1. Qualcomm does not explain how it proposes to have the Court consider evidence of current market conditions without reopening discovery.

### D. Specific Categories of Discovery

Qualcomm seeks to introduce documents related to two specific categories of post-discovery events. First, Qualcomm seeks to introduce "[u]pdated evidence of OEM procurement decisions," especially as related to the fact that Apple now sources modem chips exclusively from Intel. ECF No. 929 at 3-4. Qualcomm argues that this evidence shows that "it does not, and is not about to, have power in any market alleged by the FTC." ECF No. 933 at 4. Second, Qualcomm seeks to introduce post-discovery evidence of license agreements covering 5G products. ECF No. 929 at 3. Qualcomm argues that these "agreements are highly important because they were executed at a time when Qualcomm does not sell 5G chips commercially and thus cannot have any monopoly power in 5G chips." *Id.* at 4. Qualcomm states that it produced ten post-discovery agreements to the FTC before the end of expert discovery, and that the expert report of Dr. Aviv Nevo referred to two of the recent 5G agreements. ECF No. 933 at 3.

Qualcomm does not argue that any post-discovery evidence shows a change in Qualcomm's own business conduct. All of the proposed evidence relates to alleged shifts in Qualcomm's market power. Moreover, the Court finds that some of this evidence is already in the record. The Court agrees with the FTC that "Apple's decision to use Intel chips was made before the close of discovery and is the subject of existing discovery." ECF No. 928 at 3. In addition, as discussed above, the Court approved several out-of-time depositions which extended through May

9

Case No. 17-CV-00220-LHK
ORDER DENYING QUALCOMM'S REQUEST TO INTRODUCE EVIDENCE OF POST-DISCOVERY EVENTS

2018, roughly 7 months before the January 4, 2019 trial. During those 7 months, this Court has ruled on at least one discovery motion, one objection to Magistrate Judge Cousin's discovery order, one summary judgment motion, multiple *Daubert* motions, multiple motions in limine, and pretrial motions. The time required to rule on such motions will always necessitate some delay between fact discovery cutoff and trial. The Court finds that the 7 month delay in this case was reasonable and necessary.

At best, the categories of evidence identified by Qualcomm would show some shift in Qualcomm's market power since the close of discovery. By necessity, the evidence at trial will never be fully up-to-date following the cutoff for discovery. As discussed above, the Court can properly issue an injunction if the evidence already in the record shows that unlawful conduct is "likely to recur." *Evans Prods. Co.*, 775 F.2d at 1087. The Court concludes that Qualcomm fails to identify any post-discovery evidence that would be necessary for the Court to determine whether unlawful conduct is likely to recur. Accordingly, as discussed above, any probative value of the specific evidence proposed by Qualcomm is outweighed by the risk of prejudice to the FTC.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Qualcomm's request to introduce evidence of post-discovery events. The Court ORDERS as follows:

1. The parties may only seek to introduce evidence produced on or before the March 30, 2018 fact discovery cutoff and the testimony from the limited authorized out-of-time depositions discussed on page 2 of this order.
2. The January 2019 trial will address both liability and remedy.

**IT IS SO ORDERED.**

Dated: December 13, 2018

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

10
Case No. 17-CV-00220-LHK
ORDER DENYING QUALCOMM'S REQUEST TO INTRODUCE EVIDENCE OF POST-DISCOVERY EVENTS