IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>   Plaintiff,<br><br>   v.<br><br>META PLATFORMS, INC.,<br><br>   Defendant. | Case No. 1:20-cv-03590-JEB |

**META'S OBJECTIONS TO THE FTC'S PROPOSED RULE 1006 EXHIBITS**

Without waiving its previously lodged objections to undisclosed Rule 1006 exhibits coming into evidence after the trial record has closed, *see* ECF Nos. 607, 608, Meta respectfully responds as follows to the FTC's request for admission of 107 proposed Rule 1006 exhibits. The Court's Order limits the admission of the FTC's proposed Rule 1006 exhibits to those "about which an FTC expert actually testified at trial." Order at 1 (June 2, 2025), ECF No. 609 ("June 2 Order"). The Court expressly held that any exhibits "that an expert did not discuss (which would include appendices not mentioned) will not be admitted." *Id.* The Court directed the FTC to submit "an updated (and presumably narrowed) list that refers to each proposed exhibit and a transcript reference to its discussion." *Id.* The Court also afforded Meta an opportunity to object "[i]f [it] believes that any of these exhibits were in fact not mentioned in testimony." *Id.* The FTC submitted its "narrowed" list of proposed Rule 1006 exhibits, withdrawing just *2* of its proposed exhibits and seeking to admit into evidence *107* out of its original *109* proposed Rule 1006 exhibits. *See* ECF No. 617-1 at 2-3 (June 6, 2025).

The FTC reads all meaning out of the June 2 Order's requirement that the FTC's proposed Rule 1006 exhibits be discussed by an expert at trial. More than a third of the FTC's proposed Rule 1006 exhibits were never discussed at trial at all. Others were only briefly mentioned but weren't discussed in any detail, and some were discussed only in part. Exhibit A contains a detailed analysis of the extent to which each proposed exhibit was (or was not) discussed during trial. As this analysis shows, most of the proposed exhibits contain an enormous amount of information that Meta either never had an opportunity to challenge or was not on notice would become evidence after trial.

Meta respectfully maintains that none of these proposed Rule 1006 exhibits should come into evidence now. In light of the Court's June 2 Order, however, Meta has grouped the FTC's proposed exhibits into four categories and objects to those categories as follows:

- **Category A Proposed Exhibits**: Meta objects to the admission of these proposed Rule 1006 exhibits, which, contrary to the FTC's representations in its Notice, *see* ECF No. 617-1 at 1-2 (June 6, 2025), were not discussed at all.

- **Category B Proposed Exhibits**: Meta objects to the admission of these proposed Rule 1006 exhibits, which were mentioned so briefly (i.e., no specific numbers were discussed or explained) that they cannot possibly satisfy the "discuss[ed]" requirement in the June 2 Order.

- **Category C Proposed Exhibits**: For purposes of this briefing, Meta does not object under the June 2 Order to the admission of the parts of these exhibits that were discussed at least in part, but Meta objects to the admission of the parts of these exhibits that were *not* discussed. Meta has identified in Exhibit A the parts of these exhibits that were discussed.

- **Category D Proposed Exhibits**: For purposes of this briefing, Meta does not object under the June 2 Order to these exhibits, whose contents were discussed.

The proposed exhibits in each category are identified in the chart below, with detailed explanations for the categorization of each exhibit included in Exhibit A. Because in numerous instances the FTC has combined multiple charts and tables into one proposed Rule 1006 exhibit, where only the first chart or table in the compendium was discussed in whole or in part at trial, Meta has categorized those exhibits by page in the chart below. For example, PX8085 contains three pages of charts and tables. PX8085-001 (page 1) contains charts that were used as

illustrative aids and discussed at trial; it is included in Category D below.  PX8085-002 (page 2) and PX8085-003 (page 3) contain tables that were *not* used as illustrative aids and were *not* discussed at trial; they are included in Category A below.  Because of this, Meta has categorized 127 total proposed exhibits, despite the FTC purporting to submit 107 proposed exhibits.

| Extent to Which Proposed Exhibits Were Discussed | Proposed Exhibits |
|---|---|
| A. Not discussed (48 proposed exhibits) | PX8063, PX8064, PX8065, PX8066, PX8067, PX8068, PX8069, PX8070, PX8071, PX8072, PX8073, PX8085-002, PX8085-003, PX8109-002, PX8110, PX8111, PX8112, PX8123, PX8127-002, PX8127-003, PX8128-002, PX8128-003, PX8128-004, PX8130-002, PX8130-003, PX8130-004, PX8131-002, PX8131-003, PX8138-002, PX8138-003, PX8138-004, PX8138-005, PX8139, PX8140, PX8142-002, PX8154-001 (bottom chart), PX8154-002, PX8162, PX8165, PX8167, PX8168, PX8169, PX8170, PX8171, PX8172, PX8173, PX8174, PX8175 |
| B. Mentioned but not discussed (28 proposed exhibits) | PX8054, PX8055, PX8056, PX8059, PX8082, PX8084, PX8086, PX8094, PX8098, PX8102, PX8109-001, PX8122, PX8128-001, PX8129, PX8130-001, PX8131-001, PX8132, PX8133, PX8134, PX8135, PX8136, PX8137, PX8138-001, PX8146, PX8147, PX8151, PX8164, PX8166 |
| C. Discussed in part (44 proposed exhibits) | PX8016, PX8052, PX8053, PX8057, PX8058, PX8060, PX8061, PX8062, PX8081, PX8083, PX8087, PX8088, PX8089, PX8090, PX8091, PX8092, PX8095, PX8096, PX8097, PX8106, PX8107, PX8108, PX8113, PX8114, PX8116, PX8117, PX8118, PX8119, PX8124, PX8125, PX8141, PX8142-001, PX8143, PX8144, PX8148, PX8149, PX8150, PX8152, PX8153, PX8155, PX8156, PX8158, PX8159, PX8160 |
| D. Discussed (7 proposed exhibits) | PX8085-001, PX8100, PX8103, PX8104, PX8105, PX8127-001, PX8154-001 (top chart only) |

For these reasons and the reasons set forth in Exhibit A, Meta respectfully requests that the Court decline to admit the exhibits in Categories A and B, and decline to admit the parts of the exhibits in Category C that were not discussed at trial.

Dated:  June 11, 2025   Respectfully submitted,

/s/ Mark C. Hansen
Mark C. Hansen (D.C. Bar No. 425930)
Aaron M. Panner (D.C. Bar No. 453608)
Geoffrey M. Klineberg (D.C. Bar No. 444503)
Lillian V. Smith (D.C. Bar No. 252516)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*