IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **META PLATFORMS, INC.** <br><br> Defendant. | Civil Action No. 1:20-cv-03590 (JEB) <br><br> **PUBLIC VERSION** |

### NOTICE OF PLAINTIFF FEDERAL TRADE COMMISSION'S STATEMENT REGARDING ITS RULE 1006 EXHIBITS

Plaintiff Federal Trade Commission ("FTC") respectfully submits this statement pursuant to the Court's Order dated June 2, 2025 granting the FTC's motion to admit certain of its Federal Rule of Evidence ("FRE") 1006 exhibits. ECF N. 609 at 1 (the "Order"). In the same Order, the Court instructed the FTC to submit an updated list of FRE 1006 exhibits "that refers to each proposed exhibit and a transcript reference to its discussion." *Id.* That updated list is attached as **Exhibit A** to this statement and **Exhibit B** contains the FRE 1006 exhibits.

To assist the Court in its consideration of this updated list, the FTC also respectfully submits the following explanation. The Court ruled that it will admit the FRE 1006 exhibits that "an FTC expert actually testified [about] at trial," including those that were part of a "discussion" with that expert or "mentioned in [their] testimony." Order at 1. Applying that standard, the FTC has narrowed its list of FRE 1006 exhibits, which now fall into two categories:

*First*, exhibits that contain material that was both displayed on the courtroom screens and discussed during the examination of an FTC expert. The vast majority of the FTC's FRE 1006

1

exhibits—83 of the 107 on the FTC's updated list—are in this category. Exhibit A lists the trial transcript cites where the expert testified about the slide, chart, table, or other illustrative aid that is now marked as an FRE 1006 exhibit. Additionally, for the Court's convenience, the FTC also submits excerpts of the related expert testimony in **Exhibit C** (Professor Scott Hemphill), **Exhibit D** (Michal Malkiewicz), **Exhibit E** (Kevin Hearle), and **Exhibit F** (Professor Jihoon Rim). The FTC maintains that these 83 exhibits are properly admitted under the Order.

*Second*, exhibits that an FTC expert specifically mentioned during their examination, although not displayed on the screen at the time, and which contain data or analysis about which that expert testified. Of the 24 exhibits in this category, nine are slides from Professor Hemphill's trial presentation that he specifically mentioned during his direct examination and include either his analysis of his multiple different market-share calculations or his calculations of ad load on each "surface" of the relevant apps, all of which he discussed in his trial testimony. *See* Ex. A (PX8162, PX8168-PX8175). Another eleven are slides from Michal Malkiewicz's trial presentation, which he also mentioned during his direct examination and contain various survey results that he discussed during his testimony. *See* Ex. A (PX8063-PX8073). Finally, four others are exhibits that contain data from Professor Hemphill's reports that he testified about when Meta cross examined him—specifically, user responses to Meta's Main Tracking Survey. *See* Ex. A (PX8164-PX8167). Exhibit A lists the trial transcript cites where (1) the expert mentioned the exhibit (or, more specifically, the trial-presentation slide on which it is premised) and (2) the expert specifically testified about the data or analysis that exhibit contains. Exhibits C and D contain the relevant portions of expert testimony. The FTC maintains that the 24 exhibits in this category are properly admitted under the Order.

The FTC withdraws its claims over its other previously proposed FRE 1006 exhibits—

PX8157 and PX8161—which were both derived from charts in Professor Hemphill's reports and contained data and analysis about which he testified at trial. Professor Hemphill did not specifically mention these exhibits during his testimony and was not cross examined by Meta about the data and analysis they contain, so the FTC has removed them from its updated list pursuant to the Order.

Dated:   June 6, 2025                           Respectfully submitted,

*/s/ Daniel Matheson*
Daniel Matheson (D.C. Bar 502490)
Krisha Cerilli (D.C. Bar 983281)
Nathan Brenner (IL Bar 6317564)
Noel Miller (D.C. Bar 1026068)
Barrett J. Anderson (D.C. Bar 1024159)
Oren Vitenson (D.C. Bar 90005750)
Benjamin Rashkovich (D.C. Bar 5972724)
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue N.W.
Washington, DC 20580
Telephone: (202) 326-2075
Email: dmatheson@ftc.gov

*Attorneys for Plaintiff*
*Federal Trade Commission*