IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>*Defendant.* | Case No.: 20-cv-03590 (JEB) |

**NON-PARTY TIKTOK INC.'S NOTICE PURSUANT TO COURT ORDER**

Pursuant to Local Civil Rule 5.1(h)(1) and the Court's November 25, 2025 Order, ECF No. 701, non-party TikTok Inc. ("TikTok") respectfully submits this notice to request that the Court maintain under seal a single sentence of its Memorandum Opinion, dated November 18, 2025, ECF No. 693 (the "Opinion") that characterizes TikTok's forward-looking business strategy.

**ARGUMENT**

This Court's Opinion includes references to certain confidential information produced by TikTok. One such reference to TikTok's confidential information appears in the fourth through seventh lines of page 65 of the Opinion, which characterizes and quotes from a 2025 quarterly management report.[1] While TikTok does not seek to seal any other portions of the Opinion that contain references to TikTok's confidential information, it respectfully submits that this single sentence should remain sealed.

In analyzing whether to seal materials, courts in this District consider six factors: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the

---

[1] Because the sentence references confidential information that TikTok seeks to maintain under seal, TikTok has not specifically quoted it here.

documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *United States v. Hubbard,* 650 F.2d 293, 317-22 (D.C. Cir. 1980). These factors support non-party TikTok's request for limited sealing. *See id.* at 319 ("[W]here a third party's property and privacy rights are at issue the need for minimizing intrusion is especially great . . . .").

As an initial matter, TikTok has a strong interest in confidentiality because the recently created forward-looking business and strategic plans identified in the Opinion are proprietary to TikTok and could harm its competitive standing if made public. This Court "regularly permit[s] parties to file under seal where doing so protects 'an entity's 'competitive standing' through retained confidentiality in business information." *Factor2 Multimedia Sys., LLC v. TikTok Inc.*, No. 24-cv-133, 2025 WL 1713257, at *5 (D.D.C. June 18, 2025) (internal citations omitted); *see also Vanda Pharm., Inc. v. FDA*, 539 F. Supp. 3d 44, 55 (D.D.C. May 6, 2021) (recognizing that it is appropriate to maintain confidentiality of "business information that might harm a litigant's competitive standing"). Public disclosure here of TikTok's "confidential business plans and goals could be used by [TikTok's] competitors to cause harm" and should remain under seal. *See United States v. Anthem, Inc.*, No. 16-cv-1493, 2017 WL 8893165, at *1 (D.D.C. Jan. 3, 2017). This risk is heightened by the fact that the information reflects current and future business strategies from a quarterly management report created this year.

The information TikTok seeks to maintain under seal is not and has never been made available to the public. This, too, supports TikTok's request to maintain the confidentiality of the current and future business strategy information found in the Opinion. *Hubbard*, 650 F.2d at

318-19; *see New York v. Microsoft Corp.*, No. 98-cv-1233, 2002 WL 818073, at *2 (D.D.C. Apr. 29, 2002) ("The relevant information has heretofore remained confidential and would not become public but for its use in these proceedings.").

In further support of sealing, TikTok is not aware of any party having objected to maintaining the confidentiality of TikTok's current and future business strategy. *See Hubbard*, 650 F.2d at 320-21; *see also Factor2 Multimedia Sys.*, 2025 WL 1713257 at *6 (granting motion to seal in part because TikTok's motion was unopposed and, consequently, there was no possibility of prejudice to those opposing disclosure as a result).

Finally, TikTok's sealing request is narrowly tailored to afford the public the greatest scope of access without compromising TikTok's confidential business information. *Id*. at *6 (quotations omitted).

## CONCLUSION

For the foregoing reasons, TikTok respectfully requests that the Court maintain under seal the sentence that appears in the fourth through seventh lines of page 65 of the Opinion.

|  |  |
|---|---|
| Dated: December 1, 2025 | By: /s/ Craig M. Reiser<br>Craig M. Reiser (*pro hac vice*)<br>Danielle D. Irvine (*pro hac vice*)<br>Angela M. Farren (*pro hac vice*)<br>AXINN, VELTROP & HARKRIDER LLP<br>630 Fifth Avenue, 33rd Floor<br>New York, NY 10111<br>Telephone: (212) 728-2218<br>creiser@axinn.com<br>dirvine@axinn.com<br>afarren@axinn.com<br><br>Tiffany Rider Rohrbaugh<br>AXINN, VELTROP & HARKRIDER LLP<br>1901 L Street NW<br>Washington, DC 20036<br>Telephone: (202) 912-4700<br>trider@axinn.com<br><br>*Attorney for Non-Party TikTok Inc.* |